UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| : | Case No. 07-CV-_____ |
| Isidoro Rodriguez, Esq. : | Verified Complaint |
| 7924 Peyton Forest Trail : | Jury Trial Demanded |
| Annandale, Virginia 22003-1560, : | |
| Telephone: 572.423.5066 : | |
| : | |
| Plaintiff *Pro Se,* : | |
| : | |
| vs. : | |
| : | |
| Editor in Chief, individually and in his corporate capacity : | |
| *Legal Times* : | |
| 1730 M Street, N.W. : | |
| Washington, D.C.  20036 : | |
| : | |
| Editor in Chief, individually and in his corporate capacity : | |
| The Washington Post : | |
| 1150 15th Street, N.W. : | |
| Washington, D.C. : | |
| : | |
| Hon. Judge John G. Roberts, individually and : | |
| in his capacity as former Associate Justice USCA for DC : | |
| Cir., as Circuit Justice for DC and 4th Cir., and as : | |
| Chief Justice of the United States Supreme Court : | |
| 1 First Street, N.E. : | |
| Washington, D.C.  20543 : | |
| : | |
| Hon. Leroy Rountree Hassell, Sr. : | |
| in his individual capacity and as Chief Justice : | |
| The Virginia Supreme Court : | |
| 100 North Ninth Street, Fifth Floor : | |
| Richmond, VA 23219 : | |
| : | |
| The Supreme Court of Virginia : | |
| 100 North Ninth Street, Fifth Floor : | |
| Richmond, VA 23219 : | |
| : | |
| Ms. Karen Ann Gould, Esq., : | |
| in her official capacity as President : | |
| Virginia State Bar : | |
| Eighth & Main Building : | |
| 707 East Main Street, Suite 1500 : | |
| Richmond, VA 23219-2800 : | |

a

Virginia State Bar                                              :
Eighth & Main Building                                         :
707 East Main Street, Suite 1500                               :
Richmond, VA 23219-2800                                        :
                                                               :
Ms. Noel D. Sengel                                             :
individually and in her official capacity as                  :
Senior Assistant Bar Counsel                                  :
Virginia State Bar                                             :
100 N. Pitt Street, Suite 310                                  :
Alexandria, Virginia 22314-3133                               :
                                                               :
Mr. James Leroy Banks, Jr., Esq.,                             :
individually and in his official capacity as 1st Vice Chair  :
Virginia State Bar Disciplinary System                        :
Seyfarth & Shaw LLP, Suite 500                                :
815 Connecticut Ave. N.W.                                     :
Washington, D.C.  20006-4004                                  :
                                                               :
Mr. William Carlyle Boyce Jr., Esq.                           :
individually and in his official capacity as member of       :
the Panel Virginia State Bar Disciplinary System             :
9300 Grant Avenue                                             :
Manassas VA 20110                                             :
                                                               :
Mr. William Ethan Glover, Esq.                                :
individually and in his official capacity as member of       :
the Panel Virginia State Bar Disciplinary System             :
P.O. Box 207                                                  :
Fredericksburg, VA 20404-0207                                 :
                                                               :
Mr. Glenn M. Hodge, Esq.                                      :
individually and in his official capacity as member of       :
the Panel Virginia State Bar Disciplinary System             :
Warton, Aldhizer & Weaver                                     :
100 South Mason Street                                        :
Harrisonburg, VA 22801-7528                                   :
                                                               :
Mr. Stephen A. Wannall                                        :
individually and in his official capacity as member of       :
the Panel Virginia State Bar Disciplinary System             :
1033 Oak Grove Drive                                          :
Mineral,  VA 23117                                            :
                                                               :
Mr. Davis J. Gogal, Esq.                                      :
individually and in his official capacity as Chair for the   :

b

5th District Committee, Blankingship & Keith, P.C.     :
4020 University Drive, Suite 300     :
Fairfax, VA 22030-6898     :
     :
Mr. Daniel M. Rathbun, Esq.     :
individually and in his official capacity as Member of     :
Subcommittee for 5th District Committee,     :
Virginia State Bar     :
100 N. Pitt Street, Suite 310     :
Alexandria, Virginia 22314-3133     :
     :
Mr. Edward V. O'Connor, Jr, Esq.     :
individually and in his official capacity as Member of     :
Subcommittee for 5th District Committee,     :
Virginia State Bar     :
100 N. Pitt Street, Suite 310     :
Alexandria, Virginia 22314-3133     :
     :
Mr. John W, di Zerega     :
individually and in his official capacity as Member of     :
Subcommittee for 5th District Committee,     :
Virginia State Bar     :
100 N. Pitt Street, Suite 310     :
Alexandria, Virginia 22314-3133     :
     :
Office of Attorney General for the Commonwealth of VA     :
900 East Main Street     :
Richmond, Virginia 23219     :
     :
Catherine Crooks Hill, Esq.     :
individually and in her official capacity as     :
Assistant Attorney General for the Commonwealth of VA     :
900 East Main Street     :
Richmond, Virginia 23219     :
     :
The Court of Appeals of Virginia     :
109 North Eight Street     :
Richmond, VA 23219-2321     :
     :
The Fairfax County Circuit Court     :
4110 Chain Bridge Road     :
Fairfax, VA 22030     :
     :
The Fairfax County J & D District Court     :
4110 Chain Bridge Road     :
Fairfax, VA 22030     :

c

Judge Thomas Mann                                        :
individually and in his official capacity as Justice     :
The Fairfax County J & D District Court                  :
4110 Chain Bridge Road                                   :
Fairfax, VA 22030                                        :
                                                         :
Hon. Judge Richard W. Roberts, individually and in his   :
capacity as Judge of the U.S. District Court for D.C.    :
E. Barrett Prettyman                                     :
United States Courthouse                                 :
333 Constitution Avenue, N..W.                           :
Washington, D.C.  20001                                  :
                                                         :
Hon. Chief Judge Jane A. Restani                         :
individually and in his official capacity as Chief Judge :
U.S. Court of International Trade                         :
One Federal Plaza                                        :
New York, New York 10007                                 :
                                                         :
Hon. Chief Judge Paul R. Michel                          :
individually and in his official capacity as Chief Judge :
U.S. Court of Appeals for the Federal Cir.               :
The National Courts Building, 717 Madison Place, N.W.    :
Washington, D.C.  20439                                  :
                                                         :
Hon. Judge William H. Stafford, Jr.                      :
individually and in his official capacity as Judge       :
U.S. District Court for the N. D. Fl.                    :
110 East Park Avenue                                     :
Tallahassee Florida 32301                                :
                                                         :
Judge T.S. Ellis III                                     :
individually and in his official capacity as Justice     :
U. S. District Court for the E. D. of VA                 :
Alexandria Division U.S. Courthouse                      :
401 Courthouse Square                                    :
Alexandria, VA 22314                                     :
                                                         :
United States Department of Justice                      :
950 Pennsylvania Avenue, N.W.                            :
Washington, D.C.  20530-0001                             :
                                                         :
Office of the Solicitor General of the United States     :
Department of Justice                                    :
950 Pennsylvania Avenue, N.W.                            :
Washington, D.C.  20530-0001                             :

d

Mr. Alberto Gonzales                                                  :
in his individually and official capacity as                         :
Attorney General of the                                              :
United States Department of Justice                                  :
950 Pennsylvania Avenue, N.W.                                        :
Washington, D.C.  20530-0001                                         :
                                                                     :
Mr. Paul McNulty                                                     :
in his individually and official capacity as former                  :
U.S. Attorney for the ED of Va and as Deputy                         :
Attorney General of the United States                                :
United States Department of Justice                                  :
950 Pennsylvania Avenue, N.W.                                        :
Washington, D.C.  20530-0001                                         :
                                                                     :
Office of United States Attorney                                     :
for the Eastern District of Virginia                                 :
2100 Jamison Avenue                                                  :
Alexandria, Virginia 22314                                           :
                                                                     :
Office of United States Attorney                                     :
for the District of Columbia                                         :
555 Fourth Street, NW, Room 10-413                                   :
Washington, D.C.  20530-0001                                         :
                                                                     :
Ms. Marina Utgoff Braswell                                           :
individually and in her official capacity as                         :
U.S. Attorneys Office for the District of Columbia                   :
555 Fourth Street, NW, Room 10-413                                   :
Washington, D.C.  20530-0001                                         :
                                                                     :
Director, in His/her Individually and Official Capacity              :
United States Department of Justice                                  :
Office of Justice Programs                                           :
Office of Juvenile Justice and Delinquency Prevention                :
810 Seventh Street, NW                                               :
Washington, DC 20531                                                 :
                                                                     :
Federal Bureau of Investigation                                      :
935 Pennsylvania Ave., N.W.                                          :
J. Edgar Hoover Bldg                                                 :
Washington, DC 20535-0001                                            :
                                                                     :
United States Department of State                                    :
2201 C Street, NW                                                    :
Washington, D.C.  20520-6310                                         :

e

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Ms. Condoleezza Rice, in her                       :
individually and official capacity as              :
Secretary of State,                                :
United States Department of State                  :
2201 C Street, NW                                  :
Washington, D.C.  20520-6310                        :
                                                   :
Legal Advisor for Consular Affairs                 :
U.S. Department of State, Room 5519                :
2201 C Street, NW                                  :
Washington, D.C.  20520-6310                        :
                                                   :
Director, in His/her Individually and Official     :
Capacity as the Office of Children Issues          :
Bureau of Consular Affairs                         :
United States Department of State                  :
2201 C Street NW/SA-22                             :
Washington, DC  20520-4818                          :
                                                   :
The National Center for Missing & Exploited Children :
699 Prince Street                                  :
Alexandria, VA 22303                               :
                                                   :
Supreme Court of the United State                  :
1 First Street, N.E.                               :
Washington, D.C.  20543                             :
United States Court of Appeals for                 :
                                                   :
The United States Court of Appeals                 :
for the District of Columbia Circuit               :
E. Barrett Prettyman United States Courthouse      :
333 Constitution Avenue, NW                        :
Washington, D.C. 20001                             :
                                                   :
United States Court of Appeal for the 4th Cir.   :
Lewis F. Powell, Jr. United States Courthouse Annex :
1100 East Main Street, Suite 501                   :
Richmond, VA 23219-3517                            :
                                                   :
U.S. District Court for the District of Columbia   :
E. Barrett Prettyman                               :

f

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

| | |
|---|---|
| United States Courthouse | : |
| 333 Constitution Avenue, N..W. | : |
| Washington, D.C.  20001 | : |
| | : |
| U. S. District Court for the E. D. of VA | : |
| Alexandria Division U.S. Courthouse | : |
| 401 Courthouse Square | : |
| Alexandria, VA 22314 | : |
| | : |
| National Center for Missing & Exploited Children | : |
| 699 Prince Street | : |
| Alexandria, VA 22303 | : |
| | : |
| Mr. Ernie Allen, in his corporate and individual | : |
| capacity as President and Chief Executive Officer, | : |
| National Center for Missing & Exploited Children | : |
| 699 Prince Street | : |
| Alexandria, VA 22303 | : |
| | : |
| The Board of Directors of National Center | : |
| for Missing & Exploited Children, | : |
| in their corporate and individual capacity | : |
| 699 Prince Street | : |
| Alexandria, VA 22303 | : |
| | : |
| Ms. Nancy Hammer, Esq. | : |
| National Center for Missing & Exploited Children | : |
| 699 Prince Street | : |
| Alexandria, VA 22303 | : |
| | : |
| Ms. Susan Brinkerhoff, Esq. | : |
| Proskauer Rose LLP | : |
| 1233 Twentieth Street NW, Suite 800 | : |
| Washington, D.C. 20036-2396 | : |
| | : |
| Proskauer Rose LLP | : |
| 1233 Twentieth Street NW, Suite 800 | : |
| Washington, D.C. 20036-2396 | : |
| | |
| Miles & Stockbridge LLP | : |
| 600 Washington Avenue, Suite 300 | : |

g

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

| | |
|---|---|
| Towson, Maryland 21204 | : |
| | : |
| Stephen J.Cullen, Esq. | : |
| Miles & Stockbridge LLP | : |
| 600 Washington Avenue, Suite 300 | : |
| Towson, Maryland 21204 | : |
| | : |
| Mr. Patrick H. Stiehm, Esq. | : |
| Stiehm Law Office | : |
| 4308 Lawrence Street | : |
| Alexandria, Virginia 22309 | : |
| | : |
| Covington & Burling | : |
| 1201 Pennsylvania Avenue, N.W. | : |
| Washington, D.C.  20004 | : |
| | : |
| Mr. Eric H. Holder, Jr., Esq. | : |
| Covington & Burling | : |
| 1201 Pennsylvania Avenue, N.W. | : |
| Washington, D.C.  20004 | : |
| | : |
| Ms. D. Jean Veta, Esq. | : |
| Covington & Burling | : |
| 1201 Pennsylvania Avenue, N.W. | : |
| Washington, D.C.  20004 | : |
| | : |
| Committee on Admissions | : |
| District of Columbia Court of Appeals | : |
| 500 Indiana Avenue, N.W.–Room 43200 | : |
| Washington, D.C.  20001 | : |
| | : |
| And John Does 1-20, in Their Individual capacity | : |
| And Unknown Number of Unnamed Entities and | : |
| Unknown Employees and Agents of the United | : |
| States, and the Commonwealth of Virginia | : |
| in their official and individual capacities, | : |
| | : |
| Defendants. | : |

_____:

h

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

TABLE OF CONTENT

PRELIMINARY ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     DEFENDANTS FEDERAL EXECUTIVE BRANCH *et al.* . . . . . . . . . . . . . . . . . . . . . . . . . 6

     DEFENDANTS FEDERAL JUDICIARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

     DEFENDANTS VIRGINIA JUDICIARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

STATEMENT OF FACTUAL ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

RODRIGUEZ-FATHER'S *VITA* AS A VIRGINIA ATTORNEY AND PARENTAL RIGHTS . . . . . . . 11

MINISTERIAL DUTY OF DEPARTMENT OF STATE AND JUSTICE ET AL. . . . . . . . . . . . . . . 13

RODRIGUEZ-FATHER'S LITIGATION ON BEHALF OF ISIDORO-SON TO REMAIN IN THE
U.S.A., UNLAWFULLY STAYED IN THE FAIRFAX J&D COURT IN VIOLATION OF TREATY AND
VA CODE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

RODRIGUEZ-FATHER'S 1ST FEDERAL TORT CLAIM NOTICE FILED JANUARY 7, 2002, BASED
ON DEFENDANTS' UNLAWFUL POLICIES IN VIOLATIONS OF TREATY, AND VA CODE.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

DEFENDANTS HON. JUDGE ELLIS III, THE U.S. DIST. CT. FOR THE ED OF VA, THE 4TH CIR.,
AND THE U. S. SUPREME COURT'S APPROVING AND RATIFYING UNLAWFUL POLICIES
VIOLATING THE TREATY, VA CODE, AND THE CONSPIRACY TO OBSTRUCT RODRIGUEZ-
FATHER'S PARENTAL RIGHTS IN VIOLATION OF 18 U.S.C. § 1204. . . . . . . . . . . . . . . . . . . 16

DEFENDANTS JUDGE R. ROBERTS, THE U.S. DIST CT. FOR DC, THE D.C. CIR CT OF APPEALS,
CHIEF JUSTICE JOHN G. ROBERTS, AND THE UNITED STATES SUPREME COURT'S
CONSPIRACY IN FURTHERANCE OF UNLAWFUL POLICES IN VIOLATION OF THE TREATY, VA
CODE, AND 18 U.S.C. §§ 4, 241, 1001, AND 1204. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

RODRIGUEZ-FATHER'S LITIGATION IN FAIRFAX J&D CT., ON BEHALF OF ISIDORO-SON SO

i

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

TO SECURE HIS VISITATION TO THE U.S. PURSUANT TO THE TREATY AND VA CODE § 20-146.25, AND THEIR FILING OF NOTICE OF VIRGINIA TORT CLAIM IN JUNE 2005, AGAINST THE COURTS OF VIRGINIA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

RODRIGUEZ-FATHER'S CRIMINAL COMPLAINT FOR THE OBSTRUCTION OF PARENTAL RIGHTS IN VIOLATION OF THE TREATY AND VA CODE , AND 18 U.S.C. § 1204. . . . . . . . . . 26

RODRIGUEZ-FATHER'S AMENDED COMPLAINT, AND SUPPLEMENTAL FEDERAL TORT CLAIMS NOTICES BASED ON THE CONSPIRACY TO OBSTRUCT HIS VISITATION RIGHTS. . 27

THE VIRGINIA SUPREME COURT, VIRGINIA STATE BAR'S ("VSB"), EXECUTIVE BRANCH *et al.* VIOLATION OF 18 U.S.C. §§ 241, AND 242, IN SEEKING TO STIGMATIZE INJURE, PUNISH, AND INTIMIDATE RODRIGUEZ-FATHER FOR EXERCISING HIS RIGHTS UNDER TREATY, FEDERAL STATUTE, AND VA CODE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

DEFENDANTS THE D.C. COMMITTEE ON ADMISSIONS, THE 4TH CIR., CHIEF JUSTICE JOHN G. ROBERTS, AND U.S. SUPREME COURT APPROVAL AND RATIFYING THE CONSPIRACY TO STIGMATIZE AND INJURE RODRIGUEZ-FATHER IN VIOLATION OF 18 U.S.C. §§ 241 & 242. 31

CAUSES OF ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

    FIRST CAUSE OF ACTION: Multiple Predicate Acts Against Rodriguez-father by All Defendants in violation of Civil R.I.C.O. 18 U.S.C. §1962 (Including but not limited to 18 U.S.C. § 1511 (obstructing enforcement of Federal and VA Code); 18 U.S.C. §§ 1661 through 1668; 18 U.S.C. § 1204(obstructing parental rights under Treaty and Va. Code); and 18 U.S.C. §§ 241, and 242) (obstruction of justice in a conspiracy to injure or intimidate for the exercising of Federal right) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

    SECOND CAUSE OF ACTION: For Violation of Due Process, Equal Protection, and Access to the Federal and Virginia Courts (Fifth and Fourteenth Amendments) . . . . . . . . . . . 51

    THIRD CAUSE OF ACTION: Denial of Right to Petition the Government and Privacy (First and Ninth Amendments) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

    FOURTH CAUSE OF ACTION: Violations of 42 U.S.C. §1983, and §§ 241 and 242: Deprivation of Parental Rights . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

    FIFTH CAUSE OF ACTION: Violations of 42 U.S.C. §1983, and 18 U.S.C. § 4, 241, 242, 371, 1001, and 1204: Obstruction of parental rights and  depravation of rights as an attorney. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

j

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

SIXTH CAUSE OF ACTION: Violation of 42 U.S.C. § 1983 (Denial of Due Process and Equal Protection Clauses) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

SEVENTH CAUSE OF ACTION: Violation of 42 U.S.C. § 1985(3) and VA Code (conspiracy) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

EIGHTH CAUSE OF ACTION: Violations of 42 U.S.C. 1986, Refusing or neglecting failing to protect and prevent the wrongs conspired to be done to obstruct parental rights of visitation and punish in violation of 18 U.S.C. §§ 241 and 242. . . . . . . . . . . . . . . . . . . 64

NINTH CAUSE OF ACTION:  Intentional infliction of emotional distress . . . . . . . . . . . 67

TENTH CAUSE OF ACTION:  Business Conspiracy under Va. Code §§ 18.2-499 and 500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

ELEVENTH CAUSE OF ACTION: Common Law Conspiracy . . . . . . . . . . . . . . . . . . . . 70

TWELFTH CAUSE OF ACTION:  Federal Tort Claims Act . . . . . . . . . . . . . . . . . . . . . . . 71

THIRTEENTH CAUSE OF ACTION:  Virginia Tort Claims Act, VA Code §§ 8.01-195.1-195.9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

JURY DEMAND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

VERIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

k

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

PRELIMINARY ALLEGATIONS

1.    This case arises out of violations of 18 U.S.C. §§ 241[1] & 242,[2] and § 1204[3], and the doctrine

of separation of power by the undertaking, approving, and ratifying of a conspiracy by the

Federal Executive Branch *et al.*, Federal Judicial Branch, Virginia Judicial Branch, Virginia

State Bar ("VSB"), Virginia Office of the Commonwealth's Attorney, *The Washington Post,*

*The Legal Times*, and John's Does 1-20 ("Defendants"), to intimidate, stigmatize, and injure

Plaintiff Isidoro Rodriguez ('Rodriguez-father') by the use of the dark cloud of injustice and

stigma to illegally obstruct with his parental rights (Plaintiff's Exhibit 1 and 2); to illegally

revoke his license to practice law in the Commonwealth of Virginia ("Virginia"), in violation

of Art. I and VI of the Constitution of Virginia, and VA Code §§ 54.1-3909, 54.1-3910, 54.1-

3915, and 54.1-3935; to illegally seek the revoking of Rodriguez-father's membership to

practice before the United States Court of Appeals for the Fourth Circuit, the United States

_____

[1]18 U.S.C. § 241 - Conspiracy against rights, state that, "[i]f two or more persons conspire to injure, oppress, threaten, or intimidate any person in any . . . Commonwealth, . . . , or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; . . . They shall be fined under this title or imprisoned not more than ten years, or both . . . .

[2]18 U.S.C. § 242 - Deprivation of rights under color of law, states that, " [w]hoever, under color of any . . . , regulation, . . . , willfully subjects any person in any . . . Commonwealth, . . . , or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, . . ., shall be fined under this title or imprisoned not more than one year, or both; . . . .

[3]18 U.S.C. § 1204 - International parental kidnapping. . . . (a) Whoever. . . retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years, or both. . . . .

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Tax Court, and other Federal Courts; to use "Beltway cronyism" to illegally delay since July 17, 2005, the approval of Rodriguez-father waiver application into the Bar of the District of Columbia; and, to interfere with and damage Rodriguez-father's interstate and international business, profession, law office, and right to employment as an attorney in Virginia and the District of Colombia (Plaintiff's Exhibit 10 and 11).

2.    Rodriguez-father files this action pursuant to his rights under the First, Fifth, Ninth, and Fourteenth Amendment to the United States Constitution, Article I § 11 & § 12, and VI § 1 & § 5, of the Constitution of Virginia, the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68 (A), Article IV § 2, 42 U.S.C. § 1983 *et seq.*, *Bivens v. Six Unnamed Agents of the Federal Bureau of Investigation,* 403 U.S. 388 (1971)(*"Bivens"),* the Federal Tort Claims Act 28 U.S.C. § 2671 *et al.* ("FTCA"), 42 U.S.C. §§ 1985 and 1986, the Virginia Tort Claims Act, Va. Code §§ 18.2-499 and 500 ("VTCA"), Virginia Business Conspiracy, VA Code §§ 18.2-499 and 500, and 18 U.S.C. §§ 241 & 242, to seek the issuance of a TRO/Injunction, and Writ of Mandamus, as well as for compensatory, and punitive damages.

JURISDICTION

3.    Because of the numerous civil and criminal acts of Defendants to disregard and obfuscate the mandates and restrictions them by both Congress and the General Assembly of Virginia, and there has been neither a valid administrative process given that the and the VSB has issued a *void* order in violation of 18 U.S.C. §§ 241 and 242, Art. VI §§ 1 and 5 of the Constitution of Virginia, and VA Code §§ 54.1-54.1-3915, and 54.1-3935, nor has there or

2

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

could there be any final action by any "court" of Virginia given the *void* order doctrine and violation of Va. Code, the complaint presents numerous serious federal questions and numerous general challenges to the on going violations of the U.S. Constitution and Article VI §§ 1 and 5 of the Constitution of Virginia, this Court has jurisdiction pursuant to 28 U.S.C.§ 1331 and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483-485 (1983).

4.      Furthermore, based on the unlawful obstruction and punishment, stigma, as well as injury to Rodriguez-father for seeking the free exercising and enjoyment of his parental rights pursuant to Article 21 of the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980 ("Treaty"); Congressional Joint Concurrent Resolution 293 of May 23, 2000; and, Virginia's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Va Code § 20-146.25 and 35, *Canter v. Cohen*, 442 F.3d 196 (March 21, 2006); 2006 U.S. App. LEXIS 6915, and laws of the United States, the Court has jurisdiction over this action pursuant to 28 U.S.C.§§ 1331, 1337, 1343(a), 1346(b), 1367(a), 1361 (providing for an action to order a federal official to perform a mandatory duty and to halt unlawful conduct), § 1986 (action for neglect to prevent conspiracy), and § 2401; 5 U.S.C. § 702 (failure to do official acts); 42 U.S.C. § 1983 (civil action for deprivation of rights), and 18 U.S.C. ,§ 1961 (and statutes cited therein) through § 1968 (RICO)(action for multiple acts against Rodriguez-father for seeking to report criminal acts against the United States).

5.      Furthermore this Court has jurisdiction pursuant to 18 U.S.C. § 4 (federal crime reporting statute), of the numerous and on going violations of 18 U.S.C. §§ 241 (conspiracy in retaliation for exercising federal rights), 242, 371, 1001, 1204 (obstruction of Rodriguez-

3

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

father parental rights).

6.  This Court has jurisdiction with respect to Rodriguez-father's claims against the Defendants Virginia Supreme Court, Virginia State Bar, and Office of the Attorney General of Virginia, acting under color of state law but outside of their judicial and ministerial capacity or jurisdiction under Art. VI §§ 1 and 5 of the Constitution of Virginia, and VA Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935, in furtherance of the conspiracy to cover-up the obstruction and depriving Rodriguez-father of rights, privileges, and immunities protected by the Constitution of the United States, the Treaty incorporated therein, and VA UCCJEA, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) (conspiracy to interfere with civil rights), § 1986 (neglect to prevent), § 1988 (proceedings in vindication of civil rights); 18 U.S.C. § 1341; 18 U.S.C. § 1511 (obstructing enforcement of state law). With respect to Rodriguez-father's claims based on 42 U.S.C. §§ 1983, 1985(3) and 1986, the Court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(1), (a)(2), (a)(3), and (a)(4).

7.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Rodriguez-father's pendent state law claims under Virginia Tort Claims Act, Va. Code §§ 8.01-195.1-195.9, and Business Conspiracy, VA Code §§ 18.2-499 and 500.

8.  This Court has jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et al.

9.  Pursuant to *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), 18 U.S.C. § 1964(a), 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1361, and Fed. R. Civ. P. Rule 65(a)(2) because there has been neither a valid state "court" or "administrative proceeding," nor any final "court" order, but instead this Court has jurisdiction to grant a TRO/Injunction to enjoin the

4

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Supreme Court of Virginia, the Virginia State Bar's *void*, and the Committee on Admissions of the District of Columbia Court of Appeals refusal to either process Rodriguez-father's application on file since July 21, 2005, or grant a hearing, because in violation of Rodriguez-father's rights under the First, Ninth, Fifth and Fourteenth Amendment to the United States Constitution, Article VI, §§ 1 and 5 of the VA Const., VA Code § 54.1- 3915, VA Code § 54.1-3935, and the Rules of the Supreme Court of Virginia, and the Rules of the District of Columbia Court of Appeals, the VSB *void* proceeding and *void* order, and the Committee on Admissions of the District of Columbia Court of Appeals action aid, abet, approve and ratify an on going illegal conspiracy that has stigmatized and deprived Rodriguez-father of his statutory rights as a father, his property rights, his reputation, business and profession, and right of employment as an attorney (Plaintiff's Exhibit 10 and 11).

