UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        :
ISIDORO RODRIGUEZ, ESQ.                 :
                                        :
                     Plaintiff,         : CASE NO. 07-CV-0975 (PLF)
                                        :
            v.                          :    ORAL ARGUMENT REQUESTED
                                        :
LEGAL TIMES, *et al.,*                   :
                                        :
                     Defendants.        :
_____ :

MOTION TO REQUEST THE U.S. ATTORNEY GENERAL TO APPOINT SPECIAL PROSECUTOR
TO INVESTIGATE AND PROSECUTE THE PAST AND ON GOING CONSPIRACY IN
VIOLATIONS OF 18 U.S.C. §§ 4, 241, 242, 371, 1001, AND 1204.

Pursuant to 28 U.S.C.§ 1361 (providing for an action to order a federal official to perform a mandatory duty and to halt unlawful conduct), and 5 U.S.C. § 702 (failure to do official acts), Plaintiffs Isidoro Rodriguez, Esq. ("Rodriguez-father") files this Motion to respectfully request that the Court refer to the Attorney General of the United States for the appointment of a Special Prosecutor to investigate and prosecute the past and on going conspiracy against Rodriguez-father's rights as a parent and a licensed attorney, by:

• Defendants' violation of 18 U.S.C. § 1204, by their obstruction of Rodriguez-father's parental right from January 27, 2003 through March 10, 2007,[1] as mandated by Article 21 of the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980 ("Treaty"); and, Virginia's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Va. Code § 20-146.25 and 35, to compel the Executive Branch and the Virginia Courts to secure visitations, *see  Canter v. Cohen*, 442 F.3d 196 (March 21, 2006);

_____
[1]Upon Rodriguez-father's Son, Isidoro Rodriguez-Hazbun, becoming 18 years-old on March 10, 2007, Defendants duty to secure visitation ended.

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)

JURY TRIAL DEMANDED

• Defendants committing of perjury before Congress and the Courts in violation of 18 U.S.C. § 371 and § 1001, by making false statements as to Rodriguez-father's litigation to compel compliance with Defendants respective ministerial and judicial duty to secure visitation rights, and as to the request for budget and use of federal funds;

• Defendants' violation of 18 U.S.C. § 4, § 241, and § 242, by filing a fraudulent complaint, committing perjury as to their ministerial and judicial duties, issuing an illegal *void* order revoking Rodriguez-father's license to practice law in a Virginia, and denying due process in refusing to either grant membership by waiver admission into Bar of the District of Columbia or provide a hearing on the illegal *void* order, all in furtherance of the conspiracy to punish and stigmatize Rodriguez-father for his litigating to enforce his and his Son's rights under Treaty, U.S. Code, and Va. Code, and punish and stigmatize Rodriguez-father for exercising his right and duty as an attorney and citizen to petition Congress and the General Assembly of Virginia, *see* http://home.earthlink.net/~isidoror; *see also* Issues and Action-Congress.org, letter to Congress, www.congress.org/congressorg/bio/userletter/?id=51&letter_id=380306581; and,

• Defendants on going conspiracy to use Beltway lobbyist, law firms, and media so to intentionally misinform the public and disregard the statutory mandates of the U.S. Congress and the General Assembly of Virginia regarding the right of Rodriguez-father to access to an impartial Federal Court pursuant to 28 U.S.C. § 4 and § 455, by obstructing justice so to deny Article III review of the unauthorized policies and practices of the Executive Branch in collusion with the Judicial Branch, that have obstructed, punished, and stigmatized Rodriguez-father for more than five years for exercising his rights as a father, and his rights and duties to his Son and

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (RWR)

JURY TRIAL DEMANDED

the public as a licensed attorney at law.

DATED this 2nd day of June 2007.

Respectfully submitted,

_____

/s/Isidoro Rodriguez, Esq.

THE LAW OFFICES OF ISIDORO RODRIGUEZ
ATTORNEYS AND COUNSELORS AT LAW

<u>United States Office:</u>
2304 Farrington Avenue
Alexandria, Virginia 22303-1520
Telephones: 703.317.0526; Fax: 703.960.0225
Cell: 703.470.1457

<u>South American Office:</u>
World Trade Center-Barranquilla
Calle 76 No. 54-11, Office 313
Barranquilla, Colombia, SA
Telephone: 011.5753.605288

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        :
ISIDORO RODRIGUEZ, ESQ.                 :
                                        :
                    Plaintiff,          : CASE NO. 07-CV-0975 (PLF)
                                        :
              v.                        :
                                        :
LEGAL TIMES, *et al.,*                  :      ORAL ARGUMENT REQUESTED
                                        :
                    Defendants.         :
_____ :

MEMORANDUM IN SUPPORT OF MOTION TO REQUEST THE U.S. ATTORNEY GENERAL TO
APPOINT SPECIAL PROSECUTOR TO INVESTIGATE AND PROSECUTE THE PAST AND ON
GOING CONSPIRACY IN VIOLATIONS OF 18 U.S.C. §§ 4, 241, 242, 371, 1001, AND 1204

        Plaintiffs Isidoro Rodriguez, Esq. ("Rodriguez-father") files this Memorandum of law in

support of the Motion to request the Attorney General of the United States appoint a Special

Prosecutor to investigate and prosecute the violations of 18 U.S.C. § 4, § 241, § 242, § 371, § 1001,

and § 1204, due to the conspiracy to obstruct Rodriguez-father's parental rights and the conspiracy

to injure, punish and stigmatize Rodriguez-father for exercising his statutory rights as a father and

a licensed attorney-at-law.

        The record clearly evidence that in furtherance of a conspiracy,[2] Defendants Office of the

Assistant U.S. Attorneys for the District of Colombia, Defendants Office of the Assistant U.S.

