## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ISIDORO RODRIGUEZ,**

**Plaintiffs,**

v.                                                      **1:07-cv-00975-PLF**

**LEGAL TIMES, et al.,**

**Defendants.**

### RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

COME NOW the Supreme Court of Virginia, Honorable Leroy Rountree Hassell, Sr., Karen Ann Gould, Esquire, Ms. Noel D. Sengel, James Leroy Banks, Jr., Esquire, William Carlyle Boyce, Jr., Esquire, William Ethan Glover, Esquire, Glenn M. Hodge, Esquire, Mr. Stephen A. Wannall, Davis J. Gogal, Esquire, Daniel M. Rathbun, Esquire, Edward V. O'Connor, Jr., Esquire, Mr. John W. diZerega, Office of the Attorney General for the Commonwealth of Virginia, Catherine Crooks Hill, Esquire, The Court of Appeals of Virginia, The Fairfax County Circuit Court, The Fairfax County Juvenile and Domestic Relations District Court and Judge Thomas Mann, collectively the "Virginia State Defendants," by counsel,[1] pursuant to LCvR 65.1(c) and (d), and respectively request this Honorable Court to deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, for the reasons set forth more fully as follows:[2]

---

[1] The undersigned counsel appears pursuant to Local Rule 83.2(f).

[2] This response is brought on behalf of all Virginia State Defendants, whether sued in their official capacity or individual capacity. In making this response, the Virginia State Defendants do not waive any of the defenses available to them under Fed. R. Civ. P. 12 or otherwise, including, but not limited to, the defenses of Eleventh Amendment, judicial immunity, prosecutorial immunity, as well as the abstention and *Rooker-Feldman* doctrines.

## Preliminary statement

As this Court well knows, at the heart of this matter is Plaintiff Rodriguez's disagreement with both federal and state court decisions regarding his underlying custody and visitation dispute with his ex-wife over their son. *See, e.g., Rodriguez v. NCMEC*, U.S.D.C., D.C., No. 03-0120, cert denied 543 U.S. 1147 (2005); *In re Rodriguez*, 2005 U.S. App. LEXIS 22400 (D.C. Cir. Oct. 14, 2005), cert denied 126 S. Ct. 1902 (2006); *In re Rodriguez*, 546 U.S. 1088 (2006) (petition for writ of mandamus denied); 543 U.S. 1020 (2004) (petition for writ of mandamus or prohibition denied); 540 U.S. 944 (2003) (petition for writ of mandamus denied); 535 U.S. 969 (2002) (petition for writ of mandamus denied); *Hazbun Escaf v. Rodriguez,* 191 F. Supp. 2d 685 (E.D. Va. 2002); *Escaf v. Rodriguez,* 200 F. Supp. 2d 603 (E.D. Va. 2002), 52 Fed. Appx. 207 (4th Cir. 2002), cert denied 538 U.S. 1000 (2003).

More recently, Rodriguez's license to practice law in the Commonwealth of Virginia was revoked by the Virginia State Bar Disciplinary Board on October 27, 2006. This latest suit is also an attempt to interfere with the results of his Virginia disciplinary proceedings, which he has appealed to the Supreme Court of Virginia.[3]

While the Virginia State Defendants and this Court may be sympathetic to his plight, Plaintiff's suit and pending Motion for TRO and Preliminary Injunction are inappropriate. In fact, as an attorney, Rodriguez should know that his suit against the Virginia State Defendants, all judges, courts and administrative agencies of the Commonwealth of Virginia, and counsel thereto, is without merit.

---

[3] Rodriguez's request to enjoin the June 5, 2007 oral argument before the Supreme Court of Virginia in *Isidoro Rodriguez v. Virginia State Bar*, Record No. 070283, is now moot.

