UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                           :
ISIDORO RODRIGUEZ, ESQ.                    :
                                           :
                    Plaintiff,             : CASE NO. 07-CV-_____
                                           :
          v.                               :
                                           :
LEGAL TIMES, *et al.*,                     :
                                           :
                    Defendants.            :
_____:

PLAINTIFF'S REPLY IN SUPPORT OF THE ISSUANCE OF A
TEMPORARY RESTRAINING ORDER  AND A PRELIMINARY INJUNCTION

Plaintiff Isidoro Rodriguez's ("Rodriguez-father") in support of his motion for the issuance of a TRO/Preliminary Injunction to enjoin the on going deprivation of his rights as an attorney at law to due process and equal protection of the laws state that the law and facts show that the Virginia State Bar ("VSB") Disciplinary System and Virginia Supreme Court have acted outside of their respective ministerial and judicial capacity in violations of the restrictions placed on them under Art. VI § 1 and § 5 of the Constitution of Virginia, and the mandates of the General Assembly of Virginia under VA Code §§ 54.1-3915, and 54.1-3935; and, that Rodriguez-father is being irreparable harm by the criminal conspiracy in violate the protections of 18 U.S.C. §§ 241 and 242, and  VA Code §§ 54.1-3915, which has injured, punish, stigmatized, and prevented him from being employed as an attorney,[1] based on his seeking to enforce and exercise his Treaty and statutory rights.  Thus Rodriguez-father has established that he will both prevail and is suffering irreparable harm.

---

[1] Rodriguez-father has for more than 31 years has been employed only in the capacity of either as a legal policy advisor in two political appointments to the White House, or as in-house general counsel, or as a practicing litigation attorney, thus at age 61 year-of-age, it cannot be seriously argued that both he and his family are not being irreparably harmed by his being unemployed and stigmatized by the *void* order, just when his Son is able to leave the Republic of Colombia to return to the Virginia to enter University.

## CONSTITUTION OF VIRGINIA INVOLVED

Article VI, Section 1. Judicial power; jurisdiction. — The judicial power of the Commonwealth shall be vested in a Supreme Court and in such other courts of original or appellate jurisdiction subordinate to the Supreme Court as the General Assembly may from time to time establish.

Article VI, Section 5. Rules of practice and procedure. — The Supreme Court shall have the authority to make rules governing the course of appeals and the practice and procedures to be used in the courts of the Commonwealth, but such rules shall not be in conflict with the general law as the same shall, from time to time, be established by the General Assembly.

## SECTIONS OF THE VIRGINIA CODE INVOLVED

VA Code § 54.1-3915. Restrictions as to rules and regulations.
Not withstanding the foregoing provisions of this article, the Supreme Court shall not promulgate rules or regulations prescribing a code of ethics governing the professional conduct of attorneys which are inconsistent with any statute; nor shall it promulgate any rule or regulation or method of procedure which eliminates the jurisdiction of the courts to deal with the discipline of attorneys. In no case shall an attorney who demands to be tried by a court of competent jurisdiction for the violation of any rule or regulation adopted under this article be tried in any other manner.

Virginia Code § 54.1-3935. <u>Procedure for revocation of license</u>.
A. If the Supreme Court, the Court of Appeals, or any circuit court of this Commonwealth observes, or if a complaint, verified by affidavit is made by any person to such court, that any attorney has . . . violated the Virginia Code of Professional Responsibility, the court may assign the matter to the Virginia State Bar for investigation. Upon receipt of the report of the Virginia State Bar, the court may issue a rule against such attorney to show cause why his license to practice law shall not be revoked. If the complaint, verified by affidavit, is made by a district committee of the Virginia State Bar, the court shall issue a rule against the attorney to show cause why his license to practice law shall not be revoked.

