UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ :
ISIDORO RODRIGUEZ, ESQ.                    :
                                           :
                    Plaintiff,             : CASE NO. 07-CV-0975-PLF
                                           :
        v.                                 :
                                           : EMERGENCY ORAL ARGUMENT
LEGAL TIMES, *et al.*,                     : AND CONSIDERATION
                                           :  REQUESTED BY JUNE 21, 2007)
                    Defendants.            :
_____:

PLAINTIFF'S SECOND MOTION FOR TEMPORARY RESTRAINING ORDER
 AND A PRELIMINARY INJUNCTION

Plaintiffs Isidoro Rodriguez, Esq. ("Rodriguez-father"), files this his second motion for the issuance of an Emergency Temporary Restraining Order and Preliminary Injunction to enjoin the *void* procedures and orders of the Supreme Court of Virginia and their agent, the Virginia State Bar ("VSB"), and the ratifying a *void* order by denying a hearing on his application for admission by the Committee of Admissions of the District of Columbia Court of Appeals, and their acts of collusion since 2003 in violation of 18 U.S.C. § 241, and § 242.

This emergency motion is based on the on going irreparable injury to Rodriguez-father and his family because:

First, Rodriguez-father's Son, Isidoro Rodriguez Hazbun ("Isidoro"), has turned 18 years-old on March 10, 2007, and is being told by Defendant John Doe that his admission into Virginia Tech on August 15, 2007, is not assured because Rodriguez-father has been disbarred and is unemployed;

Second, Rodriguez-father, with his wife, jointly supports their four-year-old Son, as well as his wife's father, mother, sister, brother, and grandmother;

Third, Rodriguez-father is prevented from obtaining employment as an attorney-at-law in

Page 1

both the Commonwealth of Virginia and the District of Columbia (Exhibit 5),[1] and although seeking other forms of employment, the reality is that Rodriguez-father to be almost 62 years-old, and only practicing law for more than 30 years, he is not employable in any other profession.

Fourth, pursuant to D.C. LCvR 65.1(d), a hearing was to have been held within 20 days of the filing of the first motion for a preliminary injunction dated May 25, 2007; and,

Fifth, further delay only permit Defendants to continue their criminal conspiracy in violations of 18 U.S.C. §§ 4, 242, 242, 371, 1001, and 1203.

The facts in support of the emergency issuance of the TRO/Injunction:[2]

• that the disciplinary procedure promulgated by the Supreme Court of Virginia, and its agent, the VSB (Exhibit 1), are in direct violation of Article VI § 1 and § 5 of the Constitution of Virginia, and VA Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935;

• that Rodriguez-father has been denied his rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution;

• that based on the record of the conspiracy to delay review of the *void* proceeding and order Rodriguez-father is suffering irreparable harm by the public stigma and shame, damage to his business, profession and right to employment (Exhibit 5), and has no adequate remedy at law;

• that the irreparable injury to the Rodriguez-father outweighs whatever damage, if any, the proposed injunction would cause the Defendants to compel their compliance with the law;

• that the injunction to compel compliance with the law would not be adverse the public interest, but in fact be in the public interest; and,

---

[1] Exhibits refer to Motion for TRO/Injunction filed on June 25, 2007.

[2] Incorporated herein are the Complaint; Memorandum in Support of Motion for Temporary Restraining Order and Preliminary Injunction; the Reply Memorandum; Motion and Memorandum in support of Request for Appointment of Special Prosecutor; and Motion and Memorandum in support of Disqualifying Defendant Catherine Cooks Hill.

• given the record of the intentional violations of the statutes of Congress and General Assembly of Virginia Rodriguez-father have a substantial likelihood of success on the merits.

