UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ISODORO RODRIGUEZ,                      )
                                        )
       Plaintiff,                       )
                                        )
       v.                               )   Civil Action No. 07-0975 (PLF)
                                        )
LEGAL TIMES, et al.,                    )
                                        )
       Defendants.                      )
_____)

MEMORANDUM OPINION AND ORDER

        Pro se plaintiff Isodoro Rodriguez has filed a 76 page Complaint against numerous defendants: the Editor in Chief of the Legal Times; the Editor in Chief of the Washington Post; Chief Justice John Roberts; Chief Justice of the Virginia Supreme Court Leroy Hassell; the Supreme Court of Virginia; Karen Ann Gould, Esq., the President of the Virginia State Bar; the Virginia State Bar; Noel Sengel, Senior Assistant Bar Counsel for the Virginia State Bar; James Leroy Banks, Jr., Esq., First Vice Chair of the Virginia State Bar Disciplinary System; William Carlyle Boyce, Esq., William Ethan Glover, Esq., Glenn M. Hodge, Esq., and Stephen A. Wannall, Panel Members of the Virginia State Bar Disciplinary System; Davis J. Gogal, Esq., Daniel Rathbun, Esq., Edward O'Connor Jr., Esq., and John W. di Zerega, Members of the Subcommittee or the 5th District Committee of the Virginia State Bar; the Office of the Attorney General for the Commonwealth of Virginia; Catherine Crooks Hill, Esq. of the Office of the Attorney General for the Commonwealth of Virginia; the Court of Appeals of Virginia; the Fairfax County Circuit Court; the Fairfax County J&D District Court; Judge Thomas Mann of

the Fairfax County J&D District Court; Judge Richard W. Roberts of this Court; Chief Judge Jane A. Restani of the United States Court of International Trade; Chief Judge Paul R. Michel of the United States Court of Appeals for the Federal Circuit; Judge William H. Stafford Jr. of the United States District Court for the Northern District of Florida; Judge T.S. Ellis III of the United States District Court for the Eastern District of Virginia; the United States Department of Justice; the Office of the Solicitor General of the United States; Alberto Gonzalez, the Attorney General of the United States; Paul McNulty, the Deputy Attorney General of the United States and former United States Attorney for the Eastern District of Virginia; the United States Attorney's Office for the Eastern District of Virginia; the United States Attorney's Office for the District of Columbia; Marina Utgoff Braswell, an Assistant United States Attorney in the District of Columbia; the Director of the Office of Juvenile Justice and Delinquency Prevention of the United States Department of Justice; the Federal Bureau of Investigation; the United States Department of State; United States Secretary of State Condoleeza Rice; the Legal Advisor for Consular Affairs at the State Department; the Director of the Office of Children [*sic*] Issues of the Bureau of Consular Affairs at the State Department; the National Center for Missing and Exploited Children; the Supreme Court of the United States; the United States Court of Appeals for the District of Columbia Circuit; the United States Court of Appeals for the Fourth Circuit; the United States District Court for the District of Columbia; the United States District Court for the Eastern District of Virginia; Ernie Allen, the President and Chief Executive Officer of the National Center for Missing and Exploited Children; the Board of Directors of the National Center for Missing and Exploited Children; Nancy Hammer of the National Center for Missing and Exploited Children; Susan Brinkerhoff; Proskauer Rose LLP; Stephen J. Cullen; Miles &

Stockbridge LLP; Patrick H. Stiehm; Covington & Burling; Eric H. Holder, Jr., Esq.; D. Jean Veta; the Committee on Admissions of the District of Columbia Court of Appeals; and John Does 1-20.

Plaintiff lists thirteen causes of action, including: (1) civil RICO; (2) "For Violation of Due Process, Equal Protection, and Access to the Federal and Virginia Courts (Fifth and Fourteenth Amendments)"; (3) "Denial of Right to Petition the Government and Privacy (First and Ninth Amendments)"; (4) "Violations of 42 U.S.C. § 1983, and §§ 241 and 242: Deprivation of Parental Rights"; (5) "Violations of 42 U.S.C. § 1983, and 18 U.S.C. § 4, 241, 242, 371, 1001, and 1204: Obstruction of parental rights depravation of rights as an attorney"; (6) "Violation of 42 U.S.C. § 1983 (Denial of Due Process and Equal Protection Clauses)"; (7) "Violation of 42 U.S.C. § 1985(3) and VA Code (conspiracy)"; (8) "Violations of 42 U.S.C. § 1986, Refusing or neglecting or failing to protect and prevent the wrongs conspired to be done to obstruct parental rights of visitation and punish in violation of 18 U.S.C. §§ 241 and 242"; (9) Intentional Infliction of Emotional Distress; (10) Business Conspiracy under Va. Code §§ 18.2-499 and 500"; (11) Common Law Conspiracy; (12) the Federal Tort Claims Act; and (13) the Virginia Tort Claims Act, VA Code §§ 8.01-195.1-195.9.

