UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| ISIDORO RODRIGUEZ, ESQ. | : |
| | : |
| Plaintiff, | : CASE NO. 07-CV-0975 (PLF) |
| | : |
| v. | : |
| | : (ORAL ARGUMENT REQUESTED) |
| LEGAL TIMES, *et al.,* | : |
| | : |
| Defendants. | : |

_____

MOTION PURSUANT TO 28 U.S.C. § 3. § 291(a), § 292(d) AND § 455, TO DISQUALIFY THE HON JUDGE PAUL L. FRIEDMAN, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, THE JUSTICES  COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA, AND THE HON. CHIEF JUSTICE JOHN G. ROBERTS FROM BEING ASSIGN TO HEAR THIS CASE AND FOR THE APPOINTMENT OF A DISTRICT JUDGE SELECTED FROM OUTSIDE OF THE DISTRICT OF COLUMBIA CIRCUIT AND FOURTH CIRCUITS TO PRESIDE OVER THIS ACTION.

COMES NOW Isidoro Rodriguez, Esq. ("Rodriguez"), counsel of record to move pursuant to 28 U.S.C. § 3, § 291(a), § 292(d) and § 455(b)(5) (I) and (ii), to seek the immediately disqualification of the Hon. Judge Paul L. Friedman based on a lack of impartiality so to comply with the mandates of 18 U.S.C. § 4, § 241, § 242, and § 1001, which is "conduct prejudicial to the effective and expeditions administration of the court."[1]  Furthermore, the motion seeks the disqualification of the  Judges of the United States District Court for the District of Columbia, the Justices of the

_____

[1]There is a need for transparency in this action for judicial malfeasance for violations of 18 U.S.C. § 4, § 241, § 242, § 1001, § 1204, based on the record of the conspiracy to injure, punish and stigmatized Rodriguez-father for litigating to enforce his statutory parental rights and rights as an attorney-at-law.  Thus the Hon. Judge Paul L. Friedman should not have accepted the transfer from Defendant Judge Richard W. Roberts, but should have voluntarily disqualified himself.  Judge Friedman's impartiality is placed into question pursuant to the U.S. Courts Committee on Codes of Judicial Conduct Advisory Opinion No. 103 (Exhibit 1), i.e. Judge Friedman is a member of Defendant United States District Court for the District of Columbia, served as past a President of Defendant District of Columbia Bar, and was employed by other Defendants.

Court of Appeals for the District of Columbia, and the Hon. Chief Justice John G. Roberts,[2] based on

their being named as Defendants in this action for their negligent and/or criminal acts outside the

scope of their judicial authority, capacity, and jurisdiction,[3] in violations of 18 U.S.C. § 4, § 1001,

and §1204.

First, the record between January 27, 2003 to March 10, 2007, confirms numerous incidents

of judicial malfeasance in furtherance of a conspiracy in violation of 18 U.S.C. § 4, § 1001, and 1204,

therefore outside of both judicial capacity and jurisdiction.  The object of the criminal enterprise was

the obstruction of Rodriguez's parental and visitation rights for more than five (5) years in violation

of a  valid Joint Custody Settlement Agreement, Article III § 2, and the I, V, and IX Amendments to

the U.S. Constitution; Congressional Resolution 293 of March 23, 2000; Articles 2, 11, 19, 20, 21,

and 29 of the Treaty, 42 U.S.C. § 11601 *et se.*; 51 Fed. Reg. 10,513 (1986); and VA Code 20-146.25

and .29 ( *see* Petition for Writ of Mandamus, Docket No. 03-5092 to the Defendant U.S. Department

of State *et al.,* April 7, 2003, and Petition for TRO/Injunction and Writ of Mandamus, Docket No.

05-5130, April 6, 2005).

Second, subsequently compounding the above criminal violations, the record confirms

numerous additional incidents of judicial malfeasance in furtherance of a conspiracy in violation of

---

[2]Chief Justice John G. Roberts not only violated 18 U.S.C. § 4, § 1001, § 1204 by making false statements to Congress, but too as Circuit Justice of the Fourth Circuit has violated 18 U.S.C. § 241 and § 242, by permitting the Supreme Court of Virginia and Virginia State Bar to violate Article VI § 1 and § 5 of the Constitution of Virginia, and Va. Code § 54.1-3915 and § 54.1-3935, thereby allowing the issuance of a *void* order revoking Rodriguez-father's license so to injure, punish and stigmatize him in retaliation for his litigating to enforce his statutory rights.

[3]As a separation of powers matter, the negligent (Federal Tort Claims filed in June 2005) and/or criminal violation by the judicial branch refusal to enforce the mandates of Article 19 and 21 of the Hague Convention on the Civil Aspects of International Child Abduction Dated October 25, 1980, T.I.A.A. No 11,670, 19 I.L.M. 1501, and 42 U.S.C. § 11601(b)(4), as well as Va. Code, causes their judicially created policy of judicial immunity not to be applicable. *See, e.g. Delgado v. JW Courtesy Pontiac GMC-Truck, Inc.*, 693 So.2d 602 , 607-609 (Fla. 2d DCA 1997).

18 U.S.C. § 241, and § 242, by criminal enterprise to injure, punish, and stigmatized Rodriguez-father for litigating to enforce his parental rights under Treaty and Va. Code, by the blocking for two (2) years his admission by waiver into the Bar of District of Columbia, the denial of a hearing pursuant to the Rules of the District of Columbia Court of Appeals, and the conducting of *void* proceeding and the issuance of a *void* order by the Virginia State Bar in violation of Article VI § 1 and § 5 of the Constitution of Virginia and Va. Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935 to revoke Rodriguez-father's license to practice law.

Third, the record confirms numerous incidents of judicial malfeasance in furtherance of a conspiracy in violation of 18 U.S.C. § 4 and § 1001, by Judge Friedman refusal to act in accordance with his oath of office so to promptly enjoin the illegal injuring, punishing and stigmatizing of Rodriguez-father in violation of 18 U.S.C. § 241 and § 242,[4] including the on going unlawful collusion of the Committee on Admission of the District of Columbia Court of Appeals, the Supreme Court of Virginia, and Virginia State Bar, to deprive Rodriguez-father of his right of employment as an attorney in the District of Columbia of the Rules of the District of Columbia Court of Appeals, thereby further injuring him and his family,[5] based on the *void* proceedings and order issued in illegal violation the Constitution of Virginia, and Va Code.

In summary, not only has Rodriguez-father been injured and deprived of the father/son relationship for more than five years by the violation of his rights as a parent by the above named jurist, but now in retaliation for his litigating to enforce his statutory rights, he and his family have

---

[4]In violation of his judicial duty under 18 U.S.C. § 4, Judge Friedman not only has turned a blind eye to the "fraud upon the court" in violation of 18 U.S.C. § 1001, by Assistant Commonwealth Attorney Catherine Crooks Hill, but surreally uses her arguments violating the Constitution of Virginia and Va. Code, to justify his determination of lack of proper venue (See Exhibit 2, Judicial Complaint filed with the United States Court of Appeals for the District of Columbia).

