UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            :
ISIDORO RODRIGUEZ, ESQ.                     :
                                            :
                        Plaintiff,          :  CASE NO. 07-CV-0975 (PLF)
                                            :
            v.                              :  <u>ORAL ARGUMENT REQUESTED</u>
                                            :
LEGAL TIMES, *et al.,*                      :
                                            :
                        Defendants.         :
_____ :

<u>MOTION PURSUANT TO LCvR 40.7( c ) TO REQUEST  THE CHIEF JUDGE OF THE UNTIED
STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA TO EMPANEL A SPECIAL
GRAND JURY AND SPECIAL PRIVATE PROSECUTOR TO INVESTIGATE AND RETURN AN
INDICTMENT FOR THE PAST AND ON GOING CONSPIRACY IN VIOLATIONS OF 18 U.S.C. §§
4, 241, 242, 371, 1001, AND 1204.</u>

Based on the record of the Defendants United States Department of Justice and Federal

Bureau of Investigation failure to act upon criminal complaints of violations of 18 U.S.C. §§ 4,

241, 242, 371, 1001, and 1204 (Plaintiff's Exhibits 1, 2, 3, 4, and 5), and the Hon Judge Paul L.

Friedman's denial of the Emergency Motion to the U.S. Attorney to Appoint a Special Prosecutor

(Plaintiff's Exhibit 6, Docket Entry #5), pursuant to LCvR 40.7( c ),[1] 28 U.S.C.§ 1361 (providing

for an action to order a federal official to perform a mandatory duty and to halt unlawful

conduct), and 5 U.S.C. § 702 (failure to do official acts), Plaintiffs Isidoro Rodriguez, Esq.

("Rodriguez-father") files this motion to request the Chief Judge of the United States District

Court for the District of Columbia appoint a Special Prosecutor, *see e.g. Young v. United States ex*

*rel Vuiton et Fils, S.A/*, 481 U.S. 787, 107 S.Ct. 2124 (1987), and empanel a Special Grand Jury

_____

[1]LCvR 40.7, DUTIES OF THE CHIEF JUDGE, reads in relevant part that, "[i]n addition to
the trial of such cases as he/she may undertake and other duties provided by these Rules, the
Chief Judge shall: . . . ( c ) empanel the grand jury and hear and determine all matters relating
to proceedings before the grand jury;" . . . .

to hear and determine to return of an indictment for the past and on going conspiracy against Rodriguez-father's rights as a parent and a licensed attorney, by on going criminal violations, including but not limited to the following:

• Defendants' past violation of 18 U.S.C. § 1204, by their intentional obstruction of Rodriguez-father's parental right from January 27, 2003 through March 10, 2007,[2] as mandated by Article 21 of the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980 ("Treaty"); and, Virginia's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Va. Code § 20-146.25 and 35, to compel the Executive Branch and the Virginia Courts to secure visitations, *see Canter v. Cohen*, 442 F.3d 196 (March 21, 2006);

• Defendants permitting and committing perjury before Congress and the "fraud upon the court" in violation of 18 U.S.C. § 371 and § 1001, by making false statements as to Rodriguez-father's litigation to compel compliance by Defendants of their respective ministerial and judicial duty to secure visitation rights, and as to the request for budget and use of federal funds;

• Defendants' violation of 18 U.S.C. § 4, § 241, and § 242, by filing a fraudulent complaint, committing and permitting perjury as to their ministerial and judicial duties, issuing an illegal *void* order revoking Rodriguez-father's license to practice law in a Virginia, and denying due process in refusing to either grant membership by waiver admission into Bar of the District of Columbia or provide a hearing on the illegal *void* order, all in furtherance of the conspiracy to punish and stigmatize Rodriguez-father in retaliation for his litigating to enforce

---

[2] Upon Rodriguez-father's Son, Isidoro Rodriguez-Hazbun ("Isidoro"), becoming 18 years-old on March 10, 2007, Defendants duty to secure visitation under Treaty and Va. Code ended. Now as Isidoro prepares to enter Virginia Tech on August 17, 2007, Defendants have again conspired to intentional injure Isidoro by stigmatizing and preventing Rodriguez-father from being employed as an attorney in violation of 18 U.S.C. § 241 and § 242.

his and his Son's rights under Treaty, U.S. Code, and Va. Code, and punish and stigmatize Rodriguez-father in retaliation for exercising his statutory rights and duties as an active attorney-at-law, and citizen,  to petition Congress and the General Assembly of Virginia,   *see* http://home.earthlink.net/~isidoror; *see also* Issues and Action-Congress.org, letter to Congress, www.congress.org/congressorg/bio/userletter/?id=51&letter_id=380306581; and,

 • Defendants on going conspiracy to use Beltway lobbyist, law firms, and media so to intentionally misinform the public and disregard the statutory mandates of the U.S. Congress and the General Assembly of Virginia regarding the right of Rodriguez-father to access to an impartial Federal Court pursuant to 28 U.S.C. § 455, by obstructing justice so to deny Article III review of the unauthorized policies and practices of the Executive Branch in collusion with the Judicial Branch, that have obstructed, punished, and stigmatized Rodriguez-father for more than five years for exercising his rights as a father, and his rights and duties to his Son, and rights and duties to the public as a licensed attorney-at-law, and member of the Virginia State Bar.

DATED this 25th day of June 2007.

Respectfully submitted,

_____
/s/Isidoro Rodriguez, Esq.

THE LAW OFFICES OF ISIDORO RODRIGUEZ
ATTORNEYS AND COUNSELORS AT LAW

*United States Office:*
2304 Farrington Avenue
Alexandria, Virginia 22303-1520
Telephones: 703.317.0526; Fax: 703.960.0225
Cell: 703.470.1457

*South American Office:*
World Trade Center-Barranquilla
Calle 76 No. 54-11, Office 313
Barranquilla, Colombia, SA
Telephone: 011.5753.60528

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    :
ISIDORO RODRIGUEZ, ESQ.                              :
                                                    :
                            Plaintiff,              : CASE NO. 07-CV-0975 (PLF)
                                                    :
              v.                                    :
                                                    :
LEGAL TIMES, *et al.,*                              :    <u>ORAL ARGUMENT REQUESTED</u>
                                                    :
                            Defendants.             :
_____          :

MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO LCvR 40.7( c ) REQUEST
THE CHIEF JUDGE OF THE UNTIED STATES DISTRICT COURT FOR THE DISTRICT OF
COLUMBIA TO EMPANEL A SPECIAL GRAND JURY AND SPECIAL PRIVATE PROSECUTOR
TO INVESTIGATE AND RETURN AN INDICTMENT FOR THE PAST AND ON GOING
CONSPIRACY IN VIOLATIONS OF 18 U.S.C. §§ 4, 241, 242, 371, 1001, AND 1204.

Plaintiffs Isidoro Rodriguez, Esq. ("Rodriguez-father") files this Memorandum of law in

support of the Motion to request the Chief Judge of the United States District Court in accordance

with LCvR 40.7( c ),[3] appoint a Special Private Prosecutor and empanel a Special Grand Jury to

investigate and prosecute the violations of 18 U.S.C. § 4, § 241, § 242, § 371, § 1001, and § 1204,

due to the conspiracy to obstruct Rodriguez-father's parental rights and the conspiracy to injure,

punish and stigmatize Rodriguez-father for exercising his statutory rights as a father and a licensed

attorney-at-law.

The record clearly evidence that in furtherance of a conspiracy,[4] Defendants Office of the

_____

[3]LCvR 40.7, DUTIES OF THE CHIEF JUDGE, reads in relevant part that, "[i]n addition to
the trial of such cases as he/she may undertake and other duties provided by these Rules, the
Chief Judge shall: . . . ( c ) empanel the grand jury and hear and determine all matters relating
to proceedings before the grand jury;" . . . .

[4]Conspiracy. A combination or confederacy between two or more persons formed for the
purpose of committing by their joint efforts some unlawful or criminal act, or some act which is
not lawful in itself, but becomes unlawful when done by the concerted action of the
conspirators, or for the purpose of using criminal or unlawful means to the commission of an act

Assistant U.S. Attorneys for the District of Colombia, Defendants Office of the Assistant U.S. Attorneys for the Eastern District of Virginia, and Defendants Federal Bureau of Investigation, failed to act and refused to investigate and prosecute the past criminal complaints filed against the Defendants (Plaintiff's Exhibits 1, 2, 3, 4, 5). Subsequently, in violation of 18 U.S.C. § 4, 28 U.S.C.§ 1361 (providing for an action to order a federal official to perform a mandatory duty and to halt unlawful conduct), and 5 U.S.C. § 702 (failure to do official acts), the Hon Judge Paul L. Friedman's denied the Emergency Motion to the U.S. Attorney to Appoint a Special Prosecutor (Plaintiff's Exhibit 6, Docket Entry #5).

