IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 07-5234

_____

Isidoro Rodriguez,

Appellant,

vs.

Editor in Chief, Legal Times, individually and in his
corporate capacity., *et al.*

Defendants.

On Appeal from the United States District Court for the District Court
of Columbia
_____

## APPELLANT'S BRIEF
_____


Before: <u>Specially Designated Panel Techa, Chief Judge, Circuit Judges McConnell and Gorsuch of the
United States Court of Appeals for the Tenth Circuit.</u>


Isidoro Rodriguez, Esq.
THE LAW OFFICES OF ISIDORO RODRIGUEZ
7924 Payton Forest Trail
Annandale, Virginia 22003-1560
Telephone: 571.423.5066
E-mail:isidoror@EarthLink.net

*Counsel for Appellant Pro Per*

-i-

CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

(A) <u>Parties and Amici</u>. The undersigned counsel certifies that the parties that have appeared below, and in this Court are:

i. **Plaintiff/Appellant:** Isidoro Rodriguez, Esq..

ii. **Federal Defendants/Appellees**: are Hon. Judge John G. Roberts; The Supreme Court of the United State; The United States Court of Appeals for the District of Columbia Circuit; The United States Court of Appeal for the 4th Cir.; The U.S. District Court for the District of Columbia; The U. S. District Court for the E. D. of VA; Hon. Chief Judge Jane A. Restani; Hon. Chief Judge Paul R. Michel; Hon. Judge William H. Stafford, Jr.; Judge T.S. Ellis III; Hon. Judge Richard W. Roberts; The United States Department of Justice; The Office of the Solicitor General of the United States; Mr. Alberto Gonzales; Mr. Paul McNulty; The Office of United States Attorney for the Eastern District of Virginia; The Office of United States Attorney for the District of Columbia; Ms. Marina Utgoff Braswell; The Director, United States Department of Justice, Office of Justice Programs, Office of Juvenile Justice and Delinquency Prevention; Federal Bureau of Investigation; United States Department of State; Ms. Condoleezza Rice; Legal Advisor for Consular Affairs; Director, Bureau of Consular Affairs, United States Department of State; National Center for Missing & Exploited Children; Mr. Ernie Allen; The Board of Directors of National Center for Missing & Exploited Children; Ms. Nancy Hammer, Esq.; Ms. Susan Brinkerhoff, Esq.; Proskauer Rose LLP; Miles & Stockbridge LLP; Stephen J. Cullen, Esq.; Mr. Patrick H. Stiehm, Esq.; Covington & Burling; Mr. Eric H. Holder, Jr., Esq.; Ms. D. Jean Veta, Esq., , and John Doe 1-20.

iii. **Virginia State Defendants/Appellees**: are Hon. Leroy Rountree Hassell, Sr.; The Supreme Court of Virginia; Virginia State Bar; Ms. Karen Ann Gould, Esq., Ms. Noel D. Sengel, Senior Assistant Bar Counsel; Mr. James Leroy Banks, Jr., Esq.; Mr. William Carlyle Boyce Jr., Esq.; Mr. William Ethan Glover, Esq.; Mr. Glenn M. Hodge, Esq.; Mr. Stephen A. Wannall; Mr. Davis J. Gogal, Esq.; Mr. Daniel

-ii-

M. Rathbun, Esq.; Mr. Edward V. O'Connor, Jr, Esq.; Mr. John W. di Zerega; Catherine Crooks Hill, Esq.; The Court of Appeals of Virginia; The Fairfax County Circuit Court; The Fairfax County J & D District Court; Judge Thomas Mann, and John Doe 1-20.

iv.  Defendant/Appellee Committee on Admissions District of Columbia Court of Appeals.

v.  Defendants/Appellee Editor in Chief, *Legal Times*

vi.  Defendants/Appellees Editor in Chief, The Washington Post.

(B) Rulings Under Review. The Memorandum and Order dated June 18, 2007 (A-133),[1] the Order dated June 25, 2007 (A-140), and Minute Order dated June 27, 2008 (Doc-34, 35, and 36, located at A-9 ), issued in *Isidoro Rodriguez, Esq., v.s Editor in Chief, Legal Times, et al.,* Docket No 07-975, issued by the Hon. Paul L. Friedman.

( C ) Related Cases. The gravamen  this case on review has not previously been before this Court.  However, for the underlying cases seeking to enforce rights of visitation and for damages under Treaty (Add-a), and Va. Code (Add-b),  *see*: (a) *Isidoro Rodriguez-Hazbun v. Supreme Court of Virginia, et al.,*  U.S. Sup. Ct. No. 04-454; (b) *In re Isidoro Rodriguez and Isidoro-Rodriguez-Hazbun ,* US Ct App for DC Docket #03-5092, Writ of Mandamus denied S.Ct # 03-301; *In re Isidoro Rodriguez, Esq., and as father and next of friend of Isidoro Rodriguez-Hazbun,* US Ct App for DC Docket # 05-5130, and *Isidoro Rodriguez, father of Isidoro Rodriguez-Hazbun, a minor and Isidoro Rodriguez-Hazbun v. National Center for Missing & Exploited Children, et al.,*US Ct App for DC Docket  #05-5202.

CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1, of the F.R.A.P., so to enable judges of this Court to evaluate possible disqualifications, Appellant Isidoro Rodriguez, Esq. states that his multi-national Law Firm is a sole practice with no parent companies, subsidiaries, or affiliate that has issued shares to the public.

---

[1]"A-" references are to pages in the Joint Appendix.  "Doc-" references are to the docket entries on the docket sheet beginning at A-1.   "Add-" references are to pages in the Addendum at the end of vol.

-iii-

TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES . . . . . . . . . . . . . . . . . . . . . . .  -i-

CORPORATE DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -ii-

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -iii-

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -vii-

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION . . . . . . . . . . . . . . . . .  1

STATEMENT OF THE ISSUES FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

a. The statement of Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

b. Discussion of Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

I.      THE VIRGINIA STATE BAR HAS NO INHERENT AND  NO STATUTORY AUTHORITY
        AS COURT TO REVOKE RODRIGUEZ-FATHER'S LICENSE TO PRACTICE LAW . . . . .  9

        a.  *The Virginia State Bar's order is void because it has no judicial authority and is not a Court.*9

        b.  *The Virginia State Bar order is void because it violated the prohibition against the bar taking
        action against an attorney for litigating to enforce his statutory rights.* . . . . . . . . . . . . . . . .  11

II.     THE D.C. COMMITTEE ON ADMISSIONS HAS NO AUTHORITY UNDER RULE 46 TO
        EITHER SHELVE A WAIVER APPLICATION FOR TWO YEARS, OR STRIKE THE
        APPLICATION,  OR DENY A HEARING, OR DENY ACCESS TO A COURT. . . . . . . . . .  11

III.    THE *VOID* ORDER DOCTRINE PROHIBITS GIVING FORCE AND EFFECT TO ACTS
        WITHOUT JURISDICTION, JUDICIAL OR STATUTORY AUTHORITY. . . . . . . . . . . . .  13

IV.     THERE IS NO ABSOLUTE JUDICIAL IMMUNITY FROM SUIT FOR A CRIMINAL
        CONSPIRACY TO ISSUE AND ENFORCE *VOID* ORDERS. . . . . . . . . . . . . . . . . . . . . .  15

        A.  No Judicial Immunity for Criminal Acts under *Stump v. Sparkman* . . . . . . . . . . . . . . . .  15

                i. A Cause of Action Was Plead under Virginia's Business Conspiracy Act. . . . . . . . .  19
                ii. A Cause of Action Was Plead under RICO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

-iv-

B. Judicial Immunity Does Not Bar an Injunction Against the Void Orders . . . . . . . . . . . . . . 21

V.    THERE IS NO JUDICIAL IMMUNITY UNDER THE VIRGINIA TORT CLAIMS ACT AND
      FEDERAL TORT CLAIMS ACT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

VI.   THE DENIAL OF A JURY TRIAL IS A VIOLATION OF THE RULE ENABLING ACT. . .  24

VII   VENUE IS PRESENT IN THE DISTRICT OF COLUMBIA . . . . . . . . . . . . . . . . . . . . . . . . . 25

CONCLUSION AND RELIEF REQUESTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH OF LIMITATION

REQUEST FOR ORAL ARGUMENT

CERTIFICATE OF SERVICE

ADDENDUM

U.S. TREATY INVOLVED

**Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S.
No 11,670, 19 I.L.M. 1501**

*Article 1* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . a

*Article 2* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . a

*Article 5* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . a

**Chapter IV-Right of Access**, *Article 21* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . a

**FEDERAL CIVIL STATUTES INVOLVED**

**RULES ENABLING ACT--28 U.S.C. § 2072** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . a

**42 U.S.C. § 11601- International Child Abduction Remedies Act- Findings and declarations** . . . . a

**42 U.S.C. § 11602. Definitions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . b

**42 U.S.C. § 11603** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . b

**42 U.S.C. § 11605. Admissibility of documents** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . b

**FEDERAL CRIMINAL STATUTES INVOLVED**

-v-

**18 U.S.C. § 4. Misprision of Felony** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  b

**18 U.S.C. § 241 - Conspiracy against rights** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  b

**18 U.S.C. § 242 - Deprivation of rights under color of law** . . . . . . . . . . . . . . . . . . . . . . . . . . .  c

**18 U.S.C. § 535. Investigation of crimes involving Government Officers and employees** . . . . . . . .  c

**18 U.S.C. § 1001. Statements or entries generally** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  c

**18 U.S.C. § 1204 - International parental kidnapping** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  c

**18 U.S.C. §1510. Obstruction of Criminal Investigations** . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  d

**18 U.S.C. § 1513. Retaliating against a witness, victim, or an informant** . . . . . . . . . . . . . . . . . . .  d

## CONSTITUTION OF VIRGINIA INVOLVED

**Article VI, Section 1. Judicial power; jurisdiction** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  d

**Article VI, Section 5. Rules of practice and procedure** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  d

**Article VI, § 7.  Selection . . . of judges** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  d

## SECTIONS OF THE VIRGINIA CODE INVOLVED

### Virginia Criminal Code Involved

**Virginia Code § 18.2-499** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  d

**Virginia Code § 18.2-500** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  d

### Virginia Civil Code Involved

**Virginia Code § 20-146.25.  Temporary visitation** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  e

**Virginia Code § 20-146.29.  Expedited enforcement of Child Custody; determination**  e

**Virginia Code § 20-146.35. Appeals** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  e

**Virginia Code § 54.1-3915. Restrictions as to rules and regulations** . . . . . . . . . . . . . . . . . . . . . .  e

**Virginia Code § 54.1-3932. Lien for fees** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  e

**Virginia Code § 54.1-3935. Procedure for revocation of license**

## RULES OF THE SUPREME COURT OF VIRGINIA

-vi-

**Part 6, § IV, ¶ 13 (G)(1)(a)(1) and (5) of the Rules of the Virginia Supreme Court** . . . . . . . . . . . . e

**Part 6, § IV, ¶13(B)(5)(a) of the Rules of the Virginia Supreme Court** . . . . . . . . . . . . . . . . . . . . . . g

## <u>RULES OF THE DISTRICT OF COLUMBIA COURT OF APPEALS</u>

**Rule 46. (c) Admission Without Examination of Members of the Bar of Other Jurisdictions** . . . . g

**(e) Quantum and Burden of Proof** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . g

**(f) Hearing by the Committee** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . g

**(g) Review by the Court** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . g

-vii-

TABLE OF AUTHORITIES[2]

<u>CASES CITED:</u>

*Barnes v. American Fert. Co.*, 144 Va. 692, 705, 130 S.E. 902, 906 (1925) . . . . . . . . . . . . . . . . . . . . . . 8

*Bivens v. Six Unnamed Agents of the Federal Bureau of Investigation*, 403 U.S. 388 (1971) . . . . . . . . 1

*Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Burgess v. Houseman*, 2008 WL 647522, 2008 U.S. App. LEXIS 5131, slip op. 3 (10th ir. March 10, 2008)(NO. 07-6107, unpublished . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*\*Canter v. Cohen*, 442 F.3d 196 (March 21, 2006); 2006 U.S. App. LEXIS 6915 . . . . . . . . . . . 3, 6, 23

*Conley v. Gibson*, 355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Den Zeller v. Rankin*, 101 S.Ct. 2020 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Ex rel Roska v. Peterson*, 328 F. 3rd 1230 at 1248 (10th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Ferry Co. v. Commonwealth,* 196 Va. 428, 432, 83 S.E.2d 782, 784 (1954) . . . . . . . . . . . . . . . . . . . . 14

*Fisher's Case, 6 Leigh* (33 Va.) 619 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Forrester v White*, 44 U.S. 2l9, l08 S.Ct. 538 (l988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Garrigas Case*, 93 Ind. 239 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Guercio v Brody*, 814 F2d 1115 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Huges v. Cole*, 251 Va 3 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Mbakpuo*, 829 A.2d 217 (D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*J.B. v. Washington County*, 127 F.3rd 919 (10th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*James Bagg's Case* (1616) 77 Eng. Rep. 1271 (K.B.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Konigsberg v. State Bar*, 353 U.S. 252, 273 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Koehler v. Dodwell*, 1523d 304 (4th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 14, 15

*\*Legal Club of Lynchburg v. A.H. Light*, 137 Va. 249, 119 S.E. 55 (1923) . . . . . . . . . . . . . . . . . . . . . 10

---

[2]Authorities upon which are chiefly relied on are marked with asterisks.

-viii-

*Lucas v. Biller,* 204 Va. 309, 313, 130 S.E.2d 582, 585 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Marbury v Madison*, 1 Cranch 137, 163 (1803) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Morrison v. Bestler,* 239 Va. 166, 387 S.E.2d 753 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Millken v. Meyer*, 311 U.S. 457, 61 S. CT. 339,85 L. Ed. 2d 278 (1940) . . . . . . . . . . . . . . . . . . . . . . . 8

*Nelson v. Warden*, 262 Va. 276, 552 S.E.2d 73 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*\*Norfolk Bar Ass'n v. Drewry*, 161Va. 833, 172 S.E. 282 (1934) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Olmstad v. United States,* 277 U.S. 438 (1928) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 24

*People v. Gorindar,* 350 Ill. 256, 182 N.E. 732 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Piper v. Pearson*, 2 Gray 120 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*R. V. Gaskin,* (1799) 1001 Eng. Rep. 1349 (K.B.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Radin v. United States*, 699 F.2d 681 (4th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Rankin v. Howard* 633 F.2d 844 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Rook v. Rook*, 233 V. 92, 353 S.E2d 756, 758 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 493 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786 (3d Cir. 1984) . . . . . . . . . . . 21, 22

*Simler v. Conner*, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed2d 691 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Smith v. United States*, 234 F.2d 385 (5th Cir. 1956) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Stump v. Sparkman*, 435 U.S. 349 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 22

*Swistock v. Jones*, 884 F.2d 755, 758 (3d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*The Case of the Marshalsea*, 77 Eng. Rep. 1027 (K.B. 1613) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Tube City Mining & Millng Co. v. Otterson*, 16 Ariz. 305, 146p 203(1914) . . . . . . . . . . . . . . . . . . . . 14

*Turner v. Houseman, 2008 WL 647526,* 2008 U.S. App. LEXIS 5127, slip op. At 3 (10th Cir. (Okla.)
March 10, 2008)(No.07-6108, unpublished) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

U.S. vs. Jannottie, 673 F.2d 578, 614 (3d Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*United States v. Alo*, 439 F.2d 751 (2d Cir.), cert. denied, 404 U.S. 850 (1971) . . . . . . . . . . . . . . . . . 18

-ix-

*United States v. Claiborne*, 727 F.2d. 842 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Griffin*, 589 F.2d 200, 203 (5th Cir.) (dicta), cert. denied, 444 U.S. 825 (1979) . . . . . 18

*United States v. Hasting*, 681 F.2d 706 (11th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Isaacs*, 493 F. 2d 1124 (7th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*United States v. Lee*,106 U.S. 196 (1882) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Testan*, 424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Viqueria v. First Bank*, 140 F.3d 12 (1st Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 14, 15, 20

*Wahl v. Round Valley Bank* 38 Ariz, 411, 300 P. 955(1931) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Whisman v. Rinehart,* 119 F.3d 1303 (8th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Wise v. Withers*, 7 U.S. (3 Cranch) 331 (1806) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Yick Wo v. Hopkins*, 118 US 356 (1886) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

U.S. CONSTITUTION CITED:

Article I, § 3, cl. 7 of the Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Article II, § 4 of the Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12, 13

Article III of the Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fifth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 24

Fourteenth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hague Convention on the Civil Aspects of International Child Abduction , Oct 25, 1980, T.I.A.S. No. 11670, 19 I.L.M 1501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 6

Seventh Amendment to the Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

U.S. CODE CITED:

28 U.S.C. § 1343 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

28 U.S.C. § 1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13, 14

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*1, 2, 6, 8, 19-21

-x-

18 U.S.C. § 1511 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 1001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 8, 17, 18

18 U.S.C. § 1204 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 6, 8, 17

18 U.S.C. § 1341 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 1510 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 17

18 U.S.C. § 1513 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 17, 18

18 U.S.C. § 1961(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

18 U.S.C. § 241 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 8, 17-19

18 U.S.C. § 242 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 8, 17, 18

18 U.S.C. § 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7, 8, 10, 19, 20

18 U.S.C. § 535 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 17

28 U.S.C. § 2072 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 24

28 U.S.C. § 291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. §455 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C.§ 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C.§ 1337 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C.§ 1343 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C.§ 1361 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C.§ 1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C.§ 1986 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C.§ 2401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C.§§ 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

42 U.S.C. § 1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

-xi-

42 U.S.C. § 1986 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

42 U.S.C. § 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5 U.S.C. § 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Tort Claims Act 28 U.S.C.§§ 1346 and 2671-2680 . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4, 5

RULES OF THE DISTRICT OF COLUMBIA COURT OF APPEALS

Rule 46  of the District of Columbia Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 8, 17, 18

Rule 49 of the District of Columbia Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

VIRGINIA CONSTITUTION CITED:

Article IV § 14(18) of the Constitution of Virginia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Article IV, § 9 of the Constitution of Virginia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12, 13

Article VI § 1 of the Constitution of Virginia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Article VI, § 1 of the Constitution of Virginia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Article VI, § 5 of the Constitution of Virginia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Article VI, § 7 of the Constitution of Virginia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13

Article VI § 5 of the Constitution of Virginia . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

VIRGINIA CODE CITED:

VA Code § 18.2-499 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Va. Code § 54.1-3935 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12, 13

VA. Code § 8.01-195.3(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Va. Code § 8.01-195.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Virginia Business Conspiracy, VA Code §§ 18.2-499 and 500 . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 5, 8

Virginia Tort Claims Act, Va. Code §§ 8.01-195.1 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 5, 8

Virginia's Uniform Child Custody Jurisdiction and Enforcement Act, Va. Code 20-146.1 *et seq.* . . . . 2, 4

MISCELLANEOUS:

-xii-

2 R.C.L. 1104 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

1996 Va. AG 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12, 13

4 William Blackstone, Commentaries 140 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

5A Wright & Miller . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

6 C.J. 581 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Article 39 of the Magna Carta . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Block, *Stump v Sparkman* and the History of Judicial Immunity, 4980 Duke L.J. 879 (l980) . . . . . . . 15

Bryan A. Garner, Black's Law Dictionary, at page 382 (8th ed., 1999) . . . . . . . . . . . . . . . . . . . . . . . 9, 14

Federalist Paper 78 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

FRCP Rule 38(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Lord Chatham (William Pitt) to the British House of Lords in January 1770 . . . . . . . . . . . . . . . . . . 14

*Opinion of the Justice* [(1932) , 279 Mass. 607, 180 N.E. 725, 727, 81 A.L.R. 1059 . . . . . . . . . . . . . 10

Prakash and Smith, *How to Remove a Federal Judge*, 116 Yale L. J. 72 at 74 (2006) . . . . . . . . . . . . . 16

Richard L. Marcus, *The Revival of Fact Pleading Under the Federal Rules of Civil Procedure*, 86
Columbia. L. Rev. 433, 436 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Robert Craig Waters, "Liability of Judicial Officers under Section 1983" 79 *Yale L. J.* 326 (December
1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Virginia Bar Legal Ethics Opinion #1325, February 27, 2990 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Washington Legal Times*, About a Boy, by Tom Schoenberg, dated April 14, 2003 . . . . . . . . . 3, 12, 13

When Has the Supreme Court of Appeals Original Jurisdiction of Disbarment Proceedings? R.H.C.
Virginia Law Review, Vol 10, No. 3 (Jan. 1924), pp. 246-248 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION**

Based on the on going illegal conspiracy and criminal enterprise initiated and headquartered in the District of Columbia, jurisdiction and venue are properly in the District Court pursuant to:

● the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1965(a) and (b), and *Bivens v. Six Unnamed Agents of the Federal Bureau of Investigation*, 403 U.S. 388 (1971), 28 U.S.C.§§ 1331, 1332, 1337, 1343(a), 1346(b)(Federal Tort Claims Act), 1367(a), 1361, 1986, and 2401; 42 U.S.C. §§ 1983 and 1985(3)(conspiracy to interfere with and deprive a citizen of civil rights), § 1986 (neglect to prevent illegal acts), § 1988 (proceedings in vindication of civil rights), and 28 U.S.C. § 1343;

● 28 U.S.C. § 1367, over pendent Virginia and D.C. state law claims under Virginia Tort Claims Act, Va. Code §§ 8.01-195.1-195.9, and Business Conspiracy, VA Code §§ 18.2-499 and 500; and,

● 18 U.S.C. § 4 (federal crime reporting statute)(Add-b), 18 U.S.C. § 241 (conspiracy in retaliation for exercising federal rights)(Add-b), § 242 (Add-c), § 535, § 1001 (making false statements to Congress), § 1204 (obstruction of parental rights), § 1510 (Add-c), § 1513 (retaliating against a witness and victim)(Add-d), § 1341, § 1511 (obstructing the enforcement of state law); and 5 U.S.C. § 702 (failure to do official acts, i.e., enjoining perjury).

A final order was issued on June 18, 2007 (A-8 at Doc-28). A timely Notice of Appeal was filed on July 3, 2007 (A-9 at Doc-36). Thus, this Court's appellate jurisdiction pursuant to 28 U.S.C. § 1291.

**STATEMENT OF THE ISSUES FOR REVIEW**

I.  THE VIRGINIA STATE BAR HAS NO INHERENT AND NO STATUTORY AUTHORITY AS COURT TO REVOKE RODRIGUEZ-FATHER'S LICENSE TO PRACTICE LAW

    a. The Virginia State Bar's order is *void* because it has no judicial authority and is not a Court.

    b. The Virginia State Bar order is *void* because it violated the prohibition against the bar taking action against an attorney for litigating to enforce his statutory rights.

II. THE D.C. COMMITTEE ON ADMISSIONS HAS NO AUTHORITY UNDER RULE 46 TO EITHER SHELVE A WAIVER APPLICATION FOR TWO YEARS, OR STRIKE THE APPLICATION, OR DENY A HEARING, OR DENY ACCESS TO A COURT.

1

III.    THE *VOID* ORDER DOCTRINE PROHIBITS GIVING FORCE AND EFFECT TO ACTS WITHOUT JURISDICTION, JUDICIAL OR STATUTORY AUTHORITY.

IV.    THERE IS NO ABSOLUTE JUDICIAL IMMUNITY FROM SUIT FOR A CRIMINAL CONSPIRACY TO ISSUE AND ENFORCE *VOID* ORDERS.

A. No Judicial Immunity for Criminal Acts Pursuant to *Stump v. Sparkman*.

i. A Cause of Action Was Plead under Virginia's Business Conspiracy Act and 18 U.S.C. §§ 4, 241, 242, and 1513.

ii. A Cause of Action Was Plead under RICO.

B. Judicial Immunity Does Not Bar an Injunction Against the *Void* Orders.

V.    THERE IS NO JUDICIAL IMMUNITY UNDER THE FEDERAL TORT CLAIMS ACT VIRGINIA TORT CLAIMS ACT.

VI.    THE DENIAL OF A JURY TRIAL IS A VIOLATION OF THE RULE ENABLING ACT.

VII    VENUE IS PRESENT IN THE DISTRICT OF COLUMBIA.

## STATEMENT OF THE CASE

Rodriguez-father  filed this action in the District of Columbia pursuant to RICO, the Federal Tort Claims Act, the Virginia Tort Claims Act, and Virginia Business Conspiracy Act, to enjoin and to seek damages based on:

First, the evidence of an on going illegal enterprise and business conspiracy initiated by the United States Department of Justice and the United States Department of State headquartered in Washington, D.C., and their independent contractor the National Center for Missing & Exploited Children, its employees, agents and Beltway Lobbyist/attorneys ("Federal Malfeasors"), in collusion with the Editors In Chief of the *Legal Times* and of the *Washington Post*  (See List of Federal Party Defendants/Appellees at page i), to cover-up the obstruction of  Rodriguez-father's parental rights to visitation in violation of *Art 21* of the Hague Convention on the Civil Aspects of International Child Abduction, Oct 25, 1980, T.I.A.S. No. 11670, 19 I.L.M 1501 (Add-a)("the Treaty"), and the Virginia's Uniform Child Custody Jurisdiction and Enforcement Act, Va. Code 20-146.25 (Add-e) ("Va. UCCJEA");

2

Second, the evidence of the suborning of perjury so to obfuscate and not comply with ministerial and judicial duties mandated by the Treaty and Va. UCCJEA, *See Canter v. Cohen*, 442 F.3d 196 (March 21, 2006); 2006 U.S. App. LEXIS 6915; and,

Third, the evidence of the Federal Malfeasors, Appellee/Defendants Virginia State Bar, the Supreme Court of Virginia and the Office of Attorney General of Virginia and John Doe ("Virginia Malfeasors"), criminal business conspiracy in violation of Va. Code § 18.2-499 (Add-d), 18 U.S.C. § 4, § 241, § 242, and § 11513, so to injure, punish, stigmatize and destroy Rodriguez-father's property right in his business and profession, and right to employment in retaliation for his petitioning Congress and the General Assembly of Virginia to investigate the above malfeasance (A-144 and A-163), and for his litigating against unauthorized policies and practices obstructing the fundamental rights of Rodriguez-father as a parent in violations of the Treaty and VA. UCCJEA.

The linchpin of the business conspiracy was for the Virginia State Bar to issue, publish, and enforce an order revoking Rodriguez-father's license to practice law. However, the Virginia State Bar's order was *void* because it neither has judicial authority under Art. VI § 1, § 5, and § 7 of the VA Constitution, nor statutory authority or jurisdiction under VA Code § 54.1-3915, and § 54.1-3935, as well as the Rules of the Supreme Court of Virginia (Complaint ¶6 to ¶ 15), to revoke a Virginia attorney's license.

Also, as part of the conspiracy the Committee on Admissions for the District of Columbia ("D.C. Malfeasors"), in violation of Rule 46 of the District of Columbia Court of Appeals (Add-f and g), without authority they were in collusion with the Virginia State Bar to shelve Rodriguez-father's waiver application for almost two years, then based on the *void* order of the Virginia State Bar strike his waiver application, then deny him of his right to a hearing, and access to a court to appeal the *void* orders.

In total disregard of the above evidence of the illegal enterprise, criminal business conspiracy, and malfeasance the Judge Paul L Feldman also acted outside of judicial capacity and jurisdiction as mandated by 18 U.S.C. § 4, to issue a surreal summary order dismissing the complaint based on absolute judicial

3

immunity from suit--even for criminal acts, denied a TRO and Injunction under Section 1983; and declared lack of venue in the District of Columbia, even for the federal causes of action (A-130); and denied a motion to Disqualify (A-137), and a motion to empanel a Special Grand Jury or appoint a Special Prosecutor to investigate the on going malfeasance (A-9, Doc 35).

## STATEMENT OF THE FACTS

Since October 2001, the evidence confirms that rather than complying with their ministerial and judicial responsibilities under the Treaty and Va. UCCJEA, the Federal Malfeasors did conspire from the District of Columbia to act outside of their jurisdiction and judicial capacity to obstruct the fundamental parental rights of Rodriguez-father in violation of 18 U.S.C. § 1204 (A-101 and A-144),[3] and to conduct a cover-up and suborn perjury in violation of 18 U.S.C. §§ 4, 241, 242, 1001, 1510, and 1513 (Add-c and d).

A Notice of Federal Tort Claim was filed on January 7, 2002 (A-101).

On January 27, 2003, a Federal Tort Claims action was filed to compel the Federal Malfeasors to comply with their ministerial duties to secure Rodriguez-father's visitation rights under the Treaty (Add-a), and Va. UCCJEA (Add-e), and for damages, *see Isidoro Rodriguez Esq., and Isidoro Rodriguez-Hazbun v. National Center for Missing & Exploited Children et al,* D.C. No. 03-120 (RWR)("*Rodriguez I*").

Subsequently, based on the evidence of the Federal and Virginia Malfeasors conspiring to obstruct Rodriguez-father's parental rights in violations of 18 U.S.C. § 1204, a criminal complaint was filed on February 11, 2005, with the Federal Bureau of Investigation, the United States Assistant Attorney General for both the Eastern District of Virginia and the District of Columbia pursuant to 18 U.S.C. § 4 and § 535 (Add-a and c), as well as the Office of Attorney General for the Commonwealth of Virginia (A-104).

Based on the extensive official record of the on going suborning of perjury and negligence of the

---

[3]In violation of Rodriguez-father's fundamental rights as a father to protect and educate his Son as a citizen of the United State, confirmed under a Joint Custody Settlement Agreement (A-97), Rodriguez-father's Son was illegally taken out of Virginia to a "zone of war" in the Republic of Colombia. Subsequently, Rodriguez-father was denied of his fundamental right to visitation and the companionship of his Son for five (5) years based on the criminal conspiracy in violation of 18 U.S.C. § 1204.

Federal Malfeasors, supplemental Notices of Federal Tort Claims were filed on June 14, 2005 (A-110, A-117, and A-123).  Also, a Notice of a Virginia Tort Claim was filed against the Virginia Malfeasors (A-107).

In retaliation for filing the tort claims, the filing of *Rodriguez I*, the filing of the criminal complaint, and the petitioning of Congress for an investigation (A-144), the Federal and Virginia Malfeasors compounded criminal obstruction of Rodriguez-father's parental rights.

The evidence is that the Federal and Virginia Malfeasors entered into a business conspiracy to damage Rodriguez-father's business and profession to interfere with his right to employment.  In violation VA Code § 18.2-499 and 500 (Add-d), as well as 18 U.S.C.  §§ 4, 241,  242, 1001, 1510, and 1513 (Add-c and d), the evidence is they did the following acts:

- fraudulently sought amendments to seek protection under the Federal Tort Claims Act;

- unlawfully sought and used public funds from Congress to pay Beltway lobbyist and law firms to oppose Rodriguez-father's litigation to secure compliance with the Treaty and Va. UCCJEA (A-38, Complaint ¶96 to ¶98);

- unlawfully conspired with the media in the District of Columbia to prevent any investigation of their illegal acts, and have published a false and misleading news article so to discredit and stigmatize Rodriguez-father's litigation to compel compliance with the Treaty and Va. UCCJEA, *see Legal Times*, About a Boy, by Tom Schoenberg, dated April 14, 2003 [A-39, Complaint ¶101, and A-140);

- in October 2003, Defendants/Appellees Eric Holder, D. Jean Veta,  and Covington & Burling LLP, as well as Susan Brinkerhoff, and Proskauer Rose LLP,  as attorney's for Defendant National Center for Missing & Exploited Children, an instrumentality of Defendants Department of Justice and Department of State (A-33, ¶ 77 to 79), filed an unlawful bar complaint with the D.C. Malfeasors, and subsequently with the Defendant Virginia State Bar in retaliation of Rodriguez-father litigating to enforce his statutory rights as a parent and attorney under the Treaty and Va. UCCJEA (A-43 ¶ 116, and A-152), in violation of 18 U.S.C. §§ 4, 241, 242, and 1513 (Add-a, and b); and,

5

● they conspired with Rodriguez-father's former client in violation of 18 U.S.C. §§ 4, 241, 242, and 1513 (Add-a, and b), to have filed a complaint for his litigating to enforce his perfected Virginia Attorneys Lien under Va. Code § 54.1-3932, and Virginia Bar Legal Ethics Opinion #1325, issued to Rodriguez-father on February 27, 1990, confirming his fiduciary duty and right to sue his client for fraud, *Huges v. Cole*, 251 Va. 3 (1996)(A-149).

Based on these additional acts of malfeasance, Rodriguez-father filed on March 7, 2005, a First Amended Verified Complaint *Rodriguez I*, to include claims under RICO (A-130).

Thus, after sitting on *Rodriguez I* for more than 26 months, on March 31, 2005, Defendant U.S. District Judge Richard W. Roberts surreally ignored the on going criminal violations by the Federal and Virginia Malfeasors to dismiss the action as moot based on Rodriguez-father's Son becoming 16 years-old on March 10, 2005, and then struck the First Amended Complaint under RICO.

On appeal the United States Court of Appeals for the District of Columbia and the Supreme Court, in collusion with the Federal and Virginia Executive Branch negligently and criminally violated 18 U.S.C. § 4, § 1001, and § 1204, by refusing to compel compliance with the Treaty and Va. UCCJEA, as well as the holding in *Canter v. Cohen*, 442 F.3d 196 (March 21, 2006); 2006 U.S. App. LEXIS 6915.

Also as part of the criminal enterprise Justice John G. Roberts provided false testimony to Congress at his confirmation hearing in August 2005, regarding *Rodriguez I* suit to enforce rights under the Treaty and Va. UCCJEA. In violation of 18 U.S.C. § 4, § 1001, and § 1204, Justice John G. Roberts obfuscated and spun the facts so to state that *Rodriguez I,* only concerned allegations of "a conspiracy on the part of numerous federal and private defendants to deprive him of his constitutional rights."(A-146). Thus, by falsely informing Congress as to the gravamen of *Rodriguez I*, Justice John G. Roberts suborned perjury so to cover-up the Federal and Virginia Malfeasors' obstruction of Rodriguez-father's rights to compel their securing parental visitation rights under the Treaty and Va. UCCJEA,

Subsequently, in retaliation for Rodriguez-father publically opposing the confirmation of Justice

John G. Robert's as Chief Justice and Circuit Justice of the 4th and D.C. Circuits, and for the tenaciously

litigating to protect his Son and his rights as U.S. citizens, the Virginia State Bar acted in violation of Article

VI § 1, § 5 and § 7,  Va. Code §§ 54.1-3915 and 54.1-3935 (Add-d and e), to issue a *void* order on November

27, 2006, disbarring and revoking Rodriguez's license to practice law for his litigating to enforce his rights

as a parent (A-158), as well as for litigating to enforce his perfected Virginia Attorney's Lien (A-155).

Based on the *void* order doctrine, and the evidence of an illegal enterprise to injure and stigmatize

Rodriguez-father, on December 14, 2006, he demanded a Show Cause hearing before the United States Court

of Appeals for the Fourth Circuit, as well as the United States Supreme Court, the United States Court of

Appeals for the Second, Third, D.C. and Federal Circuit, the United States District Court for the Eastern

District of Virginia, and United States Tax Court (A-53 to A-58).  To date, in violation of the holding in

*Konigsberg v. State Bar*, 353 U.S. 252, 273 (1957), and *Theard v. United States*, 354 U.S. 278 283, 77 S. Ct.

1274 (1957)(Complaint ¶ 161 to ¶ 176), the Federal Courts have given effect to the *void* order by not granting

a show cause hearing.

While the Virginia State Bar's order was being appealed to the Supreme Court of Virginia for being

*void,* and after his application had been unlawfully shelved for almost two years in violation of D.C. Rule

46(c)(Add-f), Rodriguez-father requested on April 6, 2007, the DC Malfeasors to either immediately admit

him based on having been a member of the Virginia State Bar in **"good standing for five years prior to his**

**application**," or in the alternative provide a public hearing pursuant to D.C. Rule 46(f)(Add-f), which states

in relevant part that the D.C. Malfeasors **"shall"** grant a public hearing within ten (10) days, upon request

on his "moral character and general fitness" for admission

 On May 18, 2007, in furtherance of the criminal conspiracy and acting in clear violation of their

authority under D.C. Rule 46(f), the DC Malfeasors arrogantly  struck Rodriguez waiver application, which

they had in collusion with the Federal and Virginia Malfeasors had shelved for almost two years, and denied

access to a hearing (A-131).

Based on the evidence of the past and on going criminal malfeasance, and additional violations of RICO, FTCA, the Virginia Tort Claims Act, Virginia Business Conspiracy Act, and 18 U.S.C. § 4, 241, 242, 1001, 1204, and 1513 (Add-c and d), Rodriguez-father filed the instant action on May 27, 2007.

On June 18, 2007, the Judge Paul L. Friedman in violation of his duty under 18 U.S.C. § 4, § 241 and § 242, surreally dismissed *Rodriguez II* based on the absolute judicial immunity-even for negligent and criminal acts, and for lack of venue-even for the federal causes of action (A-130).

On June 29, 2007, the Supreme Court of Virginia issued a *void* order affirming the *void order* of the Virginia State Bar, in violation of *stare decisis*.[4]

Subsequently, in violation of the Congressional mandate under 28 U.S.C. §455(a) and (b)(5)(I) and (ii), now as Chief Justice, as well as Circuit Justice for the 4th and D.C. Circuits, Justice John Roberts in furtherance of the illegal enterprise in violation of 18 U.S.C. § 4, § 241, § 242, and § 1513, not only refused to disqualify himself from this action, but too denied various motions to enjoin the illegal *void* orders. Instead on September 27, 2007, he issued a *void* order designating this panel pursuant to 28 U.S.C. § 291(a).

The U.S. Supreme Court in violation of 18 U.S.C. § 4, and § 1513 (Add-d), and refused to enjoin the on going criminal conspiracy and denied a Petition for Writ of Certiorari to review the *void* orders, *Isidoro Rodriguez, Esq. v. Supreme Court of Virginia et al.,* (S. Ct. No. 07-419, November 2, 2007).

On December 18, 2007, and then February 19, 2008, acting outside of their judicial authority in violation of 18 U.S.C. § 4, § 241, § 242, and § 1513, this panel and the Supreme Court refused to enjoin the *void* orders of the Virginia and DC Malfeasors, *see* USSC No. 07A601.

## SUMMARY OF ARGUMENT

The Defendants the Virginia State Bar and Committee on Admission for the District of Columbia

---

[4]Rodriguez-father filed with the General Assembly of Virginia a Petition for Impeachment for malfeasance (A-163).

Court of Appeals have acted as kangaroo courts,[5] because they have neither inherent judicial nor statutory authority nor jurisdiction to either revoke Rodriguez-father's license (A-149) or conspire to shelve and strike his application in retaliation for litigating to enforce his statutory rights(A-129). Thus, their orders are *void*. Neither the Federal Courts nor the Virginia Courts have absolute judicial immunity to criminally conspire to undertake an illegal enterprise to enforce a *void* order.

Finally, venue is in the District of Columbia, based on the evidence that the illegal enterprise is headquartered in our Nations Capitol. Thus, the action must be reversed and remanded for a jury trial under RICO, *Bivens,* Virginia Tort Claims Act, and bench trial under the Federal Tort Claims Act.

## ARGUMENT

a. The statement of Standard of Review

This appeal is based on the criminal conspiracy to deny Rodriguez-father of his substantive rights to a jury trial protected by the prohibition on the courts under 28 U.S.C. § 2072(a)(Add-a), and to deny the protection of the *void* order doctrine, thus the appropriate standard of review of all issues of law is *de novo*, *Koehler v. Dodwell*, 1523d 304, 307 (4th Cir. 1998).

b. Discussion of Issues

I.     **THE VIRGINIA STATE BAR HAS NO INHERENT AND NO STATUTORY AUTHORITY AS COURT TO REVOKE RODRIGUEZ-FATHER'S LICENSE TO PRACTICE LAW**

    a. ***The Virginia State Bar's order is void because it has no judicial authority and is not a Court.***

The Defendant Virginia State Bar contends that its jurisdictional authority for acting as a "court" with the power to revoke Rodriguez-father's license was based on Part 6, § IV, ¶ 13 (B)(5) of the Rules of the Supreme Court of Virginia. However, this contention lacks any legal merit whatsoever.

First, pursuant to Article VI § 1 and § 7 of the Constitution of Virginia (Add-d), only the General

---

[5]*"Kangaroo court."* . . . 2. A. Court or tribunal characterized by **unauthorized or irregular procedures**, esp. so as to render a fair proceeding impossible. 3. **A sham legal proceeding**. . . .'Kangaroo' might refer to the . . . to the hapless defendant's quick bounce from court to gallows." Bryan A. Garner, <u>Black's Law Dictionary</u>, at page 382 (8th ed., 1999). Emphasis added.

Assembly has the authority to establish courts of records in Virginia.

Only courts have inherent judicial authority in a proper case to revoke a Virginia attorney's license who is practicing in that particular court. As explained by the Supreme Court of Appeals of Virginia in the controlling case of *Legal Club of Lynchburg v. A.H. Light*, 137 Va. 249, 119 S.E. 55 (1923),

> Independent of statutory authority, all courts of record in Virginia have inherent power in a proper case to suspend or annul the license of an attorney practicing in the particular court which pronounces the sentence of disbarment. **The power to go further and make suspension or revocation of license effective in all other court of the Commonwealth must be conferred by statute**. *Fisher's Case, 6 Leigh* (33 Va.) 619. (Emphases added).

Thus, the power of the courts to revoke an attorney's license outside of that particular court is controlled by the General Assembly passing a statute, *see* <u>When Has the Supreme Court of Appeals Original Jurisdiction of Disbarment Proceedings?</u> R.H.C. Virginia Law Review, Vol. 10, No. 3 (Jan. 1924), pp. 246-248.

Second, based on the above the General Assembly of Virginia enacted Va. Code § 54.1-3935 (Add-c), to assist the courts of record by extending their power beyond its original limits defined in *Fisher's Case*, 6 Leigh (33 Va.) 619.

However, under Va. Code § 54.1-3935, the General Assembly of Virginia never gave the Virginia State Bar as judicial authority, because it did not create it as a court. A reading that section with Va. § 54.1-3910, confirms that the General Assembly created the Virginia State Bar as an administrative arm of the Supreme Court of Virginia with only limited administrative authority to aid a court of record upon its request by conducting an investigation and by prosecuting a complaint filed with the court.

This is because the Supreme Court of Virginia held in *Norfolk Bar Ass'n v. Drewry*, 161 Va. 833 at 836, 172 S.E. 282 (1934), that,

> [t]he power to discipline is judicial in nature. *Opinion of the Justice* [(1932), 279 Mass. 607, 180 N.E. 725, 727, 81 A.L.R. 1059]; *Garrigas Case*, 93 Ind. 239, 242; *People v. Gorindar*, 350 Ill. 256, 182 N.E. 732; 6 C.J. 581; 2 R.C.L. 1104. Emphasis added.

Furthermore, the Virginia Malfeasors' argument is surreal pursuant to "the well recognize rule of

10

construction that if a Rule of the Supreme Court [of Virginia] is at variance with a statutory enactment, the terms of the statute must prevail." 1996 Va. AG 23, at page 2.  Thus the Supreme Court of Virginia has authority to neither delegate any judicial authority to the Virginia State Bar nor create a disciplinary system outside of that established by the General Assembly under Va. Code § 54.1-3935.

Consistent with these restrictions even the *Rules of the Virginia Supreme Court* gave no  authority to Virginia State Bar in the first instant to unilaterally revoke a Virginia attorney's license.[6]

b. ***The Virginia State Bar order is void because it violated the prohibition against the bar taking action against an attorney for litigating to enforce his statutory rights.***

Pursuant to Article VI § 5 of the Constitution of Virginia (Add-d), and Va. Code §§ 54.1-3915, the Supreme Court of Virginia is prohibited from promulgating court rules which conflict with or limit an attorney's statutory rights.  *See* 1996 Va. AG 23.

Consistent with this, the *Rules of the Virginia Supreme Court* has given no authority to the Virginia State Bar to investigate a Complaint based on an attorney litigating to enforce his statutory rights.[7]

Thus, not only is the Virginia State Bar's order *void*, but too, by participating in a business conspiracy to punish Rodriguez-father for litigating to enforce his statutory and Treaty rights the Virginia Malfeasors  have violated Va. Code §§ 18.2-499 and 500,  18 U.S.C. § 241, § 242, and § 1513.

II.    **THE D.C. COMMITTEE ON ADMISSIONS HAS NO AUTHORITY UNDER RULE 46 TO EITHER SHELVE A WAIVER APPLICATION FOR TWO YEARS, OR STRIKE THE APPLICATION,  OR DENY A HEARING, OR DENY ACCESS TO A COURT.**

After having received the fraudulent complaint by Mr. Eric Holder and Covington & Burling LLP., on behalf of the Federal Malfeasors in 2003, as part of the illegal enterprise  the D.C. Malfeasors in violation of Rule 46 ( c ), conspired to unlawfully shelved Rodriguez-father's application which filed on July 17, 2005,

---

[6]Part 6, § IV, ¶13(B)(5)(a) of the Rules of the Virginia Supreme Court, the Virginia State Bar has only jurisdiction to consider the, " ( 5) Revocation or Suspension in another jurisdiction;. . . ."

[7]Part 6, § IV, ¶ 13 (G)(1)(a)(1) and (5) of the Rules of the Virginia Supreme Court, the Virginia State Bar is prohibited from investigating, "(1)as a matter of law, the conduct questioned or alleged does not constitute Misconduct; . . . (5) the action alleged to be Misconduct is protected by superseding law."

to waive into the D.C. Bar.  Based on  being a member of the Virginia State Bar in **"good standing for five years prior to his application**," Rodriguez-father should have been admitted with six months of filing of his application, i.e., December 2005.

After getting no response to his request for information on the status of his waiver application for almost two (2) years, on April 6, 2007, pursuant to D.C. Rule 46(f), Rodriguez-father moved the D.C. Malfeasors to either immediately admit him or in the alternative provide within ten (10 days a public hearing on his "moral character and general fitness" for admission.

On May 18, 2007, the D.C. Malfeasors without any authority under Rule 46(f), in aid in the illegal enterprise and business conspiracy, struck Rodriguez-father's application (A-129),[8] so to deny him a hearing and access to the court pursuant to Rule 46(g)(Add-g).

But D.C. Rule 46(f), gives no authority to the D.C. Malfeasors to summarily strike an application. Although they can seek an applicant to withdraw his application, if it is not they can only deny it and upon request they  **"shall** provide for a public hearing."

Thus, the D.C. Malfeasors have no authority to strike Rodriguez-father application or deny his request for a hearing on his application, thereby denying him access to the court.

Both the Fifth and Fourteenth Amendments to the Constitution  require that the procedures be "fair on their faces," and not be administered "with an evil eye or a heavy hand," which would be violate the equal protection clause. *Yick Wo v. Hopkins*, 118 US 356 (1886).

Thus, Committee on Admission has acted outside of its authority when it conspired to shelve Rodriguez-father's waiver application for two years, when it conspired to strike the waiver application it, and

---

[8]Oddly, the D.C. Malfeasors cited as authority *In re Mbakpuo*, 829 A.2d 217 (D.C. 2003)(A-128). This case is not relevant because it involved only the application of Rule 49. It did neither interpret rights of a waiver application under Rule 46( c), nor the right to a hearing and access to a court under Rule 46(f) and (g).  But, as evidence of malfeasance  it is important to not that in that case the attorney filed his waiver application on April 5, 2005 (about the same time as Rodriguez-father), and there he was admitted on November 14, 2005-within six months after his applying.  Thus, the shelving of Rodriguez-father's application for almost two years was part of the business conspiracy.

when it conspired to refuse to conduct a hearing and permit access to the court, so to permit review and challenge to the *void* order. Thus, its actions are *void*.

III.    **THE *VOID* ORDER DOCTRINE PROHIBITS GIVING FORCE AND EFFECT TO ACTS WITHOUT JURISDICTION, JUDICIAL OR STATUTORY AUTHORITY.**

Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties. *Wahl v. Round Valley Bank* 38 Ariz, 411, 300 P. 955(1931); and *Millken v. Meyer*, 311 U.S. 457, 61 S. CT. 339, 85 L. Ed. 2d 278 (1940). Subject matter jurisdiction can never be presumed, never be waived, and cannot be constructed even by mutual consent of the parties. Similarly, in Virginia, "[a] *void* judgment is one that has been . . . entered by a court that did not have jurisdiction over the subject matter or the parties." *Rook v. Rook*, 233 V. 92, 353 S.E2d 756, 758 (1987).

As explained by the Supreme Court of Virginia in *Nelson v. Warden*, 262 Va. 276, 552 S.E.2d 73 (2001),

> Subject matter jurisdiction is granted by constitution or statute, it cannot be waived, and any judgment rendered without it is void *ab initio.* Lack of subject matter jurisdiction may be raised at any time, in any manner, before any court, or by the court itself.

In the instant action we not even have a "court" acting within its jurisdiction. Instead we have two administrative bodies unlawfully acting as a judicial body in violation of Article VI, § 1, § 5, and § 7 of the Constitution of Virginia and VA Code § 54.1-3935, as well as D.C. Rule 46( c ) and (f).

Thus, we do not have the acts of either a judge or a judicial body--but trespassers upon judicial authority. The evidence shows that these trespassers upon the Rule of Law have issued *void* orders--not one of their judgments, pronouncements or orders is valid. All are null and void upon their face, *Tube City Mining & Millng Co. v. Otterson*, 16 Ariz. 305, 146p 203(1914). They are acts of kangaroo courts in furtherance of the business conspiracy against Rodriguez-father.

In summary the Virginia and D.C. Malfeasors acting outside of their authority, and without any judicial capacity or jurisdiction their orders are *void*. A *void* order is,

> "[a] judgement that has no legal force or effect, the invalidity of which may be asserted by any party

13

whose rights are affected at any time and any place, whether directly or collaterally. • **From its inception, a void judgement continues to be absolutely null. It is incapable of being confirmed, ratified, or enforced in any manner or to any degree.**" (Emphasis added) Bryan A. Garner, Black's Law Dictionary, at page 861 (8th ed. 1999).

Furthermore, neither the Supreme Court of Virginia nor the courts of the United States, nor this Designated Panel can cure or make valid the *void* orders of the Virginia and D.C. Malfeasors issued outside of their authority.   As explained by the Supreme Court of Virginia in *Morrison v. Bestler,* 239 Va. 166, 167-170, 387 S.E.2d 753 (1990),

> The term jurisdiction embraces . . . subject matter jurisdiction, which is the authority granted by the constitution or statute to adjudicate a class of cases or controversies. . . .which cannot be waived or conferred on the court by agreement of the parties. *Lucas v. Biller,* 204 Va. 309, 313, 130 S.E.2d 582, 585 (1963). **A defect in subject matter jurisdiction cannot be cured by reissuance of process, passage of time, or pleading amendment. While a court always has jurisdiction to determine whether it has subject matter jurisdiction, a judgment on the merits made without subject matter jurisdiction is null and void.** *Barnes v. American Fert. Co.,* 144 Va. 692, 705, 130 S.E. 902, 906 (1925). **Likewise, any subsequent proceeding based on such a defective judgment is void or a nullity.** *Ferry Co. v. Commonwealth,* 196 Va. 428, 432, 83 S.E.2d 782, 784 (1954). (Emphasis added).

 All subsequent actions predicated on a *void* judgment are tainted by the judgement's nullity and are similarly without effect. *Ferry Co. v. Commonwealth,* 196 Va. 428, 432, 83 S.E.2d 782, 784 (1954).

Therefore, Rodriguez-father has met his burden to show that the weight of authority on point as to mandate the application of the *void* order doctrine.  *See Ex rel Roska v. Peterson*, 328 F. 3rd 1230 at 1248 (10th Cir. 2003).

In summary, pursuant to the *void* order or judgement doctrine, a *void* order unlike one which is merely erroneous or voidable, is not entitled to any respect or deference by any court, but may be attacked at any time by anyone.  It is not necessary to take any steps to vacate or avoid a *void* judgement, it may be simply ignored. The evidence shows that the  issuance of *void* orders to revoke Rodriguez-father's license to practice law for litigating to enforce his statutory rights is part of an on going criminal conspiracy.  This cannot  be viewed as any judicial act.  These *void* orders are no more than the act of private citizens acting in a criminal conspiracy, pretending to have judicial power which does not exist at all.

14

IV.    **THERE IS NO ABSOLUTE JUDICIAL IMMUNITY FROM SUIT FOR A CRIMINAL CONSPIRACY TO ISSUE AND ENFORCE *VOID* ORDERS.**

An action will lie for the conspiracy to issue and enforce a *void* order as part of an illegal enterprise.

In *The Case of the Marshalsea*, 77 Eng. Rep. 1027 (K.B. 1613),  Sir Edward Coke found that Article 39 of the Magna Carta restricted the power of judges to act outside of their jurisdiction such proceedings would be *void*, and actionable,

> [W]hen a Court has (a) jurisdiction of the cause, and proceeds *inverso ordine* or erroneously, there the party who sues, or the officer or minister of the Court who executes the precept or process of the Court, no action lies against them. But (b) when the Court has not jurisdiction of the cause, there the whole proceeding is [before a person who is not a judge], and actions will lie against them without any regard of the precept or process . . .  *Id.* 77 Eng. Rep. at 1038-41.

A majority of states including Virginia (*see,* Va. Code §8.01-195.3(3)), followed the English rule to find that a judge had no immunity from suit for acts outside of his judicial capacity or jurisdiction. Robert Craig Waters, "Liability of Judicial Officers under Section 1983" 79 *Yale L. J.*(December 1969), pp. 326-27 and nn. 29-30).

Also as early as 1806, in the United States there were recognized restrictions on the power judges, as well as the placing of liability  on judges for acts outside of their jurisdiction.  In *Wise v. Withers*, 7 U.S. (3 Cranch) 331 (1806), the Supreme Court confirmed the right to sue a judge for exercising authority beyond the jurisdiction authorized by statute.

In *Stump v. Sparkman*, 435 U.S. 349 at 360 (1978), the Supreme Court confirmed that a judge would be immune from suit **only** if he did not act outside of his judicial capacity and/or was not performing any act expressly prohibited by statute. *See* Block, *Stump v Sparkman* and the History of Judicial Immunity, 4980 Duke L.J. 879 (l980).

### A.  <u>*No Judicial Immunity for Criminal Acts under Stump v. Sparkman*</u>

Judicial immunity may only extend to all judicial acts within the courts jurisdiction and judicial capacity, but it does not extend to either criminal acts, or acts outside of official capacity or in the "clear absence of all jurisdiction." *see Stump v. Sparkman* 435 U.S. 349 (1978).  When a judge knows that he lacks

15

jurisdiction, or acts in the face of clearly valid Constitutional provisions or valid statutes expressly depriving him of jurisdiction or judicial capacity, judicial immunity is lost.  *Rankin v. Howard* 633 F.2d 844 (1980), *Den Zeller v. Rankin*, 101 S.Ct. 2020 (1981).

 As stated by the United States Supreme Court in *Piper v. Pearson*, 2 Gray 120, cited in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872), "[w]here there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction."

Historically, in England and the colonies, it was in ordinary courts which determined whether government officers, including judges, with good behavior tenure were to be held accountable in either civil or criminal trials for  misbehavior.  Prakash and Smith, *How to Remove a Federal Judge*, 116 Yale L. J. 72 at 74 (2006).

Blackstone discussed various English statutes that provided for the making accountable and removal of judges for misbehavior in proceeding.  4 William Blackstone, Commentaries 140 at 141.  These were not statutory exception to grants of good-behavior tenure, but consistent with the concept that a judge could be tried in court.  *See*, *e.g. R. V. Gaskin,* (1799) 1001 Eng. Rep. 1349 (K.B.) (reinstating a parish-clerk upon his demand that his employer show cause for firing him); *James Bagg's Case* (1616) 77 Eng. Rep. 1271, 1278-81 (K.B.)(reinstating a burgess for lack of cause to remove him).

Regarding Federal Judges, the Federalist Paper 78, suggested that to assure judicial independence, the Constitution provided Article III judges life tenure dependent on **"good behavior."**  However, no judicial immunity existed from suit.  In fact Article I, § 3, cl. 7, provide for impeachment of judicial officers, and Article II, § 4, provides for the removal of judges after trial and conviction for treason and other high crimes and misdemeanors.

As for the Virginia Judges, no provision of the Constitution of Virginia grant absolute immunity to the Judicial Branch.  Instead VA. Code § 8.01-195.3(3) specifically provides for a cause of action against a judge for acts outside of jurisdiction or judicial capacity.  Also, Article IV, § 9 of the Constitution of

Virginia provides only for limited absolute immunity to the General Assembly, "except [for] treason, felony, or breach of the peace." Finally, pursuant to Article IV § 14(18) of the Constitution of Virginia the General Assembly is prohibited from enacting any special law granting any individual immunity from suit.

Thus the evidence from England, the colonies, the Constitutions of Virginia, and the Constitutional Congress, the Northwest Ordinance, and the Virginia Assembly's Act all point to the same conclusion: judges were subject to litigation in ordinary courts of law for acts outside of their judicial capacity or jurisdiction.

Neither of these writings contemplated that a judge was immune from suit, and that impeachment would be the sole means of holding a judge accountable for malfeasance and misbehavior.

Consistent with this, courts have specifically held that a federal judge is indictable and may be convicted prior to removal from office for criminal acts. *See United States v. Claiborne*, 727 F.2d. 842, 847-48 (9th Cir. 1984); *United States v. Hasting*, 681 F.2d 706, 710-11 (11th Cir. 1982); *United States v. Isaccs*, 493 F.2d 1124, 1142 (7th Cir. 1974).

In the instant action the evidence not only supports the allegations of an illegal enterprise in violation of 18 U.S.C. § 4, § 242, § 242, § 535, § 1001, § 1204, § 1510, and § 1513 (Add-c and d), of the issuance and enforcement of *void* orders in furtherance of a business conspiracy to injure, punish and stigmatize Rodriguez-father for challenging the unauthorized polices and practices of the Federal Executive Branch in collusion with the Federal Judicial Branch, but too evidence a conspiracy to obstruct justice.[9]

Furthermore, the evidence of the making of false statements and concealment of material facts before Congress by the committing of perjury, subornation of perjury, and making false declarations are actionable

---

[9]Regarding the right to sue for violation of visitation rights under the Treaty and 18 U.S.C. § 1204, this Circuit recently in a similar context held that the law clearly established that children enjoy Fourth Amendment rights to be free from seizure, including the improper removal from their home, thus immunity is lost when the taking and obstruction of said right. *Burgess v. Houseman*, 2008 WL 647522, 2008 U.S. App. LEXIS 5131, slip op. 3 (10th ir. March 10, 2008)(NO. 07-6107, unpublished); *see J.B. v. Washington County*, 127 F.3rd 919, 928-29 (10th Cir. 1997).

pursuant to 18 U.S.C. § 1001,  *see United States v. Griffin*, 589 F.2d 200, 203, 204 (5th Cir.) (dicta), cert.

denied, 444 U.S. 825 (1979); cf. *Smith v. United States*, 234 F.2d 385 (5th Cir. 1956) (submission of false

affidavits of others violates omnibus clause).  Also the perjury accompanied by the on going conspiracy in

violation 18 U.S.C. § 241, § 242, and § 1513, an omnibus clause offense exists. In *United States v. Alo*, 439

F.2d 751 (2d Cir.), cert. denied, 404 U.S. 850 (1971).

 Thus, both absolute and qualified immunity are lost with the evidence of  criminal violations.

*Turner v. Houseman, 2008 WL 647526,* 2008 U.S. App. LEXIS 5127, slip op. At 3 (10th Cir. (Okla.) March

10, 2008)(No.07-6108, unpublished).

History reports that Napoleon at his coronation took the imperial crown out of the hands of the Pope

and crowned himself King.  However, neither Federal nor Virginia Judges have that prerogative.  As

explained in *United States v. Lee*,106 U.S. 196, 220 (1882),

> **No man in this country is so high that he is above the law.** No officer of the law may set that law
> at defiance with impunity. All the officers of the government, from the highest to the lowest, are
> creatures of the law and are bound to obey it. It is the only supreme power in our system of
> government, and every man who by accepting office participates in its functions is only the more
> strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon
> the exercise of the authority which it gives. (Emphasis added)

Because judges exercise enormous power over people's property, liberty, and even life.  Thus,

self-exemption from liability  wields absolute power, which as the evidence in the instant record confirms

will corrupt absolutely.

> Crime is contagious.  If Government becomes a lawbreaker, it breeds contempt for law; it invites
> every man to become a law unto himself; it invites anarchy." *Olmstad v. United States,* 277 U.S. 438
> (1928).

Thus, neither Judges nor Government attorneys are above the law.  See *United States v. Isaacs*, 493

F. 2d 1124, 1143 (7th Cir. 1974).  In our judicial system, few more serious threats to individual liberty can

be imagined than a corrupt judge or judges acting in collusion outside of their judicial authority with the

Executive Branch to deprive a citizen of his rights

Clothed with the power of the state, the responsibility to enforce the law, and authority to pass

18

judgment on the most basic aspects of everyday life, the criminal malfeasance evidenced in this action will continue unless stopped either by the courts or Congress or the people.

The problem for the Republic is that when judges act as common criminals, as in the instant case the entire judiciary is held up to contempt.

### i. A Cause of Action Was Plead under Virginia's Business Conspiracy Act.

In summary, based only on the issuance and enforcement of the *void* orders, a cause of action has been plead to support the action to go forward for damages against all Appellees/Defendants.

### ii. A Cause of Action Was Plead under RICO

Based on the on going criminal act in violation of VA Code § 18.2-499, and 18 U.S.C. § 241, so to obstruct justice in violation of 18 U.S.C. § 1510, § 1511, § 1512, and § 1513, a RICO action exists. This is particularly evidence by both the issuance of *void* proceeding in the Virginia State Bar and the Committee on Admission, and the denial to date of access to an impartial court to review and vacate said *void* orders. Thus, the record evidences the criminal acts in furtherance of an illegal enterprise.

Here the civil RICO claim is found under section 1962 ( c ), which makes it unlawful for a person to manipulate an enterprise for purposes of engaging in, concealing, or benefitting from a pattern of racketeering activity, as well as noted predicated upon the violation of the above federal criminal statutes, i.e., obstruction of justice.

Regardless of whether a RICO claim is predicated upon state or federal criminal violations (or a combination of both), the defendants need not be criminally convicted before a civil Rodriguez-father can sue for treble damages under RICO. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 493 (1985).

The statute requires only that the criminal activities are "chargeable" or "indictable" under state or federal law, not that the defendant has already been charged or indicted. 18 U.S.C. § 1961(1). Also this is particularly noteworthy and relevant given that the Federal and Virginia Malfeasors have refused repeatedly to call a Special Grand Jury to investigate the alleged malfeasance (A-9, Doc. 35).

Relevant to the issue before the District Court is that modern pleading doctrine disfavor dismissal motion because they may deny the opportunity to present their evidence.[10]  These established principles favoring notice pleading date back to the adoption of the Federal Rules of Civil Procedure.  5 Wright & Miller, *supra* note 46, § 1202, at 68–76.

A court may not dismiss and grant summary affirmance, unless it finds "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).  Given the record of the violations of the fundamental rights of Rodriguez-father under the Treaty and Va. UCCJEA, the issuance of *void* orders as part of a criminal conspiracy, and the record of denial of access to an impartial court based on judicial cronyism,  this proof has been established.  Thus, this court must construe the complaint liberally, accept the Rodriguez-father's allegations as true, and draw all reasonable inferences in his favor.  *See, e.g.*, *Viqueria v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998); *Whisman v. Rinehart,* 119 F.3d 1303, 1308 (8th Cir. 1997); *see also* 5A Wright & Miller, *supra* note 46, § 1357, at 304.

Under these principles, after setting forth the nature of the criminal activity and identifying which statutory violations occurred, under RICO, Rodriguez-father needs only generally allege the existence of an enterprise and pattern of racketeering activity.  *See Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 789–90 (3d Cir. 1984) (holding that a RICO complaint satisfied the rules of pleading where it "identified the four entities it believed were the enterprises that had been marshaled against it").

Also F.R.C.P. Rule 8(a), which provides general rules of pleading, does not require detailed

---

[10]Even in a fact-pleading regime, dismissal at the pleading stage "does not provide a reliable method for determining whether a defendant has violated the plaintiff's rights because it requires the plaintiff to marshal evidence before conducting discovery." Richard L. Marcus, *The Revival of Fact Pleading Under the Federal Rules of Civil Procedure*, 86 Columbia. L. Rev. 433, 436 (1986). If this is true in fact pleading systems, it is even more so for notice pleading, which requires an even thinner recitation of the underlying facts. A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1).

allegations of the enterprise or pattern of racketeering elements.[11]  These are matters of proof that are properly addressed at summary judgment **(after completion of the discovery process)** or at trial.  *See, e.g.*, *Swistock v. Jones*, 884 F.2d 755, 758 (3d Cir. 1989) (reversing a dismissal for failure to allege pattern where plaintiffs would "have the opportunity to have their pattern allegations threshed out in discovery" and where "many of these issues [would] then be susceptible to resolution via summary judgment"); *Seville*, 742 F.2d at 790 (stating that "it is enough that a complaint put the defendant on notice of the claims against him" and that "[i]t is the function of discovery to fill in the details, and of trial to establish fully each element of the cause of action").

Here the evidence shows that the Federal Malfeasors, D.C. Malfeasors, Virginia Malfeasors, the *Legal Times*, the *Washington Post*, and John Does, have participated in a criminal conspiracy to obstruct with Rodriguez-father's fundamental rights protected by both the Treaty and Va. Code, to obstruct justice and cover-up their actions by suborning perjury, including Justice John G. Roberts giving false statements to Congress (A-146);  undertaken a criminal business conspiracy to issue and enforce *void* orders issued to injure, punish and stigmatize Rodriguez-father for fight to protect his Son, family and rights as an attorney. Thus, a reasonable person sitting on a jury would conclude that  by the on going obstruction of justice, a valid claim is stated under RICO.

B.  *Judicial Immunity Does Not Bar an Injunction Against the Void Orders*

In *Pulliam v Allen*, 456 U.S. 522 (1984), the court held that judicial immunity does not bar an award of attorney fees against a judge when a plaintiff wins a suit against that judge for injunctive or declaratory relief.  There the Supreme Court ruled that a magistrate was liable for more than $80,000.00 in legal fees and

---

[11]Rule 8(a) requires only three things: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a); *see also* 5 Wright & Miller, *supra* note 46 , § 1251.1, at 344 (stating that some cases "take the position that the basic Rule 8 standards should be applied to RICO cases and do not demand, other than in the context of Rule 9(b), that the elements of an action under the statute be pleaded with particularity").

costs because her conduct caused private injury to Plaintiff Allen. In this case, Magistrate Pulliam set bail for several defendants who were accused of non-jailable offenses. The first court found Pulliam's actions unconstitutional and enjoined her from engaging in such conduct in the future. *Allen v Burt*, 690 F2d 376, 377 (4th Cir. l982). The Supreme Court affirmed despite finding that Pulliam had acted in her judicial capacity and within her subject matter jurisdiction.

The Court held that the doctrine of judicial immunity does not preclude injunctive relief as opposed to money damages against a judicial officer acting in a judicial capacity. Also, judicial immunity does not preclude a statutory award of attorney's fees generated in obtaining that injunctive relief.

In *Forrester v White*, 44 U.S. 2l9, l08 S.Ct. 538 (l988), after the Court of Appeals for the Seventh Circuit applied the above cited two prong *Stump* test and logically concluded that the firing of the probation officer was a judicial act within the judge's jurisdiction. *Id.* 792 F2d 647 (7th Cir. l986), on Writ of Certiorari, the United States Supreme Court unanimously reversed.

Writing for the court, Justice O'Connor offered that the court **"has generally been quite sparing in its recognition of claims to absolute official immunity"** Emphasis added *Id.* 44 U.S. at 224. Holding that the actions of Judge White in firing Ms. Forrester were not entitled to judicial immunity, the court refused to apply even quasi-judicial immunity. *See also*, *Guercio v Brody*, 814 F2d 1115 (1987).

However, in the *Mireles v Waco*,112 S. Ct. 286 (1991), the Supreme Court issued a *per curiam* opinion to disavow the functional approach articulated in *Forrester* and returned to the *Stump v Sparkman* two-pronged judicial act test.

Therefore, as the law stands, there is no automatic "absolute judicial immunity," but the requirement that the two-prong tests be met. Then and only then, does judicial immunity apply.

This has not occurred in the District Court (A-130).

## V.    THERE IS NO JUDICIAL IMMUNITY UNDER THE VIRGINIA TORT CLAIMS ACT AND FEDERAL TORT CLAIMS ACT

First, consistent with *Stump* .(1. Does the court have subject matter jurisdiction; and, 2. If the act

a judicial act), Va. Code § 8.01-195.3(3), only provides for immunity for judges or officers for acts within their judicial or ministerial capacity. Thus, based on the issuance and enforcement of the *void* orders Rodriguez-father has a right to a jury trial for his claim under the Virginia Tort Claims Act, Va. Code § 8.01-195.4.

Second, a tort action against the United States is permitted since Congress enacted in 1946 the Federal Tort Claims Act, 26 U.S.C. § 2671 et seq. ("FTCA"). Congress expressly authorized suit and the defense of sovereign immunity has been waiving. *United States v. Testan*, 424 U.S. 392, at 399 (1976); *See Radin v. United States*, 699 F.2d 681, at 685 (4th Cir. 1983). Although not providing for a jury trial the FTCA provide the means to sue the Federal Government, its agencies, and their employees, including members of the Judicial Branch, for damages as a result of a tort, by providing in 28 U.S.C. § 1346(b), that,

> . . . for injuries or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Under the FTCA, Congress did not provide any immunity for federal judges for either negligent or criminal acts.

As the record confirms, timely administrative claims for specific damages were filed under 28 U.S.C. § 2675 (A-101, A-110, A-117, and A-123), seeking an administrative adjustment of claims under 28 U.S.C. § 2672, as a result of the negligent obstruction of Rodriguez-father's parental rights in violation of the Treaty and Va. UCCJEA (*See Canter v. Cohen*, 442 F.3d 196 (March 21, 2006); 2006 U.S. App. LEXIS 6915), and for violation of 18 U.S.C. §4, § 241, § 242, § 1001, and § 1204.

To date, neither a final administrative decision nor certificate of scope of employment under 28 U.S.C. § 2679(d)(1), were ever issued.

Prior to the running of the two-year statute of limitation period, two timely actions were filed on January 27, 2003, and May 27, 2007. Both were dismissed without prejudice by *void* summary orders of District Judge Richard W. Roberts and Judge Paul L. Feldman.

## VI.    THE DENIAL OF A JURY TRIAL IS A VIOLATION OF THE RULE ENABLING ACT.

Rodriguez has a right under the Seventh Amendment and FRCP Rule 38(b) to the demanded trial by jury of each and every issue triable by jury.  Rodriguez's right  is "**inviolate**."  This  substantive right cannot be violated by the issuance of court rules. 28 U.S.C. § 2072 (add-a). [12]  As Chief Justice Marshall stated in *Marbury v Madison*, 1 Cranch 137, 163 (1803), that "[t]he very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws when he receives an injury."

A right to a jury trial is mandated here because of the on going illegal enterprise to deny access to an impartial court.  The reality is that, "**[c]rime is contagious**.  **If Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy.**" *Olmstad v. United States,* 277 U.S. 438 (1928). Emphasis added.

If these federal judges can criminally conspire to disregard Rodriguez-father's fundamental rights of a citizen of the United States, obstruct parental rights under the Treaty and Va. UCCJEA; conspire to obstruct justice and  cover-up an illegal enterprise (A-130 and A-137); enforce *void* orders issued in retaliation for litigating to enforce statutory rights (A-129, A-149, and a-16), and deny access to a fair and impartial hearing and court, then they have unlimited power–and this in itself is a violation Rodriguez-father's right under the Fifth Amendment to the U.S. Constitution.

Therefore, when dealing with the accusation of judicial malfeasance evidence in this instant action, the rule must be that a jury trial be conducted to determine disputes of facts.

This is because "[t]here is no crueler tyranny than that which is exercised under cover of law, and with the colors of justice …" *U.S. vs. Jannottie*, 673 F.2d 578, 614 (3d Cir. 1982).[13]

---

[12]The Supreme Court has confirmed that all doubts should be resolved in favor of jury trials in light of the strong federal policy favoring such trials and right under the Constitution. *Simler v. Conner*, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed2d 691.

[13]"Unlimited power is apt to corrupt the minds of those who possess it; and . . .  that where law ends, tyranny begins."  Lord Chatham (William Pitt) to the British House of Lords in January 1770.

VII    **VENUE IS PRESENT IN THE DISTRICT OF COLUMBIA**

For purposes of not burdening the court with repeated argument already present, incorporated herein is Appellants Omnibus Response in Opposition to Appellees/Defendants Three Separate Motions for summary Affirmance, filed on September 6, 2007.

### CONCLUSION AND RELIEF REQUESTED

The extensive evidence in the record of malfeasance confirms:

● the obstruction of justice and a cover-up of the unlawful taking of a United States citizen child to a "zone of war," and later the obstruction of the compelling the government to comply with the statutory parental rights of Rodriguez-father in violation of 18 U.S.C. § 4 and §1204 (Add-a and c)(A-144);

● the active participation of the media in the District of Columbia in furtherance of the conspiracy to obstruct justice and cover-up of malfeasance by government officials and judges (A-140);

● the on going violations of 18 U.S.C. § 4, § 1001 and § 1510 (Add-c), by Justice John G. Roberts in his aiding and abetting the cover-up of malfeasance by government officials and judges by giving false statements to Congress at his confirmation hearing in August 2005 (A-146), so to obfuscate the violation of the duty of the government to secure Rodriguez-father visitation rights, by spinning and obfuscating the record to permitting as Circuit Justice for the Fourth Circuit and District of Columbia Circuits the Committee on Admission and the Virginia State Bar to function as kangaroo courts without authority;

● the business conspiracy in violation of 18 U.S.C. § 4, § 241, § 242, and § 1513 (Add-b, c, and d), based on the issuing and enforcing of *void* orders issued by the Defendants Virginia State Bar (A-149) and the Committee on Admissions (A-129) so to deprive Rodriguez-father of his business, profession and right to employment as an attorney, and right to unemployment compensation in retaliation for Rodriguez-father petitioning Congress (A-144) and General Assembly of Virginia (A-163); and,

● the on going conspiracy to deny access to an impartial Federal tribuna to enforce his statutory rights.

25

Thus, by issuing the unpublished order summary order, Judge Feldman acted outside of his judicial capacity and jurisdiction. In sum, he refused to address the gravamen of this action to stop the on going criminal malfeasance

The above evidence confirms that Rodriguez-father has been denied of his right to due process and equal protection of the laws, based on the going acts outside of judicial capacity and jurisdiction by the enforcing of *void* orders issued as part of an illegal enterprise. This record evidence 3 of the 10 steps towards a *coup d'etat* and tyranny by the Federal Judicial Branch in collusion with the Federal Executive Branch:[14]

1. **Surveil Ordinary Citizens** --Rodriguez-father has been illegally investigated by the U.S. Department of Justice, D.C. Bar, and the Virginia State Bar for litigating to enforce his parental rights under Va. UCCJEA and Treaty, and for petitioning Congress and the General Assembly of Virginia;

2. **Target Individuals**--Rodriguez-father was targeted for "Whistle Blowing" on the unauthorized polices violating parental rights under the Treaty and Va. UCCJEA, i.e. *void* orders were issued to deprive him of his business, profession, and right to employment ["**If you can show citizens that they can lose their livelihood if they refuse to comply with the party line, it doesn't take long to "co-ordinate" and intimidated civil society.**" Wolf at p 113; and,

3. **Subvert the Rule of Law**-- by surreally self proclaiming absolute judicial/ministerial immunity for both negligent and criminal acts, access to an impartial court and a jury trial have been subverted.

The irony is that the doctrine of absolute judicial immunity is sought to be used by those who swore to defend and guard the Constitution. Now they unilaterally declare themselves privileged to violate the Rule of Law, Constitutions, Federal Statutes and Va. Code with corrupt impunity.

Therefor the decision below must be reversed and the case remanded for the requested jury trial on

---

[14]These 10 steps are:1. Invoke an external and internal threat; 2. Establish Secret Prisons; 3. Develop a Paramilitary Force; 5. Surveil Ordinary Citizen; 6. Infiltrate Citizens Group; 7. Arbitrarily Detain and Release Citizens; 8. Target Key Individuals; 9Cast Criticism as "Espionage" and Dissent as "Treason;" and, 10. Subvert the Rule of Law, Wolf, at page 3.

all issues raised in the Complaint against all of the Appellees/Defendants under RICO, Virginia Tort Claims Act, *Bivens, etc.*, and a bench trial on claims under the Federal Tort Claims Act.

Also an order must be issued to immediately enjoin the Virginia State Bar and the Committee on Admissions as kangaroo court which have issued a *void* orders that have injured, punished and stigmatized Rodriguez-father for his petitioning Congress, for his litigating to enforce his statutory rights as a parent and attorney, and for his fighting the on going malfeasance of the Judicial Branch in collusion with the Executive Branch.

Also an order must be issued to enjoin Virginia Employment Commission which has denied Rodriguez-father of his unemployment compensation benefits despite having sufficient credit under the Monetary Determination issued on October 28, 2007, but has participated in the illegal enterprise by enforcing the *void* of the Virginia State Bar and the Committee on Admission for D.C. Bar.

Also an order must be issued to order the Virginia Employment Commission to pay to Rodriguez-father all unemployment benefits accrued since November 11, 2007.

Also an order must be issued for the award of his reasonable costs, expenses, and attorney fees incurred in this action to date; and, such other and further relief as the Court may deem just and proper in accordance with equity and justice.

Dated: April 4, 2008

_____*Isidoro Rodriguez*_____
Isidoro Rodriguez, Esq.
Member in Good Standing of
the U.S. Court of App. DC Circuit since April 22, 1993

THE LAW OFFICES OF ISIDORO RODRIGUEZ
ATTORNEYS AND COUNSELORS AT LAW

*Northern Virginia Office:*
7924 Peyton Forest Trail
Annandale, Virginia 22003
Telephone: 571.423.5066/telefax: 703.573.1571
Mobil: 703.470.1457
Email: isidoror@earthlink.net

*South American Office:*
World Trade Center
Calle 76 No. 54-11, Office 313
Barranquilla, Colombia
Telephone: 011.5753.605288
Telefax: 011.575.348001

27

**CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH OF LIMITATION**

In accordance Rule 32(a)(7) of the U.S. Court of Appeals for the District of Columbia Circuit, I hereby certify contains 10199 word count, exclusive of corporate disclosure statement, table of contents, table of citation, statement with respect to oral argument, the addendum, and certificate of counsel and service.

**REQUEST FOR ORAL ARGUMENT**

Rodriguez-father demands his right to oral argument given the seriousness of the allegations of the on going malfeasance the decisional process would be aided significantly. The procedural history below of summary dismissals in violation of the Rules Enabling Act 28 U.S.C. § 2072 (Add-a), coupled with the extensive record of malfeasance demands oral argument if a full comprehension of the questions of exceptional importance to all Parents and independent Attorneys is to be understood by this panel.

**CERTIFICATE OF SERVICE**

In accordance with Rule 25 of the Rules of the Federal Rules of Appellate Procedure, and Circuit Rule 25, I hereby certify that I have this 4th day of April, 2008, did hand deliver to the Office of the Clerk for filing an original and 14 copies of Appellant's Brief, and 10 copies of the Joint Appendix, and served the required copies of the Brief and Joint Appendix on Defendants' Attorneys in the manner listed below:

By Hand Delivery: R. Craig Lawrence and Alexander D. Shoaibi, Assistant U.S. Attorney
U.S. Attorney's Office for D.C.
Civil Appellate
555 4th Street, NW, E-4218
Washington, D.C. 20530

By Hand Delivery: William J. Earl, Esq., Senior Assistant Attorney General for the D.C.
Office of Solicitor General D.C.
441 4th St. NW., Room 6S-103
Washington, D.C. 20001-2714

By Hand Delivery: Gayle Chatilo Sproul
Adam J. Rappaport
Levine Sullivan, Koch & Schulz
1050 Seventeenth St., N.W.
Washington, D.C. 20001-2714

By U.S. First Class Mail, postage pre-paid
The Hon. Bob McDonnell, Attorney General,
Commonwealth of Virginia
900 East Main Street
Richmond, Virginia 23219

_____*Isidoro Rodriguez*_____
Isidoro Rodriguez, Esq.



| Home | Officials | Legislation | Soapbox | Issues and Actions | Election | Find Yo |

Congressional Directory    President & Vice President    State Officials    Local Officials    Supreme Court

## My Elected Officials

Find and contact your federal, state, and local officials.

Enter Zip Code [    ] GO

## Most Popular Pages

1. Congressional Directory
2. Your Letters to Leaders
3. State Elected Officials Directory
4. President George W. Bush Bio
5. Media Guide
6. Key Bills in Congress
7. Issues and Alerts by Groups
8. Local Elected Officials Directory
9. Power Rankings: Full List
10. Department/Agency Search

## Power Rankings

10 Most Powerful Members of the House Energy and Commerce Committee


1. Rep. Waxman

### Representative Bob Inglis (R-SC 4th)
5th-term Republican from South Carolina.



**Bio & Contact Info**
**Send Message**
**Key Votes**
**Staff Members**
**Letters To Leaders**
· **More Letters to Rep. Inglis**
· **Search All Letters**



**CONGRESS.ORG**
**TO GO**
**How are YOUR reps voting?**
**FREE**
weekly email reports
CLICK HERE FOR INFO

#### Letters To Leaders

All messages are published with permission of the sender. The general topic of this message is Civil Rights:

Subject:
**PETITION FOR INVESTIGTION OF FEDERAL AND VIRGINIA COURTS' OBSTRUCTION OF FATHER AND SON'S VISITATION RIGHTS UNDER VALID JOINT CUSTODY AGREEMENT, TRATY, VERGINIA'S UCCJEA AND 18 U.S.C. SEC. 1204.**

To:
Rep. Bob Inglis

July 11, 2005

Greetings:

Having written this past week to all of the Commonwealth of Virginia's Delegation to the U.S. Congress, I am writing to you as a member of the House Judiciary Committee file this formal petition for an investigation of the Federal and Virginia Courts. Their actions to delay, obfuscate, and implement politically motivated unauthorized policies and practices so to not require the Executive Branch to secure international visitation rights as mandated under Articles 2, 21 and 29 of the Hague Convention and Virginia's UCCJEA have obstructed my parental rights for over 1045 days in violation of 18 U.S.C. Secs. 4, 241, 242, and 1204, and denied my 16 year old son of his rights as a US. citizen. To date not only have the Fairfax County Courts arrogantly assumed away the express will of the General Assembly and the U.S. Congress by obstructing with my parental rights, but too have denied my son and I of our rights to appeal their unauthorized acts.

Thus with this petition I seek to:

first, assure impartial access to the Federal and Virginia so to assure the expedited securing of my and my Son's right of visitation in Virginia pursuant to the terms of a valid Joint Custody Agreement, as required by the General Assembly under VA Code 20-146.25. and .29, as well as Articles 2, 21 and 29 of the Heague Convention; and,

second, further the public interest by seeking investigation as to why the Federal and Virginia Courts have implemented gender based unauthorized policies and practices and have repeatedly refused to comply

**Bloomb**
Sign the
www.Draf

**GOP Po**
The GO
Now
GOP.co

**Request**
Free Ac
Needs N
www.Milit

**Capwiz·**
Advocat
www.capi

**Stay I**

Sign U

» **Vo**
G
by

» **C**
G
yo

Afi

Case 1:07-cv-00975-PLF    Document 37-2    Filed 04/04/2008    Page 2 of 2

Custody Settlement Agreement, Virginia Code, and fundamental rights in the father/son relationship as U.S. citizens protected by the Constitution and Treaty.

After four years of litigation the record now establishes that Judge Ellis III, and the appellate courts, including the United States Supreme Court, have repeatedly acted outside of their judicial authority and capacity in support of the illegal and unauthorized gender based policies and practices against the rights of fathers of the U.S. Department of State, the U.S. Department of Justice, and their contractor acting as an "instrumentality of government" the National Center for Missing and Exploited Children ("Executive Branch"). These illegal and unauthorized policies were designed to deny the rights of fathers by intentionally omitting the implementation of Article 2, 16, 20, 21, and 29 of the Hague Convention, i.e. assume away the exceptions under the above Treaty including: (a) the fundamental parental rights of both father and son as U.S. citizen; (b) provided for an exception to the forced taking of my Son to the Republic of Colombia based on the dangers for U.S. citizens in the "zone of war" throughout Colombia; ( c ) recognized an exception based on my Son's desire and wishes to stay in the United States; and, (d) do away with the Congressional mandated concurrent jurisdiction of Virginia Courts to consider the Treaty. In addition, the Federal Courts assumed away the Constitutional challenge to their, and even Congress' Constitutional authority to remove a U.S. citizen from the Untied States, and thereby deprive them of their rights, opportunities, duties, and benefits of their citizenship.

Subsequently, compounding the above violations of my and my Son's civil rights for him to stay in the safety of the United States, the Federal and Virginia Courts for the past 1160 days have acted outside of their judicial authority and capacity in refusing to compel the U.S. State Department and U.S. Department of Justice to secure the visitation rights of my Son to the United States--this in total disregard of the legislative mandate of Congress and the Virginia General Assembly under the Treaty, Statute, Concurrent Joint Resolution 293 and Virginia's UCCJEA VA Code Sec. 20-146.25, .29 and .35.

Because of this my Son has lost over the past three years his rights in his U.S. citizenship, as well as time with me as his father as required under the Joint Custody Agreement.

Based on the violations of 18 U.S.C. Sec. 1204, by the Executive and Judicial Branches to intentionally obstruct with my legal parental rights under a Joint Custody Settlement Agreement and fundamental rights under the Constitution and Treaty, to enforce and protect my parental rights under a Joint Custody Settlement Agreement, Treaty, Federal and State Code, I and my Son have filed both Virginia Tort Claims and Federal Tort Claims as well as have sued both the Executive Branch and the Federal and Virginia Courts under RICO and Bivens based on their unauthorized acts to disregard the mandates of both Congress and the Virginia General Assembly to secure visitation rights, see Isidoro Rodriguez, Esq., and Isidoro Rodriguez Hazbun vs. The National Center for Missing and Exploited Children, et al., U.S. Dist Ct of DC No. 03-0120 (RWR). On March 31, 2005, after staying any action on the case for over two years, the Hon Judge Richard Roberts refused to disqualify himself based on being a named defendant, and issued a summary order dismissing the case thereby

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ISODORO RODRIGUEZ,                      )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )          Civil Action No. 07-0975 (PLF)
                                        )
LEGAL TIMES, et al.,                    )
                                        )
            Defendants.                 )
_____)

MEMORANDUM OPINION AND ORDER

Pro se plaintiff Isodoro Rodriguez has filed a 76 page Complaint against

numerous defendants: the Editor in Chief of the Legal Times; the Editor in Chief of the

Washington Post; Chief Justice John Roberts; Chief Justice of the Virginia Supreme Court Leroy

Hassell; the Supreme Court of Virginia; Karen Ann Gould, Esq., the President of the Virginia

State Bar; the Virginia State Bar; Noel Sengel, Senior Assistant Bar Counsel for the Virginia

State Bar; James Leroy Banks, Jr., Esq., First Vice Chair of the Virginia State Bar Disciplinary

System; William Carlyle Boyce, Esq., William Ethan Glover, Esq., Glenn M. Hodge, Esq., and

Stephen A. Wannall, Panel Members of the Virginia State Bar Disciplinary System; Davis J.

Gogal, Esq., Daniel Rathbun, Esq., Edward O'Connor Jr., Esq., and John W. di Zerega, Members

of the Subcommittee or the 5th District Committee of the Virginia State Bar; the Office of the

Attorney General for the Commonwealth of Virginia; Catherine Crooks Hill, Esq. of the Office

of the Attorney General for the Commonwealth of Virginia; the Court of Appeals of Virginia; the

Fairfax County Circuit Court; the Fairfax County J&D District Court; Judge Thomas Mann of

the Fairfax County J&D District Court; Judge Richard W. Roberts of this Court; Chief Judge

Jane A. Restani of the United States Court of International Trade; Chief Judge Paul R. Michel of

the United States Court of Appeals for the Federal Circuit; Judge William H. Stafford Jr. of the

United States District Court for the Northern District of Florida; Judge T.S. Ellis III of the United

States District Court for the Eastern District of Virginia; the United States Department of Justice;

the Office of the Solicitor General of the United States; Alberto Gonzalez, the Attorney General

of the United States; Paul McNulty, the Deputy Attorney General of the United States and former

United States Attorney for the Eastern District of Virginia; the United States Attorney's Office

for the Eastern District of Virginia; the United States Attorney's Office for the District of

Columbia; Marina Utgoff Braswell, an Assistant United States Attorney in the District of

Columbia; the Director of the Office of Juvenile Justice and Delinquency Prevention of the

United States Department of Justice; the Federal Bureau of Investigation; the United States

Department of State; United States Secretary of State Condoleeza Rice; the Legal Advisor for

Consular Affairs at the State Department; the Director of the Office of Children [*sic*] Issues of

the Bureau of Consular Affairs at the State Department; the National Center for Missing and

Exploited Children; the Supreme Court of the United States; the United States Court of Appeals

for the District of Columbia Circuit; the United States Court of Appeals for the Fourth Circuit;

the United States District Court for the District of Columbia; the United States District Court for

the Eastern District of Virginia; Ernie Allen, the President and Chief Executive Officer of the

National Center for Missing and Exploited Children; the Board of Directors of the National

Center for Missing and Exploited Children; Nancy Hammer of the National Center for Missing

and Exploited Children; Susan Brinkerhoff; Proskauer Rose LLP; Stephen J. Cullen; Miles &

2

Stockbridge LLP; Patrick H. Stiehm; Covington & Burling; Eric H. Holder, Jr., Esq.;  D. Jean

Veta; the Committee on Admissions of the District of Columbia Court of Appeals; and John

Does 1-20.

Plaintiff lists thirteen causes of action, including: (1) civil RICO; (2) "For

Violation of Due Process, Equal Protection, and Access to the Federal and Virginia Courts (Fifth

and Fourteenth Amendments)"; (3) "Denial of Right to Petition the Government and Privacy

(First and Ninth Amendments)"; (4) "Violations of 42 U.S.C. § 1983, and §§ 241 and 242:

Deprivation of Parental Rights"; (5) "Violations of  42 U.S.C. § 1983, and 18 U.S.C. § 4, 241,

242, 371, 1001, and 1204: Obstruction of parental rights depravation of rights as an attorney";

(6) "Violation of 42 U.S.C. § 1983 (Denial of Due Process and Equal Protection Clauses)";

(7) "Violation of 42 U.S.C. § 1985(3) and VA Code (conspiracy)"; (8) "Violations of 42 U.S.C.

§ 1986, Refusing or neglecting or failing to protect and prevent the wrongs conspired to be done

to obstruct parental rights of visitation and punish in violation of 18 U.S.C. §§ 241 and 242";

(9) Intentional Infliction of Emotional Distress; (10) Business Conspiracy under Va. Code

§§ 18.2-499 and 500"; (11) Common Law Conspiracy; (12) the Federal Tort Claims Act; and

(13) the Virginia Tort Claims Act, VA Code §§ 8.01-195.1-195.9.

The gravamen of plaintiff's complaint in this case appears to be that he is seeking

a temporary restraining order and/or a preliminary injunction "to enjoin the Supreme Court of

Virginia, the Virginia State Bar's *void*, [sic] and the Committee on Admissions of the District of

Columbia Court of Appeals refusal to either process Rodriguez-father's application on file since

July 21, 2005, or grant a hearing . . . ." Complaint ¶ 9.  Plaintiff was involved in a custody

dispute related to his son, who is a resident of Colombia.  See id. ¶¶ 74-86.  Plaintiff was a

3

defendant in a lawsuit brought by the mother of his son in the United States District Court for the

Eastern District of Virginia, which he litigated all the way to the Supreme Court.  See id. ¶¶ 87-

91.  Plaintiff filed a previous lawsuit in this Court before Judge Richard W. Roberts, which he

litigated through a petition for certiorari to the Supreme Court.  See id. ¶¶ 92-94, 105.[1]  Judge

Roberts summarized some of the previous legal proceedings in Rodriguez v. National Center for

Missing & Exploited Children, Civil Action No. 03-0120, 2005 WL 736526, *2-3 (D.D.C.

March 31, 2005), aff'd sub nom In re: Rodriguez, 2005 WL 3843612 (D.C. Cir. Oct 14, 2005),

cert. denied, 126 S.Ct. 1902 (2006).  See also Virginia State Defendants' Response to Plaintiff's

Motion for a Temporary Restraining Order and Preliminary Injunction ("Opp.") at 2 (citing

previous litigation).  Plaintiff has also litigated related events in the courts of the Commonwealth

of Virginia.  See Complaint ¶¶ 107-127.

       Plaintiff alleges that he has been a member of the Bar in Virginia since 1982.  See

Complaint ¶ 150.  Plaintiff applied to waive into the District of Columbia bar in July 2005.  See

id.  Two Virginia State Bar complaints were filed against the plaintiff in 2004, and disbarment

proceedings followed.  See Order of Virginia State Bar Disciplinary Board, Exh. 2 to Plaintiff's

Motion for a Temporary Restraining Order and a Preliminary Injunction ("Mot."); see also

Complaint ¶¶ 144-176.  This lawsuit arises from these disbarment proceedings.  See Mot. at 1-2.

       The Attorney General of Virginia has entered an appearance, and filed an

opposition to plaintiff's motion for a temporary restraining order and preliminary injunction, on

behalf of following defendants: the Supreme Court of Virginia; the Court of Appeals of Virginia;

---

[1]     It appears that at least some of the causes of action and defendants were the same in plaintiff's prior lawsuit in this Court as in this lawsuit.

Chief Justice of the Virginia Supreme Court Leroy Hassell; Karen Ann Gould, Esq., the

President of the Virginia State Bar;  Noel Sengel, Senior Assistant Bar Counsel for the Virginia

State Bar; James Leroy Banks, Jr., Esq., First Vice Chair of the Virginia State Bar Disciplinary

System; William Carlyle Boyce, Esq., William Ethan Glover, Esq., Glenn M. Hodge, Esq., and

Stephen A. Wannall, Panel Members of the Virginia State Bar Disciplinary System; Davis J.

Gogal, Esq., Daniel Rathbun, Esq., Edward O'Connor Jr., Esq., and John W. di Zerega, Members

of the Subcommittee of the 5th District Committee of the Virginia State Bar; the Office of the

Attorney General for the Commonwealth of Virginia; Catherine Crooks Hill, Esq. of the Office

of the Attorney General for the Commonwealth of Virginia; the Fairfax County Circuit Court; the

Fairfax County Juvenile and Domestic Relations District Court; and Judge Thomas Mann of the

Fairfax County J&D District Court (hereinafter "Virginia State Defendants").  Plaintiff filed a

reply brief in support of the issuance of a temporary restraining order and preliminary injunction

("Reply").

        As counsel for the Virginia State Defendants points out, there are numerous

problems with this lawsuit apparent from the face of plaintiff's complaint.  The Virginia State

Defendants note, among other things, that judges are immune from suit.  See Opp. at 2.  This is

correct.  Judges and other court officials have absolute immunity for their actions taken in a

judicial or quasi-judicial capacity.  See Stump v. Sparkman, 435 U.S. 349, 356 (1978); Sindram

v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam); Moore v. Motz, 437 F. Supp. 2d 88,

91 (D.D.C. 2006) ("Absolute judicial immunity provides immunity from suit as well as from the

ultimate imposition of damages.") (citing Mirales v. Waco, 502 U.S. 9, 11 (1991)).  The only

allegations in the Complaint regarding any of the judges describe acts undertaken in their judicial

capacities.  Accordingly, the Court will dismiss from this suit all judges named as defendants.

This suit will fail because venue is improper in the District of Columbia.  "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391.  Venue in this case does not lie in the District of Columbia.  See Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983).  This action arises from disbarment proceedings in Virginia.  See Mot. at 1-2.  It therefore will be dismissed without prejudice to its being refiled in an appropriate court in Virginia, if there is such a court.[2]

Accordingly, it is hereby

ORDERED that the defendant judges are DISMISSED from this lawsuit; it is

FURTHER ORDERED that the remainder of this case is DISMISSED without prejudice for improper venue; and it is

FURTHER ORDERED that the pending motion for a temporary restraining order and a preliminary injunction [3] therefore is DENIED; the pending motion to request the Attorney General of the United States to appoint a special prosecutor [4] also is DENIED; and plaintiff's second motion for a temporary restraining order [22] also is DENIED.  The Clerk of

---

[2]     It appears that plaintiff has already challenged his disbarment in the Virginia courts.  See Mot. at 5-6.

the Court shall remove this case from the docket of the Court.  This is a final appealable order.

See Fed. R. App. P. 4(a).  Any other pending motions are denied as moot.

SO ORDERED.


_____/s/_____
PAUL L. FRIEDMAN
United States District Judge


DATE:  June 18, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ISIDORO RODRIGUEZ,                      )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )      Civil Action No. 07-0975 (PLF)
                                        )
LEGAL TIMES, <u>et al.</u>,             )
                                        )
            Defendants.                 )
_____ )

<u>ORDER</u>

      This matter is before the Court on plaintiff's motion for reconsideration of this

Court's Memorandum Opinion and Order dated June 18, 2007.  A motion to alter or amend

judgment under Rule 59(e) is discretionary with the court and need not be granted unless the

Court finds that there is "an intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice."  <u>Ciralski v. Central

Intelligence Agency</u>, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting <u>Firestone v. Firestone</u>, 76 F.3d

1205, 1208 (D.C. Cir. 1996)); <u>see also</u> <u>Long v. Department of Justice</u>, 479 F. Supp. 2d 23, 25

(D.D.C. 2007).  Rule 59(e) motions to alter or amend judgment are "not to be used to relitigate

matters already argued and disposed of; they are intended to permit the court to correct errors of

fact appearing on the face of the record, or errors of law."  <u>Independent Petroleum Ass'n of

America v. Babbitt</u>, 178 F.R.D. 323, 324 (D.D.C. 1998); <u>see</u> <u>Niedermeier v. Office of Max S.

Baucus</u>, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (Rule 59(e) motion may not be used to "relitigate

old matters, or to raise new arguments or present evidence that could have been raised prior to

the entry of judgment."). Such motions are "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." Id. Accordingly, it is hereby

ORDERED that plaintiff's motion for reconsideration [31] is DENIED. This is a final appealable order. See Fed. R. App. P. 4(a). It is

FURTHER ORDERED that plaintiff's motion to disqualify [32] is DENIED as moot, in light of this fact that this case is closed.

SO ORDERED.


_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  June 25, 2007

2

HEARING

PROCESS: CUSTODY AND PERSONAL CARES
PLAINTIFF: AMALIN HAZBUN ESCAF
DEFENDANT: ISIDORO RODRIGUEZ CRUZ
MINOR: 1

In Barranquilla, on August first (1st) of Nineteen Ninety Seven (1997), during public hearing at the First Family Court, the Honorable Judge declares open the hearing in this process of CUSTODY AND PERSONAL CARES of AMALIN HAZBUN ESCAF vs. ISIDORO RODRIGUEZ CRUZ, on behalf of minor ISIDORO RODRIGUEZ HAZBUN. It is confirmed that both parties are present and their attorneys. At this stage of the hearing the Honorable Judge advice the parties to present an agreement or conciliation formula. Defendant Mr. ISIDORO RODRIGUEZ speaks and says: I propose the Joint Custody of my son ISIDORO RODRIGUEZ HAZBUN in the following manner: That the mother AMALIN EMILIA HAZBUN ESCAF have him her personal cares but both parents share the rights of correction, moral and intellectual education of our minor child. Regarding visitations I propose to pick up my son ISIDORO RODRIGUEZ HAZBUN every fifteen days at the end of school day on Friday for him to stay with me all that weekend, taking him back on Sunday at 7 pm to the house of his mother or on Monday if it is holiday, with his homework done and his complete luggage. During the week days, this is Monday through Friday, I will pick up my son ISIDORO to take him to classes with the additional teacher assigned, and will pick him up at the class and continue with him until 7 pm, this when in that week it correspond to me his visitation spending the night with me, this is once a week. When there is no visitation spending night with me besides picking him up on the day of the above noted classes I will pick him up on the day he has football classes once a week until the same hour, that means that in that week there will be two visitation days on week days. I want to add that in the case that for any circumstances there is not football class or writing class with the teacher, he will be with me anyway two working days in the week and in the other week one working day and will spend the weekend with me. Vacations will be shared as follows: The child will spend one year Carnivals with a parent and Holy Week with the other, mid year vacation since are longer jointly parents agree (......)
fifteen days with the mother. The end of year vacation this year the first fifteen days will be with the father permitting that if the minor is still with him for December 31st spend that date with his mother and go back with him to finish the vacation and this situation of the end of year vacation will alternate annually keeping always the spirit of sharing one of the two special dates of December 24 and 31st of each year. No discussion fathers' day he will spend it with his father and mothers' day with his mother. Regarding birthday of the child ISIDORO we will celebrate it jointly the parents with our son, making it clear that next celebration will be made by me. Ms. AMALIN HAZBUN takes the word and states: I am totally in agreement with the formula offered by the defendant. The Honorable Judge takes the word to say. Since the parties have arrived to an agreement about the totality of the litigation, being such agreement in accordance with the law, it is approved and this process finished. It is just confirmed that at the non-compliance with the agreed hereby it will be applied by express statement of num. 4 of art. 350

Plaintiff's Exhibit 1

of the Minor Code the sanctions provided on article 72 ibidem.  No costs in this process.  It is signed by all those who have intervened.  The parties wish to clarify that just for year 1988 the mother will have the minor during Carnivals as well as Holy Week.

The Judge:


      LUZ MYRIAM REYES CASAS


Plaintiff:

      AMALIN HAZBUN ESCAF

Defendant:

      ISIDORO RODRIGUEZ CRUZ


Attorney for Plaintiff


      LUZ MYRIAM SANCHEZ DE CARVAJAL

Attorney for Defendant

      MABEL CASTRO PALACIO


Who recorded the hearing

      ELVIA MAZA DE CANTILLO


Serra Newman
Certified Translator
Lic. Ministry of Justice
Bogota Colombia, March 25, 1988
23 July 2001

                    Plaintiff's Exhibit 1

Ref No. 23.833 (CUSTODY AND VISIT REGULATION )
FIRST FAMILY COURT ROOM, BARRANQUILLA, COLOMBIA, August 26, 1997

Mrs. Mabel Castro-Palacio-Defendant's Attorney in the process for custody and visit regulations initiated by Mrs. Amalin Hazbun, against Mr. Isidoro Rodriguez Cruz, in favor of minor Isidoro Rodriguez Hazbun, requests this Court to add the present document to the record of the hearing attended on August 1st, 1997, raised with basis on the conciliation that the parties arrived at, in order to determine clearly and expressly, that the custody of the above mentioned minor will be shared by the parents, since this was the basic point for the conciliation.

The Court, in order to resolve the petition of the Defendant's Attorney, refers to the statement of the Defendant, which was literally written down and is hereby transcribed in its relevant portion, so that this Court may take the corresponding decision.  Mr. Rodriguez-Cruz states in the aforementioned document: "That his mother Mrs. Amalin Hazbun Escaf keep him under her personal care but that both parents share the right for the eduction, and the moral and intellectual up-bringing of our son.  As for the visits, I propsoe to take my son Isidoro Rodriguez
Notify and comply
s/_____

        LUZ MYRIAM REYES CASAS, Judge
s/_____
Serra Newman, Certified Translator, Lic. Ministry of Justice, Bogota Colombia, March 25, 1988, 23 July 2001

Plaintiff's Exhibit 2

# *Supreme Court of Virginia*
AT RICHMOND

## *Certificate*

I, Patricia L. Harrington, Clerk of the Supreme Court of Virginia,

do hereby certify that

### ISIDORO RODRIGUEZ

was admitted to practice as an attorney and counsellor at the bar of this Court on June 2, 1982.

I further certify that so far as the records of this office are concerned, ISIOORO RODRIGUEZ is a member of the bar of this Court in good standing.

Witness my hand and seal of said Court

This 5th day of July

A.D. 2005

By:_____/S/_____

*Deputy Clerk*

Plaintiff's Exhibit 3

# *THE RODRIGUEZ LAW FIRM*
## *ATTORNEYS AND COUNSELLORS AT LAW*

Isidoro Rodriguez, Esq.                                    Dra. Irene Rodriguez
VA Bar No. 21573                                              CLA/Paralegal
US Tax Ct. No. RI-0062                            Attorney-Rep. Of Colombia
Member Fairfax Bar Assn.

_United States Office:_                                _South American Office:_
2304 Farrington Avenue                                World Trade Center
Alexandria, Virginia 22303-1520                Calle 76 No. 54-11, Office 313
Telephone: (703)960-0225                            Barranquilla, Colombia
e-mail:isidoror@earthlink.net                              011.575.3480001

January 7, 2002

Ms. Mary B. Marshall, Director
United States Central Authority
Hague Convention on the Civil Aspects of
International Child Abduction
United States Department of State
2201 C Street NW/SA-22
Washington, DC  20520-4818
Attn: Ms. Alberta Espie

RE:    *Master Isidoro Rodriguez-Hazbun, Petitioner, v. Ms. Amalin Hazbun Escaf*, Case No. JJ-347-050-01-01,  Juvenile and Domestic Relations  Court of the County of Fairfax.

Greetings:

In response to your letter of January 3, 2001 and the below detailed acts, I advise you that you and your agents are acting in violation of the prohibitions of 22CFR94.4,[1] and outside the scope of your authority and employment.[2] You and your agents have, and are currently taking actions violating the fundamental Constitutional rights of Master Isidoro Rodriguez-Hazbun and the undersign as United States citizens to be safe and to maintain and enjoy in tranquillity the child/father relationship.

Pursuant to Federal Tort Claim Act (FTCA) 28 U.S.C. § 2675(a), and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), I am filing this administrative claim for damages caused by your intentional acts outside the scope of your authority which have caused emotional distress and apprehension of the possible forced return and detention of  Master Isidoro Rodriguez-Hazbun in Colombia, and the causing of additional costs and expenditure of time by the

---

[1]Prohibitions:(A) The U.S. Central Authority is prohibited from acting as an agent or attorney or in any fiduciary capacity in legal proceedings arising under the Convention.

[2]See *Katia Gutierrez de Martinez v. Lamargno and DEA*, 115 S.Ct. 2227; 132 L.Ed.2d 375 (1995)

filing of an unnecessary action in the United States District Court for the Eastern District of Virginia. We claim damages in the amount of one hundred fifty thousand dollars ($150,000.00).

In support of this claim the undersign lists the following facts:

First, despite your disclaimer in the last paragraph of your letter stating that it not be construed as "constituting an opinion. . . regarding the merits" of the above subject action, it is beyond dispute that the structure, the tone, the material omissions of the provision of both the Hague Convention and the federal implementing statute (International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601-11610) (see attach letter to the Honourable Judge Michael J. Valentine citing the missing provisions), and the continued misstatement of facts concerning the above action, there is a pattern and practice by you and your agent designed to obfuscate Master Isidoro Rodriguez-Hazbun fundamental rights as a United States citizen and resident of Virginia, to modify the custody agreement between his parents so to stay in the custody of his father in the United States, and thereby out of "harm's way" of the current danger in the Republic of Colombia.[3]

Second, on October 19, 2001, in open Court before the Honourable Judge Valentine, Mr. Patrick Stiehm, Esq., entered an appearance on behalf of the National Center for Missing & Exploited Children (NCMEC) in Alexandria, to seek cancellation of the Scheduled Status Conference, prior to being retained by Respondent Ms. Amalin Hazbun Escaf sometime in early December 2001. Mr. Stiehm stated that he would be filing a Complaint in 30 days with the U.S. District Court under the Hague Convention, and seek dismissal of the instant action in the Virginia State Court. Subsequently, in the Complaint filed on behalf of Respondent, filed on December 20, 2001, Mr. Stiehm by engaging in gaming tactics and misrepresentation this attorney representing NCMEC continued with the pattern and practice designed obfuscate Master Isidoro Rodriguez-Hazbun fundamental right as a United States citizen and resident of Virginia.

Third, subsequent to providing copies of the Complaint and Exhibits, the undersigned requested to meet. Beginning in August until November, 2001, the undersigned could only obtain telephone contact with the staff at the NCMEC, and Ms. Alberta Espie of your staff, to discuss the nature of the above subject action, and in the best interest of Master Isidoro Rodriguez-Hazbun to seek their advice and assistance in obtaining Respondent's participation in the proceeding in the Virginia Court.

In response, as stated in the attached letter dated November 3, 2001 to the NCMEC staff, your agents have demonstrated its intent on acting as a fiduciary of Respondent by seeking to focus only on certain sections of the Hague Convention, and to total disregard both the cited sections in ICARA, and the instant action filed by my Master Isidoro Rodriguez-Hazbun under the laws of the State of Virginia, including Virginia Code Chapter 7.1, § 20-146-1 *et al.,* thus they continue the pattern and practice designed to obfuscate Master Isidoro Rodriguez-Hazbun fundamental right as a United States citizen and resident of Virginia.

---

[3]The United States Department of State has "warned U.S. citizens against travel to Colombia." (Petitioner's Exhibit 2 filed with the Complaint)

I am will to meet to seek to resolve this matter without additional litigation.

Thank you.

As always, your servant,

Isidoro Rodriguez, Esq.

Attachments

cc:     The Honourable Judge Michael J. Valentine
        Mr. Patrick Stiehm, Esq.
        National Center for Missing & Exploited Children

# LAW OFFICES OF RODRIGUEZ, SIBLEY, & MENDOZA, L.L.P.
## ATTORNEYS AND COUNSELORS AT LAW

**Isidoro Rodriguez, Esq.**
Admitted Virginia State Bar

*Virginia Office:*
2304 Farrington Avenue
Alexandria, Virginia 22303-1627
Telephone:703.317.0526
e-mail:isidoror@earthlink.net

**M. Blair Silbey, Esq.**
Admitted NY, DC & Fl
**Eduardo Mendoza de la Torre, Esq.**
Admitted NY & Rep. of Colombia

*Washington, D.C. Office:*
1717 K St., NW, Suite 600
Washington, D.C.   20036
**Telephone: 202.508.3699**
Fax:202.478.0371
web: www.rodriguezandsibley.com

**Irene Rodriguez**
Admitted Rep. of Colombia
Certified U.S. Paralegal

*South American Office:*
World Trade Center
Calle 76 No. 54-11, Suite 313
Barranquilla, Colombia
Telephone: 011.575.3605288

February 11, 2005

Federal Bureau of Investigation
7799 Leesburg Pike
Falls Church, Va 22030

Re:     **Criminal Complaint Filing - and request for investigation regarding ongoing conspiracy to violate 18 U.S.C § 2, § 242, and § 1204 as well as 42 U.S.C. § 1983 § 1985 and § 1986, to obstruct father's parental rights.**

Greetings:

Please find attached document relating to my filing of this criminal complaint with your Washington, D.C. Office of the Federal Bureau of Investigations, wherein I am alleging ongoing violations above criminal and civil rights statutes, which has obstruct my parental rights to visitation since June 11, 2002, pursuant to a Joint Custody Settlement Agreement, of Article 2, 20, and 21 of the Hague Convention on the Civil Aspects of International Child Abduction dated October 25, 1980 ("Treaty"), and Joint Congressional Concurrent Resolution 293 dated March 2000 ("Congressional Resolution").

I request expedited consideration based on the record that on February 28, 2003, October 4, 2004, and October 14, 2004, filed with United States Attorney Paul J. McNulty, both a request for investigation and a complaint pursuant to 18 U.S.C. § 1204.[1] Subsequently, not only did the alleged illegal acts increase during the almost two years since the original complaint was filed, but on January 4, 2005, I received a letter from Mr. Robert A. Spencer, Chief, Crim. Div. ED Va, stating

---

[1]**18 U.S.C. § 1204 - International parental kidnapping.**
(a) Whoever. . . retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years, or both

Plaintiff's Exhibit 5

that his office could not find any such complaint, and directed me to file with your office anew.

This complaint is filed against the enterprise and individual listed as Defendant parties in the attach First Amended Verified Complaint.

BACKGROUND

On January 27, 2003, I, individually, and pursuant to VA Code § 8.01-8, as father and next of friend of his now almost sixteen-old Son Master Isidoro Rodriguez-Hazbun ("Isidoro"), originally filed a civil rights action against the abuse of governmental authority for the issuance of a Writ of Mandamus to the Defendant United States Department of State, and its employees ("U.S. Central Authority *et al.*"); as well as its contractor acting at all times as an "instrumentality of government," the Defendant the National Center for Missing and Exploited Children, its employees, agents and attorneys ("NCMEC *et al.*"), to order their compliance with their ministerial duties under Article 2, 20, and 21 of the Treaty, and Congressional Resolution to expeditiously secure Rodriguez and Isidoro's right of international visitations under the Joint Custody Settlement Agreement, prior to Isidoro's 16th birthday on March 10, 2005. *Isidoro Rodriguez, father of Isidoro Rodriguez-Hazbun v. National Center for Missing and Exploited Children*, DC Dist Ct No. 03-0120 (Roberts, J).

Furthermore, in the above action I sought damages under *Bivens v. Six Unnamed Agents of the Federal Bureau of Investigation*, 403 U.S. 388 (1971)("*Bivens")*, the Federal Tort Claims Act 28 U.S.C. § 2671 *et al.* ("FTCA"), and 42 U.S.C. §§ 1985 and 1986, against the U.S. Central Authority *et al*. and the NCMEC *et al.*, for their wilful and negligent unauthorized policy and practice taught to Federal and Virginia judiciary that the Treaty usurped the fundamental Constitutional rights of U.S. citizens, causing the violations of: (a) Rodriguez and Isidoro's fundamental rights in their father/sons' relationship since July 13, 2001; (b) Isidoro's rights to the safety and opportunities of being in the United States and not be shanghaied to the Republic of Colombia ("Colombia") against his rights wishes on June 11, 2002; ( c ) obstruction with the lawful exercise of Rodriguez's parental rights for more than nine hundred and forty-five (945) days in violation of 18 U.S.C. §§ 4, 241 and 1204; and (d) Rodriguez's Fifth Amendment right to impartial access with the Federal courts for their meaningful consideration of the constitutional challenges to the unauthorized policies and practices of both Federal implementing state and regulations, in violation of rights on the U.S. Constitution and Treaty pursuant to 28 U.S.C. § 2403(a), Fed.R.AppP. 44, and United States Supreme Court Rule 29.4(a) and (b).

On February 7, 2005, I filed a First Amended Verified Complaint (attached) against the U.S. Central Authority and the NCMEC, based on the fact that subsequent to the filing two years ago of a Complaint I have discovered that with the motive of covering-up and continuing their unauthorized policy and practices, for the past 770 days the U.S. Central Authority et al. and the NCMEC et al., have compounded their earlier violations Article III, § 2, Article IV § 2, and I, V, IX & XIV Amendments to the U.S. Constitution, Articles 13b, 20, and 29 of the Treaty, by undertaking a conspiracy with Defendant United States Department of Justice, Office of Justice Programs, Office of Juvenile Justice and Delinquency Prevention, and judges of both the Federal and Commonwealth

of Virginia: (A) to violate 42 U.S.C. § 1983 et seq., and 18 U.S.C. § 1204 by obstructing the lawful exercise of my parental rights, including the right to have the U.S. Central Authority and the Courts of Virginia to expeditiously secure visitations pursuant to Articles 2, 11, 20, 21, and 29 of the Treaty, and UCCJEA VA Code § 20-146.25, subsequent to the shanghaiing of Isidoro from the United States on June 11, 2002; (B) in violation of Article 24 of the International Covenant on Civil and Political Rights ("ICCPR"), U.N.T.S. No. 14668, vol. 999 (1976), p. 171 (ratified June 1992), 18 U.S.C. § 4 and § 241 to repeatedly conceal their unlawful acts; and ( C ) in violation of the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68 (A), Article IV § 2, and the V Amendment to the Constitution to deprive and to damage my property right in my legal profession as an active member of the Virginia State Bar in good standing since 1982.

       If either you or your staff have question please contact me by e-mail or my cell phone listed below.

Respectfully submitted

_____

Isidoro Rodriguez, Esq.

cc:    Criminal Section
       U.S. Department of Justice
       Civil rights Division
       950 Pennsylvania Ave., NW
       Criminal Section PHB
       Washington, D.C. 20530

       Mr. Paul J. McNulty
       Mr. Robert A. Spencer, Chief, Criminal Division
       United States Attorney
       Eastern District of Virginia
       2100 Jamison Avenue
       Alexandria, Virginia 22314

           Plaintiff's Exhibit 5

### *LAW OFFICES OF ISIDORO RODRIGUEZ*
### *ATTORNEYS AND COUNSELORS AT LAW*

Isidoro Rodriguez, Esq.                                             Dra. Irene Rodriguez
Admitted VA                                               Admitted Rep. of Colombia

*Virginia Office:*                                          *South American Office:*
2304 Farrington Avenue                                        World Trade Center
Alexandria, Virginia 22303-1627                        Calle 76 No. 54-11, Office 313
Telephone: 703.317-0526/telefax: 703.960.0225                  Barranquilla, Colombia
e-mail:isidoror@earthlink.net                             Telephone: 011.575.3605288

June 8, 2005

Pursuant to VA Code 8.01-195.6, by U.S. Postal Service
Certified Priority Express Mail, Return Receipt Requested

Attorney General for the
Commonwealth of Virginia
900 East Main Street
Richmond, Virginia 23219

Subject:       NOTICE OF TORT CLAIM against the Commonwealth of Virginia, The Virginia
               Supreme Court, the Court of Appeals of Virginia, Judge Rudolph Bumgardner, III,
               Judge D. Arthur Kelsey, Senior Judge William H. Hodges, the Fairfax County Circuit
               Court, Judge M. Langhorne Keith, Judge Stanley Paul Klein, the Fairfax Court
               Juvenile & Domestic Relations District Court, Judge David S. Schell, Judge Charles
               J. Maxfield, Acting  Judge Thomas Mann, and Catherine Crooks Hill, Assistant
               Attorney General for the Commonwealth of Virginia (Respondents)

Greetings:

        Pursuant to the provisions of the Virginia Tort Claims Act, VA Code §§ 8.01-195.1-195.9,
this is a notice of claim filed against the above referenced Respondents on behalf of Isidoro
Rodriguez, Esq., in his own capacity and as Father and Next of Friend of his 16 year-old son, Isidoro
Rodriguez-Hazbun (Petitioners), based on Respondents repeated and ongoing tortious liability for
injuries caused by the intentional deprivation of the father's parental rights in violation of a valid
Joint Custody Settlement Agreement, protected under the Constitution of Virginia, the Code of
Virginia, the United States Constitution, Treaty, and Federal Statutes, and the Son's rights as a
citizen of the Commonwealth of Virginia and the United States.

### NATURE OF THE CLAIM, VA Code § 8.01-195.6

        Petitioners have maliciously and intentionally been injured by the repeated intentional acts
of Respondents all outside of their respective official capacity or judicial functions in furtherance
of unauthorized policies and practices, **beginning on or about October 15, 2001 and continuing**

**to the present in the County of Fairfax, Commonwealth of Virginia, including but not limited to the last known acts being on August 18, 2004, January 21, 2005, and March 25, 2005**.

Respondents in furtherance of their unauthorized policies and practices have maliciously conspired to intentionally tortiously disregarded the mandates of both the General Assembly of the Commonwealth of Virginia and the United States Congress, by the following acts including, but not limited to:

a. Illegally violate and deprive Petitioners of their rights to due process and equal protection of the laws under the Constitution of Virginia by disregarding and refusing to comply with Virginia's Uniform Child Custody and Enforcement Act ("UCCJEA") VA Code § 20-146.25, 146. 29, and 146.35.

b. Illegally violate and intentionally failed to comply with the mandate of Article III, § 2 Supremacy Clause of the United States Constitution by repeated intentional refuse to comply with Article 2, 19, 20, 21, and 29 of the the Hague Convention on the Civil Aspects of International Child Abduction Dated October 25, 1980, T.I.A.A. No 11,670, 19 I.l.m. 1501; 42 U.S.C. § 11601(b)(4).

c. Illegally conspire to act outside of their official capacity and judicial authority for almost 1095 days in violation of 18 U.S.C. § 1204, Article 16 of the Treaty, and the requirements to protect parental rights under the Virginia Code, *see generally* VA Code § 16.1-283, by intentionally depriving and obstructing Petitioner Isidoro Rodriguez, Esq.'s parental rights under a valid Joint Custody Settlement Agreement, subsequent to the unlawful shanghaiing of Isidoro Rodriguez-Hazbun to the Republic of Colombian from the Commonwealth of Virginia, against his rights and best interest as a citizen of the United States.

**Agencies and Individuals to be held liable**[1]

THE VIRGINIA SUPREME COURT
100 North Ninth Street, Fifth Floor
Richmond, VA 23219

THE COURT OF APPEALS OF VIRGINIA
109 North Eight Street
Richmond, VA 23219-2321

JUDGE RUDOLPH BUMGARDNER, III

---

[1]All Respondents are licensed attorneys of the Virginia State Bar. Virginia Rules of Professional Conduct, Rule 4.1, states that, "[i]n the course of representing a client a lawyer shall not knowingly: (a) Make a false statement of fact or law; or (b) fail to disclose a fact when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client. *See also* DR 7-102(A)(5) and DR 7-102(A)(3); Rule 1.6 and 3.3(a)(4).

Plaintiff's Exhibit 5

individually and in his official capacity as Justice
THE COURT OF APPEALS OF VIRGINIA
109 North Eight Street
Richmond, VA 23219-2321

JUDGE D. ARTHUR KELSEY
individually and in his official capacity as Justice
THE COURT OF APPEALS OF VIRGINIA
109 North Eight Street
Richmond, VA 23219-2321

SENIOR JUDGE WILLIAM H. HODGES
individually and in his official capacity as Justice
THE COURT OF APPEALS OF VIRGINIA
109 North Eight Street
Richmond, VA 23219-2321

THE FAIRFAX COUNTY CIRCUIT COURT
Jennings Judicial Center Building
4110 Chain Bridge Road
Fairfax, VA 22030

JUDGE M. LANGHORNE KEITH
individually and in his official capacity as Justice
THE FAIRFAX COUNTY CIRCUIT COURT
Jennings Judicial Center Building
4110 Chain Bridge Road
Fairfax, VA 22030

JUDGE STANLEY PAUL KLEIN
individually and in his official capacity as Justice
THE FAIRFAX COUNTY CIRCUIT COURT
Jennings Judicial Center Building
4110 Chain Bridge Road
Fairfax, VA 22030

THE FAIRFAX COURT JUVENILE &
DOMESTIC RELATIONS DISTRICT COURT
4110 Chain Bridge Road
Fairfax, VA 22030

JUDGE DAVID S. SCHELL
individually and in his official capacity as Justice

Plaintiff's Exhibit 5

THE FAIRFAX COURT JUVENILE &
DOMESTIC RELATIONS DISTRICT COURT
4110 Chain Bridge Road
Fairfax, VA 22030

JUDGE CHARLES J. MAXFIELD
individually and in his official capacity as Justice
THE FAIRFAX COURT JUVENILE &
DOMESTIC RELATIONS DISTRICT COURT
4110 Chain Bridge Road
Fairfax, VA 22030

JUDGE THOMAS MANN
individually and in his official capacity as Justice
THE FAIRFAX COURT JUVENILE &
DOMESTIC RELATIONS DISTRICT COURT
4110 Chain Bridge Road
Fairfax, VA 22030

CATHERINE CROOKS HILL
Assistant Attorney General for the
Commonwealth of Virginia
900 East Main Street
Richmond, Virginia 23219

If I fail to hear from your office after six months, I will immediate file the necessary action
to seek a trial by jury on all issues so to protect both my Son's and my rights.

Thank you.

Sincerely,

Isidoro Rodriguez, Esq.

          Plaintiff's Exhibit 5

## *LAW OFFICES OF ISIDORO RODRIGUEZ*
## *ATTORNEYS AND COUNSELORS AT LAW*

Isidoro Rodriguez, Esq.                                      Dra. Irene Rodriguez
Admitted VA                                          Admitted Rep. of Colombia

*Virginia Office:*                                      *South American Office:*
2304 Farrington Avenue                                      World Trade Center
Alexandria, Virginia 22303-1627                        Calle 76 No. 54-11, Office 313
Telephone: 703.317-0526/telefax: 703.960.0225                  Barranquilla, Colombia
e-mail:isidoror@earthlink.net                          Telephone: 011.575.3605288

June 14, 2005

Via U.S. Priority Certified Mail, Return Receipt Requested
Article Nos. 7004 1350 0001 7098 4609; 4586; 4494 and 4593, and Regular U.S. Mail

Supreme Court of the United State                United States Court of Appeals for
1 First Street, N.E.                             The District of Colombia Circuit
Washington, D.C. 20543                           E. Barrett Prettyman United States
                                                 Courthouse
United States Court of Appeal                    333 Constitution Avenue, NW
For the Fourth Circuit                           Washington, D.C. 20001
Lewis F. Powell, Jr.                             .
United States Courthouse Annex                   United States Court District Court for
1100 East Main Street, Suite 501                 The District of Colombia
Richmond, Va 23219                               333 Constitution Avenue, NW
                                                 Washington, D.C. 20001

U. S. District Court for the E. D. of Va
Alexandria Division U.S. Courthouse
401 Courthouse Square
Alexandria, Va 22314

Subject:        **NOTICE OF FEDERAL TORT CLAIM FOR ONGOING NEGLIGENCE,
                WRONGFUL ACTS AND INTENTIONAL OMISSION OUTSIDE OF
                JUDICIAL AUTHORITY OR CAPACITY**

Greetings:

        Pursuant to the provisions of the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 1346(b),
2401(b), 2671-2680 (as amended in March, 2004), this is a notice of claim filed against the below
listed Respondents and John Does, on behalf of Isidoro Rodriguez, Esq. ("Rodriguez"), and as Father
and Next of Friend of his 16 year-old son, Isidoro Rodriguez-Hazbun ("Isidoro"), for the repeated
and ongoing violations of their civil rights protected under the below cited Treaty, Federal and
Virginia Statute, to mandate that the Executive Branch secure visitation, and to cease and desist in

a pattern and practice of obstructing with the father's parental rights in violation of 18 U.S.C. §§ 4, 241, 242, 1204, and Congressional Joint Concurrent Resolution 292, March 2000.

The amount claims is five million dollars ($5,000,000.00), exclusive of interest and attorneys fees under the Equal Access to Justice Act.

## NATURE OF THE CLAIM, VA Code § 8.01-195.6

Since on or about December 20, 2001, and continuous to the present Respondents have conspired to tortuously act negligently, to undertake wrongful acts, and to intentionally act so to omit compliance with the law-all acts being done outside of their respective judicial authority or official capacity- as mandated by Article 2, 11, 16, 19, 20, 21, and 29 of the Hague Convention on the Civil Aspects of International Child Abduction Dated October 25, 1980, T.I.A.A. No 11,670, 19 I.l.m. 1501 ("Treaty"); 42 U.S.C. § 11601 *et seq.*; and Virginia's Uniform Child Custody and Enforcement Act ("UCCJEA), VA Code §§ 20-146.1 to 146.35,[1] by supporting and perpetuating the development and implementation of unauthorized and illegal gender based policies in violation of Rodriguez and Isidoro's rights under a valid Joint Custody Agreement entered pursuant to the laws of the Republic of Colombia.[2]

Furthermore, in response to Rodriguez exercising of his First Amendment Right to petition government for his grievances and challenge said acts outside of their respective judicial authority in support of unauthorized and illegal policies and practices Respondents have conspired for over 1035 days to deprive Rodriguez and Isidoro of their civil rights and deny Rodriguez of his parental right of visitation with Isidoro as a citizen of the United States to Virginia, in accordance with a valid Joint Custody Agreement under the laws of the Republic of Colombia, as required by Article 2, 16, 21 and 29 of the Treaty and provisions of Virginia's UCCJEA, thereby intentionally refusing to secure to them the benefits, opportunities, and rights as citizen of the United States.  Finally, Respondents have conspired and use their political influence to deprive Rodriguez and Isidoro of

---

[1] A claim and amendment were filed on January 7, and October 21, 2002 respectively under the FTCA.  Subsequently from then until the present, continuous tortuously negligent, wrong acts and omissions have compounded the initial claim, which are the basis of this claim.

[2] In violation of the Treaty and the Congressional Resolution the ICMEC and NCMEC, with the approval of the U.S. Department of State and the U.S. Department of Justice, and assistance of Respondents acting outside of their respective Article III authority, have developed gender base illegal and unauthorized policies, practices and peaching teaching material under 22 C.F.R. § 94.1 *et seq.,* designed to focus only on the return to "habitual resident" under Article 12 of the Treaty, and disregard all the exceptions to application of the Treaty including the fundamental rights of U.S. citizens and their right to petition to secure the ministerial duties of the U.S. Central Authority under Article 2, 21 and 29, and protection of civil rights by DOJ pursuant to 18 U.S.C. §§ 4, 241, 242 and 1204, to prevent the obstruction of Rodriguez's parental rights and secure Isidoro's international visitation rights as a citizen of the United States.

their rights under the Treaty and Virginia UCCJEA to access to the Courts of Virginia, including the ongoing denying of the right to secure visitation to the United States for Isidoro since December 4, 2003 and January 5, 2005, in accordance with VA Code §§ 20-146.25, 146. 29, and 146.35.

This FTCA notice alleges that these acts outside of their respective judicial authority of refusal to enforce the Treaty and rights under Virginia's UCCJEA, are in violation of 42 U.S.C. §§ 1983, 1085, and 1986, as well as 18 U.S.C. §§ 4, 241, 242 and 1204.

Finally, Respondents have intentionally acted outside the scope of their judicial authority in disregarding the mandate of Congressional Joint Resolution 293 of March 2000.

Rodriguez and Isidoro have been injured by these repeated intentional acts of Respondents all either done negligently or/and wrongfully, and/or undertaken intentional omission of the law, and/or, outside of their respective judicial capacity, **beginning on or about December 21, 2001 and continuing to the present in the County of Fairfax, Commonwealth of Virginia, including but not limited to the last known acts being on March 31, 2005 and to the present**.

Respondents in furtherance of support of unauthorized policies and practices have conspired to violate the civil rights of Rodriguez and Isidoro by intentionally tortuously disregarding the mandates of both the General Assembly of the Commonwealth of Virginia and the United States Congress, by the following, but not limited to past and on going acts:

a. Respondents in support of their unauthorized and illegal policies and practices in violation of the Treaty and the Virginia's UCCJEA, after the illegal shanghaiing of Isidoro from the United States on June 11, 2002 in violation of both the fathers and son's civil rights as citizens of the United States, to conspire to obstruct with Rodriguez's right of visitation under the Joint Custody Settlement Agreement by obstructing with and depriving Rodriguez of his parental rights by acts outside of their judicial authority in violation of Article 16 of the Treaty and implementing federal statute, in violation of 18 U.S.C. § § 4, 241, 242, 1204.

b. Respondents have illegally violated and deprived Rodriguez and Isidoro of their rights to due process and equal protection of the laws under the Constitution of Virginia disregarding and refusing to comply with Virginia's Uniform Child Custody and Enforcement Act ("UCCJEA) VA Code § 20-146.25, 146. 29, and 146.35.

c. Respondents have illegally violate and intentionally failed to comply with the mandate of Article III, § 2 Supremacy Clause of the United States Constitution by repeated intentional refuse to comply with Article 2, 19, 20, 21, and 29 of the Treaty and 42 U.S.C. § 11601(b)(4), in intentionally delaying and refusing to provide expedited meaningful consideration.

d. Respondents have illegally conspire to act outside of judicial authority for almost 1095 days in violation of 18 U.S.C. § 1204, Article 16 of the Treaty, and the requirements under the Virginia Code, *see generally* VA Code § 16.1-283, to intentionally deprive and obstruct Rodriguez

                    Plaintiff's Exhibit 7

of his  parental rights as a father, pursuant to a valid Joint Custody Settlement Agreement, subsequent to the unlawful shanghaiing of Isidoro Rodriguez-Hazbun to the Republic of Colombian from the Commonwealth of Virginia, against his rights and best interest as a citizen of the United States.

e.  Respondents in response to Rodriguez efforts to secure his parental rights Respondents have intentionally and repeatedly violated since January 27, 2003 to the present 18 U.S.C. §§ 4, 241, 242, and 1204, as well as Article III § 2 Supremacy Clause and provisions of the First, Fifth, and Ninth Amendments to the United States Constitution, by refusing to be impartial and acquiescing to  political influence so to deny meaningful access to the court in *Master Isidoro Rodriguez-Hazbun, Petitioner, v. Ms. Amalin Hazbun Escaf*, Case No. JJ-347-050-01-01,  Juvenile and Domestic Relations Court of the County of Fairfax; *Amalin Hazbun Escaf vs. Isidoro Rodriguez*, E.D. VA No. 01-1926-A; Ct. App. No. 02-1487.; and *Isidoro Rodriguez-Hazbun and Isidoro Rodriguez, Esq. v. National Center for Missing and Exploited Children*, DC Docket No. 03-00120 (RWR).

f. The Respondent have acted to support both ICMEC and NCMEC's publication, reports, and training material, as well as briefings, and judicial conferences so to:

(a)  disregard 42 U.S.C. § 11603 authorization of Federal and State Courts concurrent jurisdiction to consider Treaty applications;

(b)  restrict jurisdiction by the Federal Courts to consideration of petitions under the Treaty to Articles 12, regarding only  the return of a child to the "habitual residence;"

( c ) disregard or limit consideration of the exception under Article 13(b) of Treaty regarding a "zone of war";

(d)  disregard the exception under last ¶2 of Article 13(b) of Treaty so to disregard State law on the age of maturity to take account of the preference of the child;

(e)  disregard consideration Article 20 of Treaty regarding the "fundamental rights" of U.S. citizens under the U.S. Constitution;

(f)  disregard totally Articles 2, 21and 29 of the Treaty, so to not process any applications to secure international visitation rights in either Federal or State Courts.

Thus United States is liable under the FTCA,[3] for the ongoing injuries caused by the Respondents acting outside of their judicial authority but within their scope of employment, and Respondents are responsible in their individual capacity for acts outside of their judicial authority

---

[3]Respondents while depriving Rodriguez of his parental rights protected under Article 16 of the Treaty beginning on or about January 27, 2003, Respondents permitted the NCMEC to argue that it was only a "nonprofit organization" and not an "instrumentality of government" in *Isidoro Rodriguez et al. vs. National Center for Missing and Exploited Children*, DC docket No. 03-0120 (RWR), while delaying expedited consideration as mandated under Article 2 of the Treaty so that the co-Respondents in State and DOJ sought and obtain passage of amendments to the FTCA obtain its protection for the NCMEC, its agents, employees, and attorneys in March 2004.

in violation of Article 2, 16, 21, and 29 of the Treaty, Statute and Regulations, which have cause for over 1035 days the deprivation of the Rodriguez's parental and fundamental rights, and Isidoro's fundamental rights as a citizen of the United States confirmed pursuant to a valid Joint Custody Settlement Agreement, and protected under the United States Constitution, Treaty, and Federal Statutes, including civil rights protected under in violation of 18 U.S.C. § § 4, 241, 242, 1204, as well as Constitution of Virginia, the Code of Virginia.

**Agencies and Individuals to be held liable**

SUPREME COURT OF THE UNITED STATE
1 First Street, N.E.
Washington, D.C. 20543

CHIEF JUSTICE WILLIAM REHNQUIST
AS CIRCUIT JUSTICE FOR THE U.S. COURT
OF APPEALS FOR THE D.C. AND FOURTH
CIR.
1 First Street, N.E.
Washington, D.C. 20543

UNITED STATES COURT OF APPEAL
FOR THE FOURTH CIRCUIT
Lewis F. Powell, Jr.
United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

CHIEF JUDGE WILLIAM W. WILKINS
individually and in his official capacity as Justice
P.O. Box 10857, Greenville, SC 29603

JUDGE WILLIAM B. TRAXLER, JR.
individually and in his official capacity as Justice
P.O. Box 10127, Greenville, SC 29603

JUDGE M. BLANE MICHAEL
individually and in his official capacity as Justice
300 Virginia Street East, Charleston, WV 25301

U. S. DISTRICT COURT FOR THE E. D. OF
VA
Alexandria Division U.S. Courthouse
401 Courthouse Square

JUDGE JOHN G. ROBERTS, JR.
individually and in his official capacity as
Justice
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLOMBIA
CIRCUIT
E. Barrett Prettyman United States
Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

JUDGE JUDITH W. ROGERS
individually and in his official capacity as
Justice
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLOMBIA
CIRCUIT
E. Barrett Prettyman United States
Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

JUDGE ARTHUR, R. RANDOLPH
individually and in his official capacity as
Justice
UNITED STATES COURT OF APPEALS
FOR
THE DISTRICT OF COLOMBIA
CIRCUIT
E. Barrett Prettyman United States
Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

Plaintiff's Exhibit 7

Alexandria, VA 22314

JUDGE T.S. ELLIS, III
individually and in his official capacity as Justice
U. S. DISTRICT COURT FOR THE E. D. OF
VA
Alexandria Division U.S. Courthouse
401 Courthouse Square
Alexandria, VA 22314

UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLOMBIA CIRCUIT
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

JUDGE DOUGLAS, H. GINSBURG
individually and in his official capacity as Justice
UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLOMBIA CIRCUIT
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

JUDGE MERRICK B. GARLAND
individually and in his official capacity as Justice
UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLOMBIA CIRCUIT
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

JUDGE HARRY T. EDWARDS
individually and in his official capacity as Justice
U.S. COURT OF APPEALS FOR THE D.C.
CIR.
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

JUDGE KAREN L. HENDERSON
individually and in his official capacity as Justice
U.S. COURT OF APPEALS FOR D.C.

JUDGE DAVID B. SENTELLE
individually and in his official capacity as
Justice
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLOMBIA
CIRCUIT
E. Barrett Prettyman United States
Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

JUDGE DAVID S. TATEL
individually and in his official capacity as
Justice
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLOMBIA
CIRCUIT
E. Barrett Prettyman United States
Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

UNITED STATES COURT DISTRICT
COURT FOR
THE DISTRICT OF COLOMBIA
333 Constitution Avenue, NW
Washington, D.C. 20001

Judge Richard Roberts individually and in
his official capacity as Justice
UNITED STATES COURT DISTRICT
COURT FOR
THE DISTRICT OF COLOMBIA
333 Constitution Avenue, NW
Washington, D.C. 20001

Plaintiff's Exhibit 7

E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

Sincerely,


Isidoro Rodriguez, Esq.


cc:    President George W. Bush
        The White House
        1600 Pennsylvania Avenue, NW
        Washington, DC 20500
        Att: Ms. Desiree Thompson, Special Assistant
        to the President and Director of Presidential Correspondence

        Plaintiff's Exhibit 7

## *LAW OFFICES OF ISIDORO RODRIGUEZ*
## *ATTORNEYS AND COUNSELORS AT LAW*

Isidoro Rodriguez, Esq.                                              Dra. Irene Rodriguez
Admitted VA                                                  Admitted Rep. of Colombia

*Virginia Office:*                                              *South American Office:*
2304 Farrington Avenue                                          World Trade Center
Alexandria, Virginia 22303-1627                            Calle 76 No. 54-11, Office 313
Telephone: 703.317-0526/telefax: 703.960.0225                   Barranquilla, Colombia
e-mail:isidoror@earthlink.net                            Telephone: 011.575.3605288

June 14, 2005

Via U.S. Priority Certified Mail, Return Receipt Requested
Article Nos. 7004 1350 0001 7098 4609 and 4487, and Regular U.S. Mail

Alberto Gonzales, Attorney General of the              Glenn Fine -- Inspector General
The United States of America                        The United States of America
United States Department of Justice              United States Department of Justice
950 Pennsylvania Avenue                                  950 Pennsylvania Avenue
Washington, D.C. 20530                                  Washington, D.C. 20530

Mr. Paul J. McNulty                                   Mr. Robert Mueller, Director
United States Attorney                            Federal Bureau of Investigation
Eastern District of Virginia                         935 Pennsylvania Ave., N.W.
2100 Jamison Avenue                                       J. Edgar Hoover Bldg
Alexandria, Virginia 22314                          Washington, DC 20535-0001

Solicitor General of the United States                   United States Attorney for
Department of Justice, Room 5614                      the District of Colombia
950 Pennsylvania Avenue, NW                                555 4th St. N.W.
Washington, DC 20530-0001                              Washington, D.C. 20530

Subject:      **NOTICE OF  FEDERAL TORT CLAIM FOR ONGOING NEGLIGENCE,
              WRONGFUL ACTS AND INTENTIONAL OMISSION**

Greetings:

        Pursuant to the provisions of the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 1346(b),
2401(b), 2671-2680 (as amended in March, 2004), this is a notice of claim and IG complaint,[1] filed

---

        [1]This letter serves as a complaint against Respondents to seek an investigation of these
matters, including for their fraudulent misappropriation and use of federal funds to further both
illegal and  unauthorized gender based policies and practices in violation of fathers rights

against the below listed Respondents and John Does, on behalf of Isidoro Rodriguez, Esq. ("Rodriguez"), and as Father and Next of Friend of his 16 year-old son, Isidoro Rodriguez-Hazbun ("Isidoro"), for the repeated and ongoing violations of their civil rights protected under the below cited Treaty, Federal and Virginia Statute, including 18 U.S.C. §§ 4, 241, 242, 1204, and Congressional Joint Concurrent Resolution 292, March 2000.

The amount claims is twenty million dollars ($5,000,000.00), exclusive of interest and attorneys fees under the Equal Access to Justice Act.

**NATURE OF THE CLAIM, VA Code § 8.01-195.6**

Since on or about January 2001, and continuous to the present Respondents have conspired to tortuously act negligently, to undertake wrongful acts, and to intentionally act so to omit compliance with the law as mandated by Article 2, 19, 20, 21, and 29 of the Hague Convention on the Civil Aspects of International Child Abduction Dated October 25, 1980, T.I.A.A. No 11,670, 19 I.l.m. 1501 ("Treaty"); 42 U.S.C. § 11601 *et seq.*; and Virginia's Uniform Child Custody and Enforcement Act ("UCCJEA"), VA Code §§ 20-146.1 to 146.35, ,[2] by developing and implementing unauthorized and illegal gender based policies in violation of Rodriguez and Isidoro's rights under a valid Joint Custody Agreement entered  pursuant to the laws of the Republic of Colombia.[3]

Furthermore, in response to Rodriguez exercising his First Amendment Right to petition government for his grievances and challenge to said unauthorized and illegal policies and practices Respondents have conspired for over 1035 days to deprive Rodriguez and Isidoro of their civil rights and deny Rodriguez of his parental right of visitation with Isidoro as a citizen of the United States to Virginia, in accordance with a valid Joint Custody Agreement under the laws of the Republic of

---

provided for under below cited Treaty, Statute, Regulation, and Joint Congressional Concurrent Resolution 293, March 2000.

[2]A claim and amendment were filed on January 7, and October 21, 2002 respectively under the FTCA.  Subsequently from then until the present, continuous tortuously negligent, wrong acts and omissions have compounded the initial claim, which are the basis of this claim.

[3]In violation of the Treaty and the Congressional Resolution the ICMEC and NCMEC, with the approval of the U.S. Department of State and the U.S. Department of Justice have developed gender base illegal and unauthorized policies, practices and peaching teaching material under 22 C.F.R. § 94.1 *et seq.,* designed to focus only on the return to "habitual resident" under Article 12 of the Treaty, and disregard all the exceptions to application of the Treaty including the fundamental rights of U.S. citizens and their right to petition to secure the ministerial duties of the U.S. Central Authority under Article 2, 21 and 29, and protection of civil rights by DOJ pursuant to 18 U.S.C. §§ 4, 241, 242 and 1204, to prevent the obstruction of Rodriguez's parental rights and secure Isidoro's international visitation rights as a citizen of the United States.

Colombia, as required by Article 2 and 21 of the Treaty thereby intentionally refusing to secure to them the benefits, opportunities, and rights as citizen of the United States. Finally, Respondents have conspired and use their political influence to deprive Rodriguez and Isidoro of their rights under the Treaty and Virginia UCCJEA to access to the Courts of Virginia, including the ongoing denying of the right to secure visitation to the United States for Isidoro since December 4, 2003 and January 5, 2005, in accordance with VA Code §§ 20-146.25, 146. 29, and 146.35.

The U.S. Department of Justice is the executive agency charged with the enforcement and prosecution of violation of the Treaty, and Statutes. It is DOJ's Civil Rights Division which has the specific task of enforcing those federal laws related to civil rights, including 18 U.S.C. §§ 4, 241, 242 and 1204, of which there is no more fundamental right then that of being a father to your own child, including the prevention of the obstruction of Rodriguez's parental rights and secure Isidoro's international visitation rights as a citizen of the United States.. This enforcement involves both civil action- to force compliance and provide relief to Rodriguez and Isidoro-as well as the criminal prosecution of anyone who violates Rodriguez and Isidoro's civil rights–ANYONE. Likewise the Federal Bureau of Investigation exercises jurisdiction and investigative responsibilities under 18 U.S.C. §§ 4, 241, 242 and 1204 (see http://www.fbi.gov/hq/cid/cac/kidnap.htm). The Office of the United States Attorney for both the District of Colombia and the Eastern District of Virginia, although not having direct investigative authority is responsible for referring any complaint to the appropriate local office of the FBI for response or investigation.

On January 28, 2003, and October 4, 2004, a criminal complaint and request for investigation of violations of the Treaty and the civil rights of Rodriguez and Isidoro were filed with Mr. Paul J. McNulty, Assistant Untied Stated States Attorney for the Eastern District of Virginia. On January 4, 2005, Mr. Robert Spencer, Assistant U.S. Attorney, Chief Criminal Division assuming away the fact that his office had "sat" on the complaints for investigation of the acts in violation of Rodriguez and Isidoro's civil rights under the Treaty for almost two years and failed to refer it to the FBI. On February 11, 2005, a similar complaint for violation of Rodriguez and Isidoro's civil rights were filed with both the FBI and the Criminal Section, Civil Rights Division. On March 15 and 16, 2005, respectively Mr. Michael J. Anderson, FBI and Mr. Albert N. Moskowitz, DOJ, responded by stating that the complaint filed for the obstruction of the civil rights of Rodriguez as a parent protected under Treaty does not fall within their jurisdiction

Regarding the Office of Solicitor General, despite being on notice under 28 U.S.C. § 2403(a) of the constitutional challenges to the shanghaiing of Isidoro, and the denial of his rights to visitation, this office refused to act to prevent the ongoing conspiracy to violate Rodriguez and Isidoro's civil rights.

This FTCA notice alleges that these official acts of refusal to enforce the Treaty and rights under Virginia's UCCJEA, are in violation of 42 U.S.C. §§ 1983, 1085, and 1986, as well as 18 U.S.C. §§ 4, 241, 242 and 1204.

Finally, Respondents have intentionally acted outside the scope of their employment in

disregarding the mandate of Congressional Joint Resolution 293 of March 2000.

Rodriguez and Isidoro have been injured by these repeated intentional acts of Respondents all either done negligently or/or wrongfully, and/or undertaken intentional omission of the law, and/or, outside of their respective official capacity, **beginning on or about October 15, 2001 and continuing to the present in the County of Fairfax, Commonwealth of Virginia, including but not limited to the last known acts being on January 21, 2005, and March 31, 2005 and to the present**.

Respondents in furtherance of unauthorized policies and practices have conspired to violate the civil rights of Rodriguez and Isidoro by intentionally tortuously disregarding the mandates of both the General Assembly of the Commonwealth of Virginia and the United States Congress, by the following, but not limited to past and on going acts:

a. Respondents in support of their unauthorized and illegal policies and practices in violation of the Treaty and the Virginia's UCCJEA, after the illegal shanghaiing of Isidoro from the United States on June 11, 2002 in violation of both the fathers and son's civil rights as citizens of the United States, to conspire to obstruct with Rodriguez's right of visitation under the Joint Custody Settlement Agreement by obstructing with and depriving Rodriguez of his parental rights, in violation of 18 U.S.C. § § 4, 241, 242, 1204.

b. Respondents have illegally violated and deprived Rodriguez and Isidoro of their rights to due process and equal protection of the laws under the Constitution of Virginia disregarding and refusing to comply with Virginia's Uniform Child Custody and Enforcement Act ("UCCJEA) VA Code § 20-146.25, 146. 29, and 146.35.

c. Respondents have illegally violate and intentionally failed to comply with the mandate of Article III, § 2 Supremacy Clause of the United States Constitution by repeated intentional refuse to comply with Article 2, 19, 20, 21, and 29 of the Treaty and 42 U.S.C. § 11601(b)(4).

d. Respondents have illegally conspire to act outside of official authority for almost 1095 days in violation of 18 U.S.C. § 1204, Article 16 of the Treaty, and the requirements under the Virginia Code, *see generally* VA Code § 16.1-283, to intentionally deprive and obstruct Rodriguez of his parental rights as a father, pursuant to a valid Joint Custody Settlement Agreement, subsequent to the unlawful shanghaiing of Isidoro Rodriguez-Hazbun to the Republic of Colombian from the Commonwealth of Virginia, against his rights and best interest as a citizen of the United States.

e. Respondents in response to Rodriguez efforts to secure his parental rights Respondents have intentionally and repeatedly violated since January 27, 2003 to the present 18 U.S.C. §§ 4, 241, 242, and 1204, as well as Article III § 2 Supremacy Clause and provisions of the First, Fifth, and Ninth Amendments to the United States Constitution, by using Respondents political influence to deny meaningful and impartial access to the court in *Master Isidoro Rodriguez-Hazbun, Petitioner, v. Ms. Amalin Hazbun Escaf*, Case No. JJ-347-050-01-01, Juvenile and Domestic Relations Court

of the County of Fairfax; *Amalin Hazbun Escaf vs. Isidoro Rodriguez*, E.D. VA No. 01-1926-A; Ct. App. No. 02-1487.; and *Isidoro Rodriguez-Hazbun and Isidoro Rodriguez, Esq. v. National Center for Missing and Exploited Children*, DC Docket No. 03-00120 (RWR).

f.  The Respondent DOJ and its subagency have authorized and funded the ICMEC and NCMEC's publication of reports, and training material, as well as conducted briefings, and judicial conferences wherein both the Federal and State Judges are taught to:

(a)  disregard 42 U.S.C. § 11603 authorization of Federal and State Courts concurrent jurisdiction to consider Treaty applications;

(b)  restrict jurisdiction by the Federal Courts to consideration of petitions under the Treaty to Articles 12, regarding only  the return of a child to the "habitual residence;"

( c ) disregard or limit consideration of the exception under Article 13(b) of Treaty regarding a "zone of war";

(d)  disregard the exception under last ¶2 of Article 13(b) of Treaty so to disregard State law on the age of maturity to take account of the preference of the child;

(e)  disregard consideration Article 20 of Treaty regarding the "fundamental rights" of U.S. citizens under the U.S. Constitution;

(f)  disregard totally Articles 2, 21and 29 of the Treaty, so to not process any applications to secure international visitation rights in either Federal or State Courts.

Thus United States is liable under the FTCA,[4] for the ongoing injuries caused by the Respondents acting within their scope of employment, and Respondents are responsible in their individual capacity for acts outside of their authority under the Treaty, Statute and Regulations, which have cause for over 1035 days the deprivation of the Rodriguez's parental and fundamental rights, and Isidoro's fundamental rights as a citizen of the United States confirmed pursuant to a valid Joint Custody Settlement Agreement, and protected under the United States Constitution, Treaty, and Federal Statutes, including civil rights protected under in violation of 18 U.S.C. § § 4, 241, 242, 1204, as well as Constitution of Virginia, the Code of Virginia.

## Agencies and Individuals to be held liable[5]

---

[4]While arguing for dismissal under FRCP Rule 12 because the NCMEC was only a "nonprofit organization" and not an "instrumentality of government" in *Isidoro Rodriguez et al. vs. National Center for Missing and Exploited Children*, DC docket No. 03-0120 (RWR), Respondents sought and obtain passage of amendments to the FTCA obtain its protection for the NCMEC, its agents, employees, and attorneys.

[5]A number of Respondents are licensed Virginia attorneys, and therefore have violated Virginia Rules of Professional Conduct, Rule 4.1, which states that, "[i]n the course of representing a client a lawyer shall not knowingly: (a) Make a false statement of fact or law; or (b) fail to disclose a fact when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client.  *See also* DR 7-102(A)(5) and DR 7-102(A)(3); Rule 1.6 and 3.3(a)(4).

Office of the Director
United States Department of Justice
Office of Justice Programs
Office of Juvenile Justice and
Delinquency Prevention
810 Seventh Street, NW
Washington, DC 20531

Mr. Robert a. Spencer
Chief Criminal Division
Office of United States Attorney
Eastern District of Virginia
2100 Jamison Avenue
Alexandria, Virginia 22314

Mr. Albert N. Moskowitz
Section Chief Criminal Section, PHB-
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Washington, D.C.. 20530

John Doe in Office of Solicitor General of
the United States
Department of Justice, Room 5614
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Ms. Marina Utgoff Braswell, Esq.
Assistant United States Attorney
for the District of Columbia, 10th Floor
555 4th St. N.W.
Washington, D.C. 20530

Mr. Michael J. Anderson
Supervisor Special Agent
Federal Bureau of Investigation
601 4th Street, NW
Washington, D.C. 20535

Sincerely,


Isidoro Rodriguez, Esq.


cc:    President George W. Bush
       The White House
       1600 Pennsylvania Avenue, NW
       Washington, DC 20500
       Att:  Ms. Desiree Thompson, Special Assistant
       to the President and Director of Presidential Correspondence

## *LAW OFFICES OF ISIDORO RODRIGUEZ*
## *ATTORNEYS AND COUNSELORS AT LAW*

Isidoro Rodriguez, Esq.                                                                    Dra. Irene Rodriguez
Admitted VA                                                                         Admitted Rep. of Colombia

*Virginia Office:*                                                                    *South American Office:*
2304 Farrington Avenue                                                               World Trade Center
Alexandria, Virginia 22303-1627                                               Calle 76 No. 54-11, Office 313
Telephone: 703.317.0526/telefax: 703.960.0225                                    Barranquilla, Colombia
e-mail:isidoror@earthlink.net                                                 Telephone: 011.575.3605288

June 14, 2005

Via U.S. Priority Certified Mail, Return Receipt Requested
Article Nos. 7004 1350 0001 7098 4609 and 4579

The Hon. Condoleezza Rice                          Howard J. Krongard, Inspector General
Secretary of State                                       Office of Inspector General
United States Department of State                                          HOTLINE
2201 C Street, NW                                                     P.O. Box 9778
Washington, D.C.  20520-6310                              Arlington, Virginia 22219

Subject:     **NOTICE OF  FEDERAL TORT CLAIM FOR ONGOING NEGLIGENCE,
             WRONGFUL ACTS AND INTENTIONAL OMISSION**

Greetings:

        Pursuant to the provisions of the Federal Tort Claims Act (FTCA) 28 U.S.C. §§ 1346(b),
2401(b), 2671-2680 (as amended in March, 2004), this is a notice of claim and IG complaint,[1] filed
against the below listed Respondents and John Does, on behalf of Isidoro Rodriguez, Esq.
("Rodriguez"), and as Father and Next of Friend of his 16 year-old son, Isidoro Rodriguez-Hazbun
("Isidoro"), for the repeated and ongoing violations of their civil rights protected under the below
cited Treaty, Federal and Virginia Statute, including 18 U.S.C. §§ 4, 241, 242, 1204, and
Congressional Joint Concurrent Resolution 292, March 2000.

        The amount claims is ten million dollars ($10,000,000.00), exclusive of interest and attorneys
fees under the Equal Access to Justice Act.

---

        [1]This letter serves as a complaint against Respondents to seek an investigation of these
matters, including for the fraudulent misappropriation and use of federal funds to further both
illegal and  unauthorized gender based policies and practices in violation of fathers rights
provided for under below cited Treaty, Statute, Regulation, and Joint Congressional Concurrent
Resolution 293, March 2000.

**NATURE OF THE CLAIM, VA Code § 8.01-195.6**

Since on or about October 15, 2001, and continuous to the present Respondents have conspired to tortuously act negligently, to undertake wrongful acts, and to intentionally act so to omit compliance with the law as mandated by Article 2, 19, 20, 21, and 29 of the Hague Convention on the Civil Aspects of International Child Abduction Dated October 25, 1980, T.I.A.A. No 11,670, 19 I.l.m. 1501 ("Treaty"); 42 U.S.C. § 11601 *et seq.*; and Virginia's Uniform Child Custody and Enforcement Act ("UCCJEA), VA Code §§ 20-146.1 to 146.35, ,[2] by developing and implementing unauthorized and illegal gender based policies in violation of Rodriguez and Isidoro's rights under a valid Joint Custody Agreement entered  pursuant to the laws of the Republic of Colombia.[3]

Furthermore, in response to Rodriguez exercising his First Amendment Right to petition government for his grievances and challenge to said unauthorized and illegal policies and practices Respondents have conspired for over 1035 days to deprive Rodriguez and Isidoro of their civil rights and deny Rodriguez of his parental right of visitation with Isidoro as a citizen of the United States to Virginia, in accordance with a valid Joint Custody Agreement under the laws of the Republic of Colombia, as required by Article 2 and 21 of the Treaty thereby intentionally refusing to secure to them the benefits, opportunities, and rights as citizen of the United States.  Finally, Respondents have conspired and use their political influence to deprive Rodriguez and Isidoro of their rights under the Treaty and Virginia UCCJEA to access to the Courts of Virginia, including the ongoing denying of the right to secure visitation to the United States for Isidoro since December 4, 2003 and January 5, 2005, in accordance with VA Code §§ 20-146.25, 146. 29, and 146.35.

Finally, Respondents have intentionally acted outside the scope of their employment in disregarding the mandate of Congressional Joint Resolution 293 of March 2000.

Rodriguez and Isidoro have been injured by these repeated intentional acts of Respondents all either done  negligently or/or wrongfully, and/or undertaken  intentional omission of the law, and/or, outside of their respective official capacity, **beginning on or about October 15, 2001 and**

---

[2]A claim and amendment were filed on January 7, and October 21, 2002 respectively under the FTCA.  Subsequently from then until the present, continuous tortuously negligent, wrong acts and omissions have compounded the initial claim, which are the basis of this claim.

[3]In violation of the Treaty and the Congressional Resolution the ICMEC and NCMEC, with the approval of the U.S. Department of State and the U.S. Department of Justice have developed gender base illegal and unauthorized policies, practices and peaching teaching material under 22 C.F.R. § 94.1 *et seq.,* designed to focus only on the return to "habitual resident" under Article 12 of the Treaty, and disregard all the exceptions to application of the Treaty including the fundamental rights of U.S. citizens and their right to petition to secure the ministerial duties of the U.S. Central Authority under Article 2, 21 and 29, and protection of civil rights by DOJ pursuant to 18 U.S.C. §§ 4, 241 and 1204, to secure international visitation rights of citizens of the United States.

**continuing to the present in the County of Fairfax, Commonwealth of Virginia, including but not limited to the last known acts being on January 21, 2005, and March 31, 2005 and to the present**.

Respondents in furtherance of unauthorized policies and practices have conspired to violate the civil rights of Rodriguez and Isidoro by intentionally tortuously disregarding the mandates of both the General Assembly of the Commonwealth of Virginia and the United States Congress, by the following, but not limited to past and on going acts:

a. Respondents in support of their unauthorized and illegal policies and practices in violation of the Treaty and the Virginia's UCCJEA, after the illegal shanghaiing of Isidoro from the United States on June 11, 2002 in violation of both the fathers and son's civil rights as citizens of the United States, to conspire to obstruct with Rodriguez's right of visitation under the Joint Custody Settlement Agreement by obstructing with and depriving Rodriguez of his parental rights, in violation of 18 U.S.C. § § 4, 241, 242, 1204.

b. Respondents have illegally violated and deprived Rodriguez and Isidoro of their rights to due process and equal protection of the laws under the Constitution of Virginia disregarding and refusing to comply with Virginia's Uniform Child Custody and Enforcement Act ("UCCJEA) VA Code § 20-146.25, 146. 29, and 146.35.

c. Respondents have illegally violate and intentionally failed to comply with the mandate of Article III, § 2 Supremacy Clause of the United States Constitution by repeated intentional refuse to comply with Article 2, 19, 20, 21, and 29 of the Treaty and 42 U.S.C. § 11601(b)(4).

d. Respondents have illegally conspire to act outside of official authority for almost 1095 days in violation of 18 U.S.C. § 1204, Article 16 of the Treaty, and the requirements under the Virginia Code, *see generally* VA Code § 16.1-283, to intentionally deprive and obstruct Rodriguez of his parental rights as a father, pursuant to a valid Joint Custody Settlement Agreement, subsequent to the unlawful shanghaiing of Isidoro Rodriguez-Hazbun to the Republic of Colombian from the Commonwealth of Virginia, against his rights and best interest as a citizen of the United States.

e. Respondents in response to Rodriguez efforts to secure his parental rights Respondents have intentionally and repeatedly violated since January 27, 2003 to the present 18 U.S.C. §§ 4, 241, 242, and 1204, as well as Article III § 2 Supremacy Clause and provisions of the First, Fifth, and Ninth Amendments to the United States Constitution, by using Respondents political influence to deny meaningful and impartial access to the court in *Master Isidoro Rodriguez-Hazbun, Petitioner, v. Ms. Amalin Hazbun Escaf*, Case No. JJ-347-050-01-01, Juvenile and Domestic Relations Court of the County of Fairfax; *Amalin Hazbun Escaf vs. Isidoro Rodriguez*, E.D. VA No. 01-1926-A; Ct. App. No. 02-1487.; and *Isidoro Rodriguez-Hazbun and Isidoro Rodriguez, Esq. v. National Center for Missing and Exploited Children*, DC Docket No. 03-00120 (RWR).

f.  The Respondents have authorized and funded the ICMEC and NCMEC's publication of reports, and training material, as well as conducted briefings, and judicial conferences wherein both the Federal and State Judges are taught to:

(a)  disregard 42 U.S.C. § 11603 authorization of Federal and State Courts concurrent jurisdiction to consider Treaty applications;

(b)  restrict jurisdiction by the Federal Courts to consideration of petitions under the Treaty to Articles 12, regarding only  the return of a child to the "habitual residence;"

( c ) disregard or limit consideration of the exception under Article 13(b) of Treaty regarding a "zone of war";

(d)  disregard the exception under last ¶2 of Article 13(b) of Treaty so to disregard State law on the age of maturity to take account of the preference of the child;

(e)  disregard consideration Article 20 of Treaty regarding the "fundamental rights" of U.S. citizens under the U.S. Constitution;

(f)  disregard totally Articles 2, 21and 29 of the Treaty, so to not process any applications to secure international visitation rights in either Federal or State Courts.

Thus United States is liable under the FTCA,[4] for the ongoing injuries caused by the Respondents acting within their scope of employment, and Respondents are responsible in their individual capacity for acts outside of their authority under the Treaty, Statute and Regulations, which have cause for over 1035 days the deprivation of the Rodriguez's parental and fundamental rights, and Isidoro's fundamental rights as a citizen of the United States confirmed pursuant to a valid Joint Custody Settlement Agreement, and protected under the United States Constitution, Treaty, and Federal Statutes, including civil rights protected under in violation of 18 U.S.C. § § 4, 241, 242, 1204, as well as Constitution of Virginia, the Code of Virginia.

**Agencies and Individuals to be held liable**[5]

| | |
|---|---|
| The National Center for Missing & Exploited Children (NCMEC) 699 Prince Street Alexandria, VA 22303 | United States Department of State 2201 C Street, NW Washington, D.C.  20520-6310 |

---

[4]While arguing for dismissal under FRCP Rule 12 because the NCMEC was only a "nonprofit organization" and not an "instrumentality of government" in *Isidoro Rodriguez et al. vs. National Center for Missing and Exploited Children*, DC docket No. 03-0120 (RWR), Respondents sought and obtain passage of amendments to the FTCA obtain its protection for the NCMEC, its agents, employees, and attorneys.

[5]A number of Respondents are licensed Virginia attorneys, and therefore have violated Virginia Rules of Professional Conduct, Rule 4.1, which states that, "[i]n the course of representing a client a lawyer shall not knowingly: (a) Make a false statement of fact or law; or (b) fail to disclose a fact when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client.  *See also* DR 7-102(A)(5) and DR 7-102(A)(3); Rule 1.6 and 3.3(a)(4).

The International Centre for
Missing & Exploited Children (ICMEC)
699 Prince Street
Alexandria, VA 22303

Mr. Ernie Allen
President and Chief Executive Officer of
NCMEC and ICMEC
699 Prince Street
Alexandria, VA 22303

Ms. Nancy Hammer, Esq.
The National Center for
Missing & Exploited Children
699 Prince Street
Alexandria, VA 22303

Mr. Guillermo Galarza
National Center for Missing & Exploited Children
699 Prince Street
Alexandria, VA 22303

Miles & Stockbridge Llp
600 Washington Avenue, suite 300
Towson, Maryland 21204

Stephen J.Cullen,
Miles & Stockbridge Llp
600 Washington Avenue, suite 300
Towson, Maryland 21204

Proskauer Rose Llp
1233 Twentieth Street NW
Suite 800
Washington, D.C. 20036-2396

Ms. Susan Brinkerhoff, Esq.
Proskauer Rose Llp.
1233 Twentieth Street NW, Suite 800
Washington, D.C. 20036-2396

Ms. Anita M. Bahauddin, Esq.
Proskauer Rose Llp.

The Office of Children Issues
Bureau of Consular Affairs
United States Department of State
2201 C Street NW/SA-22
Washington, DC 20520-4818

Ms. Mary B. Marshall
Director Office of Children Issues
United States Department of State
2201 C Street NW/SA-22
Washington, DC 20520-4818

The Office of Legal Advisor for
Consular Affairs
U.S. Department of State
Room 5519
2201 C Street, NW
Washington, D.C. 20520-6310

Mr. Robert McCannell, Executive Director
The Office of Legal Advisor For Consular
Affairs
United States Department of State
Room 5519
2201 C Street, NW
Washington, D.C. 20520-6310

Mr. Knute E. Malmborg, Attorney
Advisor,
The Office of Legal Advisor For Consular
Affairs
United States Department of State, Room
5519
2201 C Street, NW
Washington, D.C. 20520-6310

Mr. Patrick H. Stiehm, Esq.
Stiehm Law Office
4308 Lawrence street
Alexandria, Virginia 22309

Estate of Warren Dennis, Esq.
Proskauer Rose Llp.

1233 Twentieth Street NW, Suite 800           1233 Twentieth Street NW, Suite 800
Washington, D.C. 20036-2396                   Washington, D.C. 20036-2396

                                              Ms. Heather d. Laffitte, Esq.
                                              Proskauer Rose Llp.
                                              1233 Twentieth Street NW, Suite 800
                                              Washington, D.C. 20036-2396

                                                                    Sincerely,


                                                        Isidoro Rodriguez, Esq.


cc:     President George W. Bush
        The White House
        1600 Pennsylvania Avenue, NW
        Washington, DC 20500
        Att:  Ms. Desiree Thompson, Special Assistant
        to the President and Director of Presidential Correspondence

# DE NOVO Legal, LLC
**Resource solutions for law firms and corporate legal departments**

March 29, 2007

Dear Isidoro,

   This letter is to inform you that as of March 29, 2007 we must terminate your employment with our organization. We received information regarding your current bar status and upon further investigation we were informed by the VA Bar Association that your license was revoked as of the end of October 2006. They advised us that your Virginia Bar Membership could not currently serve as the basis for your employment as an attorney in the Commonwealth of Virginia.

   Unfortunately, since your status in DC is pending and the current client has required current bar membership in at least one state if the DC bar is pending, you no longer qualify to continue on the current project. Although we must obey the rules and regulations of both our clients and the bar associations, we would like to thank you for your hard work and dedication as a Project Manager for our organization. It was a pleasure working with you and having you as both a contract attorney and a project manager.

   Please understand that our decision was not based on your performance as a Project Manager. We felt that you did an excellent job and fully reflected our vision of project management in DC. We would like to continue our relationship with you for future opportunities after this issue is resolved.

   Again we would like to thank you for your hard work and look forward to working with you in the future.

Thank You

Sincerely

_____/S/_____
John B. Thacher III
Director of Project Management

1420 K Street 11th Fioor I Washington, D.C. 20005
T: 202.292.4858 F: 202.293.4322

**denovolegal.com**

Plaintiff's Exhibit 10

(District of Columbia)
(Court of Appeals)
(Seal)

**District of Columbia Court of Appeals**
**Committee on Admissions**
*500 Indiana Avenue, N.W.-Room 4200*
*Washington, D.C. 2001*
*202/879-2710*

May 14, 2007

Isodoro Rodriguez
7924 Peyton Forest Trail
Annandale, VA 22003-1560

RE: M76442

Dear Mr. Rodriguez:

You have applied for admission to the Bar of the District of Columbia Court of Appeals, without examination, based on your 1982 admission to the Virginia State Bar. Virginia is the jurisdiction of your original bar admission.

One of your recent submissions to the Committee on Admissions included a copy an of an order issued by the Virginia State Bar Disciplinary Board ("VSBDB"), dated November 28, 2006, revoking your license to practice law in the Commonwealth of Virginia, effective October 27, 2006. *See,* VSBDB Order at 21. This is the functional equivalent of disbarment in Virginia.

As a consequence of your recent disbarment in Virginia, you are no longer currently eligible for admission to the Bar in our jurisdiction. This is clear from the on-point case law of the District of Columbia Court of Appeals. *See, In re Mbakpuo*, 829 A.2d 217 (D.C. 2003) *(recon. denied,* Jan. 13, 2004) (A lawyer disbarred in the jurisdiction of his original admission is ineligible for admission to the D.C. Bar until he has successfully regained his license to practice in his original jurisdiction.)

We understand. that, you contend that the VSBDB's Order disbarring you in Virginia is "void.'" The Committee's position is that such' contention may be raised only in the courts of Virginia, and not as part of any proceedings in this jurisdiction.

Plaintiff's Exhibit 11

Mr. Rodriguez 5/14/07

Page 2

       For the foregoing reasons, the Committee is unable to consider further your application for admission to the Bar of this jurisdiction. However, in the event that you should regain your license to practice law in Virginia in the near future, you may request the Committee to reactivate your application.

Sincerely,

_____/S/_____

Jacqueline M. Smith
Director

cc:    Mark Carlin, Chair
       Alan Kent, Counsel

Plaintiff's Exhibit 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| Isidoro Rodriguez, Esq. | : | Case No. 07-CV-_____ |
| 7924 Peyton Forest Trail | : | Verified Complaint |
| Annandale, Virginia 22003-1560, | : | Jury Trial Demanded |
| Telephone: 572.423.5066 | : | |
| | : | |
| Plaintiff *Pro Se,* | : | |
| | : | |
| vs. | : | |
| | : | |
| Editor in Chief, individually and in his corporate capacity | : | |
| *Legal Times* | : | |
| 1730 M Street, N.W. | : | |
| Washington, D.C.  20036 | : | |
| | : | |
| Editor in Chief, individually and in his corporate capacity | : | |
| The Washington Post | : | |
| 1150 15th Street, N.W. | : | |
| Washington, D.C. | : | |
| | : | |
| Hon. Judge John G. Roberts, individually and | : | |
| in his capacity as former Associate Justice USCA for DC | : | |
| Cir., as Circuit Justice for DC and 4th Cir., and as | : | |
| Chief Justice of the United States Supreme Court | : | |
| 1 First Street, N.E. | : | |
| Washington, D.C.  20543 | : | |
| | : | |
| Hon. Leroy Rountree Hassell, Sr. | : | |
| in his individual capacity and as Chief Justice | : | |
| The Virginia Supreme Court | : | |
| 100 North Ninth Street, Fifth Floor | : | |
| Richmond, VA 23219 | : | |
| | : | |
| The Supreme Court of Virginia | : | |
| 100 North Ninth Street, Fifth Floor | : | |
| Richmond, VA 23219 | : | |
| | : | |
| Ms. Karen Ann Gould, Esq., | : | |
| in her official capacity as President | : | |
| Virginia State Bar | : | |
| Eighth & Main Building | : | |
| 707 East Main Street, Suite 1500 | : | |
| Richmond, VA 23219-2800 | : | |

a

Virginia State Bar                                                    :
Eighth & Main Building                                               :
707 East Main Street, Suite 1500                                     :
Richmond, VA 23219-2800                                              :
                                                                     :
Ms. Noel D. Sengel                                                   :
individually and in her official capacity as                        :
Senior Assistant Bar Counsel                                        :
Virginia State Bar                                                   :
100 N. Pitt Street, Suite 310                                       :
Alexandria, Virginia 22314-3133                                     :
                                                                     :
Mr. James Leroy Banks, Jr., Esq.,                                    :
individually and in his official capacity as 1st Vice Chair    :
Virginia State Bar Disciplinary System                               :
Seyfarth & Shaw LLP, Suite 500                                       :
815 Connecticut Ave. N.W.                                            :
Washington, D.C.  20006-4004                                        :
                                                                     :
Mr. William Carlyle Boyce Jr., Esq.                                  :
individually and in his official capacity as member of              :
the Panel Virginia State Bar Disciplinary System                    :
9300 Grant Avenue                                                    :
Manassas VA 20110                                                    :
                                                                     :
Mr. William Ethan Glover, Esq.                                       :
individually and in his official capacity as member of              :
the Panel Virginia State Bar Disciplinary System                    :
P.O. Box 207                                                         :
Fredericksburg, VA 20404-0207                                        :
                                                                     :
Mr. Glenn M. Hodge, Esq.                                             :
individually and in his official capacity as member of              :
the Panel Virginia State Bar Disciplinary System                    :
Warton, Aldhizer & Weaver                                            :
100 South Mason Street                                               :
Harrisonburg, VA 22801-7528                                          :
                                                                     :
Mr. Stephen A. Wannall                                               :
individually and in his official capacity as member of              :
the Panel Virginia State Bar Disciplinary System                    :
1033 Oak Grove Drive                                                 :
Mineral,  VA 23117                                                  :
                                                                     :
Mr. Davis J. Gogal, Esq.                                             :
individually and in his official capacity as Chair for the          :

b

5th District Committee, Blankingship & Keith, P.C.     :
4020 University Drive, Suite 300     :
Fairfax, VA 22030-6898     :
     :
Mr. Daniel M. Rathbun, Esq.     :
individually and in his official capacity as Member of     :
Subcommittee for 5th District Committee,     :
Virginia State Bar     :
100 N. Pitt Street, Suite 310     :
Alexandria, Virginia 22314-3133     :
     :
Mr. Edward V. O'Connor, Jr, Esq.     :
individually and in his official capacity as Member of     :
Subcommittee for 5th District Committee,     :
Virginia State Bar     :
100 N. Pitt Street, Suite 310     :
Alexandria, Virginia 22314-3133     :
     :
Mr. John W, di Zerega     :
individually and in his official capacity as Member of     :
Subcommittee for 5th District Committee,     :
Virginia State Bar     :
100 N. Pitt Street, Suite 310     :
Alexandria, Virginia 22314-3133     :
     :
Office of Attorney General for the Commonwealth of VA     :
900 East Main Street     :
Richmond, Virginia 23219     :
     :
Catherine Crooks Hill, Esq.     :
individually and in her official capacity as     :
Assistant Attorney General for the Commonwealth of VA     :
900 East Main Street     :
Richmond, Virginia 23219     :
     :
The Court of Appeals of Virginia     :
109 North Eight Street     :
Richmond, VA 23219-2321     :
     :
The Fairfax County Circuit Court     :
4110 Chain Bridge Road     :
Fairfax, VA 22030     :
     :
The Fairfax County J & D District Court     :
4110 Chain Bridge Road     :
Fairfax, VA 22030     :

c

Judge Thomas Mann                                                  :
individually and in his official capacity as Justice              :
The Fairfax County J & D District Court                           :
4110 Chain Bridge Road                                            :
Fairfax, VA 22030                                                 :
                                                                  :
Hon. Judge Richard W. Roberts, individually and in his            :
capacity as Judge of the U.S. District Court for D.C.             :
E. Barrett Prettyman                                              :
United States Courthouse                                          :
333 Constitution Avenue, N..W.                                    :
Washington, D.C.  20001                                           :
                                                                  :
Hon. Chief Judge Jane A. Restani                                  :
individually and in his official capacity as Chief Judge          :
U.S. Court of International Trade                                  :
One Federal Plaza                                                 :
New York, New York 10007                                          :
                                                                  :
Hon. Chief Judge Paul R. Michel                                   :
individually and in his official capacity as Chief Judge          :
U.S. Court of Appeals for the Federal Cir.                        :
The National Courts Building, 717 Madison Place, N.W.             :
Washington, D.C.  20439                                           :
                                                                  :
Hon. Judge William H. Stafford, Jr.                               :
individually and in his official capacity as Judge                :
U.S. District Court for the N. D. Fl.                             :
110 East Park Avenue                                              :
Tallahassee Florida 32301                                         :
                                                                  :
Judge T.S. Ellis III                                              :
individually and in his official capacity as Justice              :
U. S. District Court for the E. D. of VA                          :
Alexandria Division U.S. Courthouse                               :
401 Courthouse Square                                             :
Alexandria, VA 22314                                              :
                                                                  :
United States Department of Justice                               :
950 Pennsylvania Avenue, N.W.                                     :
Washington, D.C.  20530-0001                                      :
                                                                  :
Office of the Solicitor General of the United States             :
Department of Justice                                             :
950 Pennsylvania Avenue, N.W.                                     :
Washington, D.C.  20530-0001                                      :

d

Mr. Alberto Gonzales                                          :
in his individually and official capacity as                 :
Attorney General of the                                      :
United States Department of Justice                          :
950 Pennsylvania Avenue, N.W.                                :
Washington, D.C.  20530-0001                                 :
                                                             :
Mr. Paul McNulty                                             :
in his individually and official capacity as former          :
U.S. Attorney for the ED of Va and as Deputy                 :
Attorney General of the United States                        :
United States Department of Justice                          :
950 Pennsylvania Avenue, N.W.                                :
Washington, D.C.  20530-0001                                 :
                                                             :
Office of United States Attorney                             :
for the Eastern District of Virginia                         :
2100 Jamison Avenue                                          :
Alexandria, Virginia 22314                                   :
                                                             :
Office of United States Attorney                             :
for the District of Columbia                                 :
555 Fourth Street, NW, Room 10-413                           :
Washington, D.C.  20530-0001                                 :
                                                             :
Ms. Marina Utgoff Braswell                                   :
individually and in her official capacity as                 :
U.S. Attorneys Office for the District of Columbia           :
555 Fourth Street, NW, Room 10-413                           :
Washington, D.C.  20530-0001                                 :
                                                             :
Director, in His/her Individually and Official Capacity      :
United States Department of Justice                          :
Office of Justice Programs                                   :
Office of Juvenile Justice and Delinquency Prevention        :
810 Seventh Street, NW                                       :
Washington, DC 20531                                         :
                                                             :
Federal Bureau of Investigation                              :
935 Pennsylvania Ave., N.W.                                  :
J. Edgar Hoover Bldg                                         :
Washington, DC 20535-0001                                    :
                                                             :
United States Department of State                            :
2201 C Street, NW                                            :
Washington, D.C.  20520-6310                                 :

e

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Ms. Condoleezza Rice, in her                            :
individually and official capacity as                   :
Secretary of State,                                     :
United States Department of State                       :
2201 C Street, NW                                       :
Washington, D.C.  20520-6310                            :
                                                        :
Legal Advisor for Consular Affairs                      :
U.S. Department of State, Room 5519                     :
2201 C Street, NW                                       :
Washington, D.C.  20520-6310                            :
                                                        :
Director, in His/her Individually and Official          :
Capacity as the Office of Children Issues               :
Bureau of Consular Affairs                              :
United States Department of State                       :
2201 C Street NW/SA-22                                 :
Washington, DC  20520-4818                              :
                                                        :
The National Center for Missing & Exploited Children    :
699 Prince Street                                       :
Alexandria, VA 22303                                    :
                                                        :
Supreme Court of the United State                       :
1 First Street, N.E.                                    :
Washington, D.C.  20543                                 :
United States Court of Appeals for                      :
                                                        :
The United States Court of Appeals                      :
for the District of Columbia Circuit                    :
E. Barrett Prettyman United States Courthouse           :
333 Constitution Avenue, NW                             :
Washington, D.C. 20001                                  :
                                                        :
United States Court of Appeal for the 4th Cir.          :
Lewis F. Powell, Jr. United States Courthouse Annex     :
1100 East Main Street, Suite 501                        :
Richmond, VA 23219-3517                                 :
                                                        :
U.S. District Court for the District of Columbia        :
E. Barrett Prettyman                                    :

f

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

United States Courthouse                                    :
333 Constitution Avenue, N..W.                             :
Washington, D.C. 20001                                     :
                                                           :
U. S. District Court for the E. D. of VA                   :
Alexandria Division U.S. Courthouse                        :
401 Courthouse Square                                      :
Alexandria, VA 22314                                       :
                                                           :
National Center for Missing & Exploited Children           :
699 Prince Street                                          :
Alexandria, VA 22303                                       :
                                                           :
Mr. Ernie Allen, in his corporate and individual           :
capacity as President and Chief Executive Officer,         :
National Center for Missing & Exploited Children           :
699 Prince Street                                          :
Alexandria, VA 22303                                       :
                                                           :
The Board of Directors of National Center                  :
for Missing & Exploited Children,                          :
in their corporate and individual capacity                 :
699 Prince Street                                          :
Alexandria, VA 22303                                       :
                                                           :
Ms. Nancy Hammer, Esq.                                     :
National Center for Missing & Exploited Children           :
699 Prince Street                                          :
Alexandria, VA 22303                                       :
                                                           :
Ms. Susan Brinkerhoff, Esq.                                :
Proskauer Rose LLP                                         :
1233 Twentieth Street NW, Suite 800                        :
Washington, D.C. 20036-2396                                :
                                                           :
Proskauer Rose LLP                                         :
1233 Twentieth Street NW, Suite 800                        :
Washington, D.C. 20036-2396                                :
                                                           :
Miles & Stockbridge LLP                                    :
600 Washington Avenue, Suite 300                           :

g

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Towson, Maryland 21204                          :
                                                :
Stephen J.Cullen, Esq.                          :
Miles & Stockbridge LLP                         :
600 Washington Avenue, Suite 300                :
Towson, Maryland 21204                          :
                                                :
Mr. Patrick H. Stiehm, Esq.                     :
Stiehm Law Office                               :
4308 Lawrence Street                            :
Alexandria, Virginia 22309                      :
                                                :
Covington & Burling                             :
1201 Pennsylvania Avenue, N.W.                  :
Washington, D.C.  20004                         :
                                                :
Mr. Eric H. Holder, Jr., Esq.                   :
Covington & Burling                             :
1201 Pennsylvania Avenue, N.W.                  :
Washington, D.C.  20004                         :
                                                :
Ms. D. Jean Veta, Esq.                          :
Covington & Burling                             :
1201 Pennsylvania Avenue, N.W.                  :
Washington, D.C.  20004                         :
                                                :
Committee on Admissions                         :
District of Columbia Court of Appeals           :
500 Indiana Avenue, N.W.–Room 43200             :
Washington, D.C.  20001                         :
                                                :
And John Does 1-20, in Their Individual capacity :
And Unknown Number of Unnamed Entities and      :
Unknown Employees and Agents of the United      :
States, and the Commonwealth of Virginia        :
in their official and individual capacities,    :
                                                :
                        Defendants.             :
_____:

h

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

TABLE OF CONTENT

PRELIMINARY ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      DEFENDANTS FEDERAL EXECUTIVE BRANCH *et al.* . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      DEFENDANTS FEDERAL JUDICIARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      DEFENDANTS VIRGINIA JUDICIARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

STATEMENT OF FACTUAL  ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

RODRIGUEZ-FATHER'S *VITA* AS A VIRGINIA ATTORNEY AND PARENTAL RIGHTS . . . . . . . 11

MINISTERIAL DUTY OF DEPARTMENT OF STATE AND JUSTICE ET AL. . . . . . . . . . . . . . . . 13

RODRIGUEZ-FATHER'S LITIGATION ON BEHALF OF ISIDORO-SON TO REMAIN IN THE U.S.A., UNLAWFULLY STAYED IN THE FAIRFAX J&D COURT IN VIOLATION OF TREATY AND VA CODE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

RODRIGUEZ-FATHER'S 1ST FEDERAL TORT CLAIM NOTICE FILED JANUARY 7, 2002, BASED ON DEFENDANTS' UNLAWFUL POLICIES IN VIOLATIONS OF TREATY, AND VA CODE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

DEFENDANTS HON. JUDGE ELLIS III, THE U.S. DIST. CT. FOR THE ED OF VA, THE 4TH CIR., AND THE U. S. SUPREME COURT'S APPROVING AND RATIFYING UNLAWFUL POLICIES VIOLATING THE  TREATY, VA CODE, AND THE CONSPIRACY TO OBSTRUCT RODRIGUEZ-FATHER'S PARENTAL RIGHTS IN VIOLATION OF 18 U.S.C. § 1204. . . . . . . . . . . . . . . . . . . . . 16

DEFENDANTS JUDGE R. ROBERTS, THE U.S. DIST CT. FOR DC, THE D.C. CIR CT OF APPEALS, CHIEF JUSTICE JOHN G. ROBERTS, AND THE UNITED STATES SUPREME COURT'S CONSPIRACY IN FURTHERANCE OF UNLAWFUL POLICES IN VIOLATION OF THE TREATY, VA CODE, AND 18 U.S.C. §§ 4, 241, 1001, AND 1204.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

RODRIGUEZ-FATHER'S LITIGATION IN FAIRFAX J&D CT., ON BEHALF OF ISIDORO-SON SO

i

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

TO SECURE HIS VISITATION TO THE U.S. PURSUANT TO THE TREATY AND VA CODE § 20-146.25, AND THEIR FILING OF NOTICE OF VIRGINIA TORT CLAIM IN JUNE 2005, AGAINST THE COURTS OF VIRGINIA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

RODRIGUEZ-FATHER'S CRIMINAL COMPLAINT FOR THE OBSTRUCTION OF PARENTAL RIGHTS IN VIOLATION OF THE TREATY AND VA CODE , AND 18 U.S.C. § 1204. . . . . . . . . . 26

RODRIGUEZ-FATHER'S AMENDED COMPLAINT, AND SUPPLEMENTAL FEDERAL TORT CLAIMS NOTICES BASED ON THE CONSPIRACY TO OBSTRUCT HIS VISITATION RIGHTS. . 27

THE VIRGINIA SUPREME COURT, VIRGINIA STATE BAR'S ("VSB"), EXECUTIVE BRANCH *et al.* VIOLATION OF 18 U.S.C. §§ 241, AND 242, IN SEEKING TO STIGMATIZE INJURE, PUNISH, AND INTIMIDATE RODRIGUEZ-FATHER FOR EXERCISING HIS RIGHTS UNDER TREATY, FEDERAL STATUTE, AND VA CODE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

DEFENDANTS THE D.C. COMMITTEE ON ADMISSIONS, THE 4TH CIR., CHIEF JUSTICE JOHN G. ROBERTS, AND U.S. SUPREME COURT APPROVAL AND RATIFYING THE CONSPIRACY TO STIGMATIZE AND INJURE RODRIGUEZ-FATHER IN VIOLATION OF 18 U.S.C. §§ 241 & 242. 31

CAUSES OF ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

    FIRST CAUSE OF ACTION: Multiple Predicate Acts Against Rodriguez-father by All Defendants in violation of Civil R.I.C.O. 18 U.S.C. §1962 (Including but not limited to 18 U.S.C. § 1511 (obstructing enforcement of Federal and VA Code); 18 U.S.C. §§ 1661 through 1668; 18 U.S.C. § 1204(obstructing parental rights under Treaty and Va. Code); and 18 U.S.C. §§ 241, and 242) (obstruction of justice in a conspiracy to injure or intimidate for the exercising of Federal right) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

    SECOND CAUSE OF ACTION: For Violation of Due Process, Equal Protection, and Access to the Federal and Virginia Courts (Fifth and Fourteenth Amendments) . . . . . . . . . . . 51

    THIRD CAUSE OF ACTION: Denial of Right to Petition the Government and Privacy (First and Ninth Amendments) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

    FOURTH CAUSE OF ACTION: Violations of 42 U.S.C. §1983, and §§ 241 and 242: Deprivation of Parental Rights . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

    FIFTH CAUSE OF ACTION: Violations of 42 U.S.C. §1983, and 18 U.S.C. § 4, 241, 242, 371, 1001, and 1204: Obstruction of parental rights and  depravation of rights as an attorney. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

j

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

SIXTH CAUSE OF ACTION: Violation of 42 U.S.C. § 1983 (Denial of Due Process and Equal Protection Clauses) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

SEVENTH CAUSE OF ACTION: Violation of 42 U.S.C. § 1985(3) and VA Code (conspiracy) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

EIGHTH CAUSE OF ACTION: Violations of 42 U.S.C. 1986, Refusing or neglecting failing to protect and prevent the wrongs conspired to be done to obstruct parental rights of visitation and punish in violation of 18 U.S.C. §§ 241 and 242. . . . . . . . . . . . . . . . . . . 64

NINTH CAUSE OF ACTION:  Intentional infliction of emotional distress . . . . . . . . . . . 67

TENTH CAUSE OF ACTION:  Business Conspiracy under Va. Code §§ 18.2-499 and 500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

ELEVENTH CAUSE OF ACTION: Common Law Conspiracy . . . . . . . . . . . . . . . . . . . . . 70

TWELFTH CAUSE OF ACTION:  Federal Tort Claims Act . . . . . . . . . . . . . . . . . . . . . . . 71

THIRTEENTH CAUSE OF ACTION:  Virginia Tort Claims Act, VA Code §§ 8.01-195.1-195.9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

JURY DEMAND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

VERIFICATION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

k

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

PRELIMINARY ALLEGATIONS

1.  This case arises out of violations of 18 U.S.C. §§ 241[1] & 242,[2] and § 1204[3], and the doctrine

of separation of power by the undertaking, approving, and ratifying of a conspiracy by the

Federal Executive Branch *et al.*, Federal Judicial Branch, Virginia Judicial Branch, Virginia

State Bar ("VSB"), Virginia Office of the Commonwealth's Attorney, *The Washington Post,*

*The Legal Times*, and John's Does 1-20 ("Defendants"), to intimidate, stigmatize, and injure

Plaintiff Isidoro Rodriguez ('Rodriguez-father') by the use of the dark cloud of injustice and

stigma to illegally obstruct with his parental rights (Plaintiff's Exhibit 1 and 2); to illegally

revoke his license to practice law in the Commonwealth of Virginia ("Virginia"), in violation

of Art. I and VI of the Constitution of Virginia, and VA Code §§ 54.1-3909, 54.1-3910, 54.1-

3915, and 54.1-3935; to illegally seek the revoking of Rodriguez-father's membership to

practice before the United States Court of Appeals for the Fourth Circuit, the United States

---

[1]18 U.S.C. § 241 - Conspiracy against rights, state that, "[i]f two or more persons
conspire to injure, oppress, threaten, or intimidate any person in any . . . Commonwealth, . . . ,
or District in the free exercise or enjoyment of any right or privilege secured to him by the
Constitution or laws of the United States, or because of his having so exercised the same; . . .
They shall be fined under this title or imprisoned not more than ten years, or both . . . .

[2]18 U.S.C. § 242 - Deprivation of rights under color of law, states that, " [w]hoever,
under color of any . . . , regulation, . . . , willfully subjects any person in any . . . Common-
wealth,  . . . , or District to the deprivation of any rights, privileges, or immunities secured or
protected by the Constitution or laws of the United States, . . ., shall be fined under this title or
imprisoned not more than one year, or both; . . . .

[3]18 U.S.C. § 1204 - International parental kidnapping. . . . (a) Whoever. . . retains a
child (who has been in the United States) outside the United States with intent to obstruct the
lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3
years, or both. . . . .

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Tax Court, and other Federal Courts; to use "Beltway cronyism" to illegally delay since July 17, 2005, the approval of Rodriguez-father waiver application into the Bar of the District of Columbia; and, to interfere with and damage Rodriguez-father's interstate and international business, profession, law office, and right to employment as an attorney in Virginia and the District of Colombia (Plaintiff's Exhibit 10 and 11).

2.    Rodriguez-father files this action pursuant to his rights under the First, Fifth, Ninth, and Fourteenth Amendment to the United States Constitution, Article I § 11 & § 12, and VI § 1 & § 5, of the Constitution of Virginia, the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68 (A), Article IV § 2, 42 U.S.C. § 1983 *et seq.*, *Bivens v. Six Unnamed Agents of the Federal Bureau of Investigation,* 403 U.S. 388 (1971)(*"Bivens")*, the Federal Tort Claims Act 28 U.S.C. § 2671 *et al.* ("FTCA"), 42 U.S.C. §§ 1985 and 1986, the Virginia Tort Claims Act, Va. Code §§ 18.2-499 and 500 ("VTCA"), Virginia Business Conspiracy, VA Code §§ 18.2-499 and 500, and 18 U.S.C. §§ 241 & 242, to seek the issuance of a TRO/Injunction, and Writ of Mandamus, as well as for compensatory, and punitive damages.

JURISDICTION

3.    Because of the numerous civil and criminal acts of Defendants to disregard and obfuscate the mandates and restrictions them by both Congress and the General Assembly of Virginia, and there has been neither a valid administrative process given that the and the VSB has issued a *void* order in violation of 18 U.S.C. §§ 241 and 242, Art. VI §§ 1 and 5 of the Constitution of Virginia, and VA Code §§ 54.1-54.1-3915, and 54.1-3935, nor has there or

2

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

could there be any final action by any "court" of Virginia given the *void* order doctrine and violation of Va. Code, the complaint presents numerous serious federal questions and numerous general challenges to the on going violations of the U.S. Constitution and Article VI §§ 1 and 5 of the Constitution of Virginia, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483-485 (1983).

4.     Furthermore, based on the unlawful obstruction and punishment, stigma, as well as injury to Rodriguez-father for seeking the free exercising and enjoyment of his parental rights pursuant to Article 21 of the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980 ("Treaty"); Congressional Joint Concurrent Resolution 293 of May 23, 2000; and, Virginia's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Va Code § 20-146.25 and 35, *Canter v. Cohen*, 442 F.3d 196 (March 21, 2006); 2006 U.S. App. LEXIS 6915, and laws of the United States, the Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, 1343(a), 1346(b), 1367(a), 1361 (providing for an action to order a federal official to perform a mandatory duty and to halt unlawful conduct), § 1986 (action for neglect to prevent conspiracy), and § 2401; 5 U.S.C. § 702 (failure to do official acts); 42 U.S.C. § 1983 (civil action for deprivation of rights), and 18 U.S.C. ,§ 1961 (and statutes cited therein) through § 1968 (RICO) (action for multiple acts against Rodriguez-father for seeking to report criminal acts against the United States).

5.     Furthermore this Court has jurisdiction pursuant to 18 U.S.C. § 4 (federal crime reporting statute), of the numerous and on going violations of 18 U.S.C. §§ 241 (conspiracy in retaliation for exercising federal rights), 242, 371, 1001, 1204 (obstruction of Rodriguez-

3

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

father parental rights).

6.   This Court has jurisdiction with respect to Rodriguez-father's claims against the Defendants Virginia Supreme Court, Virginia State Bar, and Office of the Attorney General of Virginia, acting under color of state law but outside of their judicial and ministerial capacity or jurisdiction under Art. VI §§ 1 and 5 of the Constitution of Virginia, and VA Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935, in furtherance of the conspiracy to cover-up the obstruction and depriving Rodriguez-father of rights, privileges, and immunities protected by the Constitution of the United States, the Treaty incorporated therein, and VA UCCJEA, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) (conspiracy to interfere with civil rights), § 1986 (neglect to prevent), § 1988 (proceedings in vindication of civil rights); 18 U.S.C. § 1341; 18 U.S.C. § 1511 (obstructing enforcement of state law). With respect to Rodriguez-father's claims based on 42 U.S.C. §§ 1983, 1985(3) and 1986, the Court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(1), (a)(2), (a)(3), and (a)(4).

7.   This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Rodriguez-father's pendent state law claims under Virginia Tort Claims Act, Va. Code §§ 8.01-195.1-195.9, and Business Conspiracy, VA Code §§ 18.2-499 and 500.

8.   This Court has jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et al.

9.   Pursuant to *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), 18 U.S.C. § 1964(a), 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1361, and Fed. R. Civ. P. Rule 65(a)(2) because there has been neither a valid state "court" or "administrative proceeding," nor any final "court" order, but instead this Court has jurisdiction to grant a TRO/Injunction to enjoin the

4

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Supreme Court of Virginia, the Virginia State Bar's *void*, and the Committee on Admissions of the District of Columbia Court of Appeals refusal to either process Rodriguez-father's application on file since July 21, 2005, or grant a hearing, because in violation of Rodriguez-father's rights under the First, Ninth, Fifth and Fourteenth Amendment to the United States Constitution, Article VI, §§ 1 and 5 of the VA Const., VA Code § 54.1- 3915, VA Code § 54.1-3935, and the Rules of the Supreme Court of Virginia, and the Rules of the District of Columbia Court of Appeals, the VSB *void* proceeding and *void* order, and the Committee on Admissions of the District of Columbia Court of Appeals action aid, abet, approve and ratify an on going illegal conspiracy that has stigmatized and deprived Rodriguez-father of his statutory rights as a father, his property rights, his reputation, business and profession, and right of employment as an attorney (Plaintiff's Exhibit 10 and 11).

10. This Court has jurisdiction to grant a Writ of Mandamus pursuant to 28 U.S.C. § 1651, to compel the compliance by Defendants with the mandates of the United States Congress and the General Assembly of Virginia.

VENUE

11. Venue is founded in this judicial district based on 28 U.S.C. §§ 1391(e) and 1402, because the unauthorized and illegal policies and practices of Defendants in violation of the Treaty, Federal statute, and Va. Code obstructing Rodriguez-father's rights as a parent and an attorney-at law were approved by the Executive and Judicial Branches of Federal Government with their Headquarters in the District of Columbia.

12. Also venue is founded in this district because the Supreme Court of Virginia, the Virginia

5

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

State Bars, and the Committee on Admissions have conspired in interstate commerce with

Defendants to act in the District of Columbia to stigmatize and injure Rodriguez-father's

property rights, his reputation, business and profession, and right of employment as an

attorney (Plaintiff's Exhibit 10 and 11).

13.    The matter in controversy exceeds, exclusive of interests and costs, the sum of five (5)

million dollars for the intentional conspiracy to obstruct with and violate Rodriguez-father

parental rights, rights as an attorney-at-law, and to injure Rodriguez-father civil rights,

business, and profession by a cloud of injustice, including by the denial of due process and

equal protection of the law.

PARTIES

14.    Rodriguez-father is a U.S. citizen by birth, who resides at 7924 Peyton Forest Trail,

Annandale, Virginia 22003-1560, is licensed to practice law in good standing since 1982,

in the Commonwealth of Virginia (Plaintiff's Exhibit 3); and is admitted to practiced before:

the United States Supreme Court on September 11, 1991; the US Ct. of App. for the 2nd Cir.,

on March 23, 1992; the US Ct. of App for the 3rd Cir, on January 9, 1994; the US Ct. of App

for the 4th Cir., on January 9, 1984; the US Ct. of App for the  D.C., on April 2, 1993; the US

Ct. of App for the Fed. Cir., on September 15, 1993; the U.S. Dist. Ct. of the Eastern District

of Virginia, on March 25, 1983; and the US Tax Ct., on September 5, 1994.

DEFENDANTS FEDERAL EXECUTIVE BRANCH *et al.*

15.    Defendant Alberto Gonzales, Esq., Attorney General of the United States Department of

Justice, Washington, D.C.

6

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

16.    Defendant Paul McNulty, Esq., Deputy Attorney General DOJ, Washington, D.C.

17.    Defendant Office of the Solicitor General of the United States, Department of Justice, Washington, D.C.

18.    Defendant United States Department of Justice, Office of Justice Programs, Office of Juvenile Justice and Delinquency Prevention, Washington, D.C.

19.    Defendant Marina Utgoff Braswell, serves as U.S. Attorneys Office for the District of Columbia, Washington, D.C.

20.    Defendant Condoleezza Rice, Secretary of State, United States Department of State, Washington, D.C.

21.    Defendant Office of Children Issues, Bureau of Consular Affairs, U.S. Department of State, is an agency of the United States.

22.    Defendant Office of Legal Advisor for Consular Affairs, U.S. Department of State, Washington, D.C.

23.    Defendant the National Center for Missing & Exploited Children ("NCM&EC"), is an independent contractor of the Department of State and Department of Justice, in Alexandria, Virginia

24.    Defendant Ernie Allen, is the President and CEO of the NCM&EC with his office located in Alexandria, Virginia.

25.    Defendant individual members of the Board of Directors of the NCM&EC, with their corporate office located in Alexandria, Virginia.

26.    Defendant Nancy Hammer, Esq., an attorney with the NCM&EC, located in Alexandria, VA.

7

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

27.    Defendant Susan Brinkerhoff, Esq., Law Firm of Proskauer Rose LLP, outside counsel of the NCMEC, at 1233 Twentieth Street NW, Suite 800, Washington, D.C. 20036-2396.

28.    Defendant Law Firm of Proskauer Rose LLP, 1233 Twentieth Street NW, Suite 800, Washington, D.C. 20036-2396.

29.    Defendant Law Firm of Miles & Stockbridge LLP, agent of the NCM&EC,  600 Washington Avenue, Suite 300, Towson, Maryland 21204.

30.    Defendant Stephen J. Cullen, Esq., agent of the NCM&EC, Miles & Stockbridge LLP, 600 Washington Avenue, Suite 300, Towson, Maryland 21204.

31.    Defendant Patrick H. Stiehm, Esq., agent of the NCM&EC, at Stiehm Law Office, 4308 Lawrence Street, Alexandria, Virginia 22309.

32.    Defendant Law Office of Covington & Burling, outside counsel of the NCM&EC, 1201 Pennsylvania Avenue, N.W., Washington, D.C.  20004.

33.    Defendant Eric H. Holder, Jr., outside counsel of the NCM&EC, Covington & Burling, with offices located at 1201 Pennsylvania Avenue, N.W., Washington, D.C.  20004.

34.    Defendant D. Jean Veta, Esq., outside counsel of the NCM&EC, Covington & Burling, 1201 Pennsylvania Avenue, N.W., Washington, D.C.  20004.

35.    Defendant *Legal Times,* is a corporation in Washington, D.C.

36.    Defendant *Washington Post*, is a corporation in Washington, D.C.

37.    Defendant Committee on Admission, District of Columbia Court of Appeals, is located in Washington, District of Columbia.

38.    Defendant Virginia State Bar ("VSB"), in located in Richmond, VA.

8

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

39.    Defendant Karen Ann Gould, Esq., serves as President of the VSB, in Richmond, VA.

40.    Defendant James Leroy Banks, Jr., Esq., VSB, and works in Washington, D.C.

41.    Defendant William Carlyle Boyce Jr., Esq., VSB, works in Manassas VA.

42.    Defendant William Ethan Glover, Esq., VSB, works in Fredericksburg.

43.    Defendant Glenn M. Hodge, Esq., VSB, works in Harrisonburg, VA.

44.    Defendant Stephen A. Wannall, VSB, works in Mineral,  VA.

45.    Defendant Davis J. Gogal, Esq., VSB, and works in Fairfax, VA.

46.    Defendant Daniel M. Rathbun, Esq., VSB, works in Alexandria, Virginia.

47.    Defendant Edward V. O'Connor, Jr, Esq., VSB, works in Alexandria, Virginia

48.    Defendant John W, di Zerega, VSB, works in Alexandria, Virginia.

49.    Defendant Noel D. Sengel, Senior Assistant Bar Counsel VSB, works in Alexandria, Virginia.

50.    Defendant Office of Attorney General for the Commonwealth of VA, Richmond, VA.

51.    Defendant Catherine Crooks Hill, Esq., Assistant Attorney General for the Commonwealth of VA, works in Richmond, Virginia.

<u>DEFENDANTS FEDERAL JUDICIARY</u>

52.    Defendant Judge Richard Roberts U.S. Ct. Dist. for the DC, resides in Washington, D.C.

53.    Defendant Judge John G. Roberts, as Chief Justice of the Supreme Ct., and as Circuit Justice for the U.S. Court of Appeals for the D.C. and Fourth Cir., resides in Washington, D.C.

54.    Defendant members of the U.S. Supreme Court, work in Washington, D.C.

55.    Defendant members of the U.S. Court of Appeal for the Fourth Circuit are located in Richmond, VA.

9

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

56.    Defendant members of the United States Court of Appeals for the District of Columbia Circuit, in Washington, D.C.

57.    Defendant members U. S. District Court for the E. D. of Va., Alexandria Division, is located in Alexandria, VA.

58.    Defendant Judge T.S. Ellis III, U. S. District Court for the E. D. of VA, in Alexandria, VA.

59.    Defendant Hon. Chief Judge Jane A. Restani, Chief Judge, U.S. Court of International Trade, New York City.

60.    Defendant Hon. Chief Judge Paul R. Michel, U.S. Court of Appeals for the Federal Cir.,Washington, D.C.

61.    Defendant Hon. Judge William H. Stafford, Jr., U.S. District Court for the N. D. Fl., Tallahassee Florida.

<u>DEFENDANTS VIRGINIA JUDICIARY</u>

62.    Defendant Hon. Leroy Rountree Hassell, Sr., Chief Justice, the Virginia Supreme Court, Richmond, VA.

63.    Defendants members of the Virginia Supreme Court is located in Richmond, VA.

64.    Defendants members Court of Appeals of Virginia is located in Richmond, VA.

65.    Defendant the Fairfax County Circuit Court is located at Fairfax, VA.

66.    Defendant the Fairfax County J&D District Court is located at Fairfax, VA

67.    Defendant Judge Thomas Mann presides at Fairfax County J&D Dist. Ct.

68.    Defendant United States of America has waived sovereign immunity for acts outside of judicial/ministerial capacity or jurisdiction pursuant to RICO, FTCA, and *Bivens*.

10

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

69.   Defendant Commonwealth of Virginia  has waived sovereign immunity for acts outside of judicial/ministerial capacity or jurisdiction pursuant to RICO, VTCA, and *Bivens*.

70.   The named individual government employees and agents, as well as the unknown and unnamed individual John Doe Defendants at all times relevant to this complaint, were employed or acting as instrumentalities or agents of the United States, through various entities of the United States.  When the names of the unknown and unnamed Defendants are ascertained Rodriguez-father will seek leave to amend the complaint to indicate the names.

STATEMENT OF FACTUAL  ALLEGATIONS

RODRIGUEZ-FATHER'S *VITA* AS A VIRGINIA ATTORNEY AND PARENTAL RIGHTS

71.   Although domiciled and residing in Virginia since 1979, Rodriguez-father since 1987 has his main office located in Barranquilla, Republic of Colombia ("Colombia").

72.   Rodriguez-father's office is focused on civil rights and human rights litigation on behalf of nonresident Hispanic against the abuses of power by employees of the United *States, i.e., Lopez v. First Union*, 129 F3.rd. 1186 (11th Cir. 1997)(successful challenge to DOJ abuse of *in rem* warrant to invade the privacy of information in computer storage and in communications in violation of Treasury and Federal Reserve Regulations, Electronic Communications Privacy Act, the Bank Secrecy Act, and the Right to Financial Privacy Act); *Organization JD v. United States Assistant Attorney Arthur P. Hui, DOJ et al*., U.S. Ct. of Appeals for Second Cir., Docket No. 96-6145 (confirm right of action to sue Assistant Untied States Attorney for

11

violation of privacy).[4]

73.    When Rodriguez-father successfully argued *Martinez v. Lamagno and DEA*, 115 S.Ct. 2227;

132 L.Ed. 2d 375 (1995)(action seeking Article III judicial review of an Attorney General

scope of employment certification), it was confirmed with the U.S. Supreme Courts Clerk's

office that Rodriguez-father was the only known U.S. licensed attorney in their records who

resided outside the United States, but litigated in Federal courts. "Limits of Sovereign

Immunity" *Legal Times*, March 15, 1995.

74.    Upon Rodriguez-father's separation and divorce from his former Colombia wife, Amalin

Hazbun Escaf, on August 1, 1997, they entered into a Joint Custody Settlement Agreement

regarding their Son, Isidoro Rodriguez-Hazbun ("Isidoro-Son"), wherein it was agreed that

the parents had joint custody, with the temporary physical residence of Isidoro-Son with his

mother in Barranquilla, Colombia, and confirmed the right of visitation (Plaintiff's Exhibit

1 & 2).

75.    The Settlement Agreement was filed with both the Family Court of Barranquilla, Columbia,

and with the Fairfax County J&D District Court, Virginia.

76.    In accordance with the Treaty and VA Code § 20-146.4, the Settlement Agreement had full

---

[4]In 1993, in a related action on oral argument before the Hon. Judge T.S. Ellis III,
challenging an unlawful IRS jeopardy assessment on funds of a non-resident Hispanic who had
won a jury verdict in New York against the Untied States, and the funds of undersign counsel
based on his attorney's lien, the court was not only clearly hostile to undersign counsel for
representing "Colombians," but advise him as he dismissed the action that he should "select his
clients more carefully."  Subsequently, undersign counsel sued and prevailed against the IRS,
*Daccarett-Ghis v. Csmnr IRS,* U. S. Court of Appeals for the District of Columbia 95-1029.

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

force and effect in the United States, and no order was ever issued which modified, amended or revoked the Settlement Agreement.

<u>MINISTERIAL DUTY OF DEPARTMENT OF STATE AND JUSTICE ET AL.</u>

77.    The Defendants Secretary of State Condoleezza Rice, the United States Department of State, the Office of Children Issues, Bureau of Consular Affairs, the Office of Legal Advisor for Consular Affairs, Attorney General Alberto Gonzales, the United States Department of Justice, Office of Justice Programs, Office of Juvenile Justice and Delinquency Prevention, are the lead entities and individuals responsible for the promulgation of regulations and administration of the Treaty in the United States, involving the securing of rights under the Settlement Agreement---including assuring application of the exceptions to the Treaty, and the processing of petitions for the expedited securing of international visitation rights under Article 21, and 29 of the Treaty.

78.    Defendant the NCM&EC is an "instrumentality of government" pursuant to a Cooperative Agreement with the Executive Branch to provide services and policy advice regarding the enforcement of the provisions of the Treaty and the teaching of its provisions to both the Federal and State judiciary, lawyers and law enforcement, and for the administrative processing of petitions for international visitations under the Treaty in the United States. *Canter v. Cohen*, 442 F.3d 196 (March 21, 2006); 2006 U.S. App. LEXIS 6915.

79.    On May 23, 2000 the United States Congress passed a Joint Congressional Resolution 293, that reconfirmed the mandate on the Executive Branch and the NCM&EC to comply with all provisions of the Treaty--including the exceptions and the expedited securing of

13

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

international visitation rights pursuant to Article 21 of the Treaty.

80.    In January 2001, the General Assembly of Virginia enacted UCCJEA to conform Virginia's

uniform state statute with rights under the Treaty.

RODRIGUEZ-FATHER'S LITIGATION ON BEHALF OF ISIDORO-SON TO REMAIN IN THE U.S.A.,
UNLAWFULLY STAYED IN THE FAIRFAX J&D COURT IN VIOLATION OF TREATY AND VA CODE

81.    Rodriguez-father was compelled to leave Colombia in 1999, due to the increased dangers

there for U.S. citizens, and to litigate to enforce his perfected charging Virginia Attorney's

Lien against U.S. entities and citizens who used his fiduciary and legal services as a Virginia

attorney to manage litigation to a claim to $10 Billion of sunken Colombian treasure trove.

82.    Later also due to the dangers in Colombia, and to enjoy his United States citizenship,

Isidoro-Son, upon becoming 13 years-old requested that Rodriguez-father as an Active

Member of the Virginia State Bar represent him in an action to modify the Settlement

Agreement pursuant to VA Code § 20-146.4( c ) and .15(b), and Articles 13 and 20 of the

Treaty, and 42 U.S.C. § 11603, which provides in relevant part that, "[t]he courts of

[Virginia] and the United States district courts shall have concurrent original jurisdiction of

actions arising under the [Treaty]," to apply the exception under the Treaty to modify the

Settlement Agreement. *Isidoro Rodriguez-Hazbun v. Amalin Hazbun*, Fairfax County J&D

Court (July 13, 2001, No. JJ347050-01-03) (Fairfax J&D Court").

RODRIGUEZ-FATHER'S 1ST FEDERAL TORT CLAIM NOTICE FILED JANUARY 7, 2002, BASED ON
DEFENDANTS' UNLAWFUL POLICIES IN VIOLATIONS OF TREATY, AND VA CODE.

83.    In violation of their ministerial duties under the Treaty, the Defendants Federal Executive

Branch, and the NCM&EC, Federal Judicial Branch, and Virginia Courts, did conspired to

14

disregard the grant of concurrent jurisdiction to the Courts of Virginia under 42 U.S.C. §
11603, and Va. UCCJEA, to implement an unauthorized policy of restricting litigation under
the Treaty to the Federal Courts in violation of their limited jurisdiction under Article III
Section 2 of the U.S. Constitution and 28 U.S.C. §§ 12,51, 1253, 1331, and 1332.

84.    In violation of the Treaty and Va. UCCJEA, the Defendants Executive Branch, the NCM&EC,
Federal Judicial Branch, and Virginia Courts did conspire to develop a policy to disregard
the "fundamental rights" of U.S. citizens under the U.S. Constitution granted by Article 20
of Treaty, to disregard the "zone of war" exceptions under Article 13(b) of Treaty, and
disregard their ministerial and judicial duty pursuant to Articles 21and 29 of the Treaty, to
expeditiously secure visitation rights.

85.    In violation of the Treaty and Va. UCCJEA, Defendants Executive Branch, the NCM&EC,
Federal Judicial Branch, and Virginia Courts did conspire to develop a policy to disregard
the laws of Virginia on the preference and "best interest" of Isidoro-Son.

86.    So to not permit any challenges to the above unauthorized policies Defendants Ernie Allen,
the Board of Directors of NCM&EC, Nancy Hammer, Esq., Susan Brinkerhoff, Esq., the Law
Firm of Proskauer Rose LLP, the Law Firm of Miles & Stockbridge LLP,  Stephen J.Cullen,
Esq., Patrick H. Stiehm, Esq., the Law Office of Covington & Burling, Eric H. Holder, Jr., and
Ms. D. Jean Veta, Esq. ("NCM&EC *et al.*"), to did conspire to stay Isidoro-Son's litigation in
the Fairfax J&D Court so to not permit the Virginia Court review and  modifying the
Settlement Agreement pursuant to the Va. Code, and the exceptions under the Treaty.

87.    Based on above illegal acts and policies and practices, Rodriguez-father and Isidoro-son filed

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

a FTCA Notice on January 7, 2002 (Plaintiff's Exhibit 4).

DEFENDANTS HON. JUDGE ELLIS III, THE U.S. DIST. CT. FOR THE ED OF VA, THE 4TH CIR., AND THE U. S. SUPREME COURT'S APPROVING AND RATIFYING UNLAWFUL POLICIES VIOLATING THE TREATY, VA CODE, AND THE CONSPIRACY TO OBSTRUCT RODRIGUEZ-FATHER'S PARENTAL RIGHTS IN VIOLATION OF 18 U.S.C. § 1204.

88.     Based on the above unauthorized policy, and to punish Rodriguez-father for litigating against the abuses of authority of employees of the United States, *see* ¶70 and ¶71, the Hon. Judge T.S. Ellis III in collusion with the Federal Executive Branch *et al.,* to act outside of his judicial authority in violation of the Treaty, VA UCCJEA, and the Rules Enabling Act, 28 U.S.C. § 1738, to ignore the original concurrent jurisdiction of the Fairfax J&D Court and Rodriguez-father substantive rights as a father to protect his Son and education of his Son as a citizen of the United States, to declare that there were neither fundamental right nor "zone of war" exceptions applicable, so to order Isidoro-Son taken from the United States to the Republic of Colombia on June 11, 2002. *Escaf v. Rodriguez,* 200 F.Supp. 2d 603 (E.D. Va. 2002).

89.     Settlement discussion failed because Defendant Stephen Cullen and the Law Firm of Miles & Stockbridge LLP, argued that there was no right to assure visitation under the Treaty.

90.     Based on the above unauthorized policies the Defendant United States Court of Appeals acted outside of its judicial authority and jurisdiction to negligently refuse a stay or reverse the ordering of Isidoro-Son out of the Untied States and to Colombia.

91.     Later, former Associate Justice Sandra O`Conner grant of a stay, S. Ct. Docket No. 01A930, was reversed by the full Defendant U.S. Supreme Court who negligently acted outside of

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

their judicial capacity and jurisdiction to permit the filing of false statements in violation of

18 U.S.C. §§ 4, and 1001, negligently refuse to provide an expedited hearing pursuant to

Articles 2 and 11 of the Treaty, and VA Code §§ 20-146.35, negligently refused to maintain

the stay, and negligently affirmed the order shanghaiing Isidoro-Son from the United States.

*See Hazbun v. Rodriguez*, 52 Fed. Appx. 204 (4ᵗʰ Cir. 2002), *cert denied.*

DEFENDANTS JUDGE R. ROBERTS, THE U.S. DIST CT. FOR DC, THE D.C. CIR CT OF APPEALS,
CHIEF JUSTICE JOHN G. ROBERTS, AND THE UNITED STATES SUPREME COURT'S CONSPIRACY
IN FURTHERANCE OF UNLAWFUL POLICES IN VIOLATION OF THE TREATY, VA CODE, AND 18
U.S.C. §§ 4, 241, 1001, AND 1204.

92.     As a result of the shanghaiing of Isidoro-Son to Colombia, and obstruction of Rodriguez-

father's parental rights in violation of 18 U.S.C. § 1204, including the right to secure

visitation rights under the Settlement Agreement pursuant to Article 21 of the Treaty, and

Va. Code § 20-146.25, within six (6) months of the denial of the FTC Notice, a complaint

was filed on January 27, 2003, seeking the issuance of a Writ of Mandamus to the

Defendant United States Department of State and Justice, and their independent contractor

the NCM&EC, to promptly secure visitation in accordance with the Settlement Agreement

and for damages under the FTC Act, and other grounds, *Isidoro Rodriguez, father of Isidoro*

*Rodriguez-Hazbun v. National Center for Missing and Exploited Children et al.*, U.S.D.C. Dist.

Ct., No. 03-0120 (Judge Richard W. Roberts).

93.     In response to Rodriguez-father complaint and motions to secure visitation Defendants

Executive Branch and the NCM&EC, filed motions to dismiss based on both stating that

there was no right to have them secure visitation and ignoring the gravamen of the

17

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

complaint for visitation and damages for illegal polices, but instead making out the case as one for "custody."

94.   Despite repeated motions to act promptly in accordance with the Treaty, Defendant Judge Richard W. Roberts refused to move on either the complaint, or the motions to secure visitation, or issue a Writ of Mandamus, but instead stayed all proceedings.

95.   Consequently, compounding their conspiracy to illegally remove Isidoro-Son from the United States, and obstruct with Rodriguez-father's rights to protect and educate his Son, Defendants NCM&EC *et al.*, did criminally conspire to violate 18 U.S.C. §§ 241, 242, and 1204, so to retaliate and punish Rodriguez-father for his attempting to exercise rights as a father under the Treaty, Federal statute, and Va. Code, and duty as an attorney to challenge Defendants' unauthorized policies.

96.   As agents of Defendants Federal Executive Branch and NCM&EC *et al.*, Defendants Covington & Burling, Eric H. Holder, Jr., Ms. D. Jean Veta, Esq., did argue that the NCM&EC was not an "instrumentality of government," while conspiring to cover-up their malfeasance by undertaking a pattern and practice of violating 18 U.S.C. §§ 4, 371, and 1001, so to obtain and use Federal funds on Beltway law firms and lobbyist so to litigate against Rodriguez-father and make moot his petition to Congress and the General Assembly of Virginia for an investigation of the violation so the Treaty, Va. Code and 18 U.S.C. § 1204.[5]

97.   Defendants NCM&EC Board of Director's , as agents of the Executive Branch, did unlawfully

---

[5]*See.* www.congress.org/congressorg/bio/userletter/?id=51&letter_id=380306581; and, http://home.earthlink .net/ ~isidoror.

18

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

authorize the use of more than $150,000.00 of public funds in violation of 18 U.S.C. § 371, to litigate to obstruct Rodriguez-father's parental rights under VA Code and Treaty.

98.  As agents of Defendants Federal Executive Branch and NCM&EC *et al.*, Defendants Covington & Burling, Eric H. Holder, Jr., Ms. D. Jean Veta, Esq., violated 18 U.S.C. § 1001, to issue and file fraudulent statements to Congress so to unlawfully obtain amendments to the Federal Tort Claims Act, so to include the acts of the NCM&EC *et al.*

99.  As agents of Defendants Federal Executive Branch and NCM&EC *et al.*, Defendants Covington & Burling, Eric H. Holder, Jr., Ms. D. Jean Veta, Esq., in furtherance of the conspiracy to obstruct Rodriguez-father's visitation rights in violation of 18 U.S.C. § 1204, did conspire to make intentional misstatements of fact and law to the Defendants United States District Court for the District of Columbia, United States Court of Appeals for the District of Columbia, and the United States Supreme Court in violation of 18 U.S.C.  §§ 4 and 1001.

100.  Defendants NCM&EC, and NCM&EC *et al.*, and specifically Covington & Burling, Eric H. Holder, Jr., Ms. D. Jean Veta, Esq., as agents of the Executive Branch, conspired with Defendants United States District Court for the District of Columbia, United States Court of Appeals for the District of Columbia, and the United States Supreme Court, to intentionally or negligently act outside their judicial capacity or jurisdiction by not conducting a criminal investigation as mandated by 18 U.S.C.  § 4.

101.  As agents of Defendants Federal Executive Branch and NCM&EC *et al.*, Defendants Covington & Burling, Eric H. Holder, Jr., Ms. D. Jean Veta, Esq., did conspire with

19

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Defendant *Legal Times,* to publish a false, misleading, and erroneous news article so to discredit, stigmatize, defame, and further obstruct with Rodriguez-father's parental rights by reporting that his litigation was only about a "[f]ather's lawsuit" for custody, and not the truth that the litigation was to compel the government to comply with is ministerial duty to <u>expeditiously secure visitation</u> under Article 21 of the Treaty and VA Code, and for damages for violation of 18 U.S.C. § 1204, *see Legal Times*, <u>About a Boy</u>, by Tom Schoenberg, dated April 14, 2003.

102.    As agents of Defendants Federal Executive Branch and NCM&EC *et al.*, Defendants Covington & Burling, Eric H. Holder, Jr., Ms. D. Jean Veta, Esq., did conspire with Defendant *Washington Post,* beginning in 2003 to publish on the World Wide Web a false and defamatory 1986 article so to stigmatize, defame, and further obstruct with Rodriguez-father's parental rights.

103.    In collusion with and to assist Defendants Federal Executive Branch and NCM&EC *et al.*, Defendant Judge Richard Roberts refused conduct any proceedings as mandated by the Treaty and Va. Code, and refused to recuse himself based on the appearance of a lack of impartiality due to his former employment with Defendants Covington and Burling, and the Department of Justice.

104.    Subsequently, Defendant Judge Richard Roberts in furtherance of the illegal conspiracy refused to conduct any investigation of violation of 18 U.S.C. §§ 4, 241, 1001, and 1204, refused to permit Isidoro-Son to appear in the action by denying Rodriguez-father's motion *pro hoc vice* on behalf of Isidoro-Son, and by refusing Mr. Blair Sibley to appear on behalf

20

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

of Isidoro-Son, but instead permitted Defendants to file false pleading stating that there was

no right to compel visitation under the Treaty, Va. Code, thereby aiding and abetting the

obstruction of Rodriguez-father's parental visitation rights.

105.    On April 28, 2003, defendant United States Supreme Court in collusion with the Defendants

NCM&EC, NCM&EC *et al.*, and specifically Covington & Burling, Eric H. Holder, Jr., Ms. D.

Jean Veta, Esq., as agents of the Executive Branch, negligently denied certiorari, U.S. S.C.

Docket No. 02-1268, which challenge the taking of Isidoro-Son from the United States.

106.    Subsequently, between April 2003 and October 2003, Defendant United States Court of

Appeals for the District of Colombia, including then Associate Justice John G. Robert, and

Defendant Supreme Court of the United States, negligently conspired with the Defendant

Executive Branch, and NCM&EC to obstruct with Rodriguez-father's right of visitation by not

issuing a Writ of Mandamus to compel compliance with the Treaty and Va. Code, as

mandated by Congress and the General Assembly of Virginia.

RODRIGUEZ-FATHER'S LITIGATION IN FAIRFAX J&D CT., ON BEHALF OF ISIDORO-SON SO TO
SECURE HIS VISITATION TO THE U.S. PURSUANT TO THE TREATY AND VA CODE § 20-146.25,
AND THEIR FILING OF NOTICE OF VIRGINIA TORT CLAIM IN JUNE 2005, AGAINST THE COURTS
OF VIRGINIA.

107.    Because the record established that Defendants Judge Richard W. Roberts, United States

Court of Appeals for the District of Columbia Circuit, and the United States Supreme Court

were negligently or criminally conspiring, and acting outside of their judicial authority and

capacity so to obstruct with Rodriguez-father's parental and visitation rights under Articles

2, 19 21 and 29 of the Treaty, 42 U.S.C. § 11602(b)(4), and VA Code § 20-146.25, .29, and

21

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

.35, in violation of 18 U.S.C. § 1204, on June 11, 2003, Rodriguez-father filed a petition on

behalf of Isidoro-Son in the stayed action before the Fairfax J&D Court to expeditiously

secure visitation right to the United States for his 2003 Summer vacation, *Master Isidoro*

*Rodriguez-Hazbun, Petitioner, v. Amalin Hazbun Escaf*, Case No. JJ-347-050-01-01.

108.    On June 18, 2003, the Fairfax J&D Court issued a summary order denying the petition for

visitation, and again stayed further proceeding "pending all proceedings U.S. District Court."

109.    Pursuant to VA Code  § 8.01-8, a petition for a *de novo* hearing was filed with the Fairfax

County Circuit Court ("Fairfax Circuit Court"), to the compel expedited processing of the

petition visitation,  *Master Isidoro Rodriguez-Hazbun v. National Center for Missing and*

*Exploited Children and Amalin Hazbun-Escaf*, Fairfax County Circuit Court No. C-185125.

110.    On July 25, 2003, the Defendant Fairfax Circuit Court without hearing or permitting any

argument disregarded the Treaty and Va. Code to dismiss the NCMEC, deny expedited

consideration, and to dismiss the appeal of the denial of visitation.

111.    On appeal the Defendant Court of Appeals of Virginia refused to provide Isidoro-Son an

expedited appeal mandated by both VA Code 20-146.35 and Articles 2 and 11of the Treaty.

112.    Due to the refusal to conduct an expedited appeal to secure visitation rights, Isidoro-Son

filed with the Supreme Court of Virginia pursuant to VA Code § 17.1-409, motion to transfer

the appeal because of the importance of this first impression case under the Treaty and Va.

Code, and the ongoing harm being done to Isidoro-Son rights as a citizen of the United

States and Virginia by not permitting him to visit the United States.

113.    In violation of 18 U.S.C. §§ 4, 241, 1001, and 1621 to 1623, Defendant NCM&EC, as agent

22

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

of the Defendant Executive Branch were permitted to file repeated responses containing

perjury, misstatement of facts and law that there was no right to or duty under either the

Treaty or Va. Code to secure visitation.

114.    On September 9, 2003, based on the filing of the NCMEC *et al.,* the Supreme Court of

Virginia issued an unpublished summary order denying Isidoro's motion to transfer.

115.    Simultaneous with opposing Rodriguez-father's litigation to secure visitation, Defendants

NCM&EC, Stephen Cullen and the Law Firm of Miles & Stockbridge LLP, while litigating

*Canter v. Cohen*, 442 F.3d 196 (March 21, 2006); 2006 U.S. App. LEXIS 6915, where they

were seeking the securing of visitation under the Treaty.

116.    In retaliation for Rodriguez-father seeking to exercise his rights under the Treaty, Federal

statute and Va. Code, on October 15, 2003, Defendants Ernie Allen, Board of Director's of

the NCM&EC *et al.*, Covington & Burling, Eric H. Holder, Jr., Ms. D. Jean Veta, Esq., as

agents of the Executive Branch, did conspire with Defendants Supreme Court of Virginia,

Virginia State Bar, and Defendants John Doe, to approve and ratify a fraudulent VSB

unverified bar complaint in violation filed in violate Article VI, §§ 1 and 5 of the VA Const.,

VA Code § 54.1- 3915, and VA Code § 54.1- 3935, and the Rules of the Supreme Court of

Virginia, so to have the VSB conduct an unauthorized proceedings, and seek the issuing by

the VSB of a *void* order revoking Rodriguez-father's license in Virginia in retaliation for

seeking to exercise his rights under the Treaty and Va Code.

117.    On December 4, 2003, six months after the filing of Isidoro-Son's petition for visitation the

Fairfax Circuit Court refused to either conduct an expedited *de novo* proceeding or remand

23

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

to the Fairfax J&D Court, but instead dismissed the appeal without prejudice, based on his

lacking jurisdiction pursuant to VA Code 16.1-296, in that the denial of visitation was not

a final order.

118.    On January 5, 2004, the Fairfax Circuit Court granted the motion of Defendants NCM&EC,

and the Law Firm of Proskauer Rose LLP, to quash Witness Subpoenas issued by Isidoro-Son,

and sanctioned him $1,000.00 for calling them as a Witness.

119.    On appeal before Defendant Court of Appeals of Virginia issued summary unpublished order

and  without any explanation denied: a. the motion filed in September 2003 for expedited

consideration of visitation rights pursuant to the above cited sections of the Va Code and the

Treaty; b. denied the motion for judicial notice of dangers of in Colombia; c. disregarding

the mandates of the General Assembly under VA Code 20-146.25 and .35, held that the

denial of the petition for visitation during the past two years was not a final appealable

order, d. denied the issuance of Petition for Writ of Mandamus; e. dismissed the appeal of

the *ex parte* January 5, 2004 orders quashing Witness Subpoenas to the NCMEC; and, bf

dismiss the appeal of the January 9, 2004 order imposing $1,000.00 sanctions for the

issuance of Witness Subpoenas, *Isidoro Rodriguez-Hazbun v. National Center for Missing and*

*Exploited Children et al.* No 2758-03-4; and  *Isidoro Rodriguez-Hazbun v. Amalin Hazbun*

*Escaf*, Record No 2004-03-4;  *Isidoro Rodriguez-Hazbun v. National Center for Missing and*

*Exploited Children et al.,* No 0293-04-4; and, *Isidoro Rodriguez-Hazbun v. National Center for*

*Missing and Exploited Children et al.,* Record No 3247-03-4.

120.    On appeal before Defendant Supreme Court of Virginia, in August 2004, four separate one

24

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

paragraph orders dismissing the appeals of violations of Isidoro-Son's right to visitation under Va. Code and the Treaty were issued without mentioning either. *Master Isidoro Rodriguez-Hazbun v. National Center for Missing and Exploited Children and Amalin Hazbun-Escaf*, Supreme Court of Virginia Record No. 041217; Record No. 041283; Record No. 041481; and, Record No. 041702.

121.   A Petition for a Writ of Mandamus, and Petition for Writ of Certiorari to the Supreme Court of Virginia to compel their compliance with both the Treaty and Va. Code was filed with the United States Supreme Court, Docket no 04454 and 04-724.

122.   In furtherance of the conspiracy to obstruct Rodriguez-father's rights, Defendants Office of the Attorney of the Commonwealth of Virginia, and Ms. Catherine Crooks Hill, in violation of the Cannon of Ethics argued state that neither the Supremacy Clause of the Constitution nor the Federal enabling statue mandate that the Treaty apply to Virginia, and that there is no right under Va. Code to secure international visitation through the Virginia Courts.

123.   The Defendant Office of the Solicitor General of the United States, acting in violation of its ministerial duty as mandated by 18 U.S.C. § 4, failed to file a response to either the Petition for Writ fo Mandamus or Writ of Certiorari.

124.   Subsequently United States Supreme Court acting outside of their judicial capacity and jurisdiction conspired with the Defendants Executive Branch, NCM&EC and the Virginia Courts to negligently deny the granting of the Petition for Writ of Mandamus and Certiorari to compel compliance with the Treaty and Va. Code, *see* U.S. Supreme Court Docket No. 02-1268 (*see* Docket No. 03-301; No. 04-454; and No. 04-724).

25

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

125.   Later in aid of the on going conspiracy, Defendant Judge Thomas Mann on January 21, 2005, in violation of Article 21 of the Treaty, and the mandates of the General Assembly under VA Code 20-146.25 and .35, struck Rodriguez-father's petition for visitation, and held that the order was not subject to appeal.

126.   During all of the above proceeding before Defendant Virginia Supreme Court, the Virginia Court of Appeals, the Fairfax Circuit Court, the Fairfax J&D Court, and United States Supreme Court, in furtherance of the conspiracy to obstruct Rodriguez-father's parental rights under the Treaty and Va. Code in violation of 18 U.S.C. § 1204, the courts permitted the Defendants Executive Branch, the NCM&EC and their attorneys and agents to commit perjury, file misstatements of fact and law, and use their influence, so to injure, punish, and intimidate Rodriguez-father in violation of 18 U.S.C. §§ 18 U.S.C. 241, and 242, due to his exercising Federal right under the Treaty, Federal statutes, and Va. Code.

127.   Based on the above acts of Defendants Rodriguez-father filed a Virginia Tort Claim Notice on June 8, 2005 (Petitioner's Exhibit 6)

RODRIGUEZ-FATHER'S CRIMINAL COMPLAINT FOR THE OBSTRUCTION OF PARENTAL RIGHTS IN VIOLATION OF THE TREATY AND VA CODE , AND 18 U.S.C. § 1204.

128.   Due to the record of Defendants' conspiracy to obstruct with Rodriguez-father's parental rights in violation of 18 U.S.C. § 241, 242and 1204, a Criminal Complaint was filed on February 11, 2005 (Petitioner's Exhibit 5).

129.    In violation of 18 U.S.C. § 4, Defendants Attorney General Alberto Gonzales, Attorney General of the United States Paul McNulty, Offices of the U.S. Attorney for the E.D. of

26

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Virginia and the District of Columbia, Assistant U.S. Attorney Ms. Marina Utgoff Brassweill,

and the Federal Bureau of Investigation refused to investigate.

RODRIGUEZ-FATHER'S AMENDED COMPLAINT, AND SUPPLEMENTAL FEDERAL TORT CLAIMS
NOTICES BASED ON THE CONSPIRACY TO OBSTRUCT HIS VISITATION RIGHTS.

130.    Based on the above record, a First Amended Verified Complaint was filed on March 7, 2005,

adding a number Defendants, including the Hon. Judge Richard W. Roberts.

131.    Pursuant to 28 U.S.C. § 455(a) and (b), a motion to disqualify Defendant Judge Richard W.

Roberts was filed.

132.    On March 31, 2005, Defendant Judge Richard Roberts refused to disqualify himself as

required under 28 U.S.C. § 455, dismissed the initial action and all outstanding motions as

moot because during the two (2) years he stayed any action filed on January 27, 2003,

Isidoro-Son had become 16 years old on March 10, 2005, and Judge Richard W. Roberts

struck the amended complaint without any meaningful comment.

133.    Because Defendant Judge Richard Roberts, failed to address rights to visitation under Va.

Code, on April 6, 2005, a Petition for TRO/Injunction and Writ of mandamus was filed with

Defendant U.S. Court of Appeals for D.C., to compel compliance with Va. Code, which

stayed in effect until Isidoro-Son turned 18 years-old on March 10, 2007.

134.    On May 27, 2005, a Notice of Appeal was filed, and pursuant to 28 U.S.C. § 455, a motion

to disqualify the Defendant U.S. Court of Appeals for D.C. was filed.

135.    Based o the record of the on going conspiracy, on June 16, 2005, Rodriguez-father filed an

additional amended Federal Tort against the Defendants Department of State and Justice

27

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

and the NCM&EC, as well as the Federal Judicial Branch, based on their repeated and ongoing violations of Rodriguez-father's civil rights under the Treaty, Federal and Va Code, and 18 U.S.C. §§ 4, 241, 242, 242, 1204 (Plaintiff's Exhibit 7, 8, and 9).

136.   On August 1, 2005, although not disqualifying himself as mandated by 28 U.S.C. § 455(a) & (b), then Defendant Chief Justice William H. Rehnquist raised from his death bed to designate under 28 U.S.C. §§ 291-293, Defendants Hon. Chief Judge Jane A. Restani, United States Court of International Trade; the Hon. Chief Judge Paul R. Michel, U.S. Court of Appeals for the Fed. Cir.; and Senior District Judge William H. Stafford, Jr., U.S. District Court for the N. D. Fl., ("Designated Panel"), to hear and decide this action in lieu of Defendant U.S. Court of Appeals for D.C. Cir.

137.   During same this time period Defendant John G. Roberts, acted outside of his judicial capacity and jurisdiction to compound his earlier negligent actions as a member of the Defendant Court of Appeals for the District of Columbia, to intentionally violate 18 U.S.C. §§ 4, 1001, and 1204, by submitting false statements to the Senate Judiciary Committee during his confirmation hearing to Chief Justice of the United States Supreme Court, by characterizing Rodriguez-father's lawsuit as only a suit by a father for "custody," and not truthfully advising Congress that the gravamen of the action was to secure visitation and the issuance of a Writ of Mandamus to compel compliance with the Treaty and Va. Code.

138.   Based on the intentional perjury of Defendant Chief Justice John G. Roberts, Rodriguez-father filed opposition to the confirmation and petition Congress for an investigation for the obstruction of his parental rights in violation of the Treaty and Va. Code, *see*

28

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

http://home.earthlink.net/~isidoror.

139.    Meanwhile the Designated Panel stayed consideration of the TRO/Injunction and Writ of Mandamus filed on April 6, 2005, by issuing an order to consolidate it with the appeal.

140.    After obstructing Rodriguez-father's right of visitation for more than three years in violation of 18 U.S.C. § 1204, the Executive Branch filed a motion to dismiss the consolidated appeal asserting that their obligations under Articles 2, 13, 20, 19, 21 and 29 of the Treaty ended upon his son's 16th birthday, and disregarded the rights VA Code valid until March 10, 2007.

141.    On October 14, 2005, in furtherance of the conspiracy to obstruct Rodriguez-father rights under the Treaty and Va. Code, the Designated Panel issued an order denying the Petition for TRO/Injunction and Writ of Mandamus, and dismissed the appeal.

142.    Rodriguez-father filed a timely Petition for Writ of Certiorari with the United States Supreme Court Docket No. 05-1059, to seek enforcement of his rights to visitation under the Treaty, and VA Code, pursuant to the Settlement Agreement.

143.    Despite being advised of the Fourth Circuit holding in *Canter v. Cohen*, 442 F.3d 196 (March 21, 2006); 2006 U.S. App. LEXIS 6915, confirming the duty of the Executive Branch, the NCM&EC, and the Virginia Courts to secure visitation under the Treaty and Va. Code, the Defendant United States Supreme Court again negligently denied the Petition for Certiorari on April 24, 2006.

X.    THE VIRGINIA SUPREME COURT, VIRGINIA STATE BAR'S ("VSB"), EXECUTIVE BRANCH *et al.* VIOLATION OF 18 U.S.C. §§ 241, AND 242, IN SEEKING TO STIGMATIZE INJURE, PUNISH, AND INTIMIDATE RODRIGUEZ-FATHER FOR EXERCISING HIS RIGHTS UNDER TREATY, FEDERAL STATUTE, AND VA CODE.

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

144.   The Virginia State Bar ("VSB") are the agents of Defendants Supreme Court of Virginia and

Hon. Leroy Rountree Hassell, Sr., Chief Justice, VA Code §§ 54.1-3909, 54.1-3910.

145.   The VSB is neither a court under Article VI § 1 of the Constitution, nor has the General

Assembly of Virginia enacted a statute giving it either judicial or quasi-judicial authority.

146.   Article VI § 5 of the Constitution, and the General Assembly of Virginia in VA Code §§ 54.1-

3915, specifically restricted the Supreme Court of Virginia from promulgating any rule

which violates any statute rights.

147.   The General Assembly of Virginia in VA Code 54.1-3935, has only given authority to the

courts of Virginia to adjudicate the issue of revocation of an attorney's license, only after a

complaint is properly filed with a court.

148.   The General Assembly of Virginia in VA Code 54.1-3935, specifically restricted the VSB to

to investigate and prosecute a complaints after the court has submitted it to the VSB.

149.   However, based on the fraudulent VSB complaint filed and improperly processed in

violation of Art. VI § 5 of the Virginia Constitution, and VA Code §§ 54.1-3915, and 54.1-

3935, as well as 18 U.S.C. §§ 241 and 242, Defendants Daniel M. Rathbun, Esq., Edward

V. O'Connor, Jr, Esq., John W, di Zerega, and Noel D. Sengel illegally investigated

Rodriguez-father for more than two and a half years so to punish and injure Rodriguez-

father for exercising his statutory rights under Federal statute, VA. Code and the Treaty.

150.   Although being a member in good standing since 1982 of the Bar of the Supreme Court of

Virginia (Plaintiff's Exhibit 3), Rodriguez-father's waiver application into the Bar of the

District of Columbia that was filed in July 2005, has not been processed by the Defendant

30

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Committee on Admission for the District of Columbia Court of Appeals, based on the

approving and ratifying the  VSB *void* order and actions in the District of Columbia to

stigmatized and illegally stop his admission (Plaintiff's Exhibit 11).[6]

151.    On June 20, 2006, in violation of Art. VI § 5 of the Constitution of Virginia and Va. Code §

54.1-3935, the Defendants Defendant Daniel M. Rathbun, Esq., Edward V. O'Connor, Jr,

Esq., John W, di Zerega, and Noel D. Sengel issued a *void* summary Certification to revoke

Rodriguez-father's license for his litigating to enforce rights under  Treaty and Va. Code.

152.    Defendant Virginia State Bar, Karen Ann Gould, Esq., and  Davis J. Gogal, Esq., approved

or ratified the VSB illegal actions in violation of statutory rights.

153.    Between July 2006 and October 2006, in violation of Rodriguez-father's right to due process

and equal protection of the law, the Defendant James Leroy Banks, Esq. denied the motions

to dismiss, for expedited hearing, for a jury trial, to recuse of the panel from Northern

Virginia; and quashed all requests for Subpoenas *Duces Tecum*, and Witness Subpoenas to

compel both production of document and testimony at the hearing set for October 26 and

27, 2006.

154.    Because the VSB was neither a "court" nor its members "judges," their proceeding and

-------------------------------------------------

[6]The *void* order and judgement doctrine, states that an illegal order or judgement is
forever *void ab initio*, thus null from the beginning.  An order or judgment exceeding either the
jurisdiction of a court, or logically issued by an entity without judicial authority, is *void ab initio*,
or voidable, and can be attacked in any proceeding in any court where the validity comes into
issue.  *See Rose v. v. Himley*, 4 Cranch 241, 242, 2 Led 608 (1808) ; *Pennoyer v. Neff,* 95 US 714
(1877); *Thompson v. Whitman* 18 Wall 457 (1873); *Windsor v. McVeigh* 93 U.S. 274 (1876;
*McDonald v. Mabee*, 243 U.S. 90 (1917), and,  *Jordon v. Gilligan*, 500 F.2d 701, 710 (6th Cir.
1974)("a void judgment is no judgment at all and is without legal effect")(Emphases added).

31

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

orders were issued in violation of Art. VI the VA Constitution, VA Code §§ 54.1-3915 and 3935, as well as Part 6, § IV, ¶ 13(B)(5)(A) and (b)(5)(1), and Part 6, § IV, ¶13(C)(5)(a) and (G)(1)(a)(1) and (5) of the Rules of the Virginia Supreme Court,  Rodriguez filed with the Supreme Court of Virginia a Motion for TRO/Preliminary and Writ of Mandamus on September 27, 2006, seeking to enjoin the VSB's proceeding.

155.    In  violation of Rodriguez-father's right to due process and equal protection of the law, Defendant James Leroy Banks, Esq., restricted the hearing to the evidence presented only by the VSB Senior Bar Counsel, and denied meaningful cross examination of  Defendants Patrick H. Stiehm, Susan Brinkerhoff, and Nancy Hammer, and permitted them to commit perjury regarding Rodriguez-father's statutory rights under Va. Code and Treaty, so to punish Rodriguez-father in violaiton of 18 U.S.C. §§  241 and 242.

156.    On October 27, 2006, the Defendant Supreme Court of Virginia denied as "frivolous" the motion for TRO, Preliminary Injunction and Writ of Mandamus, and imposed cost on Rodriguez-father of  $50.00, thereby acting in violation of Art. VI the VA Constitution, VA Code §§ 54.1-3915 and 3935, as well as Part 6, § IV, ¶ 13(B)(5)(A) and (b)(5)(1), and Part 6, § IV, ¶13(C)(5)(a) and (G)(1)(a)(1) and (5) of the Rules of the Virginia Supreme Court, and the *void* order and judgement doctrine.

157.    On October 27, 2006, and November 27, 2007, the Defendants Defendant James Leroy Banks, Jr., Esq., William Carlyle Boyce Jr., Esq., William Ethan Glover, Esq., Glenn M. Hodge, Esq., and Stephen A. Wannall, published at www.vsb/disciplinary.html, notice of the *void* VSB Order that stigmatized and punished Rodriguez-father by immediately

32

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

revoking his license to practice law in Virginia, for taking "actions" pursuant to his rights as

a father under federal law, thereby illegally depriving Rodriguez-father of his rights to work

as an attorney in Virginia and the District of Colombia (Plaintiff's Exhibit 10 and 11),

denied access to paid membership benefits, including access to legal research, and the

posting of his MCLE credits earned up to October 2006.

158.    Rodriguez-father filed an appeal, his Opening Brief and Reply Brief based on the violations

of Art. VI the VA Constitution, VA Code §§ 54.1-3915 and 3935, as well as Part 6, § IV, ¶

13(B)(5)(A) and (b)(5)(1), and Part 6, § IV, ¶13(C)(5)(a) and (G)(1)(a)(1) and (5) of the

Rules of the Virginia Supreme Court, and the *void* order and judgement doctrine.

159.    On April 17, 2007, Defendants Attorney General of the Commonwealth of Virginia and

Catherine Hill, filed a surreal Response Brief, disregarding the fact that the VSB is not a

"court," had no authority under the Va Code to revoke Rodriguez-father license to practice

law as punishment for exercising his Federal statutory rights, and rights under the Treaty

and Va. Code, thereby confirming the ongoing conspiracy to aid and abet the violations of

18 U.S.C. §§ 4, 241, 242, 1001, and 1204.

160.    Oral argument before Defendant Supreme Court of Virginia is scheduled for June 5, 2007.

<u>DEFENDANTS THE D.C. COMMITTEE ON ADMISSIONS, THE 4TH CIR., CHIEF JUSTICE JOHN G.
ROBERTS, AND U.S. SUPREME COURT APPROVAL AND RATIFYING THE CONSPIRACY TO
STIGMATIZE AND INJURE RODRIGUEZ-FATHER IN VIOLATION OF 18 U.S.C. §§ 241 & 242</u>.

161.    Based on the VSB's *void* order, and in furtherance of the conspiracy to injure Rodriguez-

father, Defendant 4th Circuit Court of Appeals issued a Notice to Show Cause on November

17, 2006, and without waiting for Rodriguez-father to file his Response and request for a

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

hearing, issued a summary order dated December 21, 2006, revoking his membership.

162. Rodriguez-father filed on December 26, 2006, a timely Motion for Reconsideration based on the record that Rodriguez-father's response timely sent for filing by U.S. Priority Mail to Richmond, Virginia, allegedly took seven (7) days, while the record showed that all correspondence from Richmond, Va., took normally one, but no more than two days by <u>regular U.S. Mail</u>, and *void* order doctrine.

163. Due to the VSB *void* order causing irreparable injury and stigmatizing Rodriguez-father in his reputation, business and profession, on January 4, 2007, and then again on January 27, 2007, a Motion for TRO/Injunction to the Defendants Supreme Court of Virginia and VSB, was filed with Defendant U.S. Supreme Court, in the related action to enforce his Virginia Attorney Lien, *Isidoro Rodriguez vs. Devis,* S. Ct. Docket No. 06A715.

164. Pursuant to 28 U.S.C. §§ 3 and  455 (b)(5)( I ) & (iv), Rodriguez-father filed a motion to disqualify Defendant Chief Justice John G. Roberts, as Circuit Justice of the United States Court of Appeals for the District of Columbia Circuit, and for the Fourth Circuit, based on his being a named either a witness or a named Defendant in the instant litigation due to his negligent or intentional acts as a a member of the defendant United States Court of Appeals for the District of Columbia Circuit, and subsequent intentional misstatements to the Senate Judiciary Committee during his confirmation in violation of 18 U.S.C. §§ 4, 241, 242, 242, 1001 and 1204.

165. Acting outside of his judicial capacity or jurisdiction Defendant Judge John G. Roberts refused to disqualify himself, and denied the motion for TRO/Injunction on January 23,

34

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

2007.

166.    On January 27, 2007, Rodriguez-father submitted the motion to Judge Paul Stevens, who

referred it to the full Court.

167.    In furtherance of the conspiracy to punish Rodriguez-father for exercising his  Treaty federal

statutory and VA Code rights as a father, the full U.S. Supreme Court without any

explanation denied the motion for TRO on February 20, 2007, thereby aided Defendants

violation of 18 U.S.C. §§ 4, 241, 242, 1001, and 1204.

168.    On March 23, 2007, the Defendant 4th Cir. Court vacated their order of December 21, 2006,

but again issued a Notice to Show Cause based on the *void* order of the VSB.

169.    On April 2, 2007, Rodriguez-father filed with the Defendant 4th Cir. his: [1] Second

Response to the Notice to Show Cause; and refiled his: [2] Request for Hearing; and, [3]

Motion to Disqualify pursuant to Federal Rule of Appellate Procedure 46 ( c ), 28 U.S.C. §§

3, 291(a), 292(d), and 455(a) and (b)(5) ( I ) and (ii).

170.    In response to a Show Cause Order issued from the U.S. Tax Court based on the *void* VSB

order and notice of hearing set for May 1, 2007, Rodriguez -father filed on April 2, 2007,

his: [1] Response to the Notice to Show Cause;  [2] Request for an Evidentiary Hearing

regarding the *void* order and  violation of 18 U.S.C. §§ 4, 241, 1001, and 1204; and, [3]

Motion pursuant to  28 U.S.C. § 455, for a three judge panel from outside of the Beltway.

171.    On April 2, 2007, and again on May 1, 2007, after Rodriguez-father was terminated based

from a Project Manager position in the District of Colombia (Plaintiff's Exhibit 10),, and

that his application to waive into the Bar of the District of Colombia had been pending for

35

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

almost two years ago since July 21, 2005, based on the VSB *void* order, the on going actions of VSB and John Doe, he filed with the D.C. Committee on Admission motions pursuant to DC Ct. App. Rule 46( c ) (3)( I ) or (f), seeking either immediate admission to the District of Columbia Bar, or in the alternative he demanded a public hearing within 10 Days to determine Rodriguez-father's "moral character and general fitness" for admission, citing *Konigsberg v. State Bar*, 353 U.S. 252, 273 (1957), wherein the Supreme Court stated that,

[w]e recognize the importance of leaving States free to select their own bars, <u>but it is equally important that the State not exercise this power in an arbitrary or discriminatory manner nor in such way as to impinge on the freedom of political expression or association</u>. A bar composed of lawyers of good character is a worthy objective but it is unnecessary to sacrifice vital freedoms in order to obtain that goal. <u>It is also important both to society and the bar itself that lawyers be unintimidated — free to think, speak, and act as members of an Independent Bar.</u> (Emphasis added).

172. In response Rodriguez-father first response to their show cause order, the U.S. Tax Court amended its Show Cause Order to set a hearing for  July 17, 2007, and demanded to know what evidence regarding the *void* VSB order was relevant or necessary in their hearing.

173. On April 30, 2007, Rodriguez-father filed with the U.S. Tax Court a motion in support of an evidentiary hearing or to vacate the amended show cause order based on the holding of *Theard v. United States*, 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957), wherein the Supreme Court stated  that,

Disbarment being the very serious business that it is, <u>ample opportunity must be afforded to show cause why an accused practitioner should not be disbarred.</u> If the accusation rests on disbarment by a state court, such determination of course brings title deeds of high respect. But it is not conclusively binding on the federal courts. (Emphasis added)

174. Although having a duty to provide Rodriguez-father a hearing and to report  the record of

36

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

violations of 18 U.S.C. §§ 4, 241, 1001, and 1204, and the Fifth Amendment to the U.S. Constitution, on May 14, 2007, in seeming collusion and furtherance of the above alleged conspiracy both the United States Tax Court and the D.C. Committee on Admission,[7] refused to provide a public hearing by either staying any hearing, or stating that Rodriguez-father application for admission by waiver that has been pending since July 21, 2005, was no longer valid based on the VSB *void* order (Plaintiff's Exhibit 11), thereby assuming away the *void* order doctrine by not acting pending a decision by the Defendant Supreme Court of Virginia, on the VSB *void* order issued as the agent of the Defendant Supreme Court of Virginia in violation of Article VI of the Constitution of Virginia and 3915, and 54.1-3935.

175.    By refusing to report the criminal violations and act expeditiously to stop the on going conspiracy to punish Rodriguez-father for exercising Federal right under the Treaty, Federal statutes, and Va. Code as a father to protect his Son, and as an experience civil litigation attorney, and by permitting the damage and injury to Rodriguez-father's right to employment, his business, profession, and interstate/international law practice (Plaintiff's Exhibit 10), the U.S. Tax Court, and Defendants Committee on Admissions for District of Columbia, the 4th Cir Court, Chief Justice John G. Roberts, and the United States Supreme Court have approved and ratified the on going civil conspiracy and criminal violation of 18

---

[7]For political reasons Congress enacted D.C. Home Rule to permit it to be governed "like a State," however the District of Columbian is a Federal government entity and jurisdiction under the direct responsibility and limitations of the United States Constitution.  Thus it must also provide for Rodriguez-father his right due process and equal protection by to admitting him to the D.C. Bar or provide the public hearing pursuant to DC Ct. App. Rule 46( c ) (3)( I ) or (f).

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

U.S.C. §§ 18 U.S.C. 241, and 242.

176.    Defendants John Doe conspired to use "Beltway" political and judicial cronyism to obstruct

with Rodriguez-father's parental right in the companionship with Isidoro-Son, to punished

Rodriguez-father because they harbored animus towards him for his independent litigation

against the abuse of government power and to enforce his federal civil rights as a father and

Hispanic.

CAUSES OF ACTION

FIRST CAUSE OF ACTION: Multiple Predicate Acts Against Rodriguez-father by All Defendants
in violation of Civil R.I.C.O. 18 U.S.C. §1962 (Including but not limited to 18 U.S.C. § 1511
(obstructing enforcement of Federal and VA Code); 18 U.S.C. §§ 1661 through 1668; 18 U.S.C.
§ 1204(obstructing parental rights under Treaty and Va. Code); and 18 U.S.C. §§ 241, and 242)
(obstruction of justice in a conspiracy to injure or intimidate for the exercising of Federal right)

177.    Rodriguez-father repeats and realleges and incorporate by reference the allegations in

paragraphs 1 through 172 above with the same force and effect as if herein set forth.

178.    Defendants Federal Executive Branch *et al*, Federal Courts, Virginia Courts, and the

NCM&EC *et al.*, have conspired to obstruct and violate Rodriguez-father's civil rights as a

parent and an attorney at law by unlawful overt acts, include, but are not limited to,

communicating in interstate commerce by mail, e-mail, telephone wire, judicial conferences,

published material, memo, orders, docket sheets, and notes, with the purpose to injure

Rodriguez-father in his business and profession (Plaintiff's Exhibit 10 and 11), by

misleading and misinform the public by creating, publishing in public media, and presenting

the false theme that Rodriguez-father's litigation was only for "custody" of Isidoro-Son

through perjured statements and filing with the courts, and to Congress by Defendant Chief

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Justice John G. Roberts giving false testimony in violation of 18 U.S.C. § 1001; obfuscate Rodriguez-father's litigation before Defendant Judge Richard W, Roberts in Docket No. 03-0129, and related appeals, to secure visitation under the Settlement Agreement (Plaintiff's Exhibit 1 & 2), pursuant to the Treaty and Va. Code, and for damages, by instead use legal sophistry to hold that the case involved some undefined and arcane U.S. Constitutional claim, so to purposefully use unpublished decisions to cover-up that Rodriguez-father and Isidoro-Son's rights as a citizen of the United States had been violated by the unauthorized policies of Defendants; and conspire to punish, "injure, oppress, threaten, or intimidate" Rodriguez-father in violation of 18 U.s.c. §§ 241 and 242, by illegally revoking his license to practice law in Virginia and the District of Columbia in violation of the law, for his seeking the free exercise or enjoyment of the rights or privilege secured to him by the Constitution or laws of the United States.

179. On or about the dates and locations listed above Defendants did enter into a criminal enterprise to act in their individual capacity, and outside of their respective judicial/ministerial capacity and jurisdiction to knowingly, willfully, and with malicious of two or more predicate intentional acts including approving and ratifying the violation of 18 U.S.C. § 1204, between January 27, 2003 to March 10, 2007, to intentionally of obstruct the lawful exercise of Rodriguez-father's parental rights, including the right to obtain a Writ of Mandamus to secure visitations with Isidoro-Son, in violation of rights under the Treaty, Va. Code, and Article III, § 2 and Article IV § 2 and the I, V, IX, and XIV Amendments to the U.S. Constitution.

39

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

180.   Defendants did further compound their criminal enterprise in violation 18 U.S.C. §§ 241 and 242, to approve and ratify the punishing of Rodriguez-father in retaliation for his exercising his Constitutional, as well as Federal and Virginia statutory parental rights, and to petition for an investigation by Congress and the General Assembly of Virginia (*See.* http://home.earthlink.net/~isidoror), of Defendants' unlawful policies and practices to disregard the mandates of the legislature by legal sophistry and judicial cronyism, to violate separation of power by the collusion of the Executive and Judicial Branches of Government, their duty as a free press, and to violate from June 11, 2002 until March 10, 2007, their ministerial and judicial duty to secure visitation with his Son pursuant to Settlement Agreement (Plaintiff's Exhibit 1 & 2), Article 21 of the Treaty, ; Congressional Joint Concurrent Resolution 293 of May 23, 2000, and, VA Code § 20-146.25 and 35. *See, Canter v. Cohen*, 442 F.3d 196 (March 21, 2006); 2006 U.S. App. LEXIS 6915.

181.   Defendants in furtherance of the above criminal enterprise did conspire, approve and ratify the filing of a fraudulent VSB Complaint, the conducting by the VSB of unauthorized proceedings, and the issuing by the VSB of a *void* order revoking Rodriguez-father's license in Virginia in violation of Article VI, §§ 1 and 5 of the VA Const., VA Code § 54.1- 3915, and VA Code § 54.1- 3935, and the Rules of the Supreme Court of Virginia, in retaliation for seeking to exercise his rights under the Treaty and Va. Code.

182.   Defendants in furtherance of the criminal enterprise did conspire, approve and ratify the delay and not approving for more than two years Rodriguez-father's admission into the D.C. Bar, based on the *void* proceedings and order of the VSB (Plaintiff's Exhibit 11).

40

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

183.    Defendants in furtherance of the above criminal enterprise did conspire, approve and ratify the denial of access to an impartial court as to retaliate, injure, punish, and intimidate Rodriguez-father for filing Federal Tort Claim Notices ("FTCA") (Plaintiff's Exhibit 4, 7, 8, and 9), Virginia Tort Claim Notice ("VTCA") (Plaintiff's Exhibit 6), and a criminal complaint (Plaintiff's Exhibit 5).

184.    Defendants in furtherance of their criminal enterprise did conspire, approve and ratify the obstruction of justice and the concealing of their past and ongoing malfeasance in violation of 18 U.S.C. §§ 4,[8] 371,[9] 1001, including the commission of perjury, and providing pf false fictitious or fraudulent statements, writings or documents to both the Federal courts and Congress.

185.    Defendants have conspired in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution, as well as Article 1 § 11 of the Constitution of Virginia, to deny Rodriguez-father of his right to due process by preventing the calling witness and compelling the production of documents in all the above litigation.

186.    Defendants have conspired in violation of the Fifth and Fourteenth Amendments to the U.S.

---

[8]18 U.S.C. § 4 - Misprision of felony.
Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil . . . authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

[9]18 U.S.C. § 371 - Conspiracy to commit offense or to defraud United States.
If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Constitution, as well as Article 1 § 11 of the Constitution of Virginia, to deny Rodriguez-father of equal protection of the laws under Treaty, Federal and Va. Code

187.  Defendants have conspired with Defendant *Legal Times* and *Washington Post*, undermine a free press by the publishing false and defamatory news articles based on the purposefully misleading theme discussed above, with the purpose to stigmatize and punish Rodriguez-father, so to misinform the public regarding his litigation to secure a father's visitation rights, the issuance of a Writ of Mandamus to compel compliance with the Treaty and Va. Code, and the award of damages.

188.  Defendants Supreme Court of Virginia, Virginia State Bar, Federal Executive Branch, Federal Judicial Branch, their employees and independent contractor the NCM&EC, in furtherance of their conspiracy did endeavor to defame, stigmatize and cause Rodriguez-father to be seen and branded in the public mind by the Defendant *Legal Times* that he was "controversial," and by the *Washington Post* as his being dismiss from a White House appointment for opposing affirmative action, and being validly found guilty of unemployment compensation fraud for $1,000.00, as an ex-Viet Nam veteran likely to be violent, and accused of attorney misconduct for taking "actions," so to stigmatize and isolate Rodriguez-father to punish him for that his attempts to protect Isidoro-Son and for exercising his rights under the Constitution, and the Treaty, and now they seeks to stigmatize and deprive him of his right to employment, business and profession (Plaintiff's Exhibit 10 and 11).

189.  Defendants Federal Courts and Judges and the Virginia Court and Judges, have conspired, approved and ratified the denial to Rodriguez-father due process and equal protection of the

42

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

U.S. and Virginia Constitutions, so to conceal violations of 18 U.S.C. §§ 4, 241, 1204, so to obstruct with Rodriguez-father of his parental rights under the Settlement Agreement, fundamental rights under the Federal and Commonwealth of Virginia Constitution, and Article 20, 21, and 29 of the Treaty, and illegally revoke his license to practice law.

190.    Defendants NCM&EC, NCM&EC *et al*, including Covington & Burling, Eric H. Holder, Esq., and D. Jean Veta, Esq., have conducted an unlawful "Orwellian" investigation use of their contacts with Defendant DOJ and Virginia law enforcement to intimidate and to deprive Rodriguez-father of his 1st Amendment rights to petition government to redress grievances.

191.    Defendants Federal Courts, Virginia Courts, Executive Branch, and the NCM&EC *et al.*, specifically Covington & Burling, Eric H. Holder, Esq., and D. Jean Veta, Esq., caused unlawfully conducting a campaign to falsely stigmatize and discredit Rodriguez-father's reputation and business, so to conceal the violation by both Federal and State judiciary of 18 U.S.C. §§ 4, 241 and 1204, and to deprive Rodriguez-father of his right to employment as a Virginia Attorney.

192.    Defendants Federal Courts, Virginia Courts, Executive Branch, and the NCM&EC *et al.* specifically Covington & Burling, Eric H. Holder, Esq., and D. Jean Veta, Esq., used their contacts and influence with the Defendant *Legal Times*, to misinform the public and prevent publication of information regarding the past and on going violation by the NCM&EC *et al.*, of 18 U.S.C. §§ 4, 241 and 1204.

193.    Defendants NCM&EC, and NCM&EC *et al*, Covington & Burling, Eric H. Holder, Esq., and D. Jean Veta, Esq., in violation of 18 U.S.C. §§ 4, 241 and 1204, filed false allegations with

43

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

the  Virginia State Bar Complaint in October 2003, with the purpose of denying Rodriguez-father of rights under the Treaty, Federal statutes, including civil rights.

194.    Defendants Virginia State Bar and Noel Sengel in violation of VA Code, and Federal statute conducted an illegal investigation for more than 26 months since October 2003, despite the total lack of evidence of any wrong or unethical acts by Rodriguez-father, so to have a chilling effect on his 1st Amendment right to petition the Federal and State legislative branch for an investigation of violations of both Federal and Virginia statutes and the Treaty.

195.    Defendants Virginia State Bar issued a *void* order in violation of the Constitution of Virginia and VA Code, so to in violation of 18 U.S.C. §§ 4, and 241, punish and stigmatize Rodriguez-father for exercising his Federal statutory rights by illegally revoking his license to practice law in the Commonwealth of Virginia.

196.    the Defendants Executive Branch and NCM&EC abused the public trust and funds in 18 U.S.C. §§ 4, and 1001, to obtain the passage of "International Assistance to Missing and Exploited Children Act of 2004" H.R. 4347 in July 2004, to seek immunity for the NCM&EC *et al.*, for their intentional ongoing conspiracy in violation of Rodriguez-father's rights under Articles 2, 20, 21 and 29 of the Treaty, and 12 U.S.C. §§ 4, 241 and 1204.

197.    Defendants  Federal Courts, Virginia Courts, Executive Branch, and the NCM&EC *et al.*, have conspired to violate Rodriguez-father civil rights under Virginia Code and 42 U.S.C. §§ 1983, 1985, and 1986.

198.    Defendants Federal and Virginia Courts and Judges in furtherance of the conspiracy have

44

acted outside of their judicial authority by staying from January 2002 until March 10, 2007, all proceeding to secure Rodriguez-father's visitation rights.

199.    In furtherance of their illegal object, Defendants  Federal Courts, Virginia Courts, Executive Branch, and the NCM&EC *et al.* did two or more overt acts against the Rodriguez-father, including Defendant Richard W. Roberts staying all proceeding for more than two years to permit the Treaty to run. Those unlawful overt acts include, but are not limited to the facts outlined in the above RICO claim.

200.    The Defendant United States Supreme Court, the Virginia Supreme Court, the United States and the Commonwealth of Virginia are liable for the acts of their Judges outside of their judicial authority, and if not liable for their own involvement in the conspiracy as co-conspirators acting outside of their judicial authority, they are liable for the Judges acts under the doctrine of respondent superior.

201.    Beginning in or about August 2001, and continuing until the present, Defendants  Federal Courts, Virginia Courts, Executive Branch, and the NCM&EC *et al.*, and known and unknown co-conspirators have engaged in racketeering activity as described in 18 U.S.C. §1961 (1) involving violations of 18 U.S.C. §1962 (a) (b) ( c ) (d), §152, §1951, §1503, §1512, §1956, §1957, §1341, §1343, §2315, §1952, and 15 U.S.C. 77(g) and acquired and maintained directly and indirectly in violation of 18 U.S.C. §1962 as defined in U.S.C. §1961 an interest in and ultimately absolute control of the enterprise.

202.    In violation of 18 U.S.C. §1961 (5), the pattern of activities as set forth in the proceeding allegations and the counts below began on or about October 2001 and continue through the

45

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

present, defining a continuous ongoing pattern of numerous predicate R.I.C.O. violations within ten (10) years of each other.

203.    In violation of 18 U.S.C. § 1961(4), the enterprise was to deprive Rodriguez-father of his property and ability to challenge and disclose the unauthorized practices and policies under Article 12 of the Treaty by Defendants in violation of the fundamental rights of U.S. citizens pursuant to the I, V, IX, and XIV Amendments and Article 2, 20, 21, and 29 of the Treaty.

204.    Defendants are "persons"within the meaning of 18 U.S.C. §1961 (3).

205.    Defendants Federal Courts, Virginia Courts, Executive Branch, and the NCM&EC *et al.,* are an "enterprise" within the meaning of 18 U.S.C. §1961 (4) and is engaged in implementations of the provisions of the VA Code Treaty, and its activities affect, interstate commerce.

206.    From in or about October 2001 and continuing to the present, Defendants received income, benefits, trips etc., derived directly and indirectly, from a pattern of racketeering activity, as defined in 18 U.S.C. §1961 (1) and as set forth in paragraphs above, and used and invested, directly and indirectly, part of such income, benefits and the proceeds thereof in the acquisition of an interest in and in the operation of the NCM&EC, in violation of 18 U.S.C. §1962 (a) (b) ( c ) (d), ultimately conspiring to deprive Rodriguez-father's of property and rights under Article III § 2 and Article IV § 2 of the Constitution and Article 2, 11, 13b, 20, 21, and 29 of the Treaty, with the intent of obstructing the lawful exercise of Rodriguez-father's parental rights, including the right of securing visitations in violation of 18 U.S.C. § 1204, subsequent to his son being shanghaied to Colombia from the United States.

46

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

207.  The enterprise directly benefitting from the conspiracy was the Executive Branch and the NCM&EC *et al.*, Federal Courts and Judges, and Virginia Courts and Judges, by being permitting the unlawful reallocation (a) the million of dollars by the noncompliance with Article 13b, 20, 21 and 29 of the Treaty; (b) the spending on domestic and international judicial conferences to teach the unauthorized practices and policies by invited judges and attorneys at the cost of the U.S. taxpayer, and ( c ) spending of millions of dollars on the cost of salaries for staff to administer said unlawful policies and practices.

208.  Defendant Federal Courts and Judges, specifically Judge Richard Roberts and the U.S. Ct. of Appeals for the District of Columbian, by conspiring refusing to receive reports of the unlawful policies and practices in violation of 18 U.S.C. §§ 4, and 241, 1204, perpetuated the Executive Branch and the NCM&EC *et al,* did obstruct justice in accordance with 28 U.S.C. § 1361  (ordering a federal official to perform his duty and halt his unlawful acts).

209.  The Defendant Federal Courts and Judges, and Virginia Courts and Judges, in furtherance of the conspiracy deliberately and intentionally ignored rights under  Article 2, 20, 21, and 29 of the Treaty, VA Code 20-146.1-35, in Rodriguez-father's actions in both Federal and State Court.

210.  Rodriguez-father suffered harm and damages  as a direct result of the acts of conspiracy to deprive Rodriguez-father's property and rights to practice law under Article III § 2 and Article IV § 2 of the Constitution and Article 2, 11, 13b, 20, 21, and 29 of the Treaty, with the intent of obstructing the lawful exercise of Rodriguez-father's parental rights, including the right of securing visitations in violation of 18 U.S.C. § 1204, subsequent to his son being

47

shanghaied to Colombia.

211.    Defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO *enterprise* of individuals who were underline(associated in fact) and who did engage in, and whose activities did affect, interstate and foreign commerce, all in violation of 18 U.S.C. 1961(4), (5), (9), and 1962( c ).

212.    During the past six (6) years ten (10) all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(B), relating to the obstruction of justice and criminal investigation, and retaliation against Rodriguez-father, and did so in violation of the RICO law at 18 U.S.C. 1962( c ) (Prohibited activities).

213.    Rodriguez-father further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. 1962( c ) *supra*.

214.    At various times and places partially enumerated in Rodriguez-father's *documentary material*, all Defendants did associate with a RICO *enterprise* of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce, and die conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO *enterprise* through a *pattern of racketeering activity*, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962( c ).

215.    Pursuant to the original Statutes at Large, the RICO laws itemized above are to be *liberally*

48

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. See 84 Stat. 947, Sec. 904, Oct. 15, 1970.

216.    The record establishes a claim under 18 U.SC. § 1962 ( c ), since (a) defendant persons (2) were and are employed by or associated with the enterprise to injure Rodriguez-father and obstruct with his rights as a parent (3) that engaged in or affected interstate and international commerce and that (4) defendant persons operated or managed the enterprise (5) through a pattern (6) of racketeering activity and (7) Rodriguez-father was injured in his business, profession, and property by reason of the pattern of racketeering activity.

217.    Defendants association-in-fact has had a continuity of structure and personnel; has had a common and shared purpose; and has had an ascertainable structure distinct from that inherent in the stated pattern of racketeering. *Diamonds Plus, Inc. V. Kolber,* 960 F.2d 765, 769 (8th Cir. 1992).

WHEREFORE, Rodriguez-father demands pursuant to RICO 18 U.S.C. § 1964(a) and ©):

(A) civil triple damages for the on going RICO conspiracy, and a temporary restraining order, and permanent injunction against the Supreme Court of Virginia and its agent Virginia State Bar, for the issuance of the *void* order issued on October 27, and November 27, 2006, which has illegally in violation of 18 U.S.C. §§ 241 and 242, stigmatized, injured and deprived Rodriguez-father to his right to employment, business, and profession (Plaintiff's Exhibit 10), and prevented to date his admission by waiver into the Bar of the District of Columbia based on being a member in good standing since 1982 of the Bar of the Supreme Court of Virginia (Plaintiff's Exhibit 3).

(B) seek damages for common law conspiracy for all acts outside the scope of employment

49

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

and outside of judicial authority in violation of the U.S. Constitution, the Treaty, VA Code 20-146.1-35, 18 USC §§ 4, 241 and 1204;

(D) damages for violation of the First Amendment right as well as right under the Treaty of Rodriguez-father individually, and as father and next of friend of his son to petition the government for a redress of grievances for  the obstruction of the lawful exercise of Rodriguez-father's parental rights under the Custody Agreement, Treaty, Laws of Colombia, and VA Code 20-146.1-35;

(E) damages for violation of the Fifth Amendment rights of due process and equal protection under the Custody Agreement, Treaty, Laws of Colombia, and VA Code, denied to Rodriguez-father, individually, and as father and next of friend of his son, since July 13, 2001, and as an active Member of the Virginia State Bar;

(L) seek damages for violation of 42 U.S.C.§§ 1983 and 1985(3) (conspiracy to interfere with civil right) and *Bivens*  for the deprivation of Rodriguez-father's fundamental parental rights protected under the IX Amendment to the U.S. Constitution and Treaty;

(M) seek damages for violation of 42 U.S.C.§ 1986 (conspiracy to neglect to prevent conspiracy to violate civil rights) and *Bivens*  for the deprivation of Rodriguez-father's fundamental rights as citizens of the United States in their father/son relationship confirmed by the IX and XIV Amendments to the United States Constitution and the Treaty, since his son's shanghai and ongoing conspiracy to not enforce international visitation rights under Articles 2, 20, 21 and 2 of the Treaty and Va Code 20-145.25;

(N) seek damages for the conspiracy to violate the Article III, § 2 of the Constitution by the intentional development of policies and practices taught to the Federal judiciary by the Executive

50

Branch and the NCM&EC *et al.,* to act outside their judicial authority and disregard the enforcement

of the exception to the application of Article 12 of the Treaty, and the securing of international

visitation rights under Article 2, 20, 21 and 29 of the Treaty;

(O)  seek damages for the *Bivens* violation of fundamental Constitutional rights as a result

of the unlawful shanghaiing of his son on June 11, 2002 to Colombia against his and his father's

wishes by the Hon. T.S. Ellis III and the United States Court of Appeals for the Fourth Circuit acting

outside their jurisdiction in furtherance of the unlawful policies and practices of the Executive

Branch and the NCM&EC *et al.*; and,

(S) seek damages in accordance with the Federal Tort Clams Act, and Judgment, including

interest from October 2001, against Defendants jointly and severally, for actual, general, special,

compensatory damages in the amount of $5,000,000.00, and further demands Judgment, including

interest, against each of said Defendants, jointly and severally, for punitive damages in an amount

to be determined by the jury, plus the costs of this action, including attorney's fees, and such other

relief deemed to be just and fair and in any other way in which the Court deems appropriate.

SECOND CAUSE OF ACTION: For Violation of Due Process, Equal Protection, and Access to the
Federal and Virginia Courts (Fifth and Fourteenth Amendments)

218.    Rodriguez-father repeats and realleges and incorporates by reference the allegations in

paragraphs 1 through 206 above with the same force and effect as if herein set forth.

219.    This is a claim of violation of the First, Fifth and Fourteenth Amendment to the U.S.

Constitution, and Article I and VI of the Virginia Constitution due to Defendant Supreme

Court of Virginia, Virginia State Bar, and their employees use of "bad motive" and conspiracy

51

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

to illegally revoke his license to practice law in the Commonwealth of Virginia ("Virginia"), in violation of Art. I and VI of the Constitution of Virginia, and VA Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935, so to punish Rodriguez-father by denying due process, equal protection of the law, and access to the Courts to enforce his rights under the Treaty and VA Code.

220.   It is presumptively unconstitutional violation of due process and access to the courts to conspire to use judicial cronyism and political clout to systematically take official action design to frustrate Rodriguez-father's rights under the Treaty, and VA Code, and rights as an attorney under VA Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935.

221.   Rodriguez-father has been illegally deprived of his property rights in his business and profession, and right to employment (Plaintiff's Exhibit 11) based on stigma and defamation by the Virginia State Bar issuing a *void* order revoking his license on October 27, 2006, "plus" the violation of his rights under the Treaty and VA Code, and has a right to procedural protections of the Due Process Clause' which has been and will be denied him by the Supreme Court of Virginia and Virginia State Bar.

222.   Rodriguez father in violation of his rights under DC Ct. App. Rule 46( c ) (3)( I ) or (f), since July 21, 2005, has been denied his right to admission to the District of Columbia Bar, or in the alternative to a public hearing determine his "moral character and general fitness" for admission

223.   Declaratory and injunctive relief will prevent injury to Rodriguez-father, other Virginia Attorney's, and other United States citizens who have a right to the society and companion-

52

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

ship in the father/son's relationship, and access to the courts of the Commonwealth of Virginia, so to not be denied rights under the Treaty and Va Code, and absent said relief, future injury is likely to recur in violation of 18 U.S.C. §§ 214 and 242..

WHEREFORE, Rodriguez-father request the Court to:

(a) declare that Defendants conspiracy has violated Rodriguez-father's fight under Art. I and VI of the Constitution of Virginia, and VA Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935, due process, equal protection, access to the courts under the Fifth and Fourteenth Amendment to the United States Constitution;

(b)enter judgement in favor of Rodriguez-father against Defendants Supreme Court of Virginia and Virginia State Bar, to order that they pay for lost income from October 27, 2006 until the present in the amount of $70,000.00, publish on the World Wide Web the order confirming that Rodriguez is a member in good standing and that the order revoking his license was void as a matter of law, direct the posting of Rodriguez-father MCLE credits, and instruct the Virginia State Bar to correct his membership account to reflect payment for the next membership cycle, and permit access to all active membership benefits including legal research site;

( c ) enter a permanent injunction prohibiting the Defendants from engaging in use of unauthorized policies and practices in violation of Art. I and VI of the Constitution of Virginia, and VA Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935, as well as fundamental rights of an attorney to litigate for the society and companionship of the father/son's relationship, and access to the courts as described herein; retain jurisdiction of this case to monitor implementation of the injunction entered against Defendants;

53

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

(d) award damages to compensate Rodriguez-father for their injuries in the amount of $1,000.000.00 million;

(f) award punitive damages against all Defendants, and a number of unnamed and unknown employees, agents, and John Does, to punish and deter them, and other, from conspiring in the future to frustrate access to the State court, so to force a United States citizen from the United States in violation of their fundamental Constitutional rights vis-a-vis the furtherance of the conspiracy to trump said rights by the Treaty.

(g) award Rodriguez-father prejudgment interest;

(h) award costs and attorney's fees; and,

(I) award Rodriguez-father any other relief deemed necessary and proper.

(t) seek damages in accordance with the Virginia Tort Clams Act, and Judgment, including interest from October 2001, against Defendants Virginia Courts jointly and severally, for actual, general, special, compensatory damages in the amount of $1,000,000.00, and further demands Judgment, including interest, against each of said Defendants, jointly and severally, for punitive damages in an amount to be determined by the jury, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and fair and in any other way in which the Court deems appropriate.

THIRD CAUSE OF ACTION: Denial of Right to Petition the Government and Privacy (First and Ninth Amendments)

224.    Rodriguez-father repeat and realleges and incorporate by reference the allegations in paragraphs 1 through 212 above with the same force and effect as if herein set forth.

54

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

225.   This is a claim for violation of the First and Ninth Amendments to the United States Constitution, and Article I and VI of the Virginia Constitution, to punish Rodriguez-father for exercising his parental rights and rights as an attorney under Treaty and Va Code.

226.   Defendants Supreme Court of Virginia, Virginia State Bar, Federal Executive Branch, Federal Judicial Branch, their employees and independent contractor the NCM&EC, have undertaken a Constitutional and criminal conspiracy to frustrate, disrupt, misdirect, discredit or otherwise neutralize and otherwise suppress, punish and chill Rodriguez-father right to petition the government to secure his visitation rights, and punish him in violation of 18 U.S.C. §§ 4, 241, 242, 371, 1001, 1204.

227.   Defendants Supreme Court of Virginia, Virginia State Bar, Federal Executive Branch, Federal Judicial Branch, their employees and independent contractor the NCM&EC, in furtherance of their conspiracy did endeavor to cause Rodriguez-father to be seen and branded in the public mind by the Defendant *Legal Times* as "controversial," by the *Washington Post* as dismiss from a White House appointment and validly found guilty of unemployment compensation fraud for $1,000.00, as an ex-Viet Nam veteran likely to be violent, and accused of attorney misconduct for taking "actions," so to stigmatize and isolate Rodriguez-father to punish him for that his attempts to protect Isidoro-Son and for exercising his rights under the Constitution, and the Treaty, and now they seeks to stigmatize and deprive him of his right to employment, business and profession (Plaintiff's Exhibit 10 and 11).

153.   Defendants in furtherance of the conspiracy to obstruct with Rodriguez-father's

55

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

parental rights in violation of 18 U.S.C. §§ 4, 1001, and 1204, did falsely describe to Congress

Rodriguez-father, and caused him to be portrayed as having lose "custody" and all parental

rights as a father to his Son.

WHEREFORE, Rodriguez-father and request the Court to:

(a) declare that the Defendants have violated the Constitutional protections guaranteed

by the First and Ninth Amendments to the Constitution, and Article 2, 20, 21, and 29 of the

Treaty.

(b) enter judgement in favor of Rodriguez-father and against Defendants;

( c ) enter a permanent injunction requiring that practices and policies be adopted in

accord with the requirements of the Treaty, Va Code, and First and Ninth Amendments to the

Constitution, and Article I of the Virginia Constitution so to assure the right of petitioning the

government and the protection from falsification of official documents;

(d) retain jurisdiction of this case to monitor implementation of the injunction entered

against the Defendants;

(e) award damages to compensate Rodriguez-father for his injuries;

(f) award punitive damages against Defendants, and a number of unnamed and

unknown  employees, agents, and John Does, to punish and deter them, and others from

conspiring in the future to violate Va Code, Treaty, and deny the right to petition the govern-

ment.

(g) award Rodriguez-father prejudgement interest;

(h) award costs and attorney's fees pursuant to the provision of the Equal Access to

56

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Justice Act; and,

(I) award Rodriguez-father any other relief deemed necessary and proper.

FOURTH CAUSE OF ACTION: Violations of 42 U.S.C. §1983, and §§ 241 and 242:
Deprivation of Parental Rights

228.    Rodriguez-father repeats and realleges and incorporates by reference the allegations in

paragraphs 1 through 216 above with the same force and effect as if herein set forth.

229.    At all relevant times herein, pursuant to his rights under the Settlement Agreement

(Plaintiff's Exhibit 1 & 2), Rodriguez-father had a right under the due process and equal

protection clauses of the Fifth and Fourteenth Amendment to the Constitution, and

Article I of the Virginia Constitution and the Article 2, 20, and 21 of the Treaty, as well

as Va. Code § 20-146.25, to have Defendants Supreme Court of Virginia, Court of

Appeals of Virginia, the Fairfax Circuit Court and the Fairfax J&D Court, as well as

Defendant Federal Courts to expeditiously compel the Federal Executive Branch and its

independent contractor the NCM&EC, its employees, agents, and attorney's secure his

visitation rights with Isidoro-Son, and not to be deprived by the government of his

constitutionally protected interest in the companionship and access to his son.

230.    In furtherance of the conspiracy in violation of 18 U.S.C. §§ 241 and 242, Defendants

have stigmatized and punished Rodriguez-father by the illegal revoking his license to

practice law based on a *void* order from the VSB, in retaliation for litigating against the

obstruct of Rodriguez-father parental rights in 18 U.S.C. § 1204, in litigating as an

independent attorney, and for petition as a citizen government to redress grievances.

57

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

WHEREFORE, Rodriguez-father demands judgment against Defendants Supreme Court of Virginia, Court of Appeals of Virginia, the Fairfax Circuit Court and the Fairfax J&D Court, Defendant Federal Courts, Federal Executive Branch and its independent contractor the NCM&EC, its employees, agents, and attorney's for their unlawful obstruction of his rights parental rights to visitations from January 27, 2003 to March 10, 2007, mandated by Article 2, 21, and 29 of the Treaty and UCCJEA Va. Code § 20-146.1-25 and .35, in the amount of $1,000,000.00, and the costs of this action, including attorney's fees, and such other relief deemed to be just and fair and in any other way in which the Court deems appropriate.

FIFTH CAUSE OF ACTION: Violations of 42 U.S.C. §1983, and 18 U.S.C. § 4, 241, 242, 371, 1001, and 1204: Obstruction of parental rights depravation of rights as an attorney.

231.    Rodriguez-father repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 221 above with the same force and effect as if herein set forth.

232.    At all relevant times herein, Rodriguez-father had a right under the due process and equal protection clauses of U.S. Const. Amend. 1, 5, 9, 10, and 14; and VA Const. Art. I §§ 1, 2 & 3, and Articles 13 and 20 of the Treaty, and VA. Code § 20-146.4( C ), .23, and .25, to not to be deprived by the government of his fundamental rights and interest as a parent in educating, raising and protecting Isidoro-Son in the safety of the United States and in having a meaningful relationship with him.

233.    "The rights of parents to the care, custody and nurture of their children is of such character that it cannot be denied without violating those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions, and such

58

right is a fundamental right protected by [the First] amendment and Amendments 5, 9, and 14." *Griswold v. Connecticut,* 381 U.S. 479 (l965).

234. The Defendants Hon. Judge Richard Roberts, Hon. Judge T.S. Ellis in his published opinion, and Judges Wilkins, Michael and Traxler, and the United States Court of Appeals for the Fourth Circuit, and the Judges of Virginia Supreme Court, Court of Appeals of Virginia, the Fairfax Circuit Court, and the Fairfax J&D District Court, the Defendant Federal Courts, Federal Executive Branch and its independent contractor the NCM&EC, its employees, agents, and attorney's, the United States Supreme Court in its supervisory role, as well as Chief Justice John G. Roberts in his false statements during his confirmation hearing,  have repeatedly obstructed Rodriguez-father's parental rights in violation of 18 U.S.C. §§ 4, 241, 242, 371, 1001, and 1204, by conspiring to punish and stigmatize Rodriguez-father for challenging the unauthorized policies and practices in violation of the Treaty and VA. Code.

235. Defendants *Legal Times* and *Washington Post,* did conspire to defame and stigmatize Rodriguez-father, by publish and posting false statements.

WHEREFORE, Rodriguez-father demands judgment against all Defendants for their obstruction of Rodriguez-father rights visitations under Article 21 of the Treaty and Va. Code, and for stigmatizing by illegally revoking his license, in actual, general, special, compensatory damages in the amount set by a jury, and the costs of this action, including attorney's fees, and such other relief deemed to be just and fair and in any other way in which the Court deems appropriate.

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

SIXTH CAUSE OF ACTION: Violation of 42 U.S.C. § 1983 (Denial of Due Process and Equal Protection Clauses)

236.    Rodriguez-father repeats and realleges and incorporates by reference the allegations in

paragraphs 1 through 231, above with the same force and effect as if herein set forth.

237.    At all relevant times herein, Rodriguez-father had a right under the due process and

equal protection clauses of the state and federal constitutions not to be deprived by the

government of his fundamental constitutionally protected interest in his property right in

his business and legal profession from an unauthorized and illegal proceeding by the of

Defendant Virginia State Bar acting as an agent of Defendant Chief Justice of the

Supreme Court of Virginia, seeking to punish and obstruct with Rodriguez-father right to

have expeditiously secured by the Executive Branch, the NCM&EC, and the Virginia

Courts the right to visitations pursuant to the Agreement in accordance with U.S.C.

Const. Amend. 5, Article 2, 20, 21, and 29 of the Treaty, 18 U.S.C. § 1204, and VA Code

20-146.25, *see. Canter v. Cohen*, 442 F.3d 196 (March 21, 2006); 2006 U.S. App. LEXIS

6915.

238.    At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. §§

1983, 1985, 1986, and 1988.

239.    Under the color of law, Defendants acting in their official capacity, but outside of the

"scope of their employment" and judicial authority conspired to obstruct with and deny

Rodriguez-father of his parental rights, privileges or immunities secured by Article III § 2,

and Article IV §2 of the United States Constitution, Article 2, 20, 21, and 29 of the

60

Treaty, 18 U.S.C. § 1204, and VA Code 20-146.25, and guaranteed by the First, Fifth,

Ninth, and Fourteenth Amendments to the Constitution of the United States.

240.    As a result of Defendants' concerted unlawful and malicious conduct, Rodriguez-father

was and is being deprived, without due process of law, of his right to his property in his

business and profession by being stigmatized for misconduct and his right to protect his

son from the dangers in Colombia and raise his son in Virginia with the opportunities

and benefits as a citizen of the United States, as well as to have had a relationship with

his son as an adolescent boy during the past five years, and deprived of his right to equal

protection of the laws since July 13, 2001, and the due course of justice was impeded, in

violation of the First, Fifth, Ninth and Fourteenth Amendments of the Constitution of the

United States and 42 U.S.C. § 1983.

241.    Rodriguez-father was and is harmed, and has been and is suffering from worry about his

ability to practice law and his business and profession, the welfare of his son since his

being shanghaied to Colombia on June 11, 2002, grief from the loss of a meaningful

relationship with his son, stress, humiliation, anxiety, fear for his son's safety and well-

being, loss of trust, loss of confidence in and feelings of betrayal by the justice system,

shock, and emotional scarring, all compensable as emotional distress, and other dam-

ages.

WHEREFORE, Rodriguez-father demands judgment for the violation of his civil rights

against Defendants acting in their official capacity, but outside the scope of their employment,

as well as the named Federal and State Judges acting outside of their judicial authority in

61

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

disregarding rights under the Treaty, Federal statute, and Va. Code, but based only on the above

mentioned unauthorized policies and practices, jointly and severally, for actual, general, special,

compensatory damages in the amount of $1,000,000.00, and further demands judgment against

Defendants, jointly and severally, for punitive damages in an amount to be determined by the

jury, and the costs of this action, including attorney's fees, and such other relief deemed to be

just and fair and in any other way in which the Court deems appropriate.

Rodriguez-father seeks equitable relief from the United States District Court for the

District of Columbia so enjoin the *void* order, and pursuant to DC Ct. App. Rule 46( c ) (3)( I )

or (f), direct the Committee on Admissions to either admit Rodriguez-father to membership in

the Bar of the District of Columbia based on his being an active  member in good standing of the

Virginia State Bar since 1982, or to conduct a public hearing Within 10 Days to determine

Rodriguez-father's "Moral Character and General Fitness" for Admission to the D.C. Bar.

SEVENTH CAUSE OF ACTION: Violation of 42 U.S.C. § 1985(3) and VA Code (conspiracy)

242.     Rodriguez-father repeats and realleges and incorporates by reference the allegations in

paragraphs 1 through 238 above with the same force and effect as if herein set forth.

243.     The employees of Executive Branch and NCM&EC *et al.,* acting outside the scope of their

employment, as well as the named Federal and State Judges acting outside of their

judicial authority in disregarding rights under the Treaty and Va. Code based on the

above mentioned unauthorized policies and practices, jointly and severally, conspired to

obstruct and deprive Rodriguez-father of his fundamental rights as a father, privileges or

immunities secured by Article III § 2, and Article IV §2 of the United States Constitution,

62

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Article 2, 20, 21, and 29 of the Treaty, 18 U.S.C. § 1204, and VA Code 20-146.25 and

.25 to have secured rights of visitations during the past five (5) years, and guaranteed by

the First, Fifth, Ninth, and Fourteenth Amendments to the Constitution of the United

States

*PURPOSE AND PATTERN*

244.    The conspiratorial purpose was primarily political and financial involving the awarding

of more then $100 million of sole contracts to the Defendant NCM&EC, and involved the

Defendant Board of Director's authorizing the spending of more then $150,000.00 to

Defendant Covington & Burling to litigate and lobby against Rodriguez-father so to

conceal the Defendant Federal Branch *et al*, unauthorized policies and practices promul-

gated and taught to both the Federal and State judiciary in violation of Article III § 2,

and Article IV §2 of the United States Constitution, Article 2, 20, 21, and 29 of the

Treaty, 18 U.S.C. § 1204, and VA Code 20-146.25, and guaranteed by the First, Fifth,

Ninth, and Fourteenth Amendments to the Constitution of the United States.

245.    The Defendants here were taking advantage, respectively, of the sovereign and absolute

judicial immunity when the Federal and State judges act within the scope of their

authority, but not when they act criminally in violation of 18 U.S.C. § § 4, 241, 242, 371,

1001, and 1204.

246.    The Virginia State Bar and the Committee on Admissions for the District of Columbia

Court of Appeals have acted in furtherance of the above conspiracy by issuing a *void*

order revoking Rodriguez-father license to practice law for exercising his rights under the

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Treaty and VA Code, and by delaying for more than two years admitting Rodriguez into the Bar of the District of Columbia..

*PURPOSE OF THE SCHEME AND COVER-UP OF CONSPIRACY*

173. Integral to the scheme was for all sitting justices to obfuscate, not address and assume away Rodriguez-father rights under Treaty, Federal statute and Va. Code, and to maintain invidious discriminatory animus conspiracy to burden Rodriguez-father.

WHEREFORE, Rodriguez-father demands judgment for the violation of his civil rights against  employees of Defendants acting outside the scope of their employment, as well as the named Federal and State Judges acting outside of their judicial authority in disregarding rights under the Treaty based on the above mentioned unauthorized policies and practices, jointly and severally, for actual, general, special, compensatory damages in the amount of $1,000,000.00, and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in an amount to be determined by the jury, and the costs of this action, including attorney's fees, and such other relief deemed to be just and fair and in any other way in which the Court deems appropriate.

Rodriguez-father seeks equitable relief from Federal and State judges, specifically U.S. District Judge Richard Roberts and Fairfax J&D Judge Thomas Mann such as (a) severe sanctions against them for their acting outside of their judicial authority, incompetence, lawlessness, and deliberate indifference to the clearly established and secured constitutional and rights under the Treaty of Rodriguez-father, and if within the power of this court, (b) instructions to the U.S. Congress  and the General Assembly of the Commonwealth of Virginia to

64

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

investigate both Federal and State Judges for the implementation of the unauthorized polices

and practices of the Executive Branch and NCM&EC *et al.* In violation of the Treaty, specifically

the right to have secured visitation rights pursuant to Article 2, 21, and 29 of the Treaty and

UCCJEA Va. Code 20-146.25.

EIGHTH CAUSE OF ACTION: Violations of 42 U.S.C. 1986, <u>Refusing or neglecting failing to</u>
<u>protect and prevent the wrongs conspired to be done to obstruct parental rights of visitation</u>
<u>and punish in violation of 18 U.S.C. §§ 241 and 242.</u>

247.  Rodriguez-father repeats and realleges and incorporates by reference the allegations in

paragraphs 1 through 242 above with the same force and effect as if herein set forth.

248.  At all times relevant to this Complaint, Defendants Virginia State Bar, Karen Ann Gould,

James Leroy Banks, Jr., Esq., William Carlyle Boyce Jr., Esq., William Ethan Glover, Esq.,

VSB, Glenn M. Hodge, Esq., Stephen A. Wannall, Davis J. Gogal, Esq., Daniel M.

Rathbun, Esq., Edward V. O'Connor, Jr, Esq. John W, di Zerega, Noel D. Sengel, Office of

Attorney General for the Commonwealth of VA, Catherine Crooks Hill, Esq., Assistant

Attorney General for the Commonwealth of VA, Judges of the Court of Appeals of

Virginia, the Fairfax County Court, and the Fairfax J&D Court, were and are acting under

the direction and control of Judges of the Supreme Court of Virginia, and the Common-

wealth of Virginia.

249.  Acting under color of law, but in violation of 18 U.S.C. § 1204,  pursuant to the unautho-

rized policy and practices of Defendant Executive Branch *et al.*, the Defendant Judges of

the Supreme Court of Virginia, Judges of the Court of Appeals of Virginia, the Fairfax

County Court, and the Fairfax J&D Court, knowingly, with deliberate indifference or in

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

reckless disregard or with gross negligence to obstruct Rodriguez-father's parental rights to visitation from June 2003 until March 10, 2007, in violation of the Treaty and VA Code and failed refrain from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b) conspiring to violate the rights, privileges, and immunities guaranteed to Rodriguez-father by the Constitution and laws of the United States and the laws of the Commonwealth of Virginia, Treaty and VA Code § 20-146.25 and .35; and,

( c ) otherwise depriving Rodriguez-father of his constitutional and statutory rights, privileges, and immunities.

250.    Defendants Virginia State Bar, Karen Ann Gould, James Leroy Banks, Jr., Esq., William Carlyle Boyce Jr., Esq., William Ethan Glover, Esq., VSB, Glenn M. Hodge, Esq., Stephen A. Wannall, Davis J. Gogal, Esq., Daniel M. Rathbun, Esq., Edward V. O'Connor, Jr, Esq. John W, di Zerega, Noel D. Sengel, Office of Attorney General for the Commonwealth of VA, Catherine Crooks Hill, Esq., Assistant Attorney General for the Commonwealth of VA, Judges of the Supreme Court of Virginia, Federal Executive Branch *et al.,* the United States Court of Appeals for the Fourth Circuit, the Chief Justice John G. Roberts as Circuit Justice of the Fourth circuit Court of Appeals, in violaiton of 18 U.S.C. §§ 241, and 242, have issued, approved and ratified, the *void* order revoking Rodriguez-father to practice law because he has litigate to protect his rights as a father and prevent viola-tions of 18 U.S.C.  § §  4, 1001, and 1204 by the Federal and Virginia Courts.

66

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

251.    The Judges of the Supreme Court of Virginia have criminally intentionally or with

deliberate indifference or in reckless disregard or negligently failed either to use their

powers or to fulfill their duties in accordance with the Article 2, 20, 21 and 29 of the

Treaty and Va. Code § 20-146.1-.25 and 35.

252.    As a direct and proximate cause of the negligent and intentional acts of all Defendant

Virginia Courts acting outside of their judicial authority as set forth above, Rodriguez-

father for almost four years has suffered mental anguish in connection with the depriva-

tion of his fundamental parental constitutional and statutory rights guaranteed by Article

III § 2, and the First, Fifth, Ninth and Fourteenth Amendments of the Constitution of the

United States, Article 20 and 21 of the Treaty, and protected by 18 U.S.C. § 1204 and 42

U.S.C. §1983.

WHEREFORE, Rodriguez-father demands Judgment, including interest, against above

Defendants for their acts in furtherance of a of conspiracy outside of their judicial authority and

for actual, general, special, compensatory damages in the amount of $1,000,000.00, and further

demands judgment, including interest, for punitive damages in an amount to be determined by

the jury, and the costs of this action, including attorney's fees, and such other relief deemed to

be just and fair and in any other way in which the Court deems appropriate.

NINTH CAUSE OF ACTION:    Intentional infliction of emotional distress

253.    Rodriguez-father repeat and realleges and incorporate by reference the allegations in

paragraphs 1 through 249 above with the same force and effect as if herein set forth.

254.    Defendants have intentionally and deliberately conspired to punish and inflict emotional

67

distress on Rodriguez-father for almost five years by obstructing of his parental rights, by

defaming and stigmatizing through the publishing false and misleading news reports,

and by illegally issuing a *void* order revoking Rodriguez-father licence to practice law so

to interfere with and deprive Rodriguez-father of his civil rights and property rights in

his business and profession, thereby destroying his trust in the judicial system.

255.    Defendants' conduct outside of their scope of employment and their judicial authority

was extreme and outrageous, beyond all possible bounds of decency and utterly intolera-

ble in a civilized community which respects the fundamental rights of a father and an

active member of the Virginia State Bar.

256.    The actions of the Defendants were the cause of Rodriguez-father's distress.

257.    The emotional distress sustained by Rodriguez-father of being unlawfully deprived of his

parental rights and his right in his business and profession as an active member of the

Virginia State Bar was and is severe and of a nature that no reasonable man could be

expected to endure without harm to his health.

258.    As a result of the Defendants' extreme and outrageous conduct, Rodriguez-father has

suffered, and with a high degree of likelihood will continue to suffer severe emotional

trauma, mental pain and anguish, stigma, embarrassment, humiliation by the stigma of

the *void* order revoking his license, and being terminated from employment, and to date

denied admission to the Bar of the District of Columbia (Plaintiff's Exhibit 10 and 11).

WHEREFORE, Rodriguez-father demands Judgment, including interest, against

Defendants, jointly and severally, for actual, general, special, compensatory damages in the

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

amount of $1,000,000.00, and the costs of this action, including attorney's fees, and such other

relief deemed to be just and fair and in any other way in which the Court deems appropriate.

Rodriguez-father seeks equitable relief, such as severe sanctions against Defendants

lawlessness, and request an investigation of Defendant abuse of power outside of their judicial

authority which has caused the depriving Rodriguez-father of his fundamental parental rights

and rights as an attorney in violation of 18 U.S.C. §§ 4, 241, 242, ad 1204.

TENTH CAUSE OF ACTION:  <u>Business Conspiracy under Va. Code §§ 18.2-499 and 500</u>

259.   Rodriguez-father repeat and realleges and incorporate by reference the allegations in

paragraphs 1 through 254 above with the same force and effect as if herein set forth.

260.   Based upon the above record of by virtue of the conduct described herein, information

and belief, it is clear that Defendants Federal Executive Branch *et al.,* including, James

Leroy Banks, Jr., Esq., William Carlyle Boyce Jr., Esq., William Ethan Glover, Esq., VSB,

Glenn M. Hodge, Esq., Stephen A. Wannall, Davis J. Gogal, Esq., Daniel M. Rathbun,

Esq., Edward V. O'Connor, Jr, Esq. John W, di Zerega, Noel D. Sengel, Office of Attorney

General for the Commonwealth of VA, Catherine Crooks Hill, Esq., Assistant Attorney

General for the Commonwealth of VA, Judges of the Supreme Court of Virginia, Federal

Executive Branch *et al.,* the United States Court of Appeals for the Fourth Circuit, the

Chief Justice John G. Roberts as Circuit Justice of the Fourth circuit Court of Appeals,

and John Doe, have attempted to and did agree, combine, conspire and act in concert

together to injure Rodriguez-father's law office, profession and reputation by causing,

inducing or facilitating the repeated action to deprive Rodriguez-father of his right to

69

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

employment (Plaintiff's Exhibit 10), of his right to admission in to the Bar of the District

of Columbia  (Plaintiff's Exhibit 11), of his property rights in his business and profession

by conspiring to file and process a false VSB Complaint in October 2003, by issuing a 5th

Circuit Subcommittee Certification, and by issuing a VSB *void* order in retaliation and to

punish Rodriguez-father exercising his parental rights under the Treaty and Va Code, and

rights and duty as an attorney licenced in Virginia, and his First Amendment right to

petition the government for its unauthorized policies in violation of the mandates of

Congress and the General Assembly of Virginia under the Treaty and Va. Code.

261.    Defendants above named, and John Doe did in bad faith conspired infliction of injury to

Rodriguez-father professional reputation and standing, and otherwise engaging in acts

designed to injure Rodriguez-father in his trade, law office, profession, and reputation, in

violaiton of 18 U.S.C. §§ 241 and 242, and Va. Code §§ 18.2-499 and 500.

WHEREFORE, by virtue of the criminal and civil business conspiracy herein alleged,

Defendants have caused damages, including for lost profits, law office interruption etc., to

Rodriguez-father's trade, practice, reputation, law office and goodwill, all in an amount to be

determined through discovery and at jury trial.

ELEVENTH CAUSE OF ACTION: <u>Common Law Conspiracy</u>

262.    Rodriguez-father repeats and realleges and incorporates by reference the allegations in

paragraphs 1 through 257 above with the same force and effect as if herein set forth.

263.    Defendants Federal Executive Branch *et al.,* including, James Leroy Banks, Jr., Esq.,

William Carlyle Boyce Jr., Esq., William Ethan Glover, Esq., VSB, Glenn M. Hodge, Esq.,

70

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

Stephen A. Wannall, Davis J. Gogal, Esq., Daniel M. Rathbun, Esq., Edward V. O'Connor, Jr, Esq. John W, di Zerega, Noel D. Sengel, Office of Attorney General for the Common-wealth of VA, Catherine Crooks Hill, Esq., Assistant Attorney General for the Common-wealth of VA, Judges of the Supreme Court of Virginia, Federal Executive Branch *et al.,* the United States Court of Appeals for the Fourth Circuit, the Chief Justice John G. Roberts as Circuit Justice of the Fourth circuit Court of Appeals, and John Doe, in violation of 18 U.S.C. §§ 4, 241, 242, 1001, 1204, (a) had an object to be accomplished; (b) had an agreement on the object or course of action, to wit, to obstruct with Rodriguez-father parental rights and deprive him of his rights as an attorney in violation of Treaty and VA Code § 20-146.25 and .35 ( c ) performed one or more unlawful overt acts; and (d) caused Rodriguez-father damages by violating Art. 1 and VI of the Constitu-tion of Virginia, and VA Code §§ 54.1-3909, 54.1-3910, 54.1-3915, and 54.1-3935, to issue a *void* VSB order revoking Rodriguez-father's license to practice law.

264.    Due to the ongoing violation of 18 U.S.C. §§ 4, 241, and 242, Rodriguez-father has suffered and is suffering harm and damages as a direct result of those acts.

WHEREFORE, Rodriguez-father demands Judgment, including interest, against  Judges and Courts jointly and severally, for actual, general, special, compensatory damages in the amount of $1,000,000.00, and the costs of this action, including attorney's fees, and such other relief deemed to be just and fair and in any other way in which the Court deems appropriate.

TWELFTH CAUSE OF ACTION:  <u>Federal Tort Claims Act</u>

265.    Rodriguez-father repeats and realleges and incorporates by reference the allegations in

71

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

paragraphs 1 through 260 above with the same force and effect as if herein set forth.

266.  This Count is brought by Rodriguez-father against Mr. Alberto Gonzales, Mr. Paul

McNulty, Director, Office of Justice Programs, Ms. Marina Utgoff Braswell, Ms.

Condoleezza Rice, Legal Advisor for Consular Affairs, U.S. Department of State, Director,

the Office of Children Issues Bureau of Consular Affairs, Mr. Ernie Allen, Mary B.

Marshall, Robert McCannell, Knute E. Malmborg, Ernie Allen, Nancy Hammer, Esq., and

Guillermo Galarza, and above named members of the Federal Judicial Branch, including

Judge Richard W. Roberts and Chief Justice John g. Roberts, and as yet other unknown

and unnamed John Does, acting outside their scope of their ministerial and judicial

authority in violation of the Treaty and Federal statute, Va Code, and 18 U.S.C. §§ 4,

242, 242, 1001, and 1204, in furtherance of a conspiracy to obstruct Rodriguez-father

parental rights and rights as an attorney by publishing false news reports to stigmatize

Rodriguez-father, and the making false statements to the United States Congress.

267.  The aforementioned actions of the United States of America, through the Defendants and

as yet other unknown and unnamed John Does, all acts negligently within the scope of

employment in the government or in a corporation which is primarily acting as an

instrumentality or agency of the United States, constitute violations of the fundamental

right to the society and companionship in the father/sons' relationship, access to the

courts of the Commonwealth of Virginia, rights as an attorney, which constitute negli-

gent supervision, intentional infliction of emotional distress, violation of freedom to

petition the government, falsification of official documents, and an invasion of privacy.

72

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

268. In compliance with the requirements of the Federal Tort Claims Act, Rodriguez-father and Isidoro have filed an administrative claim for relief with the United States Department of State on January 7, 2002 (Plaintiff's Exhibit 4), and an amendment thereto on September 15, 2002, and June 15, 2005.  This claim and amendment were denied on August 1, 2002, and an action was filed within six (6) months on January 27, 2003.

269. Based on Defendants on going conspiracy to obstruct with Rodriguez-father's parental rights Defendant Judge Richard W. Roberts, dismissed the FTCA without prejudice on March 31, 2005

270. Subsequently, based on the on going conspiracy additional FTCA notices were filed on June 14, 2005,  (Plaintiff's Exhibit 7, 8, and 9), but these were never responded to.

271. Accordingly, Rodriguez-father has exhausted all administrative preconditions to filing this legal claim, within the two year statue of limitation.

WHEREFORE, Rodriguez-father request this Court to:

(a)  Declare that the above Defendants have violated the Federal Tort Claims Act;

(b) enter judgement in favor of Rodriguez-father and against Defendants;

( c ) award damages in the amount of $5,000,000.00 to compensate Rodriguez-father for interference with the society and companionship with his son in violation of 18 U.S.C. § 1204, conspiring to injure, oppress, threaten, or intimidate any [Rodriguez-father] in Virginia and the District of in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same, and for other injuries;

73

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

(d) award costs and attorneys' fees; and,

(e) award Rodriguez-father any other relief deemed necessary and proper.

THIRTEENTH CAUSE OF ACTION:  Virginia Tort Claims Act, VA Code §§ 8.01-195.1-195.9

272.  Rodriguez-father repeats and realleges and incorporates by reference the allegations in

paragraphs 1 through 267 above with the same force and effect as if herein set forth.

273.  This Claim is brought by Rodriguez-father against the Commonwealth of Virginia for

actions undertaken by the Commonwealth of Virginia, The Virginia Supreme Court, the

Court of Appeals of Virginia, Judge Rudolph Bumgardner, III, Judge D. Arthur Kelsey,

Senior Judge William H. Hodges, the Fairfax County Circuit Court, Judge M. Langhorne

Keith, Judge Stanley Paul Klein, the Fairfax Court Juvenile & Domestic Relations District

Court, Judge David S. Schell, Judge Charles J. Maxfield, Acting  Judge Thomas Mann,

and Catherine Crooks Hill, Assistant Attorney General for the Commonwealth of

Virginia, and the Virginia State Bar, Mr. Janmes Leroy Banks, and Ms. Sengel, and

members of the Fifth District Subcommittee, acting outside their scope of their judicial

and ministerial authority in violation of the Treaty and Federal statute, and as yet other

unknown and unnamed John Does, all acting negligently within the scope of employ-

ment in the government or in a corporation which is primarily acting as an instrumental-

ity or agency of the United States, in furtherance of a conspiracy to conceal the NCM&EC

*et al.*, unauthorized policies and practices to obstruct Rodriguez-father parental rights in

violation of 18 U.S.C. §§ 4, and 1204, and to punish Rodriguez for exercising rights

under Federal statute and Va. Code.

74

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

274.    The aforementioned actions of the Commonwealth of Virginia through the Defendants
and as yet other unknown and unnamed John Does, all acts negligently within the scope
of employment in the government or in a corporation which is primarily acting as an
instrumentality or agency of the Commonwealth, constitute violations of the Treaty, VA
Code and the fundamental right to the society and companionship in the father/sons'
relationship, Rodriguez-father's rights as an attorney, and access to the courts of the
Commonwealth of Virginia, constitute an illegal obstruction with the parental rights of
Rodriguez-father, negligent supervision, intentional infliction of emotional distress,
violation of freedom to petition the government, falsification of official documents, and
an invasion of privacy.

275.    In compliance with the requirements of the Virginia Tort Claims Act VA Code §§ 8.01-
195.1-195.9, Rodriguez-father filed by Certified Mail, No. 7004-1350-0001-7098-4500,
an administrative claim for relief with the Attorney General of the Commonwealth of
Virginia on June 8, 2006 (Plaintiff's Exhibit 6).  Subsequently it has not been responded
to.  Accordingly, Rodriguez-father has exhausted all administrative preconditions to
filing this legal claim, within the 18 month statutory period-which has been tolled by the
on going violations of Art. I and VI of the Constitution of Virginia, and VA Code §§ 54.1-
3909, 54.1-3910, 54.1-3915, and 54.1-3935, to issue a void order revoking Rodriguez
father's license as part of the criminal conspiracy of Defendants in violation of 18 U.S.C.
§§ 4, 241, 242, and 1001.

WHEREFORE, Rodriguez-father request this Court to:

75

*Isidoro Rodriguez v. Legal Times et al.,*
Docket No. _____

JURY TRIAL DEMANDED

(a)  Declare that the above Defendants have violated the Virginia Tort Claims Act;

(b)  enter judgement in favor of Rodriguez-father and against Defendants;

( c )  award damages in the amount of $5,000,000.00 to compensate Rodriguez-father for interference with the society and companionship in the father/sons' relationship, obstructing with the parental rights of a father, and conducting Virginia State Bar proceeding s to put a chilling effect on Rodriguez-father to petition government, and other injuries;

(d)  award costs and attorneys' fees; and,

(e)  award Rodriguez-father any other relief deemed necessary and proper.

JURY DEMAND

Rodriguez-father hereby demand a trial by jury pursuant to the VII Amendment of the United States Constitution, Fed. R. Civ. P. Rule 38, Section 11 of the Constitution of Virginia, and VA Code § 8.01-336. as to all issues and counts, except for the action under the Federal Tort Claims Act.

VERIFICATION

I declare under a penalty of perjury that the foregoing is true and correct. Executed: May 21, 2007

_____
Isidoro Rodriguez, Esq.
Plaintiff

## LAW OFFICES OF ISIDORO RODRIGUEZ

*Northern Virginia Office:*
7924 Peyton Forest Trail
Annandale, Virginia 22003-1560
Telephone: 571.423.5066/telefax: 703.573.1571
Mobil: 703.470.1457

*South American Office:*
World Trade Center
Calle 76 No. 54-11, Office 313
Barranquilla, Colombia
Telephone: 011.5753.605288

76

APPEAL, CLOSED, JURY, PROSE-NP, TYPE-D

## U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:07-cv-00975-PLF

RODRIGUEZ v. EDITOR IN CHIEF, LEGAL TIMES et al
Assigned to: Judge Paul L. Friedman
Demand: $5,000,000
Case in other court: 07-05234
Cause: 18:241 Conspiracy Against Citizen Rights

Date Filed: 05/25/2007
Date Terminated: 06/18/2007
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**ISIDORO RODRIGUEZ**

represented by **ISIDORO RODRIGUEZ**
7924 Peyton Forest Trail
Annandale, VA 22003-1560
(574) 423-5066
PRO SE

**Isidoro Rodriguez**
THE LAW FIRM OF ISIDORO
RODRIGUEZ
7924 Peyton Forest Trail
Annandale, VA 22003-1560
(572)423-5066
Fax: (703) 573-1571
Email: isidoror@earthlink.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**EDITOR IN CHIEF, LEGAL
TIMES**
*Individually and in his corporate
capacity*

represented by **Gayle Chatilo Sproul**
LEVINE SULLIVAN KOCH &
SCHULZ, LLP
2112 Walnut Street
3rd Floor
Philadlephia, PA 19103
(215) 988-9778
Email: gsproul@lskslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam J. Rappaport**
LEVINE SULLIVAN KOCH &
SCHULZ, LLP
1050 17th Street, NW
Suite 800
Washington, DC 20036
(202) 508-1100
Email: arappaport@lskslaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**EDITOR IN CHIEF,
WASHINGTON POST**
*Individually and in his corporate
capacity*

**Defendant**

**JOHN G ROBERTS**
*Individually and in his capacity as
former Associate Justice USCA for DC
Cir., as Circuit Justice for DC and 4th
Cir., and Chief Justice of the United
States Supreme Court*

represented by **Alexander Daniel Shoaibi**
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
E-4218
Washington, DC 20530
(202) 514-7236
Email: alexander.d.shoaibi@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**LEROY ROUNTREE HASSELL**
*In his individual capacity and a Chief
Justice, Virginia Supreme Court*

represented by **Catherine Crooks Hill**
OFFICE OF THE ATTORNEY
GENERAL OF VIRGINIA
900 East Main Street
Richmond, VA 23219
(804) 789-8199
Email: cchill@oag.state.va.us
*LEAD ATTORNEY*

**Defendant**

**SUPREME COURT OF VIRGINIA**

represented by **Catherine Crooks Hill**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**KAREN ANN GOULD**
*Esq., in her official capacity as
President Virginia State Bar*

represented by **Catherine Crooks Hill**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**VIRGINIA STATE BAR**

represented by **Catherine Crooks Hill**

A-2

(See above for address)
*LEAD ATTORNEY*

**Defendant**

**NOEL D. SENGEL**
*individually and in her official capacity*
*as Senior Assistant Bar Counsel*

represented by **Catherine Crooks Hill**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**JAMES LEROY BANKS, JR.**
*Esq., individually and in his official*
*capacity as 1st Vice Chair, Virginia*
*State Bar Disciplinary System*

represented by **Catherine Crooks Hill**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**WILLIAM CARLYLE BOYCE, JR.**
*Esq., in her individually and in his*
*official capacity as member of the Panel*
*Virginia State Bar Disciplinary System*

represented by **Catherine Crooks Hill**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**WILLIAM ETHAN GLOVER**
*Esq., individually and in his official*
*capacity as member of the Panel*
*Virginia State Bar Disciplinary System*

represented by **Catherine Crooks Hill**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**STEPHEN A. WANNALL**
*individually and in his official capacity*
*as member of the Panel Virginia State*
*Bar Disciplinary System*

represented by **Catherine Crooks Hill**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**COMMITTEE ON ADMISSIONS**
**OF THE DISTRICT OF**
**COLUMBIA**
*COURT OF APPEALS*

represented by **Andrew J. Saindon**
D.C. OFFICE OF ATTORNEY
GENERAL
441 4th Street, NW
Sixth Floor South
Washington, DC 20001-2714
(202) 724-6643
Fax: (202) 727-0431
Email: andy.saindon@dc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**FEDERAL BUREAU OF**
**INVESTIGATION**
*Office of the Director*

represented by **Alexander Daniel Shoaibi**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**RICHARD W. ROBERTS**
*Judge, U.S. District Court for the*
*District of Columbia, in his official*
*capacity*

represented by **Alexander Daniel Shoaibi**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**GLENN M. HODGE**
*ESQ., individually and in his official*
*capacity as member of the Panel*
*Virginia State Bar Disciplinary System*

**Defendant**

**DAVIS J. GOGAL**
*ESQ., individually and in his official*
*capacity as Chair for the 5th District*
*Committee*

**Defendant**

**DANIEL M. RATHBUN**
*ESQ., individually and in his official*
*capacity as Member of Subcommittee*
*for 5th District Committee*

**Defendant**

**EDWARD V. O'CONNOR, JR.**
*ESQ., individually and in his official*
*capacity as Member of Subcommittee*
*for 5th District Committee*

**Defendant**

**JOHN W. DI ZEREGA**
*individually and in his official capacity*
*as Member of Subcommittee for 5th*
*District Committee*

**Defendant**

**OFFICE OF ATTORNEY**
**GENERAL FOR THE**
**COMMONWEALTH OF VA**

**Defendant**

**CATHERINE CROOKS HILL**
*ESQ., individually and in her official*
*capacity as Assistant Attorney General*
*for the Commonwealth of VA*

**Defendant**

**COURT OF APPEALS OF**

A-4

**VIRGINIA**

**Defendant**

**FAIRFAX COUNTY J&D
DISTRICT COURT**

**Defendant**

**THOMAS MANN**
*JUDGE, individually and in his official
capacity as Justice*

**Defendant**

**JANE A. RESTANI**
*HON. CHIEF JUDGE, individually and
in his official capacity as Chief Judge*

**Defendant**

**JUDGE PAUL R. MICHEL**
*individually and in his official capacity
as Chief Judge*

**Defendant**

**WILLIAM H. STAFFORD, JR.**
*HON. JUDGE, individually and in his
official capacity as Judge*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 05/25/2007 | 1 | COMPLAINT against all defendants ( Filing fee $ 350, receipt number 4616004528) filed by ISIDORO RODRIQUEZ. (Attachments: # 1 Civil Cover Sheet # 2 Exhibit 1# 3 Exhibit 2# 4 Exhibit 3# 5 Exhibit 4# 6 Exhibit 5# 7 Exhibit 6# 8 Exhibit 7# 9 Exhibit 8# 10 Exhibit 9# 11 Exhibit 10# 12 Exhibit 11)(jf, ) (Entered: 05/29/2007) |
| 05/25/2007 | 2 | NOTICE OF RELATED CASE by ISIDORO RODRIGUEZ. Case related to Case No. 03-120. (jf, ) (Entered: 05/29/2007) |
| 05/25/2007 | 3 | MOTION for Preliminary Injunction, MOTION for Temporary Restraining Order by ISIDORO RODRIGUEZ (Attachments: # 1 Exhibit 1 thru 7)(jf, ) (Entered: 05/29/2007) |
| 05/29/2007 | | SUMMONS (7) Issued as to COMMITTEE ON ADMISSIONS OF THE DISTRICT OF COLUMBIA, JAMES LEROY BANKS, JR, EDITOR IN CHIEF, LEGAL TIMES, EDITOR IN CHIEF, WASHINGTON POST, SUPREME COURT OF VIRGINIA, U.S. Attorney and U.S. Attorney General (jf, ) (Entered: 05/29/2007) |
| 05/31/2007 | | Case Reassigned to Judge Paul L. Friedman. Judge Richard W. Roberts no longer assigned to the case. (jf, ) (Entered: 05/31/2007) |
| | | |

| 06/02/2007 | 4 | Emergency MOTION for Writ of Mandamus *to U.s. Attorney General to Appoint Prosecutor* by ISIDORO RODRIGUEZ (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5) (Rodriguez, Isidoro) (Entered: 06/02/2007) |
| 06/02/2007 | 5 | ENTERED IN ERROR.....RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on Attorney General. Date of Service Upon Attorney General May 29, 2007. (Rodriguez, Isidoro) Modified on 6/5/2007 (lc, ). (Entered: 06/02/2007) |
| 06/02/2007 | 6 | ENTERED IN ERROR.....RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the US Attorney. ISIDORO RODRIGUEZ served on 5/29/2007, answer due 7/30/2007 (Rodriguez, Isidoro) Modified on 6/5/2007 (lc, ). (Entered: 06/02/2007) |
| 06/04/2007 | | Summons (1) Issued as to JOHN G ROBERTS. (lc, ) (Entered: 06/04/2007) |
| 06/04/2007 | | Summons (2) Issued as to FEDERAL BUREAU OF INVESTIGATION, RICHARD W. ROBERTS. (lc, ) (Entered: 06/04/2007) |
| 06/05/2007 | | NOTICE OF CORRECTED DOCKET ENTRY: re 5 Summons Returned Executed as to Attorney General, 6 Summons Returned Executed as to US Attorney for DC were entered in error and counsel was instructed to refile the correct documents. (lc, ) (Entered: 06/05/2007) |
| 06/05/2007 | 7 | NOTICE of Appearance by Catherine Crooks Hill on behalf of KAREN ANN GOULD, VIRGINIA STATE BAR, NOEL D. SENGEL, JAMES LEROY BANKS, JR, WILLIAM CARLYLE BOYCE, JR, WILLIAM ETHAN GLOVER, STEPHEN A. WANNALL, LEROY ROUNTREE HASSELL, SUPREME COURT OF VIRGINIA (Hill, Catherine) (Entered: 06/05/2007) |
| 06/05/2007 | 8 | ENTERED IN ERROR.....Memorandum in opposition to re 3 MOTION for Preliminary Injunction MOTION for Temporary Restraining Order *by Virginia State Defendants* filed by KAREN ANN GOULD, VIRGINIA STATE BAR, NOEL D. SENGEL, JAMES LEROY BANKS, JR, WILLIAM CARLYLE BOYCE, JR, WILLIAM ETHAN GLOVER, STEPHEN A. WANNALL, LEROY ROUNTREE HASSELL, SUPREME COURT OF VIRGINIA. (Hill, Catherine) Modified on 6/6/2007 (nmw, ). (Entered: 06/05/2007) |
| 06/05/2007 | 9 | Memorandum in opposition to re 3 MOTION for Preliminary Injunction MOTION for Temporary Restraining Order *Virginia State Defendants* filed by KAREN ANN GOULD, VIRGINIA STATE BAR, NOEL D. SENGEL, JAMES LEROY BANKS, JR, WILLIAM CARLYLE BOYCE, JR, WILLIAM ETHAN GLOVER, STEPHEN A. WANNALL, LEROY ROUNTREE HASSELL, SUPREME COURT OF VIRGINIA. (Attachments: # 1 Text of Proposed Order Proposed Order) (Hill, Catherine) (Entered: 06/05/2007) |
| 06/06/2007 | | NOTICE OF CORRECTED DOCKET ENTRY: Docket Entry 8 Memorandum in Opposition was entered in error without a proposed |

| | | order and was refiled by counsel as Docket Entry 9 . (nmw, ) (Entered: 06/06/2007) |
|---|---|---|
| 06/06/2007 | 10 | REPLY to opposition to motion re 3 MOTION for Preliminary Injunction MOTION for Temporary Restraining Order *and Injunction of the Illegal Void proceedings of the Supreme Court of Virginia and illegal void order of the Virginia State Bar* filed by ISIDORO RODRIGUEZ. (Rodriguez, Isidoro) (Entered: 06/06/2007) |
| 06/07/2007 | 11 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on Attorney General. Date of Service Upon Attorney General 05/29/07. (Rodriguez, Isidoro) (Entered: 06/07/2007) |
| 06/07/2007 | 12 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the US Attorney. (Rodriguez, Isidoro) (Entered: 06/07/2007) |
| 06/07/2007 | 13 | MOTION to Disqualify Counsel *Ms. Catherine Crooks Hill, Assistant Attorney General for the Commonwealth of Virginia* by ISIDORO RODRIGUEZ (Rodriguez, Isidoro) (Entered: 06/07/2007) |
| 06/08/2007 | 14 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to ISIDORO RODRIGUEZ served on 6/7/2007, answer due 8/6/2007. (Attachments: # 1 Exhibit USPS Confirmation)(Rodriguez, Isidoro) (Entered: 06/08/2007) |
| 06/08/2007 | 15 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to (Attachments: # 1 Exhibit USPS Certification)(Rodriguez, Isidoro) (Entered: 06/08/2007) |
| 06/08/2007 | 16 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to ISIDORO RODRIGUEZ served on 6/5/2007, answer due 8/6/2007. (Attachments: # 1 Exhibit USPS Confirmation)(Rodriguez, Isidoro) (Entered: 06/08/2007) |
| 06/12/2007 | 17 | NOTICE of Appearance by Alexander Daniel Shoaibi on behalf of FEDERAL BUREAU OF INVESTIGATION, RICHARD W. ROBERTS, JOHN G ROBERTS (Shoaibi, Alexander) (Entered: 06/12/2007) |
| 06/14/2007 | 18 | NOTICE of Appearance by Andrew J. Saindon on behalf of COMMITTEE ON ADMISSIONS OF THE DISTRICT OF COLUMBIA (Saindon, Andrew) (Entered: 06/14/2007) |
| 06/14/2007 | 19 | NOTICE of Appearance by Adam J. Rappaport on behalf of EDITOR IN CHIEF, LEGAL TIMES (Rappaport, Adam) (Entered: 06/14/2007) |
| 06/14/2007 | 20 | NOTICE of Appearance by Gayle Chatilo Sproul on behalf of EDITOR IN CHIEF, LEGAL TIMES (Sproul, Gayle) (Entered: 06/14/2007) |
| 06/14/2007 | 21 | Memorandum in opposition to re 3 MOTION for Preliminary Injunction MOTION for Temporary Restraining Order filed by EDITOR IN CHIEF, LEGAL TIMES. (Attachments: # 1 Exhibit 1# 2 Text of Proposed Order) (Sproul, Gayle) (Entered: 06/14/2007) |

| 06/25/2007 | 33 | Emergency MOTION Chief Judge of District Court to Empanel Special Grand Jury and Special Private Prosecutor *to investigate and indict for violations of 18 USC sec. 4, 241, 242, 371, 1001, and 1204* by ISIDORO RODRIGUEZ (Attachments: # 1 Exhibit Plaintiff's Exhibit 1# 2 Exhibit Plaintiff's Exhibit 1# 3 Exhibit Plaintiff's Exhibit 3# 4 Exhibit Plaintiff's Exhibit 4# 5 Exhibit Plaintiff's Exhibit 5# 6 Exhibit Plaintiff's Exhibit 6# 7 Exhibit Plaintiff's Exhibit 7)(Rodriguez, Isidoro) (Entered: 06/25/2007) |
|---|---|---|
| 06/26/2007 | 34 | ORDER denying 31 plaintiff's motion for reconsideration; denying as moot 32 plaintiff's motion to disqualify judge. Signed by Judge Paul L. Friedman on June 26, 2007. (MA) (Entered: 06/26/2007) |
| 06/27/2007 | 35 | MOTION to Stay *of orders dated June 18, and 26, 2007* by ISIDORO RODRIGUEZ (Rodriguez, Isidoro) (Entered: 06/27/2007) |
| 06/27/2007 | | MINUTE ORDER denying plaintiff's motion to request the Chief Judge to empanel a grand jury 33 . Plaintiff should take note that this case was closed pursuant to the Court's June 18, 2007 Memorandum Opinion and Order, and he should cease filing further motions in this case. Signed by Judge Paul L. Friedman on June 27, 2007. (MA) (Entered: 06/27/2007) |
| 06/27/2007 | | MINUTE ORDER denying 35 plaintiff's motion for a stay and for an injunction pending appeal. Signed by Judge Paul L. Friedman on June 27, 2007. (MA) (Entered: 06/27/2007) |
| 07/03/2007 | 36 | NOTICE OF APPEAL as to 28 Order on Motion for TRO,, Order on Motion for Preliminary Injunction,,,, Order on Motion for Writ of Mandamus,, Order on Motion to Disqualify Counsel, by ISIDORO RODRIGUEZ. Filing fee $ 455. Fee Status: Fee Paid. Parties have been notified. (Proof of payment by credit card: Application Name: DCD CM ECF> Pay.gov Tracking ID: 24U8VRS9> Payment Agency Tracking ID: 1234101>> Cardholder Name: Isidoro Rodriguez> Cardholder Address: Law Offices of Isidoro Rodriguez> 7924 Peyton Forest Trail> Cardholder City: Annandale> Cardholder State: VA> Cardholder Country: USA> Cardholder Zip Code: 22003-1560> Card Type: Master Card> Payment Amount: $455.00> Transaction Date: Jul 3, 2007 1:15:54 PM) (Attachments: # 1 List of Appellees to notify)(td, ) (Entered: 07/06/2007) |
| 07/06/2007 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 36 Notice of Appeal,,, (td, ) (Entered: 07/06/2007) |
| 07/09/2007 | | USCA Case Number 07-5234 for 36 Notice of Appeal,,, filed by ISIDORO RODRIGUEZ. (td, ) (Entered: 07/10/2007) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/14/2008 10:07:20 | | |
| **PACER Login:** ir0164 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** 1:07-cv-00975-PLF |

A-9

COMMONWEALTH OF VIRGINIA

IN THE HOUSE AND SENATE OF THE GENERAL ASSEMBLY

**PETITION BY ISIDORO RODRIGUEZ, ESQ., FOR
IMPEACHMENT FOR MALFEASANCE**

Pursuant to Article IV § 17 of the Constitution of Virginia, Isidoro Rodriguez, Esq. (Member of the Virginia State Bar in good standing since 1982, Bar No. 21573)("Undersign Counsel"), in has capacity as a father and a Virginia attorney, does petition the House and Senate of the General Assembly of the Commonwealth of Virginia ("General Assembly"), to investigate the Supreme Court of Virginia, the Virginia State Bar, and the Office of the Attorney General, and to impeach each official guilty of for malfeasance in office for violation of the laws of Virginia.

At the outset, the laws are clear. Article VI § 1 of the Constitution of Virginia gives only to the General Assembly the authority to establish in Virginia "courts." Furthermore, Article VI § 5 of the Constitution of Virginia prohibits the Supreme Court of Virginia from promulgating rules trumping the statutory rights granted to both fathers and Virginia attorneys pursuant to Virginia's Uniform Child Custody Jurisdiction and Enforcement Act, Va. Code § 20-146.25 and 35 ("UCCJEA"), and the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980 ("Treaty"), *see Canter v. Cohen*, 442 F.3d 196 (March 21, 2006); *see also* Congressional Joint Concurrent Resolution 293 of May 23, 2000. Finally, 18 U.S.C. § 241 and § 242, make it a crime to conspire to injure, punish and stigmatize a citizen in retaliation for exercising his federal rights under the Treaty and statute. *See also* Fourteenth Amendment to U.S. Constitution.

However, in total disregard of the above restrictions the Supreme Court of Virginia promulgated rules to establish an unauthorized attorney "court" disciplinary system within the Virginia State Bar, have intentionally participated in a cover-up of their disregarding the restrictions on their authority, have intentionally stonewalled all efforts for their voluntary correction of their rules, and have criminally conspired against Undersign Counsel for his litigating to enforce his rights as a father, including permitting perjury and fraud upon the court:

•in violation of 18 U.S.C. § 4, § 371, § 1001, and § 1204, from January 2003 to March 2007, the above cited judges and officials did conspire to obstruct the securing of international Undersign Counsel's parental rights under Treaty and UCCJEA (*see* http://home.earthlink.net/~isidoror;

•in violation of 18 U.S.C. § 241 and § 242, beginning in October 2003 the above cited judges and officials did conspire to injure, punish and stigmatize Undersign Counsel for taking "action" as an attorney to enforce his rights as a father under Treaty and UCCJEA.

The record shows that in violation of Va. Code § 54-1-3915, the Virginia State Bar did for three years illegally investigate Undersign Counsel for his litigating to enforce his rights as a father

PETITION FOR IMPEACHMENT FOR MALFEASANCE
Dated: August 20, 2007

pursuant to Treaty and UCCJEA, and for his litigating to enforce his perfected statutory property rights in his Virginia Attorney's Lien, Va. Code 54-1-§ 3932, and protect his property from a Business Conspiracy VA Code §§ 18.2-499 and 500.

Subsequently, the Supreme Court of Virginia, and its agent, the Virginia State Bar compounded their unlawful actions by using the "kangaroo court" Virginia State Bar Disciplinary Board in violation of Va. Code § 54-1-3915 and § 54-1-3935, as well as 18 U.S.C. § 242, to conduct illegal proceedings and to issue a *void* orders revoking Undersign Counsel's license to practice law in Virginia for litigating to enforce his statutory rights as a father and attorney.

The evidence confirms that Undersign Counsel has been punished for exercising his 1st Amendment right to petition the legislature for an investigation, and, for filing a Virginia Tort Claim against the judges for acting outside of their judicial capacity and jurisdiction in violation of Treaty and Va. Code. Thus the record supports the assertions that in the enforcement of the laws of Virginia are too important to leave to officials guilty of intentional acts outside of their official duty in violation of Article VI § 1 and § 5 Constitution of Virginia, Va. Code 54-1-3910, § 3915, § 3935.

The benchmark of the General Assembly's inquiry is *United States v. Lee*, 106 U.S. 196, 220 (1882), wherein the U.S. Supreme Court stated that,

**[n]o man in this country is so high that he is above the law.** **No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it. It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy, and to observe the limitations which it imposes upon the exercise of the authority which it gives.** (Emphasis added).

Respectfully submitted,

_____*Isidoro Rodriguez, Esq.*_____
Isidoro Rodriguez, Esq.
LAW OFFICES OF ISIDORO RODRIGUEZ
7924 Peyton Forest Trial
Annandale, Virginia 22003-1560
E-mail: isidoror@earthlink.net

## VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on* Friday *the* 29th *day of* June, 2007.

Isidoro Rodriguez,                                                      Appellant,

  against       Record No. 070283
               VSB Docket Nos. 04-052-0794
                and 04-052-1044

Virginia State Bar,                                                      Appellee.

> Upon an appeal of right from an order entered by the Virginia State Bar Disciplinary Board.

Upon consideration of the record, briefs, and argument by the appellant, in proper person, and by counsel for the appellee, the Court is of opinion that there is no error in the order of the Virginia State Bar Disciplinary Board (the "Board") revoking Isidoro Rodriguez' license to practice law in the Commonwealth of Virginia based upon findings that he violated Rules 1.2, 1.5, 1.7, 1.16, 3.1, 3.4, 3.7, 4.4, 7.1 and 8.4 of the Virginia Rules of Professional Conduct.

> In reviewing the Board's decision in a disciplinary proceeding, we conduct an independent examination of the entire record. We consider the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the Bar, the prevailing party in the Board proceeding. We give the Board's factual findings substantial weight and view them as prima facie correct. While we do not give the Board's conclusions the weight of a jury verdict, we will sustain those conclusions unless it appears they are not justified by a reasonable view of the evidence or are contrary to law.

<u>Barrett v. Virginia State Bar</u>, 269 Va. 583, 587-88, 611 S.E.2d 375, 377 (2005) (quoting <u>Williams v. Virginia State Bar</u>, 261 Va. 258, 264, 542 S.E.2d 385, 389 (2001) (citations omitted)); <u>see also</u> <u>El-Amin v. Virginia State Bar</u>, 257 Va. 608, 612, 514 S.E.2d 163, 165 (1999); <u>Myers v. Virginia State Bar</u>, 226 Va. 630, 632, 312 S.E.2d 286, 287 (1984).

In making its determination, the Board considered allegations that Rodriguez violated the Rules of Professional Conduct during litigation involving two sets of cases. One group of cases involved Rodriguez' relationship and work with Sea Search Armada. The other case group involved custody litigation regarding his son. The Virginia State Bar proved by clear and convincing evidence that Rodriguez violated Rules 1.2(a), 1.5(a), 1.16(a)(3), 3.4(i), 7.1(a), and 8.4(b) and (c) in his relationship with and representation of Sea Search Armada, including his attempts to recover unpaid attorneys' fees. The Virginia State Bar proved by clear and convincing evidence that Rodriguez violated Rules 1.7(b), 3.1, 3.4(d)(h)(i)(j), 3.7(a), 4.4, and 8.4(b) and (c) during the ongoing custody litigation.

We independently reviewed each of the alleged Rule violations and find no error in the Board's order. Accordingly, the order appealed from is affirmed.

Appellant shall pay to the appellee thirty dollars damages.

This order shall be certified to the Virginia State Bar Disciplinary Board.

A Copy,

Teste:

Clerk

VIRGINIA:

### BEFORE THE VIRGINIA STATE BAR DISCIPLINARY BOARD

IN THE MATTER OF ISIDORO RODRIGUEZ

VSB DOCKET NOS. 04-052-0794 and 04-052-1044

### **ORDER OF VIRGINIA STATE BAR DISCIPLINARY BOARD**

**THIS MATTER** came on to be heard on the 26th and 27th days of October, 2006, before a panel of the Disciplinary Board consisting of James L. Banks, Jr., 1st Vice-Chair, presiding, (the "Chair"), William C. Boyce Jr., Glenn M. Hodge, William F. Glover, and Stephen A. Wannall, Lay member. The Virginia State Bar ("VSB" or "Bar") was represented by Noel D. Sengel, Senior Assistant Bar Counsel. The Respondent, Isidoro Rodriguez, appeared in person and represented himself. The Chair polled the members of the Board Panel as to whether any of them was aware of any personal or financial interest or bias which would preclude any of them from fairly hearing this matter and serving on the panel, to which inquiry each member, including the Chair, responded in the negative. Donna T. Chandler, RPR, RMR, CCR of Chandler & Halasz, court reporter, P.O. Box 9349, Richmond, Virginia, 23227, (804-730-1222) after being duly sworn, reported the hearing and transcribed the proceedings.

The matter came before the Board on the Subcommittee Determination (Corrected Certification) by the Fifth District Committee Section II.

At the beginning of the proceedings the Respondent renewed his motion for the members of the panel to disqualify themselves as being interested parties for the reasons stated in his written motion previously filed. Upon consideration of this motion it was denied by the Panel for the reasons previously stated in the Board's Order of August 8, 2006 that originally addressed Respondent's Motion to Recuse and Disqualify Members of the Disciplinary Board Within the Jurisdiction of N. Virginia and the U.S. Dist. Ct. for the E.D. of Va. so to Assure Impartiality.

1

**FINDINGS OF FACT**

VSB Exhibits 1-92 were admitted during the course of the hearing without objection. The Respondent's Exhibits 1- 42 were admitted during the course of the hearing without objection or over Bar counsel's objection. The VSB presented evidence through its witnesses, the Respondent cross-examined the witnesses and thereafter testified on his own behalf. After consideration of the exhibits and the testimony the Board makes the following findings of fact on the basis of clear and convincing evidence:

**VSB No. 04-052-0794**

1.       At all times relevant hereto, Isidoro Rodriguez, hereinafter the "Respondent", has been an attorney licensed to practice law in the Commonwealth of Virginia and his address of record with the Virginia State Bar has been 7924 Peyton Forest Trail, Annandale, VA 22003-1560. VSB Ex. 1. The Respondent received proper notice of this proceeding as required by Part Six, § IV, ¶ 13 (E) and (I)(a) of the Rules of Virginia Supreme Court. VSB Ex. 2.

2.       The Complainant, Jack Harbeston, hereinafter referred to as "Harbeston", was the managing director of Sea Search Armada ("SSA"), a Cayman Island entity that invests in and conducts searches for sunken treasure ships and engages in the salvage and the recovery of their contents. Sometime prior to 1988 SSA had discovered what it thought to be the remains of sunken Spanish ships off the coast of Colombia. SSA had been unable to have its rights to any sunken treasure recognized by the government of Columbia and was looking for legal representation in Colombia to assert its claims. Harbeston sought assistance from the Economic Officer at the United States Embassy in Bogota, Colombia for names of attorneys who could represent SSA. The Economic Officer provided Harbeston with a list of attorneys in Colombia which included the Respondent as a member of the partnership of Devis and Rodriguez. Harbeston subsequently contacted the Respondent regarding possible legal representation. In his

2

conversation with the Respondent, Harbeston learned that Devis, a Colombian attorney, would handle any litigation on behalf of SSA in the Colombian courts. Harbeston was looking for an American attorney, if possible, because of his concerns as to the potentially divided loyalty of a Colombian attorney. In correspondence between the Respondent and Harbeston, Respondent noted that he was the only attorney licensed in the United States working in Colombia and as such his firm was subject to the same standards as law firms in the United States; that unlike any other firm in Colombia his firm "must comply with the State of Virginia Bar Association's Ethics of Professional Responsibility." VSB Ex. 4.

3.        SSA subsequently hired the firm of Devis and Rodriguez. By agreement dated October 20, 1988, the parties entered into a representation agreement prepared by Rodriguez which set forth the terms of the engagement including a fee arrangement on an hourly basis that had been discussed prior to the execution of the agreement. VSB Ex. 7. By affidavit dated October 21, 1988, Harbeston, as managing Director of SSA, authorized the law firm of Devis and Rodriguez to act as SSA's legal representative to pursue its claims in Colombia.

4.        In order for SSA to proceed with its claims in Colombia, SSA was required to appoint an agent with broad powers to represent SSA. By agreement dated December 16, 1988, executed in the District of Columbia, SSA appointed the Respondent as its legal representative in Colombia. Respondent's Ex. 8. However, Harbeston and SSA were concerned with the scope of the general power of attorney appointing Rodriguez as its agent in Colombia (Respondent's Ex. 8) and sought to limit his authority by advising the Respondent that he could only act upon the written authorization of Harbeston. By letter dated December 14, 1988, the Respondent acknowledged this limitation on his authority, noting that any violation of the restriction "will result in an action before the Virginia Bar Ethics Committee." VSB Ex. 9. By memorandum dated December 13, 1988, Harbeston

3

advised all law firms employed by SSA, including Devis and Rodriguez, that John Ehrlichman would coordinate and manage all litigation by SSA. VSB Ex. 8.

5.      By letter dated January 10, 1989 SSA authorized Respondent as its legal representative in Colombia to file a lawsuit against the Republic of Colombia to confirm its rights to the sunken ships. VSB Ex. 12. Thereafter, Devis proceeded to pursue SSA's claims in the courts of Colombia with apparent skill and professionalism to the satisfaction of SSA. Harbeston soon became dissatisfied with the Respondent's performance because of actions he took without written authorization but nevertheless continued the representation arrangement because of his satisfaction with Devis's performance as a litigator. By memorandum to Respondent dated June 9, 1989, (VSB Ex. 13) Harbeston reaffirmed that Respondent was to take no action on behalf of SSA without Harbeston's written authorization as Respondent had acknowledged by his December 14,1988 letter. Sometime thereafter, but prior to January 1990, the law firm of Rodriguez and Devis had dissolved but Devis continued to represent SSA in its ongoing litigation against the Republic of Colombia. By agreement dated January 3, 1991, Respondent, acting as attorney for SSA, entered into a professional services agreement with Devis to continue with the litigation on behalf of SSA against the Republic of Colombia. This agreement changed the fee arrangement to a contingency fee arrangement whereby Devis would receive 20% of any recovery. VSB Ex. 14. Devis and the Respondent then entered into an agreement to share any contingent fee recovery.

6.      By request dated January 3, 1990, the Respondent sought a legal ethics opinion from the VSB that as a Virginia attorney who had entered into a contract in Idaho to be performed in a foreign county, whether he could terminate his representation because the client had failed to pay his fee and could sue the client to collect such a fee. The VSB Ethics Committee gave its opinion on the issue (LEO 1325) that under the facts presented, the Respondent could terminate his representation and sue the client for fees,

with the opinion concluding with the customary notice that it was an advisory opinion and not binding on any court. VSB Ex. 18.

7.        Devis continued the litigation successfully as the case made its way through the Colombian judicial system as the Colombian government appealed each adverse decision. Respondent does not appear to have played any role in the litigation. By letter dated March 24, 2000 Devis advised Respondent not to use his name in Respondent's professional activities, and that Harbeston was upset with Respondent's activities and wanted to revoke the power of attorney. VSB Ex. 15. Devis acknowledged he would honor their contingent fee sharing arrangement. By letter dated April 6, 2000, Harbeston revoked the general power of attorney from SSA to Respondent (which he had forgotten to do earlier), stating that neither SSA nor its related entities owed Respondent any legal fees and that any understanding relating to fees was in the agreement between Devis and Respondent to share any contingency fee. VSB Ex. 16.

8.        In September of 2000 the Respondent filed suit against SSA in the United States District Court for the Eastern District of Virginia seeking to enforce a claim for attorney's fees in the amount of $4.5 million against SSA. VSB Ex. 19. The Respondent testified that he based the amount of his attorney's fee claim on the annual salary ($300,000 to $400,000) of a legal representative of a United States company in a foreign land for a period of 12 years. Included as defendants in this litigation were Harbeston, related entities to SSA and Devis. None of the defendants were residents of the Commonwealth of Virginia. The Respondent's basis for jurisdiction by the federal court in Virginia was the fact that he was a Virginia attorney, Virginia Code Section 54.1-3932 grants an attorney a lien for fees and LEO 1325 which said he could sue his client. The defendants in this litigation obtained the services of Harrison Pledger, a Virginia attorney, who filed a motion to dismiss based on the lack of personal jurisdiction over the defendants. This motion was granted and the suit was dismissed. The Respondent then appealed to the Fourth Circuit Court of Appeals and that court affirmed the District Court's ruling. The

Respondent then petitioned for a Writ of *Certiorari* in the United States Supreme Court but that petition was denied.

9.    After the denial of the Writ of *Certiorari* by the United States Supreme Court the Respondent filed a slightly different law suit in the United States District Court for the Eastern District of Virginia against the defendants in the earlier suit and also added several other defendants who were investors in SSA or related entities. VSB Ex. 20. The District Court dismissed this second law suit, finding that the Respondent had failed to plead additional facts to the first suit to give the court personal jurisdiction over any of the defendants. This ruling was affirmed on appeal to the Fourth Circuit. The Respondent then sought a Writ of *Certiorari* from the United States Supreme Court which was also denied.

10.    While the appeal of the second lawsuit was pending, the Respondent filed a third similar lawsuit, this time in the Circuit Court of Fairfax County against SSA. In this third lawsuit the Respondent named the defendants in the second law suit and Harrison Pledger and his law firm as defendants. VSB Ex. 21. This law suit was also dismissed but the court denied the defendants' motions for sanctions.

11.    The Respondent created a website which displayed false and misleading information regarding his relationship with SSA and his participation in the litigation in Colombia. VSB Ex 24 & 25. On the site, the Respondent claimed that in 1988, at the request of the United States Department of State, he became SSA's legal representative and managing attorney responsible for managing alternative dispute resolution negotiations and outside counsel in litigation against the government of Colombia, posts he claims he held until 2000. These assertions are not true. On his resume, the Respondent listed a LLM Civil law degree from the University of Bordeaux. While the Respondent attended a class at the University of Bordeaux, he never received a degree from that university. The Respondent also listed an American Trial Lawyers Ultimate Trial Lawyer Certification. There is no such certification. The basis for Respondent's

6

claim is the fact that he attended a one week continuing legal education program sponsored by the Association of Trial Lawyers of American titled "Ultimate Trial Advocacy".

12.     Respondent, in 2004, while communicating with the U. S. State Department regarding Freedom of Information Act ("FOIA") requests he had made for information relating to SSA litigation, represented that he was the attorney for SSA notwithstanding the fact that Harbeston had revoked his authority in 2000. VSB Ex. 23. Respondent claimed that since the power of attorney filed with the Colombian government had never been terminated he was not making a misrepresentation in his FOIA request.

### VSB Docket No. 04-502-1044

1.     The Respondent lived for many years in Colombia and had married Amalin Hazbun Escaf, a citizen of Colombia. One son was born of the marriage. The marriage ultimately ended in a divorce in Colombia with the wife/mother obtaining custody of the son by order of a Colombian court with visitation rights to the Respondent.

2.     The Respondent subsequently returned to the United States where he has been living and his son visited him pursuant to the visitation rights granted by the Colombian Court. In 2001 while the son was visiting the Respondent, the Respondent refused to return his son to Colombia and filed an action in the Juvenile and Domestic Relations Court in Fairfax County to gain custody of his son.

3.     In 2001, subsequent to the filing of Respondent's suit in the Juvenile and Domestic Relations Court in Fairfax County, Respondent's ex-wife filed an action in the United States District Court for the Eastern District of Virginia, under the Hague Convention on the Civil Aspects of Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA") in order to secure the return to Colombia of her son. VSB Ex. 34. In this litigation she was represented by Patrick Stiehm, a Virginia attorney who had undertaken this representation *pro bono* at the request of the National

7

Center for Missing and Exploited Children ("NCMEC"). NCMEC is a non profit corporation that acts as a neutral in facilitating the processing of claims under the Hague Convention and ICARA. When Stiehm initially contacted Respondent to inform him of the pending litigation, Respondent told Stiehm that his *pro bono* representation would cost Stiehm "a big chunk of change." In keeping with this threat, Respondent immediately filed a motion for sanctions against Stiehm (VSB Ex. 35) but that motion was denied. VSB Ex. 38. However, Respondent's subsequent litigation described herein, which included Stiehm as a defendant, resulted in Stiehm incurring significant legal expenses to respond to meritless and vexatious litigation. After a bench trial the Court ruled that the Respondent had kept the child in Virginia in violation of his ex-wife's custody rights. VSB Ex. 39. The Court ordered that the child be removed from the Respondent's custody and returned to the child's mother in Colombia. The Respondent's appeals to the Fourth Circuit Court of Appeals and the United States Supreme Court were denied. After all appeals and stays were denied the son was reunited with his mother and left for Colombia in June of 2002.

4.      In January of 2003, the Respondent filed suit in the District Court for the District of Columbia against numerous defendants, including NCMEC, several employees of NCMEC, the United States District Court for the Eastern District of Virginia, the Fourth Circuit Court of Appeals, the Circuit Court of Fairfax County, the Court of Appeals of Virginia, the District Court for the District of Columbia, the United States Court of Appeals for the District of Columbia, various judges, a court clerk, the United States Department of State, Patrick Stiehm and Stephen Cullen (an attorney who had assisted Stiehm in the Virginia litigation) claiming a constitutional conspiracy by the defendants against him in his litigation in Virginia. VSB Ex. 43. Staff members of NCMEC had been witnesses in the Virginia litigation and NCMEC had provided legal representation to witnesses in the litigation in Virginia. In filing this litigation in which Respondent and his son were named as plaintiffs, Respondent, who is not licensed to practice in the

District of Columbia and had not obtained an order to appear *pro hac vice*, attempted to act as attorney for his son.

5.      In March of 2003, the Respondent filed a Writ of Mandamus in an attempt to compel NCMEC to take actions to force the country of Colombia to grant the Respondent access to his son. VSB Ex. 64. By letter dated September 24, 2003, Warren L. Dennis, Esquire, counsel for NCMEC, informed the Clerk of the United States Supreme Court that NCMEC would not be filing a responsive brief to the Respondent's Writ because, *inter alia*, it had no power to compel the government of the country of Colombia to do anything. VSB Ex. 65. Upon receipt of a copy of the letter, the Respondent called Mr. Dennis's office and left a voice mail message in which he threatened to file an ethics complaint because the letter falsely characterized the Respondent's Virginia litigation. Also, by letter dated September 29, 2003, the Respondent gave notice of his intent to file a judicial complaint and District of Columbia Bar complaint against those involved in the litigation unless facts already proved were proved within twenty-four (24) hours. VSB Ex. 67.

6.      In the District of Columbia litigation the Respondent repeatedly filed pleadings with no basis in law or fact. VSB Ex. 43 – 81. In an amended complaint (VSB Ex. 72) Respondent asserted a claim under the Racketeer Influenced and Corrupt Organization Act (RICO) 18 U.S.C. 1961. Included as defendants in the complaint were the United States Supreme Court, the United States Court of Appeals for the Fourth Circuit, the United States Court of Appeals for the District of Columbia, the United States District Court for the Eastern District of Virginia, the United States District Court for the District of Columbia, the Virginia Supreme Court, the Court of Appeals of Virginia and the Circuit Court of Fairfax County. Respondent's actions in the D.C. litigation clearly demonstrates his use of the legal system to harass and intimidate anyone whom he considered to have been involved in the Virginia litigation that returned his son to Colombia and to re-litigate the Virginia case.

9

7.          Respondent's actions in naming NCMEC and some of its employees as defendants in this litigation cost NCMEC over $160,000 in legal expenses and nearly bankrupted the organization.  Throughout the course of this litigation, the Respondent misrepresented his credentials as a lawyer and his license status in the District of Columbia and New York to the courts and opposing parties. The Respondent graduated from law school in 1976.  He was first licensed to practice law in the Commonwealth of Virginia in 1982.  Virginia is the only jurisdiction in which Respondent has a license to practice law.  The Respondent listed a number of governmental and quasi governmental legal jobs in the District of Columbia on his resume between the years 1976 and 1982 requiring a valid law license in the United States, during which period he was not licensed to practice law anywhere in the United States.  The Respondent also noted on various documents that he practiced law in the District of Columbia for a period of time after his licensure in Virginia, but has never been licensed in the District of Columbia.

8.          During this litigation, the Respondent filed pleadings and attempted to represent his minor son on several occasions in the District of Columbia litigation, despite the fact there was a conflict of interest between the father and son, despite the fact that the Respondent would be a witness in the case and despite the fact that the judge instructed the Respondent to cease representing his son.  VSB Ex. 48 & 50.  The Respondent's law partner also attempted to represent the son but the court refused to permit that representation.

## I.    MISCONDUCT

The Certification for **VSB Docket No. 04-052-0794** charges violations of the following provisions of the Virginia Rules of Professional Conduct:

**RULE 1.2    Scope of Representation**

(a)  A lawyer shall abide by a client's decisions concerning the objectives of

10

representation, subject to paragraphs (b), (c), and (d), and shall consult with the client as to the means by which they are to be pursued. A lawyer shall abide by a client's decision, after consultation with the lawyer, whether to accept an offer of settlement of a matter. In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

**RULE 1.5**       **Fees**

(a)  A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

> (3) the fee customarily charged in the locality for similar legal services;

> (4) the amount involved and the results obtained;

> (5) the time limitations imposed by the client or by the circumstances;

> (6) the nature and length of the professional relationship with the client;

> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

> (8) whether the fee is fixed or contingent.

**RULE 1.16**      **Declining Or Terminating Representation**

(a)       Except as stated in paragraph (c), a lawyer shall not represent a client or where representation has commenced, shall withdraw from the representation of a client if:

> (3) the lawyer is discharged.

**RULE 3.4**       **Fairness To Opposing Party And Counsel**

A lawyer shall not:

> (i)  file a suit, initiate criminal charges, assert a position, conduct a defense, delay a trial, or take other action on behalf of the client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure

another.

**RULE 7.1    Communications And Advertising Concerning A Lawyer's Services**

    (a)    A lawyer shall not, on behalf of the lawyer or any other lawyer affiliated with the lawyer or the firm, use or participate in the use of any form of public communication if such communication contains a false, fraudulent, misleading, or deceptive statement or claim. For example, a communication or advertisement violates this Rule if it:

        (1)    contains misleading fee information;

        (2)    states or implies that the outcome of a particular legal matter was not or will not be related to its facts or merits;

        (3)    compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated;

        (4)    contains an endorsement by a celebrity or public figure who is not a client of the firm without disclosure (i) of the fact that the speaker is not a client of the lawyer or the firm, and (ii) whether the speaker is being paid for the appearance or endorsement; or

        (5)    contains a portrayal of a client by a non-client without a disclosure that the depiction is a dramatization.

In the determination of whether a communication or advertisement violates this Rule, the communication or advertisement shall be considered in its entirety including any qualifying statements or disclaimers contained therein.

**RULE 8.4    Misconduct**

It is professional misconduct for a lawyer to:

    (b) commit a criminal or deliberately wrongful act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer;

    (c) engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation;

The Certification for **VSB Docket No. 04-052-1044** charges violations of the following provisions of the Virginia Rules of Professional Conduct:

**RULE 1.7    Conflict of Interest: General Rule**

12

(b)     A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1)     the lawyer reasonably believes the representation will not be adversely affected; and

(2)     the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

## RULE 3.1     Meritorious Claims And Contentions

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.

## RULE 3.3     Candor Toward The Tribunal

(a)     A lawyer shall not knowingly:

(1)     make a false statement of fact or law to a tribunal;

(2)     fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client, subject to Rule 1.6;

(3)     fail to disclose to the tribunal controlling legal authority in the subject jurisdiction known to the lawyer to be adverse to the position of the client and not disclosed by opposing counsel; or

(4)     offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

## RIJLE 3.4     Fairness To Opposing Party And Counsel

A lawyer shall not:

(d)     Knowingly disobey or advise a client to disregard a standing rule or a ruling of a tribunal made in the course of a proceeding, but the lawyer may take steps, in good faith, to test the validity of such rule or ruling.

(h)     Present or threaten to present criminal or disciplinary charges solely to obtain an advantage in a civil matter.

(i) File a suit, initiate criminal charges, assert a position, conduct a defense, delay a trail, or take other action on behalf of the client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another.

**Effective January 1, 2004**

(i) Present or threaten to present criminal or disciplinary charges solely to obtain an advantage in a civil matter.

(j) File a suit, initiate criminal charges, assert a position, conduct a defense, delay a trail, or take other action on behalf of the client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another.

**RULE 3.7    Lawyer As Witness**

(a) A lawyer shall not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

**RULE 4.4    Respect For Rights Of Third Persons**

In representing a client, a lawyer shall not use means that have no purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.

**RULE 5.5    Unauthorized Practice Of Law**

(a) A lawyer shall not:

(1) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction; or

(2) assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law.

**RULE 7.1. Communications Concerning A Lawyer's Services**

(a) A lawyer shall not, on behalf of the lawyer or any other lawyer affiliated with the lawyer or the firm, use or participate in the use of any form of public communication if such communication contains a false, fraudulent, misleading,

or deceptive statement or claim. For example, a communication violates this Rule if it:

(1)    contains false or misleading fee information; or

(2)    states or implies that the outcome of a particular legal matter was not or will not be related to its facts or merits; or

(3)    compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated; or

(4)    is likely to create an unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law.

## RULE 7.4 Communication Of Fields Of Practice And Certification

Lawyers may state, announce or hold themselves out as limiting their practice in a particular area or field of law so long as the communication of such limitation of practice is in accordance with the standards of this Rule, Rule 7.1, and Rule 7.3, as appropriate. A lawyer shall not state or imply that the lawyer has been recognized or certified as a specialist in a particular field of law except as follows:

(a)    A lawyer admitted to engage in patent practice before the United States Patent and Trademark Office may use the designation "Patent Attorney" or a substantially similar designation;

(b)    A lawyer engaged in Admiralty practice may use as a designation "Admiralty," "Proctor in Admiralty" or a substantially similar designation;

(c)    A lawyer who has been certified by the Supreme Court of Virginia as a specialist in some capacity may use the designation of being so certified, e.g., "certified mediator" or a substantially similar designation;

(d)    A lawyer may communicate the fact that the lawyer has been certified as a specialist in a field of law by a named organization, provided that the communication clearly states that there is no procedure in the Commonwealth of Virginia for approving certifying organizations.

**Effective Nov. 1, 2002**

(a)    A lawyer admitted to engage in patent practice before the United States Patent and Trademark Office may use the designation "Patent Attorney" or a substantially similar designation;

(b)    A lawyer engaged in Admiralty practice may use as a designation "Admiralty," "Proctor in Admiralty" or a substantially similar designation;

(c)    A lawyer who has been certified by the Supreme Court of Virginia as a specialist in some capacity may use the designation of being so certified, e.g., "certified mediator" or a substantially similar designation;

(d)    A lawyer may communicate the fact that the lawyer has been certified as a specialist in a field of law by a named organization, provided that the communication clearly states that there is no procedure in the Commonwealth of Virginia for approving certifying organizations.

## RULE 8.4    Misconduct

It is professional misconduct for a lawyer to:

(b)    commit a criminal or deliberately wrongful act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer;

(c)    engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation;

## Effective Mar. 25, 2003

(b)    commit a criminal or deliberately wrongful act that reflects adversely on the lawyer's honesty, trustworthiness or fitness to practice law.

(c)    engage in conduct involving dishonesty, fraud, deceit or misrepresentation which reflects adversely on the lawyer's fitness to practice law;

## III. DISPOSITION

Upon review of the forgoing finding of facts, the exhibits presented by Bar Counsel on behalf of the VSB as Exhibits 1- 92, the exhibits presented by the Respondent as the Respondent's Exhibits 1-42, the evidence from witnesses presented on behalf of the VSB and evidence presented by the Respondent in the form of his own testimony, and at the conclusion of the evidence regarding misconduct, the Board recessed to deliberate. After deliberation the Board reconvened and stated that it had found by clear and convincing evidence that the Respondent had violated the following Rules of Professional Conduct: in Docket No. 04-052-0794, Rule 1.2(a); 1.5(a); 1.16(a)(3); 3.4(i); 7.1(a); 8.4(b) & (c); in Docket No. 04-052-1044, Rule 1.7(b) 1-2; 3.1; 3.4 (d)(h)(i)(j); 3.7(a)(1-3); 4.4 and 8(b) and (c).

The Board stated that the Bar had failed to prove by clear and convincing evidence any violation of the following the Rules of Professional Conduct: 3.3(a)1-4; 5.5(a)1-2; 7.1(a)1-4; 7.4(a)(b)(c)(d); and effective Nov. 1, 2002 7.4(a)(b)(c)(d).

The bases for the Boards finding of violation of the Rules of Professional Conduct are as follows:

**VSB Docket No. 04-052-0794**

(a) The Respondent violated Rule 1.2(a) (Scope of Representation) in that his authorization to act on behalf of his client SSA was limited, but he nonetheless acted without written authorization from his client. Furthermore, after he had been discharged by SSA, he wrote the Department of State claiming to be the managing attorney of SSA, which was not the case. He also made a FOIA request without any authorization.

(b) The Respondent violated Rule 1.5(a) 1-8 (Fees) with his claim of a fee of 4.5 million dollars. Respondent acknowledged that the fee arrangement was a contingent fee arrangement and no recovery had been made. Therefore, there was no basis to claim a fee. Furthermore, the amount of the fee, $4.5 million, does not appear to have any reasonable relationship to work actually performed which is necessary for a recovery on a *quantum merit* basis. Respondent testified that he determined the amount based upon what the salary would be for a legal representative for a U. S. company operating in a foreign country.

(c) The Respondent violated Rule 1.16 (a)(3) (Declining or Terminating Representation) by representing that he was SSA's managing attorney in a FOIA request (VSB Ex. 23), which he made well after SSA had terminated their relationship.

(d) The Respondent violated Rule 3.4(i) (Fairness to Opposing Party and Counsel) by filing the litigation in the United States District Court for the Eastern District of

Virginia and the Circuit Court of Fairfax County, Virginia. It should appear to any reasonably competent lawyer that the courts did not have jurisdiction over the parties named as defendants. Even giving the Respondent the benefit of the doubt as to the first suit, he received a ruling that the court lacked personal jurisdiction over the defendants which was upheld on appeal. He nonetheless filed a second suit with the same infirmity seeking the same recovery. Furthermore, his suit in the Circuit Court of Fairfax County, Virginia, included as a defendant Harrison Pledger and his law firm, merely because Mr. Pledger had acted as defense counsel in the two suits in the federal court.

(e)     The Respondent violated Rule 7.1(a) 1-5 (Communication Concerning a Lawyer's Services) by misrepresentation on his website and resume. VSB Exhibits 24 and 25 show that Mr. Rodriguez, on the website he created, misrepresented his relationship with SSA. He misrepresented what he did for SSA and how he became employed by SSA. He misrepresented his education by listing an LLM civil law degree from the University of Bordeaux. He improperly claimed a certification (the American Trial Lawyer Ultimate Trial Lawyer Certification) where no such certification exists.

(f)     The Respondent violated Rule 8.4(b) and 8.4(c) (Misconduct) by representing in his FOIA request that he was the managing attorney for SSA, when the evidence shows that he clearly was not.

**VSB Docket No. 04-052-1044**

(a)     The Respondent violated Rule 1.7(b) 1-2 (Conflict of Interest) in his attempt to represent his son in the District Court for the District of Columbia and his continued actions to do so even in the face of a court ruling that there was a conflict.

(b)     The Respondent violated Rule 3.1 (Meritorious Claims and Contentions) by his litigation in the District Court for the District of Columbia and his actions in the Circuit Court of Fairfax County, Virginia. The complaint filed by the Respondent with all the parties he named as defendants standing alone shows that the Respondent has violated this Rule. The numerous pleadings filed thereafter further demonstrate that the Respondent's aim was to punish anyone who had any connection with the litigation filed by his former wife to regain custody of their son. Any attorney who had in any way appeared in that litigation ended up being named as a defendant. NCMEC and several of its staff were named as defendants resulting in a legal cost to NCMEC alone of $160,000.00  Attorney Patrick Stiehm who had taken Respondent's ex-wife's case *pro bono* was named as a defendant thereby making good on Respondent's claim that Stiehm's representation would cost him a "big chunk of change."

Furthermore, in litigation in Fairfax County, Respondent subpoenaed two members of NCMEC as witnesses for a hearing involving his efforts to file a Statement of the Case for an appeal, when these two staff members had nothing to do with the Fairfax litigation. While the subpoenas were quashed they nevertheless had the effect of harassing the NCMEC staff members. Remarkably this is the only instance in which the Respondent was sanctioned by a court. Perhaps if he had been sanctioned earlier, either by the United States District Court for the Eastern District of Virginia or the District Court for the District of Columbia, such action would have put a stop to Respondent's unwarranted and vexatious conduct. Unfortunately neither of the courts saw fit to impose sanctions.

(c)     The Respondent violated Rule 3.4(d)(h)(i)(j) (Fairness to Opposing Party and Counsel) by the following conduct: (1) by continuing to attempt to represent his son in the District of Columbia litigation in the face of a court ruling, in violation

19

of Rule 3.4(d); (2) by threatening the NCMEC attorney with a bar complaint and
filing a criminal complaint with the FBI, in violation of 3.4(h); (3) by filing a
motion for sanctions against Patrick Stiehm and naming Stiehm as a defendant in
the District of Columbia litigation and by his entire course of conduct in the
District of Columbia litigation, in violation of Rule 3.4(i)(j);

(d)    The Respondent violated Rule 3.7(a) 1-3 (Lawyer as Witness) by acting as an
advocate when he was a necessary witness in the Eastern District of Virginia
litigation.

(e)    The Respondent violated Rule 4.4 (Respect for the Rights of Third Persons) by
the whole course of litigation in the District Court for the District of Columbia. In
addition, his subpoena of Ms. Brinkerhoff and Mr. Dennis to the Fairfax Circuit
Court for a hearing on the Statement of Facts to be submitted for appeal further
demonstrates a violation of this Rule.

(f)    The Respondent violated Rule 8.4(b) and 8.4(c) (Misconduct) in asserting a RICO
claim and by his letter to the FBI.

Thereafter, the Board received further evidence of aggravation and mitigation from the
Bar and the Respondent, including the Respondent's prior disciplinary record. The Board
recessed to deliberate what sanction to impose upon its findings of misconduct by the
Respondent. After due deliberation the Board reconvened to announce the sanction imposed. The
Chair announced the sanction as REVOCATION.

The Board in reaching its decision of revocation recognized that the violation of certain
of the Rules such as Rule 1.5(a), 7.1, and 8.4(b) &(c) standing alone may not merit the ultimate
sanction of revocation. However, the Respondent's conduct by pursuing litigation in Virginia in
Docket No. 04-052-0794 and in the District of Columbia in Docket No. 04-052-1044 is conduct
that cannot be tolerated. While a court through sanctions can protect itself from such conduct by
a deceitful and unprincipled attorney, the public must look to the VSB for protection. The other
violations demonstrate Respondent's complete disregard for the Rules of Professional Conduct.

20

Furthermore the Respondent was defiant to any criticism of his conduct in pursuing what can only be described as meritless and vexatious litigation. This same defiance was evident to the Board as the Respondent sought to justify his conduct. Therefore the Board concluded that the sanction of revocation was the only remedy by which the public and bar could be adequately protected.

Accordingly, it is ORDERED that the Respondent's license to practice law in the Commonwealth of Virginia is revoked, effective October 27, 2006.

It is further ORDERED that the Respondent must comply with the requirements of Part Six, § IV, ¶ 13(M) of the Rules of the Supreme Court of Virginia. The Respondent shall forthwith give notice by certified mail, return receipt requested, of the revocation of his license to practice law in the Commonwealth of Virginia, to all clients for whom he is currently handling matters and to all opposing attorneys and presiding judges in pending litigation. The Respondent shall also make appropriate arrangements for the disposition of matters then in his care in conformity with the wishes of his client. The Respondent shall give such notice within 14 days of the effective date of the revocation, and make such arrangements as are required herein within 45 days of the effective date of the revocation. The Respondent shall also furnish proof to the Bar within 60 days of the effective day of the revocation that such notices have been timely given and such arrangements made for the disposition of matters.

It is further ORDERED that if the Respondent is not handling any client matters on the effective date of October 27, 2006, he shall submit an affidavit to that effect to the Clerk of the Disciplinary System at the Virginia State Bar. All issues concerning the adequacy of the notice and arrangements required by Paragraph 13 (M) shall be determined by the Virginia State Bar Disciplinary Board, unless the Respondent makes a timely request for hearing before a three-judge court.

It is further ORDERED that pursuant to Part Six, § IV, ¶ 13.B.8.c. of the Rules of the Supreme Court of Virginia, the Clerk of the Disciplinary System shall assess all costs against the Respondent.

21

It is further ORDERED that the Clerk of the Disciplinary System shall mail an attested copy of this order to the Respondent at his address of record with the Virginia State Bar, being 7924 Peyton Forest Trail, Annandale, VA 22003-1560, by certified mail, return receipt requested, and by regular mail to Noel D. Sengel, Bar Counsel, Virginia State Bar, Suite 310, 100 North Pitt Street, Alexandria, Virginia, 22314-3133.

ENTERED this 28th day of November, 2006

VIRGINIA STATE BAR DISCIPLINARY BOARD

By: _____
    James L. Banks, Jr., 1st Vice Chair

06020306

22