10.    This Court has jurisdiction to grant a Writ of Mandamus pursuant to 28 U.S.C. § 1651, to compel the compliance by Defendants with the mandates of the United States Congress and the General Assembly of Virginia.

VENUE

11.    Venue is founded in this judicial district based on 28 U.S.C. §§ 1391(e) and 1402, because the unauthorized and illegal policies and practices of Defendants in violation of the Treaty, Federal statute, and Va. Code obstructing Rodriguez-father's rights as a parent and an attorney-at law were approved by the Executive and Judicial Branches of Federal Government with their Headquarters in the District of Columbia.

12.    Also venue is founded in this district because the Supreme Court of Virginia, the Virginia

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

State Bars, and the Committee on Admissions have conspired in interstate commerce with Defendants to act in the District of Columbia to stigmatize and injure Rodriguez-father's property rights, his reputation, business and profession, and right of employment as an attorney (Plaintiff's Exhibit 10 and 11).

13.    The matter in controversy exceeds, exclusive of interests and costs, the sum of five (5) million dollars for the intentional conspiracy to obstruct with and violate Rodriguez-father parental rights, rights as an attorney-at-law, and to injure Rodriguez-father civil rights, business, and profession by a cloud of injustice, including by the denial of due process and equal protection of the law.

PARTIES

14.    Rodriguez-father is a U.S. citizen by birth, who resides at 7924 Peyton Forest Trail, Annandale, Virginia 22003-1560, is licensed to practice law in good standing since 1982, in the Commonwealth of Virginia (Plaintiff's Exhibit 3); and is admitted to practiced before: the United States Supreme Court on September 11, 1991; the US Ct. of App. for the 2nd Cir., on March 23, 1992; the US Ct. of App for the 3rd Cir, on January 9, 1994; the US Ct. of App for the 4th Cir., on January 9, 1984; the US Ct. of App for the  D.C., on April 2, 1993; the US Ct. of App for the Fed. Cir., on September 15, 1993; the U.S. Dist. Ct. of the Eastern District of Virginia, on March 25, 1983; and the US Tax Ct., on September 5, 1994.

DEFENDANTS FEDERAL EXECUTIVE BRANCH *et al.*

15.    Defendant Alberto Gonzales, Esq., Attorney General of the United States Department of Justice, Washington, D.C.

6

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

16.    Defendant Paul McNulty, Esq., Deputy Attorney General DOJ, Washington, D.C.

17.    Defendant Office of the Solicitor General of the United States, Department of Justice, Washington, D.C.

18.    Defendant United States Department of Justice, Office of Justice Programs, Office of Juvenile Justice and Delinquency Prevention, Washington, D.C.

19.    Defendant Marina Utgoff Braswell, serves as U.S. Attorneys Office for the District of Columbia, Washington, D.C.

20.    Defendant Condoleezza Rice, Secretary of State, United States Department of State, Washington, D.C.

21.    Defendant Office of Children Issues, Bureau of Consular Affairs, U.S. Department of State, is an agency of the United States.

22.    Defendant Office of Legal Advisor for Consular Affairs, U.S. Department of State, Washington, D.C.

23.    Defendant the National Center for Missing & Exploited Children ("NCM&EC"), is an independent contractor of the Department of State and Department of Justice, in Alexandria, Virginia

24.    Defendant Ernie Allen, is the President and CEO of the NCM&EC with his office located in Alexandria, Virginia.

25.    Defendant individual members of the Board of Directors of the NCM&EC, with their corporate office located in Alexandria, Virginia.

26.    Defendant Nancy Hammer, Esq., an attorney with the NCM&EC, located in Alexandria, VA.

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

27.    Defendant Susan Brinkerhoff, Esq., Law Firm of Proskauer Rose LLP, outside counsel of the NCMEC, at 1233 Twentieth Street NW, Suite 800, Washington, D.C. 20036-2396.

28.    Defendant Law Firm of Proskauer Rose LLP, 1233 Twentieth Street NW, Suite 800, Washington, D.C. 20036-2396.

29.    Defendant Law Firm of Miles & Stockbridge LLP, agent of the NCM&EC,  600 Washington Avenue, Suite 300, Towson, Maryland 21204.

30.    Defendant Stephen J. Cullen, Esq., agent of the NCM&EC, Miles & Stockbridge LLP, 600 Washington Avenue, Suite 300, Towson, Maryland 21204.

31.    Defendant Patrick H. Stiehm, Esq., agent of the NCM&EC, at Stiehm Law Office, 4308 Lawrence Street, Alexandria, Virginia 22309.

32.    Defendant Law Office of Covington & Burling, outside counsel of the NCM&EC, 1201 Pennsylvania Avenue, N.W., Washington, D.C.  20004.

33.    Defendant Eric H. Holder, Jr., outside counsel of the NCM&EC, Covington & Burling, with offices located at 1201 Pennsylvania Avenue, N.W., Washington, D.C.  20004.

34.    Defendant D. Jean Veta, Esq., outside counsel of the NCM&EC, Covington & Burling, 1201 Pennsylvania Avenue, N.W., Washington, D.C.  20004.

35.    Defendant *Legal Times,* is a corporation in Washington, D.C.

36.    Defendant *Washington Post*, is a corporation in Washington, D.C.

37.    Defendant Committee on Admission, District of Columbia Court of Appeals, is located in Washington, District of Columbia.

38.    Defendant Virginia State Bar ("VSB"), in located in Richmond, VA.

8

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

39.    Defendant Karen Ann Gould, Esq., serves as President of the VSB, in Richmond, VA.

40.    Defendant James Leroy Banks, Jr., Esq., VSB, and works in Washington, D.C.

41.    Defendant William Carlyle Boyce Jr., Esq., VSB, works in Manassas VA.

42.    Defendant William Ethan Glover, Esq., VSB, works in Fredericksburg.

43.    Defendant Glenn M. Hodge, Esq., VSB, works in Harrisonburg, VA.

44.    Defendant Stephen A. Wannall, VSB, works in Mineral,  VA.

45.    Defendant Davis J. Gogal, Esq., VSB, and works in Fairfax, VA.

46.    Defendant Daniel M. Rathbun, Esq., VSB, works in Alexandria, Virginia.

47.    Defendant Edward V. O'Connor, Jr, Esq., VSB, works in Alexandria, Virginia

48.    Defendant John W, di Zerega, VSB, works in Alexandria, Virginia.

49.    Defendant Noel D. Sengel, Senior Assistant Bar Counsel VSB, works in Alexandria, Virginia.

50.    Defendant Office of Attorney General for the Commonwealth of VA, Richmond, VA.

51.    Defendant Catherine Crooks Hill, Esq., Assistant Attorney General for the Commonwealth of VA, works in Richmond, Virginia.

DEFENDANTS FEDERAL JUDICIARY

52.    Defendant Judge Richard Roberts U.S. Ct. Dist. for the DC, resides in Washington, D.C.

53.    Defendant Judge John G. Roberts, as Chief Justice of the Supreme Ct., and as Circuit Justice for the U.S. Court of Appeals for the D.C. and Fourth Cir., resides in Washington, D.C.

54.    Defendant members of the U.S. Supreme Court, work in Washington, D.C.

55.    Defendant members of the U.S. Court of Appeal for the Fourth Circuit are located in Richmond, VA.

9

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

56.  Defendant members of the United States Court of Appeals for the District of Columbia Circuit, in Washington, D.C.

57.  Defendant members U. S. District Court for the E. D. of Va., Alexandria Division, is located in Alexandria, VA.

58.  Defendant Judge T.S. Ellis III, U. S. District Court for the E. D. of VA, in Alexandria, VA.

59.  Defendant Hon. Chief Judge Jane A. Restani, Chief Judge, U.S. Court of International Trade, New York City.

60.  Defendant Hon. Chief Judge Paul R. Michel, U.S. Court of Appeals for the Federal Cir.,Washington, D.C.

61.  Defendant Hon. Judge William H. Stafford, Jr., U.S. District Court for the N. D. Fl., Tallahassee Florida.

DEFENDANTS VIRGINIA JUDICIARY

62.  Defendant Hon. Leroy Rountree Hassell, Sr., Chief Justice, the Virginia Supreme Court, Richmond, VA.

63.  Defendants members of the Virginia Supreme Court is located in Richmond, VA.

64.  Defendants members Court of Appeals of Virginia is located in Richmond, VA.

65.  Defendant the Fairfax County Circuit Court is located at Fairfax, VA.

66.  Defendant the Fairfax County J&D District Court is located at Fairfax, VA

67.  Defendant Judge Thomas Mann presides at Fairfax County J&D Dist. Ct.

68.  Defendant United States of America has waived sovereign immunity for acts outside of judicial/ministerial capacity or jurisdiction pursuant to RICO, FTCA, and *Bivens*.

10

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

69.   Defendant Commonwealth of Virginia  has waived sovereign immunity for acts outside of

judicial/ministerial capacity or jurisdiction pursuant to RICO, VTCA, and *Bivens*.

70.   The named individual government employees and agents, as well as the unknown and

unnamed individual John Doe Defendants at all times relevant to this complaint, were

employed or acting as instrumentalities or agents of the United States, through various

entities of the United States.  When the names of the unknown and unnamed Defendants

are ascertained Rodriguez-father will seek leave to amend the complaint to indicate the

names.

STATEMENT OF FACTUAL  ALLEGATIONS

RODRIGUEZ-FATHER'S *VITA* AS A VIRGINIA ATTORNEY AND PARENTAL RIGHTS

71.   Although domiciled and residing in Virginia since 1979, Rodriguez-father since 1987 has his

main office located in Barranquilla, Republic of Colombia ("Colombia").

72.   Rodriguez-father's office is focused on civil rights and human rights litigation on behalf of

nonresident Hispanic against the abuses of power by employees of the United *States, i.e.,*

*Lopez v. First Union*, 129 F3.rd. 1186 (11th Cir. 1997)(successful challenge to DOJ abuse of

*in rem* warrant to invade the privacy of information in computer storage and in communica-

tions in violation of Treasury and Federal Reserve Regulations, Electronic Communications

Privacy Act, the Bank Secrecy Act, and the Right to Financial Privacy Act); *Organization JD*

*v. United States Assistant Attorney Arthur P. Hui, DOJ et al*., U.S. Ct. of Appeals for Second

Cir., Docket No. 96-6145 (confirm right of action to sue Assistant Untied States Attorney for

11

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

violation of privacy).[4]

73.  When Rodriguez-father successfully argued *Martinez v. Lamagno and DEA*, 115 S.Ct. 2227;

132 L.Ed. 2d 375 (1995)(action seeking Article III judicial review of an Attorney General

scope of employment certification), it was confirmed with the U.S. Supreme Courts Clerk's

office that Rodriguez-father was the only known U.S. licensed attorney in their records who

resided outside the United States, but litigated in Federal courts. "Limits of Sovereign

Immunity" *Legal Times*, March 15, 1995.

74.  Upon Rodriguez-father's separation and divorce from his former Colombia wife, Amalin

Hazbun Escaf, on August 1, 1997, they entered into a Joint Custody Settlement Agreement

regarding their Son, Isidoro Rodriguez-Hazbun ("Isidoro-Son"), wherein it was agreed that

the parents had joint custody, with the temporary physical residence of Isidoro-Son with his

mother in Barranquilla, Colombia, and confirmed the right of visitation (Plaintiff's Exhibit

1 & 2).

75.  The Settlement Agreement was filed with both the Family Court of Barranquilla, Columbia,

and with the Fairfax County J&D District Court, Virginia.

76.  In accordance with the Treaty and VA Code § 20-146.4, the Settlement Agreement had full

---

[4]In 1993, in a related action on oral argument before the Hon. Judge T.S. Ellis III,
challenging an unlawful IRS jeopardy assessment on funds of a non-resident Hispanic who had
won a jury verdict in New York against the Untied States, and the funds of undersign counsel
based on his attorney's lien, the court was not only clearly hostile to undersign counsel for
representing "Colombians," but advise him as he dismissed the action that he should "select his
clients more carefully."  Subsequently, undersign counsel sued and prevailed against the IRS,
*Daccarett-Ghis v. Csmnr IRS,* U. S. Court of Appeals for the District of Columbia 95-1029.

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

force and effect in the United States, and no order was ever issued which modified, amended or revoked the Settlement Agreement.

MINISTERIAL DUTY OF DEPARTMENT OF STATE AND JUSTICE ET AL.

77.    The Defendants Secretary of State Condoleezza Rice, the United States Department of State, the Office of Children Issues, Bureau of Consular Affairs, the Office of Legal Advisor for Consular Affairs, Attorney General Alberto Gonzales, the United States Department of Justice, Office of Justice Programs, Office of Juvenile Justice and Delinquency Prevention, are the lead entities and individuals responsible for the promulgation of regulations and administration of the Treaty in the United States, involving the securing of rights under the Settlement Agreement---including assuring application of the exceptions to the Treaty, and the processing of petitions for the expedited securing of international visitation rights under Article 21, and 29 of the Treaty.

78.    Defendant the NCM&EC is an  "instrumentality of government" pursuant to a Cooperative Agreement with the Executive Branch to provide services and policy advice regarding the enforcement of the provisions of the Treaty and the teaching of its provisions to both the Federal and State judiciary, lawyers and law enforcement, and for the administrative processing of petitions for international visitations under the Treaty in the United States. *Canter v. Cohen*, 442 F.3d 196 (March 21, 2006); 2006 U.S. App. LEXIS 6915.

79.    On May 23, 2000 the United States Congress passed a Joint Congressional Resolution 293, that reconfirmed the mandate on the Executive Branch and the NCM&EC to comply with all provisions of the Treaty--including the exceptions and the expedited securing of

13

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

international visitation rights pursuant to Article 21 of the Treaty.

80.    In January 2001, the General Assembly of Virginia enacted UCCJEA to conform Virginia's

uniform state statute with rights under the Treaty.

RODRIGUEZ-FATHER'S LITIGATION ON BEHALF OF ISIDORO-SON TO REMAIN IN THE U.S.A.,
UNLAWFULLY STAYED IN THE FAIRFAX J&D COURT IN VIOLATION OF TREATY AND VA CODE

81.    Rodriguez-father was compelled to leave Colombia in 1999, due to the increased dangers

there for U.S. citizens, and to litigate to enforce his perfected charging Virginia Attorney's

Lien against U.S. entities and citizens who used his fiduciary and legal services as a Virginia

attorney to manage litigation to a claim to $10 Billion of sunken Colombian treasure trove.

82.    Later also due to the dangers in Colombia, and to enjoy his United States citizenship,

Isidoro-Son, upon becoming 13 years-old requested that Rodriguez-father as an Active

Member of the Virginia State Bar represent him in an action to modify the Settlement

Agreement pursuant to VA Code § 20-146.4( c ) and .15(b), and Articles 13 and 20 of the

Treaty, and 42 U.S.C. § 11603, which provides in relevant part that, "[t]he courts of

[Virginia] and the United States district courts shall have concurrent original jurisdiction of

actions arising under the [Treaty]," to apply the exception under the Treaty to modify the

Settlement Agreement. *Isidoro Rodriguez-Hazbun v. Amalin Hazbun*, Fairfax County J&D

Court (July 13, 2001, No. JJ347050-01-03) (Fairfax J&D Court").

RODRIGUEZ-FATHER'S 1ST FEDERAL TORT CLAIM NOTICE FILED JANUARY 7, 2002, BASED ON
DEFENDANTS' UNLAWFUL POLICIES IN VIOLATIONS OF TREATY, AND VA CODE.

83.    In violation of their ministerial duties under the Treaty, the Defendants Federal Executive

Branch, and the NCM&EC, Federal Judicial Branch, and Virginia Courts, did conspired to

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

disregard the grant of concurrent jurisdiction to the Courts of Virginia under 42 U.S.C. § 11603, and Va. UCCJEA, to implement an unauthorized policy of restricting litigation under the Treaty to the Federal Courts in violation of their limited jurisdiction under Article III Section 2 of the U.S. Constitution and 28 U.S.C. §§ 12,51, 1253, 1331, and 1332.

84.    In violation of the Treaty and Va. UCCJEA, the Defendants Executive Branch, the NCM&EC, Federal Judicial Branch, and Virginia Courts did conspire to develop a policy to disregard the "fundamental rights" of U.S. citizens under the U.S. Constitution granted by Article 20 of Treaty, to disregard the "zone of war" exceptions under Article 13(b) of Treaty, and disregard their ministerial and judicial duty pursuant to Articles 21and 29 of the Treaty, to expeditiously secure visitation rights.

85.    In violation of the Treaty and Va. UCCJEA, Defendants Executive Branch, the NCM&EC, Federal Judicial Branch, and Virginia Courts did conspire to develop a policy to disregard the laws of Virginia on the preference and "best interest" of Isidoro-Son.

86.    So to not permit any challenges to the above unauthorized policies Defendants Ernie Allen, the Board of Directors of NCM&EC, Nancy Hammer, Esq., Susan Brinkerhoff, Esq., the Law Firm of Proskauer Rose LLP, the Law Firm of Miles & Stockbridge LLP,  Stephen J.Cullen, Esq., Patrick H. Stiehm, Esq., the Law Office of Covington & Burling, Eric H. Holder, Jr., and Ms. D. Jean Veta, Esq. ("NCM&EC *et al.*"), to did conspire to stay Isidoro-Son's litigation in the Fairfax J&D Court so to not permit the Virginia Court review and  modifying the Settlement Agreement pursuant to the Va. Code, and the exceptions under the Treaty.

87.    Based on above illegal acts and policies and practices, Rodriguez-father and Isidoro-son filed

15

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

a FTCA Notice on January 7, 2002 (Plaintiff's Exhibit 4).

DEFENDANTS HON. JUDGE ELLIS III, THE U.S. DIST. CT. FOR THE ED OF VA, THE 4TH CIR., AND THE U. S. SUPREME COURT'S APPROVING AND RATIFYING UNLAWFUL POLICIES VIOLATING THE TREATY, VA CODE, AND THE CONSPIRACY TO OBSTRUCT RODRIGUEZ-FATHER'S PARENTAL RIGHTS IN VIOLATION OF 18 U.S.C. § 1204.

88.    Based on the above unauthorized policy, and to punish Rodriguez-father for litigating against the abuses of authority of employees of the United States, *see* ¶70 and ¶71, the Hon. Judge T.S. Ellis III in collusion with the Federal Executive Branch *et al.,* to act outside of his judicial authority in violation of the Treaty, VA UCCJEA, and the Rules Enabling Act, 28 U.S.C. § 1738, to ignore the original concurrent jurisdiction of the Fairfax J&D Court and Rodriguez-father substantive rights as a father to protect his Son and education of his Son as a citizen of the United States, to declare that there were neither fundamental right nor "zone of war" exceptions applicable, so to order Isidoro-Son taken from the United States to the Republic of Colombia on June 11, 2002. *Escaf v. Rodriguez*, 200 F.Supp. 2d 603 (E.D. Va. 2002).

89.    Settlement discussion failed because Defendant Stephen Cullen and the Law Firm of Miles & Stockbridge LLP, argued that there was no right to assure visitation under the Treaty.

90.    Based on the above unauthorized policies the Defendant United States Court of Appeals acted outside of its judicial authority and jurisdiction to negligently refuse a stay or reverse the ordering of Isidoro-Son out of the Untied States and to Colombia.

91.    Later, former Associate Justice Sandra O`Conner grant of a stay, S. Ct. Docket No. 01A930, was reversed by the full Defendant U.S. Supreme Court who negligently acted outside of

16

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

their judicial capacity and jurisdiction to permit the filing of false statements in violation of 18 U.S.C. §§ 4, and 1001, negligently refuse to provide an expedited hearing pursuant to Articles 2 and 11 of the Treaty, and VA Code §§ 20-146.35, negligently refused to maintain the stay, and negligently affirmed the order shanghaiing Isidoro-Son from the United States.

*See Hazbun v. Rodriguez,* 52 Fed. Appx. 204 (4th Cir. 2002), *cert denied.*

DEFENDANTS JUDGE R. ROBERTS, THE U.S. DIST CT. FOR DC, THE D.C. CIR CT OF APPEALS, CHIEF JUSTICE JOHN G. ROBERTS, AND THE UNITED STATES SUPREME COURT'S CONSPIRACY IN FURTHERANCE OF UNLAWFUL POLICES IN VIOLATION OF THE TREATY, VA CODE, AND 18 U.S.C. §§ 4, 241, 1001, AND 1204.

92.  As a result of the shanghaiing of Isidoro-Son to Colombia, and obstruction of Rodriguez-father's parental rights in violation of 18 U.S.C. § 1204, including the right to secure visitation rights under the Settlement Agreement pursuant to Article 21 of the Treaty, and Va. Code § 20-146.25, within six (6) months of the denial of the FTC Notice, a complaint was filed on January 27, 2003, seeking the issuance of a Writ of Mandamus to the Defendant United States Department of State and Justice, and their independent contractor the NCM&EC, to promptly secure visitation in accordance with the Settlement Agreement and for damages under the FTC Act, and other grounds, *Isidoro Rodriguez, father of Isidoro Rodriguez-Hazbun v. National Center for Missing and Exploited Children et al.*, U.S.D.C. Dist. Ct., No. 03-0120 (Judge Richard W. Roberts).

93.  In response to Rodriguez-father complaint and motions to secure visitation Defendants Executive Branch and the NCM&EC, filed motions to dismiss based on both stating that there was no right to have them secure visitation and ignoring the gravamen of the

17

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

complaint for visitation and damages for illegal polices, but instead making out the case as one for "custody."

94.    Despite repeated motions to act promptly in accordance with the Treaty, Defendant Judge Richard W. Roberts refused to move on either the complaint, or the motions to secure visitation, or issue a Writ of Mandamus, but instead stayed all proceedings.

95.    Consequently, compounding their conspiracy to illegally remove Isidoro-Son from the United States, and obstruct with Rodriguez-father's rights to protect and educate his Son, Defendants NCM&EC *et al.*, did criminally conspire to violate 18 U.S.C. §§ 241, 242, and 1204, so to retaliate and punish Rodriguez-father for his attempting to exercise rights as a father under the Treaty, Federal statute, and Va. Code, and duty as an attorney to challenge Defendants' unauthorized policies.

96.    As agents of Defendants Federal Executive Branch and NCM&EC *et al.*, Defendants Covington & Burling, Eric H. Holder, Jr., Ms. D. Jean Veta, Esq., did argue that the NCM&EC was not an "instrumentality of government," while conspiring to cover-up their malfeasance by undertaking a pattern and practice of violating 18 U.S.C. §§ 4, 371, and 1001, so to obtain and use Federal funds on Beltway law firms and lobbyist so to litigate against Rodriguez-father and make moot his petition to Congress and the General Assembly of Virginia for an investigation of the violation so the Treaty, Va. Code and 18 U.S.C. § 1204.[5]

97.    Defendants NCM&EC Board of Director's , as agents of the Executive Branch, did unlawfully

---

[5]*See.* www.congress.org/congressorg/bio/userletter/?id=51&letter_id=380306581; and, http://home.earthlink .net/ ~isidoror.

18

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

authorize the use of more than $150,000.00 of public funds in violation of 18 U.S.C. § 371, to litigate to obstruct Rodriguez-father's parental rights under VA Code and Treaty.

98.   As agents of Defendants Federal Executive Branch and NCM&EC *et al.*, Defendants Covington & Burling, Eric H. Holder, Jr., Ms. D. Jean Veta, Esq., violated 18 U.S.C. § 1001, to issue and file fraudulent statements to Congress so to unlawfully obtain amendments to the Federal Tort Claims Act, so to include the acts of the NCM&EC *et al.*

99.   As agents of Defendants Federal Executive Branch and NCM&EC *et al.*, Defendants Covington & Burling, Eric H. Holder, Jr., Ms. D. Jean Veta, Esq., in furtherance of the conspiracy to obstruct Rodriguez-father's visitation rights in violation of 18 U.S.C. § 1204, did conspire to make intentional misstatements of fact and law to the Defendants United States District Court for the District of Columbia, United States Court of Appeals for the District of Columbia, and the United States Supreme Court in violation of 18 U.S.C. §§ 4 and 1001.

100.  Defendants NCM&EC, and NCM&EC *et al.*, and specifically Covington & Burling, Eric H. Holder, Jr., Ms. D. Jean Veta, Esq., as agents of the Executive Branch, conspired with Defendants United States District Court for the District of Columbia, United States Court of Appeals for the District of Columbia, and the United States Supreme Court, to intentionally or negligently act outside their judicial capacity or jurisdiction by not conducting a criminal investigation as mandated by 18 U.S.C. § 4.

101.  As agents of Defendants Federal Executive Branch and NCM&EC *et al.*, Defendants Covington & Burling, Eric H. Holder, Jr., Ms. D. Jean Veta, Esq., did conspire with

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Defendant *Legal Times,* to publish a false, misleading, and erroneous news article so to

discredit, stigmatize, defame, and further obstruct with Rodriguez-father's parental rights

by reporting that his litigation was only about a "[f]ather's lawsuit" for custody, and not the

truth that the litigation was to compel the government to comply with is ministerial duty

to <u>expeditiously secure visitation</u> under Article 21 of the Treaty and VA Code, and for

damages for violation of 18 U.S.C. § 1204, *see Legal Times*, About a Boy, by Tom

Schoenberg, dated April 14, 2003.

102. As agents of Defendants Federal Executive Branch and NCM&EC *et al.*, Defendants

Covington & Burling, Eric H. Holder, Jr., Ms. D. Jean Veta, Esq., did conspire with

Defendant *Washington Post,* beginning in 2003 to publish on the World Wide Web a false

and defamatory 1986 article so to stigmatize, defame, and further obstruct with Rodriguez-

father's parental rights.

103. In collusion with and to assist Defendants Federal Executive Branch and NCM&EC *et al.*,

Defendant Judge Richard Roberts refused conduct any proceedings as mandated by the

Treaty and Va. Code, and refused to recuse himself based on the appearance of a lack of

impartiality due to his former employment with Defendants Covington and Burling, and the

Department of Justice.

104. Subsequently, Defendant Judge Richard Roberts in furtherance of the illegal conspiracy

refused to conduct any investigation of violation of 18 U.S.C. §§ 4, 241, 1001, and 1204,

refused to permit Isidoro-Son to appear in the action by denying Rodriguez-father's motion

*pro hoc vice* on behalf of Isidoro-Son, and by refusing Mr. Blair Sibley to appear on behalf

20

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

of Isidoro-Son, but instead permitted Defendants to file false pleading stating that there was

no right to compel visitation under the Treaty, Va. Code, thereby aiding and abetting the

obstruction of Rodriguez-father's parental visitation rights.

105.  On April 28, 2003, defendant United States Supreme Court in collusion with the Defendants

NCM&EC, NCM&EC *et al.*, and specifically Covington & Burling, Eric H. Holder, Jr., Ms. D.

Jean Veta, Esq., as agents of the Executive Branch, negligently denied certiorari, U.S. S.C.

Docket No. 02-1268, which challenge the taking of Isidoro-Son from the United States.

106.  Subsequently, between April 2003 and October 2003, Defendant United States Court of

Appeals for the District of Colombia, including then Associate Justice John G. Robert, and

Defendant Supreme Court of the United States, negligently conspired with the Defendant

Executive Branch, and NCM&EC to obstruct with Rodriguez-father's right of visitation by not

issuing a Writ of Mandamus to compel compliance with the Treaty and Va. Code, as

mandated by Congress and the General Assembly of Virginia.