---

        [2]Conspiracy. A combination or confederacy between two or more persons formed for the
purpose of committing by their joint efforts some unlawful or criminal act, or some act which is
not lawful in itself, but becomes unlawful when done by the concerted action of the
conspirators, or for the purpose of using criminal or unlawful means to the commission of an act
not in itself unlawful. ... A conspiracy may be a continuing one; actors may drop out and others
drop in; the details of operation may change from time to time; the members need not know
each other or the  part played by others; a member need not know all the details of the plan or
the operations; he must, however, know the purpose of the conspiracy and agree to become a
party to a plan to effectuate that purpose." see Craig *v. U.S.* 81 F.2d 816 at 822.

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)

JURY TRIAL DEMANDED

Attorneys for the Eastern District of Virginia, and Defendants Federal Bureau of Investigation, failed to act and refused to investigate and prosecute the past criminal complaints filed against the Defendants (Plaintiff's Exhibits 1, 2, 3, 4, 5).

Thus based on the on going criminal enterprise with the object of injuring Rodriguez -father for exercising his statutory rights, the Court is requested to request the U.S. Attorney General appoint a Special Prosecutor to investigate and prosecute the on going criminal violations of the Treaty, Federal statutes, and Va. Code.

FACTS

The record in *Rodriguez v. National Center for Missing & Exploited Children*, D.C. No. 03-0120, *see* http://home.earthlink.net/~isidoror, evidenced Defendants' conspiracy in violation of 18 U.S.C. § 4, § 371, § 1001, and § 1204, to obstruct with Rodriguez-father's parental rights from January 27, 2003 through March 10, 2007,[3] as mandated by Article 21 of the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980 ("Treaty"); and, Virginia's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Va. Code § 20-146.25 and 35, including the right to compel the Executive Branch and the Courts of Virginia secure visitation, *see Canter v. Cohen*, 442 F.3d 196 (March 21, 2006).

Based on the record beginning in 2004. Rodriguez-father filed various Criminal Complaints and petitioned Congress and the General Assembly of Virginia, for an investigation of Defendants' unlawful policies and practices, *see* Issues and Action-Congress.org, letter to Congress,

---

[3]Upon Rodriguez-father's Son, Isidoro Rodriguez-Hazbun, becoming 18 years-old on March 10, 2007, Defendants duty to secure visitation ended.

Page -2-

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)

JURY TRIAL DEMANDED

www.congress.org/congressorg/bio/userletter/?id=51&letter_id=380306581; (Plaintiff's Exhibit 1, 2, 3, 4, and 5).

The record confirms that based on the political influence of the "Beltway" lobbyist and attorneys of Defendant National Center for Missing & Exploited Children with both the Executive Branch and the Judicial Branch, Defendants Attorney General Alberto Gonzales, Attorney General of the United States Paul McNulty, Offices of the U.S. Attorney for the E.D. of Virginia and the District of Columbia, Assistant U.S. Attorney Ms. Marina Utgoff Brassweill, and the Federal Bureau of Investigation, in violation of 18 U.S.C. § 4, refused to investigate and prosecute the criminal violations of Rodriguez-father's rights under the Treaty and Va. Code.

Subsequently, empowered by Defendants success in obstructing justice and misinforming Congress, Defendants compounded their earlier criminal acts in violation of 18 U.S.C. § 4, § 371, § 1001, and § 1204, by retaliating against Rodriguez-father for his seeking to enforce his statutory rights under Federal Statute and Va. Code, and rights as an attorney.

Beginning in 2003 to the present, Defendants have conspired to injure, stigmatize and punish Rodriguez-father business, profession, and opportunity for employment in violation of 18 U.S.C. § 4, § 241, and § 242, by false Virginia State Bar Complaints,[4] publishing false and defamatory news articles, issuing an illegal *void* order to revoke his license to practice law in Virginia, and denying due process in refusing to either grant membership by waiver admission into

---

[4]Defendants enter into a business conspiracy with Rodriguez-father former client, IOTA Partner *et al.,* to simultaneously file two fraudulent Virginia State Bar, so to deprive him of his property right in his business, profession, and his perfected Virginia Attorney Lien on more than $10 Billion of treasure trove sunk off the coast of the Republic of Colombia.

Page -3-

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)

JURY TRIAL DEMANDED

Bar of the District of Columbia or provide a hearing on the illegal *void* order.

<u>STATUTES INVOLVED</u>

18 U.S.C. § 4 - Misprision of felony.

    Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil . . . authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 241 - Conspiracy against rights, state that, "[i]f two or more persons conspire to injure, oppress, threaten, or intimidate any person in any . . . Commonwealth, . . . , or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; . . . They shall be fined under this title or imprisoned not more than ten years, or both . . . .

18 U.S.C. § 242 - Deprivation of rights under color of law, states that, " [w]hoever, under color of any . . . , regulation, . . . , willfully subjects any person in any . . . Commonwealth, . . . , or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, . . ., shall be fined under this title or imprisoned not more than one year, or both;. . . .

18 U.S.C. § 371 - Conspiracy to commit offense or to defraud United States.

    If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 1001 - Statements or entries generally.

    (a) [W]hoever, in any matter within the jurisdiction of the executive, legislative, and judicial branch of the Government of the United States, knowingly and willfully: (1) falsifies, conceals, . . . . a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; . . . shall be fined . . . or imprisoned not more than 5 years, or both.

18 U.S.C. § 1204 - International parental kidnapping.

    (a) Whoever. . . retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years, or both.

    (b) As used in this section -

        (1) the term "child" means a person who has not attained the age of 16 years; and

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)

JURY TRIAL DEMANDED

(2) the term "parental rights," with respect to a child, means the right to physical custody of the child -
(A) whether joint or sole (and includes visiting rights); and,
(B) whether arising by operation of law, court order, or legally binding agreement of the parties.