## Plaintiff's Motion for Preliminary Injunction should be denied

The grant of a preliminary injunction is a drastic and unusual judicial measure. *Marine Transport Lines, Inc. v. Lehman*, 623 F. Supp. 330, 334 (D.D.C. 1985). The criteria that govern the issuance of temporary and preliminary injunctive relief in the District of Columbia are well-settled. Issuance of a preliminary injunction is appropriate only if the movant clearly demonstrates that: (1) a strong likelihood of prevailing on the merits of its claim; (2) that without injunctive relief he will suffer irreparable harm; (3) that, balancing hardships, the issuance of an injunction will not substantially harm other interested parties; and (4) that the public interest favors the requested injunction. *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985); *Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843-44 (D.C. Cir. 1977); *see also Sea Containers, Ltd. v. Stena AB*, 890 F.2d 1205, 1208 (D.C. Cir. 1989); *Virginia Petroleum Jobbers Asso. v. Federal Power Commission*, 259 F.2d 921, 925 (D.C. Cir. 1958).

The Court should balance the strengths of the requesting party's arguments in each of these required areas. *CityFed Financial Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995). This balancing test is a flexible one, permitting a court to issue injunctive relief when the likelihood of success is high, although probability of irreparable harm may be low, and vice versa. *See Population Institute v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986). Nevertheless, although it is a flexible standard, both elements of likelihood to prevail and irreparable harm must be shown. *United Mine Workers of Am. v. International Union, United Mine Workers of Am.*, 412 F.2d 165, 167 (D.C. Cir. 1969).

In this case, Plaintiff cannot meet the first prong of this test and for this reason alone his motion should be denied. Rodriguez has not and cannot show a strong likelihood of prevailing on the merits. In fact, Plaintiff has been fully heard in federal court in Virginia and the District of Columbia, where he did not prevail. *See, e.g., Hazbun Escaf v. Rodriguez, supra; Rodriguez v. NCMEC, supra.*[4]

Further, this Court is without jurisdiction over Plaintiff's claims based upon principles of Eleventh Amendment immunity, judicial and prosecutorial immunity, the abstention doctrine, and what has become known as the *Rooker-Feldman* doctrine. *See* U.S. Const. amend. XI; *Stump v. Sparkman,* 435 U.S. 349 (1978) (holding that judges are entitled to judicial immunity for actions taken within their jurisdiction); *Younger v. Harris,* 401 U.S. 37 (1971) (holding that federal courts should abstain from exercising jurisdiction over matters relating to pending state court proceedings); *see also Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423 (1982) (holding that federal courts should abstain from interfering with ongoing disciplinary proceedings within the jurisdiction of the state supreme court); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983) (holding that federal courts do not have jurisdiction to review final decisions rendered by a state court).

Similarly, Plaintiff has not and cannot demonstrate that he will suffer irreparable harm if an injunction is not issued. In this regard, any alleged injury that purportedly will result "must be both certain and great; it must be actual and not theoretical." *Wisconsin Gas Co. v. Federal Energy Regulatory Comm'n,* 758 F.2d at 674. The plaintiff must

---

[4] Nor is he likely to prevail in his disciplinary appeal to the Supreme Court of Virginia.

show that "'the injury complained of [is] of such imminence that there is a 'clear and present' need for equitable relief to prevent irreparable harm.'" *Id., quoting Ashland Oil, Inc. v. FTC*, 409 F. Supp. 297, 307 (D.D.C.), *aff'd*, 548 F.2d 977 (D.C. Cir. 1976) (citations and internal quotations omitted in Court's citation).    Again, Plaintiff's underlying custody and visitation dispute with his ex-wife dates back to as early as 2001, when Rodriguez filed suit in Fairfax County Juvenile and Domestic Relations Court. *See Hazbun Escaf v. Rodriguez,* 191 F. Supp. 2d at 688.  Simply put, Plaintiff cannot show a clear and present need for the extraordinary equitable relief which he now seeks.

Finally, Plaintiff has not and cannot meet his burden of establishing that his requested relief will not substantially harm the Virginia State Defendants or that public interest favors his requested relief.  Clearly, the Virginia courts would be substantially prejudiced by any injunction issued in favor of Rodriguez, since his requested relief would necessarily deprive the courts of the Commonwealth of its inherent judicial powers.