## DISCUSSION

I.   <u>The Supreme Court of Virginia violation of the Constitution and Va. Code</u>

History reports that Napoleon at his coronation took the imperial crown out of the hands of the Pope and crowned himself.  However, neither do Judges of the Commonwealth of Virginia, nor do its agent in the Virginia State Bar, have a similar prerogative.

It is a Constitutional benchmark that court that does not have jurisdiction cannot assume it. Similarly, the Virginia State Bar cannot assume the role of a judicial body or court.

The United States Supreme Court cases have stated that a judge who acts where he does not have jurisdiction is engaged in treason. *U.S. v. Will*, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); *Cohens v. Virginia,* 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821). This also would hold to for the agents of the judicial branch.

It was hoped thought the long litigation that the judicial branch would not engage in treason, whether deliberately or not deliberately.

The United State Supreme Court stated that:

> Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply VOID, AND THIS EVEN PRIOR TO REVERSAL." (Emphasis added). *Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 41 S.Ct. 116 (1920).

See also *Old Wayne Mut. I. Assoc. v. McDonough*, 204 U.S. 8, 27 S.Ct. 236 (1907); Williamson v. Berry, 8 How. 495, 540, 12 L.Ed. 1170, 1189 (1850); *Rose v. Himely*, 4 Cranch 241, 269, 2 L.Ed. 608, 617 (1808).

There are many cases that hold that a judge has no lawful authority to make a void order valid. An order issued based on a void order is itself void.

Having stated the above, the instant motion is an outgrowth where the Virginia State Bar acted entirely without judicial authority or jurisdiction. Since it had neither judicial authority nor jurisdiction, all actions derived from the void orders of October 27, and November 28, 2006 are void. i.e., *Eugene W. Alpern v. Philip S. Lieb,* 38 F.3d 933 (7th Cir. 1994).

An inspection of the record has shown, and does show, that the orders issued by the Virginia State Bar were void, and therefore the purported decision made by the panel were also void, since none of the members of the Virginia State Bar Disciplinary Board are judges, or a court, and therefor lack jurisdiction under the Constitution of Virginia and Va. Code.

The statement to the effect that Rodriguez-father is attempting to enlist the federal

courts on his side to "interfere with the results of his Virginia disciplinary proceedings, which he has appealed to the Supreme Court of Virginia," is false, since there was no lawful Virginia State Bar proceeding which took place.

Further, the officers of the court, the opposing counsel, committed a "fraud upon the court" by their failure to inform the Supreme Court of Virginia that the Virginia State Bar was acting without any judicial authority or jurisdiction, and therefore they could not issue a valid order.

By committing a "fraud upon the court", they deprived the Supreme Court of Virginia of jurisdiction and that fact is also an additional reason why this Court must grant the motion for TRO/Injunction. The Supreme Court of Virginia has refused to date to declare that there was no jurisdiction under the Constitution of Virginia and Va. Code for the Virginia State Bar to assume a judicial role and issue orders without jurisdiction, and were void.

It has been and is the Supreme Court of Virginia's responsibility to affirmatively seek out the facts that determine whether the Virginia State Bar has judicial authority or jurisdiction.

However, given the record the Supreme Court of Virginia has violated their duty to comply with the restrictions upon them placed by both the Constitution of Virginia and Va. Code.

While a court without jurisdiction has no lawful authority to hear and act in a case, all courts have the lawful authority to vacate any and all void orders.

Since under the principle of law established in *Vallely*, the orders being *void ab initio*, there is no reason for Rodriguez-father to have the *void orders* reversed, as they had no legal force or effect. Thus the motion for a TRO/Injunction is both the only appropriate collateral attack to protect his property rights in his business and profession.

Courts have no lawful authority to enforce *void orders*, as has been attempted by the Commonwealth of Virignia. No judge should be indifferent to the evils of tyranny to enforce a *void order*. No judge has lawful authority to spread a void order upon the records of the court. Also

where any "fraud upon the court" occurs, the orders of that court are void. *U.S. v. Throckmorton*, 98 U.S. 61, 25 L.Ed. 93 (1878); *Hazel-Atlas Glass Co. v. Hartford-EmpireCo.*, 322 U.S. 238, 64 S.Ct. 997 (1943).