Therefore this second motion is filed to:[3]

A. Enjoin the current *void* disciplinary procedure of Defendant Virginia State Bar ("VSB") under Part 6, § IV, ¶ 13 of the Rules of the Virginia Supreme Court (Exhibit 1), which have intentionally disregarded Art. VI § 1 and § 5 of the Constitution of Virginia, and the mandates and restrictions of the General Assembly of Virginia under VA Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935, to deprive Rodriguez-father, and all other members of the Virginia State Bar, of their right to due process and equal protection of the laws guaranteed pursuant to the 5th and 14th Amendment to the U.S. Constitution;

B. Enjoin the illegal and *void* order of Defendant VSB issued on November 27, 2006 (Exhibits 3 and 4), in violation of 18 U.S.C. §§ 241, 242, and 1204, by aiding and abetting the on going conspiracy to injure by denying employment (Exhibit 5), punish, and stigmatized, Rodriguez-father for his litigating to enforce his parental rights under Treaty, federal statute, and Va. Code, and litigating to protect his property rights in his perfected Virginia Attorney's Lien from a business conspiracy;

C. Enjoin the Defendant Virginia Supreme Court from consideration of the *void* order based on lack of subject matter jurisdiction given the total violation of Va. Code 54.1-3935, as well as an obvious lack of impartiality and transparency;

D. Enjoin the Defendant Committee on Admissions of the D. C. Court of Appeals

---

[3]Defendant *Legal Times*, has just filed on June 14, 2007, out of time their response in opposition to the TRO/Preliminary Injunction. Although the *Legal Times* did not comply with LcvR 7(b), because the were served by telefax on May 25, 2007, to assist the Court Undersign counsel will file a reply on or before June 19, 2007. To date Defendant *Washington Post*, has filed nothing, and it is respectfully requested that the Court consider the motion conceded.

participation in the ongoing conspiracy by ratifying the *void* order and not providing the repeatedly requested hearing (Exhibit 7), as required by DC Ct. App. Rule 46; and,

E.  Enjoining the Defendants *Legal Times* and *Washington Post*, posting on the World Wide Web or publishing false, misleading, and defamatory news articles.

DATED this 15th day of June 2007.

Respectfully submitted,

_____
/s/Isidoro Rodriguez, Esq.

THE LAW OFFICES OF ISIDORO RODRIGUEZ
ATTORNEYS AND COUNSELORS AT LAW

<u>United States Office:</u>
2304 Farrington Avenue
Alexandria, Virginia 22303-1520
Telephones: 703.317.0526; Fax: 703.960.0225
Cell: 703.470.1457
Email: isidoror@earthlink.net

<u>South American Office:</u>
World Trade Center-Barranquilla
Calle 76 No. 54-11, Office 313
Barranquilla, Colombia, SA
Telephone: 011.5753.605288

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              :
ISIDORO RODRIGUEZ, ESQ.                       :
                                              :
                    Plaintiff,                : CASE NO. 07-CV-0975-PLF
                                              :
          v.                                  :
                                              :
LEGAL TIMES, *et al.*,                        :
                                              :
                    Defendants.               :
_____:

<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S SECOND MOTION FOR
AN EMERGENCY TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION</u>

CONSTITUTION OF VIRGINIA INVOLVED

Article VI, Section 1. <u>Judicial power; jurisdiction</u>. — The judicial power of the Commonwealth shall be vested in a Supreme Court and in such other courts of original or appellate jurisdiction subordinate to the Supreme Court as the General Assembly may from time to time establish.

Article VI, Section 5. <u>Rules of practice and procedure</u>. — The Supreme Court shall have the authority to make rules governing the course of appeals and the practice and procedures to be used in the courts of the Commonwealth, but such rules shall not be in conflict with the general law as the same shall, from time to time, be established by the General Assembly.

SECTIONS OF THE VIRGINIA CODE INVOLVED

VA Code § 54.1-3909. <u>Rules and regulations defining practice of law and prescribing procedures for practice of law by law students, codes of ethics, use of limited liability companies, and disciplinary procedure.</u> — The Supreme Court may promulgate rules and regulations:

Defining the practice of law.

Prescribing procedures for the limited practice of law by third-year law students.

Prescribing a code of ethics governing the professional conduct of attorneys including the practice of law or patent law through professional law corporations, limited liability companies, and partnerships, and a code of judicial ethics.

Prescribing procedures for disciplining, suspending, and disbarring attorneys. (Code 1950, § 54-48; 1973, c. 484; 1974, c. 456; 1988, c. 765; 1992, c. 574.)