The gravamen of plaintiff's complaint in this case appears to be that he is seeking a temporary restraining order and/or a preliminary injunction "to enjoin the Supreme Court of Virginia, the Virginia State Bar's *void*, [sic] and the Committee on Admissions of the District of Columbia Court of Appeals refusal to either process Rodriguez-father's application on file since July 21, 2005, or grant a hearing . . . ." Complaint ¶ 9. Plaintiff was involved in a custody dispute related to his son, who is a resident of Colombia. See id. ¶¶ 74-86. Plaintiff was a

defendant in a lawsuit brought by the mother of his son in the United States District Court for the Eastern District of Virginia, which he litigated all the way to the Supreme Court. See id. ¶¶ 87-91. Plaintiff filed a previous lawsuit in this Court before Judge Richard W. Roberts, which he litigated through a petition for certiorari to the Supreme Court. See id. ¶¶ 92-94, 105.[1] Judge Roberts summarized some of the previous legal proceedings in Rodriguez v. National Center for Missing & Exploited Children, Civil Action No. 03-0120, 2005 WL 736526, *2-3 (D.D.C. March 31, 2005), *aff'd sub nom* In re: Rodriguez, 2005 WL 3843612 (D.C. Cir. Oct 14, 2005), *cert. denied*, 126 S.Ct. 1902 (2006). See also Virginia State Defendants' Response to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction ("Opp.") at 2 (citing previous litigation). Plaintiff has also litigated related events in the courts of the Commonwealth of Virginia. See Complaint ¶¶ 107-127.

      Plaintiff alleges that he has been a member of the Bar in Virginia since 1982. See Complaint ¶ 150. Plaintiff applied to waive into the District of Columbia bar in July 2005. See id. Two Virginia State Bar complaints were filed against the plaintiff in 2004, and disbarment proceedings followed. See Order of Virginia State Bar Disciplinary Board, Exh. 2 to Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction ("Mot."); see also Complaint ¶¶ 144-176. This lawsuit arises from these disbarment proceedings. See Mot. at 1-2.

      The Attorney General of Virginia has entered an appearance, and filed an opposition to plaintiff's motion for a temporary restraining order and preliminary injunction, on behalf of following defendants: the Supreme Court of Virginia; the Court of Appeals of Virginia;

---

[1] It appears that at least some of the causes of action and defendants were the same in plaintiff's prior lawsuit in this Court as in this lawsuit.

Chief Justice of the Virginia Supreme Court Leroy Hassell; Karen Ann Gould, Esq., the President of the Virginia State Bar; Noel Sengel, Senior Assistant Bar Counsel for the Virginia State Bar; James Leroy Banks, Jr., Esq., First Vice Chair of the Virginia State Bar Disciplinary System; William Carlyle Boyce, Esq., William Ethan Glover, Esq., Glenn M. Hodge, Esq., and Stephen A. Wannall, Panel Members of the Virginia State Bar Disciplinary System; Davis J. Gogal, Esq., Daniel Rathbun, Esq., Edward O'Connor Jr., Esq., and John W. di Zerega, Members of the Subcommittee of the 5th District Committee of the Virginia State Bar; the Office of the Attorney General for the Commonwealth of Virginia; Catherine Crooks Hill, Esq. of the Office of the Attorney General for the Commonwealth of Virginia; the Fairfax County Circuit Court; the Fairfax County Juvenile and Domestic Relations District Court; and Judge Thomas Mann of the Fairfax County J&D District Court (hereinafter "Virginia State Defendants"). Plaintiff filed a reply brief in support of the issuance of a temporary restraining order and preliminary injunction ("Reply").

As counsel for the Virginia State Defendants points out, there are numerous problems with this lawsuit apparent from the face of plaintiff's complaint. The Virginia State Defendants note, among other things, that judges are immune from suit. See Opp. at 2. This is correct. Judges and other court officials have absolute immunity for their actions taken in a judicial or quasi-judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356 (1978); Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam); Moore v. Motz, 437 F. Supp. 2d 88, 91 (D.D.C. 2006) ("Absolute judicial immunity provides immunity from suit as well as from the ultimate imposition of damages.") (citing Mirales v. Waco, 502 U.S. 9, 11 (1991)). The only allegations in the Complaint regarding any of the judges describe acts undertaken in their judicial

5

capacities. Accordingly, the Court will dismiss from this suit all judges named as defendants.

This suit will fail because venue is improper in the District of Columbia. "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391. Venue in this case does not lie in the District of Columbia. See Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983). This action arises from disbarment proceedings in Virginia. See Mot. at 1-2. It therefore will be dismissed without prejudice to its being refiled in an appropriate court in Virginia, if there is such a court.[2]

Accordingly, it is hereby

ORDERED that the defendant judges are DISMISSED from this lawsuit; it is

FURTHER ORDERED that the remainder of this case is DISMISSED without prejudice for improper venue; and it is

FURTHER ORDERED that the pending motion for a temporary restraining order and a preliminary injunction [3] therefore is DENIED; the pending motion to request the Attorney General of the United States to appoint a special prosecutor [4] also is DENIED; and plaintiff's second motion for a temporary restraining order [22] also is DENIED. The Clerk of

---

[2] It appears that plaintiff has already challenged his disbarment in the Virginia courts. See Mot. at 5-6.

the Court shall remove this case from the docket of the Court.  This is a final appealable order.

See FED. R. APP. P. 4(a).  Any other pending motions are denied as moot.

        SO ORDERED.

        _____/s/_____
        PAUL L. FRIEDMAN
        United States District Judge

DATE:  June 18, 2007