[5]Rodriguez-father's Son, Isidoro Rodriguez-Hazbun has been accepted as a Freshman in Virginia Tech to begin in August 2007. The first installment of tuition is due on August 7, 2007.

been injured, punish, and stigmatized by the illegal revoking of his license to practice law.  In response to the action filed under RICO, Bivens, the Federal Tort Claims Act, and Virginia Tort Claims Act, Judge Friedman "engaged in conduct prejudicial to the effective and expeditions administration of the court," by using legal sophistry to deny access to an impartial court, due process, and equal protection of the law.

For the above reasons, pursuant to 28 U.S.C.  28 U.S.C. § 3. § 291(a), § 292(d) AND § 455, a judge must be selected from outside of the D.C. and 4th Circuits to hear this matter henceforth. DATED this 21st day of June 2007.

Respectfully submitted,

_____/s/_____
Isidoro Rodriguez, Esq.

## THE LAW OFFICES OF ISIDORO RODRIGUEZ
### ATTORNEYS AND COUNSELORS AT LAW

_United States Office:_
2304 Farrington Avenue
Alexandria, Virginia 22303-1520
Telephones: 703.317.0526; Fax: 703.960.0225
Cell: 703.470.1457
Email: isidoror@earthlink.net

_South American Office:_
World Trade Center-Barranquilla
Calle 76 No. 54-11, Office 313
Barranquilla, Colombia, SA
Telephone: 011.5753.605288

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          :
ISIDORO RODRIGUEZ, ESQ.                   :
                                          :
                    Plaintiff,            : CASE NO. 07-CV-0975 (PLF)
                                          :
            v.                            :
                                          : (ORAL ARGUMENT REQUESTED)
LEGAL TIMES, *et al.*,                    :
                                          :
                    Defendants.           :
_____  :

MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO 28 U.S.C. § 292(d) AND §
455, TO DISQUALIFY THE HON JUDGE PAUL L. FRIEDMAN, THE JUDGES OF THE UNITED
STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, THE JUSTICES  COURT OF
APPEALS FOR THE DISTRICT OF COLUMBIA, AND THE HON. CHIEF JUSTICE JOHN G.
ROBERTS FROM BEING ASSIGN TO HEAR THIS CASE AND FOR THE APPOINTMENT OF A
DISTRICT JUDGE SELECTED FROM OUTSIDE OF THE DISTRICT OF COLUMBIA CIRCUIT AND
FOURTH CIRCUITS

        Comes now Isidoro Rodriguez, Esq. ("Rodriguez-father"), to file this memorandum of law

in support of his Motion to Disqualify pursuant 28 U.S.C. § 291(a), § 292(d) and § 455(b)(5)(I) and

(ii) the Hon. Judge Paul L. Friedman who has "engaged in conduct prejudicial to the effective and

expeditions administration of the court," and the Judges of the United States District Court for the

District of Columbia, the Justices of the Court of Appeals for the District of Columbia, and the Hon.

Chief Justice John G. Roberts,[6] based on their being named as Defendants in the past criminal acts

outside the scope of their judicial authority, capacity, and jurisdiction,[7] in violations of 18 U.S.C. §

_____

[6]Chief Justice John G. Roberts not only violated 18 U.S.C. § 4, § 1001, § 1204 by making
false statements to Congress, but too as Circuit Justice of the Fourth Circuit has violated 18 U.S.C.
§ 241 and § 242, by permitting the Supreme Court of Virginia and Virginia State Bar to violate
Article VI § 1 and § 5 of the Constitution of Virginia, and Va. Code § 54.1-3915 and § 54.1-3935,
thereby allowing the issuance of a *void* order revoking Rodriguez-father's license so to injure, punish
and stigmatize him in retaliation for his litigating to enforce his statutory rights.

        [7]As a separation of powers matter, the negligent and/or criminal violation by the judicial
branch refusal to enforce the mandates of Article 19 and 21 of the Hague Convention on the Civil

4, § 1001, and §1204.

Federal Statutes Involved

18 U.S.C. § 4 - Misprision of felony.

      Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil . . . authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 1001 - Statements or entries generally.

      (a) [W]hoever, in any matter within the jurisdiction of the executive, legislative, and judicial branch of the Government of the United States, knowingly and willfully: (1) falsifies, conceals, . . . a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; . . . shall be fined . . . or imprisoned not more than 5 years, or both.

18 U.S.C. § 1204 - International parental kidnapping.

      (a) Whoever. . . retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years, or both.

      (b) As used in this section -

            (1) the term "child" means a person who has not attained the age of 16 years; and

            (2) the term "parental rights", with respect to a child, means the right to physical custody of the child -

(A) whether joint or sole (and includes visiting rights); and,

(B) whether arising by operation of law, court order, or legally binding agreement of the parties.

_____

28 U.S.C. § 3- Vacancy in office of Chief Justice; disability

      Whenever the Chief Justice is unable to perform the duties of his office . . ., his powers and duties shall devolve upon the associate justice next in precedence who is able to act, . . . .

28 U.S.C. § 291(a)-Circuit judges

      (a) The Chief Justice of the United States may, in the public interest, designate and assign temporarily any circuit judge to act as circuit judge in another circuit upon the request by the chief judge or circuit justice of such circuit.

28 U.S.C. § 292(d)-District judges

      (d) The Chief Justice of the United States may designate and assign temporarily a district judge of one circuit for service in another circuit, either in a district court or court of appeals, upon presentation of a certificate of necessity by the chief judge or circuit justice of the circuit wherein the

---

Aspects of International Child Abduction Dated October 25, 1980, T.I.A.A. No 11,670, 19 I.L.M. 1501, and 42 U.S.C. § 11601(b)(4), as well as Va. Code, causes their judicially created policy of judicial immunity not to be applicable. *See, e.g.,Delgado v. JW Courtesy Pontiac GMC-Truck, Inc.*, 693 So.2d 602 , 607-609 (Fla. 2d DCA 1997).

Page -2-

need arises.

28 U.S.C. § 455-Disqualification of Justice, Judge . . . .

    (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

  (b) He shall also disqualify himself in the following circumstances:

    (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . .;

    (5) He . . .

        (I) Is a party to the proceeding, . . . . ;

        (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

### Factual Background

From January 27, 2003 through March 10, 2007, Judge Richard W. Roberts, the Justice of the Court of Appeals for the District of Columbia, Chief Justice John G. Roberts,[1] and Judges John Doe 1-10, have permitted the Defendants U.S. Department of State and United States Department of Justice, and their contractor acting as an instrumentality of government, the National Center for Missing & Exploited Children, to obstruct with Rodriguez-father's parental and visitation rights in violation of 18 U.S.C. § 4, § 1001, and § 1204.[2]

The record evidence that since June 11, 2002, when Rodriguez-father's Son was shanghaied from the United States in violation of his rights as a U.S. citizen by the surreal order of Defendant Judge T.S. Ellis III, for more than five years there has been a conspiracy in violation of 18 U.S.C. §

---

[1]Chief Justice John G. Roberts not only violated 18 U.S.C. § 4, § 1001, § 1204 by making false statements to Congress, but too has violated 18 U.S.C. § 241 and § 242, as Circuit Justice of the Fourth Circuit by permitting the Supreme Court of Virginia to violate Article VI § 1 and § 5 of the Constitution of Virginia, and Va. Code thereby allowing the issuance of a *void* order revoking Rodriguez-father's license in retaliation for his litigating to enforce his statutory rights.