Thus based on the on going criminal enterprise with the object of injuring Rodriguez -father for exercising his statutory rights, the Chief Judge of the United States District Court for the District of Columbia is requested to appoint a Special Private Prosecutor, *see e.g. Young v. United States ex rel Vuiton et Fils, S.A/*, 481 U.S. 787, 107 S.Ct. 2124 (1987), and empanel a Special Grand Jury to investigate and prosecute the on going criminal violations of the Treaty, Federal statutes, and Va. Code.

<u>FACTS</u>

The record in *Rodriguez v. National Center for Missing & Exploited Children*, D.C. No. 03-0120, *see* http://home.earthlink.net/~isidoror, evidenced Defendants' conspiracy in violation of 18 U.S.C. § 4, § 371, § 1001, and § 1204, to obstruct with Rodriguez-father's parental rights from

---

not in itself unlawful. ... A conspiracy may be a continuing one; actors may drop out and others drop in; the details of operation may change from time to time; the members need not know each other or the part played by others; a member need not know all the details of the plan or the operations; he must, however, know the purpose of the conspiracy and agree to become a party to a plan to effectuate that purpose." see Craig *v. U.S.* 81 F.2d 816 at 822.

January 27, 2003 through March 10, 2007,[5] as mandated by Article 21 of the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980 ("Treaty"); and, Virginia's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Va. Code § 20-146.25 and 35, including the right to compel the Executive Branch and the Courts of Virginia secure visitation, *see Canter v. Cohen*, 442 F.3d 196 (March 21, 2006).

Based on the record beginning in 2004. Rodriguez-father filed various Criminal Complaints and petitioned Congress and the General Assembly of Virginia, for an investigation of Defendants' unlawful policies and practices, *see* <u>Issues and Action-Congress.org</u>, letter to Congress, www.congress.org/congressorg/bio/userletter/?id=51&letter_id=380306581; (Plaintiff's Exhibit 1, 2, 3, 4, and 5).

The record confirms that based on the political influence of the "Beltway" lobbyist and attorneys of Defendant National Center for Missing & Exploited Children with both the Executive Branch and the Judicial Branch, Defendants Attorney General Alberto Gonzales, Attorney General of the United States Paul McNulty, Offices of the U.S. Attorney for the E.D. of Virginia and the District of Columbia, Assistant U.S. Attorney Ms. Marina Utgoff Brassweill, and the Federal Bureau of Investigation, in violation of 18 U.S.C. § 4, refused to investigate and prosecute the criminal violations of Rodriguez-father's rights under the Treaty and Va. Code.

Subsequently, empowered by Defendants success in obstructing justice and misinforming Congress, Defendants compounded their earlier criminal acts in violation of 18 U.S.C. § 4, § 371, § 1001, and § 1204, by retaliating against Rodriguez-father for his seeking to enforce his statutory rights under Federal Statute and Va. Code, and rights as an attorney.

---

[5]Upon Rodriguez-father's Son, Isidoro Rodriguez-Hazbun, becoming 18 years-old on March 10, 2007, Defendants duty to secure visitation ended.

Beginning in 2003 to the present, Defendants have conspired to injure, stigmatize and punish Rodriguez-father business, profession, and opportunity for employment in violation of 18 U.S.C. § 4, § 241, and § 242, by false Virginia State Bar Complaints,[6] publishing false and defamatory news articles, issuing an illegal *void* order to revoke his license to practice law in Virginia, and denying due process in refusing to either grant membership by waiver admission into Bar of the District of Columbia or provide a hearing on the illegal *void* order.

STATUTES INVOLVED

18 U.S.C. § 3321. Number of grand jurors; summoning additional jurors

Every grand jury impaneled before any district court shall consist of not less than sixteen nor more than twenty-three persons. If less than sixteen of the persons summoned attend, they shall be placed on the grand jury, and the court shall order the marshal to summon, either immediately or for a day fixed, from the body of the district, and not from the bystanders, a sufficient number of persons to complete the grand jury. Whenever a challenge to a grand juror is allowed, and there are not in attendance other jurors sufficient to complete the grand jury, the court shall make a like order to the marshal to summon a sufficient number of persons for that purpose.

18 U.S.C. § 4 - Misprision of felony.
Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil . . . authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 241 - Conspiracy against rights, state that, "[i]f two or more persons conspire to injure, oppress, threaten, or intimidate any person in any . . . Commonwealth, . . . , or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; . . . They shall be fined under this title or imprisoned not more than ten years, or both . . . .

18 U.S.C. § 242 - Deprivation of rights under color of law, states that, " [w]hoever, under color of any . . . , regulation, . . . , willfully subjects any person in any . . . Commonwealth, . . . , or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, . . ., shall be fined under this title or imprisoned not more

---

[6]Defendants enter into a business conspiracy with Rodriguez-father former client, IOTA Partner *et al.,* to simultaneously file two fraudulent Virginia State Bar, so to deprive him of his property right in his business, profession, and his perfected Virginia Attorney Lien on more than $10 Billion of treasure trove sunk off the coast of the Republic of Colombia.

than one year, or both;. . . .

18 U.S.C. § 371 - Conspiracy to commit offense or to defraud United States.

    If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 1001 - Statements or entries generally.
    (a) [W]hoever, in any matter within the jurisdiction of the executive, legislative, and judicial branch of the Government of the United States, knowingly and willfully: (1) falsifies, conceals, . . . a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; . . . shall be fined . . . or imprisoned not more than 5 years, or both.

18 U.S.C. § 1204 - International parental kidnapping.
    (a) Whoever. . . retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years, or both.
    (b) As used in this section -
        (1) the term "child" means a person who has not attained the age of 16 years; and
        (2) the term "parental rights," with respect to a child, means the right to physical custody of the child -
(A) whether joint or sole (and includes visiting rights); and,
(B) whether arising by operation of law, court order, or legally binding agreement of the parties.

<u>DISCUSSION</u>

    The two issues before the Court are: first, the claim for damages due to Defendants past conspiracy from  January 2003 until March 10, 2007, which obstructed with Rodriguez-father's right to have the Executive Branch and the Va. Courts secure Rodriguez-father's right to visitations pursuant to the mandates of the Treaty, Federal statute and Va. Code; and, second, the claim for TRO/Injunction and for damages based on Defendants past and ongoing conspiracy to injure, punish and stigmatize Rodriguez-father for exercising his statutory rights as a father and as an experienced attorney litigating to enforce said statutory rights, and right to petition Congress and the General Assembly of Virginia for an investigation of both the Executive Branch and Judicial Branch collusion to violate the Treaty and Va. Code.

Apart for the civil claim for relief, there have been criminal violations of

## I  CLAIMS OF CRIMINAL VIOLATIONS ARE NOT BARRED BY JUDICIAL IMMUNITY

At the outset, neither Judges nor employees of the Executive Branch are above the law. *United States v. Isaacs*, 493 F. 2d 1124, 1143 (7th Cir. 1974).

Regarding judicial immunity it extends to judicial acts within the courts jurisdiction, but does not extend to either criminal acts, or acts of conspiracy outside of official capacity under the Treaty and Va. Code, or in the "clear absence of all jurisdiction," under the Treaty and Va. Code. See Stump *v. Sparkman* 435 U.S. 349 (1978).

In the instant action the record evidences that between January 2002 to the present, Defendants Federal and Virginia Judicial Branches, in collusion with their respective Defendant Executive Branch *et al.,* acted outside of its judicial capacity or jurisdiction by spending pages so to obfuscate by legal sophistry the obstructing of Rodriguez-father's parental rights in violation of 18 U.S.C. § 4 and § 1204, thereby using their judicial authority to participate in and further criminal conduct which constitutes "conduct prejudicial to the effective and expeditious administration of the business of the courts."

First, as the overwhelming evidence in case no. 03-0120 demonstrates, in furtherance of the conspiracy to obstruct with Rodriguez-father's parental rights the Executive Branch committed perjury in filings false statement s with both the Courts and Congress in violation of 18 U.S.C. § 4, § 1001, § 1621 and § 1623.[7]

Second, as the evidence now establishes this perjury was part of a conspiracy in violation of 18 U.S.C. § 241 and § 242.  The Defendants in the case were government officials and influential

---

[7]Chief Justice John G. Roberts issued false statement to the Senate Judiciary Committee in support of his confirmation regarding Rodriguez-father's litigation in Docket 03-0129,  *see* http://home.earthlink.net/~isidoror.

member of the Virginia State Bar and the Bar of the District of Columbia. The elements of the conspiracy under 18 U.S.C. § 241 and § 242, are clearly present with the issuance of the *void* order of the Virginia State Bar, and the inaction for almost two years by the District Committee of the District of Columbia Court of Appeals, to injure and stigmatize Rodriguez-father for litigating to enforce his parental rights under the Treaty and Va. Code. *See United States v. Ellis,* 595 F. 2d 154, 161-162 (3rd Cir. 1979).