RODRIGUEZ-FATHER'S LITIGATION IN FAIRFAX J&D CT., ON BEHALF OF ISIDORO-SON SO TO
SECURE HIS VISITATION TO THE U.S. PURSUANT TO THE TREATY AND VA CODE § 20-146.25,
AND THEIR FILING OF NOTICE OF VIRGINIA TORT CLAIM IN JUNE 2005, AGAINST THE COURTS
OF VIRGINIA.

107.  Because the record established that Defendants Judge Richard W. Roberts, United States

Court of Appeals for the District of Columbia Circuit, and the United States Supreme Court

were negligently or criminally conspiring, and acting outside of their judicial authority and

capacity so to obstruct with Rodriguez-father's parental and visitation rights under Articles

2, 19 21 and 29 of the Treaty, 42 U.S.C. § 11602(b)(4), and VA Code § 20-146.25, .29, and

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

.35, in violation of 18 U.S.C. § 1204, on June 11, 2003, Rodriguez-father filed a petition on

behalf of Isidoro-Son in the stayed action before the Fairfax J&D Court to expeditiously

secure visitation right to the United States for his 2003 Summer vacation, *Master Isidoro*

*Rodriguez-Hazbun, Petitioner, v. Amalin Hazbun Escaf*, Case No. JJ-347-050-01-01.

108. On June 18, 2003, the Fairfax J&D Court issued a summary order denying the petition for

visitation, and again stayed further proceeding "pending all proceedings U.S. District Court."

109. Pursuant to VA Code § 8.01-8, a petition for a *de novo* hearing was filed with the Fairfax

County Circuit Court ("Fairfax Circuit Court"), to the compel expedited processing of the

petition visitation, *Master Isidoro Rodriguez-Hazbun v. National Center for Missing and*

*Exploited Children and Amalin Hazbun-Escaf*, Fairfax County Circuit Court No. C-185125.

110. On July 25, 2003, the Defendant Fairfax Circuit Court without hearing or permitting any

argument disregarded the Treaty and Va. Code to dismiss the NCMEC, deny expedited

consideration, and to dismiss the appeal of the denial of visitation.

111. On appeal the Defendant Court of Appeals of Virginia refused to provide Isidoro-Son an

expedited appeal mandated by both VA Code 20-146.35 and Articles 2 and 11of the Treaty.

112. Due to the refusal to conduct an expedited appeal to secure visitation rights, Isidoro-Son

filed with the Supreme Court of Virginia pursuant to VA Code § 17.1-409, motion to transfer

the appeal because of the importance of this first impression case under the Treaty and Va.

Code, and the ongoing harm being done to Isidoro-Son rights as a citizen of the United

States and Virginia by not permitting him to visit the United States.

113. In violation of 18 U.S.C. §§ 4, 241, 1001, and 1621 to 1623, Defendant NCM&EC, as agent

22

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

of the Defendant Executive Branch were permitted to file repeated responses containing perjury, misstatement of facts and law  that there was no right to or duty under either the Treaty or Va. Code to secure visitation.

114.   On September 9, 2003, based on the filing of the NCMEC *et al.,* the Supreme Court of Virginia issued an unpublished summary order denying Isidoro's motion to transfer.

115.   Simultaneous with opposing Rodriguez-father's litigation to secure visitation, Defendants NCM&EC, Stephen Cullen and the Law Firm of Miles & Stockbridge LLP, while litigating *Canter v. Cohen*, 442 F.3d 196 (March 21, 2006); 2006 U.S. App. LEXIS 6915, where they were seeking the securing of visitation under the Treaty.

116.   In retaliation for Rodriguez-father seeking to exercise his rights under the Treaty, Federal statute and Va. Code, on October 15, 2003, Defendants Ernie Allen, Board of Director's of the NCM&EC *et al.*, Covington & Burling, Eric H. Holder, Jr., Ms. D. Jean Veta, Esq., as agents of the Executive Branch, did conspire with Defendants Supreme Court of Virginia, Virginia State Bar, and Defendants John Doe, to approve and ratify a fraudulent VSB unverified bar complaint in violation filed in violate Article VI, §§ 1 and 5 of the VA Const., VA Code § 54.1- 3915, and VA Code § 54.1- 3935, and the Rules of the Supreme Court of Virginia, so to have the VSB conduct an unauthorized proceedings, and seek the issuing by the VSB of a *void* order revoking Rodriguez-father's license in Virginia in retaliation for seeking to exercise his rights under the Treaty and Va Code.

117.   On December 4, 2003, six months after the filing of Isidoro-Son's petition for visitation the Fairfax Circuit Court refused to either conduct an expedited *de novo* proceeding or remand

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

to the Fairfax J&D Court, but instead dismissed the appeal without prejudice, based on his

lacking jurisdiction pursuant to VA Code 16.1-296, in that the denial of visitation was not

a final order.

118.    On January 5, 2004, the Fairfax Circuit Court granted the motion of Defendants NCM&EC,

and the Law Firm of Proskauer Rose LLP, to quash Witness Subpoenas issued by Isidoro-Son,

and sanctioned him $1,000.00 for calling them as a Witness.

119.    On appeal before Defendant Court of Appeals of Virginia issued summary unpublished order

and  without any explanation denied: a. the motion filed in September 2003 for expedited

consideration of visitation rights pursuant to the above cited sections of the Va Code and the

Treaty; b. denied the motion for judicial notice of dangers of in Colombia; c. disregarding

the mandates of the General Assembly under VA Code 20-146.25 and .35, held that the

denial of the petition for visitation during the past two years was not a final appealable

order, d. denied the issuance of Petition for Writ of Mandamus; e. dismissed the appeal of

the *ex parte* January 5, 2004 orders quashing Witness Subpoenas to the NCMEC; and, bf

dismiss the appeal of the January 9, 2004 order imposing $1,000.00 sanctions for the

issuance of Witness Subpoenas, *Isidoro Rodriguez-Hazbun v. National Center for Missing and*

*Exploited Children et al*. No 2758-03-4; and  *Isidoro Rodriguez-Hazbun v. Amalin Hazbun*

*Escaf*, Record No 2004-03-4;  *Isidoro Rodriguez-Hazbun v. National Center for Missing and*

*Exploited Children et al.,* No 0293-04-4; and, *Isidoro Rodriguez-Hazbun v. National Center for*

*Missing and Exploited Children et al.,* Record No 3247-03-4.

120.    On appeal before Defendant Supreme Court of Virginia, in August 2004, four separate one

24

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

paragraph orders dismissing the appeals of violations of Isidoro-Son's right to visitation under Va. Code and the Treaty were issued without mentioning either. *Master Isidoro Rodriguez-Hazbun v. National Center for Missing and Exploited Children and Amalin Hazbun-Escaf*, Supreme Court of Virginia Record No. 041217; Record No. 041283; Record No. 041481; and, Record No. 041702.

121.    A Petition for a Writ of Mandamus, and Petition for Writ of Certiorari to the Supreme Court of Virginia to compel their compliance with both the Treaty and Va. Code was filed with the United States Supreme Court, Docket no 04454 and 04-724.

122.    In furtherance of the conspiracy to obstruct Rodriguez-father's rights, Defendants Office of the Attorney of the Commonwealth of Virginia, and Ms. Catherine Crooks Hill, in violation of the Cannon of Ethics argued state that neither the Supremacy Clause of the Constitution nor the Federal enabling statue mandate that the Treaty apply to Virginia, and that there is no right under Va. Code to secure international visitation through the Virginia Courts.

123.    The Defendant Office of the Solicitor General of the United States, acting in violation of its ministerial duty as mandated by 18 U.S.C. § 4, failed to file a response to either the Petition for Writ fo Mandamus or Writ of Certiorari.

124.    Subsequently United States Supreme Court acting outside of their judicial capacity and jurisdiction conspired with the Defendants Executive Branch, NCM&EC and the Virginia Courts to negligently deny the granting of the Petition for Writ of Mandamus and Certiorari to compel compliance with the Treaty and Va. Code, *see* U.S. Supreme Court Docket No. 02-1268 (*see* Docket No. 03-301; No. 04-454; and No. 04-724).

25

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

125. Later in aid of the on going conspiracy, Defendant Judge Thomas Mann on January 21, 2005, in violation of Article 21 of the Treaty, and the mandates of the General Assembly under VA Code 20-146.25 and .35, struck Rodriguez-father's petition for visitation, and held that the order was not subject to appeal.

126. During all of the above proceeding before Defendant Virginia Supreme Court, the Virginia Court of Appeals, the Fairfax Circuit Court, the Fairfax J&D Court, and United States Supreme Court, in furtherance of the conspiracy to obstruct Rodriguez-father's parental rights under the Treaty and Va. Code in violation of 18 U.S.C. § 1204, the courts permitted the Defendants Executive Branch, the NCM&EC and their attorneys and agents to commit perjury, file misstatements of fact and law, and use their influence, so to injure, punish, and intimidate Rodriguez-father in violation of 18 U.S.C. §§ 18 U.S.C. 241, and 242, due to his exercising Federal right under the Treaty, Federal statutes, and Va. Code.

127. Based on the above acts of Defendants Rodriguez-father filed a Virginia Tort Claim Notice on June 8, 2005 (Petitioner's Exhibit 6)

RODRIGUEZ-FATHER'S CRIMINAL COMPLAINT FOR THE OBSTRUCTION OF PARENTAL RIGHTS IN VIOLATION OF THE TREATY AND VA CODE , AND 18 U.S.C. § 1204.

128. Due to the record of Defendants' conspiracy to obstruct with Rodriguez-father's parental rights in violation of 18 U.S.C. § 241, 242and 1204, a Criminal Complaint was filed on February 11, 2005 (Petitioner's Exhibit 5).

129. In violation of 18 U.S.C. § 4, Defendants Attorney General Alberto Gonzales, Attorney General of the United States Paul McNulty, Offices of the U.S. Attorney for the E.D. of

26

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Virginia and the District of Columbia, Assistant U.S. Attorney Ms. Marina Utgoff Brassweill,

and the Federal Bureau of Investigation refused to investigate.

<u>RODRIGUEZ-FATHER'S AMENDED COMPLAINT, AND SUPPLEMENTAL FEDERAL TORT CLAIMS
NOTICES BASED ON THE CONSPIRACY TO OBSTRUCT HIS VISITATION RIGHTS.</u>

130.    Based on the above record, a First Amended Verified Complaint was filed on March 7, 2005,

adding a number Defendants, including the Hon. Judge Richard W. Roberts.

131.    Pursuant to 28 U.S.C. § 455(a) and (b), a motion to disqualify Defendant Judge Richard W.

Roberts was filed.

132.    On March 31, 2005, Defendant Judge Richard Roberts refused to disqualify himself as

required under 28 U.S.C. § 455, dismissed the initial action and all outstanding motions as

moot because during the two (2) years he stayed any action filed on January 27, 2003,

Isidoro-Son had become 16 years old on March 10, 2005, and Judge Richard W. Roberts

struck the amended complaint without any meaningful comment.

133.    Because Defendant Judge Richard Roberts, failed to address rights to visitation under Va.

Code, on April 6, 2005, a Petition for TRO/Injunction and Writ of mandamus was filed with

Defendant U.S. Court of Appeals for D.C., to compel compliance with Va. Code, which

stayed in effect until Isidoro-Son turned 18 years-old on March 10, 2007.

134.    On May 27, 2005, a Notice of Appeal was filed, and pursuant to 28 U.S.C. § 455, a motion

to disqualify the Defendant U.S. Court of Appeals for D.C. was filed.

135.    Based o the record of the on going conspiracy, on June 16, 2005, Rodriguez-father filed an

additional amended Federal Tort against the Defendants Department of State and Justice

27

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

and the NCM&EC, as well as the Federal Judicial Branch, based on their repeated and ongoing violations of Rodriguez-father's civil rights under the Treaty, Federal and Va Code, and 18 U.S.C. §§ 4, 241, 242, 242, 1204 (Plaintiff's Exhibit 7, 8, and 9).

136.  On August 1, 2005, although not disqualifying himself as mandated by 28 U.S.C. § 455(a) & (b), then Defendant Chief Justice William H. Rehnquist raised from his death bed to designate under 28 U.S.C. §§ 291-293, Defendants Hon. Chief Judge Jane A. Restani, United States Court of International Trade; the Hon. Chief Judge Paul R. Michel, U.S. Court of Appeals for the Fed. Cir.; and Senior District Judge William H. Stafford, Jr., U.S. District Court for the N. D. Fl., ("Designated Panel"), to hear and decide this action in lieu of Defendant U.S. Court of Appeals for D.C. Cir.

137.  During same this time period Defendant John G. Roberts, acted outside of his judicial capacity and jurisdiction to compound his earlier negligent actions as a member of the Defendant Court of Appeals for the District of Columbia, to intentionally violate 18 U.S.C. §§ 4, 1001, and 1204, by submitting false statements to the Senate Judiciary Committee during his confirmation hearing to Chief Justice of the United States Supreme Court, by characterizing Rodriguez-father's lawsuit as only a suit by a father for "custody," and not truthfully advising Congress that the gravamen of the action was to secure visitation and the issuance of a Writ of Mandamus to compel compliance with the Treaty and Va. Code.

138.  Based on the intentional perjury of Defendant Chief Justice John G. Roberts, Rodriguez-father filed opposition to the confirmation and petition Congress for an investigation for the obstruction of his parental rights in violation of the Treaty and Va. Code, *see*

28

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

http://home.earthlink.net/~isidoror.

139.  Meanwhile the Designated Panel stayed consideration of the TRO/Injunction and Writ of Mandamus filed on April 6, 2005, by issuing an order to consolidate it with the appeal.

140.  After obstructing Rodriguez-father's right of visitation for more than three years in violation of 18 U.S.C. § 1204, the Executive Branch filed a motion to dismiss the consolidated appeal asserting that their obligations under Articles 2, 13, 20, 19, 21 and 29 of the Treaty ended upon his son's 16th birthday, and disregarded the rights VA Code valid until March 10, 2007.

141.  On October 14, 2005, in furtherance of the conspiracy to obstruct Rodriguez-father rights under the Treaty and Va. Code, the Designated Panel issued an order denying the Petition for TRO/Injunction and Writ of Mandamus, and dismissed the appeal.

142.  Rodriguez-father filed a timely Petition for Writ of Certiorari with the United States Supreme Court Docket No. 05-1059, to seek enforcement of his rights to visitation under the Treaty, and VA Code, pursuant to the Settlement Agreement.

143.  Despite being advised of the Fourth Circuit holding in *Canter v. Cohen*, 442 F.3d 196 (March 21, 2006); 2006 U.S. App. LEXIS 6915, confirming the duty of the Executive Branch, the NCM&EC, and the Virginia Courts to secure visitation under the Treaty and Va. Code, the Defendant United States Supreme Court again negligently denied the Petition for Certiorari on April 24, 2006.

X.  THE VIRGINIA SUPREME COURT, VIRGINIA STATE BAR'S ("VSB"), EXECUTIVE BRANCH *et al.* VIOLATION OF 18 U.S.C. §§ 241, AND 242, IN SEEKING TO STIGMATIZE INJURE, PUNISH, AND INTIMIDATE RODRIGUEZ-FATHER FOR EXERCISING HIS RIGHTS UNDER TREATY, FEDERAL STATUTE, AND VA CODE.

29

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

144.   The Virginia State Bar ("VSB") are the agents of Defendants Supreme Court of Virginia and Hon. Leroy Rountree Hassell, Sr., Chief Justice, VA Code §§ 54.1-3909, 54.1-3910.

145.   The VSB is neither a court under Article VI § 1 of the Constitution, nor has the General Assembly of Virginia enacted a statute giving it either judicial or quasi-judicial authority.

146.   Article VI § 5 of the Constitution, and the General Assembly of Virginia in VA Code §§ 54.1-3915, specifically restricted the Supreme Court of Virginia from promulgating any rule which violates any statute rights.

147.   The General Assembly of Virginia in VA Code 54.1-3935, has only given authority to the courts of Virginia to adjudicate the issue of revocation of an attorney's license, only after a complaint is properly filed with a court.

148.   The General Assembly of Virginia in VA Code 54.1-3935, specifically restricted the VSB to to investigate and prosecute a complaints after the court has submitted it to the VSB.

149.   However, based on the fraudulent VSB complaint filed and improperly processed in violation of Art. VI § 5 of the Virginia Constitution, and VA Code §§ 54.1-3915, and 54.1-3935, as well as 18 U.S.C. §§ 241 and 242, Defendants Daniel M. Rathbun, Esq., Edward V. O'Connor, Jr, Esq., John W, di Zerega, and Noel D. Sengel illegally investigated Rodriguez-father for more than two and a half years so to punish and injure Rodriguez-father for exercising his statutory rights under Federal statute, VA. Code and the Treaty.

150.   Although being a member in good standing since 1982 of the Bar of the Supreme Court of Virginia (Plaintiff's Exhibit 3), Rodriguez-father's waiver application into the Bar of the District of Columbia that was filed in July 2005, has not been processed by the Defendant

30

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Committee on Admission for the District of Columbia Court of Appeals, based on the

approving and ratifying the  VSB *void* order and actions in the District of Columbia to

stigmatized and illegally stop his admission (Plaintiff's Exhibit 11).[6]

151.   On June 20, 2006, in violation of Art. VI § 5 of the Constitution of Virginia and Va. Code §

54.1-3935, the Defendants Defendant Daniel M. Rathbun, Esq., Edward V. O'Connor, Jr,

Esq., John W, di Zerega, and Noel D. Sengel issued a *void* summary Certification to revoke

Rodriguez-father's license for his litigating to enforce rights under  Treaty and Va. Code.

152.   Defendant Virginia State Bar, Karen Ann Gould, Esq., and  Davis J. Gogal, Esq., approved

or ratified the VSB illegal actions in violation of statutory rights.

153.   Between July 2006 and October 2006, in violation of Rodriguez-father's right to due process

and equal protection of the law, the Defendant James Leroy Banks, Esq. denied the motions

to dismiss, for expedited hearing, for a jury trial, to recuse of the panel from Northern

Virginia; and quashed all requests for Subpoenas *Duces Tecum*, and Witness Subpoenas to

compel both production of document and testimony at the hearing set for October 26 and

27, 2006.

154.   Because the VSB was neither a "court" nor its members "judges," their proceeding and

---

[6]The *void* order and judgement doctrine, states that an illegal order or judgement is
forever *void ab initio*, thus null from the beginning.  An order or judgment exceeding either the
jurisdiction of a court, or logically issued by an entity without judicial authority, is *void ab initio*,
or voidable, and can be attacked in any proceeding in any court where the validity comes into
issue.  *See Rose v. v. Himley*, 4 Cranch 241, 242, 2 Led 608 (1808) ; *Pennoyer v. Neff,* 95 US 714
(1877); *Thompson v. Whitman* 18 Wall 457 (1873); *Windsor v. McVeigh* 93 U.S. 274 (1876;
*McDonald v. Mabee*, 243 U.S. 90 (1917), and,  *Jordon v. Gilligan*, 500 F.2d 701, 710 (6th Cir.
1974)(<u>"a void judgment is no judgment at all and is without legal effect"</u>)(Emphases added).

31

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

orders were issued in violation of Art. VI the VA Constitution, VA Code §§ 54.1-3915 and 3935, as well as Part 6, § IV, ¶ 13(B)(5)(A) and (b)(5)(1), and Part 6, § IV, ¶13(C)(5)(a) and (G)(1)(a)(1) and (5) of the Rules of the Virginia Supreme Court,  Rodriguez filed with the Supreme Court of Virginia a Motion for TRO/Preliminary and Writ of Mandamus on September 27, 2006, seeking to enjoin the VSB's proceeding.

155.    In  violation of Rodriguez-father's right to due process and equal protection of the law, Defendant James Leroy Banks, Esq., restricted the hearing to the evidence presented only by the VSB Senior Bar Counsel, and denied meaningful cross examination of  Defendants Patrick H. Stiehm, Susan Brinkerhoff, and Nancy Hammer, and permitted them to commit perjury regarding Rodriguez-father's statutory rights under Va. Code and Treaty, so to punish Rodriguez-father in violaiton of 18 U.S.C. §§  241 and 242.

156.    On October 27, 2006, the Defendant Supreme Court of Virginia denied as "frivolous" the motion for TRO, Preliminary Injunction and Writ of Mandamus, and imposed cost on Rodriguez-father of  $50.00, thereby acting in violation of Art. VI the VA Constitution, VA Code §§ 54.1-3915 and 3935, as well as Part 6, § IV, ¶ 13(B)(5)(A) and (b)(5)(1), and Part 6, § IV, ¶13(C)(5)(a) and (G)(1)(a)(1) and (5) of the Rules of the Virginia Supreme Court, and the *void* order and judgement doctrine.

157.    On October 27, 2006, and November 27, 2007, the Defendants Defendant James Leroy Banks, Jr., Esq., William Carlyle Boyce Jr., Esq., William Ethan Glover, Esq., Glenn M. Hodge, Esq., and Stephen A. Wannall, published at www.vsb/disciplinary.html, notice of the *void* VSB Order that stigmatized and punished Rodriguez-father by immediately

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

revoking his license to practice law in Virginia, for taking "actions" pursuant to his rights as

a father under federal law, thereby illegally depriving Rodriguez-father of his rights to work

as an attorney in Virginia and the District of Colombia (Plaintiff's Exhibit 10 and 11),

denied access to paid membership benefits, including access to legal research, and the

posting of his MCLE credits earned up to October 2006.

158.    Rodriguez-father filed an appeal, his Opening Brief and Reply Brief based on the violations

of Art. VI the VA Constitution, VA Code §§ 54.1-3915 and 3935, as well as Part 6, § IV, ¶

13(B)(5)(A) and (b)(5)(1), and Part 6, § IV, ¶13(C)(5)(a) and (G)(1)(a)(1) and (5) of the

Rules of the Virginia Supreme Court, and the *void* order and judgement doctrine.

159.    On April 17, 2007, Defendants Attorney General of the Commonwealth of Virginia and

Catherine Hill, filed a surreal Response Brief, disregarding the fact that the VSB is not a

"court," had no authority under the Va Code to revoke Rodriguez-father license to practice

law as punishment for exercising his Federal statutory rights, and rights under the Treaty

and Va. Code, thereby confirming the ongoing conspiracy to aid and abet the violations of

18 U.S.C. §§ 4, 241, 242, 1001, and 1204.

160.    Oral argument before Defendant Supreme Court of Virginia is scheduled for June 5, 2007.

<u>DEFENDANTS THE D.C. COMMITTEE ON ADMISSIONS, THE 4TH CIR., CHIEF JUSTICE JOHN G.
ROBERTS, AND U.S. SUPREME COURT APPROVAL AND RATIFYING THE CONSPIRACY TO
STIGMATIZE AND INJURE RODRIGUEZ-FATHER IN VIOLATION OF 18 U.S.C. §§ 241 & 242</u>.

161.    Based on the VSB's *void* order, and in furtherance of the conspiracy to injure Rodriguez-

father, Defendant 4th Circuit Court of Appeals issued a Notice to Show Cause on November

17, 2006, and without waiting for Rodriguez-father to file his Response and request for a

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

hearing, issued a summary order dated December 21, 2006, revoking his membership.

162. Rodriguez-father filed on December 26, 2006, a timely Motion for Reconsideration based on the record that Rodriguez-father's response timely sent for filing by U.S. Priority Mail to Richmond, Virginia, allegedly took seven (7) days, while the record showed that all correspondence from Richmond, Va., took normally one, but no more than two days by regular U.S. Mail, and *void* order doctrine.

163. Due to the VSB *void* order causing irreparable injury and stigmatizing Rodriguez-father in his reputation, business and profession, on January 4, 2007, and then again on January 27, 2007, a Motion for TRO/Injunction to the Defendants Supreme Court of Virginia and VSB, was filed with Defendant U.S. Supreme Court, in the related action to enforce his Virginia Attorney Lien, *Isidoro Rodriguez vs. Devis,* S. Ct. Docket No. 06A715.

164. Pursuant to 28 U.S.C. §§ 3 and  455 (b)(5)( I ) & (iv), Rodriguez-father filed a motion to disqualify Defendant Chief Justice John G. Roberts, as Circuit Justice of the United States Court of Appeals for the District of Columbia Circuit, and for the Fourth Circuit, based on his being a named either a witness or a named Defendant in the instant litigation due to his negligent or intentional acts as a a member of the defendant United States Court of Appeals for the District of Columbia Circuit, and subsequent intentional misstatements to the Senate Judiciary Committee during his confirmation in violation of 18 U.S.C. §§ 4, 241, 242, 242, 1001 and 1204.

165. Acting outside of his judicial capacity or jurisdiction Defendant Judge John G. Roberts refused to disqualify himself, and denied the motion for TRO/Injunction on January 23,

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

2007.

166.   On January 27, 2007, Rodriguez-father submitted the motion to Judge Paul Stevens, who referred it to the full Court.

167.   In furtherance of the conspiracy to punish Rodriguez-father for exercising his Treaty federal statutory and VA Code rights as a father, the full U.S. Supreme Court without any explanation denied the motion for TRO on February 20, 2007, thereby aided Defendants violation of 18 U.S.C. §§ 4, 241, 242, 1001, and 1204.

168.   On March 23, 2007, the Defendant 4th Cir. Court vacated their order of December 21, 2006, but again issued a Notice to Show Cause based on the *void* order of the VSB.

169.   On April 2, 2007, Rodriguez-father filed with the Defendant 4th Cir. his: [1] Second Response to the Notice to Show Cause; and refiled his: [2] Request for Hearing; and, [3] Motion to Disqualify pursuant to Federal Rule of Appellate Procedure 46 ( c ), 28 U.S.C. §§ 3, 291(a), 292(d), and 455(a) and (b)(5) ( I ) and (ii).

170.   In response to a Show Cause Order issued from the U.S. Tax Court based on the *void* VSB order and notice of hearing set for May 1, 2007, Rodriguez -father filed on April 2, 2007, his: [1] Response to the Notice to Show Cause; [2] Request for an Evidentiary Hearing regarding the *void* order and violation of 18 U.S.C. §§ 4, 241, 1001, and 1204; and, [3] Motion pursuant to 28 U.S.C. § 455, for a three judge panel from outside of the Beltway.

171.   On April 2, 2007, and again on May 1, 2007, after Rodriguez-father was terminated based from a Project Manager position in the District of Colombia (Plaintiff's Exhibit 10),, and that his application to waive into the Bar of the District of Colombia had been pending for

35

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

almost two years ago since July 21, 2005, based on the VSB *void* order, the on going actions

of VSB and John Doe, he filed with the D.C. Committee on Admission motions pursuant to

DC Ct. App. Rule 46( c ) (3)( I ) or (f), seeking either immediate admission to the District

of Columbia Bar, or in the alternative he demanded a public hearing within 10 Days to

determine Rodriguez-father's "moral character and general fitness" for admission, citing

*Konigsberg v. State Bar*, 353 U.S. 252, 273 (1957), wherein the Supreme Court stated that,

[w]e recognize the importance of leaving States free to select their own bars, <u>but it is equally important that the State not exercise this power in an arbitrary or discriminatory manner nor in such way as to impinge on the freedom of political expression or association</u>. A bar composed of lawyers of good character is a worthy objective but it is unnecessary to sacrifice vital freedoms in order to obtain that goal. <u>It is also important both to society and the bar itself that lawyers be unintimidated — free to think, speak, and act as members of an Independent Bar.</u> (Emphasis added).