<u>DISCUSSION</u>

The two issues before the Court are: first, the claim for damages due to Defendants past conspiracy from  January 2003 until March 10, 2007, which obstructed with Rodriguez-father's right to have the Executive Branch and the Va. Courts secure Rodriguez-father's right to visitations pursuant to the mandates of the Treaty, Federal statute and Va. Code; and, second, the claim for TRO/Injunction and for damages based on Defendants past and ongoing conspiracy to injure, punish and stigmatize Rodriguez-father for exercising his statutory rights as a father and as an experienced attorney litigating to enforce said statutory rights, and right to petition Congress and the General Assembly of Virginia for an investigation of both the Executive Branch and Judicial Branch collusion to violate the Treaty and Va. Code.

Apart for the civil claim for relief, there have been criminal violations of

I  <u>CLAIMS OF CRIMINAL VIOLATIONS ARE NOT BARRED BY JUDICIAL IMMUNITY</u>

At the outset, neither Judges nor employees of the Executive Branch are above the law. *United States v. Isaacs*, 493 F. 2d 1124, 1143 (7th Cir. 1974).

Regarding judicial immunity it extends to judicial acts within the courts jurisdiction, but does not extend to either criminal acts, or acts of conspiracy outside of official capacity under the Treaty and Va. Code, or in the "clear absence of all jurisdiction," under the Treaty and Va. Code. See Stump *v. Sparkman* 435 U.S. 349 (1978).

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)

JURY TRIAL DEMANDED

In the instant action the record evidences that between January 2002 to the present, Defendants Federal and Virginia Judicial Branches, in collusion with their respective Defendant Executive Branch *et al.,* acted outside of its judicial capacity or jurisdiction by spending pages so to obfuscate by legal sophistry the obstructing of Rodriguez-father's parental rights in violation of 18 U.S.C. § 4 and § 1204, thereby using their judicial authority to participate in and further criminal conduct which constitutes "conduct prejudicial to the effective and expeditious administration of the business of the courts."

First, as the overwhelming evidence in case no. 03-0120 demonstrates, in furtherance of the conspiracy to obstruct with Rodriguez-father's parental rights the Executive Branch committed perjury in filings false statement s with both the Courts and Congress in violation of 18 U.S.C. § 4, § 1001, § 1621 and § 1623.[5]

Second, as the evidence now establishes this perjury was part of a conspiracy in violation of 18 U.S.C. § 241 and § 242. The Defendants in the case were government officials and influential member of the Virginia State Bar and the Bar of the District of Columbia. The elements of the conspiracy under 18 U.S.C. § 241 and § 242, are clearly present with the issuance of the *void* order of the Virginia State Bar, and the inaction for almost two years by the District Committee of the District of Columbia Court of Appeals, to injure and stigmatize Rodriguez-father for litigating to enforce his parental rights under the Treaty and Va. Code. *See United States v. Ellis,* 595 F. 2d 154,

---

[5]Chief Justice John G. Roberts issued false statement to the Senate Judiciary Committee in support of his confirmation regarding Rodriguez-father's litigation in Docket 03-0129, *see* http://home.earthlink.net/~isidoror.

Page -6-

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)

JURY TRIAL DEMANDED

161-162 (3rd Cir. 1979).

Defendant Federal Judicial Branch, the Supreme Court of Virginia, and its lower courts, as well as its agent the Virginia State Bar, and the Attorney General of the Commonwealth of Virginia repeatedly submitted and accepted tainted evidence of Rodriguez-father's litigation to enforce his statutory rights under Treaty, Federal statute, and Va. Code, thereby being brought face-to-face with the fact that the committed perjury was in violation of the right of a father under the Treaty and Va. Code, and rights of an attorney at law to protect his property interest in his perfected Virginia Attorney's Lien.[6]

There has been much made of "public confidence in the judiciary."  *See e.g.*, *Shawer v. Indiana University of Pennsylvania*, 602 F. 2d 1161, 1165 (3rd Cir. 1979).  Words like, "When somebody chooses to squish the Bill of Rights into the mud," *United States v. Baird*, 109 F. 3d 856, 861 (3rd Cir. 1997), and "[I]mportant as it was that people should get justice, it was even more important that they should be made to feel and see that they were getting it," *Kramer v. Scientific Control Corp.*, 534 F. 2d 1085, 1088 (3rd Cir. 1976), make reassuring reading.

The problem is that when judges act as in the instant action, as common criminals, such words are rendered meaningless and the entire Federal and Virginia judiciary is held up to

---

[6]Fabricating documents used or to be used in a judicial proceeding would fall within the obstruction of justice statute if the intent is to deceive the court.  *United States v. Craft,* 105 F. 3d 1123, 1128 (6th Cir. 1997) (citations omitted) (discussion of 18 U.S.C. § 1503), it is for this reason that Rodriguez-father was denied due process in his right to discovery, compel the production of documents, and confront witnesses in the *void* Virginia State Bar hearings.

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)

JURY TRIAL DEMANDED

contempt.[7]

This contempt will only deepen as the Executive Branch and Judicial Branch ignore crimes committed by their own.

In reality, in the instant action Rodriguez-father has been injured and stigmatized for litigating to enforce his statutory rights, while federal and Virginia judges commit crimes in furtherance of obstruction of justice in violation of 18 U.S.C. § 4, § 242, § 242, § 371, § 1001, and § 1204.

Rodriguez-father brought this entire sordid affair to the attention of the court by filing this action to seek a TRO/Injunction of the illegal revoking of his license to practice law in retaliation for his exercising his statutory rights as a father and attorney.