Furthermore, the very law which Plaintiff frequently recites in favor of his requested relief, the Hague Convention, makes clear that public interest disfavors Rodriguez's requested relief.    The Hague Convention establishes legal rights and procedures for the prompt return of children who have been "wrongfully removed to or retained in" a nation that is party to the Convention.  Hague Convention, art. 1; 42 U.S.C. § 11601(a). As the United States District Court for the Eastern District of Virginia noted, "the primary purpose of the Hague Convention is 'to preserve the status quo' with respect to child custody and to deter feuding parents from 'crossing international boundaries in

search of a more sympathetic court." *Hazbun Escaf v. Rodriguez,* 191 F. Supp. 2d at 688, quoting *Miller v. Miller,* 240 F.3d 392, 398 (4th Cir. 2001).

For all the foregoing reasons, Rodriguez's motion for preliminary injunction should be denied.

### Plaintiff's Motion for TRO should be denied

A temporary restraining order ("TRO") is an extraordinary remedy and should not be granted lightly. *See Experience Works, Inc. v. Chao,* 267 F. Supp. 2d 93, 96 (D.D.C. 2003); *see also FTC v. Exxon Corp.,* 636 F.2d 1336, 1343 (D.C. Cir. 1980). The moving party has the burden of showing: (1) a substantial likelihood of success on the merits; (2) that it would suffer irreparable injury in the absence of such relief; (3) that the TRO would not substantially injure other interested parties; and (4) that the public interest would be served if the TRO is granted. *See id. (citing Katz v. Georgetown Univ., 246 F.3d 685, 687-88 (D.C. Cir. 2001)).* For the reasons stated herein above, Plaintiff has not and cannot meet his burden and therefore his requested relief should be denied.

Finally, Rodriguez's dissatisfaction with the results of his previous litigation in state and federal courts, including judicial rulings made by the Virginia State Defendants, should be pursued by appealing to the appropriate court. It is inappropriate for him to continue to misuse the judicial system to sue state and federal courts and judges solely based upon his dissatisfaction with their judicial rulings. Clearly, Plaintiff has an adequate remedy: appeal. That his appeal attempts have been unsuccessful is of no consequence.

WHEREFORE, for all of the foregoing reasons, the Virginia State Defendants respectfully request this Honorable Court to deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and grant any other relief deemed appropriate. Further, in the interest of judicial economy, and pursuant to Local Rule 65.1 (d), the Virginia State Defendants respectfully request this Honorable Court to decide Plaintiff's motion on the papers.

Respectfully submitted,

Supreme Court of Virginia,
Court of Appeals of Virginia,
Honorable Leroy Rountree Hassell, Sr.
Karen Ann Gould, Esquire
Ms. Noel D. Sengel
James Leroy Banks, Jr., Esquire
William Carlyle Boyce, Jr., Esquire
William Ethan Glover, Esquire
Glenn M. Hodge, Esquire
Mr. Stephen A. Wannall
Davis J. Gogal, Esquire
Daniel M. Rathbun, Esquire
Edward V. O'Connor, Jr., Esquire
Mr. John W. di Zerega
Office of the Attorney General for the
    Commonwealth of Virginia
Catherine Crooks Hill, Esquire
The Fairfax County Circuit Court
The Fairfax County Juvenile and Domestic
    Relations District Court
Judge Thomas Mann
Defendants herein,


*/s/ Catherine Crooks Hill*

_____
Catherine Crooks Hill
Assistant Attorney General

ROBERT F. McDONNELL
Attorney General of Virginia

MAUREEN RILEY MATSEN
Deputy Attorney General

PETER R. MESSITT
Senior Assistant Attorney General & Chief

CATHERINE CROOKS HILL, VSB No. 43505
MIKE F. MELIS, VSB No. 43021
Assistant Attorneys General
900 East Main Street
Richmond, Virginia 23219
Phone: (804) 786-8199
Fax: (804) 371-2087

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2007, I electronically filed the foregoing

Response to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction

with the Clerk of the Court using the ECF system and mailed a copy, postage fully prepaid,

to:

> Isidoro Rodriguez
> 7924 Peyton Forest Trail
> Annandale, Virginia 22003-1560

> /s/ *Catherine Crooks Hill*       .
> Catherine Crooks Hill
> Assistant Attorney General