Just as the Virginia State Bar did not have lawful authority, the Supreme Court of Virginia did not have lawful authority to do anything but to vacate all void orders. To date they have refused to do so, and for more than seven months Rodriguez-father has suffered irreparably harm to his reputation by the stigma of having his license revoked.

The question is what will these jurist tell their Maker when you appear before Him, and He inquires why you anointed yourself to violate the Constitutions of the United States and the Commonwealth of Virginia, when the law did not give you any lawful authority to act? And why, without any lawful authority, did you injure, punish, and stigmatize Rodriguez-father for his complying with the law to enforce and protect his rights as a father, and property rights in his perfected Virginia Attorneys' lien? And the on going attempting to prevent Rodriguez-father from vacating the *void orders* of the Virginia State Bar by slander and defamation of him?

As long as the *void orders* issued by the Virginia State Bar are on the books, published on the World Wide Web, and cited, and the Supreme Court of Virginia has not vacated all the *void orders*, the Commonwealth of Virginia is committing a "fraud upon the court." Under law, the ink is never dry in a *void order*. Courts have held that a *void order* is nothing but a blank piece of paper.

This Reply does not include the many violations of the U.S. Constitution by the Federal judges in this action, which further vitiates all actions taken by the courts to date.

This Court has the lawful authority to prospectively issue a TRO/Injunction to *sua sponte* vacate the void orders, and enjoin the illegal proceedings of the Virginia State which are in violation of the Constitution of Virginia and Va. Code, the First, Fifth and Fourteenth Amendments to the United States Constitution.

As long as the Virginia State Bar's *void orders* remain revoking Rodriguez-father's license to practice law for enforcing his statutory rights and rights under Treaty to seek damages for the obstruction of his parental rights, and enforce his perfected property rights in this Virginia Attorney's Lien the Supreme Court of Virginia has made a mockery of the judiciary. As judges, that Court has a duty to protect the sanctity of, and the integrity of, the court.  Unless the *void orders* are acknowledged as *void*, they have taken the place of Napoleon, to declare that they are above the Constitution of Virginia and Va. Code.

II.   THERE CANNOT BE A VALID APPEAL OF THE VIRGINIA STATE BAR *VOID* ORDER

VA. Code 54.1-3935, spells out in detail the procedure and appeal process which the General Assembly of Virginia has mandate that the courts of Virginia follow to revoke the license of a Virginia attorney.

The record show that because the Virginia State Bar is not a court, and has no judicial authority, the entire statutory procedure has not been followed by the Virginia State Bar Disciplinary System.

In sum, the Supreme Court of Virginia illegally created judicial body in violation of Article VI § 1 and § 5 of the Constitution of Virginia.  It has delegated authority in violation of Va. Code §§ 54.1-3915, and 54.1-3935, to permit the Virginia State Bar to act as a kangaroo court to revoke Rodriguez-father's license to practice law.

Consequently, when on June 5, 2007, Rodriguez-father's appeared at surreal oral argument,[2] it he did not waive his rights to challenge by the instant collateral attach on the *void* order nor did it  make the instant motion for a TRO/Injunction to enjoin the illegal proceedings before the

---

[2] The panel of the Supreme Court of Virginia did not ask one question, or challenge any of Rodriguez-father's arguments of fact or law. The only response that the Commonwealth's Attorney made was that the Rules of the Supreme Court of Virginia gave the Virginia authority to revoke Rodriguez-father's license.

Supreme Court of Virginia moot.

Based on the *void order doctrine*, no valid appeal could be taken from the Virginia State Bar's violation of the Constitution of Virginia and Va. Code.