VA Code § 54.1-3910. <u>Organization and government of Virginia State Bar.</u> — The Supreme Court may promulgate rules and regulations organizing and governing the Virginia State Bar. The Virginia State Bar shall act as an administrative agency of the Court for the purpose of investigating and reporting violations of rules and regulations adopted by the Court under this article. All advisory opinions issued by the Virginia State Bar's Standing Committees on Legal Ethics, Lawyer Advertising and Solicitation, and Unauthorized Practice of Law shall be incorporated into the Code of Virginia pursuant to § 30-154. All persons engaged in the practice of law in the Commonwealth shall be active members in good standing of the Virginia State Bar. (Code 1950, § 54-49; 1974, c. 536; 1991, c. 564; 2002, c. 306.)

VA Code § 54.1-3915. <u>Restrictions as to rules and regulations.</u>
Not withstanding the foregoing provisions of this article, the Supreme Court shall not promulgate rules or regulations prescribing a code of ethics governing the professional conduct of attorneys which are inconsistent with any statute; nor shall it promulgate any rule or regulation or method of procedure which eliminates the jurisdiction of the courts to deal with the discipline of attorneys. In no case shall an attorney who demands to be tried by a court of competent jurisdiction for the violation of any rule or regulation adopted under this article be tried in any other manner.

Virginia Code § 54.1-3935. <u>Procedure for revocation of license</u>.
A. If the Supreme Court, the Court of Appeals, or any circuit court of this Commonwealth observes, or if a complaint, verified by affidavit is made by any person to such court, that any attorney has . . . violated the Virginia Code of Professional Responsibility, the court may assign the matter to the Virginia State Bar for investigation. Upon receipt of the report of the Virginia State Bar, the court may issue a rule against such attorney to show cause why his license to practice law shall not be revoked. If the complaint, verified by affidavit, is made by a district committee of the Virginia State Bar, the court shall issue a rule against the attorney to show cause why his license to practice law shall not be revoked.

<u>FACTS</u>

In retaliation for the filing of *Isidoro Rodriguez, Esq., and Isidoro Rodriguez-Hazbun v. National Center for Missing and Exploited Children,* D.C. Dist Ct. No. 03-0120 (Roberts, J.), filed to compel the securing of visitation pursuant to Treaty and Va. Code, and for damages, Defendant National Center for Missing & Exploited Children, their lobbyist and attorneys, conspired Defendants *Legal Times* and the *Washington Post,* to misinform the public of Rodriguez-father's litigation by both publishing and posting on the World Wide Web, false, defamatory, and misleading articles. Thus by being so stigmatize Rodriguez-father has lost employment in the District of Colombia, and Virginia.

On July 17, 2005, Rodriguez-father filed with the Committee on Admissions for the District

Page 2

of Columbia Court of Appeals his application to waive into said Bar, based on his being a member in good standing for five years prior to his application.

Subsequently, on October 27, 2006, in violation of the clear mandated restriction by Article 1 § 11, and Article VI § 1 and § 5, as well as Va. Code §§ 54.1-3915 and 54.1-3935, the VSB a *void* to disbar and revoke Rodriguez's license for his litigating to enforce his statutory and Treaty rights (Plaintiff's Exhibit 3 and 4).[1] Without waiving his objection to the *void* order, Rodriguez-father filed a timely appeal in December 2006, to the Supreme Court of Virgilia.

In December 2006, Rodriguez-father's Son, Isidoro Rodriguez-Hazbun was accepted admission into Virginia Tech.

On April 17, 2007, Defendants Attorney General of the Commonwealth of Virginia and Ms. Catherine Crooks Hill, filed Response Brief in which she surreally disregarded the fact that the VSB was not established by the General Assembly of Virginia as a "court," was only was delegated limited authority to investigate and prosecute complaints for violations of the Rules of the Supreme Court of Virginia- which were not to be inconsistent with an attorney's statutory rights, and the VSB had no judicial authority under the Constitution of Virginia and Va. Code to revoke Rodriguez-father license to practice law as punishment for exercising his Federal statutory rights, and rights under the Treaty and Va. Code.[2]

After almost two years, on May 18, 2007, the Defendant Committee on Admission for the District of Columbia Court of Appeals gave notice to Rodriguez-father that it was ratifying the VSB *void* order by not considering further his waiver application for admission and that disregarding his

---

[1]Exhibits refer to Motion for TRO/Injunction filed on June 25, 2007.

[2]Defendant Hill presented the odd argument that Rodriguez-father has not deprived of his statutory rights because he still could litigate those issues, this despite the *void* order revoking his license for litigating to enforce statutory right in the first place.