[2]As a separation of powers matter, the Judicial Branch has acted in violation of law in supporting the unauthorized policies and practices of the Executive Branch, in violation of the Congressional mandate of Articles 2, 20, 21, and 29 of the Hague Convention on the Civil Aspects of International Child Abduction Dated October 25, 1980, T.I.A.A. No 11,670, 19 I.L.M. 1501 ("Treaty"), 42 U.S.C. § 11601 at ¶ (4), and 51 Fed. Reg. 10,513 (1986), Congressional Joint Concurrent Resolution 293 of May 23, 2000; and, the mandates of the General Assembly of Virginia's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Va Code § 20-146.01 et seq., *see Canter v. Cohen*, 442 F.3d 196 (March 21, 2006).

1204, to obstruct Rodriguez-father's parental rights.

On March 7, 2005, based the acts of Defendants to obstruct the Rodriguez's parental rights the First Amended Verified Complaint was filed in Docket No. 03-0120, naming as an additional party the Hon. Judge Richard W. Roberts, as well as the Judge of the Court of Appeals of the District of Columbia, based on their disregard and refuse to comply with the Congressional mandate of Articles 2, 19, 20, 21, and 29 of the Treaty, and Va. Code, to compel the securing Rodriguez-father's visitation rights under a valid Joint Custody Settlement Agreement dated August 1, 1997.

On March 31, 2005, in total disregard of the Congressional mandate of 28 U.S.C. §455(b)(5)(I) and (ii), as well as U.S. Courts Committee on Codes of Judicial Conduct Advisory Opinion No. 103 (Exhibit 1), Defendant Judge Roberts dismissed the suit filed on January 27, 2003, and struck the First Amended Complaint filed on March 7, 2005. Subsequently the Court of Appeals for the District of Columbia, Chief Justice John G. Roberts, and the United States Supreme Court refused to compel compliance with the Treaty and Va. Code, thereby compounded their negligence by violating 18 U.S.C. § 4, § 241, § 242, § 1001, and § 1204, so to obstruct with Rodriguez parental and visitation rights.

Subsequently, the Committee on Admission for the District of Columbia and the Virginia State Bar conspired in violation of 18 U.S.C. § 241 and § 242, to injure, punish and stigmatize Rodriguez-father for his filing the above actions, and for filing Federal Tort Claims and Virginia Tort Claims against the above named judges acting outside of their jurisdiction and judicial capacity under the Treaty and Va. Code.

As part of the instant action a Motion for a TRO/Preliminary Injunction was file to order Defendants Committee on Admissions for the District of Columbia Court of Appeals, the Supreme Court of Virginia, the Virginia State Bar, the *Legal Times*, and *Washington Post* to cease and desist in their on going violations of Rodriguez-father statutory rights.

Page -4-

Hon. Judge Richard W. Roberts, was assigned the action, but without compliance with LCVR 40.3(a), he recuse himself and assigned the case to the Hon. Judge Paul L. Friedman.

The Hon. Judge Paul L. Friedman should not have accepted the transfer from Defendant Judge Richard W. Roberts, but should have voluntarily disqualified himself, and followed the random assignment procedure under LCvR40.3. Judge Friedman's impartiality is in question pursuant to the U.S. Courts Committee on Codes of Judicial Conduct Advisory Opinion No. 103 (Exhibit 1), given that he si a judge of the Defendant United States District Court for the District of Columbia, has served as past a President of Defendant District of Columbia Bar, and was employed by Defendants United States Department of Justice and Defendant Office of Solicitor General.

From May 25, 2007, until June 18, 2007, Judge Friedman refused to issue the requested TRO or Preliminary Injunction.[3]

Instead, so to avoid address this important case involving judicial malfeasance, in violation of Rodriguez-father's right to access to an impartial court, due process and equal protection of the law, without any notice or motion, Judge Friedman *sur sponte* dismissed the complaint without prejudice based on his holding there is judicial immunity from suit-even for criminal act, and improper venue.[4]

### Legal Argument

A.    Lack of Judicial Immunity for Criminal Acts Mandate Disqualification.

All of the order which were issued by both the Federal and Virginia Courts have been issued

---

[3]It is true as a very general rule judges cannot be held liable for money damages for acts done within the exercise of his judicial function and within the limits of his jurisdiction, it does not apply to injunctive relief. *See  Pierson v. Ray,* 386 U.S. 547, 554 (1967)

[4]As addition support of the allegation of lack of impartiality so to further injure Rodriguez-father and his Son by ratifying the illegal acts of the Committee on Admission and the Virginia State Bar, Judge Friedman even failed to transfer the action across the Potomac in accordance with 28 U.S.C. 1406(a).

outside of their judicial capacity and jurisdiction because they violated 18 U.S.C. § 4, § 1001, and

§ 1204, by intentionally conspiring to disregard the mandates of Congress and the General Assembly

of Virginia pursuant to Article 19 and 21of the Treaty and 42 U.S.C. § 11601(b)(4), and Virginia's

UCCJEA.

"An illegal order is forever void. An order that exceeds the jurisdiction of the court, is void,

or voidable, and can be attacked in any proceeding in any court where the validity of the judgment

comes into issue." *Rose v. Himely*  4 Cranch 241, 2 L ed 608 (1808); *Windsor v. McVeigh*, 93 US 274,

23 L ed 914 (1876); *McDonald v. Mabee*, 243 US 90, 37 Sct 343, 61 L ed 608 (1917).

The U.S. Supreme Court establish that citizens have the right to have *void* orders addressed

as it stated such void orders may be attacked in any proceeding in any court where the validity of

the judgment comes into issue. *Pennoyer v. Neff* (1877) 95 US 714, 24 L ed 565;(1808) (1873) 18

Wall 457, 21 l ED 897; *Jordon v. Gilligan*, 500 F.2d 701, 710 (6th Cir. 1974)("a void judgment is no

judgment at all and is without legal effect.") *Lubben v. Selective Service System Local Bd. No. 27*, 453

F.2d 645 (1st Cir. 1972). ("a court must vacate any judgment entered in excess of its jurisdiction.");

*U.S. v. Holtzman*, 762 F.2d 720 (9th Cir. 1985).[5]

Defendant Judge Richard W. Roberts, the Justices of the Court of Appeals of the District of

Columbia, and Chief Justice John G. Roberts have at the very least been negligent in failing to

comply with Article 2, 19, 20, 21 and 29 of the of the Hague Convention on the Civil Aspects of

International Child Abduction dated October 25, 1980, and Joint Congressional Concurrent

---

[5]A void judgment is not entitled to the respect accorded a valid adjudication. All proceedings
founded on the *void* judgment are themselves regarded as invalid. A *void* judgment is regarded as
a nullity, and the situation is the same as it would be if there were no judgment. 30A Am. Jur.
Judgments §§ 43, 44, 45. It is attended by none of the consequences of a valid adjudication. It has
no legal or binding force or efficacy for any purpose or at any place. ... It is not entitled to
enforcement ... All proceedings founded on the *void* judgment are themselves regarded as invalid.
30A Am. Jur. Judgments § 44, 45.