Defendant Federal Judicial Branch, the Supreme Court of Virginia, and its lower courts, as well as its agent the Virginia State Bar, and the Attorney General of the Commonwealth of Virginia repeatedly submitted and accepted tainted evidence of Rodriguez-father's litigation to enforce his statutory rights under Treaty, Federal statute, and Va. Code, thereby being brought face-to-face with the fact that the committed perjury was in violation of the right of a father under the Treaty and Va. Code, and rights of an attorney at law to protect his property interest in his perfected Virginia Attorney's Lien.[8]

There has been much made of "public confidence in the judiciary." *See e.g.*, *Shawer v. Indiana University of Pennsylvania*, 602 F. 2d 1161, 1165 (3rd Cir. 1979). Words like, "When somebody chooses to squish the Bill of Rights into the mud," *United States v. Baird*, 109 F. 3d 856, 861 (3rd Cir. 1997), and "[I]mportant as it was that people should get justice, it was even more important that they should be made to feel and see that they were getting it," *Kramer v. Scientific Control Corp.*, 534 F. 2d 1085, 1088 (3rd Cir. 1976), make reassuring reading.

The problem is that when judges act as in the instant action, as common criminals, such

---

[8]Fabricating documents used or to be used in a judicial proceeding would fall within the obstruction of justice statute if the intent is to deceive the court. *United States v. Craft,* 105 F. 3d 1123, 1128 (6th Cir. 1997) (citations omitted) (discussion of 18 U.S.C. § 1503), it is for this reason that Rodriguez-father was denied due process in his right to discovery, compel the production of documents, and confront witnesses in the *void* Virginia State Bar hearings.

words are rendered meaningless and the entire Federal and Virginia judiciary is held up to contempt.[9]

This contempt will only deepen as the Executive Branch and Judicial Branch ignore crimes committed by their own.

In reality, in the instant action Rodriguez-father has been injured and stigmatized for litigating to enforce his statutory rights, while federal and Virginia judges commit crimes in furtherance of obstruction of justice in violation of 18 U.S.C. § 4, § 242, § 242, § 371, § 1001, and § 1204.

Rodriguez-father brought this entire sordid affair to the attention of the court by filing this action to seek a TRO/Injunction of the illegal revoking of his license to practice law in retaliation for his exercising his statutory rights as a father and attorney.

To date, the judicial process had already contaminated, and the cover-up continues. It does not take a Nobel prize winner to figure out that there had to be an improper communication between Executive Branch and the Judicial Branch. What started out as perjury by the Executive Branch in furtherance of the conspiracy to maintain their unlawful policies and practices in violation of rights of fathers under the Treaty and Va. Code, now appears as a full-blown obstruction of

---

[9]For example the record of the behavior of Judge Richard W. Roberts in this affair by refusing to act as mandated by the Treaty and Va. Code, for more than two years, and then declare Docket No. 02-0120 moot, consists of the following federal crimes: 18 U.S.C. § 2 Principals ("(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."); 18 U.S.C. § 3 Accessory after the fact ("Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.); 18 U.S.C. § 4 Misprision of felony ("Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both. *See also Levy v. Parker*, 478 F. 2d 772, 805 (3rd Cir. 1973) (misprision of felony requires positive act of concealment).

justice conspiracy engaged in by at least seven federal judges, a violation of 18 U.S.C. §1503 and other criminal statute

It is unfortunate that the Federal and Virginia judiciary is so inept at policing itself.

II.     DEFENDANTS' ARE THE PROPER SUBJECT FOR A SPECIAL PRIVATE PROSECUTOR AND GRAND JURY

A.     Appointment of Special Private Prosecutor

By refusing to comply with past repeated request beginning in 2002 (Plaintiff's Exhibits 1, 2, 3, 4, 5), for an investigation and prosecution Defendants have established an "enterprise of a continuing" conspiracy. The purpose of the conspiracy is brutally simple and straightforward: to obstruct Rodriguez-father parental right and to punish him for seeking to exercise his statutory rights.

Defendants employed criminal or unlawful methods to achieve this goal.  Thus, the matter becomes conspiratorial and consequently illegal.  In this instance, illegal acts include not only the filing of fraudulent bar complaints, and issuing a *void* order advocating the depriving of Rodriguez-father of his business, profession and employment, but *actually* committing the illegal and unconstitutional act of obstructing with his parental right and rights to employment and admission into the Bar of the District of Colombia as an attorney by illegally revoking his license to practice law in Virginia-for Rodriguez-father exercising his statutory rights.  Hence, to achieve their purpose, Defendants have employed illegal means to do so, thus committing conspiracy.

The above described conspiracy that has deprived Rodriguez-father of constitutionally guaranteed rights to due process and equal protection of the laws, under both the U.C. Constitution, and the Constitution of the Commonwealth of Virginia, by employees of the government in both the Executive Branch and the Judicial Branch, and is the proper subject of the appointment of the Chief Judge of a Special Private Prosecutor, *see e.g. Young v. United States ex rel Vuiton et Fils, S.A/,*

481 U.S. 787, 107 S.Ct. 2124 (1987), particularly given the Hon Judge Paul L. Friedman's denial of the Emergency Motion to the U.S. Attorney General for the Appoint of a Special Prosecutor (Plaintiff's Exhibit 6, Docket Entry #5).

Regarding the appointment of a Special Private Prosecutor, although almost all criminal prosecutions today are conducted by public prosecutors, there is a longstanding tradition of Anglo-American law for criminal prosecutions to be conducted by private attorneys or even by laymen. The forms of criminal procedure are the same for both kinds of prosecution, and they differ only in the official status and source of compensation of the prosecutor. Essay "*Let's Revive Private Prosecutions*" Constitution Society.

Most of the cases of private prosecution that we find in the federal courts were conducted by private attorneys who also represented the victim in a civil action against the accused.

In the early days of our Republic, "prosecutor" was simply anyone who voluntarily went before the grand Jury with a complaint. *United States v. Sandford*, Fed. Case No.16, 221 (C.Ct.D.C. 1806).

The first of these federal cases of interest was *State of New Jersey v. William Kinder*, 701 F.Supp. 486 (D.N.J.1988). A private complainant instituted a criminal case against the defendant by charging him with simple assault and battery under the authority of New Jersey Municipal Court Rule 7:4-4(b), which provides in part, "any attorney may appear on behalf of any complaining witness and prosecute the action on behalf of the state or the municipality".

After removing the case from the Municipal Court of New Brunswick, the defendant moved to dismiss. The District Court, Debevoise, J., held that: (1) Municipal Court Rule 7:4-4(b) allowing state to prosecute defendant through use of private attorney was applicable even upon removal to federal court, and (2) the private attorney who prosecuted the case did not have a conflict of

interest that violated defendant's constitutional right to due process. In its opinion the Court stated that "there is no provision of the Federal Rules of Criminal Procedure which conflicts with its provisions".

State courts which have invalidated criminal prosecutions by private attorneys have done so in cases involving serious crimes and those involving situations where a public prosecutor has expressly refused to prosecute the defendant. See *e.g.*, *State v. Harton*, 163 Ga.App. 773, 296 S.E.2nd 112 (1982) (prohibiting private prosecution for vehicular homicide absent consent and oversight of the district attorney); *State ex rel. Wild v. Otis*, 257 N.W.2nd 361 (Minn.1977), appeal dismissed, 434 U.S. 1003, 98 S.Ct. 707, 54 L.Ed.2nd 746 (1978) (where county attorney refused to prosecute and grand jury refused to indict on charges of perjury, conspiracy, and corruptly influencing a legislator, private citizen could not prosecute and maintain such charges; dicta suggesting that this might be permissible with legislative approval and court appointed private attorney as prosecutor); see also, *Commonwealth v. Eisemann*, 308 Pa.Super. 16, 453 A.2nd 1045 (1982) (Pennsylvania Rules of Civil Procedure require that a person who is not a police officer must get the district attorney's approval to file felony or misdemeanor charges which do not involve a clear and present danger to the community); *People ex rel. Luceno v. Cuozzo*, 97 Misc.2nd 871, 412 N.Y.S.2nd 748 (City Court, White Plains 1978) ("exercising its discretion," court prohibits private criminal prosecution against police officer where complainant was charged with a criminal offense arising out of the same occurrence).

The practice of using private attorneys to prosecute criminal offenses is derived from English common law. Until the late nineteenth century English criminal procedure relied heavily on a system of private prosecution even for serious offenses. This is discussed in some detail in a classic article by Morris Ploscowe, "The Development of Present-Day Criminal Procedures in Europe and

America", 48 Harv.L.Rev. 433 (1935). On p. 437, Ploscowe states, "The Germanic procedure of Charlemagne and the Anglo-Saxon procedure of nearly the same period still looked upon the redress of most crimes as a private matter. ... Since crime was in general treated as a private injury, there was no distinction between civil and criminal proceedings." On p. 469, "The English criminal procedure developed its traditional accusatory characteristics largely because it relied upon a system of private prosecution. ... In the course of the 19th century private prosecution proved itself inadequate. The private individual would frequently forego prosecution rather than incur the expense and responsibility involved. Sometimes there was no individual who could be called upon to prosecute a particular case, and when a private individual did institute proceedings, the case was very often badly prepared. Moreover, the system was abused for private ends, lending itself to bribery and collusion. ... The office of the Director of Public Prosecutions was created by act of Parliament in 1879.... Many towns and boroughs appoint solicitors whose functions are to prosecute offenders. ... Prosecutions are also carried on by the police, either directly or through private solicitors whom they hire. The traditional English system of private prosecution is therefore supplemented by various devices for public intervention. ... The public prosecutor has no greater advantages than any private solicitor or barrister prosecuting a case on behalf of a client."