172.    In response Rodriguez-father first response to their show cause order, the U.S. Tax Court

amended its Show Cause Order to set a hearing for  July 17, 2007, and demanded to know

what evidence regarding the *void* VSB order was relevant or necessary in their hearing.

173.    On April 30, 2007, Rodriguez-father filed with the U.S. Tax Court a motion in support of an

evidentiary hearing or to vacate the amended show cause order based on the holding of

*Theard v. United States*, 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957), wherein the

Supreme Court stated  that,

Disbarment being the very serious business that it is, <u>ample opportunity must be afforded to show cause why an accused practitioner should not be disbarred.</u> If the accusation rests on disbarment by a state court, such determination of course brings title deeds of high respect. But it is not conclusively binding on the federal courts. (Emphasis added)

174.    Although having a duty to provide Rodriguez-father a hearing and to report  the record of

36

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

violations of 18 U.S.C. §§ 4, 241, 1001, and 1204, and the Fifth Amendment to the U.S.

Constitution, on May 14, 2007, in seeming collusion and furtherance of the above alleged

conspiracy both the United States Tax Court and the D.C. Committee on Admission,[7] refused

to provide a public hearing by either staying any hearing, or stating that Rodriguez-father

application for admission by waiver that has been pending since July 21, 2005, was no

longer valid based on the VSB *void* order (Plaintiff's Exhibit 11), thereby assuming away the

*void* order doctrine by not acting pending a decision by the Defendant Supreme Court of

Virginia, on the VSB *void* order issued as the agent of the Defendant Supreme Court of

Virginia in violation of Article VI of the Constitution of Virginia and 3915, and 54.1-3935.

175.    By refusing to report the criminal violations and act expeditiously to stop the on going

conspiracy to punish Rodriguez-father for exercising Federal right under the Treaty, Federal

statutes, and Va. Code as a father to protect his Son, and as an experience civil litigation

attorney, and by permitting the damage and injury to Rodriguez-father's right to

employment, his business, profession, and interstate/international law practice (Plaintiff's

Exhibit 10), the U.S. Tax Court, and Defendants Committee on Admissions for District of

Columbia, the 4th Cir Court, Chief Justice John G. Roberts, and the United States Supreme

Court have approved and ratified the on going civil conspiracy and criminal violation of 18

---

[7]For political reasons Congress enacted D.C. Home Rule to permit it to be governed "like
a State," however the District of Columbian is a Federal government entity and jurisdiction
under the direct responsibility and limitations of the United States Constitution.  Thus it must
also provide for Rodriguez-father his right due process and equal protection by to admitting him
to the D.C. Bar or provide the public hearing pursuant to DC Ct. App. Rule 46( c ) (3)( I ) or (f).

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

U.S.C. §§ 18 U.S.C. 241, and 242.

176. Defendants John Doe conspired to use "Beltway" political and judicial cronyism to obstruct with Rodriguez-father's parental right in the companionship with Isidoro-Son, to punished Rodriguez-father because they harbored animus towards him for his independent litigation against the abuse of government power and to enforce his federal civil rights as a father and Hispanic.

CAUSES OF ACTION

FIRST CAUSE OF ACTION: Multiple Predicate Acts Against Rodriguez-father by All Defendants in violation of Civil R.I.C.O. 18 U.S.C. §1962 (Including but not limited to 18 U.S.C. § 1511 (obstructing enforcement of Federal and VA Code); 18 U.S.C. §§ 1661 through 1668; 18 U.S.C. § 1204(obstructing parental rights under Treaty and Va. Code); and 18 U.S.C. §§ 241, and 242) (obstruction of justice in a conspiracy to injure or intimidate for the exercising of Federal right)

177. Rodriguez-father repeats and realleges and incorporate by reference the allegations in paragraphs 1 through 172 above with the same force and effect as if herein set forth.

178. Defendants Federal Executive Branch *et al*, Federal Courts, Virginia Courts, and the NCM&EC *et al.*, have conspired to obstruct and violate Rodriguez-father's civil rights as a parent and an attorney at law by unlawful overt acts, include, but are not limited to, communicating in interstate commerce by mail, e-mail, telephone wire, judicial conferences, published material, memo, orders, docket sheets, and notes, with the purpose to injure Rodriguez-father in his business and profession (Plaintiff's Exhibit 10 and 11), by misleading and misinform the public by creating, publishing in public media, and presenting the false theme that Rodriguez-father's litigation was only for "custody" of Isidoro-Son through perjured statements and filing with the courts, and to Congress by Defendant Chief

38

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Justice John G. Roberts giving false testimony in violation of 18 U.S.C. § 1001; obfuscate Rodriguez-father's litigation before Defendant Judge Richard W, Roberts in Docket No. 03-0129, and related appeals, to secure visitation under the Settlement Agreement (Plaintiff's Exhibit 1 & 2), pursuant to the Treaty and Va. Code, and for damages, by instead use legal sophistry to hold that the case involved some undefined and arcane U.S. Constitutional claim, so to purposefully use unpublished decisions to cover-up that Rodriguez-father and Isidoro-Son's rights as a citizen of the United States had been violated by the unauthorized policies of Defendants; and conspire to punish, "injure, oppress, threaten, or intimidate" Rodriguez-father in violation of 18 U.s.c. §§ 241 and 242, by illegally revoking his license to practice law in Virginia and the District of Columbia in violation of the law, for his seeking the free exercise or enjoyment of the rights or privilege secured to him by the Constitution or laws of the United States.

179. On or about the dates and locations listed above Defendants did enter into a criminal enterprise to act in their individual capacity, and outside of their respective judicial/ministerial capacity and jurisdiction to knowingly, willfully, and with malicious of two or more predicate intentional acts including approving and ratifying the violation of 18 U.S.C. § 1204, between January 27, 2003 to March 10, 2007, to intentionally of obstruct the lawful exercise of Rodriguez-father's parental rights, including the right to obtain a Writ of Mandamus to secure visitations with Isidoro-Son, in violation of rights under the Treaty, Va. Code, and Article III, § 2 and Article IV § 2 and the I, V, IX, and XIV Amendments to the U.S. Constitution.

39

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

180. Defendants did further compound their criminal enterprise in violation 18 U.S.C. §§ 241 and 242, to approve and ratify the punishing of Rodriguez-father in retaliation for his exercising his Constitutional, as well as Federal and Virginia statutory parental rights, and to petition for an investigation by Congress and the General Assembly of Virginia (*See.* http://home.earthlink.net/~isidoror), of Defendants' unlawful policies and practices to disregard the mandates of the legislature by legal sophistry and judicial cronyism, to violate separation of power by the collusion of the Executive and Judicial Branches of Government, their duty as a free press, and to violate from June 11, 2002 until March 10, 2007, their ministerial and judicial duty to secure visitation with his Son pursuant to Settlement Agreement (Plaintiff's Exhibit 1 & 2), Article 21 of the Treaty, ; Congressional Joint Concurrent Resolution 293 of May 23, 2000, and, VA Code § 20-146.25 and 35. *See, Canter v. Cohen*, 442 F.3d 196 (March 21, 2006); 2006 U.S. App. LEXIS 6915.

181. Defendants in furtherance of the above criminal enterprise did conspire, approve and ratify the filing of a fraudulent VSB Complaint, the conducting by the VSB of unauthorized proceedings, and the issuing by the VSB of a *void* order revoking Rodriguez-father's license in Virginia in violation of Article VI, §§ 1 and 5 of the VA Const., VA Code § 54.1- 3915, and VA Code § 54.1- 3935, and the Rules of the Supreme Court of Virginia, in retaliation for seeking to exercise his rights under the Treaty and Va. Code.

182. Defendants in furtherance of the criminal enterprise did conspire, approve and ratify the delay and not approving for more than two years Rodriguez-father's admission into the D.C. Bar, based on the *void* proceedings and order of the VSB (Plaintiff's Exhibit 11).

40

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

183.    Defendants in furtherance of the above criminal enterprise did conspire, approve and ratify the denial of access to an impartial court as to retaliate, injure, punish, and intimidate Rodriguez-father for filing Federal Tort Claim Notices ("FTCA") (Plaintiff's Exhibit 4, 7, 8, and 9), Virginia Tort Claim Notice ("VTCA") (Plaintiff's Exhibit 6), and a criminal complaint (Plaintiff's Exhibit 5).

184.    Defendants in furtherance of their criminal enterprise did conspire, approve and ratify the obstruction of justice and the concealing of their past and ongoing malfeasance in violation of 18 U.S.C. §§ 4,[8] 371,[9] 1001, including the commission of perjury, and providing pf false fictitious or fraudulent statements, writings or documents to both the Federal courts and Congress.

185.    Defendants have conspired in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution, as well as Article 1 § 11 of the Constitution of Virginia, to deny Rodriguez-father of his right to due process by preventing the calling witness and compelling the production of documents in all the above litigation.

186.    Defendants have conspired in violation of the Fifth and Fourteenth Amendments to the U.S.

---

[8]18 U.S.C. § 4 - Misprision of felony.

Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil . . . authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

[9]18 U.S.C. § 371 - Conspiracy to commit offense or to defraud United States.

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Constitution, as well as Article 1 § 11 of the Constitution of Virginia, to deny Rodriguez-father of equal protection of the laws under Treaty, Federal and Va. Code

187.    Defendants have conspired with Defendant *Legal Times* and *Washington Post*, undermine a free press by the publishing false and defamatory news articles based on the purposefully misleading theme discussed above, with the purpose to stigmatize and punish Rodriguez-father, so to misinform the public regarding his litigation to secure a father's visitation rights, the issuance of a Writ of Mandamus to compel compliance with the Treaty and Va. Code, and the award of damages.

188.    Defendants Supreme Court of Virginia, Virginia State Bar, Federal Executive Branch, Federal Judicial Branch, their employees and independent contractor the NCM&EC, in furtherance of their conspiracy did endeavor to defame, stigmatize and cause Rodriguez-father to be seen and branded in the public mind by the Defendant *Legal Times* that he was "controversial," and by the *Washington Post* as his being dismiss from a White House appointment for opposing affirmative action, and being validly found guilty of unemployment compensation fraud for $1,000.00, as an ex-Viet Nam veteran likely to be violent, and accused of attorney misconduct for taking "actions," so to stigmatize and isolate Rodriguez-father to punish him for that his attempts to protect Isidoro-Son and for exercising his rights under the Constitution, and the Treaty, and now they seeks to stigmatize and deprive him of his right to employment, business and profession (Plaintiff's Exhibit 10 and 11).

189.    Defendants Federal Courts and Judges and the Virginia Court and Judges, have conspired, approved and ratified the denial to Rodriguez-father due process and equal protection of the

42

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

U.S. and Virginia Constitutions, so to conceal violations of 18 U.S.C. §§ 4, 241, 1204, so to obstruct with Rodriguez-father of his parental rights under the Settlement Agreement, fundamental rights under the Federal and Commonwealth of Virginia Constitution, and Article 20, 21, and 29 of the Treaty, and illegally revoke his license to practice law.

190. Defendants NCM&EC, NCM&EC *et al*, including Covington & Burling, Eric H. Holder, Esq., and D. Jean Veta, Esq., have conducted an unlawful "Orwellian" investigation use of their contacts with Defendant DOJ and Virginia law enforcement to intimidate and to deprive Rodriguez-father of his 1st Amendment rights to petition government to redress grievances.

191. Defendants Federal Courts, Virginia Courts, Executive Branch, and the NCM&EC *et al.*, specifically Covington & Burling, Eric H. Holder, Esq., and D. Jean Veta, Esq., caused unlawfully conducting a campaign to falsely stigmatize and discredit Rodriguez-father's reputation and business, so to conceal the violation by both Federal and State judiciary of 18 U.S.C. §§ 4, 241 and 1204, and to deprive Rodriguez-father of his right to employment as a Virginia Attorney.

192. Defendants Federal Courts, Virginia Courts, Executive Branch, and the NCM&EC *et al.* specifically Covington & Burling, Eric H. Holder, Esq., and D. Jean Veta, Esq., used their contacts and influence with the Defendant *Legal Times*, to misinform the public and prevent publication of information regarding the past and on going violation by the NCM&EC *et al.*, of 18 U.S.C. §§ 4, 241 and 1204.

193. Defendants NCM&EC, and NCM&EC *et al*, Covington & Burling, Eric H. Holder, Esq., and D. Jean Veta, Esq., in violation of 18 U.S.C. §§ 4, 241 and 1204, filed false allegations with

43

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

the Virginia State Bar Complaint in October 2003, with the purpose of denying Rodriguez-father of rights under the Treaty, Federal statutes, including civil rights.

194.    Defendants Virginia State Bar and Noel Sengel in violation of VA Code, and Federal statute conducted an illegal investigation for more than 26 months since October 2003, despite the total lack of evidence of any wrong or unethical acts by Rodriguez-father, so to have a chilling effect on his 1st Amendment right to petition the Federal and State legislative branch for an investigation of violations of both Federal and Virginia statutes and the Treaty.

195.    Defendants Virginia State Bar issued a *void* order in violation of the Constitution of Virginia and VA Code, so to in violation of 18 U.S.C. §§ 4, and 241, punish and stigmatize Rodriguez-father for exercising his Federal statutory rights by illegally revoking his license to practice law in the Commonwealth of Virginia.

196.    the Defendants Executive Branch and NCM&EC abused the public trust and funds in 18 U.S.C. §§ 4, and 1001, to obtain the passage of "International Assistance to Missing and Exploited Children Act of 2004" H.R. 4347 in July 2004, to seek immunity for the NCM&EC *et al.*, for their intentional ongoing conspiracy in violation of Rodriguez-father's rights under Articles 2, 20, 21 and 29 of the Treaty, and 12 U.S.C. §§ 4, 241 and 1204.

197.    Defendants Federal Courts, Virginia Courts, Executive Branch, and the NCM&EC *et al.*, have conspired to violate Rodriguez-father civil rights under Virginia Code and 42 U.S.C. §§ 1983, 1985, and 1986.

198.    Defendants Federal and Virginia Courts and Judges in furtherance of the conspiracy have

44

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

acted outside of their judicial authority by staying from January 2002 until March 10, 2007, all proceeding to secure Rodriguez-father's visitation rights.

199.    In furtherance of their illegal object, Defendants Federal Courts, Virginia Courts, Executive Branch, and the NCM&EC *et al.* did two or more overt acts against the Rodriguez-father, including Defendant Richard W. Roberts staying all proceeding for more than two years to permit the Treaty to run. Those unlawful overt acts include, but are not limited to the facts outlined in the above RICO claim.

200.    The Defendant United States Supreme Court, the Virginia Supreme Court, the United States and the Commonwealth of Virginia are liable for the acts of their Judges outside of their judicial authority, and if not liable for their own involvement in the conspiracy as co-conspirators acting outside of their judicial authority, they are liable for the Judges acts under the doctrine of respondent superior.

201.    Beginning in or about August 2001, and continuing until the present, Defendants Federal Courts, Virginia Courts, Executive Branch, and the NCM&EC *et al.*, and known and unknown co-conspirators have engaged in racketeering activity as described in 18 U.S.C. §1961 (1) involving violations of 18 U.S.C. §1962 (a) (b) ( c ) (d), §152, §1951, §1503, §1512, §1956, §1957, §1341, §1343, §2315, §1952, and 15 U.S.C. 77(g) and acquired and maintained directly and indirectly in violation of 18 U.S.C. §1962 as defined in U.S.C. §1961 an interest in and ultimately absolute control of the enterprise.

202.    In violation of 18 U.S.C. §1961 (5), the pattern of activities as set forth in the proceeding allegations and the counts below began on or about October 2001 and continue through the

present, defining a continuous ongoing pattern of numerous predicate R.I.C.O. violations within ten (10) years of each other.

203.    In violation of 18 U.S.C. § 1961(4), the enterprise was to deprive Rodriguez-father of his property and ability to challenge and disclose the unauthorized practices and policies under Article 12 of the Treaty by Defendants in violation of the fundamental rights of U.S. citizens pursuant to the I, V, IX, and XIV Amendments and Article 2, 20, 21, and 29 of the Treaty.

204.    Defendants are "persons"within the meaning of 18 U.S.C. §1961 (3).

205.    Defendants Federal Courts, Virginia Courts, Executive Branch, and the NCM&EC *et al.,* are an "enterprise" within the meaning of 18 U.S.C. §1961 (4) and is engaged in implementations of the provisions of the VA Code Treaty, and its activities affect, interstate commerce.

206.    From in or about October 2001 and continuing to the present, Defendants received income, benefits, trips etc., derived directly and indirectly, from a pattern of racketeering activity, as defined in 18 U.S.C. §1961 (1) and as set forth in paragraphs above, and used and invested, directly and indirectly, part of such income, benefits and the proceeds thereof in the acquisition of an interest in and in the operation of the NCM&EC, in violation of 18 U.S.C. §1962 (a) (b) ( c ) (d), ultimately conspiring to deprive Rodriguez-father's of property and rights under Article III § 2 and Article IV § 2 of the Constitution and Article 2, 11, 13b, 20, 21, and 29 of the Treaty, with the intent of obstructing the lawful exercise of Rodriguez-father's parental rights, including the right of securing visitations in violation of 18 U.S.C. § 1204, subsequent to his son being shanghaied to Colombia from the United States.

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

207. The enterprise directly benefitting from the conspiracy was the Executive Branch and the NCM&EC *et al.*, Federal Courts and Judges, and Virginia Courts and Judges, by being permitting the unlawful reallocation (a) the million of dollars by the noncompliance with Article 13b, 20, 21 and 29 of the Treaty; (b) the spending on domestic and international judicial conferences to teach the unauthorized practices and policies by invited judges and attorneys at the cost of the U.S. taxpayer, and ( c ) spending of millions of dollars on the cost of salaries for staff to administer said unlawful policies and practices.

208. Defendant Federal Courts and Judges, specifically Judge Richard Roberts and the U.S. Ct. of Appeals for the District of Columbian, by conspiring refusing to receive reports of the unlawful policies and practices in violation of 18 U.S.C. §§ 4, and 241, 1204, perpetuated the Executive Branch and the NCM&EC *et al,* did obstruct justice in accordance with 28 U.S.C. § 1361  (ordering a federal official to perform his duty and halt his unlawful acts).

209. The Defendant Federal Courts and Judges, and Virginia Courts and Judges, in furtherance of the conspiracy deliberately and intentionally ignored rights under  Article 2, 20, 21, and 29 of the Treaty, VA Code 20-146.1-35, in Rodriguez-father's actions in both Federal and State Court.

210. Rodriguez-father suffered harm and damages  as a direct result of the acts of conspiracy to deprive Rodriguez-father's property and rights to practice law under Article III § 2 and Article IV § 2 of the Constitution and Article 2, 11, 13b, 20, 21, and 29 of the Treaty, with the intent of obstructing the lawful exercise of Rodriguez-father's parental rights, including the right of securing visitations in violation of 18 U.S.C. § 1204, subsequent to his son being

47

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

shanghaied to Colombia.

211.   Defendants did acquire and/or maintain, directly or indirectly, an interest in or control of
a RICO *enterprise* of individuals who were <u>associated in fact</u> and who did engage in, and
whose activities did affect, interstate and foreign commerce, all in violation of 18 U.S.C.
1961(4), (5), (9), and 1962( c ).

212.   During the past six (6) years ten (10) all Defendants did cooperate jointly and severally in
the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO
laws at 18 U.S.C. §§ 1961(1)(B), relating to the obstruction of justice and criminal
investigation, and retaliation against Rodriguez-father, and did so in violation of the RICO
law at 18 U.S.C. 1962( c ) (Prohibited activities).

213.   Rodriguez-father further alleges that all Defendants did commit two (2) or more of the
offenses itemized above in a manner which they calculated and premeditated intentionally
to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also
in violation of the RICO law at 18 U.S.C. 1962( c ) *supra*.

214.   At various times and places partially enumerated in Rodriguez-father's *documentary
material*, all Defendants did associate with a RICO *enterprise* of individuals who were
associated in fact and who engaged in, and whose activities did affect, interstate and foreign
commerce, and die conduct and/or participate, either directly or indirectly, in the conduct
of the affairs of said RICO *enterprise* through a *pattern of racketeering activity*, all in violation
of 18 U.S.C. §§ 1961(4), (5), (9), and 1962( c ).

215.   Pursuant to the original Statutes at Large, the RICO laws itemized above are to be *liberally*

48

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. See 84 Stat. 947, Sec. 904, Oct. 15, 1970.

216.  The record establishes a claim under 18 U.SC. § 1962 ( c ), since (a) defendant persons (2) were and are employed by or associated with the enterprise to injure Rodriguez-father and obstruct with his rights as a parent (3) that engaged in or affected interstate and international commerce and that (4) defendant persons operated or managed the enterprise (5) through a pattern (6) of racketeering activity and (7) Rodriguez-father was injured in his business, profession, and property by reason of the pattern of racketeering activity.

217.  Defendants association-in-fact has had a continuity of structure and personnel; has had a common and shared purpose; and has had an ascertainable structure distinct from that inherent in the stated pattern of racketeering. *Diamonds Plus, Inc. V. Kolber*, 960 F.2d 765, 769 (8th Cir. 1992).

WHEREFORE, Rodriguez-father demands pursuant to RICO 18 U.S.C. § 1964(a) and ©):

(A) civil triple damages for the on going RICO conspiracy, and a temporary restraining order, and permanent injunction against the Supreme Court of Virginia and its agent Virginia State Bar, for the issuance of the *void* order issued on October 27, and November 27, 2006, which has illegally in violation of 18 U.S.C. §§ 241 and 242, stigmatized, injured and deprived Rodriguez-father to his right to employment, business, and profession (Plaintiff's Exhibit 10), and prevented to date his admission by waiver into the Bar of the District of Columbia based on being a member in good standing since 1982 of the Bar of the Supreme Court of Virginia (Plaintiff's Exhibit 3).

(B) seek damages for common law conspiracy for all acts outside the scope of employment

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

and outside of judicial authority in violation of the U.S. Constitution, the Treaty, VA Code 20-146.1-35, 18 USC §§ 4, 241 and 1204;

(D) damages for violation of the First Amendment right as well as right under the Treaty of Rodriguez-father individually, and as father and next of friend of his son to petition the government for a redress of grievances for  the obstruction of the lawful exercise of Rodriguez-father's parental rights under the Custody Agreement, Treaty, Laws of Colombia, and VA Code 20-146.1-35;

(E) damages for violation of the Fifth Amendment rights of due process and equal protection under the Custody Agreement, Treaty, Laws of Colombia, and VA Code, denied to Rodriguez-father, individually, and as father and next of friend of his son, since July 13, 2001, and as an active Member of the Virginia State Bar;

(L) seek damages for violation of 42 U.S.C.§§ 1983 and 1985(3) (conspiracy to interfere with civil right) and *Bivens*  for the deprivation of Rodriguez-father's fundamental parental rights protected under the IX Amendment to the U.S. Constitution and Treaty;

(M) seek damages for violation of 42 U.S.C.§ 1986 (conspiracy to neglect to prevent conspiracy to violate civil rights) and *Bivens*  for the deprivation of Rodriguez-father's fundamental rights as citizens of the United States in their father/son relationship confirmed by the IX and XIV Amendments to the United States Constitution and the Treaty, since his son's shanghai and ongoing conspiracy to not enforce international visitation rights under Articles 2, 20, 21 and 2 of the Treaty and Va Code 20-145.25;

(N) seek damages for the conspiracy to violate the Article III, § 2 of the Constitution by the intentional development of policies and practices taught to the Federal judiciary by the Executive

50

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Branch and the NCM&EC *et al.,* to act outside their judicial authority and disregard the enforcement

of the exception to the application of Article 12 of the Treaty, and the securing of international

visitation rights under Article 2, 20, 21 and 29 of the Treaty;

(O)  seek damages for the *Bivens* violation of fundamental Constitutional rights as a result

of the unlawful shanghaiing of his son on June 11, 2002 to Colombia against his and his father's

wishes by the Hon. T.S. Ellis III and the United States Court of Appeals for the Fourth Circuit acting

outside their jurisdiction in furtherance of the unlawful policies and practices of the Executive

Branch and the NCM&EC *et al.*; and,

(S) seek damages in accordance with the Federal Tort Clams Act, and Judgment, including

interest from October 2001, against Defendants jointly and severally, for actual, general, special,

compensatory damages in the amount of $5,000,000.00, and further demands Judgment, including

interest, against each of said Defendants, jointly and severally, for punitive damages in an amount

to be determined by the jury, plus the costs of this action, including attorney's fees, and such other

relief deemed to be just and fair and in any other way in which the Court deems appropriate.

SECOND CAUSE OF ACTION: For Violation of Due Process, Equal Protection, and Access to the
Federal and Virginia Courts (Fifth and Fourteenth Amendments)

218.    Rodriguez-father repeats and realleges and incorporates by reference the allegations in

paragraphs 1 through 206 above with the same force and effect as if herein set forth.

219.    This is a claim of violation of the First, Fifth and Fourteenth Amendment to the U.S.

Constitution, and Article I and VI of the Virginia Constitution due to Defendant Supreme

Court of Virginia, Virginia State Bar, and their employees use of "bad motive" and conspiracy

51

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

to illegally revoke his license to practice law in the Commonwealth of Virginia ("Virginia"), in violation of Art. I and VI of the Constitution of Virginia, and VA Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935, so to punish Rodriguez-father by denying due process, equal protection of the law, and access to the Courts to enforce his rights under the Treaty and VA Code.

220.    It is presumptively unconstitutional violation of due process and access to the courts to conspire to use judicial cronyism and political clout to systematically take official action design to frustrate Rodriguez-father's rights under the Treaty, and VA Code, and rights as an attorney under VA Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935.

221.    Rodriguez-father has been illegally deprived of his property rights in his business and profession, and right to employment (Plaintiff's Exhibit 11) based on stigma and defamation by the Virginia State Bar issuing a *void* order revoking his license on October 27, 2006, "plus" the violation of his rights under the Treaty and VA Code, and has a right to procedural protections of the Due Process Clause' which has been and will be denied him by the Supreme Court of Virginia and Virginia State Bar.

222.    Rodriguez father in violation of his rights under DC Ct. App. Rule 46( c ) (3)( I ) or (f), since July 21, 2005, has been denied his right to admission to the District of Columbia Bar, or in the alternative to a public hearing determine his "moral character and general fitness" for admission

223.    Declaratory and injunctive relief will prevent injury to Rodriguez-father, other Virginia Attorney's, and other United States citizens who have a right to the society and companion-

52

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

ship in the father/son's relationship, and access to the courts of the Commonwealth of Virginia, so to not be denied rights under the Treaty and Va Code, and absent said relief, future injury is likely to recur in violation of 18 U.S.C. §§ 214 and 242..