To date, the judicial process had already contaminated, and the cover-up continues.  It does not take a Nobel prize winner to figure out that there had to be an improper communication between Executive Branch and the Judicial Branch.  What started out as perjury by the Executive Branch in furtherance of the conspiracy to maintain their unlawful policies and practices in violation

---

[7]For example the record of the behavior of Judge Richard W. Roberts in this affair by refusing to act as mandated by the Treaty and Va. Code, for more than two years, and then declare Docket No. 02-0120 moot, consists of the following federal crimes: 18 U.S.C. § 2 Principals ("(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."); 18 U.S.C. § 3 Accessory after the fact ("Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.); 18 U.S.C. § 4 Misprision of felony ("Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both. *See also Levy v. Parker*, 478 F. 2d 772, 805 (3rd Cir. 1973) (misprision of felony requires positive act of concealment).

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)

JURY TRIAL DEMANDED

of rights of fathers under the Treaty and Va. Code, now appears as a full-blown obstruction of justice conspiracy engaged in by at least seven federal judges, a violation of 18 U.S.C. §1503 and other criminal statute

It is unfortunate that the Federal and Virginia judiciary is so inept at policing itself.

II.  DEFENDANTS' ARE THE PROPER SUBJECT FOR A SPECIAL PROSECUTOR

The above described conspiracy has deprived Rodriguez-father of constitutionally guaranteed rights to due process and equal protection of the laws, under both the U.C. Constitution, and the Constitution of the Commonwealth of Virginia, by employees of the government in both the Executive Branch and the Judicial Branch

By refusing to comply with past repeated request beginning in 2002 (Plaintiff's Exhibits 1, 2, 3, 4, 5), for an investigation and prosecution Defendants have established an "enterprise of a continuing" conspiracy. The purpose of the conspiracy is brutally simple and straightforward: to obstruct Rodriguez-father parental right and to punish him for seeking to exercise his statutory rights.

Defendants employed criminal or unlawful methods to achieve this goal. Thus, the matter becomes conspiratorial and consequently illegal. In this instance, illegal acts include not only the filing of fraudulent bar complaints, and issuing a *void* order advocating the depriving of Rodriguez-father of his business, profession and employment, but *actually* committing the illegal and unconstitutional act of obstructing with his parental right and rights to employment and admission into the Bar of the District of Colombia as an attorney by illegally revoking his license to practice law in Virginia-for Rodriguez-father exercising his statutory rights. Hence, to achieve their purpose,

Page -9-

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)

JURY TRIAL DEMANDED

Defendants have employed illegal means to do so, thus committing conspiracy.

What rights has this conspiracy by Defendants violated? First, Defendants have violated and obstructed with Rodriguez-father parental to teach his Son the duties and obligations of his U.S. citizenship, the enjoyment in the father/sons' relationship by refusing to secure visitations, by violating the fundamental right in the father/son relationship, and violated the right a father to petition Congress and the General Assembly of Virginia for the refusal of Defendants to comply with the Treaty and Va. Code, free of intimidation and punishment. Second, Defendants have violated Rodriguez-father duty as an attorney. All of these rights fall under the general terms of the First, Fifth, Ninth Amendment, and Fourteenth Amendments.

In order to prove conspiracy on the part of the Defendants, Rodriguez-father must show that Defendants knew the purpose of the conspiracy and agree to become a party to a plan to effectuate that purpose. An examination of the facts in the record proves this issue.

First, Defendants in response to the complaint to secure visitations filed on January 27, 2003 (Docket No. 03-0120), filed numerous fraudulent pleadings stating that no right or duty existed under the Treaty and Va. Code to secure visitation, and intentionally used legal sophistry to misinform the public and Congress by presenting the issue as a dispute over some esoteric Constitutional right and to secure "custody."

Second, both the Defendants employees of the Executive Branch and the Judicial Branch are aware of the Constitution of the United States, and the Treaty by the Supremacy Clause. Proof of this assumption is the fact the Defendants are required to take an oath of office,[8] in which they

---

[8]*See* 5 U.S.C. § 3331

Page -10-

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)

JURY TRIAL DEMANDED

"swear" to "support and defend the Constitution of the United States against all enemies . . . that I [affiant] will bear true faith and allegiance to the same . . . ." In addition, federal statute[9] requires Defendants to "execute an affidavit . . . that this acceptance and holding of office . . . does not or will not violate section 7311 of this title." Finally, the oath requires that the affiant [Defendants] "will well and faithfully discharge the duties of the office on which I [Defendants] am about to enter."

The Constitution, and the Treaty, obviously spells out the "duties of the office" that the Defendants hold and these duties include the securing of visitations and not obstructing the parental right of Rodriguez-father, not punishing for petitioning Congress, and not injuring and stigmatizing Rodriguez-father for exercising his statutory rights. Obviously, to "well and faithfully discharge the duties of the office" requires that the Defendants know what those duties are. Hence, the oath of office demonstrates knowledge of the duty to comply with the Treaty, and secure visitation.

As Defendants know of the duty, a simple examination of the record provides facts which establish that all the Defendants have agreed to become a party to the illegal enterprise to effectuate the purpose of this mutual agreement to conspiracy to obstruct with Rodriguez-father parental rights and to injure, stigmatize him for exercising his statutory rights. The Defendants' plan is, of course, is to preserve Defendants' unauthorized policies and Beltway political power, and as this obsession permeates all decisions made by Defendants, it certainly is well known to all conspirators/Defendants. By refusing to comply with the Treaty, and Va. Code, by refusing to investigate and prosecute violations of 18 U.S.C. § 4, § 371, § 1001, and § 1204, and by conspiring

---

[9]5 U.S.C. § 3333.

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)

JURY TRIAL DEMANDED

to injure and stigmatize Rodriguez-father in 18 U.S.C. § 241, and § 242, Defendants demonstrate

knowledge of the conspiracy and agreement to it.