"[The affirmance by an appellate court of a void judgment imparts to it no validity...." *Pioneer Land Co. v. Maddux*, 109 Cal. 633, 642 (1895). As the California Court of Appeal held in *Adohr Milk Farm:, Inc. v. Love*, 255 Cal.App.2d 366, 371 (1967), ". . . a *void order* is appealable does not permit us to consider the appeal on its merits and to affirm [or reverse] the order if we were so disposed, because our affirmance [or reversal] would impart no validity and would be similarly void." For this reason the Supreme Court of Virginia could not consider the merits of the *void order* on appeal, since it could not impart any validity to the appealable but *void order*. "A *void* judgment is one that has been procured by extrinsic or collateral fraud, or entered by a court that did not have jurisdiction over the subject matter or the parties." *Rook v. Rook*, 233 V. 92, 353 S.E2d 756, 758 (1987).

III.     COLLATERAL ATTACK OF THE *VOID ORDER*

The doctrine of claim preclusion generally bars a party from challenging in a separate proceeding issues that were or could have been determined in a prior, litigated action between the same parties. That principle applies to the issue of subject matter jurisdiction, with limited exceptions.

The Restatement articulates the rule as follows:

When a court has rendered a judgment in a contested action, the judgment precludes the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation except if:
   (1) The subject matter of the action was so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority; or
   (2) Allowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government; or
   (3) The judgment was rendered by a court lacking capability to make an adequately informed determination of a question concerning its own jurisdiction and as a matter of procedural fairness the party seeking to avoid the judgment should have opportunity belatedly to attack the court's subject matter jurisdiction."Restatement at § 12 (emphasis

added).

The above rest on the on the premise that the proceeding had the sanction of law. In short if the question of subject judicial capacity or jurisdiction is challenged and is decided erroneously, and a *void* judgment is allowed to stand in the face of the fact that the Virginia State Bar lacked judicial capacity or jurisdiction, then the principle of validity is compromised. On the other hand, if the judgment remains indefinitely subject to attack for a defect of jurisdiction, then the principle of finality is compromised.

In the instant action, despite repeated efforts during the past nine months to have the Supreme Court of Virginia, the United States Court of Appeals for the Fourth Circuit, the United States Tax Court, and the Admission Committee for the Court of Appeals for the District of Columbia review and vacate the *void* proceedings and orders of the Virginia State Bar, Rodriguez-father has been inured, punish and stigmatized by the revoking of his license to practice law.

IV.     The Eleventh Amendment Does Not Bar This Action

Defendants next claim that this Court lacks subject matter jurisdiction over this action pursuant to the Eleventh Amendment to the U.S. Constitution. Again, Defendants' argument is off-base.

The Defendants do not enjoy the purported protection of the Eleventh Amendment as "the Eleventh Amendment does not protect state employees sued in their individual capacity for employment-related acts." *Jackson v. Georgia Dept. of Transportation*, 16 F.3d 1573 1575 (11th Cir. 1994). Furthermore, Defendants do not enjoy the purported protection of the Eleventh Amendments for acts done outside of their ministerial or judicial capacity, and particularly criminal acts in violation of 18 U.S.C. § 4, § 241, § 242, § 371, § 1001, and § 1204.

The allegations in the complaint and the motion for TRO/Injunction plainly challenge the

Defendants in a suit for their violations of law in their individual capacities and for the criminal conspiracy to injure, punish, and stigmatized Rodriguez-father for exercising his rights under Treaty, Va. Code and Federal Statute, thus as such, the Eleventh Amendment provides them no protection.