Page 3

repeated request for a public hearing pursuant to DC Ct. App. Rule 46 (attached Exhibit 7).

On June 5, 2007, without waiving his jurisdictional challenge Rodriguez-father presented his argument that the *void* order must be vacated for violation of Article VI § 1 and § 5, as well as Va. Code §§ 54.1-3915 and 54.1-3935. In response, Ms. Hill again obfuscated and ignored Article 1 § 11, and Article VI § 1 and § 5, as well as the General Assembly in Virginia Code §§ 54.1-3915 and 54.1-3935, to state that the Rules of the Supreme Court of Virginia gave the VSB authority to revoke Rodriguez-father's license.

On the same date, in violation of Virginia's Rules of Professional Ethics,[3] as well as 18 U.S.C. § 1001, Ms. Hill, as well as the Office of the Attorney General of the Commonwealth of Virginia in their brief filed with this Court in response to Motion for a TRO and Injunction, they committed "fraud upon the court" by repeatedly making material misrepresentations of fact and law to aid and abet of the conspiracy to injure, stigmatize and punish Rodriguez-father for seeking to exercise his statutory rights.

Isidoro, turned 18 years-old on March 10, 2007, and finally will be able to leave the Republic of Colombia to return to live in Virginia after being shanghaied in June 2002, based on Defendants Courts of Virginia, Department of Justice, United States Department of State, and their contractor, the National Center for Missing & Exploited Children's unauthorized polices and practices in violation of Isidoro's rights as a citizen of the United States, well as after Defendants intentional obstruction for the past five years of Rodriguez-father's parental visitation rights under Treaty and Va. Code.

Isidoro as noted above was accepted in December 2006, for early admission to Virginia Tech

---

[3]Virginia Rules of Professional Conduct, Rule 4.1 states that, "[i]n the course of representing a client a lawyer shall not knowingly: (a) Make a false statement of fact or law; or (b) fail to disclose a fact when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client. *See also* DR 7-102(A)(5) and DR 7-102(A)(3); Rule 1.6 and 3.3(a)(4) (Emphasis added).

(College of Forestry). Recently, Isidoro was advised by Defendant John Doe that Rodriguez-father has been disbarred and is unemployed, and his start of his education at Virginia Tech in 60 days on August 15, 2007, is not assured for financial reasons.

Furthermore, Rodriguez-father, with his wife, jointly support their four year-old Son, as well as his wife's father, mother, sister, brother, and grand-mother.

ARGUMENT--REASONS FOR GRANTING THE ISSUANCE OF THE TRO AND INJUNCTION

To prevail in the D.C. Circuit, as well as the 4th Circuit, Rodriguez-father must establish the following prerequisites in order to receive a TRO/Injunction under equitable principles, *Marine Transportation Lines Inc. v. Lehman*, 623 F.Supp. 330, 334 (D.D.C. 1985), and *Capital Tool & Mfg. Co. V. Maschinenfabrik Herkules*, 837 F.2d 171 (4th Cir. 1988): (1) that there is a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injuries to him outweigh whatever damage the proposed injunction may cause to the opposing parties; and, (4) that the injunction, if issued, would not be adverse to the public interest. *Wisconsin Gas Co. v. FERC*, 758 F2d 669, 674 (D.C. Cir. 1985), *see also Blackwelder Furniture Co. v. Seilig Mfg. Co.,* 550 F. 2d 189 (4th Cir. 1977).

Additionally, to the above, in the 4th Circuit, Rodriguez-father must show a lack of an adequate remedy at law, which is closely associated with irreparable harm. *Seniors Coalitions v. Senior Foundation*, 19 Cir. C143649, 39 Va. Cir. 344 (*quoting Wright v. Curtis*, 232 Va 218, 349 S.E.2d 125 (1986).

I. BASED ON THE *VOID* VIOLATING THE CONSTITUTION OF VIRGINIA AND VA CODE RODRIGUEZ-FATHER WILL ULTIMATELY PREVAIL UPON THE MERITS IN HIS CHALLENGE TO ILLEGAL CONSPIRACY TO INJURE HIM FOR LITIGATING TO ENFORCE HIS RIGHTS AS A FATHER AND ATTORNEY PURSUANT TO FEDERAL LAWS AND VA CODE

A. <u>The Supreme Court of Virginia violation of the Constitution and Va. Code</u>

As stated in an earlier pleading history reports that Napoleon at his coronation took the

Page 5

imperial crown out of the hands of the Pope and crowned himself.