Resolution 293 dated March 2000.

The disciplinary procedure promulgated by Defendant Supreme Court of Virginia, and its agent, the VSB (Exhibit 1), are in direct violation of Article VI § 1 and § 5 of the Constitution of Virginia, and VA Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935, therefore all proceeding and orders are *void*.

Defendant Committee on Admissions of the D. C. Court of Appeals participation in the ongoing conspiracy by ratifying the *void* order and not providing the repeatedly requested hearing as required by DC Ct. App. Rule 46, is a violation of 18 U.S.C. § 241 and § 242, and is *void*.

Thus the orders of the Federal Courts and the Virginia Courts are *void*, and subject to attack in these proceeding.

Additionally, given that Judge Richard W. Robert intentionally permitted perjury in violation of 18 U.S.C. § 4 and 1001, and sat on the Complaint in Docket No. 03-0120 for more than two years to wait until Rodriguez-father's Son become 16 year-old so to declare rights under the Treaty moot, and disregard his duty to mandate the Virginia Court comply with VA. Code until Rodriguez-father's Son became 18 years-old, it is alleged that he acted criminally outside of his judicial authority in furtherance of a criminal conspiracy in violation of 18 U.S.C. § 4, § 241, § 242 and 1204, with the intent of obstructing the lawful exercise of Rodriguez's parental rights to expeditiously secure international visitations under the Joint Custody Settlement Agreement, pursuant to the Treaty and VA Code 20-146.25 and .29.[6]

Disregarding this record of judicial malfeasance in the District of Columbia, or because of it, Judge Friedman dismissed this action based on judicial immunity, and for lack of venue. This is both

---

[6]In *U.S. v. Wiktor*, 146 F.3d 815 (10th cir. 1998), the court held that inordinate delay in adjudicating rights is a rebuttable presumption of prejudice to due process rights when the delay is attributable to the government .

an abuse of discretion, and a questionable act given his duty under 18 U.S.C. § 4 and§ 1001.[7]

Thus given the politically charged issue of access to an impartial court to review on the merits the alleged malfeasance of the Judicial Branch in the District of Columbia and Virginia, it is reasonable to question whether the Judges of the United State District Court, and the Court of Appeals of the District of Columbia, can be impartial.

This motion is based on the law where judicial immunity is trumped in two sets of circumstances:

First, a judge is not immune from  liability for non-judicial actions *i.e.*, actions not taken in the judge's judicial capacity. *Forrester v. White,* 484 U.S. 219, 227-29, 108 S. Ct. 538, 544-45, 98 L. Ed. 2d 555 (1988); *Stump v. Sparkman,* 435 U.S. 349, 360, 98 S.Ct. 1099, 1106, 55 L. Ed. 2d 331(1978).

Second, a judge is not immune for actions, though judicial in nature, is taken in the complete absence of all judicial capacity or jurisdiction i.e. criminal acts in violation of 19 U.S.C. § 4, § 1001, and § 1204. *Id.* at 356-57, 98 S.Ct. at 1104-05; *Bradley v. Fisher,* 80 U.S. 335, 351, 20 L. Ed. 646(1872).

The record, evidences that both exceptions apply in the instant action mandating disqualification.

B.    Mandated Disqualification under 28 U.S.C. § 455(b)(I) & (iv)

When Congress amended § 455 in 1974 to create an objective standard for recusal and disqualification its intent was to "promote public confidence in the impartiality of the judicial process . . . " H.R. Rep. No. 93-1453, 1974 at 6355. (Emphasis added)

Subsection (b) of the amended statute sets forth specific situations or circumstances *when*

---

[7]A Judicial Complaint (Exhibit 2), and A Motion to Reconsider pursuant to Fed. R. Civ. P 50(e) is being filed at the same time as this motion to disqualify.

*the judge must disqualify himself* . . . by setting specific standards, Congress can eliminate the uncertainty and ambiguity arising form the language in existing statute and will have aided the judges in avoiding possible criticisms form failure to disqualify themselves. (Emphasis added) H.R. Rep. 93-1453, *supra*.

Thus the plain language of 28 U.S.C. 455(b)(5)(I) & (iv), is clear:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
  (I) Is a party to the proceeding, . . . . ;
  (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

In discussing the import of 28 U.S.C. § 455(b), former Chief Justice Rehnquist noted, in his dissent, in *Lilyeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 871 (1988) that:

Subsection (b) of § 455 sets forth more particularized situations in which a judge must disqualify himself. Congress intended the provisions of § 455 (b) to remove any doubt about recusal in cases where a judge's interest is too closely connected with the litigation to allow his participation. (Emphasis added)

Therefore, because the United States District Court for the District of Columbia is a Defendant in this action, all of its Judges, this includes Judge Paul L. Friedman, are either parties or witness.[8]

The force of the mandate of Congress to disqualify is expressed in 28 U.S.C. §455(e) which states: "No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b)."

Congress does not want justices hearing cases to which they are either a named Defendant or will be a witness, because pursuant to §455(a) "Any justice, . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

C.    28 U.S.C. § 292 and the U.S. Supreme Court's Holding in *Will* Mandate Disqualification

---

[8]Disqualification of Judge Friedman is mandated under the doctrines of *nemo judex in parte sua* and *audi alteram partem*, made applicable to federal judges under the Ninth Amendment. These principles of natural justice were derived from the Romans who believed that some legal principles were "natural" or self-evident and did not require a statutory basis. As such, they are indelibly imbedded in the common law and may not be disparaged by Constitutional actors without doing violence to the protections provided by the Ninth Amendment.

The United States Supreme Court has addressed the issue of disqualification in *United States v. Will*, 449 U.S. 200, 213 (1980),

> In federal courts generally, when an individual judge is disqualified from a particular case by reason of § 455, the disqualified judge simply steps aside and allows the normal administrative processes of the court to assign the case to another judge not disqualified. . . . .

However, Judge Friedman <u>cannot</u> invoke the *Rule of Necessity* because the factual predicate present in *Will* are <u>not</u> present, and 28 U.S.C. § 292(d) applies.

WHEREFORE, Rodriguez respectfully requests that the Judge Paul L. Friedman, Judges of the United States District Court for the District of Columbia, the Justice of the Court of Appeals of the District of Columbia, and Chief Justice John G. Roberts, disqualify themselves from consideration of these matter, and pursuant to 28 U.S.C. § 3 and § 292, a District judge be selected by Associate Justice Paul Stevens from outside of the D.C. and 4th Circuits to hear this action.