Another case was *Wesley Irven Jones, Appellant, v. Jerry E. Richards, Sheriff of Burke County, N.C.; Rufus L. Edmisten, Attorney General, State of North Carolina, Appellees*, 776 F.2d 1244 (4th Cir.1985). On an appeal of a petition for habeas corpus denied, Circuit Judge Chapman held that no constitutional right was impaired by involvement of the same attorneys as prosecutors in a criminal trial and as plaintiff's attorneys in civil suits filed against petitioner arising out of a traffic accident which produced both criminal charges and civil actions. In their appeal, attorneys for petitioner cited *Ganger v. Peyton*, 379 F.2d 709 (4th Cir.1967), in which private prosecution was

disallowed. However, in that case, the Commonwealth's attorney who prosecuted Ganger in his criminal case for an assault against his wife was at the same time representing Ganger's wife in a divorce proceeding. Ganger testified that the prosecuting attorney offered to drop the assault charge if Ganger would make a favorable property settlement in the divorce action. On the basis of that testimony, it was decided that Ganger's prosecutor "was not in a position to exercise fair-minded judgement" in the conduct of the case.

In North Carolina the use of private attorneys to assist the state in the prosecution of criminal cases "has existed in our courts from their incipiency," *State v. Best*, 280 N.C. 413, 186 S.E.2d 1, 3 (1972), and such use in a particular case is committed to the discretion of a trial judge. *State v. Lippard*, 223 N.C. 167, 25 S.E.2d 594, 599, cert. denied, 320 U.S. 749, 64 S.Ct 52, 88 L.Ed. 445 (1943). However, when private attorneys are employed, the district attorney must remain in charge of and be responsible for the prosecution, *State v. Page*, 22 N.C.App. 435, 206 S.E.2d 771, 772 cert. denied, 285 N.C. 763, 209 S.E.2d 287 (1974).

Other states provide for private prosecutors by statute. In Texas, *Vernon's Ann.Texas C.C.P.* art. 2.07(a) [Attorney pro tem] provides that "Whenever an attorney for the state is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable to perform the duties of his office, or in any instance where there is no attorney for the state, the judge of the court in which he represents the state may appoint any competent attorney to perform the duties of the office during the absence or disqualification of the attorney for the state." However, by *Op.Atty.Gen.* 1990, JM-925, a district judge is authorized to appoint a district attorney pro tem pursuant to the above article even though there is an assistant district attorney in place. In *Davis v. State* (App. 12 Dist.1992) 840 S.W.2d 480 it was held that appointment of a special prosecutor was within the discretion of trial courts, and that such appointment is not predicated on the absence

Page -13-

or disqualification of elected district attorney.

B.    Empanel Special Federal Grand Jury

Grand juries are the offspring of free government.

In the Seventh Amendment our constitutional framers thought it a sound idea to create structures allowing lay citizens to check government excess.  The jury system, one of the more obvious and enduing of such structures, was included in our governmental framework because of the belief that the community's voice would ensure a more just judicial system.

Use of a Special Private Prosecutor with a Special Grand Jury to investigate the on going violations of law would be in the interest of the public.  "To reinforce the grand jury's rule as the voice of the community, the grand jury's counsel should be an attorney who practices in the district." Susan W. Brenner,  3 Virginia Journal of Social Policy & The Law 67 at 124, Fall 1995.

Relevant to the instant motion for the empaneling of a Special Grand Jury to investigate the malfeasance in office which has been directed at Rodriguez-father is the preamble to proposed legislation in 2001, on the issue of judicial accountability and integrity (Plaintiff's Exhibit 7):

> The House of Representatives and Senate Assembled find: that an inordinate and ever-growing number of complaints for willful misconduct have been lodged with Congress involving federal judges across this nation; that the current Title 28 U.S.C. §372©) (Judicial Misconduct and Disability Act) is in many cases inadequate due to conflicts of interest of judges judging themselves; that judicial integrity is of major importance which affects all areas of our American society. Be it therefore resolved that the House of Representatives and Senate Assembled hereby enact the following legislation which shall be known as the "*Judicial Accountability and Integrity Legislation.*"

What rights have the conspiracy by Defendants violated which a Special Grand Jury would Investigate?

Defendants have violated and obstructed with Rodriguez-father parental to teach his Son the duties and obligations of his U.S. citizenship, the enjoyment in the father/sons' relationship by refusing to secure visitations, by violating the fundamental right in the father/son relationship, and

violated the right a father to petition Congress and the General Assembly of Virginia for the refusal of Defendants to comply with the Treaty and Va. Code, free of intimidation and punishment. Second, Defendants have violated Rodriguez-father duty as an attorney.  All of these rights fall under the general terms of the First, Fifth, Ninth Amendment, and Fourteenth Amendments.

In order to prove conspiracy on the part of the Defendants, Rodriguez-father must show that Defendants knew the purpose of the conspiracy and agree to become a party to a plan to effectuate that purpose. An examination of the facts in the record proves this issue.

First, Defendants in response to the complaint to secure visitations filed on January 27, 2003 (Docket No. 03-0120), filed numerous fraudulent pleadings stating that no right or duty existed under the Treaty and Va. Code to secure visitation, and intentionally used legal sophistry to misinform the public and Congress by presenting the issue as a dispute over some esoteric Constitutional right and to secure "custody."

Second, both the Defendants employees of the Executive Branch and the Judicial Branch are aware of the Constitution of the United States, and the Treaty by the Supremacy Clause. Proof of this assumption is the fact the Defendants are required to take an oath of office,[10] in  which they "swear" to "support and defend the Constitution of the United States against all enemies . . . that I [affiant] will bear true faith and allegiance to the same . . . ."  In addition, federal statute[11] requires Defendants to "execute an affidavit . . . that this acceptance and holding of office . . . does not or will not violate section 7311 of this title."  Finally, the oath requires that the affiant [Defendants] "will well and faithfully discharge the duties of the office on which I [Defendants] am about to enter."

---

[10]*See* 5 U.S.C. § 3331

[11]5 U.S.C. § 3333.

The Constitution, and the Treaty, obviously spells out the "duties of the office" that the Defendants hold and these duties include the securing of visitations and not obstructing the parental right of Rodriguez-father, not punishing for petitioning Congress, and not injuring and stigmatizing Rodriguez-father for exercising his statutory rights. Obviously, to "well and faithfully discharge the duties of the office" requires that the Defendants know what those duties are. Hence, the oath of office demonstrates knowledge of the duty to comply with the Treaty, and secure visitation.

As Defendants know of the duty, a simple examination of the record provides facts which establish that all the Defendants have agreed to become a party to the illegal enterprise to effectuate the purpose of this mutual agreement to conspiracy to obstruct with Rodriguez-father parental rights and to injure, stigmatize him for exercising his statutory rights. The Defendants' plan is, of course, is to preserve Defendants' unauthorized policies and Beltway political power, and as this obsession permeates all decisions made by Defendants, it certainly is well known to all conspirators/Defendants. By refusing to comply with the Treaty, and Va. Code, by refusing to investigate and prosecute violations of 18 U.S.C. § 4, § 371, § 1001, and § 1204, and by conspiring to injure and stigmatize Rodriguez-father in 18 U.S.C. § 241, and § 242, Defendants demonstrate knowledge of the conspiracy and agreement to it.

As noted above, this conspiracy has oppressed the rights of Rodriguez-father by obstructing his rights as a parent and preventing him from the free exercise or enjoyment of those rights as an attorney, who for more than thirty years has worked in the public's interest.[12]

CONCLUSION

---

[12]Rodriguez-father prior to entering military service in 1964, took the same oath as Defendants to protect the Constitution "against all enemies, foreign and domestic." The difference is that this oath has served as Rodriguez-father's moral benchmark both as an appointee in the Carter and Reagan Administrations, and later as a practicing attorney.

For these reasons, the Chief Judge of the United States District Court for the District of Columbia must appoint a Special Private Prosecutor and empanel a Special Grand Jury to investigate and return an indictment for violations of 18 U.S.C. § 4, § 241, § 242, § 371, § 1001, and § 1204. Proposed order attached.

DATED this 25th Day of June 2007.