WHEREFORE, Rodriguez-father request the Court to:

(a) declare that Defendants conspiracy has violated Rodriguez-father's fight under Art. I and VI of the Constitution of Virginia, and VA Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935, due process, equal protection, access to the courts under the Fifth and Fourteenth Amendment to the United States Constitution;

(b) enter judgement in favor of Rodriguez-father against Defendants Supreme Court of Virginia and Virginia State Bar, to order that they pay for lost income from October 27, 2006 until the present in the amount of $70,000.00, publish on the World Wide Web the order confirming that Rodriguez is a member in good standing and that the order revoking his license was void as a matter of law, direct the posting of Rodriguez-father MCLE credits, and instruct the Virginia State Bar to correct his membership account to reflect payment for the next membership cycle, and permit access to all active membership benefits including legal research site;

( c ) enter a permanent injunction prohibiting the Defendants from engaging in use of unauthorized policies and practices in violation of Art. I and VI of the Constitution of Virginia, and VA Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935, as well as fundamental rights of an attorney to litigate for the society and companionship of the father/son's relationship, and access to the courts as described herein; retain jurisdiction of this case to monitor implementation of the injunction entered against Defendants;

53

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

(d) award damages to compensate Rodriguez-father for their injuries in the amount of $1,000.000.00 million;

(f) award punitive damages against all Defendants, and a number of unnamed and unknown employees, agents, and John Does, to punish and deter them, and other, from conspiring in the future to frustrate access to the State court, so to force a United States citizen from the United States in violation of their fundamental Constitutional rights vis-a-vis the furtherance of the conspiracy to trump said rights by the Treaty.

(g) award Rodriguez-father prejudgment interest;

(h) award costs and attorney's fees; and,

(I) award Rodriguez-father any other relief deemed necessary and proper.

(t) seek damages in accordance with the Virginia Tort Clams Act, and Judgment, including interest from October 2001, against Defendants Virginia Courts jointly and severally, for actual, general, special, compensatory damages in the amount of $1,000,000.00, and further demands Judgment, including interest, against each of said Defendants, jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and fair and in any other way in which the Court deems appropriate.

THIRD CAUSE OF ACTION: Denial of Right to Petition the Government and Privacy (First and Ninth Amendments)

224.    Rodriguez-father repeat and realleges and incorporate by reference the allegations in

paragraphs 1 through 212 above with the same force and effect as if herein set forth.

54

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

225.  This is a claim for violation of the First and Ninth Amendments to the United States Constitution, and Article I and VI of the Virginia Constitution, to punish Rodriguez-father for exercising his parental rights and rights as an attorney under Treaty and Va Code.

226.  Defendants Supreme Court of Virginia, Virginia State Bar, Federal Executive Branch, Federal Judicial Branch, their employees and independent contracter the NCM&EC, have undertaken a Constitutional and criminal conspiracy to frustrate, disrupt, misdirect, discredit or otherwise neutralize and otherwise suppress, punish and chill Rodriguez-father right to petition the government to secure his visitation rights, and punish him in violation of 18 U.S.C. §§ 4, 241, 242, 371, 1001, 1204.

227.  Defendants Supreme Court of Virginia, Virginia State Bar, Federal Executive Branch, Federal Judicial Branch, their employees and independent contractor the NCM&EC, in furtherance of their conspiracy did endeavor to cause Rodriguez-father to be seen and branded in the public mind by the Defendant *Legal Times* as "controversial," by the *Washington Post* as dismiss from a White House appointment and validly found guilty of unemployment compensation fraud for $1,000.00, as an ex-Viet Nam veteran likely to be violent, and accused of attorney misconduct for taking "actions," so to stigmatize and isolate Rodriguez-father to punish him for that his attempts to protect Isidoro-Son and for exercising his rights under the Constitution, and the Treaty, and now they seeks to stigmatize and deprive him of his right to employment, business and profession (Plaintiff's Exhibit 10 and 11).

153.  Defendants in furtherance of the conspiracy to obstruct with Rodriguez-father's

55

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

parental rights in violation of 18 U.S.C. §§ 4, 1001, and 1204, did falsely describe to Congress Rodriguez-father, and caused him to be portrayed as having lose "custody" and all parental rights as a father to his Son.

WHEREFORE, Rodriguez-father and request the Court to:

(a) declare that the Defendants have violated the Constitutional protections guaranteed by the First and Ninth Amendments to the Constitution, and Article 2, 20, 21, and 29 of the Treaty.

(b) enter judgement in favor of Rodriguez-father and against Defendants;

( c ) enter a permanent injunction requiring that practices and policies be adopted in accord with the requirements of the Treaty, Va Code, and First and Ninth Amendments to the Constitution, and Article I of the Virginia Constitution so to assure the right of petitioning the government and the protection from falsification of official documents;

(d) retain jurisdiction of this case to monitor implementation of the injunction entered against the Defendants;

(e) award damages to compensate Rodriguez-father for his injuries;

(f) award punitive damages against Defendants, and a number of unnamed and unknown  employees, agents, and John Does, to punish and deter them, and others from conspiring in the future to violate Va Code, Treaty, and deny the right to petition the government.

(g) award Rodriguez-father prejudgement interest;

(h) award costs and attorney's fees pursuant to the provision of the Equal Access to

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Justice Act; and,

(I) award Rodriguez-father any other relief deemed necessary and proper.

FOURTH CAUSE OF ACTION: Violations of 42 U.S.C. §1983, and §§ 241 and 242:
Deprivation of Parental Rights

228.   Rodriguez-father repeats and realleges and incorporates by reference the allegations in

paragraphs 1 through 216 above with the same force and effect as if herein set forth.

229.   At all relevant times herein, pursuant to his rights under the Settlement Agreement

(Plaintiff's Exhibit 1 & 2), Rodriguez-father had a right under the due process and equal

protection clauses of the Fifth and Fourteenth Amendment to the Constitution, and

Article I of the Virginia Constitution and the Article 2, 20, and 21 of the Treaty, as well

as Va. Code § 20-146.25, to have Defendants Supreme Court of Virginia, Court of

Appeals of Virginia, the Fairfax Circuit Court and the Fairfax J&D Court, as well as

Defendant Federal Courts to expeditiously compel the Federal Executive Branch and its

independent contractor the NCM&EC, its employees, agents, and attorney's secure his

visitation rights with Isidoro-Son, and not to be deprived by the government of his

constitutionally protected interest in the companionship and access to his son.

230.   In furtherance of the conspiracy in violation of 18 U.S.C. §§ 241 and 242, Defendants

have stigmatized and punished Rodriguez-father by the illegal revoking his license to

practice law based on a *void* order from the VSB, in retaliation for litigating against the

obstruct of Rodriguez-father parental rights in 18 U.S.C. § 1204, in litigating as an

independent attorney, and for petition as a citizen government to redress grievances.

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

WHEREFORE, Rodriguez-father demands judgment against Defendants Supreme Court of Virginia, Court of Appeals of Virginia, the Fairfax Circuit Court and the Fairfax J&D Court, Defendant Federal Courts, Federal Executive Branch and its independent contractor the NCM&EC, its employees, agents, and attorney's for their unlawful obstruction of his rights parental rights to visitations from January 27, 2003 to March 10, 2007, mandated by Article 2, 21, and 29 of the Treaty and UCCJEA Va. Code § 20-146.1-25 and .35, in the amount of $1,000,000.00, and the costs of this action, including attorney's fees, and such other relief deemed to be just and fair and in any other way in which the Court deems appropriate.

FIFTH CAUSE OF ACTION: Violations of 42 U.S.C. §1983, and 18 U.S.C. § 4, 241, 242, 371, 1001, and 1204: Obstruction of parental rights depravation of rights as an attorney.

231. Rodriguez-father repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 221 above with the same force and effect as if herein set forth.

232. At all relevant times herein, Rodriguez-father had a right under the due process and equal protection clauses of U.S. Const. Amend. 1, 5, 9, 10, and 14; and VA Const. Art. I §§ 1, 2 & 3, and Articles 13 and 20 of the Treaty, and VA. Code § 20-146.4( C ), .23, and .25, to not to be deprived by the government of his fundamental rights and interest as a parent in educating, raising and protecting Isidoro-Son in the safety of the United States and in having a meaningful relationship with him.

233. "The rights of parents to the care, custody and nurture of their children is of such character that it cannot be denied without violating those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions, and such

58

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

right is a fundamental right protected by [the First] amendment and Amendments 5, 9, and 14." *Griswold v. Connecticut*, 381 U.S. 479 (l965).

234. The Defendants Hon. Judge Richard Roberts, Hon. Judge T.S. Ellis in his published opinion, and Judges Wilkins, Michael and Traxler, and the United States Court of Appeals for the Fourth Circuit, and the Judges of Virginia Supreme Court, Court of Appeals of Virginia, the Fairfax Circuit Court, and the Fairfax J&D District Court, the Defendant Federal Courts, Federal Executive Branch and its independent contractor the NCM&EC, its employees, agents, and attorney's, the United States Supreme Court in its supervisory role, as well as Chief Justice John G. Roberts in his false statements during his confirmation hearing,  have repeatedly obstructed Rodriguez-father's parental rights in violation of 18 U.S.C. §§ 4, 241, 242, 371, 1001, and 1204, by conspiring to punish and stigmatize Rodriguez-father for challenging the unauthorized policies and practices in violation of the Treaty and VA. Code.

235. Defendants *Legal Times* and *Washington Post,* did conspire to defame and stigmatize Rodriguez-father, by publish and posting false statements.

WHEREFORE, Rodriguez-father demands judgment against all Defendants for their obstruction of Rodriguez-father rights visitations under Article 21 of the Treaty and Va. Code, and for stigmatizing by illegally revoking his license, in actual, general, special, compensatory damages in the amount set by a jury, and the costs of this action, including attorney's fees, and such other relief deemed to be just and fair and in any other way in which the Court deems appropriate.

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

SIXTH CAUSE OF ACTION: Violation of 42 U.S.C. § 1983 (Denial of Due Process and Equal Protection Clauses)

236.    Rodriguez-father repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 231, above with the same force and effect as if herein set forth.

237.    At all relevant times herein, Rodriguez-father had a right under the due process and equal protection clauses of the state and federal constitutions not to be deprived by the government of his fundamental constitutionally protected interest in his property right in his business and legal profession from an unauthorized and illegal proceeding by the of Defendant Virginia State Bar acting as an agent of Defendant Chief Justice of the Supreme Court of Virginia, seeking to punish and obstruct with Rodriguez-father right to have expeditiously secured by the Executive Branch, the NCM&EC, and the Virginia Courts the right to visitations pursuant to the Agreement in accordance with U.S.C. Const. Amend. 5, Article 2, 20, 21, and 29 of the Treaty, 18 U.S.C. § 1204, and VA Code 20-146.25, *see. Canter v. Cohen*, 442 F.3d 196 (March 21, 2006); 2006 U.S. App. LEXIS 6915.

238.    At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

239.    Under the color of law, Defendants acting in their official capacity, but outside of the "scope of their employment" and judicial authority conspired to obstruct with and deny Rodriguez-father of his parental rights, privileges or immunities secured by Article III § 2, and Article IV §2 of the United States Constitution, Article 2, 20, 21, and 29 of the

60

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Treaty, 18 U.S.C. § 1204, and VA Code 20-146.25, and guaranteed by the First, Fifth,

Ninth, and Fourteenth Amendments to the Constitution of the United States.

240.    As a result of Defendants' concerted unlawful and malicious conduct, Rodriguez-father

was and is being deprived, without due process of law, of his right to his property in his

business and profession by being stigmatized for misconduct and his right to protect his

son from the dangers in Colombia and raise his son in Virginia with the opportunities

and benefits as a citizen of the United States, as well as to have had a relationship with

his son as an adolescent boy during the past five years, and deprived of his right to equal

protection of the laws since July 13, 2001, and the due course of justice was impeded, in

violation of the First, Fifth, Ninth and Fourteenth Amendments of the Constitution of the

United States and 42 U.S.C. § 1983.

241.    Rodriguez-father was and is harmed, and has been and is suffering from worry about his

ability to practice law and his business and profession, the welfare of his son since his

being shanghaied to Colombia on June 11, 2002, grief from the loss of a meaningful

relationship with his son, stress, humiliation, anxiety, fear for his son's safety and well-

being, loss of trust, loss of confidence in and feelings of betrayal by the justice system,

shock, and emotional scarring, all compensable as emotional distress, and other dam-

ages.

WHEREFORE, Rodriguez-father demands judgment for the violation of his civil rights

against Defendants acting in their official capacity, but outside the scope of their employment,

as well as the named Federal and State Judges acting outside of their judicial authority in

61

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

disregarding rights under the Treaty, Federal statute, and Va. Code, but based only on the above

mentioned unauthorized policies and practices, jointly and severally, for actual, general, special,

compensatory damages in the amount of $1,000,000.00, and further demands judgment against

Defendants, jointly and severally, for punitive damages in an amount to be determined by the

jury, and the costs of this action, including attorney's fees, and such other relief deemed to be

just and fair and in any other way in which the Court deems appropriate.

Rodriguez-father seeks equitable relief from the United States District Court for the

District of Columbia so enjoin the *void* order, and pursuant to DC Ct. App. Rule 46( c ) (3)( I )

or (f), direct the Committee on Admissions to either admit Rodriguez-father to membership in

the Bar of the District of Columbia based on his being an active  member in good standing of the

Virginia State Bar since 1982, or to conduct a public hearing Within 10 Days to determine

Rodriguez-father's "Moral Character and General Fitness" for Admission to the D.C. Bar.

SEVENTH CAUSE OF ACTION: Violation of 42 U.S.C. § 1985(3) and VA Code (conspiracy)

242.    Rodriguez-father repeats and realleges and incorporates by reference the allegations in

paragraphs 1 through 238 above with the same force and effect as if herein set forth.

243.    The employees of Executive Branch and NCM&EC *et al.,* acting outside the scope of their

employment, as well as the named Federal and State Judges acting outside of their

judicial authority in disregarding rights under the Treaty and Va. Code based on the

above mentioned unauthorized policies and practices, jointly and severally, conspired to

obstruct and deprive Rodriguez-father of his fundamental rights as a father, privileges or

immunities secured by Article III § 2, and Article IV §2 of the United States Constitution,

62

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Article 2, 20, 21, and 29 of the Treaty, 18 U.S.C. § 1204, and VA Code 20-146.25 and

.25 to have secured rights of visitations during the past five (5) years, and guaranteed by

the First, Fifth, Ninth, and Fourteenth Amendments to the Constitution of the United

States

*PURPOSE AND PATTERN*

244.   The conspiratorial purpose was primarily political and financial involving the awarding

of more then $100 million of sole contracts to the Defendant NCM&EC, and involved the

Defendant Board of Director's authorizing the spending of more then $150,000.00 to

Defendant Covington & Burling to litigate and lobby against Rodriguez-father so to

conceal the Defendant Federal Branch *et al*, unauthorized policies and practices promul-

gated and taught to both the Federal and State judiciary in violation of Article III § 2,

and Article IV §2 of the United States Constitution, Article 2, 20, 21, and 29 of the

Treaty, 18 U.S.C. § 1204, and VA Code 20-146.25, and guaranteed by the First, Fifth,

Ninth, and Fourteenth Amendments to the Constitution of the United States.

245.   The Defendants here were taking advantage, respectively, of the sovereign and absolute

judicial immunity when the Federal and State judges act within the scope of their

authority, but not when they act criminally in violation of 18 U.S.C. § § 4, 241, 242, 371,

1001, and 1204.

246.   The Virginia State Bar and the Committee on Admissions for the District of Columbia

Court of Appeals have acted in furtherance of the above conspiracy by issuing a *void*

order revoking Rodriguez-father license to practice law for exercising his rights under the

63

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Treaty and VA Code, and by delaying for more than two years admitting Rodriguez into

the Bar of the District of Columbia..

*PURPOSE OF THE SCHEME AND COVER-UP OF CONSPIRACY*

173. Integral to the scheme was for all sitting justices to obfuscate, not address and

assume away Rodriguez-father rights under Treaty, Federal statute and Va. Code, and to

maintain invidious discriminatory animus conspiracy to burden Rodriguez-father.

WHEREFORE, Rodriguez-father demands judgment for the violation of his civil rights

against  employees of Defendants acting outside the scope of their employment, as well as the

named Federal and State Judges acting outside of their judicial authority in disregarding rights

under the Treaty based on the above mentioned unauthorized policies and practices, jointly and

severally, for actual, general, special, compensatory damages in the amount of $1,000,000.00,

and further demands judgment against each of said Defendants, jointly and severally, for

punitive damages in an amount to be determined by the jury, and the costs of this action,

including attorney's fees, and such other relief deemed to be just and fair and in any other way

in which the Court deems appropriate.

Rodriguez-father seeks equitable relief from Federal and State judges, specifically U.S.

District Judge Richard Roberts and Fairfax J&D Judge Thomas Mann such as (a) severe

sanctions against them for their acting outside of their judicial authority, incompetence,

lawlessness, and deliberate indifference to the clearly established and secured constitutional and

rights under the Treaty of Rodriguez-father, and if within the power of this court, (b) instruc-

tions to the U.S. Congress  and the General Assembly of the Commonwealth of Virginia to

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

investigate both Federal and State Judges for the implementation of the unauthorized polices

and practices of the Executive Branch and NCM&EC *et al.* In violation of the Treaty, specifically

the right to have secured visitation rights pursuant to Article 2, 21, and 29 of the Treaty and

UCCJEA Va. Code 20-146.25.

EIGHTH CAUSE OF ACTION: Violations of 42 U.S.C. 1986, <u>Refusing or neglecting failing to</u>
<u>protect and prevent the wrongs conspired to be done to obstruct parental rights of visitation</u>
<u>and punish in violation of 18 U.S.C. §§ 241 and 242.</u>

247.    Rodriguez-father repeats and realleges and incorporates by reference the allegations in

         paragraphs 1 through 242 above with the same force and effect as if herein set forth.

248.    At all times relevant to this Complaint, Defendants Virginia State Bar, Karen Ann Gould,

         James Leroy Banks, Jr., Esq., William Carlyle Boyce Jr., Esq., William Ethan Glover, Esq.,

         VSB, Glenn M. Hodge, Esq., Stephen A. Wannall, Davis J. Gogal, Esq., Daniel M.

         Rathbun, Esq., Edward V. O'Connor, Jr, Esq. John W, di Zerega, Noel D. Sengel, Office of

         Attorney General for the Commonwealth of VA, Catherine Crooks Hill, Esq., Assistant

         Attorney General for the Commonwealth of VA, Judges of the Court of Appeals of

         Virginia, the Fairfax County Court, and the Fairfax J&D Court, were and are acting under

         the direction and control of Judges of the Supreme Court of Virginia, and the Common-

         wealth of Virginia.

249.    Acting under color of law, but in violation of 18 U.S.C. § 1204,  pursuant to the unautho-

         rized policy and practices of Defendant Executive Branch *et al.*, the Defendant Judges of

         the Supreme Court of Virginia, Judges of the Court of Appeals of Virginia, the Fairfax

         County Court, and the Fairfax J&D Court, knowingly, with deliberate indifference or in

65

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

reckless disregard or with gross negligence to obstruct Rodriguez-father's parental rights to visitation from June 2003 until March 10, 2007, in violation of the Treaty and VA Code and failed refrain from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b) conspiring to violate the rights, privileges, and immunities guaranteed to Rodriguez-father by the Constitution and laws of the United States and the laws of the Commonwealth of Virginia, Treaty and VA Code § 20-146.25 and .35; and,

( c ) otherwise depriving Rodriguez-father of his constitutional and statutory rights, privileges, and immunities.

250.    Defendants Virginia State Bar, Karen Ann Gould, James Leroy Banks, Jr., Esq., William Carlyle Boyce Jr., Esq., William Ethan Glover, Esq., VSB, Glenn M. Hodge, Esq., Stephen A. Wannall, Davis J. Gogal, Esq., Daniel M. Rathbun, Esq., Edward V. O'Connor, Jr, Esq. John W, di Zerega, Noel D. Sengel, Office of Attorney General for the Commonwealth of VA, Catherine Crooks Hill, Esq., Assistant Attorney General for the Commonwealth of VA, Judges of the Supreme Court of Virginia, Federal Executive Branch *et al.,* the United States Court of Appeals for the Fourth Circuit, the Chief Justice John G. Roberts as Circuit Justice of the Fourth circuit Court of Appeals, in violaiton of 18 U.S.C. §§ 241, and 242, have issued, approved and ratified, the *void* order revoking Rodriguez-father to practice law because he has litigate to protect his rights as a father and prevent viola-tions of 18 U.S.C. § § 4, 1001, and 1204 by the Federal and Virginia Courts.

66

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

251.   The Judges of the Supreme Court of Virginia have criminally intentionally or with deliberate indifference or in reckless disregard or negligently failed either to use their powers or to fulfill their duties in accordance with the Article 2, 20, 21 and 29 of the Treaty and Va. Code § 20-146.1-.25 and 35.

252.   As a direct and proximate cause of the negligent and intentional acts of all Defendant Virginia Courts acting outside of their judicial authority as set forth above, Rodriguez-father for almost four years has suffered mental anguish in connection with the deprivation of his fundamental parental constitutional and statutory rights guaranteed by Article III § 2, and the First, Fifth, Ninth and Fourteenth Amendments of the Constitution of the United States, Article 20 and 21 of the Treaty, and protected by 18 U.S.C. § 1204 and 42 U.S.C. §1983.

WHEREFORE, Rodriguez-father demands Judgment, including interest, against above Defendants for their acts in furtherance of a of conspiracy outside of their judicial authority and for actual, general, special, compensatory damages in the amount of $1,000,000.00, and further demands judgment, including interest, for punitive damages in an amount to be determined by the jury, and the costs of this action, including attorney's fees, and such other relief deemed to be just and fair and in any other way in which the Court deems appropriate.

NINTH CAUSE OF ACTION:   Intentional infliction of emotional distress

253.   Rodriguez-father repeat and realleges and incorporate by reference the allegations in paragraphs 1 through 249 above with the same force and effect as if herein set forth.

254.   Defendants have intentionally and deliberately conspired to punish and inflict emotional

67

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

distress on Rodriguez-father for almost five years by obstructing of his parental rights, by defaming and stigmatizing through the publishing false and misleading news reports, and by illegally issuing a *void* order revoking Rodriguez-father licence to practice law so to interfere with and deprive Rodriguez-father of his civil rights and property rights in his business and profession, thereby destroying his trust in the judicial system.

255.    Defendants' conduct outside of their scope of employment and their judicial authority was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community which respects the fundamental rights of a father and an active member of the Virginia State Bar.

256.    The actions of the Defendants were the cause of Rodriguez-father's distress.

257.    The emotional distress sustained by Rodriguez-father of being unlawfully deprived of his parental rights and his right in his business and profession as an active member of the Virginia State Bar was and is severe and of a nature that no reasonable man could be expected to endure without harm to his health.

258.    As a result of the Defendants' extreme and outrageous conduct, Rodriguez-father has suffered, and with a high degree of likelihood will continue to suffer severe emotional trauma, mental pain and anguish, stigma, embarrassment, humiliation by the stigma of the *void* order revoking his license, and being terminated from employment, and to date denied admission to the Bar of the District of Columbia (Plaintiff's Exhibit 10 and 11).

WHEREFORE, Rodriguez-father demands Judgment, including interest, against Defendants, jointly and severally, for actual, general, special, compensatory damages in the

68

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

amount of $1,000,000.00, and the costs of this action, including attorney's fees, and such other

relief deemed to be just and fair and in any other way in which the Court deems appropriate.

Rodriguez-father seeks equitable relief, such as severe sanctions against Defendants

lawlessness, and request an investigation of Defendant abuse of power outside of their judicial

authority which has caused the depriving Rodriguez-father of his fundamental parental rights

and rights as an attorney in violation of 18 U.S.C. §§ 4, 241, 242, ad 1204.

TENTH CAUSE OF ACTION:  Business Conspiracy under Va. Code §§ 18.2-499 and 500

259.    Rodriguez-father repeat and realleges and incorporate by reference the allegations in

paragraphs 1 through 254 above with the same force and effect as if herein set forth.

260.    Based upon the above record of by virtue of the conduct described herein, information

and belief, it is clear that Defendants Federal Executive Branch *et al.,*including, James

Leroy Banks, Jr., Esq., William Carlyle Boyce Jr., Esq., William Ethan Glover, Esq., VSB,

Glenn M. Hodge, Esq., Stephen A. Wannall, Davis J. Gogal, Esq., Daniel M. Rathbun,

Esq., Edward V. O'Connor, Jr, Esq. John W, di Zerega, Noel D. Sengel, Office of Attorney

General for the Commonwealth of VA, Catherine Crooks Hill, Esq., Assistant Attorney

General for the Commonwealth of VA, Judges of the Supreme Court of Virginia, Federal

Executive Branch *et al.,* the United States Court of Appeals for the Fourth Circuit, the

Chief Justice John G. Roberts as Circuit Justice of the Fourth circuit Court of Appeals,

and John Doe, have attempted to and did agree, combine, conspire and act in concert

together to injure Rodriguez-father's law office, profession and reputation by causing,

inducing or facilitating the repeated action to deprive Rodriguez-father of his right to

69

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

employment (Plaintiff's Exhibit 10), of his right to admission in to the Bar of the District

of Columbia  (Plaintiff's Exhibit 11), of his property rights in his business and profession

by conspiring to file and process a false VSB Complaint in October 2003, by issuing a 5th

Circuit Subcommittee Certification, and by issuing a VSB *void* order in retaliation and to

punish Rodriguez-father exercising his parental rights under the Treaty and Va Code, and

rights and duty as an attorney licenced in Virginia, and his First Amendment right to

petition the government for its unauthorized policies in violation of the mandates of

Congress and the General Assembly of Virginia under the Treaty and Va. Code.

261.    Defendants above named, and John Doe did in bad faith conspired infliction of injury to

Rodriguez-father professional reputation and standing, and otherwise engaging in acts

designed to injure Rodriguez-father in his trade, law office, profession, and reputation, in

violaiton of 18 U.S.C. §§ 241 and 242, and Va. Code §§ 18.2-499 and 500.

WHEREFORE, by virtue of the criminal and civil business conspiracy herein alleged,

Defendants have caused damages, including for lost profits, law office interruption etc., to

Rodriguez-father's trade, practice, reputation, law office and goodwill, all in an amount to be

determined through discovery and at jury trial.

ELEVENTH CAUSE OF ACTION: Common Law Conspiracy

262.    Rodriguez-father repeats and realleges and incorporates by reference the allegations in

paragraphs 1 through 257 above with the same force and effect as if herein set forth.

263.    Defendants Federal Executive Branch *et al.,* including, James Leroy Banks, Jr., Esq.,

William Carlyle Boyce Jr., Esq., William Ethan Glover, Esq., VSB, Glenn M. Hodge, Esq.,

70

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Stephen A. Wannall, Davis J. Gogal, Esq., Daniel M. Rathbun, Esq., Edward V. O'Connor, Jr, Esq. John W, di Zerega, Noel D. Sengel, Office of Attorney General for the Commonwealth of VA, Catherine Crooks Hill, Esq., Assistant Attorney General for the Commonwealth of VA, Judges of the Supreme Court of Virginia, Federal Executive Branch *et al.,* the United States Court of Appeals for the Fourth Circuit, the Chief Justice John G. Roberts as Circuit Justice of the Fourth circuit Court of Appeals, and John Doe, in violation of 18 U.S.C. §§ 4, 241, 242, 1001, 1204, (a) had an object to be accomplished; (b) had an agreement on the object or course of action, to wit, to obstruct with Rodriguez-father parental rights and deprive him of his rights as an attorney in violation of Treaty and VA Code § 20-146.25 and .35 ( c ) performed one or more unlawful overt acts; and (d) caused Rodriguez-father damages by violating Art. 1 and VI of the Constitution of Virginia, and VA Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935, to issue a *void* VSB order revoking Rodriguez-father's license to practice law.