As noted above, this conspiracy has oppressed the rights of Rodriguez-father by obstructing

his rights as a parent and preventing him from the free exercise or enjoyment of those rights as an

attorney, who for more than thirty years has worked in the public's interest.[10]

<u>CONCLUSION</u>

For these reasons, motion is made to also refer Defendants' violations of 18 U.S.C. § 4, §

241, § 242,  § 371, § 1001, and § 1204, to a Special Prosecutor.  Proposed order attached.

DATED this 2nd Day of June 2007.

Respectfully submitted,

_____
/s/Isidoro Rodriguez, Esq.

THE LAW OFFICES OF ISIDORO RODRIGUEZ
ATTORNEYS AND COUNSELORS AT LAW

<u>United States Office:</u>
2304 Farrington Avenue
Alexandria, Virginia 22303-1520
Telephones: 703.317.0526; Fax: 703.960.0225
Cell: 703.470.1457
Email: isidoror@earthlink.net

<u>South American Office:</u>
World Trade Center-Barranquilla
Calle 76 No. 54-11, Office 313
Barranquilla, Colombia, SA
Telephone: 011.5753.605288

---

[10]Rodriguez-father prior to entering military service in 1964, took the same oath as Defendants to protect the Constitution  "against all enemies, foreign and domestic."  The difference is that this oath has served as Rodriguez-father's moral benchmark both as an appointee in the Carter and Reagan Administrations, and later as a practicing attorney.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    :
ISIDORO RODRIGUEZ, ESQ.                 :
                                                    :
                          Plaintiff,       : CASE NO. 07-CV-00975 (PLF)
                                                    :
              v.                                    :
                                                    :
LEGAL TIMES, *et al.,*                        :
                                                    :
                          Defendants.    :
_____ :

ORDER (PROPOSED)

Based on the Plaintiff Isidoro Rodriguez, Esq's ("Rodriguez-father"), complaint, motion , supporting memorandum, and record in Docket No. 03-0120, the court finds sufficient evidence to suggest that the defendants in this matter may have violated 18 U.S.C. §§ 4, 241, 242, 371, 1001, and 1204, by conspiring to obstruct, oppress rights and privileges secured by the Constitution, Treaty and laws of the United States, as well as the Commonwealth of Virginia, and to injure and stigmatize Rodriguez-father for exercising said rights.

This court further determines as criminal violations are associated with such actions defendants lack immunity from such criminal penalties as prescribed by law.

This court therefore requests the Attorney General of the United States appoint a Special Counsel to investigate and prosecute the possible criminal violations of 18 U.S.C. §§ 4, 241, 242, 371, 1001, and 1204 by defendants. It is so ordered.

Dated this ____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

*Isidoro Rodriguez. Esq. v. Legal Times*, et al.,
Docket No. 07-Cv-0975 (PLF)

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies a copy of the Motion to Refer, Memorandum of Law,

Exhibits, and Order, were sent on June 2, 2007, to opposing counsels below by both ECM filing, and

telefax as well as U.S. Mail:

First Class U.S. Mail
Mr. Alberto Gonzales
Attorney General of the
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001

First Class First Class U.S. Mail
Clerk of the Court
Attn: Mr. Douglas B. Robelen
The Supreme Court of Virginia
100 North Ninth Street, Fifth Floor
Richmond, VA 23219

First Class U.S. Mail and
Telefax: 202.828.5393
and 703.528.8052
Mr. James Leroy Banks, Jr., Esq.
1ˢᵗ Vice Chair, VSB Disciplinary Board
Seyfarth & Shaw LLP, Suite 500
815 Connecticut Ave. N.W.
Washington, D.C.  20006-4004

First Class U.S. Mail and Telefax:
202.457.0718
Editor in Chief, *Legal Times*

1730 M Street, N.W.
Washington, D.C.  20036

First Class U.S. Mail and Telefax:
202.529.3298
Editor in Chief, The Washington Post
1150 15ᵗʰ Street, N.W.
Washington, D.C. 20036

First Class U.S. Mail
Office of United States Attorney
for the District of Columbia
555 Fourth Street, NW, Room 10-413
Washington, D.C.  20530-0001

First Class U.S. Mail and
Telefax: 804.7750501
Ms. Karen Ann Gould, Esq., President
Virginia State Bar
Eighth & Main Building
707 East Main Street, Suite 1500
Richmond, VA 23219-2800

First Class U.S. Mail and Telefax:
804.786.2071
Office of Attorney General
for the Commonwealth of VA
900 East Main Street
Richmond, Virginia 23219

First Class U.S. Mail
Hon. Leroy Rountree Hassell, Sr.
Chief Justice
The Virginia Supreme Court
100 North Ninth Street, Fifth Floor
Richmond, VA 23219

First Class U.S. Mail
Committee on Admissions
District of Columbia Court of Appeals
500 Indiana Avenue, N.W.–Room 43200
Washington, D.C.  20001

Via U.S. Certified Priority Mail
No. 7003 3110 0001 6587 8663

*Isidoro Rodriguez. Esq. v. Legal Times*, et al.,
Docket No. 07-Cv-0975 (PLF)

Via U.S. Certified Priority Mail
No. 7003 3110 0001 6587 8653
Hon. Judge John G. Roberts
Chief Justice of the United States Supreme
Court
1 First Street, N.E.
Washington, D.C.  20543

Hon. Judge Richard W. Roberts
U.S. District Court for D.C.
E. Barrett Prettyman
United States Courthouse
333 Constitution Avenue, N..W.
Washington, D.C.  20001