IV.     The Eleventh Amendment Does Not Bar Rodriguez-Father's Claims

In his motion, Rodriguez-father seek injunctive relief against the Virginia State Ba's *void* order and the Supreme Court of Virginia acts outside of their ministerial and judicial capacity and jurisdiction in violation due process and equal protection of the Treaty, and Va. Code, which is guaranteed by the Fifth and Fourteenth Amendment to the U.S. Constitution and Article VI § 1 and § 5 of the Constitution of Virginia.[3]

Additionally, in *Miller v. King,* 384 F.3d 1248 (11th Cir 2004) the Court recognized that a plaintiff,

> may bring a § 1983 action against state officials in their official capacities, but only for prospective, injunctive relief. *Will*, 491 U.S. at 71 n. 10, 109 S.Ct. at 2312 n. 10 (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, (1985)); *Ex parte Young*, 209 U.S. 123, 159-60 (1908); see *Edwards*, 49 F.3d at 1524.  Further, the Eleventh Amendment does not prohibit a plaintiff from suing state officials in their official capacities for prospective injunctive relief.'" *Id.* at 1260.

Hence plainly, the Eleventh Amendment is not a bar Rodriguez-father's motion for a TRO/Injunction to enjoin a *void* order which has injured, punish and stigmatized him in violation of 18 U.S.C. § 4, § 241, § 242, and § 1204.

CONCLUSION

For the above reasons, this court must grant the TRO/Injunction to enjoin the *void* procedure of Defendant Virginia State Bar ("VSB") Disciplinary System, enjoin the *void* order of Defendant VSB

---

[3] In this context it has been recognized that a plaintiff "may sue state officials in their individual capacities under §1983 and recover monetary damages, but only if such persons are not entitled to qualified immunity. See *D'Aguanno v. Gallagher*, 50 F.3d 877, 879 (11th Cir. 1995)." *Id.* at 1260.

of November 27, 2006 (Exhibits 3 and 4), and enjoin the Defendant Virginia Supreme Court violation of based on the general violations the First, Fifth and Fourteenth Amendment to the United States Constitution, and 18 U.S.C. §§ 4, 241, 242, 1001, and 1204; enjoin the Defendants *Legal Times* and *Washington Post*, posting on the World Wide Net or publishing false, misleading, and defamatory news articles, and enjoin the Defendant Committee on Admissions Court of Appeals of Virginia giving validity to the *void* order, thereby denying him his right to employment in the District of Columbia.

_____
Isidoro Rodriguez

*Law Office of Isidoro Rodriguez*

<u>United States Office:</u>  
7924 Forest Peyton Trail  
Annandale, Virginia 22003-1560  
Telephones: 703.573.1571  
e-mail:isidoror@earthlink.net  
Cell phone: 703.470.1457

<u>South American Office:</u>  
World Trade Center  
Calle 76 No. 54-11, Office 313  
Barranquilla, Colombia  
Telephone: 011.575.348001

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies a copy of the Reply in Support of the Motion for TRO and Preliminary Injunction was sent on June 6, 2007, to opposing counsels below ECM and by First Class U.S. Mail Postage prepaid:

| | |
|---|---|
| Editor in Chief<br>*Legal Times*<br>1730 M Street, N.W.<br>Washington, D.C.  20036 | Office of Attorney General<br>for the Commonwealth of VA<br>900 East Main Street<br>Richmond, Virginia 23219 |
| Editor in Chief<br>The Washington Post<br>1150 15th Street, N.W.<br>Washington, D.C. 20036 | Committee on Admissions<br>District of Columbia Court of Appeals<br>500 Indiana Avenue, N.W.–Room 43200<br>Washington, D.C.  20001 |

_____
Isidoro Rodriguez, Esq. (VSB #21573)

THE LAW OFFICES OF ISIDORO RODRIGUEZ
ATTORNEYS AND COUNSELORS AT LAW

| | |
|---|---|
| *Northern Virginia Office:*<br>7924 Peyton Forest Trail<br>Annandale, Virginia 22003<br>Telephone: 571.423.5066/telefax: 703.573.1571<br>Mobil: 703.470.1457<br>Email: isidoror@earthlink.net | *South American Office:*<br>World Trade Center<br>Calle 76 No. 54-11, Office 313<br>Barranquilla, Colombia<br>Telephone: 011.5753.605288<br>Telefax: 011.575.348001 |