However, neither the Supreme Court of Virginia , nor its agent, the VSB, have a similar prerogative.

In this country, as the U.S. Supreme Court explained in *United States v. Lee*,106 U.S. 196, 220 (1882),

> No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it. It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives.

Thus, it is a Constitutional benchmark that courts do not authority to expand their jurisdiction by judicial largess. Similarly, the Supreme Court of Virginia cannot delegate though its rules its judicial authority to Virginia State Bar.

In sum, the VSB cannot assume the role of a judicial body or court because the Constitution and Va. Code has restricted them to being only an administrative body.

B.  THE COMMITTEE ON ADMISSION FOR THE D.C. CT OF APPEALS HAS UNLAWFULLY DISCRIMINATED AGAINST RODRIGUEZ-FATHER

As for the Committee on Admission for the District of Columbia collusion for more than two with the VSB to injure Rodriguez-father's waiver application in suspension and deny a hearing, despite his being a member in good standing of the Virginia State Bar for five (5) years prior to submitting his application on July 17, 2005, said acts are violation of 18 U.S.C. § 241 and § 242, and Rodriguez-father's right to due process and equal protection of the law.

This because law and Court procedures that are "fair on their faces," but administered "with an evil eye or a heavy hand" are discriminatory and violates the equal protection clause of the fourteenth Amendment. *Yick Wo v. Hopkins*, 118 US 356, (1886).

Here not only is Rodriguez-father injured by not being permitted to work in the District of

Columbia for the past eight months, while his family has been deprived of his income, but equally important Rodriguez-father is being stigmatized world wide by Defendants John Doe reporting that he no longer can practice law because he was found to have done some wrong.

C. <u>THERE CANNOT BE A VALID APPEAL OF THE VIRGINIA STATE BAR *VOID* ORDER</u>

VA. Code 54.1-3935, spells out in detail the procedure and appeal process which the General Assembly of Virginia has mandate that the courts of Virginia follow to revoke the license of a Virginia attorney. If this is not followed-- there is no jurisdiction to issue a valid order.

The record show that because the Virginia State Bar is not a court, and has no judicial authority, the entire statutory procedure has not been followed by the Virginia State Bar Disciplinary System.

In sum, the Supreme Court of Virginia illegally created judicial body in violation of Article VI § 1 and § 5 of the Constitution of Virginia. It has delegated authority in violation of Va. Code §§ 54.1-3915, and 54.1-3935, to permit the Virginia State Bar to act as a kangaroo court to revoke Rodriguez-father's license to practice law.

Consequently, when on June 5, 2007, Rodriguez-father's appeared at surreal oral argument,[4] it he did not waive his rights to challenge by the instant collateral attach on the *void* order nor did it make the instant motion for a TRO/Injunction to enjoin the illegal proceedings before the Supreme Court of Virginia moot.

Based on the *void order doctrine,* no valid appeal could be taken from the Virginia State Bar's violation of the Constitution of Virginia and Va. Code.

"[The affirmance by an appellate court of a void judgment imparts to it no validity...." *Pioneer*

---

[4] The panel of the Supreme Court of Virginia did not ask one question, or challenge any of Rodriguez-father's arguments of fact or law. The only response that the Commonwealth's Attorney made was that the Rules of the Supreme Court of Virginia gave the Virginia authority to revoke Rodriguez-father's license.

*Land Co. v. Maddux*, 109 Cal. 633, 642 (1895). As the California Court of Appeal held in *Adohr Milk Farm:, Inc. v. Love*, 255 Cal.App.2d 366, 371 (1967), ". . . a *void order* is appealable does not permit us to consider the appeal on its merits and to affirm [or reverse] the order if we were so disposed, because our affirmance [or reversal] would impart no validity and would be similarly void." For this reason the Supreme Court of Virginia could not consider the merits of the *void order* on appeal, since it could not impart any validity to the appealable but *void order*. "A *void* judgment is one that has been procured by extrinsic or collateral fraud, or entered by a court that did not have jurisdiction over the subject matter or the parties." *Rook v. Rook*, 233 V. 92, 353 S.E2d 756, 758 (1987).