Respectfully submitted,

_____/s/_____
Isidoro Rodriguez, Esq.

### THE LAW OFFICES OF ISIDORO RODRIGUEZ

<u>United States Office:</u>
2304 Farrington Avenue
Alexandria, Virginia 22303-1520
Telephones: 703.317.0526; Fax: 703.960.0225
Cell: 703.470.1457

<u>South American Office:</u>
World Trade Center-Barranquilla
Calle 76 No. 54-11, Office 313
Barranquilla, Colombia, SA
Telephone: 011.5753.605288

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                               :
ISIDORO RODRIGUEZ, ESQ.                        :
                                               :
                        Plaintiff,     : CASE NO. 07-CV-0975-PLF
                                               :
                v.                             :
                                               :
LEGAL TIMES, *et al.,*                         :
                                               :
                        Defendants.    :
_____:

<u>TEMPORARY RESTRAINING ORDER (PROPOSED)</u>

Based on the Plaintiff Isidoro Rodriguez, Esq's ("Rodriguez-father"), complaint and motion to Disqualify, and Judicial Complaint, it is order that the Hon. Judge L. Friedman, is disqualified to hear this matter.

Furthermore, pursuant to 28 U.S.C.§ 3. § 291(a), § 292(d) and § 455, it is requested that a District judge be selected by Associate Justice Paul Stevens from outside of the D.C. and 4th Circuits to hear this action.

Dated this ____ day of June, 2007.

                                    _____
                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies a copy of the Motion to Disqualify with

Memorandum of Law, and Order, were sent on June 21, 2007, to opposing counsels by ECF system

and U.S. mail, postage fully prepaid, to:

Editor in Chief
The Washington Post
1150 15th Street, N.W.
Washington, D.C. 20036

Respectfully submitted,


_____/s/_____
Isidoro Rodriguez, Esq.



THE LAW OFFICES OF ISIDORO RODRIGUEZ
ATTORNEYS AND COUNSELORS AT LAW

*Northern Virginia Office:*
7924 Peyton Forest Trail
Annandale, Virginia 22003
Telephone: 571.423.5066/telefax: 703.573.1571
Mobil: 703.470.1457
Email: isidoror@earthlink.net

*South American Office:*
World Trade Center
Calle 76 No. 54-11, Office 313
Barranquilla, Colombia
Telephone: 011.5753.605288
Telefax: 011.575.348001

Home : Library : Published Advisory Opinions : Advisory Opinion No. 103

COMMITTEE ON CODES OF CONDUCT
ADVISORY OPINION NO. 103

Recusal Considerations Arising from Harassing Claims Against Judges

From time to time, the Committee receives inquiries from judges asking if they should recuse themselves from cases involving litigants who register complaints against judges in retaliation for unfavorable judicial decisions or setbacks in their legal proceedings. These complaints may take the form of a civil action, a complaint of misconduct or disability under the Judicial Conduct and Disability Act, 28 U.S.C. § 372(c), or other initiatives affecting judges' personal interests. Some litigants file repeated complaints naming the original judge, while others name additional judges with each succeeding setback. Occasionally, lawsuits are initiated naming all judges of a court. In some instances, a pattern of frivolous or vexatious filings may lead judges to enter protective orders restricting a litigant from submitting further filings without leave of court.

All of these situations – from initiation of a complaint against a single judge to review of successive pleadings under a protective order – can give rise to recusal considerations, which must be weighed carefully. Important reasons exist for a judge not to disqualify routinely, as this would permit and might even encourage litigants to manipulate and abuse the judicial process, which could undermine public confidence in the integrity of the judiciary. Automatic disqualification of a judge cannot be obtained by the simple act of suing the judge, particularly where the suit is primarily based on the judge's prior judicial rulings. On the other hand, a universal refusal to recuse could also lead to disrespect for and a loss of public confidence in the integrity of the judicial process.

This Advisory Opinion summarizes the Committee's views concerning the decision to recuse in various situations involving harassing claims against judges.[1]

I. Canon 3C(1)

Canon 3C(1) of the Code of Conduct for United States Judges governs many of the issues related to this type of harassing litigation.[2] It provides in relevant part:

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

*Isidoro Rodriguez v. Legal Times, et al.*

D.C. Docket No. 07-0975 (PLF)

Plaintiff's Exhibit 1

Page 2 of  6

(a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning a proceeding; . . .

(c) the judge knows that [he or she] . . . has a financial interest in the subject matter in controversy . . . or any other interest that could be affected substantially by the outcome of the proceeding;

(d) the judge . . . :

(i) is a party to the proceeding . . .

(iii) is known . . . to have an interest that could be substantially affected by the outcome of the proceeding; or

(iv) is . . . likely to be a material witness in the proceeding.

When recusal is not mandated by one of the specifically enumerated categories in Canon 3C(1), the Committee has identified a number of non-exclusive factors to be considered by an assigned judge in determining whether a "judge's impartiality might reasonably be questioned." These include the nature of the complaint, the applicable law, the possibility of factual issues involving the credibility of the named judge or judges, and any other circumstances that might provide a reasonable ground for questioning the impartiality of the assigned judge.

II. Civil Actions Naming Judges As Defendants

A. Actions Against the Assigned Judge

A judge must recuse if he or she is named as a defendant in a proceeding that has been assigned to the judge. Canon 3C(1)(d)(i) provides that a judge shall recuse himself or herself when "the judge . . . is a party to the proceeding."

B. Actions Against Other Judges on the Assigned Judge's Court

If one or more of an assigned judge's judicial colleagues – but not the assigned judge – is named as a defendant in a civil action, the assigned judge need not automatically recuse from the case. This situation is governed by Canon 3C(1)'s general admonition against presiding over cases in which "the judge's impartiality might reasonably be questioned." Whether it would be appropriate for a judge to handle a matter naming

*Isidoro Rodriguez v. Legal Times, et al.*

D.C. Docket No. 07-0975 (PLF)

Plaintiff's Exhibit 1

judicial colleagues depends on the surrounding circumstances, including the factors identified in Section I of this Advisory Opinion.

In typical harassing litigation, a claim against a judge is barred by the doctrine of judicial immunity, and the complaint is subject to prompt dismissal on judicial immunity or other grounds. Review of a complaint against a judicial colleague where the litigation is patently frivolous or judicial immunity is plainly applicable will not ordinarily give rise to a reasonable basis to question the assigned judge's impartiality, and disqualification would rarely be appropriate. Thus, the mere naming of a judicial colleague as a defendant does not require automatic recusal of every judge in the district or on the court under Canon 3C(1). Because each case must necessarily depend upon its own unique circumstances, however, it should be noted that if, after a review of all the surrounding circumstances, the assigned judge determines that his or her impartiality might reasonably be questioned, recusal would be appropriate.