Respectfully submitted,

_____
/s/Isidoro Rodriguez, Esq.

THE LAW OFFICES OF ISIDORO RODRIGUEZ
ATTORNEYS AND COUNSELORS AT LAW

*United States Office:*
2304 Farrington Avenue
Alexandria, Virginia 22303-1520
Telephones: 703.317.0526; Fax: 703.960.0225
Cell: 703.470.1457
Email: isidoror@earthlink.net

*South American Office:*
World Trade Center-Barranquilla
Calle 76 No. 54-11, Office 313
Barranquilla, Colombia, SA
Telephone: 011.5753.605288

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       :
ISIDORO RODRIGUEZ, ESQ.                :
                                       :
                    Plaintiff,         : CASE NO. 07-CV-00975 (PLF)
                                       :
          v.                           :
                                       :
LEGAL TIMES, *et al.,*                 :
                                       :
                    Defendants.        :
_____ :

ORDER (PROPOSED)

Based on the Plaintiff Isidoro Rodriguez, Esq's ("Rodriguez-father"), Complaint, the record, the Motion Pursuant to Lcvr 40.7( C ) Request  the Chief Judge of the Untied States District Court for the District of Columbia to Appoint a Special Private Prosecutor and Empanel a Special Grand Jury and Hear and Determine All Matter Relating to the past and on Going Conspiracy in Violations of 18 U.S.C. §§ 4, 241, 242, 371, 1001, and 1204, supporting Memorandum, Plaintiff's Exhibits 1 through 7, and the record in Docket No. 03-0120, the court finds sufficient evidence to suggest that the defendants in this matter may have violated 18 U.S.C. §§ 4, 241, 242, 371, 1001, and 1204, by conspiring to obstruct, oppress rights and privileges secured by the Constitution, Treaty and laws of the United States, as well as the Commonwealth of Virginia, and to injure and stigmatize Rodriguez-father for exercising said rights.

This court further determines as criminal violations are associated with such actions defendants lack immunity from such criminal penalties as prescribed by law.

This court therefore order in the interest of justice the appointment of a Special Private Prosecutor and the empaneling of a Special Grand Jury and hear and determine all matters of the possible criminal violations of 18 U.S.C. §§ 4, 241, 242, 371, 1001, and 1204 by defendants. It is so ordered.

Dated this _____ day of _____, 2007.

_____
CHIEF JUDGE UNITED STATES DISTRICT COURT

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies a copy of the Motion for the Empanel of a Special

Grand Jury, Memorandum of Law with Exhibits 1 through 6, and Order, were sent on June 25,

2007, to opposing counsels by ECF system and U.S. mail, postage fully prepaid, to:

Editor in Chief
The Washington Post
1150 15th Street, N.W.
Washington, D.C. 20036

Respectfully submitted,


_____/s/_____
Isidoro Rodriguez, Esq.


THE LAW OFFICES OF ISIDORO RODRIGUEZ
ATTORNEYS AND COUNSELORS AT LAW

*Northern Virginia Office:*                                    *South American Office:*
7924 Peyton Forest Trail                                      World Trade Center
Annandale, Virginia 22003                          Calle 76 No. 54-11, Office 313
Telephone: 571.423.5066/telefax: 703.573.1571          Barranquilla, Colombia
Mobil: 703.470.1457                                  Telephone: 011.5753.605288
Email: isidoror@earthlink.net                           Telefax: 011.575.348001

# LAW OFFICES OF RODRIGUEZ, SIBLEY, & MENDOZA, L.L.P.
## ATTORNEYS AND COUNSELORS AT LAW

**Isidoro Rodriguez, Esq.**        **M. Blair Silbey, Esq.**        **Irene Rodriguez**
Admitted Virginia State Bar        Admitted NY, DC & Fl        Admitted Rep. of Colombia
        **Eduardo Mendoza de la Torre, Esq.**        Certified U.S. Paralegal
        Admitted NY & Rep. of Colombia

*Virginia Office:*        *Washington, D.C. Office:*        *South American Office:*
2304 Farrington Avenue        1717 K St., NW, Suite 600        World Trade Center
Alexandria, Virginia 22303-1627        Washington, D.C.   20036        Calle 76 No. 54-11, Suite 313
Telephone:703.317.0526        **Telephone: 202.508.3699**        Barranquilla, Colombia
e-mail:isidoror@earthlink.net        Fax:202.478.0371        Telephone: 011.575.3605288
        web: www.rodriguezandsibley.com

October 4, 2004

Mr. Paul J. McNulty
United States Attorney
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314

Subject:    **Criminal Complaint for violation of 18 U.S.C 1204**

Dear Mr. McNulty:

        Subsequent to my letter to you of January 28, 2003, with the attach administrative complaint dated February 20, 2003 (copy enclosed), I now am writing to submit this letter as my Criminal Complaint for repeated violations of 18 U.S.C 1204,[1] since October 2001, by intentional act of the the National Center for Missing and Exploited Children, their employees, agents and attorney, and others, in collusion with Ms. Amalin  Hazbun Escaf, to obstruct my lawful exercise of my parental rights, including the right of the expedited securing of international visitation with my Son, Isidoro Rodriguez-Hazbun, pursuant to Treaty and ICARA, subsequent to the shanghaiing of from the United States to the Republic of Colombia.

        To assist your investigation with background facts and law, I enclose a copy of a Petition for

---

[1]**18 U.S.C. § 1204 - International parental kidnapping.**
    (a) Whoever. . . retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years, or both

*Isidoro Rodriguez, Esq. v. Legal Times, et al.*
*D.C. Docket No. 07-0975 (PLF)*
*Plaintiff's Exhibit 1*
*Motion for Special Grand Jury*

Writ of Mandamus and Prohibition to the United States Supreme Court, with Appendix filed this date seeking an order to Defendant to cease and desist immediate unauthorized policies and practices, and to order their compliance with rights under the Joint Custody Agreement, pursuant to Articles 2, 11, and Chapter IV of the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, and 42 U.S.C. § 11603 and § 11601(4) of the International Child Abduction Remedies Act, so to secure on an expedited bases my Son rights of international visitation to the United States with me, his father, within 70 days for the 2004 Christmas vacation.

        If either you or your staff have question please contact me by e-mail or my cell phone listed below.

Respectfully submitted

_____

Isidoro Rodriguez, Esq.<br>
*Attorney for Petitioner*<br>
Admission to the Bar of<br>
The United States Supreme Court 1992

*Isidoro Rodriguez, Esq. v. Legal Times, et al.*<br>
*D.C. Docket No. 07-0975 (PLF)*<br>
*Plaintiff's Exhibit 1*<br>
*Motion for Special Grand Jury*

# LAW OFFICES OF RODRIGUEZ, SIBLEY, & MENDOZA, L.L.P.
## ATTORNEYS AND COUNSELORS AT LAW

**Isidoro Rodriguez, Esq.**     **M. Blair Silbey, Esq.**     **Irene Rodriguez**
Admitted Virginia State Bar     Admitted NY, DC & Fl     Admitted Rep. of Colombia
     **Eduardo Mendoza de la Torre, Esq.**     Certified U.S. Paralegal
     Admitted NY & Rep. of Colombia

*Virginia Office:*     *Washington, D.C. Office:*     *South American Office:*
2304 Farrington Avenue     1717 K St., NW, Suite 600     World Trade Center
Alexandria, Virginia 22303-1627     Washington, D.C.  20036     Calle 76 No. 54-11, Suite 313
Telephone:703.317.0526     **Telephone: 202.508.3699**     Barranquilla, Colombia
e-mail:isidoror@earthlink.net     Fax:202.478.0371     Telephone: 011.575.3605288
     web: www.rodriguezandsibley.com

October 14, 2004

Mr. Paul J. McNulty
United States Attorney
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314

Subject:     **Criminal Complaint for violation of 18 U.S.C 1204**

Dear Mr. McNulty:

     To assist your further in investigation of the above Criminal Complaints filed with your office on October 4, 2004, I attach my recent filing of this date with the Supreme Court of the United States to compel the Solicitor General to respond to my son's Petition for a Writ of Mandamus.

     If either you or your staff have question please contact me by e-mail or my cell phone listed below.

Respectfully submitted

_____
Isidoro Rodriguez, Esq.
*Attorney for Petitioner*
Admission to the Bar of
The United States Supreme Court 1992

*Isidoro Rodriguez, Esq. v. Legal Times, et al.*
*D.C. Docket No. 07-0975 (PLF)*
*Plaintiff's Exhibit 2*
*Motion for Special Grand Jury*

# LAW OFFICES OF RODRIGUEZ, SIBLEY, & MENDOZA, L.L.P.
## ATTORNEYS AND COUNSELORS AT LAW

**Isidoro Rodriguez, Esq.**  ·  **M. Blair Silbey, Esq.**  ·  **Irene Rodriguez**
Admitted Virginia State Bar  ·  Admitted NY, DC & Fl  ·  Admitted Rep. of Colombia
**Eduardo Mendoza de la Torre, Esq.**  ·  Certified U.S. Paralegal
Admitted NY & Rep. of Colombia

*Virginia Office:*  ·  *Washington, D.C. Office:*  ·  *South American Office:*
2304 Farrington Avenue  ·  1717 K St., NW, Suite 600  ·  World Trade Center
Alexandria, Virginia 22303-1627  ·  Washington, D.C.   20036  ·  Calle 76 No. 54-11, Suite 313
Telephone:703.317.0526  ·  **Telephone: 202.508.3699**  ·  Barranquilla, Colombia
e-mail:isidoror@earthlink.net  ·  Fax:202.478.0371  ·  Telephone: 011.575.3605288
web: www.rodriguezandsibley.com

October 22, 2004

Mr. Paul J. McNulty
United States Attorney
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314

Subject:     **Criminal Complaint for violation of 18 U.S.C 1204**

Dear Mr. McNulty:

    To assist you further in the investigation of the above Criminal Complaints filed with your office on October 4, 2004, I attach my recent October 19, 2004 letter to President George W. Bush regarding my recent filing  with the Supreme Court of the United States to compel the Solicitor General to respond to my son's Petition for a Writ of Mandamus.