264.    Due to the ongoing violation of 18 U.S.C. §§ 4, 241, and 242, Rodriguez-father has suffered and is suffering harm and damages as a direct result of those acts.

WHEREFORE, Rodriguez-father demands Judgment, including interest, against  Judges and Courts jointly and severally, for actual, general, special, compensatory damages in the amount of $1,000,000.00, and the costs of this action, including attorney's fees, and such other relief deemed to be just and fair and in any other way in which the Court deems appropriate.

TWELFTH CAUSE OF ACTION:  Federal Tort Claims Act

265.    Rodriguez-father repeats and realleges and incorporates by reference the allegations in

71

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

paragraphs 1 through 260 above with the same force and effect as if herein set forth.

266.   This Count is brought by Rodriguez-father against Mr. Alberto Gonzales, Mr. Paul

McNulty, Director, Office of Justice Programs, Ms. Marina Utgoff Braswell, Ms.

Condoleezza Rice, Legal Advisor for Consular Affairs, U.S. Department of State, Director,

the Office of Children Issues Bureau of Consular Affairs, Mr. Ernie Allen, Mary B.

Marshall, Robert McCannell, Knute E. Malmborg, Ernie Allen, Nancy Hammer, Esq., and

Guillermo Galarza, and above named members of the Federal Judicial Branch, including

Judge Richard W. Roberts and Chief Justice John g. Roberts, and as yet other unknown

and unnamed John Does, acting outside their scope of their ministerial and judicial

authority in violation of the Treaty and Federal statute, Va Code, and 18 U.S.C. §§ 4,

242, 242, 1001, and 1204, in furtherance of a conspiracy to obstruct Rodriguez-father

parental rights and rights as an attorney by publishing false news reports to stigmatize

Rodriguez-father, and the making false statements to the United States Congress.

267.   The aforementioned actions of the United States of America, through the Defendants and

as yet other unknown and unnamed John Does, all acts negligently within the scope of

employment in the government or in a corporation which is primarily acting as an

instrumentality or agency of the United States, constitute violations of the fundamental

right to the society and companionship in the father/sons' relationship, access to the

courts of the Commonwealth of Virginia, rights as an attorney, which constitute negli-

gent supervision, intentional infliction of emotional distress, violation of freedom to

petition the government, falsification of official documents, and an invasion of privacy.

72

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

268. In compliance with the requirements of the Federal Tort Claims Act, Rodriguez-father and Isidoro have filed an administrative claim for relief with the United States Department of State on January 7, 2002 (Plaintiff's Exhibit 4), and an amendment thereto on September 15, 2002, and June 15, 2005.  This claim and amendment were denied on August 1, 2002, and an action was filed within six (6) months on January 27, 2003.

269. Based on Defendants on going conspiracy to obstruct with Rodriguez-father's parental rights Defendant Judge Richard W. Roberts, dismissed the FTCA without prejudice on March 31, 2005

270. Subsequently, based on the on going conspiracy additional FTCA notices were filed on June 14, 2005,  (Plaintiff's Exhibit 7, 8, and 9), but these were never responded to.

271. Accordingly, Rodriguez-father has exhausted all administrative preconditions to filing this legal claim, within the two year statue of limitation.

WHEREFORE, Rodriguez-father request this Court to:

(a)  Declare that the above Defendants have violated the Federal Tort Claims Act;

(b) enter judgement in favor of Rodriguez-father and against Defendants;

( c ) award damages in the amount of $5,000,000.00 to compensate Rodriguez-father for interference with the society and companionship with his son in violation of 18 U.S.C. § 1204, conspiring to injure, oppress, threaten, or intimidate any [Rodriguez-father] in Virginia and the District of in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same, and for other injuries;

73

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

(d) award costs and attorneys' fees; and,

(e) award Rodriguez-father any other relief deemed necessary and proper.

THIRTEENTH CAUSE OF ACTION:  Virginia Tort Claims Act, VA Code §§ 8.01-195.1-195.9

272.    Rodriguez-father repeats and realleges and incorporates by reference the allegations in

paragraphs 1 through 267 above with the same force and effect as if herein set forth.

273.    This Claim is brought by Rodriguez-father against the Commonwealth of Virginia for

actions undertaken by the Commonwealth of Virginia, The Virginia Supreme Court, the

Court of Appeals of Virginia, Judge Rudolph Bumgardner, III, Judge D. Arthur Kelsey,

Senior Judge William H. Hodges, the Fairfax County Circuit Court, Judge M. Langhorne

Keith, Judge Stanley Paul Klein, the Fairfax Court Juvenile & Domestic Relations District

Court, Judge David S. Schell, Judge Charles J. Maxfield, Acting  Judge Thomas Mann,

and Catherine Crooks Hill, Assistant Attorney General for the Commonwealth of

Virginia, and the Virginia State Bar, Mr. Janmes Leroy Banks, and Ms. Sengel, and

members of the Fifth District Subcommittee, acting outside their scope of their judicial

and ministerial authority in violation of the Treaty and Federal statute, and as yet other

unknown and unnamed John Does, all acting negligently within the scope of employ-

ment in the government or in a corporation which is primarily acting as an instrumental-

ity or agency of the United States, in furtherance of a conspiracy to conceal the NCM&EC

*et al.*, unauthorized policies and practices to obstruct Rodriguez-father parental rights in

violation of 18 U.S.C. §§ 4, and 1204, and to punish Rodriguez for exercising rights

under Federal statute and Va. Code.

74

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

274.    The aforementioned actions of the Commonwealth of Virginia through the Defendants
and as yet other unknown and unnamed John Does, all acts negligently within the scope
of employment in the government or in a corporation which is primarily acting as an
instrumentality or agency of the Commonwealth, constitute violations of the Treaty, VA
Code and the fundamental right to the society and companionship in the father/sons'
relationship, Rodriguez-father's rights as an attorney, and access to the courts of the
Commonwealth of Virginia, constitute an illegal obstruction with the parental rights of
Rodriguez-father, negligent supervision, intentional infliction of emotional distress,
violation of freedom to petition the government, falsification of official documents, and
an invasion of privacy.

275.    In compliance with the requirements of the Virginia Tort Claims Act VA Code §§ 8.01-
195.1-195.9, Rodriguez-father filed by Certified Mail, No. 7004-1350-0001-7098-4500,
an administrative claim for relief with the Attorney General of the Commonwealth of
Virginia on June 8, 2006 (Plaintiff's Exhibit 6).  Subsequently it has not been responded
to.  Accordingly, Rodriguez-father has exhausted all administrative preconditions to
filing this legal claim, within the 18 month statutory period-which has been tolled by the
on going violations of Art. I and VI of the Constitution of Virginia, and VA Code §§ 54.1-
3909, 54.1-3910, 54.1-3915, and 54.1-3935, to issue a void order revoking Rodriguez
father's license as part of the criminal conspiracy of Defendants in violation of 18 U.S.C.
§§ 4, 241, 242, and 1001.

WHEREFORE, Rodriguez-father request this Court to:

75

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

(a)  Declare that the above Defendants have violated the Virginia Tort Claims Act;

(b)  enter judgement in favor of Rodriguez-father and against Defendants;

( c ) award damages in the amount of $5,000,000.00 to compensate Rodriguez-father for interference with the society and companionship in the father/sons' relationship, obstructing with the parental rights of a father, and conducting Virginia State Bar proceeding s to put a chilling effect on Rodriguez-father to petition government, and other injuries;

(d)  award costs and attorneys' fees; and,

(e)  award Rodriguez-father any other relief deemed necessary and proper.

JURY DEMAND

Rodriguez-father hereby demand a trial by jury pursuant to the VII Amendment of the United States Constitution, Fed. R. Civ. P. Rule 38, Section 11 of the Constitution of Virginia, and VA Code § 8.01-336. as to all issues and counts, except for the action under the Federal Tort Claims Act.

VERIFICATION

I declare under a penalty of perjury that the foregoing is true and correct. Executed: May 21, 2007

_____
Isidoro Rodriguez, Esq.
Plaintiff

## *LAW OFFICES OF ISIDORO RODRIGUEZ*

<u>*Northern Virginia Office:*</u>
7924 Peyton Forest Trail
Annandale, Virginia 22003-1560
Telephone: 571.423.5066/telefax: 703.573.1571
Mobil: 703.470.1457

<u>*South American Office:*</u>
World Trade Center
Calle 76 No. 54-11, Office 313
Barranquilla, Colombia
Telephone: 011.5753.605288

07 – 975
D PLF

JS-44
(Rev. 1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ISIDORO RODRIGUEZ, ESQ. | LEGAL TIMES, et al. |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
...CASES USE THE LOCATION OF THE TRACT OF

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Isidoro Rodriguez, Esq.
Law Offices of Isidoro Rodriguez
7924 Peyton Forest Trail
Annandale, VA 22003-1560  Phone:703.573.1571

Case: 1:07-cv-00975
Assigned To : Roberts, Richard W.
Assign. Date : 5/25/2007
Description: TRO/Preliminary Injunction

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**◉ E. General Civil (Other)**   OR   **○ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☒ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/* *2255* | H. *Employment* *Discrimination* | I. *FOIA/PRIVACY* *ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA* *(non-employment)* | L. *Other Civil Rights* *(non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

RICO, FTCA, VA Tort, 18USC 241 & 242 action due to defendants' conspiracy to stigmatize and injure father for exercising rts under Treaty & Va Code.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 5,000,000.00    Check YES only if demanded in complaint JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE  May 16, 2007    SIGNATURE OF ATTORNEY OF RECORD  _Isidro Rodriguez, Esq._    JC

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

HEARING

PROCESS: CUSTODY AND PERSONAL CARES
PLAINTIFF: AMALIN HAZBUN ESCAF
DEFENDANT: ISIDORO RODRIGUEZ CRUZ
MINOR: 1

In Barranquilla, on August first (1st) of Nineteen Ninety Seven (1997), during public hearing at the First Family Court, the Honorable Judge declares open the hearing in this process of CUSTODY AND PERSONAL CARES of AMALIN HAZBUN ESCAF vs. ISIDORO RODRIGUEZ CRUZ, on behalf of minor ISIDORO RODRIGUEZ HAZBUN. It is confirmed that both parties are present and their attorneys. At this stage of the hearing the Honorable Judge advice the parties to present an agreement or conciliation formula. Defendant Mr. ISIDORO RODRIGUEZ speaks and says: I propose the Joint Custody of my son ISIDORO RODRIGUEZ HAZBUN in the following manner: That the mother AMALIN EMILIA HAZBUN ESCAF have him her personal cares but both parents share the rights of correction, moral and intellectual education of our minor child. Regarding visitations I propose to pick up my son ISIDORO RODRIGUEZ HAZBUN every fifteen days at the end of school day on Friday for him to stay with me all that weekend, taking him back on Sunday at 7 pm to the house of his mother or on Monday if it is holiday, with his homework done and his complete luggage. During the week days, this is Monday through Friday, I will pick up my son ISIDORO to take him to classes with the additional teacher assigned, and will pick him up at the class and continue with him until 7 pm, this when in that week it correspond to me his visitation spending the night with me, this is once a week. When there is no visitation spending night with me besides picking him up on the day of the above noted classes I will pick him up on the day he has football classes once a week until the same hour, that means that in that week there will be two visitation days on week days. I want to add that in the case that for any circumstances there is not football class or writing class with the teacher, he will be with me anyway two working days in the week and in the other week one working day and will spend the weekend with me. Vacations will be shared as follows: The child will spend one year Carnivals with a parent and Holy Week with the other, mid year vacation since are longer jointly parents agree (......)
fifteen days with the mother. The end of year vacation this year the first fifteen days will be with the father permitting that if the minor is still with him for December 31st spend that date with his mother and go back with him to finish the vacation and this situation of the end of year vacation will alternate annually keeping always the spirit of sharing one of the two special dates of December 24 and 31st of each year. No discussion fathers' day he will spend it with his father and mothers' day with his mother. Regarding birthday of the child ISIDORO we will celebrate it jointly the parents with our son, making it clear that next celebration will be made by me. Ms. AMALIN HAZBUN takes the word and states: I am totally in agreement with the formula offered by the defendant. The Honorable Judge takes the word to say. Since the parties have arrived to an agreement about the totality of the litigation, being such agreement in accordance with the law, it is approved and this process finished. It is just confirmed that at the non-compliance with the agreed hereby it will be applied by express statement of num. 4 of art. 350

Plaintiff's Exhibit 1

of the Minor Code the sanctions provided on article 72 ibidem.  No costs in this process.  It is signed by all those who have intervened.  The parties wish to clarify that just for year 1988 the mother will have the minor during Carnivals as well as Holy Week.

The Judge:


      LUZ MYRIAM REYES CASAS


Plaintiff:

      AMALIN HAZBUN ESCAF

Defendant:

      ISIDORO RODRIGUEZ CRUZ


Attorney for Plaintiff


      LUZ MYRIAM SANCHEZ DE CARVAJAL

Attorney for Defendant

      MABEL CASTRO PALACIO


Who recorded the hearing

      ELVIA MAZA DE CANTILLO


Serra Newman
Certified Translator
Lic. Ministry of Justice
Bogota Colombia, March 25, 1988
23 July 2001

         Plaintiff's Exhibit 1

Ref No. 23.833 (CUSTODY AND VISIT REGULATION )
FIRST FAMILY COURT ROOM, BARRANQUILLA, COLOMBIA, August 26, 1997

Mrs. Mabel Castro-Palacio-Defendant's Attorney in the process for custody and visit regulations initiated by Mrs. Amalin Hazbun, against Mr. Isidoro Rodriguez Cruz, in favor of minor Isidoro Rodriguez Hazbun, requests this Court to add the present document to the record of the hearing attended on August 1st, 1997, raised with basis on the conciliation that the parties arrived at, in order to determine clearly and expressly, that the custody of the above mentioned minor will be shared by the parents, since this was the basic point for the conciliation.

The Court, in order to resolve the petition of the Defendant's Attorney, refers to the statement of the Defendant, which was literally written down and is hereby transcribed in its relevant portion, so that this Court may take the corresponding decision. Mr. Rodriguez-Cruz states in the aforementioned document: "That his mother Mrs. Amalin Hazbun Escaf keep him under her personal care but that both parents share the right for the eduction, and the moral and intellectual up-bringing of our son. As for the visits, I propsoe to take my son Isidoro Rodriguez
Notify and comply
s/_____
        LUZ MYRIAM REYES CASAS, Judge
s/_____
Serra Newman, Certified Translator, Lic. Ministry of Justice, Bogota Colombia, March 25, 1988, 23 July 2001

Plaintiff's Exhibit 2

# *Supreme Court of Virginia*

## AT RICHMOND

### *Certificate*

I, Patricia L. Harrington, Clerk of the Supreme Court of Virginia,

do hereby certify that

## ISIDORO RODRIGUEZ

was admitted to practice as an attorney and counsellor at the bar of this

Court on June 2, 1982.

I further certify that so far as the records of this office are

concerned, ISIOORO RODRIGUEZ is a member of the bar of this Court

in good standing.

Witness my hand and seal of said Court

This 5th day of July

A.D. 2005

By:_____/S/_____

*Deputy Clerk*

Plaintiff's Exhibit 3

# *THE RODRIGUEZ LAW FIRM*
## *ATTORNEYS AND COUNSELLORS AT LAW*

Isidoro Rodriguez, Esq.                                               Dra. Irene Rodriguez
VA Bar No. 21573                                                      CLA/Paralegal
US Tax Ct. No. RI-0062                                    Attorney-Rep. Of Colombia
Member Fairfax Bar Assn.

_United States Office:_                                              _South American Office:_
2304 Farrington Avenue                                               World Trade Center
Alexandria, Virginia 22303-1520                           Calle 76 No. 54-11, Office 313
Telephone: (703)960-0225                                       Barranquilla, Colombia
e-mail:isidoror@earthlink.net                                        011.575.3480001

January 7, 2002

Ms. Mary B. Marshall, Director
United States Central Authority
Hague Convention on the Civil Aspects of
International Child Abduction
United States Department of State
2201 C Street NW/SA-22
Washington, DC  20520-4818
Attn: Ms. Alberta Espie

RE:    *Master Isidoro Rodriguez-Hazbun, Petitioner, v. Ms. Amalin Hazbun Escaf*, Case No. JJ-347-050-01-01,  Juvenile and Domestic Relations  Court of the County of Fairfax.

Greetings:

In response to your letter of January 3, 2001 and the below detailed acts, I advise you that you and your agents are acting in violation of the prohibitions of 22CFR94.4,[1] and outside the scope of your authority and employment.[2] You and your agents have, and are currently taking actions violating the fundamental Constitutional rights of Master Isidoro Rodriguez-Hazbun and the undersign as United States citizens to be safe and to maintain and enjoy in tranquillity the child/father relationship.

Pursuant to Federal Tort Claim Act (FTCA) 28 U.S.C. § 2675(a), and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), I am filing this administrative claim for damages caused by your intentional acts outside the scope of your authority which have caused emotional distress and apprehension of the possible forced return and detention of  Master Isidoro Rodriguez-Hazbun in Colombia, and the causing of additional costs and expenditure of time by the

---

[1]Prohibitions:(A) The U.S. Central Authority is prohibited from acting as an agent or attorney or in any fiduciary capacity in legal proceedings arising under the Convention.

[2]See *Katia Gutierrez de Martinez v. Lamargno and DEA*, 115 S.Ct. 2227; 132 L.Ed.2d 375 (1995)

filing of an unnecessary action in the United States District Court for the Eastern District of Virginia. We claim damages in the amount of one hundred fifty thousand dollars ($150,000.00).

In support of this claim the undersign lists the following facts:

First, despite your disclaimer in the last paragraph of your letter stating that it not be construed as "constituting an opinion. . . regarding the merits" of the above subject action, it is beyond dispute that the structure, the tone, the material omissions of the provision of both the Hague Convention and the federal implementing statute (International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601-11610) (see attach letter to the Honourable Judge Michael J. Valentine citing the missing provisions), and the continued misstatement of facts concerning the above action, there is a pattern and practice by you and your agent designed to obfuscate Master Isidoro Rodriguez-Hazbun fundamental rights as a United States citizen and resident of Virginia, to modify the custody agreement between his parents so to stay in the custody of his father in the United States, and thereby out of "harm's way"of the current danger in the Republic of Colombia.[3]

Second, on October 19, 2001, in open Court before the Honourable Judge Valentine, Mr. Patrick Stiehm, Esq., entered an appearance on behalf of the National Center for Missing & Exploited Children (NCMEC) in Alexandria, to seek cancellation of the Scheduled Status Conference, prior to being retained by Respondent Ms. Amalin Hazbun Escaf sometime in early December 2001. Mr. Stiehm stated that he would be filing a Complaint in 30 days with the U.S. District Court under the Hague Convention, and seek dismissal of the instant action in the Virginia State Court. Subsequently, in the Complaint filed on behalf of Respondent, filed on December 20, 2001, Mr. Stiehm by engaging in gaming tactics and misrepresentation this attorney representing NCMEC continued with the pattern and practice designed obfuscate Master Isidoro Rodriguez-Hazbun fundamental right as a United States citizen and resident of Virginia.

Third, subsequent to providing copies of the Complaint and Exhibits, the undersigned requested to meet. Beginning in August until November, 2001, the undersigned could only obtain telephone contact with the staff at the NCMEC, and Ms. Alberta Espie of your staff, to discuss the nature of the above subject action, and in the best interest of Master Isidoro Rodriguez-Hazbun to seek their advice and assistance in obtaining Respondent's participation in the proceeding in the Virginia Court.

In response, as stated in the attached letter dated November 3, 2001 to the NCMEC staff, your agents have demonstrated its intent on acting as a fiduciary of Respondent by seeking to focus only on certain sections of the Hague Convention, and to total disregard both the cited sections in ICARA, and the instant action filed by my Master Isidoro Rodriguez-Hazbun under the laws of the State of Virginia, including Virginia Code Chapter 7.1, § 20-146-1 *et al.,* thus they continue the pattern and practice designed to obfuscate Master Isidoro Rodriguez-Hazbun fundamental right as a United States citizen and resident of Virginia.

---

[3]The United States Department of State has "warned U.S. citizens against travel to Colombia." (Petitioner's Exhibit 2 filed with the Complaint)

I am will to meet to seek to resolve this matter without additional litigation.

Thank you.

As always, your servant,

Isidoro Rodriguez, Esq.

Attachments

cc:     The Honourable Judge Michael J. Valentine
        Mr. Patrick Stiehm, Esq.
        National Center for Missing & Exploited Children

# LAW OFFICES OF RODRIGUEZ, SIBLEY, & MENDOZA, L.L.P.
## ATTORNEYS AND COUNSELORS AT LAW

**Isidoro Rodriguez, Esq.**
Admitted Virginia State Bar

**M. Blair Silbey, Esq.**
Admitted NY, DC & Fl
**Eduardo Mendoza de la Torre, Esq.**
Admitted NY & Rep. of Colombia

**Irene Rodriguez**
Admitted Rep. of Colombia
Certified U.S. Paralegal

*Virginia Office:*
2304 Farrington Avenue
Alexandria, Virginia 22303-1627
Telephone:703.317.0526
e-mail:isidoror@earthlink.net

*Washington, D.C. Office:*
1717 K St., NW, Suite 600
Washington, D.C.   20036
**Telephone: 202.508.3699**
Fax:202.478.0371
web: www.rodriguezandsibley.com

*South American Office:*
World Trade Center
Calle 76 No. 54-11, Suite 313
Barranquilla, Colombia
Telephone: 011.575.3605288

February 11, 2005

Federal Bureau of Investigation
7799 Leesburg Pike
Falls Church, Va 22030

Re:     **Criminal Complaint Filing - and request for investigation regarding ongoing conspiracy to violate 18 U.S.C § 2, § 242, and § 1204 as well as 42 U.S.C. § 1983 § 1985 and § 1986, to obstruct father's parental rights.**

Greetings:

Please find attached document relating to my filing of this criminal complaint with your Washington, D.C. Office of the Federal Bureau of Investigations, wherein I am alleging ongoing violations above criminal and civil rights statutes, which has obstruct my parental rights to visitation since June 11, 2002, pursuant to a Joint Custody Settlement Agreement, of Article 2, 20, and 21 of the Hague Convention on the Civil Aspects of International Child Abduction dated October 25, 1980 ("Treaty"), and Joint Congressional Concurrent Resolution 293 dated March 2000 ("Congressional Resolution").

I request expedited consideration based on the record that on February 28, 2003, October 4, 2004, and October 14, 2004, filed with United States Attorney Paul J. McNulty, both a request for investigation and a complaint pursuant to 18 U.S.C. § 1204.[1] Subsequently, not only did the alleged illegal acts increase during the almost two years since the original complaint was filed, but on January 4, 2005, I received a letter from Mr. Robert A. Spencer, Chief, Crim. Div. ED Va, stating

---

[1]**18 U.S.C. § 1204 - International parental kidnapping.**
(a) Whoever. . . retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years, or both

that his office could not find any such complaint, and directed me to file with your office anew.

This complaint is filed against the enterprise and individual listed as Defendant parties in the attach First Amended Verified Complaint.

BACKGROUND

On January 27, 2003, I, individually, and pursuant to VA Code § 8.01-8, as father and next of friend of his now almost sixteen-old Son Master Isidoro Rodriguez-Hazbun ("Isidoro"), originally filed a civil rights action against the abuse of governmental authority for the issuance of a Writ of Mandamus to the Defendant United States Department of State, and its employees ("U.S. Central Authority *et al.*"); as well as its contractor acting at all times as an "instrumentality of government," the Defendant the National Center for Missing and Exploited Children, its employees, agents and attorneys ("NCMEC *et al.*"), to order their compliance with their ministerial duties under Article 2, 20, and 21 of the Treaty, and Congressional Resolution to expeditiously secure Rodriguez and Isidoro's right of international visitations under the Joint Custody Settlement Agreement, prior to Isidoro's 16th birthday on March 10, 2005. *Isidoro Rodriguez, father of Isidoro Rodriguez-Hazbun v. National Center for Missing and Exploited Children*, DC Dist Ct No. 03-0120 (Roberts, J).

Furthermore, in the above action I sought damages under *Bivens v. Six Unnamed Agents of the Federal Bureau of Investigation*, 403 U.S. 388 (1971)("*Bivens")*, the Federal Tort Claims Act 28 U.S.C. § 2671 *et al.* ("FTCA"), and 42 U.S.C. §§ 1985 and 1986, against the U.S. Central Authority *et al*. and the NCMEC *et al.*, for their wilful and negligent unauthorized policy and practice taught to Federal and Virginia judiciary that the Treaty usurped the fundamental Constitutional rights of U.S. citizens, causing the violations of: (a) Rodriguez and Isidoro's fundamental rights in their father/sons' relationship since July 13, 2001; (b) Isidoro's rights to the safety and opportunities of being in the United States and not be shanghaied to the Republic of Colombia ("Colombia") against his rights wishes on June 11, 2002; ( c ) obstruction with the lawful exercise of Rodriguez's parental rights for more than nine hundred and forty-five (945) days in violation of 18 U.S.C. §§ 4, 241 and 1204; and (d) Rodriguez's Fifth Amendment right to impartial access with the Federal courts for their meaningful consideration of the constitutional challenges to the unauthorized policies and practices of both Federal implementing state and regulations, in violation of rights on the U.S. Constitution and Treaty pursuant to 28 U.S.C. § 2403(a), Fed.R.AppP. 44, and United States Supreme Court Rule 29.4(a) and (b).

On February 7, 2005, I filed a First Amended Verified Complaint (attached) against the U.S. Central Authority and the NCMEC, based on the fact that subsequent to the filing two years ago of a Complaint I have discovered that with the motive of covering-up and continuing their unauthorized policy and practices, for the past 770 days the U.S. Central Authority et al. and the NCMEC et al., have compounded their earlier violations Article III, § 2, Article IV § 2, and I, V, IX & XIV Amendments to the U.S. Constitution, Articles 13b, 20, and 29 of the Treaty, by undertaking a conspiracy with Defendant United States Department of Justice, Office of Justice Programs, Office of Juvenile Justice and Delinquency Prevention, and judges of both the Federal and Commonwealth

of Virginia: (A) to violate 42 U.S.C. § 1983 et seq., and 18 U.S.C. § 1204 by obstructing the lawful exercise of my parental rights, including the right to have the U.S. Central Authority and the Courts of Virginia to expeditiously secure visitations pursuant to Articles 2, 11, 20, 21, and 29 of the Treaty, and UCCJEA VA Code § 20-146.25, subsequent to the shanghaiing of Isidoro from the United States on June 11, 2002; (B) in violation of Article 24 of the International Covenant on Civil and Political Rights ("ICCPR"), U.N.T.S. No. 14668, vol. 999 (1976), p. 171 (ratified June 1992), 18 U.S.C. § 4 and § 241 to repeatedly conceal their unlawful acts; and ( C ) in violation of the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68 (A), Article IV § 2, and the V Amendment to the Constitution to deprive and to damage my property right in my legal profession as an active member of the Virginia State Bar in good standing since 1982.

If either you or your staff have question please contact me by e-mail or my cell phone listed below.