_____
/s/Isidoro Rodriguez, Esq.

THE LAW OFFICES OF ISIDORO RODRIGUEZ
ATTORNEYS AND COUNSELORS AT LAW

*Northern Virginia Office:*
7924 Peyton Forest Trail
Annandale, Virginia 22003
Telephone: 571.423.5066/telefax: 703.573.1571
Mobil: 703.470.1457
Email: isidoror@earthlink.net

*South American Office:*
World Trade Center
Calle 76 No. 54-11, Office 313
Barranquilla, Colombia
Telephone: 011.5753.605288
Telefax: 011.575.348001

Page -15-

# LAW OFFICES OF RODRIGUEZ, SIBLEY, & MENDOZA, L.L.P.
## ATTORNEYS AND COUNSELORS AT LAW

**Isidoro Rodriguez, Esq.**                **M. Blair Silbey, Esq.**                **Irene Rodriguez**
Admitted Virginia State Bar                Admitted NY, DC & Fl                Admitted Rep. of Colombia
                                    **Eduardo Mendoza de la Torre, Esq.**                Certified U.S. Paralegal
                                    Admitted NY & Rep. of Colombia

***Virginia Office:***                ***Washington, D.C. Office:***                ***South American Office:***
2304 Farrington Avenue                1717 K St., NW, Suite 600                World Trade Center
Alexandria, Virginia 22303-1627                Washington, D.C.   20036                Calle 76 No. 54-11, Suite 313
Telephone:703.317.0526                **Telephone: 202.508.3699**                Barranquilla, Colombia
e-mail:isidoror@earthlink.net                Fax:202.478.0371                Telephone: 011.575.3605288
                                    web: www.rodriguezandsibley.com

October 4, 2004

Mr. Paul J. McNulty
United States Attorney
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314

Subject:    **Criminal Complaint for violation of 18 U.S.C 1204**

Dear Mr. McNulty:

Subsequent to my letter to you of January 28, 2003, with the attach administrative complaint dated February 20, 2003 (copy enclosed), I now am writing to submit this letter as my Criminal Complaint for repeated violations of 18 U.S.C 1204,[1] since October 2001, by intentional act of the the National Center for Missing and Exploited Children, their employees, agents and attorney, and others, in collusion with Ms. Amalin  Hazbun Escaf, to obstruct my lawful exercise of my parental rights, including the right of the expedited securing of international visitation with my Son, Isidoro Rodriguez-Hazbun, pursuant to Treaty and ICARA, subsequent to the shanghaiing of from the United States to the Republic of Colombia.

To assist your investigation with background facts and law, I enclose a copy of a Petition for Writ of Mandamus and Prohibition to the United States Supreme Court, with Appendix filed this

---

[1] **18 U.S.C. § 1204 - International parental kidnapping.**

(a) Whoever. . . retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years, or both

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)
Motion for Special Prosecutor
Plaintiff's Exhibit 1

Page 1 of  2

date seeking an order to Defendant to cease and desist immediate unauthorized policies and practices, and to order their compliance with rights under the Joint Custody Agreement, pursuant to Articles 2, 11, and Chapter IV of the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, and 42 U.S.C. § 11603 and § 11601(4) of the International Child Abduction Remedies Act, so to secure on an expedited bases my Son rights of international visitation to the United States with me, his father, within 70 days for the 2004 Christmas vacation.

If either you or your staff have question please contact me by e-mail or my cell phone listed below.

Respectfully submitted

_____
Isidoro Rodriguez, Esq.
*Attorney for Petitioner*
Admission to the Bar of
The United States Supreme Court 1992

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)
Motion for Special Prosecutor
Plaintiff's Exhibit 1

# LAW OFFICES OF RODRIGUEZ, SIBLEY, & MENDOZA, L.L.P.
## ATTORNEYS AND COUNSELORS AT LAW

**Isidoro Rodriguez, Esq.**
Admitted Virginia State Bar

**M. Blair Silbey, Esq.**
Admitted NY, DC & Fl
**Eduardo Mendoza de la Torre, Esq.**
Admitted NY & Rep. of Colombia

**Irene Rodriguez**
Admitted Rep. of Colombia
Certified U.S. Paralegal

*Virginia Office:*
2304 Farrington Avenue
Alexandria, Virginia 22303-1627
Telephone:703.317.0526
e-mail:isidoror@earthlink.net

*Washington, D.C. Office:*
1717 K St., NW, Suite 600
Washington, D.C.   20036
**Telephone: 202.508.3699**
Fax:202.478.0371
web: www.rodriguezandsibley.com

*South American Office:*
World Trade Center
Calle 76 No. 54-11, Suite 313
Barranquilla, Colombia
Telephone: 011.575.3605288

October 14, 2004

Mr. Paul J. McNulty
United States Attorney
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314

Subject:     **Criminal Complaint for violation of 18 U.S.C 1204**

Dear Mr. McNulty:

   To assist your further in investigation of the above Criminal Complaints filed with your office on October 4, 2004, I attach my recent filing of this date with the Supreme Court of the United States to compel the Solicitor General to respond to my son's Petition for a Writ of Mandamus.

   If either you or your staff have question please contact me by e-mail or my cell phone listed below.