D.    <u>COLLATERAL ATTACK OF THE *VOID ORDER*</u>

The doctrine of claim preclusion generally bars a party from challenging in a separate proceeding issues that were or could have been determined in a prior, litigated action between the same parties. That principle applies to the issue of subject matter jurisdiction, with limited exceptions.

The Restatement articulates the rule as follows:

When a court has rendered a judgment in a contested action, the judgment precludes the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation except if:
 (1) The subject matter of the action was so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority; or
 (2) Allowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government; or
 (3) The judgment was rendered by a court lacking capability to make an adequately informed determination of a question concerning its own jurisdiction and as a matter of procedural fairness the party seeking to avoid the judgment should have opportunity belatedly to attack the court's subject matter jurisdiction."Restatement at § 12 (emphasis added).

The above rests on the premise that the proceeding had the sanction of law. In short if the question of subject judicial capacity or jurisdiction is challenged and is decided erroneously, and a *void* judgment is allowed to stand in the face of the fact that the Virginia State Bar lacked judicial

Page 8

capacity or jurisdiction, then the principle of validity is compromised. On the other hand, if the judgment remains indefinitely subject to attack for a defect of jurisdiction, then the principle of finality is compromised.

In the instant action, despite repeated efforts during the past nine months to have the Supreme Court of Virginia, the United States Court of Appeals for the Fourth Circuit, the United States Tax Court, and the Admission Committee for the Court of Appeals for the District of Columbia review and vacate the *void* proceedings and orders of the Virginia State Bar, Rodriguez-father has been inured, punish and stigmatized by the revoking of his license to practice law.

D.      <u>The Eleventh Amendment Does Not Bar This Action</u>

The Defendants Supreme Court of Virginia and Virginia State Bar *et al.,* does not enjoy the protection of the Eleventh Amendment as "the Eleventh Amendment does not protect state employees sued in their individual capacity for employment-related acts." *Jackson v. Georgia Dept. of Transportation,* 16 F.3d 1573 1575 (11th Cir. 1994). Furthermore, Defendants do not enjoy the purported protection of the Eleventh Amendments for acts done outside of their ministerial or judicial capacity, and particularly criminal acts in violation of 18 U.S.C. § 4, § 241, § 242, § 371, § 1001, and § 1204. Finally, Defendants cannot defeat the claim for damages under the Virginia Tort Claims Act.

The allegations in the complaint and the motion for TRO/Injunction plainly challenge the Defendants in a suit for their violations of law in their individual capacities and for the criminal conspiracy to injure, punish, and stigmatized Rodriguez-father for exercising his rights under Treaty, Va. Code and Federal Statute, thus as such, the Eleventh Amendment provides them no protection.

E.      <u>The Eleventh Amendment Does Not Bar Rodriguez-Father's Claims</u>

In his motion, Rodriguez-father seeks injunctive relief against the Virginia State Bar's *void*

order, the Supreme Court of Virginia, and the Committee on Admissions for the District of Columbia Court of Appeals for the acts of collusion in violation of 18 U.S.C. § 241 and § 242, thereby outside of their ministerial and judicial capacity and jurisdiction in violation due process and equal protection of the Treaty, and Va. Code, which is guaranteed by the Fifth and Fourteenth Amendment to the U.S. Constitution and Article VI § 1 and § 5 of the Constitution of Virginia.[5]

Additionally, in *Miller v. King*, 384 F.3d 1248 (11th Cir 2004) the Court recognized that a plaintiff,

> may bring a § 1983 action against state officials in their official capacities, but only for prospective, injunctive relief. *Will*, 491 U.S. at 71 n. 10, 109 S.Ct. at 2312 n. 10 (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, (1985)); *Ex parte Young*, 209 U.S. 123, 159-60 (1908); see *Edwards*, 49 F.3d at 1524.  Further, the Eleventh Amendment does not prohibit a plaintiff from suing state officials in their official capacities for prospective injunctive relief.'" *Id.* at 1260.

A state official in his or her official capacity, when sued for injunctive relief, is a person under § 1983, because official-capacity actions for prospective relief are not treated as actions against the State. 42 U.S.C.A. § 1983.  As explained in *Wolfe v Strankman,* 392 F.3d 358 (9th Cir.2004),

> It is true that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." (Citations omitted)  However, under *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), "a state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983, because 'official-capacity actions for prospective relief are not treated as actions against the State.' " Will, 491 U.S. at 71 n. 10, 109 S.Ct. 2304 (quoting Graham, 473 U.S. at 167 n. 14, 105 S.Ct. 3099).