## C. Actions Against All Judges on A Court

When all sitting judges of a court are named as defendants in a civil action, each defendant judge is ordinarily required to recuse from hearing the case under Canon 3C(1)(d)(i) because they are parties to the case. This situation may be addressed by assigning the matter to a newly appointed judge who joins the court after the filing of the complaint or by arranging for a judge from another district, or judges from another circuit, to handle the matter. Whether a judge may nevertheless handle such a matter under the rule of necessity is a question of law beyond the scope of this opinion. Judges should consult their circuit precedent on this question.

## D. Unrelated Cases Involving Same Litigant

A litigant with a case pending before a judge may respond to an adverse ruling by initiating a complaint against the judge. The judge is disqualified from handling the new case against himself or herself for the reasons discussed above, but the question is whether the new complaint necessitates the judge's recusal from the pending, unrelated case he or she had already been handling.

A judge is not automatically disqualified from participating in other, unrelated cases involving the same litigant, whether they are filed before or after the complaint in which the judge is a defendant. Judicial immunity usually will be a complete defense against a new complaint of this nature, and the court in which the complaint is filed likely will dismiss it as frivolous. In such circumstances, the mere fact that a litigant has filed a new frivolous complaint against a judge based on the judge's official actions

*Isidoro Rodriguez v. Legal Times, et al.*

D.C. Docket No. 07-0975 (PLF)

Plaintiff's Exhibit 1

Page 4 of 6

will not disqualify the judge from continuing to preside over the earlier, unrelated matter brought by the same litigant. The same holds true when a litigant who previously filed a complaint naming a judge subsequently files an unrelated case against others that is assigned to the named judge.

Although there might be some question regarding the impartiality of the judge in these situations, Canon 3C(1) requires that the basis for questioning a judge's impartiality must be "reasonable" for the judge to be required to recuse. The factors the judge should consider in making the reasonableness determination are identified in Section I of this Advisory Opinion, i.e., the nature of the complaint, the applicable law, and other relevant circumstances. A complaint filed against a judge that is subject to prompt dismissal on judicial immunity grounds will not ordinarily give rise to a reasonable basis to question the judge's impartiality in unrelated cases filed against others by the same litigant. Such a nonmeritorious complaint, standing alone, will not lead reasonable minds to conclude that the judge is biased against the litigant or that the judge's impartiality can reasonably be questioned, and thus will not require the judge to recuse.

III. Issuance and Administration of Protective Orders

Some courts have entered protective orders against litigants who engage in a pattern of repeated frivolous filings, enjoining the litigants from future filings without the approval of a designated judge. As a preliminary matter, there is generally no impropriety in a judge's issuance of a protective order of broad applicability, even though it may indirectly or incidentally benefit the issuing judge.

For example, although any federal judge or federal employee may be a defendant in a future filing and may thus fall within the class of persons protected by the order, we do not believe a judge should refrain from entering the order solely on the basis that such across-the-board relief could potentially extend to the judge. Of course, a judge's impartiality could reasonably be questioned if the judge issued an order – either at the request of others or on the judge's own initiative – naming or describing the judge individually, providing tangible relief for his or her own personal benefit, or otherwise directly protecting the judge's own personal interests.

Once a protective order is issued, a judge who has been sued by a litigant may be called upon to review that litigant's filings for compliance with the order. The actual review by a designated judge raises additional recusal issues. Again, Canon 3C(1)'s standard for assessing when a judge's impartiality might reasonably be questioned is the applicable standard. If the reviewing judge is named as a defendant in an action

*Isidoro Rodriguez v. Legal Times, et al.*

D.C. Docket No. 07-0975 (PLF)

Plaintiff's Exhibit 1

the litigant is attempting to file, that judge must recuse because one could reasonably question the judge's impartiality. If the assigned judge is not named as a defendant in the proposed filing but is or was a defendant in another action brought by the same litigant, the judge ordinarily will not be prevented from assessing the litigant's compliance with the protective order. But the judge must still evaluate the factors enumerated in Section I of this Advisory Opinion concerning whether his or her impartiality might reasonably be questioned. As in the situations described above, pending complaints against the designated judge that are subject to prompt dismissal on judicial immunity or other grounds will not ordinarily give rise to reasonable questions about the assigned judge's impartiality. Thus, generally speaking, a judge named by a litigant in one case is not disqualified in another case (not naming the judge) from assessing the litigant's compliance with an injunction restricting future filings.

IV. <u>Complaints of Misconduct or Disability Against the Assigned Judge</u>

Harassing litigants occasionally file complaints of misconduct or disability against judges under the Judicial Conduct and Disability Act ("JCDA"), 28 U.S.C. § 372(c). When a section 372(c) complaint is filed, disqualification is governed by the same general principles as disqualification when a civil lawsuit is filed against the judge. In neither instance is a disgruntled litigant allowed to disqualify a judge by the simple expedient of filing a complaint. But judges must be attentive to the possibility that unusual circumstances may arise warranting recusal in individual cases.

When a complaint is filed against a judge under the JCDA, he or she is not required to recuse from a case involving the complainant unless, under the general principles of Canon 3C(1), the circumstances raise a reasonable question about the judge's impartiality. Such a reasonable question about the judge's impartiality arises if there is a realistic potential for the complaint to lead to adverse consequences for the judge.

It may be possible for the judge to await an internal administrative decision on a JCDA complaint before making a recusal decision in a pending case involving the complainant. JCDA complaints are transmitted to the chief judge of the circuit, who is responsible for reviewing them and has the power to dismiss them on various statutory grounds. A dismissal may be appealed to the judicial council of the circuit. If a prompt dismissal is not ordered or the complaint is not otherwise concluded, the chief judge is required to arrange for an investigation and submission of a report to the judicial council. 28 U.S.C. §§ 372(c)(4), (5).

Thus, when a litigant files a JCDA complaint against a judge, it is preferable, if feasible, for the judge to await the initial decision of the chief judge before considering

*Isidoro Rodriguez v. Legal Times, et al.*

D.C. Docket No. 07-0975 (PLF)

Plaintiff's Exhibit 1

Page 6 of  6

recusal from cases involving that litigant. If the chief judge declines to dismiss the complaint and an investigation begins, the judge should normally recuse immediately. But, if the chief judge dismisses the complaint, as occurs in most JCDA cases, the judge will not face the potential for any adverse consequences. No reasonable person would then question the ability of the judge to participate impartially in the complaining litigant's case. If the chief judge's dismissal is subsequently overturned by the judicial council, the judge should normally recuse himself or herself upon receiving notice of that decision.

If it is not feasible to await the decision of the chief judge, it is appropriate for the judge who is the subject of the complaint to determine whether the complaint meets one of the statutory grounds for dismissal. If the judge determines that the complaint meets any of the statutory grounds for dismissal, the judge will not face an actual or apparent threat of adverse consequences from the complaint. In those circumstances, so long as the judge holds that view, no reasonable person would question the judge's impartiality in the complainant's case, and recusal is not necessary. If the chief judge thereafter decides that the complaint is not subject to dismissal and arranges for an investigation, the judge should re-evaluate his or her position and ordinarily recuse from the case.