    If either you or your staff have question please contact me by e-mail or my cell phone listed below.

        Respectfully submitted

_____
        Isidoro Rodriguez, Esq.
        *Attorney for Petitioner*
        Admission to the Bar of
    The United States Supreme Court 1992

*Isidoro Rodriguez, Esq. v. Legal Times, et al.*
*D.C. Docket No. 07-0975 (PLF)*
*Plaintiff's Exhibit 3*
*Motion for Special Grand Jury*

# LAW OFFICES OF RODRIGUEZ, SIBLEY, & MENDOZA, L.L.P.
## ATTORNEYS AND COUNSELORS AT LAW

**Isidoro Rodriguez, Esq.**
Admitted Virginia State Bar

**M. Blair Silbey, Esq.**
Admitted NY, DC & Fl
**Eduardo Mendoza de la Torre, Esq.**
Admitted NY & Rep. of Colombia

**Irene Rodriguez**
Admitted Rep. of Colombia
Certified U.S. Paralegal

***Virginia Office:***
2304 Farrington Avenue
Alexandria, Virginia 22303-1627
Telephone:703.317.0526
e-mail:isidoror@earthlink.net

***Washington, D.C. Office:***
1717 K St., NW, Suite 600
Washington, D.C.   20036
**Telephone: 202.508.3699**
Fax:202.478.0371
web: www.rodriguezandsibley.com

***South American Office:***
World Trade Center
Calle 76 No. 54-11, Suite 313
Barranquilla, Colombia
Telephone: 011.575.3605288

December 13, 2004

Mr. Paul J. McNulty
United States Attorney
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314

Subject:     **Criminal Complaint for violation of 18 U.S.C 1204**

Dear Mr. McNulty:

To assist you further in the investigation of the above Criminal Complaints filed with your office on October 4, 2004, I provide you with a copy of United States Supreme Court Petition for Writ of Certiorari to the Supreme Court of Virginia and Court of Appeals of Virginia filed on December 5, 2004, and related motions filed this date in *Master Isidoro Rodriguez-Hazbun vs. National Center for Missing and Exploited Children, et al.*, Sup ct. Docket No. 04-724.

I fully appreciate your dilemma given the involvement of the Executive Branch in failing to comply with the Treaty and violating my rights as a father, however you too have your mandate to comply with the law.  Thus please advise me of the status of your investigation, or in the alternative your refusal to proceed so I can act expeditiously to exercise my rights to protect my Son.  If either you or your staff have question please contact me by e-mail or my cell phone listed below.

I wish you and you're a Happy Holiday Season and New Year.

Respectfully submitted

_____

*Isidoro Rodriguez, Esq. v. Legal Times, et al.*
*D.C. Docket No. 07-0975 (PLF)*
*Plaintiff's Exhibit 4*
*Motion for Special Grand Jury*

Isidoro Rodriguez, Esq.
*Attorney for Petitioner*

Attachments

*Isidoro Rodriguez, Esq. v. Legal Times, et al.*
*D.C. Docket No. 07-0975 (PLF)*
*Plaintiff's Exhibit 4*
*Motion for Special Grand Jury*

# LAW OFFICES OF RODRIGUEZ, SIBLEY, & MENDOZA, L.L.P.
## ATTORNEYS AND COUNSELORS AT LAW

**Isidoro Rodriguez, Esq.**           **M. Blair Silbey, Esq.**           **Irene Rodriguez**
Admitted Virginia State Bar         Admitted NY, DC & Fl        Admitted Rep. of Colombia
           **Eduardo Mendoza de la Torre, Esq.**      Certified U.S. Paralegal
           Admitted NY & Rep. of Colombia

*Virginia Office:*           *Washington, D.C. Office:*           *South American Office:*
2304 Farrington Avenue         1717 K St., NW, Suite 600        World Trade Center
Alexandria, Virginia 22303-1627    Washington, D.C.  20036      Calle 76 No. 54-11, Suite 313
Telephone:703.317.0526         **Telephone: 202.508.3699**      Barranquilla, Colombia
e-mail:isidoror@earthlink.net      Fax:202.478.0371         Telephone: 011.575.3605288
           web: www.rodriguezandsibley.com

February 11, 2005

Federal Bureau of Investigation
7799 Leesburg Pike
Falls Church, Va 22030

Re:    **Criminal Complaint Filing - and request for investigation regarding ongoing conspiracy to violate 18 U.S.C § 2, § 242, and § 1204 as well as 42 U.S.C. § 1983 § 1985 and § 1986, to obstruct father's parental rights.**

Greetings:

Please find attached document relating to my filing of this criminal complaint with your Washington, D.C. Office of the Federal Bureau of Investigations, wherein I am alleging ongoing violations above criminal and civil rights statutes, which has obstruct my parental rights to visitation since June 11, 2002, pursuant to a Joint Custody Settlement Agreement, of Article 2, 20, and 21 of the Hague Convention on the Civil Aspects of International Child Abduction dated October 25, 1980 ("Treaty"), and Joint Congressional Concurrent Resolution 293 dated March 2000 ("Congressional Resolution").

I request expedited consideration based on the record that on February 28, 2003, October 4, 2004, and October 14, 2004, filed with United States Attorney Paul J. McNulty, both a request for investigation and a complaint pursuant to 18 U.S.C. § 1204.[1]  Subsequently, not only did the alleged

---

[1] **18 U.S.C. § 1204 - International parental kidnapping.**
(a) Whoever. . . retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years, or both

*Isidoro Rodriguez, Esq. v. Legal Times, et al.*
*D.C. Docket No. 07-0975 (PLF)*
*Plaintiff's Exhibit 5*
*Motion for Special Grand Jury*

illegal acts increase during the almost two years since the original complaint was filed, but on January 4, 2005, I received a letter from Mr. Robert A. Spencer, Chief, Crim. Div. ED Va, stating that his office could not find any such complaint, and directed me to file with your office anew.

This complaint is filed against the enterprise and individual listed as Defendant parties in the attach First Amended Verified Complaint.

BACKGROUND

On January 27, 2003, I, individually, and pursuant to VA Code § 8.01-8, as father and next of friend of his now almost sixteen-old Son Master Isidoro Rodriguez-Hazbun ("Isidoro"), originally filed a civil rights action against the abuse of governmental authority for the issuance of a Writ of Mandamus to the Defendant United States Department of State, and its employees ("U.S. Central Authority *et al.*"); as well as its contractor acting at all times as an "instrumentality of government," the Defendant the National Center for Missing and Exploited Children, its employees, agents and attorneys ("NCMEC *et al.*"), to order their compliance with their ministerial duties under Article 2, 20, and 21 of the Treaty, and Congressional Resolution to expeditiously secure Rodriguez and Isidoro's right of international visitations under the Joint Custody Settlement Agreement, prior to Isidoro's 16th birthday on March 10, 2005. *Isidoro Rodriguez, father of Isidoro Rodriguez-Hazbun v. National Center for Missing and Exploited Children*, DC Dist Ct No. 03-0120 (Roberts, J).

Furthermore, in the above action I sought damages under *Bivens v. Six Unnamed Agents of the Federal Bureau of Investigation*, 403 U.S. 388 (1971)("*Bivens")*, the Federal Tort Claims Act 28 U.S.C. § 2671 *et al.* ("FTCA"), and 42 U.S.C. §§ 1985 and 1986, against the U.S. Central Authority *et al.* and the NCMEC *et al.*, for their wilful and negligent unauthorized policy and practice taught to Federal and Virginia judiciary that the Treaty usurped the fundamental Constitutional rights of U.S. citizens, causing the violations of: (a) Rodriguez and Isidoro's fundamental rights in their father/sons' relationship since July 13, 2001; (b) Isidoro's rights to the safety and opportunities of being in the United States and not be shanghaied to the Republic of Colombia ("Colombia") against his rights wishes on June 11, 2002; ( c ) obstruction with the lawful exercise of Rodriguez's parental rights for more than nine hundred and forty-five (945) days in violation of 18 U.S.C. §§ 4, 241 and 1204; and (d) Rodriguez's Fifth Amendment right to impartial access with the Federal courts for their meaningful consideration of the constitutional challenges to the unauthorized policies and practices of both Federal implementing state and regulations, in violation of rights on the U.S. Constitution and Treaty pursuant to 28 U.S.C. § 2403(a), Fed.R.AppP. 44, and United States Supreme Court Rule 29.4(a) and (b).

On February 7, 2005, I filed a First Amended Verified Complaint (attached) against the U.S.