Respectfully submitted

_____

Isidoro Rodriguez, Esq.

cc:     Criminal Section
        U.S. Department of Justice
        Civil rights Division
        950 Pennsylvania Ave., NW
        Criminal Section PHB
        Washington, D.C. 20530

        Mr. Paul J. McNulty
        Mr. Robert A. Spencer, Chief, Criminal Division
        United States Attorney
        Eastern District of Virginia
        2100 Jamison Avenue
        Alexandria, Virginia 22314

## *LAW OFFICES OF ISIDORO RODRIGUEZ*
## *ATTORNEYS AND COUNSELORS AT LAW*

Isidoro Rodriguez, Esq.                                                    Dra. Irene Rodriguez
Admitted VA                                                          Admitted Rep. of Colombia

*Virginia Office:*                                                    *South American Office:*
2304 Farrington Avenue                                                    World Trade Center
Alexandria, Virginia 22303-1627                                   Calle 76 No. 54-11, Office 313
Telephone: 703.317-0526/telefax: 703.960.0225                             Barranquilla, Colombia
e-mail:isidoror@earthlink.net                                      Telephone: 011.575.3605288

June 8, 2005

Pursuant to VA Code 8.01-195.6, by U.S. Postal Service
Certified Priority Express Mail, Return Receipt Requested

Attorney General for the
Commonwealth of Virginia
900 East Main Street
Richmond, Virginia 23219

Subject:      NOTICE OF TORT CLAIM against the Commonwealth of Virginia, The Virginia
              Supreme Court, the Court of Appeals of Virginia, Judge Rudolph Bumgardner, III,
              Judge D. Arthur Kelsey, Senior Judge William H. Hodges, the Fairfax County Circuit
              Court, Judge M. Langhorne Keith, Judge Stanley Paul Klein, the Fairfax Court
              Juvenile & Domestic Relations District Court, Judge David S. Schell, Judge Charles
              J. Maxfield, Acting  Judge Thomas Mann, and Catherine Crooks Hill, Assistant
              Attorney General for the Commonwealth of Virginia (Respondents)

Greetings:

        Pursuant to the provisions of the Virginia Tort Claims Act, VA Code §§ 8.01-195.1-195.9,
this is a notice of claim filed against the above referenced Respondents on behalf of Isidoro
Rodriguez, Esq., in his own capacity and as Father and Next of Friend of his 16 year-old son, Isidoro
Rodriguez-Hazbun (Petitioners), based on Respondents repeated and ongoing tortious liability for
injuries caused by the intentional deprivation of the father's parental rights in violation of a valid
Joint Custody Settlement Agreement, protected under the Constitution of Virginia, the Code of
Virginia, the United States Constitution, Treaty, and Federal Statutes, and the Son's rights as a
citizen of the Commonwealth of Virginia and the United States.

## NATURE OF THE CLAIM, VA Code § 8.01-195.6

        Petitioners have maliciously and intentionally been injured by the repeated intentional acts
of Respondents all outside of their respective official capacity or judicial functions in furtherance
of unauthorized policies and practices, **beginning on or about October 15, 2001 and continuing**

                            Plaintiff's Exhibit 5

**to the present in the County of Fairfax, Commonwealth of Virginia, including but not limited to the last known acts being on August 18, 2004, January 21, 2005, and March 25, 2005.**

Respondents in furtherance of their unauthorized policies and practices have maliciously conspired to intentionally tortiously disregarded the mandates of both the General Assembly of the Commonwealth of Virginia and the United States Congress, by the following acts including, but not limited to:

a. Illegally violate and deprive Petitioners of their rights to due process and equal protection of the laws under the Constitution of Virginia by disregarding and refusing to comply with Virginia's Uniform Child Custody and Enforcement Act ("UCCJEA") VA Code § 20-146.25, 146. 29, and 146.35.

b. Illegally violate and intentionally failed to comply with the mandate of Article III, § 2 Supremacy Clause of the United States Constitution by repeated intentional refuse to comply with Article 2, 19, 20, 21, and 29 of the the Hague Convention on the Civil Aspects of International Child Abduction Dated October 25, 1980, T.I.A.A. No 11,670, 19 I.l.m. 1501; 42 U.S.C. § 11601(b)(4).

c. Illegally conspire to act outside of their official capacity and judicial authority for almost 1095 days in violation of 18 U.S.C. § 1204, Article 16 of the Treaty, and the requirements to protect parental rights under the Virginia Code, *see generally* VA Code § 16.1-283, by intentionally depriving and obstructing Petitioner Isidoro Rodriguez, Esq.'s parental rights under a valid Joint Custody Settlement Agreement, subsequent to the unlawful shanghaiing of Isidoro Rodriguez-Hazbun to the Republic of Colombian from the Commonwealth of Virginia, against his rights and best interest as a citizen of the United States.

**Agencies and Individuals to be held liable**[1]

THE VIRGINIA SUPREME COURT
100 North Ninth Street, Fifth Floor
Richmond, VA 23219

THE COURT OF APPEALS OF VIRGINIA
109 North Eight Street
Richmond, VA 23219-2321

JUDGE RUDOLPH BUMGARDNER, III

---

[1] All Respondents are licensed attorneys of the Virginia State Bar.  Virginia Rules of Professional Conduct, Rule 4.1, states that, "[i]n the course of representing a client a lawyer shall not knowingly: (a) Make a false statement of fact or law; or (b) fail to disclose a fact when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client.  *See also* DR 7-102(A)(5) and DR 7-102(A)(3); Rule 1.6 and 3.3(a)(4).

individually and in his official capacity as Justice
THE COURT OF APPEALS OF VIRGINIA
109 North Eight Street
Richmond, VA 23219-2321

JUDGE D. ARTHUR KELSEY
individually and in his official capacity as Justice
THE COURT OF APPEALS OF VIRGINIA
109 North Eight Street
Richmond, VA 23219-2321

SENIOR JUDGE WILLIAM H. HODGES
individually and in his official capacity as Justice
THE COURT OF APPEALS OF VIRGINIA
109 North Eight Street
Richmond, VA 23219-2321

THE FAIRFAX COUNTY CIRCUIT COURT
Jennings Judicial Center Building
4110 Chain Bridge Road
Fairfax, VA 22030

JUDGE M. LANGHORNE KEITH
individually and in his official capacity as Justice
THE FAIRFAX COUNTY CIRCUIT COURT
Jennings Judicial Center Building
4110 Chain Bridge Road
Fairfax, VA 22030

JUDGE STANLEY PAUL KLEIN
individually and in his official capacity as Justice
THE FAIRFAX COUNTY CIRCUIT COURT
Jennings Judicial Center Building
4110 Chain Bridge Road
Fairfax, VA 22030

THE FAIRFAX COURT JUVENILE &
DOMESTIC RELATIONS DISTRICT COURT
4110 Chain Bridge Road
Fairfax, VA 22030

JUDGE DAVID S. SCHELL
individually and in his official capacity as Justice

                    Plaintiff's Exhibit 5

THE FAIRFAX COURT JUVENILE &
DOMESTIC RELATIONS DISTRICT COURT
4110 Chain Bridge Road
Fairfax, VA 22030

JUDGE CHARLES J. MAXFIELD
individually and in his official capacity as Justice
THE FAIRFAX COURT JUVENILE &
DOMESTIC RELATIONS DISTRICT COURT
4110 Chain Bridge Road
Fairfax, VA 22030

JUDGE THOMAS MANN
individually and in his official capacity as Justice
THE FAIRFAX COURT JUVENILE &
DOMESTIC RELATIONS DISTRICT COURT
4110 Chain Bridge Road
Fairfax, VA 22030

CATHERINE CROOKS HILL
Assistant Attorney General for the
Commonwealth of Virginia
900 East Main Street
Richmond, Virginia 23219

If I fail to hear from your office after six months, I will immediate file the necessary action
to seek a trial by jury on all issues so to protect both my Son's and my rights.

Thank you.

Sincerely,

Isidoro Rodriguez, Esq.

Plaintiff's Exhibit 5

## *LAW OFFICES OF ISIDORO RODRIGUEZ*
## *ATTORNEYS AND COUNSELORS AT LAW*

Isidoro Rodriguez, Esq.                                    Dra. Irene Rodriguez
Admitted VA                                        Admitted Rep. of Colombia

*Virginia Office:*                                    *South American Office:*
2304 Farrington Avenue                                    World Trade Center
Alexandria, Virginia 22303-1627                        Calle 76 No. 54-11, Office 313
Telephone: 703.317-0526/telefax: 703.960.0225                Barranquilla, Colombia
e-mail:isidoror@earthlink.net                            Telephone: 011.575.3605288

June 14, 2005

Via U.S. Priority Certified Mail, Return Receipt Requested
Article Nos. 7004 1350 0001 7098 4609; 4586; 4494 and 4593, and Regular U.S. Mail

Supreme Court of the United State          United States Court of Appeals for
1 First Street, N.E.                       The District of Colombia Circuit
Washington, D.C.  20543                    E. Barrett Prettyman United States
                                           Courthouse
United States Court of Appeal              333 Constitution Avenue, NW
For the Fourth Circuit                     Washington, D.C. 20001
Lewis F. Powell, Jr.                       .
United States Courthouse Annex             United States Court District Court for
1100 East Main Street, Suite 501           The District of Colombia
Richmond, Va 23219                         333 Constitution Avenue, NW
                                           Washington, D.C. 20001
U. S. District Court for the E. D. of Va
Alexandria Division U.S. Courthouse
401 Courthouse Square
Alexandria, Va 22314

Subject:        **NOTICE OF  FEDERAL TORT CLAIM FOR ONGOING NEGLIGENCE,
                WRONGFUL ACTS AND INTENTIONAL OMISSION OUTSIDE OF
                JUDICIAL AUTHORITY OR CAPACITY**

Greetings:

        Pursuant to the provisions of the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 1346(b),
2401(b), 2671-2680 (as amended in March, 2004), this is a notice of claim filed against the below
listed Respondents and John Does, on behalf of Isidoro Rodriguez, Esq. ("Rodriguez"), and as Father
and Next of Friend of his 16 year-old son, Isidoro Rodriguez-Hazbun ("Isidoro"), for the repeated
and ongoing violations of their civil rights protected under the below cited Treaty, Federal and
Virginia Statute, to mandate that the Executive Branch secure visitation, and to cease and desist in

a pattern and practice of obstructing with the father's parental rights in violation of 18 U.S.C. §§ 4, 241, 242, 1204, and Congressional Joint Concurrent Resolution 292, March 2000.

The amount claims is five million dollars ($5,000,000.00), exclusive of interest and attorneys fees under the Equal Access to Justice Act.

## NATURE OF THE CLAIM, VA Code § 8.01-195.6

Since on or about December 20, 2001, and continuous to the present Respondents have conspired to tortuously act negligently, to undertake wrongful acts, and to intentionally act so to omit compliance with the law-all acts being done outside of their respective judicial authority or official capacity- as mandated by Article 2, 11, 16, 19, 20, 21, and 29 of the Hague Convention on the Civil Aspects of International Child Abduction Dated October 25, 1980, T.I.A.A. No 11,670, 19 I.l.m. 1501 ("Treaty"); 42 U.S.C. § 11601 *et seq.*; and Virginia's Uniform Child Custody and Enforcement Act ("UCCJEA), VA Code §§ 20-146.1 to 146.35,[1] by supporting and perpetuating the development and implementation of unauthorized and illegal gender based policies in violation of Rodriguez and Isidoro's rights under a valid Joint Custody Agreement entered pursuant to the laws of the Republic of Colombia.[2]

Furthermore, in response to Rodriguez exercising of his First Amendment Right to petition government for his grievances and challenge said acts outside of their respective judicial authority in support of unauthorized and illegal policies and practices Respondents have conspired for over 1035 days to deprive Rodriguez and Isidoro of their civil rights and deny Rodriguez of his parental right of visitation with Isidoro as a citizen of the United States to Virginia, in accordance with a valid Joint Custody Agreement under the laws of the Republic of Colombia, as required by Article 2, 16, 21 and 29 of the Treaty and provisions of Virginia's UCCJEA, thereby intentionally refusing to secure to them the benefits, opportunities, and rights as citizen of the United States. Finally, Respondents have conspired and use their political influence to deprive Rodriguez and Isidoro of

---

[1] A claim and amendment were filed on January 7, and October 21, 2002 respectively under the FTCA. Subsequently from then until the present, continuous tortuously negligent, wrong acts and omissions have compounded the initial claim, which are the basis of this claim.

[2] In violation of the Treaty and the Congressional Resolution the ICMEC and NCMEC, with the approval of the U.S. Department of State and the U.S. Department of Justice, and assistance of Respondents acting outside of their respective Article III authority, have developed gender base illegal and unauthorized policies, practices and peaching teaching material under 22 C.F.R. § 94.1 *et seq.,* designed to focus only on the return to "habitual resident" under Article 12 of the Treaty, and disregard all the exceptions to application of the Treaty including the fundamental rights of U.S. citizens and their right to petition to secure the ministerial duties of the U.S. Central Authority under Article 2, 21 and 29, and protection of civil rights by DOJ pursuant to 18 U.S.C. §§ 4, 241, 242 and 1204, to prevent the obstruction of Rodriguez's parental rights and secure Isidoro's international visitation rights as a citizen of the United States.

their rights under the Treaty and Virginia UCCJEA to access to the Courts of Virginia, including the ongoing denying of the right to secure visitation to the United States for Isidoro since December 4, 2003 and January 5, 2005, in accordance with VA Code §§ 20-146.25, 146. 29, and 146.35.

This FTCA notice alleges that these acts outside of their respective judicial authority of refusal to enforce the Treaty and rights under Virginia's UCCJEA, are in violation of 42 U.S.C. §§ 1983, 1085, and 1986, as well as 18 U.S.C. §§ 4, 241, 242 and 1204.

Finally, Respondents have intentionally acted outside the scope of their judicial authority in disregarding the mandate of Congressional Joint Resolution 293 of March 2000.

Rodriguez and Isidoro have been injured by these repeated intentional acts of Respondents all either done negligently or/and wrongfully, and/or undertaken intentional omission of the law, and/or, outside of their respective judicial capacity, **beginning on or about December 21, 2001 and continuing to the present in the County of Fairfax, Commonwealth of Virginia, including but not limited to the last known acts being on March 31, 2005 and to the present**.

Respondents in furtherance of support of unauthorized policies and practices have conspired to violate the civil rights of Rodriguez and Isidoro by intentionally tortuously disregarding the mandates of both the General Assembly of the Commonwealth of Virginia and the United States Congress, by the following, but not limited to past and on going acts:

a. Respondents in support of their unauthorized and illegal policies and practices in violation of the Treaty and the Virginia's UCCJEA, after the illegal shanghaiing of Isidoro from the United States on June 11, 2002 in violation of both the fathers and son's civil rights as citizens of the United States, to conspire to obstruct with Rodriguez's right of visitation under the Joint Custody Settlement Agreement by obstructing with and depriving Rodriguez of his parental rights by acts outside of their judicial authority in violation of Article 16 of the Treaty and implementing federal statute, in violation of 18 U.S.C. § § 4, 241, 242, 1204.

b. Respondents have illegally violated and deprived Rodriguez and Isidoro of their rights to due process and equal protection of the laws under the Constitution of Virginia disregarding and refusing to comply with Virginia's Uniform Child Custody and Enforcement Act ("UCCJEA) VA Code § 20-146.25, 146. 29, and 146.35.

c. Respondents have illegally violate and intentionally failed to comply with the mandate of Article III, § 2 Supremacy Clause of the United States Constitution by repeated intentional refuse to comply with Article 2, 19, 20, 21, and 29 of the Treaty and 42 U.S.C. § 11601(b)(4), in intentionally delaying and refusing to provide expedited meaningful consideration.

d. Respondents have illegally conspire to act outside of judicial authority for almost 1095 days in violation of 18 U.S.C. § 1204, Article 16 of the Treaty, and the requirements under the Virginia Code, *see generally* VA Code § 16.1-283, to intentionally deprive and obstruct Rodriguez

Plaintiff's Exhibit 7

of his parental rights as a father, pursuant to a valid Joint Custody Settlement Agreement, subsequent to the unlawful shanghaiing of Isidoro Rodriguez-Hazbun to the Republic of Colombian from the Commonwealth of Virginia, against his rights and best interest as a citizen of the United States.

e. Respondents in response to Rodriguez efforts to secure his parental rights Respondents have intentionally and repeatedly violated since January 27, 2003 to the present 18 U.S.C. §§ 4, 241, 242, and 1204, as well as Article III § 2 Supremacy Clause and provisions of the First, Fifth, and Ninth Amendments to the United States Constitution, by refusing to be impartial and acquiescing to political influence so to deny meaningful access to the court in *Master Isidoro Rodriguez-Hazbun, Petitioner, v. Ms. Amalin Hazbun Escaf*, Case No. JJ-347-050-01-01, Juvenile and Domestic Relations Court of the County of Fairfax; *Amalin Hazbun Escaf vs. Isidoro Rodriguez*, E.D. VA No. 01-1926-A; Ct. App. No. 02-1487.; and *Isidoro Rodriguez-Hazbun and Isidoro Rodriguez, Esq. v. National Center for Missing and Exploited Children*, DC Docket No. 03-00120 (RWR).

f. The Respondent have acted to support both ICMEC and NCMEC's publication, reports, and training material, as well as briefings, and judicial conferences so to:

(a) disregard 42 U.S.C. § 11603 authorization of Federal and State Courts concurrent jurisdiction to consider Treaty applications;

(b) restrict jurisdiction by the Federal Courts to consideration of petitions under the Treaty to Articles 12, regarding only the return of a child to the "habitual residence;"

( c ) disregard or limit consideration of the exception under Article 13(b) of Treaty regarding a "zone of war";

(d) disregard the exception under last ¶2 of Article 13(b) of Treaty so to disregard State law on the age of maturity to take account of the preference of the child;

(e) disregard consideration Article 20 of Treaty regarding the "fundamental rights" of U.S. citizens under the U.S. Constitution;

(f) disregard totally Articles 2, 21and 29 of the Treaty, so to not process any applications to secure international visitation rights in either Federal or State Courts.

Thus United States is liable under the FTCA,[3] for the ongoing injuries caused by the Respondents acting outside of their judicial authority but within their scope of employment, and Respondents are responsible in their individual capacity for acts outside of their judicial authority

---

[3]Respondents while depriving Rodriguez of his parental rights protected under Article 16 of the Treaty beginning on or about January 27, 2003, Respondents permitted the NCMEC to argue that it was only a "nonprofit organization" and not an "instrumentality of government" in *Isidoro Rodriguez et al. vs. National Center for Missing and Exploited Children*, DC docket No. 03-0120 (RWR), while delaying expedited consideration as mandated under Article 2 of the Treaty so that the co-Respondents in State and DOJ sought and obtain passage of amendments to the FTCA obtain its protection for the NCMEC, its agents, employees, and attorneys in March 2004.

in violation of Article 2, 16, 21, and 29 of the Treaty, Statute and Regulations, which have cause for over 1035 days the deprivation of the Rodriguez's parental and fundamental rights, and Isidoro's fundamental rights as a citizen of the United States confirmed pursuant to a valid Joint Custody Settlement Agreement, and protected under the United States Constitution, Treaty, and Federal Statutes, including civil rights protected under in violation of 18 U.S.C. § § 4, 241, 242, 1204, as well as Constitution of Virginia, the Code of Virginia.

## Agencies and Individuals to be held liable

SUPREME COURT OF THE UNITED STATE
1 First Street, N.E.
Washington, D.C.  20543

CHIEF JUSTICE WILLIAM REHNQUIST
AS CIRCUIT JUSTICE FOR THE U.S. COURT
OF APPEALS FOR THE D.C. AND FOURTH
CIR.
1 First Street, N.E.
Washington, D.C.  20543

UNITED STATES COURT OF APPEAL
FOR THE FOURTH CIRCUIT
Lewis F. Powell, Jr.
United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

CHIEF JUDGE WILLIAM W. WILKINS
individually and in his official capacity as Justice
P.O. Box 10857, Greenville, SC 29603

JUDGE WILLIAM B. TRAXLER, JR.
individually and in his official capacity as Justice
P.O. Box 10127, Greenville, SC 29603

JUDGE M. BLANE MICHAEL
individually and in his official capacity as Justice
300 Virginia Street East, Charleston, WV 25301

U. S. DISTRICT COURT FOR THE E. D. OF
VA
Alexandria Division U.S. Courthouse
401 Courthouse Square

JUDGE JOHN G. ROBERTS, JR.
individually and in his official capacity as
Justice
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLOMBIA
CIRCUIT
E. Barrett Prettyman United States
Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

JUDGE JUDITH W. ROGERS
individually and in his official capacity as
Justice
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLOMBIA
CIRCUIT
E. Barrett Prettyman United States
Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

JUDGE ARTHUR, R. RANDOLPH
individually and in his official capacity as
Justice
UNITED STATES COURT OF APPEALS
FOR
THE DISTRICT OF COLOMBIA
CIRCUIT
E. Barrett Prettyman United States
Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

                    Plaintiff's Exhibit 7

Alexandria, VA 22314

JUDGE T.S. ELLIS, III
individually and in his official capacity as Justice
U. S. DISTRICT COURT FOR THE E. D. OF
VA
Alexandria Division U.S. Courthouse
401 Courthouse Square
Alexandria, VA 22314

UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLOMBIA CIRCUIT
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

JUDGE DOUGLAS, H. GINSBURG
individually and in his official capacity as Justice
UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLOMBIA CIRCUIT
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

JUDGE MERRICK B. GARLAND
individually and in his official capacity as Justice
UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLOMBIA CIRCUIT
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

JUDGE HARRY T. EDWARDS
individually and in his official capacity as Justice
U.S. COURT OF APPEALS FOR THE D.C.
CIR.
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

JUDGE KAREN L. HENDERSON
individually and in his official capacity as Justice
U.S. COURT OF APPEALS FOR D.C.

JUDGE DAVID B. SENTELLE
individually and in his official capacity as
Justice
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLOMBIA
CIRCUIT
E. Barrett Prettyman United States
Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

JUDGE DAVID S. TATEL
individually and in his official capacity as
Justice
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLOMBIA
CIRCUIT
E. Barrett Prettyman United States
Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

UNITED STATES COURT DISTRICT
COURT FOR
THE DISTRICT OF COLOMBIA
333 Constitution Avenue, NW
Washington, D.C. 20001

Judge Richard Roberts individually and in
his official capacity as Justice
UNITED STATES COURT DISTRICT
COURT FOR
THE DISTRICT OF COLOMBIA
333 Constitution Avenue, NW
Washington, D.C. 20001

          Plaintiff's Exhibit 7

E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

Sincerely,


Isidoro Rodriguez, Esq.


cc:    President George W. Bush
       The White House
       1600 Pennsylvania Avenue, NW
       Washington, DC 20500
       Att:  Ms. Desiree Thompson, Special Assistant
       to the President and Director of Presidential Correspondence

Plaintiff's Exhibit 7

## *LAW OFFICES OF ISIDORO RODRIGUEZ*
## *ATTORNEYS AND COUNSELORS AT LAW*

Isidoro Rodriguez, Esq.                                                                    Dra. Irene Rodriguez
Admitted VA                                                                    Admitted Rep. of Colombia

*Virginia Office:*                                                                    *South American Office:*
2304 Farrington Avenue                                                                    World Trade Center
Alexandria, Virginia 22303-1627                                                    Calle 76 No. 54-11, Office 313
Telephone: 703.317-0526/telefax: 703.960.0225                                                    Barranquilla, Colombia
e-mail:isidoror@earthlink.net                                                    Telephone: 011.575.3605288

June 14, 2005

Via U.S. Priority Certified Mail, Return Receipt Requested
Article Nos. 7004 1350 0001 7098 4609 and 4487, and Regular U.S. Mail

Alberto Gonzales, Attorney General of the                    Glenn Fine -- Inspector General
The United States of America                                        The United States of America
United States Department of Justice                              United States Department of Justice
950 Pennsylvania Avenue                                             950 Pennsylvania Avenue
Washington, D.C. 20530                                               Washington, D.C. 20530

Mr. Paul J. McNulty                                                     Mr. Robert Mueller, Director
United States Attorney                                                  Federal Bureau of Investigation
Eastern District of Virginia                                             935 Pennsylvania Ave., N.W.
2100 Jamison Avenue                                                    J. Edgar Hoover Bldg
Alexandria, Virginia 22314                                             Washington, DC 20535-0001

Solicitor General of the United States                              United States Attorney for
Department of Justice, Room 5614                                 the District of Colombia
950 Pennsylvania Avenue, NW                                     555 4th St. N.W.
Washington, DC 20530-0001                                        Washington, D.C. 20530

Subject:        **NOTICE OF FEDERAL TORT CLAIM FOR ONGOING NEGLIGENCE,
                WRONGFUL ACTS AND INTENTIONAL OMISSION**

Greetings:

Pursuant to the provisions of the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680 (as amended in March, 2004), this is a notice of claim and IG complaint,[1] filed

---

[1]This letter serves as a complaint against Respondents to seek an investigation of these matters, including for their fraudulent misappropriation and use of federal funds to further both illegal and unauthorized gender based policies and practices in violation of fathers rights

against the below listed Respondents and John Does, on behalf of Isidoro Rodriguez, Esq. ("Rodriguez"), and as Father and Next of Friend of his 16 year-old son, Isidoro Rodriguez-Hazbun ("Isidoro"), for the repeated and ongoing violations of their civil rights protected under the below cited Treaty, Federal and Virginia Statute, including 18 U.S.C. §§ 4, 241, 242, 1204, and Congressional Joint Concurrent Resolution 292, March 2000.

The amount claims is twenty million dollars ($5,000,000.00), exclusive of interest and attorneys fees under the Equal Access to Justice Act.

**NATURE OF THE CLAIM, VA Code § 8.01-195.6**

Since on or about January 2001, and continuous to the present Respondents have conspired to tortuously act negligently, to undertake wrongful acts, and to intentionally act so to omit compliance with the law as mandated by Article 2, 19, 20, 21, and 29 of the Hague Convention on the Civil Aspects of International Child Abduction Dated October 25, 1980, T.I.A.A. No 11,670, 19 I.l.m. 1501 ("Treaty"); 42 U.S.C. § 11601 *et seq.*; and Virginia's Uniform Child Custody and Enforcement Act ("UCCJEA), VA Code §§ 20-146.1 to 146.35, ,[2] by developing and implementing unauthorized and illegal gender based policies in violation of Rodriguez and Isidoro's rights under a valid Joint Custody Agreement entered  pursuant to the laws of the Republic of Colombia.[3]

Furthermore, in response to Rodriguez exercising his First Amendment Right to petition government for his grievances and challenge to said unauthorized and illegal policies and practices Respondents have conspired for over 1035 days to deprive Rodriguez and Isidoro of their civil rights and deny Rodriguez of his parental right of visitation with Isidoro as a citizen of the United States to Virginia, in accordance with a valid Joint Custody Agreement under the laws of the Republic of

---

provided for under below cited Treaty, Statute, Regulation, and Joint Congressional Concurrent Resolution 293, March 2000.

[2]A claim and amendment were filed on January 7, and October 21, 2002 respectively under the FTCA.  Subsequently from then until the present, continuous tortuously negligent, wrong acts and omissions have compounded the initial claim, which are the basis of this claim.