Respectfully submitted

_____
Isidoro Rodriguez, Esq.
*Attorney for Petitioner*
Admission to the Bar of
The United States Supreme Court 1992

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)
Motion for Special Prosecutor
Plaintiff's Exhibit 2

# LAW OFFICES OF RODRIGUEZ, SIBLEY, & MENDOZA, L.L.P.
## ATTORNEYS AND COUNSELORS AT LAW

**Isidoro Rodriguez, Esq.**      **M. Blair Silbey, Esq.**      **Irene Rodriguez**
Admitted Virginia State Bar      Admitted NY, DC & Fl      Admitted Rep. of Colombia
     **Eduardo Mendoza de la Torre, Esq.**      Certified U.S. Paralegal
     Admitted NY & Rep. of Colombia

*Virginia Office:*      *Washington, D.C. Office:*      *South American Office:*
2304 Farrington Avenue      1717 K St., NW, Suite 600      World Trade Center
Alexandria, Virginia 22303-1627      Washington, D.C.   20036      Calle 76 No. 54-11, Suite 313
Telephone:703.317.0526      **Telephone: 202.508.3699**      Barranquilla, Colombia
e-mail:isidoror@earthlink.net      Fax:202.478.0371      Telephone: 011.575.3605288
     web: www.rodriguezandsibley.com

October 22, 2004

Mr. Paul J. McNulty
United States Attorney
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314

Subject:     **Criminal Complaint for violation of 18 U.S.C 1204**

Dear Mr. McNulty:

     To assist you further in the investigation of the above Criminal Complaints filed with your office on October 4, 2004, I attach my recent October 19, 2004 letter to President George W. Bush regarding my recent filing  with the Supreme Court of the United States to compel the Solicitor General to respond to my son's Petition for a Writ of Mandamus.

        If either you or your staff have question please contact me by e-mail or my cell phone listed below.

           Respectfully submitted

_____

         Isidoro Rodriguez, Esq.
         *Attorney for Petitioner*
        Admission to the Bar of
    The United States Supreme Court 1992

*Isidoro Rodriguez v. Legal Times et al.,*
     Docket No. 07-cv-00975 (PLF)
     Motion for Special Prosecutor
     Plaintiff's Exhibit 3

# LAW OFFICES OF RODRIGUEZ, SIBLEY, & MENDOZA, L.L.P.
## ATTORNEYS AND COUNSELORS AT LAW

**Isidoro Rodriguez, Esq.**
Admitted Virginia State Bar

**M. Blair Silbey, Esq.**
Admitted NY, DC & Fl
**Eduardo Mendoza de la Torre, Esq.**
Admitted NY & Rep. of Colombia

**Irene Rodriguez**
Admitted Rep. of Colombia
Certified U.S. Paralegal

*Virginia Office:*
2304 Farrington Avenue
Alexandria, Virginia 22303-1627
Telephone:703.317.0526
e-mail:isidoror@earthlink.net

*Washington, D.C. Office:*
1717 K St., NW, Suite 600
Washington, D.C.   20036
**Telephone: 202.508.3699**
Fax:202.478.0371
web: www.rodriguezandsibley.com

*South American Office:*
World Trade Center
Calle 76 No. 54-11, Suite 313
Barranquilla, Colombia
Telephone: 011.575.3605288

December 13, 2004

Mr. Paul J. McNulty
United States Attorney
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314

Subject:     **Criminal Complaint for violation of 18 U.S.C 1204**

Dear Mr. McNulty:

To assist you further in the investigation of the above Criminal Complaints filed with your office on October 4, 2004, I provide you with a copy of United States Supreme Court Petition for Writ of Certiorari to the Supreme Court of Virginia and Court of Appeals of Virginia filed on December 5, 2004, and related motions filed this date in *Master Isidoro Rodriguez-Hazbun vs. National Center for Missing and Exploited Children, et al.*, Sup ct. Docket No. 04-724.

I fully appreciate your dilemma given the involvement of the Executive Branch in failing to comply with the Treaty and violating my rights as a father, however you too have your mandate to comply with the law.  Thus please advise me of the status of your investigation, or in the alternative your refusal to proceed so I can act expeditiously to exercise my rights to protect my Son.  If either you or your staff have question please contact me by e-mail or my cell phone listed below.

I wish you and you're a Happy Holiday Season and New Year.

Respectfully submitted

_____

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)
Motion for Special Prosecutor
Plaintiff's Exhibit 4

Isidoro Rodriguez, Esq.
*Attorney for Petitioner*

Attachments

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)
Motion for Special Prosecutor
Plaintiff's Exhibit 4

# LAW OFFICES OF RODRIGUEZ, SIBLEY, & MENDOZA, L.L.P.
## ATTORNEYS AND COUNSELORS AT LAW

**Isidoro Rodriguez, Esq.**
Admitted Virginia State Bar

**M. Blair Silbey, Esq.**
Admitted NY, DC & Fl
**Eduardo Mendoza de la Torre, Esq.**
Admitted NY & Rep. of Colombia

**Irene Rodriguez**
Admitted Rep. of Colombia
Certified U.S. Paralegal

*Virginia Office:*
2304 Farrington Avenue
Alexandria, Virginia 22303-1627
Telephone:703.317.0526
e-mail:isidoror@earthlink.net

*Washington, D.C. Office:*
1717 K St., NW, Suite 600
Washington, D.C.   20036
**Telephone: 202.508.3699**
Fax:202.478.0371
web: www.rodriguezandsibley.com

*South American Office:*
World Trade Center
Calle 76 No. 54-11, Suite 313
Barranquilla, Colombia
Telephone: 011.575.3605288

February 11, 2005

Federal Bureau of Investigation
7799 Leesburg Pike
Falls Church, Va 22030

Re:     **Criminal Complaint Filing - and request for investigation regarding ongoing conspiracy to violate 18 U.S.C § 2, § 242, and § 1204 as well as 42 U.S.C. § 1983 § 1985 and § 1986, to obstruct father's parental rights.**

Greetings:

Please find attached document relating to my filing of this criminal complaint with your Washington, D.C. Office of the Federal Bureau of Investigations, wherein I am alleging ongoing violations above criminal and civil rights statutes, which has obstruct my parental rights to visitation since June 11, 2002, pursuant to a Joint Custody Settlement Agreement, of Article 2, 20, and 21 of the Hague Convention on the Civil Aspects of International Child Abduction dated October 25, 1980 ("Treaty"), and Joint Congressional Concurrent Resolution 293 dated March 2000 ("Congressional Resolution").