Thus Rodriguez father suit against Defendant Supreme Court of Virginia, and its agent the VSB, as well as against the Committee on Admissions, for criminal acts in their official capacities for prospective injunctive and declaratory relief fall within the *Ex parte Young* exception to sovereign immunity and are properly brought under § 1983.

---

[5]In this context it has been recognized that a plaintiff "may sue state officials in their individual capacities under §1983 and recover monetary damages, but only if such persons are not entitled to qualified immunity. See *D'Aguanno v. Gallagher*, 50 F.3d 877, 879 (11th Cir. 1995)." *Id.* at 1260.

Hence plainly, the Eleventh Amendment is not a bar Rodriguez-father's motion for a TRO/Injunction to enjoin a *void* order which has injured, punish and stigmatized him in violation of 18 U.S.C. § 4, § 241, § 242, and § 1204.

II. Rodriguez-father will continue to suffer irreparable injury unless the injunction is issued.

The second prerequisite for entry of a TRO/Injunction is the "irreparable injury" which has been met because Rodriguez-father has been deprived of his business, profession, and right to employment by the stigma cause by the *void* order. Both ne and his family have, are, and will be irreparable injured by the continued loss of income from his only means of employment.

The VSB *void order* revoking Rodriguez-father's license to practice law since October 27, 2006, and the Committee on Admission's ratifying said *void* order, has stigmatized and deprived Rodriguez-father of due process, procedural, due process, and equal protection of the laws.[6]

III. The Injuries to Rodriguez-Father and his Family, Outweighs Whatever Damage the Injunction to Compel Defendants to Comply with the law May Cause.

The injuries to Rodriguez-father's business and profession, right to employment, perfected property rights, and civil rights are real given the immediate based on the illegal revocation of his license. The loss income are affecting his family, and particularly Isidoro who should be happy with both being able to return to the United States and his entering Virginia Tech.

The record is clear that, these injuries of intentional violation of the right to due process and equal protection of the law will endure unless stopped by this Court, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 at 486, 103 S.Ct. 1303 at 1317 (1983).

---

[6] The Fifth Amendment of the United States Constitution provides: No person shall . . . be deprived of . . . property, without due process of law; . . . .; and The Due Process Clause of Section 1 of the Fourteenth Amendment to the United States Constitution provides: No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The damages by the issuance of the TRO/Injunction to compel Defendants to comply with the law and their duty are nonexistent for their ending their violation of Rodriguez-father's statutory rights.

IV.     The Preliminary Injunction is in the Public Interest

Finally, based on the extensive record developed during the past three years of the depriving Rodriguez-father of his statutory property and obstructing his parental rights in violation of 18 U.S.C. § 1204, not only would issuance of the TRO/Injunction "not be adverse to the public interest," but quite the contrary is true.

The extensive record of the use of Beltway cronyism and criminal acts of the Executive Branch in collusion with the Judicial Branch so to not address the illegal policies in violation of the Treaty and Va. Code must stop.

V.      Rodriguez-father lack of an adequate remedy at law.

This Court's held in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 at 486, 103 S.Ct. 1303 at 1317 (1983), that it is the only Court which will review final state court decision on bar rules in a particular case, because the district courts only have subject matter jurisdiction over "general challenges to state bar rules."

Here there is not, nor could be a valid final court decision based on the *void* order.

Thus due process mandate access to this Court so to grant this Motion.

Due process consists of "those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions," *Hurtado v. California*, 110 U.S. 516, 535 (1884) (Emphasis added); *Ingraham v. Wright*, 430 U.S. 651, 673 (1977), quoting *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923).  As Chief Justice Marshall declared in *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 163 (1803), is,

[T]he very essence of civil liberty certainly consists in the right of every individual to claim

the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection.

## CONCLUSION

For the above reasons, this court must grant the TRO/Injunction.