Given that most misconduct complaints are dismissed by chief judges at the outset, the foregoing advice makes recusal unnecessary in most cases. With respect to complaints that are not dismissed by chief judges, we conclude that no across-the-board rule is appropriate. However, we believe a relevant question in this situation is whether it appears that there is a realistic potential for a sanction of some kind to be ordered against the judge complained against.

July 12, 2002

[1] In a related advisory opinion, the Committee analyzes recusal issues arising from a judge's representation by the U.S. Department of Justice in legal proceedings. See Advisory Opinion No. 102.

[2] The Committee notes that 28 U.S.C. § 455 contains language substantially similar to Canon 3C(1). However, the charter of the Committee does not permit it to render opinions interpreting section 455. Judges may want to review the judicial interpretation of section 455 by various federal circuits in addition to the advice contained in this opinion.

*Isidoro Rodriguez v. Legal Times, et al.*

D.C. Docket No. 07-0975 (PLF)

Plaintiff's Exhibit 1

-a-

Judicial Council for the District of Columbia Circuit
Complaint of Judicial Misconduct or Disability

Mail this form to:    Clerk, United States Court of Appeals for the
                      District of Columbia Circuit
                      United States Courthouse
                      333 Constitution Avenue, N.W.
                      Washington, D.C. 20001-2866

Mark envelope "Complaint of Misconduct" or "Complaint of Disability." Do not put the name of
the judge or magistrate on the envelope.

See Rule 2 for the number of copies required.

1.      Complainant's Name:   Isidoro Rodriguez, Esq.
        Address: Law Offices of Isidoro Rodriguez,
                        7924 Peyton Forest Trail
                        Annandale, Virginia 22003-1560
                        Daytime telephone: (703)573-1571

2       Judge complained about:
        Name: The Hon. Judge Paul L. Friedman
        Court: United States District Court for the District of Columbia

3.      Does this complaint concern the behavior of the judge or magistrate in a particular
        lawsuit or lawsuits?

        Yes                    No

        If "yes" give the following information about each lawsuit (use reverse side if there is
        more than one):
        Court: United States District Court

        Docket number: D.C. Docket No. 07-0975


        Are (were) you a party or lawyer in the lawsuit?

        Party          Lawyer          Neither

        If a party, give the following information:
        Lawyer's Name: Isidoro Rodriguez, Esq.

         Address: Law Offices of Isidoro Rodriguez,

*Isidoro Rodriguez, Esq. v. Legal Times, et al.,*
D.C. Docket No. 07-0975 (PLF)
Plaintiff's Exhibit 2-Judicial Complaint

-b-

See above

Daytime telephone: (703)573-1571

Docket number(s) of any appeals of above case(s) to the District of Columbia Circuit Court of Appeals:

Motion for Reconsideration and Motion to Disqualify are pending stay time to appeal.

4.    Have you filed any lawsuits against the judge or magistrate?
Yes                            No

If "yes" give the following information about each lawsuit (use the reverse side if there is more than one):

Court:_____

Docket Number:_____

Present status of suit:_____

Your Lawyer's Name:_____

Address:_____

Telephone: (    )

Court to which any appeal has been taken:_____

Docket number of the appeal:_____

Present status of the appeal:_____

5.    The statute which governs the procedure for these complaints generally provides for confidentiality until such time as the complaint is finally processed.

6.    On separate sheets of paper, not larger than the paper this form is printed on, describe the conduct or the evidence of disability that is the subject of this complaint. See rule 2(b) and rule 2(d). Do not use more than 5 pages (5 sides). Most complaints do not require that much.

7.    You should either:

(1) check the first box below and sign this form in the presence of a notary public; or
(2) check the second box and sign the form.  You do not need a notary public if you check the second box.

( ) I swear (affirm) that-
(X) I declare under penalty of perjury that

(1) I have read rules 1 and 2 of the Rules of the D.C. Circuit Governing Complaints of Judicial Misconduct or Disability, and
(2) The statements made in this complaint are true and correct to the best of my knowledge.

*Isidoro Rodriguez, Esq. v. Legal Times, et al.,*
D.C. Docket No. 07-0975 (PLF)
Plaintiff's Exhibit 2-Judicial Complaint

-c-

_____/s/_____
Isidoro Rodriguez, Esq.
A Member of the Bar of this Court
since April 22, 1993
Executed on June 21, 2007

Page -2-

Attachment in Support of Complaint of Judicial Misconduct

*Isidoro Rodriguez, Esq. v. Legal Times, et al.*, D.C. Docket No. 07-0975 (PLF), was filed on May 25, 2007, for the numerous violations of 18 U.S.C. §§ 241[1] & 242,[2] and § 1204,[3] and the doctrine of separation of power by the undertaking, approving, and ratifying of a conspiracy by the Federal Executive Branch *et al.*, Federal Judicial Branch, including the Committee on Admissions for the District of Columbia Court of Appeals, the Virginia Judicial Branch, Virginia State Bar ("VSB"), Virginia Office of the Commonwealth's Attorney, *The Washington Post, The Legal Times*, and John's Does 1-20 ("Defendants"), to intimidate, stigmatize, and injure Plaintiff Isidoro Rodriguez ('Rodriguez-father') in retaliation for his litigating to enforce his federal statutory rights by the use of the dark cloud of injustice and stigma to illegally obstruct with his parental rights (Plaintiff's Exhibit 1 and 2 filed with the Complaint); to illegally revoke his license to practice law in the Commonwealth of Virginia ("Virginia"), in violation of Art. I and VI of the Constitution of Virginia, and VA Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935; to illegally seek the revoking of

---

[1]18 U.S.C. § 241 - Conspiracy against rights, state that, "[i]f two or more persons conspire to injure, oppress, threaten, or intimidate any person in any . . . Commonwealth, . . . , or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; . . . They shall be fined under this title or imprisoned not more than ten years, or both . . . .

[2]18 U.S.C. § 242 - Deprivation of rights under color of law, states that, " [w]hoever, under color of any . . . , regulation, . . . , willfully subjects any person in any . . . Common-wealth, . . . , or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, . . ., shall be fined under this title or imprisoned not more than one year, or both; . . . .

[3]18 U.S.C. § 1204 - International parental kidnapping. . . . (a) Whoever. . . retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years, or both. . . . .

*Isidoro Rodriguez, Esq. v. Legal Times, et al.*,
D.C. Docket No. 07-0975 (PLF)
Plaintiff's Exhibit 2-Judicial Complaint

Page -3-

Rodriguez-father's membership to practice before the United States Court of Appeals for the Fourth Circuit, the United States Tax Court, and other Federal Courts; to use "Beltway cronyism" to illegally delay since July 17, 2005, the approval of Rodriguez-father waiver application into the Bar of the District of Columbia; and, to interfere with and damage Rodriguez-father's interstate and international business, profession, law office, and right to employment as an attorney in Virginia and the District of Colombia (Plaintiff's Exhibit 10 and 11 filed with the Complaint).