---

*Isidoro Rodriguez, Esq. v. Legal Times, et al.*
*D.C. Docket No. 07-0975 (PLF)*
*Plaintiff's Exhibit 5*
*Motion for Special Grand Jury*

Central Authority and the NCMEC, based on the fact that subsequent to the filing two years ago of a Complaint I have discovered that with the motive of covering-up and continuing their unauthorized policy and practices, for the past 770 days the U.S. Central Authority et al. and the NCMEC et al., have compounded their earlier violations Article III, § 2, Article IV § 2, and I, V, IX & XIV Amendments to the U.S. Constitution, Articles 13b, 20, and 29 of the Treaty, by undertaking a conspiracy with Defendant United States Department of Justice, Office of Justice Programs, Office of Juvenile Justice and Delinquency Prevention, and judges of both the Federal and Commonwealth of Virginia: (A) to violate 42 U.S.C. § 1983 et seq., and 18 U.S.C. § 1204 by obstructing the lawful exercise of my parental rights, including the right to have the U.S. Central Authority and the Courts of Virginia to expeditiously secure visitations pursuant to Articles 2, 11, 20, 21, and 29 of the Treaty, and UCCJEA VA Code § 20-146.25, subsequent to the shanghaiing of Isidoro from the United States on June 11, 2002; (B) in violation of Article 24 of the International Covenant on Civil and Political Rights ("ICCPR"), U.N.T.S. No. 14668, vol. 999 (1976), p. 171 (ratified June 1992), 18 U.S.C. § 4 and § 241 to repeatedly conceal their unlawful acts; and ( C ) in violation of the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68 (A), Article IV § 2, and the V Amendment to the Constitution to deprive and to damage my property right in my legal profession as an active member of the Virginia State Bar in good standing since 1982.

If either you or your staff have question please contact me by e-mail or my cell phone listed below.

Respectfully submitted

_____

Isidoro Rodriguez, Esq.

cc:     Criminal Section                              Mr. Paul J. McNulty
        U.S. Department of Justice       Mr. Robert A. Spencer, Chief, Criminal Division
        Civil Rights Division                        United States Attorney
        950 Pennsylvania Ave., NW                  Eastern District of Virginia
        Criminal Section PHB                          2100 Jamison Avenue
        Washington, D.C. 20530                     Alexandria, Virginia 22314

*Isidoro Rodriguez, Esq. v. Legal Times, et al.*
*D.C. Docket No. 07-0975 (PLF)*
*Plaintiff's Exhibit 5*
*Motion for Special Grand Jury*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        :
ISIDORO RODRIGUEZ, ESQ.                 :
                                        :
                    Plaintiff,          : CASE NO. 07-CV-0975 (PLF)
                                        :
          v.                            :     ORAL ARGUMENT REQUESTED
                                        :
LEGAL TIMES, *et al.,*                  :
                                        :
                    Defendants.         :
_____ :

MOTION TO REQUEST THE U.S. ATTORNEY GENERAL TO APPOINT SPECIAL PROSECUTOR
TO INVESTIGATE AND PROSECUTE THE PAST AND ON GOING CONSPIRACY IN
VIOLATIONS OF 18 U.S.C. §§ 4, 241, 242, 371, 1001, AND 1204.

Pursuant to 28 U.S.C.§ 1361 (providing for an action to order a federal official to

perform a mandatory duty and to halt unlawful conduct), and 5 U.S.C. § 702 (failure to do

official acts), Plaintiffs Isidoro Rodriguez, Esq. ("Rodriguez-father") files this Motion to

respectfully request that the Court refer to the Attorney General of the United States for the

appointment of a Special Prosecutor to investigate and prosecute the past and on going

conspiracy against Rodriguez-father's rights as a parent and a licensed attorney, by:

• Defendants' violation of 18 U.S.C. § 1204, by their obstruction of Rodriguez-father's

parental right from January 27, 2003 through March 10, 2007,[1] as mandated by Article 21 of

the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980

("Treaty"); and, Virginia's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"),

Va. Code § 20-146.25 and 35, to compel the Executive Branch and the Virginia Courts to secure

visitations, *see  Canter v. Cohen*, 442 F.3d 196 (March 21, 2006);

_____

[1]Upon Rodriguez-father's Son, Isidoro Rodriguez-Hazbun, becoming 18 years-old on
March 10, 2007, Defendants duty to secure visitation ended.

Page 1 of  3

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (PLF)

JURY TRIAL DEMANDED

• Defendants committing of perjury before Congress and the Courts in violation of 18 U.S.C. § 371 and § 1001, by making false statements as to Rodriguez-father's litigation to compel compliance with Defendants respective ministerial and judicial duty to secure visitation rights, and as to the request for budget and use of federal funds;

• Defendants' violation of 18 U.S.C. § 4, § 241, and § 242, by filing a fraudulent complaint, committing perjury as to their ministerial and judicial duties, issuing an illegal *void* order revoking Rodriguez-father's license to practice law in a Virginia, and denying due process in refusing to either grant membership by waiver admission into Bar of the District of Columbia or provide a hearing on the illegal *void* order, all in furtherance of the conspiracy to punish and stigmatize Rodriguez-father for his litigating to enforce his and his Son's rights under Treaty, U.S. Code, and Va. Code, and punish and stigmatize Rodriguez-father for exercising his right and duty as an attorney and citizen to petition Congress and the General Assembly of Virginia, *see* http://home.earthlink.net/~isidoror; *see also* Issues and Action-Congress.org, letter to Congress, www.congress.org/congressorg/bio/userletter/?id=51&letter_id=380306581; and,

• Defendants on going conspiracy to use Beltway lobbyist, law firms, and media so to intentionally misinform the public and disregard the statutory mandates of the U.S. Congress and the General Assembly of Virginia regarding the right of Rodriguez-father to access to an impartial Federal Court pursuant to 28 U.S.C. § 4 and § 455, by obstructing justice so to deny Article III review of the unauthorized policies and practices of the Executive Branch in collusion with the Judicial Branch, that have obstructed, punished, and stigmatized Rodriguez-father for more than five years for exercising his rights as a father, and his rights and duties to his Son and

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. 07-cv-00975 (RWR)

JURY TRIAL DEMANDED

the public as a licensed attorney at law.

DATED this 2nd day of June 2007.

Respectfully submitted,

_____
/s/Isidoro Rodriguez, Esq.

THE LAW OFFICES OF ISIDORO RODRIGUEZ
ATTORNEYS AND COUNSELORS AT LAW

<u>United States Office:</u>
2304 Farrington Avenue
Alexandria, Virginia 22303-1520
Telephones: 703.317.0526; Fax: 703.960.0225
Cell: 703.470.1457

<u>South American Office:</u>
World Trade Center-Barranquilla
Calle 76 No. 54-11, Office 313
Barranquilla, Colombia, SA
Telephone: 011.5753.605288

# Judicial Accountability & Integrity Legislation
### (As amended 11/24/01)

(a) **Preamble.** The House of Representatives and Senate Assembled find: that an inordinate and ever-growing number of complaints for willful misconduct have been lodged with Congress involving federal judges across this nation; that the current Title 28 U.S.C. §372(c) (Judicial Misconduct and Disability Act) is in many cases inadequate due to conflicts of interest of judges judging themselves; that judicial integrity is of major importance which affects all areas of our American society. Be it therefore resolved that the House of Representatives and Senate Assembled hereby enact the following legislation which shall be known as the *"Judicial Accountability and Integrity Legislation."*

(b) **Definitions.** For purposes of this statute:

> 1. The term "blocking" shall mean any act that impedes the lawful conclusion of a case, to include unreasonable delay and willful rendering of a void judgment or order.
> 2. The term "federal judge" or "judge" shall mean any federal justice, judge, magistrate, commissioner, or any person shielded by judicial immunity.
> 3. The term "Juror" shall mean a Special Federal Grand Juror.
> 4. The term "strike" shall mean an adverse immunity decision based upon bad behavior as set forth by paragraph (c), or a criminal conviction as set forth in paragraph (r).
>
> Where appropriate, the singular shall include the plural, and the plural the singular.

(c) **Immunity.** Notwithstanding common law or any other provision to the contrary, no immunities shall be extended to any federal judge except as is specifically set forth in this statute. Preserving the purpose of protecting judges from frivolous and harassing actions, no immunity shielding a federal judge shall be construed to extend to any deliberate violation of law, fraud or conspiracy, intentional violation of due process of law, deliberate disregard of material facts, judicial acts without jurisdiction, blocking of a lawful conclusion of a case, or any deliberate violation of the Constitution of these United States, all violations of which shall constitute bad behavior.

(d) **Special Federal Grand Jury.** There is hereby created within the District of Columbia a twenty-five member Special Federal Grand Jury with full federal geographical jurisdiction having power to judge on both law and fact. Their responsibility shall be limited to determining, on an objective standard, whether a civil suit against a federal judge would be frivolous and harassing, or fall within the exclusions of immunity as set forth herein, and whether there is probable cause of criminal conduct by the federal judge complained of.

(e) **Professional Counsel.** The Special Federal Grand Jury shall have exclusive power to retain non-governmental advisors, special prosecutors, and investigators, as needed, who shall serve no longer than two years, after which term said officers shall be ineligible. However, with permission of the Special Federal Grand Jury, a special prosecutor may prosecute their current cases through all appeals and any applicable complaints to the Special Federal Grand Jury.