[3]In violation of the Treaty and the Congressional Resolution the ICMEC and NCMEC, with the approval of the U.S. Department of State and the U.S. Department of Justice have developed gender base illegal and unauthorized policies, practices and peaching teaching material under 22 C.F.R. § 94.1 *et seq.,* designed to focus only on the return to "habitual resident" under Article 12 of the Treaty, and disregard all the exceptions to application of the Treaty including the fundamental rights of U.S. citizens and their right to petition to secure the ministerial duties of the U.S. Central Authority under Article 2, 21 and 29, and protection of civil rights by DOJ pursuant to 18 U.S.C. §§ 4, 241, 242 and 1204, to prevent the obstruction of Rodriguez's parental rights and secure Isidoro's international visitation rights as a citizen of the United States.

Colombia, as required by Article 2 and 21 of the Treaty thereby intentionally refusing to secure to them the benefits, opportunities, and rights as citizen of the United States.  Finally, Respondents have conspired and use their political influence to deprive Rodriguez and Isidoro of their rights under the Treaty and Virginia UCCJEA to access to the Courts of Virginia, including the ongoing denying of the right to secure visitation to the United States for Isidoro since December 4, 2003 and January 5, 2005, in accordance with VA Code §§ 20-146.25, 146. 29, and 146.35.

The U.S. Department of Justice is the executive agency charged with the enforcement and prosecution of violation of the Treaty, and Statutes.  It is DOJ's Civil Rights Division which has the specific task of enforcing those federal laws related to civil rights, including 18 U.S.C. §§ 4, 241, 242 and 1204, of which there is no more fundamental right then that of being a father to your own child,  including the prevention of the obstruction of Rodriguez's parental rights and secure Isidoro's international visitation rights as a citizen of the United States..  This enforcement involves both civil action- to force compliance and provide relief to Rodriguez and Isidoro-as well as the criminal prosecution of anyone who violates Rodriguez and Isidoro's civil rights–ANYONE.  Likewise the Federal Bureau of Investigation exercises jurisdiction and investigative responsibilities under 18 U.S.C. §§ 4, 241, 242 and 1204 (see http://www.fbi.gov/hq/cid/cac/kidnap.htm).  The Office of the United States Attorney for both the District of Colombia and the Eastern District of Virginia, although not having direct investigative authority is responsible for referring any complaint to the appropriate local office of the FBI for response or investigation.

On January 28, 2003, and October 4, 2004, a criminal complaint and request for investigation of violations of the Treaty and the civil rights of Rodriguez and Isidoro were filed with Mr. Paul J. McNulty, Assistant Untied Stated States Attorney for the Eastern District of Virginia.  On January 4, 2005, Mr. Robert Spencer, Assistant U.S. Attorney, Chief Criminal Division assuming away the fact that his office had "sat" on the complaints for investigation of the acts in violation of Rodriguez and Isidoro's civil rights under the Treaty for almost two years and failed to refer it to the FBI. On February 11, 2005, a similar complaint for violation of Rodriguez and Isidoro's civil rights were filed with both the FBI and the Criminal Section, Civil Rights Division.  On March 15 and 16, 2005, respectively Mr. Michael J. Anderson, FBI and Mr. Albert N. Moskowitz, DOJ, responded by stating that the complaint filed for the obstruction of the civil rights of Rodriguez as a parent protected under Treaty does not fall within their jurisdiction

Regarding the Office of Solicitor General, despite being on notice under 28 U.S.C. § 2403(a) of the constitutional challenges to the shanghaiing of Isidoro, and the denial of his rights to visitation, this office refused to act to prevent the ongoing conspiracy to violate Rodriguez and Isidoro's civil rights.

This FTCA notice alleges that these official acts of refusal to enforce the Treaty and rights under Virginia's UCCJEA, are in violation of 42 U.S.C. §§ 1983, 1085, and 1986, as well as 18 U.S.C. §§ 4, 241, 242 and 1204.

Finally, Respondents have intentionally acted outside the scope of their employment in

Plaintiff's Exhibit 8

disregarding the mandate of Congressional Joint Resolution 293 of March 2000.

Rodriguez and Isidoro have been injured by these repeated intentional acts of Respondents all either done  negligently or/or wrongfully, and/or undertaken  intentional omission of the law, and/or, outside of their respective official capacity, **beginning on or about October 15, 2001 and continuing to the present in the County of Fairfax, Commonwealth of Virginia, including but not limited to the last known acts being on  January 21, 2005, and March 31, 2005 and to the present**.

Respondents in furtherance of unauthorized policies and practices have conspired to violate the civil rights of Rodriguez and Isidoro by intentionally tortuously disregarding the mandates of both the General Assembly of the Commonwealth of Virginia and the United States Congress, by the following, but not limited to past and on going acts:

a. Respondents in support of their unauthorized and illegal policies and practices in violation of the Treaty and the Virginia's UCCJEA, after the illegal shanghaiing of Isidoro from the United States on June 11, 2002 in violation of both the fathers and son' civil rights as citizens of the United States, to conspire to obstruct with Rodriguez's right of visitation under the Joint Custody Settlement Agreement by obstructing with and depriving Rodriguez of his parental rights, in violation of 18 U.S.C. § § 4, 241, 242, 1204.

b. Respondents have illegally violated and deprived Rodriguez and Isidoro of their rights to due process and equal protection of the laws under the Constitution of Virginia disregarding and refusing to comply with Virginia's Uniform Child Custody and Enforcement Act ("UCCJEA) VA Code § 20-146.25, 146. 29, and 146.35.

c.  Respondents have illegally violate and intentionally failed to comply with the mandate of Article III, § 2 Supremacy Clause of the United States Constitution by repeated intentional refuse to comply with  Article 2, 19, 20, 21, and 29 of the Treaty and 42 U.S.C. § 11601(b)(4).

d. Respondents have illegally conspire to act outside of official authority for almost 1095 days in violation of 18 U.S.C. § 1204, Article 16 of the Treaty, and the requirements under the Virginia Code, *see generally* VA Code § 16.1-283, to intentionally deprive and obstruct Rodriguez of his parental rights as a father, pursuant to a valid Joint Custody Settlement Agreement, subsequent to the unlawful shanghaiing of Isidoro Rodriguez-Hazbun to the Republic of Colombian from the Commonwealth of Virginia, against his rights and best interest as a citizen of the United States.

e.  Respondents in response to Rodriguez efforts to secure his parental rights Respondents have intentionally and repeatedly violated since January 27, 2003 to the present 18 U.S.C. §§ 4, 241, 242, and 1204, as well as Article III § 2 Supremacy Clause and provisions of the First, Fifth, and Ninth Amendments to the United States Constitution, by using Respondents political influence to deny meaningful and impartial access to the court in *Master Isidoro Rodriguez-Hazbun, Petitioner, v. Ms. Amalin Hazbun Escaf*, Case No. JJ-347-050-01-01,  Juvenile and Domestic Relations Court

of the County of Fairfax; *Amalin Hazbun Escaf vs. Isidoro Rodriguez*, E.D. VA No. 01-1926-A; Ct. App. No. 02-1487.; and *Isidoro Rodriguez-Hazbun and Isidoro Rodriguez, Esq. v. National Center for Missing and Exploited Children*, DC Docket No. 03-00120 (RWR).

    f.  The Respondent DOJ and its subagency have authorized and funded the ICMEC and NCMEC's publication of  reports, and training material, as well as conducted briefings, and judicial conferences wherein both the Federal and State Judges are taught to:

    (a)  disregard 42 U.S.C. § 11603 authorization of Federal and State Courts concurrent jurisdiction to consider Treaty applications;

    (b)  restrict jurisdiction by the Federal Courts to consideration of petitions under the Treaty to Articles 12, regarding only  the return of a child to the "habitual residence;"

    ( c )  disregard or limit consideration of the exception under Article 13(b) of Treaty regarding a "zone of war";

    (d)  disregard the exception under last ¶2 of Article 13(b) of Treaty so to disregard State law on the age of maturity to take account of the preference of the child;

    (e)  disregard consideration Article 20 of Treaty regarding the "fundamental rights" of U.S. citizens under the U.S. Constitution;

    (f)  disregard totally Articles 2, 21and 29 of the Treaty, so to not process any applications to secure international visitation rights in either Federal or State Courts.

    Thus United States is liable under the FTCA,[4] for the ongoing injuries caused by the Respondents acting within their scope of employment, and Respondents are responsible in their individual capacity for acts outside of their authority under the Treaty, Statute and Regulations, which have cause for over 1035 days the deprivation of the Rodriguez's parental and fundamental rights, and Isidoro's fundamental rights as a citizen of the United States confirmed pursuant to a valid Joint Custody Settlement Agreement, and protected under the United States Constitution, Treaty, and Federal Statutes, including civil rights protected under in violation of 18 U.S.C. § § 4, 241, 242, 1204, as well as Constitution of Virginia, the Code of Virginia.

**Agencies and Individuals to be held liable**[5]

---

    [4]While arguing for dismissal under FRCP Rule 12 because the NCMEC was only a "nonprofit organization" and not an "instrumentality of government" in *Isidoro Rodriguez et al. vs. National Center for Missing and Exploited Children*, DC docket No. 03-0120 (RWR), Respondents sought and obtain passage of amendments to the FTCA obtain its protection for the NCMEC, its agents, employees, and attorneys.

    [5]A number of Respondents are licensed Virginia attorneys, and therefore have violated Virginia Rules of Professional Conduct, Rule 4.1, which states that, "[i]n the course of representing a client a lawyer shall not knowingly: (a) Make a false statement of fact or law; or (b) fail to disclose a fact when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client.  *See also* DR 7-102(A)(5) and DR 7-102(A)(3); Rule 1.6 and 3.3(a)(4).

Plaintiff's Exhibit 8

Office of the Director
United States Department of Justice
Office of Justice Programs
Office of Juvenile Justice and
Delinquency Prevention
810 Seventh Street, NW
Washington, DC 20531

Mr. Robert a. Spencer
Chief Criminal Division
Office of United States Attorney
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314

Mr. Albert N. Moskowitz
Section Chief Criminal Section, PHB-
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Washington, D.C.. 20530

John Doe in Office of Solicitor General of
the United States
Department of Justice, Room 5614
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Ms. Marina Utgoff Braswell, Esq.
Assistant United States Attorney
for the District of Columbia, 10th Floor
555 4th St. N.W.
Washington, D.C. 20530

Mr. Michael J. Anderson
Supervisor Special Agent
Federal Bureau of Investigation
601 4th Street, NW
Washington, D.C. 20535

Sincerely,


Isidoro Rodriguez, Esq.


cc:    President George W. Bush
       The White House
       1600 Pennsylvania Avenue, NW
       Washington, DC 20500
       Att:  Ms. Desiree Thompson, Special Assistant
       to the President and Director of Presidential Correspondence

## *LAW OFFICES OF ISIDORO RODRIGUEZ*
## *ATTORNEYS AND COUNSELORS AT LAW*

Isidoro Rodriguez, Esq.                                      Dra. Irene Rodriguez
Admitted VA                                       Admitted Rep. of Colombia

*Virginia Office:*                                      *South American Office:*
2304 Farrington Avenue                                  World Trade Center
Alexandria, Virginia 22303-1627                    Calle 76 No. 54-11, Office 313
Telephone: 703.317-0526/telefax: 703.960.0225          Barranquilla, Colombia
e-mail:isidoror@earthlink.net                      Telephone: 011.575.3605288

June 14, 2005

Via U.S. Priority Certified Mail, Return Receipt Requested
Article Nos. 7004 1350 0001 7098 4609 and 4579

The Hon. Condoleezza Rice             Howard J. Krongard, Inspector General
Secretary of State                       Office of Inspector General
United States Department of State                          HOTLINE
2201 C Street, NW                                   P.O. Box 9778
Washington, D.C.  20520-6310              Arlington, Virginia 22219

Subject:    **NOTICE OF  FEDERAL TORT CLAIM FOR ONGOING NEGLIGENCE,
WRONGFUL ACTS AND INTENTIONAL OMISSION**

Greetings:

Pursuant to the provisions of the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680 (as amended in March, 2004), this is a notice of claim and IG complaint,[1] filed against the below listed Respondents and John Does, on behalf of Isidoro Rodriguez, Esq. ("Rodriguez"), and as Father and Next of Friend of his 16 year-old son, Isidoro Rodriguez-Hazbun ("Isidoro"), for the repeated and ongoing violations of their civil rights protected under the below cited Treaty, Federal and Virginia Statute, including 18 U.S.C. §§ 4, 241, 242, 1204, and Congressional Joint Concurrent Resolution 292, March 2000.

The amount claims is ten million dollars ($10,000,000.00), exclusive of interest and attorneys fees under the Equal Access to Justice Act.

---

[1]This letter serves as a complaint against Respondents to seek an investigation of these matters, including for the fraudulent misappropriation and use of federal funds to further both illegal and  unauthorized gender based policies and practices in violation of fathers rights provided for under below cited Treaty, Statute, Regulation, and Joint Congressional Concurrent Resolution 293, March 2000.

Plaintiff's Exhibit 9

**NATURE OF THE CLAIM, VA Code § 8.01-195.6**

Since on or about October 15, 2001, and continuous to the present Respondents have conspired to tortuously act negligently, to undertake wrongful acts, and to intentionally act so to omit compliance with the law as mandated by Article 2, 19, 20, 21, and 29 of the Hague Convention on the Civil Aspects of International Child Abduction Dated October 25, 1980, T.I.A.A. No 11,670, 19 I.l.m. 1501 ("Treaty"); 42 U.S.C. § 11601 *et seq.*; and Virginia's Uniform Child Custody and Enforcement Act ("UCCJEA), VA Code §§ 20-146.1 to 146.35, ,[2] by developing and implementing unauthorized and illegal gender based policies in violation of Rodriguez and Isidoro's rights under a valid Joint Custody Agreement entered  pursuant to the laws of the Republic of Colombia.[3]

Furthermore, in response to Rodriguez exercising his First Amendment Right to petition government for his grievances and challenge to said unauthorized and illegal policies and practices Respondents have conspired for over 1035 days to deprive Rodriguez and Isidoro of their civil rights and deny Rodriguez of his parental right of visitation with Isidoro as a citizen of the United States to Virginia, in accordance with a valid Joint Custody Agreement under the laws of the Republic of Colombia, as required by Article 2 and 21 of the Treaty thereby intentionally refusing to secure to them the benefits, opportunities, and rights as citizen of the United States.  Finally, Respondents have conspired and use their political influence to deprive Rodriguez and Isidoro of their rights under the Treaty and Virginia UCCJEA to access to the Courts of Virginia, including the ongoing denying of the right to secure visitation to the United States for Isidoro since December 4, 2003 and January 5, 2005, in accordance with VA Code §§ 20-146.25, 146. 29, and 146.35.

Finally, Respondents have intentionally acted outside the scope of their employment in disregarding the mandate of Congressional Joint Resolution 293 of March 2000.

Rodriguez and Isidoro have been injured by these repeated intentional acts of Respondents all either done  negligently or/and wrongfully, and/or undertaken  intentional omission of the law, and/or, outside of their respective official capacity, **beginning on or about October 15, 2001 and**

---

[2]A claim and amendment were filed on January 7, and October 21, 2002 respectively under the FTCA.  Subsequently from then until the present, continuous tortuously negligent, wrong acts and omissions have compounded the initial claim, which are the basis of this claim.

[3]In violation of the Treaty and the Congressional Resolution the ICMEC and NCMEC, with the approval of the U.S. Department of State and the U.S. Department of Justice have developed gender base illegal and unauthorized policies, practices and peaching teaching material under 22 C.F.R. § 94.1 *et seq.,* designed to focus only on the return to "habitual resident" under Article 12 of the Treaty, and disregard all the exceptions to application of the Treaty including the fundamental rights of U.S. citizens and their right to petition to secure the ministerial duties of the U.S. Central Authority under Article 2, 21 and 29, and protection of civil rights by DOJ pursuant to 18 U.S.C. §§ 4, 241 and 1204, to secure international visitation rights of citizens of the United States.

**continuing to the present in the County of Fairfax, Commonwealth of Virginia, including but not limited to the last known acts being on January 21, 2005, and March 31, 2005 and to the present**.

Respondents in furtherance of unauthorized policies and practices have conspired to violate the civil rights of Rodriguez and Isidoro by intentionally tortuously disregarding the mandates of both the General Assembly of the Commonwealth of Virginia and the United States Congress, by the following, but not limited to past and on going acts:

a. Respondents in support of their unauthorized and illegal policies and practices in violation of the Treaty and the Virginia's UCCJEA, after the illegal shanghaiing of Isidoro from the United States on June 11, 2002 in violation of both the fathers and son's civil rights as citizens of the United States, to conspire to obstruct with Rodriguez's right of visitation under the Joint Custody Settlement Agreement by obstructing with and depriving Rodriguez of his parental rights, in violation of 18 U.S.C. § § 4, 241, 242, 1204.

b. Respondents have illegally violated and deprived Rodriguez and Isidoro of their rights to due process and equal protection of the laws under the Constitution of Virginia disregarding and refusing to comply with Virginia's Uniform Child Custody and Enforcement Act ("UCCJEA") VA Code § 20-146.25, 146. 29, and 146.35.

c. Respondents have illegally violate and intentionally failed to comply with the mandate of Article III, § 2 Supremacy Clause of the United States Constitution by repeated intentional refuse to comply with Article 2, 19, 20, 21, and 29 of the Treaty and 42 U.S.C. § 11601(b)(4).

d. Respondents have illegally conspire to act outside of official authority for almost 1095 days in violation of 18 U.S.C. § 1204, Article 16 of the Treaty, and the requirements under the Virginia Code, *see generally* VA Code § 16.1-283, to intentionally deprive and obstruct Rodriguez of his parental rights as a father, pursuant to a valid Joint Custody Settlement Agreement, subsequent to the unlawful shanghaiing of Isidoro Rodriguez-Hazbun to the Republic of Colombian from the Commonwealth of Virginia, against his rights and best interest as a citizen of the United States.

e. Respondents in response to Rodriguez efforts to secure his parental rights Respondents have intentionally and repeatedly violated since January 27, 2003 to the present 18 U.S.C. §§ 4, 241, 242, and 1204, as well as Article III § 2 Supremacy Clause and provisions of the First, Fifth, and Ninth Amendments to the United States Constitution, by using Respondents political influence to deny meaningful and impartial access to the court in *Master Isidoro Rodriguez-Hazbun, Petitioner, v. Ms. Amalin Hazbun Escaf*, Case No. JJ-347-050-01-01, Juvenile and Domestic Relations Court of the County of Fairfax; *Amalin Hazbun Escaf vs. Isidoro Rodriguez*, E.D. VA No. 01-1926-A; Ct. App. No. 02-1487.; and *Isidoro Rodriguez-Hazbun and Isidoro Rodriguez, Esq. v. National Center for Missing and Exploited Children*, DC Docket No. 03-00120 (RWR).

Plaintiff's Exhibit 9

f.  The Respondents have authorized and funded the ICMEC and NCMEC's publication of reports, and training material, as well as conducted briefings, and judicial conferences wherein both the Federal and State Judges are taught to:

(a)   disregard 42 U.S.C. § 11603 authorization of Federal and State Courts concurrent jurisdiction to consider Treaty applications;

(b)  restrict jurisdiction by the Federal Courts to consideration of petitions under the Treaty to Articles 12, regarding only  the return of a child to the "habitual residence;"

( c ) disregard or limit consideration of the exception under Article 13(b) of Treaty regarding a "zone of war";

(d)  disregard the exception under last ¶2 of Article 13(b) of Treaty so to disregard State law on the age of maturity to take account of the preference of the child;

(e)  disregard consideration Article 20 of Treaty regarding the "fundamental rights" of U.S. citizens under the U.S. Constitution;

(f)  disregard totally Articles 2, 21and 29 of the Treaty, so to not process any applications to secure international visitation rights in either Federal or State Courts.

Thus United States is liable under the FTCA,[4] for the ongoing injuries caused by the Respondents acting within their scope of employment, and Respondents are responsible in their individual capacity for acts outside of their authority under the Treaty, Statute and Regulations, which have cause for over 1035 days the deprivation of the Rodriguez's parental and fundamental rights, and Isidoro's fundamental rights as a citizen of the United States confirmed pursuant to a valid Joint Custody Settlement Agreement, and protected under the United States Constitution, Treaty, and Federal Statutes, including civil rights protected under in violation of 18 U.S.C. § § 4, 241, 242, 1204, as well as Constitution of Virginia, the Code of Virginia.

**Agencies and Individuals to be held liable**[5]

The National Center for                          United States Department of State
Missing & Exploited Children (NCMEC)             2201 C Street, NW
699 Prince Street                                Washington, D.C.  20520-6310
Alexandria, VA 22303

---

[4]While arguing for dismissal under FRCP Rule 12 because the NCMEC was only a "nonprofit organization" and not an "instrumentality of government" in *Isidoro Rodriguez et al. vs. National Center for Missing and Exploited Children*, DC docket No. 03-0120 (RWR), Respondents sought and obtain passage of amendments to the FTCA obtain its protection for the NCMEC, its agents, employees, and attorneys.

[5]A number of Respondents are licensed Virginia attorneys, and therefore have violated Virginia Rules of Professional Conduct, Rule 4.1, which states that, "[i]n the course of representing a client a lawyer shall not knowingly: (a) Make a false statement of fact or law; or (b) fail to disclose a fact when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client.  *See also* DR 7-102(A)(5) and DR 7-102(A)(3); Rule 1.6 and 3.3(a)(4).

The International Centre for
Missing & Exploited Children (ICMEC)
699 Prince Street
Alexandria, VA 22303

Mr. Ernie Allen
President and Chief Executive Officer of
NCMEC and ICMEC
699 Prince Street
Alexandria, VA 22303

Ms. Nancy Hammer, Esq.
The National Center for
Missing & Exploited Children
699 Prince Street
Alexandria, VA 22303

Mr. Guillermo Galarza
National Center for Missing & Exploited Children
699 Prince Street
Alexandria, VA 22303

Miles & Stockbridge Llp
600 Washington Avenue, suite 300
Towson, Maryland 21204

Stephen J.Cullen,
Miles & Stockbridge Llp
600 Washington Avenue, suite 300
Towson, Maryland 21204

Proskauer Rose Llp
1233 Twentieth Street NW
Suite 800
Washington, D.C. 20036-2396

Ms. Susan Brinkerhoff, Esq.
Proskauer Rose Llp.
1233 Twentieth Street NW, Suite 800
Washington, D.C. 20036-2396

Ms. Anita M. Bahauddin, Esq.
Proskauer Rose Llp.

The Office of Children Issues
Bureau of Consular Affairs
United States Department of State
2201 C Street NW/SA-22
Washington, DC 20520-4818

Ms. Mary B. Marshall
Director Office of Children Issues
United States Department of State
2201 C Street NW/SA-22
Washington, DC 20520-4818

The Office of Legal Advisor for
Consular Affairs
U.S. Department of State
Room 5519
2201 C Street, NW
Washington, D.C. 20520-6310

Mr. Robert McCannell, Executive Director
The Office of Legal Advisor For Consular
Affairs
United States Department of State
Room 5519
2201 C Street, NW
Washington, D.C. 20520-6310

Mr. Knute E. Malmborg, Attorney
Advisor,
The Office of Legal Advisor For Consular
Affairs
United States Department of State, Room
5519
2201 C Street, NW
Washington, D.C. 20520-6310

Mr. Patrick H. Stiehm, Esq.
Stiehm Law Office
4308 Lawrence street
Alexandria, Virginia 22309

Estate of Warren Dennis, Esq.
Proskauer Rose Llp.

Plaintiff's Exhibit 9

1233 Twentieth Street NW, Suite 800
Washington, D.C. 20036-2396

1233 Twentieth Street NW, Suite 800
Washington, D.C. 20036-2396

Ms. Heather d. Laffitte, Esq.
Proskauer Rose Llp.
1233 Twentieth Street NW, Suite 800
Washington, D.C. 20036-2396

Sincerely,


Isidoro Rodriguez, Esq.


cc:    President George W. Bush
       The White House
       1600 Pennsylvania Avenue, NW
       Washington, DC 20500
       Att:  Ms. Desiree Thompson, Special Assistant
       to the President and Director of Presidential Correspondence

Plaintiff's Exhibit 9

# DE NOVO Legal, LLC
**Resource solutions for law firms and corporate legal departments**

March 29, 2007

Dear Isidoro,

This letter is to inform you that as of March 29, 2007 we must terminate your employment with our organization. We received information regarding your current bar status and upon further investigation we were informed by the VA Bar Association that your license was revoked as of the end of October 2006. They advised us that your Virginia Bar Membership could not currently serve as the basis for your employment as an attorney in the Commonwealth of Virginia.

Unfortunately, since your status in DC is pending and the current client has required current bar membership in at least one state if the DC bar is pending, you no longer qualify to continue on the current project. Although we must obey the rules and regulations of both our clients and the bar associations, we would like to thank you for your hard work and dedication as a Project Manager for our organization. It was a pleasure working with you and having you as both a contract attorney and a project manager.

Please understand that our decision was not based on your performance as a Project Manager. We felt that you did an excellent job and fully reflected our vision of project management in DC. We would like to continue our relationship with you for future opportunities after this issue is resolved.

Again we would like to thank you for your hard work and look forward to working with you in the future.

Thank You

Sincerely

_____/S/_____
John B. Thacher III
Director of Project Management

1420 K Street 11th Floor I Washington, D.C. 20005
T: 202.292.4858 F: 202.293.4322

**denovolegal.com**

Plaintiff's Exhibit 10

(District of Columbia)
(Court of Appeals)
(Seal)

*District of Columbia Court of Appeals*
*Committee on Admissions*
*500 Indiana Avenue, N.W.-Room 4200*
*Washington, D.C. 2001*
*202/879-2710*

May 14, 2007

Isodoro Rodriguez
7924 Peyton Forest Trail
Annandale, VA 22003-1560

RE: M76442

Dear Mr. Rodriguez:

You have applied for admission to the Bar of the District of Columbia Court of Appeals, without examination, based on your 1982 admission to the Virginia State Bar. Virginia is the jurisdiction of your original bar admission.

One of your recent submissions to the Committee on Admissions included a copy an of an order issued by the Virginia State Bar Disciplinary Board ("VSBDB"), dated November 28, 2006, revoking your license to practice law in the Commonwealth of Virginia, effective October 27, 2006. *See,* VSBDB Order at 21. This is the functional equivalent of disbarment in Virginia.

As a consequence of your recent disbarment in Virginia, you are no longer currently eligible for admission to the Bar in our jurisdiction. This is clear from the on-point case law of the District of Columbia Court of Appeals. *See, In re Mbakpuo*, 829 A.2d 217 (D.C. 2003) *(recon. denied,* Jan. 13, 2004) (A lawyer disbarred in the jurisdiction of his original admission is ineligible for admission to the D.C. Bar until he has successfully regained his license to practice in his original jurisdiction.)

We understand. that, you contend that the VSBDB's Order disbarring you in Virginia is "void.'" The Committee's position is that such' contention may be raised only in the courts of Virginia, and not as part of any proceedings in this jurisdiction.

Plaintiff's Exhibit 11

Mr. Rodriguez 5/14/07

Page 2

       For the foregoing reasons, the Committee is unable to consider further your application for admission to the Bar of this jurisdiction. However, in the event that you should regain your license to practice law in Virginia in the near future, you may request the Committee to reactivate your application.

Sincerely,

_____/S/_____<br>Jacqueline M. Smith<br>Director

cc:    Mark Carlin, Chair<br>
       Alan Kent, Counsel

Plaintiff's Exhibit 11