I request expedited consideration based on the record that on February 28, 2003, October 4, 2004, and October 14, 2004, filed with United States Attorney Paul J. McNulty, both a request for investigation and a complaint pursuant to 18 U.S.C. § 1204.[1]  Subsequently, not only did the alleged

---

[1]**18 U.S.C. § 1204 - International parental kidnapping.**
(a) Whoever. . . retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years, or both

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)
Motion for Special Prosecutor
Plaintiff's Exhibit 5

Page 1 of  3

illegal acts increase during the almost two years since the original complaint was filed, but on January 4, 2005, I received a letter from Mr. Robert A. Spencer, Chief, Crim. Div. ED Va, stating that his office could not find any such complaint, and directed me to file with your office anew.

This complaint is filed against the enterprise and individual listed as Defendant parties in the attach First Amended Verified Complaint.

<u>BACKGROUND</u>

On January 27, 2003, I, individually, and pursuant to VA Code § 8.01-8, as father and next of friend of his now almost sixteen-old Son Master Isidoro Rodriguez-Hazbun ("Isidoro"), originally filed a civil rights action against the abuse of governmental authority for the issuance of a Writ of Mandamus to the Defendant United States Department of State, and its employees ("U.S. Central Authority *et al.*"); as well as its contractor acting at all times as an "instrumentality of government," the Defendant the National Center for Missing and Exploited Children, its employees, agents and attorneys ("NCMEC *et al.*"), to order their compliance with their ministerial duties under Article 2, 20, and 21 of the Treaty, and Congressional Resolution to expeditiously secure Rodriguez and Isidoro's right of international visitations under the Joint Custody Settlement Agreement, prior to Isidoro's 16th birthday on March 10, 2005. *Isidoro Rodriguez, father of Isidoro Rodriguez-Hazbun v. National Center for Missing and Exploited Children*, DC Dist Ct No. 03-0120 (Roberts, J).

Furthermore, in the above action I sought damages under *Bivens v. Six Unnamed Agents of the Federal Bureau of Investigation*, 403 U.S. 388 (1971)("*Bivens*"), the Federal Tort Claims Act 28 U.S.C. § 2671 *et al.* ("FTCA"), and 42 U.S.C. §§ 1985 and 1986, against the U.S. Central Authority *et al.* and the NCMEC *et al.*, for their wilful and negligent unauthorized policy and practice taught to Federal and Virginia judiciary that the Treaty usurped the fundamental Constitutional rights of U.S. citizens, causing the violations of: (a) Rodriguez and Isidoro's fundamental rights in their father/sons' relationship since July 13, 2001; (b) Isidoro's rights to the safety and opportunities of being in the United States and not be shanghaied to the Republic of Colombia ("Colombia") against his rights wishes on June 11, 2002; ( c ) obstruction with the lawful exercise of Rodriguez's parental rights for more than nine hundred and forty-five (945) days in violation of 18 U.S.C. §§ 4, 241 and 1204; and (d) Rodriguez's Fifth Amendment right to impartial access with the Federal courts for their meaningful consideration of the constitutional challenges to the unauthorized policies and practices of both Federal implementing state and regulations, in violation of rights on the U.S. Constitution and Treaty pursuant to 28 U.S.C. § 2403(a), Fed.R.AppP. 44, and United States Supreme Court Rule 29.4(a) and (b).

On February 7, 2005, I filed a First Amended Verified Complaint (attached) against the U.S. Central Authority and the NCMEC, based on the fact that subsequent to the filing two years ago of a Complaint I have discovered that with the motive of covering-up and continuing their unauthorized policy and practices, for the past 770 days the U.S. Central Authority et al. and the NCMEC et al.,

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)
Motion for Special Prosecutor
Page 2 of 3                    Plaintiff's Exhibit 5

have compounded their earlier violations Article III, § 2, Article IV § 2, and I, V, IX & XIV Amendments to the U.S. Constitution, Articles 13b, 20, and 29 of the Treaty, by undertaking a conspiracy with Defendant United States Department of Justice, Office of Justice Programs, Office of Juvenile Justice and Delinquency Prevention, and judges of both the Federal and Commonwealth of Virginia: (A) to violate 42 U.S.C. § 1983 et seq., and 18 U.S.C. § 1204 by obstructing the lawful exercise of my parental rights, including the right to have the U.S. Central Authority and the Courts of Virginia to expeditiously secure visitations pursuant to Articles 2, 11, 20, 21, and 29 of the Treaty, and UCCJEA VA Code § 20-146.25, subsequent to the shanghaiing of Isidoro from the United States on June 11, 2002; (B) in violation of Article 24 of the International Covenant on Civil and Political Rights ("ICCPR"), U.N.T.S. No. 14668, vol. 999 (1976), p. 171 (ratified June 1992), 18 U.S.C. § 4 and § 241 to repeatedly conceal their unlawful acts; and ( C ) in violation of the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68 (A), Article IV § 2, and the V Amendment to the Constitution to deprive and to damage my property right in my legal profession as an active member of the Virginia State Bar in good standing since 1982.

If either you or your staff have question please contact me by e-mail or my cell phone listed below.

Respectfully submitted

_____

Isidoro Rodriguez, Esq.

cc:     Criminal Section
        U.S. Department of Justice
        Civil rights Division
        950 Pennsylvania Ave., NW
        Criminal Section PHB
        Washington, D.C. 20530

        Mr. Paul J. McNulty
        Mr. Robert A. Spencer, Chief, Criminal Division
        United States Attorney
        Eastern District of Virginia
        2100 Jamison Avenue
        Alexandria, Virginia 22314

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)
Motion for Special Prosecutor
Page 3 of 3                    Plaintiff's Exhibit 5