_____
/s/Isidoro Rodriguez, Esq.

Law Offices of Isidoro Rodriguez

*United States Office:*
7924 Forest Peyton Trail
Annandale, Virginia 22003-1560
Telephones: 703.573.1571
e-mail:isidoror@earthlink.net
Cell phone: 703.470.1457

*South American Office:*
World Trade Center
Calle 76 No. 54-11, Office 313
Barranquilla, Colombia
Telephone: 011.575.348001

Page 13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                  :
ISIDORO RODRIGUEZ, ESQ.          :
                                                  :
                  Plaintiff,    : CASE NO. 07-CV-0975-PLF
                                                  :
          v.                              :
                                                  :
LEGAL TIMES, *et al.*,                  :
                                                  :
                  Defendants.  :
_____:

TEMPORARY RESTRAINING ORDER (PROPOSED)

Based on the Plaintiff Isidoro Rodriguez, Esq's ("Rodriguez-father"), complaint and second motion for temporary restraining order/preliminary injunction, and supporting memorandums thereof, the court finds sufficient grounds for concluding that irreparable injury to Rodriguez-father's family, business, profession, and right to employment as an attorney will continue to occur absent entry of a temporary retraining order pending a full hearing on the motion for a preliminary and permanent injunction. Therefore, it is hereby ordered as follows:

1.    Defendants Virginia State Bar Disciplinary System Procedure is in violation of the First, Fifth and Fourteenth Amendments to the U.S. Constitution, Article VI § 1 and § 5 of the Constitution of Virginia, and VA Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935, pending further order of this court.

2.    Defendants Supreme Court of Virginia, Virginia State Bar, and the Committee on Admissions for the District of Columbia Court of Appeals are temporarily retrained from enforcing, applying, or otherwise giving legal effect to the order of the Virginia State Bar order issued on November 27, 2006 (copy attached as Plaintiff's Exhibit 3), revoking Rodriguez-father license to practice law in the Commonwealth of Virginia for his taking "actions" pursuant to statutory rights under Treaty and Va. Code as a father and as an active member of the

   Virginia State Bar, pending further order of this court.

3.  Defendant Virginia State Bar is temporarily retrained from publishing on the World Wide Web notice of the order of the Virginia State Bar issued on November 27, 2006 (copy attached as Plaintiff's Exhibit 4), pending further order of this court.

4.  Defendant Virginia Supreme Court is temporarily retrained from acting further *void* order pending further order of this court.

5.  Defendant Committee on Admissions of the District of Columbia Court of Appeals is enjoined from further delay in complying with DC Ct. App. Rule 46( c ) (3) or (f), so to grant Rodriguez-father immediate admission to the District of Columbia Bar based on his being a member in good standing for more than five years previous to the filing of his waiver application on July 21, 2005, or in the alternative grant him his right to a public hearing within 10 Days to determine his "moral character and general fitness" for admission, pending further order of this court.

6.  Defendants *Legal Times* and *Washington Post*, are enjoined from the continued posting on the World Wide Net or publishing false, misleading, and defamatory news article regarding Rodriguez-father litigation to enforce his rights under Treaty, Federal statue, and Va. Code, pending further order of this court, pending further order of this court.

7.  This temporary retraining order shall expire in ten (10) days unless it is extended for good cause by further order of this court, at the preliminary injunction hearing set for May ___, 2007.

8.  This temporary restraining order shall become effective immediately upon entry by the court. Rodriguez-father is not required to post a bond or other security.

   Dated this ____ day of June, 2007.

                   _____
                   Hon. Paul L. Friedman
                   UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that on this 15th day of June, 2007, a true and correct copy of the foregoing Second Motion for Emergency Consideration of the Petition for TRO/Preliminary Injunction, and Memorandum of Law, were served by the District Court's ECF system, and on the Editor in Chief, The Washington Post, 1150 15th Street, N.W. Washington, D.C. 20036 by U.S. Mail, first class postage prepaid.

_____
/s/Isidoro Rodriguez, Esq. (VSB #21573)

THE LAW OFFICES OF ISIDORO RODRIGUEZ
ATTORNEYS AND COUNSELORS AT LAW

*Northern Virginia Office:*
7924 Peyton Forest Trail
Annandale, Virginia 22003
Telephone: 571.423.5066/telefax: 703.573.1571
Mobil: 703.470.1457
Email: isidoror@earthlink.net

*South American Office:*
World Trade Center
Calle 76 No. 54-11, Office 313
Barranquilla, Colombia
Telephone: 011.5753.605288
Telefax: 011.575.348001