The action was filed pursuant to his rights under the First, Fifth, Ninth, and Fourteenth Amendment to the United States Constitution, Article I § 11 & § 12, and VI § 1 & § 5, of the Constitution of Virginia, the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68 (A), Article IV § 2, 42 U.S.C. § 1983 *et seq.*, *Bivens v. Six Unnamed Agents of the Federal Bureau of Investigation*, 403 U.S. 388 (1971) ("*Bivens*"), the Federal Tort Claims Act 28 U.S.C. § 2671 *et al.* ("FTCA"), 42 U.S.C. §§ 1985 and 1986, the Virginia Tort Claims Act, Va. Code §§ 18.2-499 and 500 ("VTCA"), Virginia Business Conspiracy, VA Code §§ 18.2-499 and 500, and 18 U.S.C. §§ 241 & 242, to seek the issuance of a TRO/Injunction, and Writ of Mandamus, as well as for compensatory, and punitive damages.

A summary of the facts in the record are that between January 27, 2003 to March 10, 2007, confirms numerous incidents of judicial malfeasance in furtherance of a conspiracy in violation of 18 U.S.C. § 4, § 1001, and 1204, therefore outside of both judicial capacity and jurisdiction.

The object of the criminal enterprise was the obstruction of Rodriguez's parental and visitation rights for more than five (5) years in violation of a  valid Joint Custody Settlement Agreement, Article III § 2, and the I, V, and IX Amendments to the U.S. Constitution; Congressional Resolution 293 of March 23, 2000; Articles 2, 11, 19, 20, 21, and 29 of the Treaty, 42 U.S.C. § 11601

*Isidoro Rodriguez, Esq. v. Legal Times, et al.,*
D.C. Docket No. 07-0975 (PLF)
Plaintiff's Exhibit 2-Judicial Complaint

Page -4-

*et se.*; 51 Fed. Reg. 10,513 (1986); and VA Code 20-146.25 and .29 ( *see* Petition for Writ of

Mandamus, Docket No. 03-5092 to the Defendant U.S. Department of State *et al.,* April 7, 2003, and

Petition for TRO/Injunction and Writ of Mandamus, Docket No. 05-5130, April 6, 2005).

Subsequently compounding the above criminal violations, the record confirms numerous

additional incidents of judicial malfeasance in furtherance of a conspiracy in violation of 18 U.S.C.

§ 241, and § 242, by criminal enterprise to injure, punish, and stigmatized Rodriguez-father for

litigating to enforce his parental rights under Treaty and Va. Code, by the blocking for two (2) years

his admission by waiver into the Bar of District of Columbia, the denial of a hearing pursuant to the

Rules of the District of Columbia Court of Appeals, and the conducting of *void* proceeding and the

issuance of a *void* order by the Virginia State Bar in violation of Article VI § 1 and § 5 of the

Constitution of Virginia and Va. Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935 to revoke

Rodriguez-father's license to practice law.

Furthermore, the record confirms numerous incidents of judicial malfeasance in furtherance

of a conspiracy in violation of 18 U.S.C. § 4 and § 1001, by Judge Friedman refusal to act in

accordance with his oath of so to promptly enjoin the illegal injuring, punishing and stigmatizing

of Rodriguez-father in violation of 18 U.S.C. § 241 and § 242,[4] including the on going unlawful

collusion of the Committee on Admission of the District of Columbia Court of Appeals, the Supreme

Court of Virginia, and Virginia State Bar, to deprive Rodriguez-father of his right of employment as

---

[4]In violation of his judicial duty under 18 U.S.C. § 4, Judge Freidman not only has turned a blind eye to the "fraud upon the court" in violation of 18 U.S.C. § 1001, by Assistant Commonwealth Attorney Catherine Crooks Hill, but surreally uses her arguments violating the Constitution of Virginia and Va. Code, to justify his determination of lack of proper venue (See Exhibit 2, Judicial Complaint filed with the United States Court of Appeals for the District of Columbia).

*Isidoro Rodriguez, Esq. v. Legal Times, et al.,*
D.C. Docket No. 07-0975 (PLF)
Plaintiff's Exhibit 2-Judicial Complaint

Page -5-

an attorney in the District of Columbia of the Rules of the District of Columbia Court of Appeals, thereby further injuring him and his family,[5] based on the *void* proceedings and order issued in illegal violation the Constitution of Virginia, and Va Code.

Not only has Rodriguez-father been injured and deprived of the father/son relationship for more than five years by the violation of his rights as a parent by the above named jurist, but now in retaliation for his litigating to enforce his statutory rights, he and his family have been injured, punish, and stigmatized by the illegal revoking of his license to practice law.

In response to the complaint Judge Friedman "engaged in conduct prejudicial to the effective and expeditions administration of the court," by using legal sophistry to deny access to an impartial court, due process, and equal protection of the law, by *sua sponte* dismissing the complaint based on judicial immunity from liability for criminal acts, and the legal sophistry of lack of venue-despite the record of past and on going actions in the District of Columbia in violation of 18 U.S.C. § 241 and § 242.

For the above reasons, pursuant to 28 U.S.C. 28 U.S.C. § 3. § 291(a), § 292(d) AND § 455, Judge Friedman must disqualify himself, and a judge must be selected from outside of the D.C. and 4th Circuits to expeditiously hear this matter on the merits henceforth.

I declare under penalty of perjury that I have read rules 1 and 2 of the Rules of the D.C. Circuit Governing Complaints of Judicial Misconduct or Disability, and that the statements made in this attachment are true and correct to the best of my knowledge.



_____/s/_____

---

[5]Rodriguez-father's Son, Isidoro Rodriguez-Hazbun has been accepted as a Freshman in Virginia Tech to begin in August 2007. The first installment of tuition is due on August 7, 2007.

*Isidoro Rodriguez, Esq. v. Legal Times, et al.,*
D.C. Docket No. 07-0975 (PLF)
Plaintiff's Exhibit 2-Judicial Complaint

Page -6-

Isidoro Rodriguez, Esq.
A Member of the Bar of this Court
since April 22, 1993
Executed on June 21, 2007

Page -7-

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies a copy of the Judicial Complaint as part of the

Motion to Disqualify with Memorandum of Law, and Order, were sent on June 21, 2007, to opposing

counsels by ECF system and U.S. mail, postage fully prepaid, to:

Editor in Chief
The Washington Post
1150 15th Street, N.W.
Washington, D.C. 20036

Respectfully submitted,

_____/s/_____
Isidoro Rodriguez, Esq.

THE LAW OFFICES OF ISIDORO RODRIGUEZ
ATTORNEYS AND COUNSELORS AT LAW

*Northern Virginia Office:*
7924 Peyton Forest Trail
Annandale, Virginia 22003
Telephone: 571.423.5066/telefax: 703.573.1571
Mobil: 703.470.1457
Email: isidoror@earthlink.net

*South American Office:*
World Trade Center
Calle 76 No. 54-11, Office 313
Barranquilla, Colombia
Telephone: 011.5753.605288
Telefax: 011.575.348001

*Isidoro Rodriguez, Esq. v. Legal Times, et al.,*
D.C. Docket No. 07-0975 (PLF)
Plaintiff's Exhibit 2-Judicial Complaint