*Isidoro Rodriguez, Esq. v. Legal Times, et al.*
*D.C. Docket No. 07-0975 (PLF)*
*Plaintiff's Exhibit 7*
*Motion for Special Grand Jury*

1

**(f) Establishment of a Special Federal Grand Jury Seat.** A Special Federal Grand Jury seat is hereby created, which seat shall be located in excess of one mile of any federal judicial body.

**(g) Filing Fees.** Attorneys representing a client filing a civil complaint or answer before the Special Federal Grand Jury, shall at the time of filing pay a fee equal to the filing fee due in a civil appeal to the United States Supreme Court. Individuals filing a civil complaint or answer before the Special Federal Grand Jury in their own behalf as a matter of right, shall, at the time of filing, post a fee of one hundred dollars, or file a declaration, which shall remain confidential, stating they are impoverished and unable to pay and/or object to such fee.

**(h) Annual Funding.** Should this statute lack sufficient funding through its filing fees under paragraph (g), and fines imposed under paragraph (q), which amount shall be deposited regularly into the exclusive trust account created by this statute in paragraph (j) for its operational expenses, Congress may impose appropriate surcharges upon the civil court filing fees of corporate litigants as necessary to make this statute self-supporting, or they may appropriate any and all the necessary funds for the full implementation of this statute by legislation.

**(i) Compensation of Jurors.** Each Juror shall receive a salary commensurate to fifty percent of a federal district judge prorated according to the number of days actually served.

**(j) Annual Budget.** The Special Federal Grand Jury shall have an annual operational budget commensurate to twenty times the combined salaries of the twenty-five Jurors serving full time, which sum shall be initially deposited by Congress into an exclusive trust account to be annually administered by the Controller. Should the trust balance, within any budget year, drop to less than an amount equivalent to the annual gross salaries of fifty federal district judges, the Controller shall so notify Congress which shall replenish the account, prorated based on the actual average expenditures during the budget year. Should the trust balance in any subsequent year exceed the annual operational budget at the beginning of a new budget year, the Controller shall return such excess to the United States Treasury.

**(k) Jurisdiction.** The Special Federal Grand Jury shall have exclusive power to establish rules assuring their attendance, to provide internal discipline, and to remove any of its members on grounds of misconduct. The Special Federal Grand Jury shall immediately assign a docket number to each complaint brought before it. Except as provided in paragraph (r), no complaint of judicial misconduct shall be considered by the Special Federal Grand Jury unless the complainant shall have first attempted to exhaust all judicial remedies available in the federal courts within the immediately preceding six-month period. Such six-month period, however, shall not commence in complaints of prior fraud or blocking of a lawful conclusion until after the date the Special Federal Grand Jury becomes functional. This provision is intended to apply remedially and retroactively.

**(l) Qualifications of Jurors.** A Juror shall have attained to the age of thirty years, and have been nine years a citizen of the United States, and an inhabitant of Washington, D.C. Those not eligible for Special Federal Grand Jury service shall include elected and appointed officials, members of the Bar, judges (active or retired), judicial, prosecutorial and law enforcement personnel, without other exclusion except previous adjudication of mental incapacity, imprisonment, or parole from a conviction of a felonious crime against persons.

(m) **Selection of Jurors.** The Jurors shall serve without compulsion and shall be drawn by public lot by the Secretary of State from names on the voters rolls and any citizen submitting his/her name to the Secretary of State for such drawing.

(n) **Service of Jurors.** Excluding the establishment of the initial Special Federal Grand Jury, each Juror shall serve one year. No Juror shall serve more than once. On the first day of each month, two persons shall be rotated off the Special Federal Grand Jury and new Citizens seated, except in January it shall be three. Vacancies shall be filled on the first of the following month in addition to the Jurors regularly rotated, and the Juror chosen to fill a vacancy shall complete only the remainder of the term of the Juror replaced.

(o) **Procedures.** The Special Federal Grand Jury shall serve a copy of the filed complaint upon the subject judge and notice to the complainant of such service. The judge shall have thirty days to serve and file an answer. The complainant shall have twenty days to reply to the judge's answer. (Upon timely request, the Special Federal Grand Jury may provide for extensions for good cause.) The Special Federal Grand Jury shall have power to subpoena witnesses, documents, and other tangible evidence, and to examine witnesses under oath. The Special Federal Grand Jury shall determine the causes properly before it with their reasoned findings in writing within one hundred twenty (120) calendar days, serving on all parties their decision on whether immunity shall be barred as a defense to any civil action that may thereafter be pursued against the federal judge. A rehearing may be requested of the Special Federal Grand Jury within twenty days with service upon the opposition. Twenty days shall be allowed to reply thereto. Thereafter, the Special Federal Grand Jury shall render final determination within thirty days. All allegations of the complaint shall be liberally construed in favor of the complainant. The Jurors shall keep in mind, in making their decisions, that they are entrusted by the people of these United States with the duty of restoring a perception of justice and accountability of the federal judiciary, and are not to be swayed by artful presentation by the federal judge. They shall avoid all influence by judicial and government entities. The statute of limitations on any civil suit brought pursuant to this statute against a federal judge shall not commence until the rendering of a final decision by the Special Federal Grand Jury. Special Federal Grand Jury files shall always remain public record following their final determination. A majority of thirteen shall determine any matter.

(p) **Removal.** Whenever any federal judge shall have received more than three strikes, the federal judge shall automatically be brought up on charges before Congress for Articles of Impeachment by the Special Federal Grand Jury through its special prosecutor for bad behavior and willful misconduct. Congress thereafter shall commence to a vote on such Articles of Impeachment. Upon a conviction, the federal judge shall be permanently removed from office. He may also be held liable under any other appropriate criminal or civil proceeding.

(q) **Indictment.** Should the Special Federal Grand Jury also find probable cause of criminal conduct on the part of any federal judge against whom a complaint is docketed, it shall have the power to indict such federal judge except where double jeopardy attaches. The Special Federal Grand Jury shall, without voir dire beyond personal relationship, cause to be impaneled special trial jurors, plus alternates, which trial jurors shall be instructed that they have power to judge both law and fact. The Special Federal Grand Jury shall also select a non-governmental special prosecutor and a federal judge with no more than four years on the bench from a state other than that of the defendant judge, (or outside of the District of Columbia, if the case so be). The trial jury shall be selected from the same pool of jury candidates as any regular federal jury. The special prosecutor

*Isidoro Rodriguez, Esq. v. Legal Times, et al.*
*D.C. Docket No. 07-0975 (PLF)*
*Plaintiff's Exhibit 7*
*Motion for Special Grand Jury*

shall thereafter prosecute the cause to a conclusion, having all the powers of any other prosecutor within these United States. Upon conviction, the special trial jury shall have exclusive power of sentencing (limited to incarceration, fines and/or community service), which shall be derived by an average of the sentences of the trial jurors.

    **(r) Criminal Procedures.** In addition to any other provisions of this statute, a complaint for criminal conduct of a federal judge may be brought directly to the Special Federal Grand Jury upon all the following prerequisites: (1) an affidavit of criminal conduct has been lodged with the appropriate prosecutorial entity within ninety (90) days of the commission of the alleged conduct; (2) the prosecutor declines to prosecute, or one hundred twenty (120) days has passed following the lodging of such affidavit and prosecution has not commenced; (3) an indictment, if sought, has not been specifically declined on the merits by a Grand Jury; and (4) the criminal statute of limitations has not run. Any criminal conviction (including a plea bargain) under any judicial process shall constitute a strike.

    **(s) Public Indemnification.** No federal judge complained of, or sued civilly by a complainant pursuant to this statute shall be defended at public expense or by any elected or appointed public counsel, nor shall any federal judge be reimbursed from public funds for any losses sustained under this statute.

    **(t) Redress.** The provisions of this statute are in addition to other redress that may exist and are not mutually exclusive.

    **(u) Preeminence.** Preeminence shall be given to this statute in any case of conflicts with any other federal statutes, case law, or common law to the contrary. The foreperson of the Special Federal Grand Jury shall read, or cause to be read, this statute to the respective Jurors semi-annually during the first week of business in January and July.

*Proposed Bill written for Congress by Representative Ronald Branson, 11024 Balboa, #214, Granada Hills, CA. 91344. Branson ran for office and was publicly elected in '96, and re-elected in '98 and 2000 as Representative, Office of the Republican Central Committee for the County of Los Angeles. He currently represents in the 38th Assembly District of California. Branson has taken up the cause of cleaning up the courts, both state and federal, and has gained a national following with twenty-six states actively pursuing his legislation through state J.A.I.L. Chapters. He is constantly invited on the radio and to speaking engagements, and is among the most knowledgeable in this country on the issue of judicial corruption.*

*  *  *

*Isidoro Rodriguez, Esq. v. Legal Times, et al.*
*D.C. Docket No. 07-0975 (PLF)*
*Plaintiff's Exhibit 7*
4    *Motion for Special Grand Jury*