# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5234**                              **September Term, 2007**

07cv00975

Filed On: July 2, 2008

Isidoro Rodriguez,
        Appellant

     v.

Editor in Chief, Legal Times, Individually and in his
corporate capacity, et al.,
        Appellees


    **BEFORE:**    Tacha, McConnell and Gorsuch, Circuit Judges*

## JUDGMENT

    This appeal was considered on the record of the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). It is

    **ORDERED and ADJUDGED** that those portions of the judgment of the district court not already affirmed by this court be affirmed for the reasons set forth in the accompanying memorandum.

    Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

/s/
BY:    MaryAnne McMain
        Deputy Clerk

**MANDATE**
Pursuant to the provisions of Fed. R. App. Pro. 41(a)
ISSUED: 8/28/08
BY:
ATTACHED: ___ Amending Order
            ___ Opinion
            ___ Order on Costs

---

\* Judge Tacha, Judge McConnell, and Judge Gorsuch are judges of the United States Court of Appeals for the Tenth Circuit, sitting by designation pursuant to 28 U.S.C. § 291(a).

A True Copy:
United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

## MEMORANDUM

Isidoro Rodriguez brought suit in the United States District Court for the District of Columbia against numerous defendants[1] alleging claims under: (1) the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962; (2) the First, Fifth, and Fourteenth Amendments to the United States Constitution and Articles I and VI of the Virginia Constitution; (3) the First and Ninth Amendments to the United States Constitution and Articles I and VI of the Virginia Constitution; (4) 42 U.S.C. § 1983; (5) 42 U.S.C. § 1985(3) and Virginia statute; (6) 42 U.S.C. § 1986; (7) the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680; (8) Virginia common law (intentional infliction of emotional distress and common-law conspiracy); and (9) Virginia statutes (business conspiracy under Va. Code §§ 18.2-499, 18.2-500 and the Virginia Tort Claims Act, Va. Code §§ 8.01-195.1 to 195.9). The district court sua sponte dismissed the claims against all judges under the doctrine of absolute judicial immunity and dismissed the remaining claims without prejudice for lack of venue. Rodriguez filed a motion for reconsideration, a motion to disqualify, a motion for stay, and a motion to empanel a grand jury. The district court denied all of Rodriguez's motions.

Rodriguez appealed. In prior orders issued in this case, this court summarily affirmed judgment in favor of the Editor-in-Chief of *The Legal Times* and summarily affirmed the dismissal of all claims for money damages against the Committee on Admissions for the District of Columbia Court of Appeals, all federal and state judges,

---

[1] The complaint named the following defendants: the Editors-in-Chief of *The Legal Times* and *The Washington Post*; Chief Justice John G. Roberts; The Supreme Court of Virginia; Virginia Justice Leroy Rountree Hassell, Sr.; the Virginia State Bar; Karen Ann Gould, President of the Virginia State Bar; Noel D. Sengel, Virginia State Bar Senior Assistant Bar Counsel; Virginia State Bar disciplinary officials James Leroy Banks, Jr., William Carlyle Boyce, Jr., William Ethan Glover, Glenn M. Hodge, Stephen A. Wannall, Davis J. Gogal, Daniel M. Rathbun, Edward V. O'Connor, Jr., and John W. di Zerega; Office of Attorney General of the Commonwealth of Virginia; Assistant Attorney General Catherine Crooks Hill; the Court of Appeals of Virginia; the Fairfax County Circuit Court; the Fairfax County J & D District Court; Virginia judge Thomas Mann; federal judges Richard W. Roberts, Jane A. Restani, Paul R. Michel, William H. Stafford, Jr., and T.S. Ellis III; U.S. Department of Justice; Director, Office of Juvenile Justice and Delinquency Prevention of the Office of Justice Programs of the U.S. Department of Justice; Office of the Solicitor General; U.S. Attorney General Alberto Gonzales; Paul McNulty, U.S. Attorney for the Eastern District of Virginia; Offices of the U.S. Attorneys for the Eastern District of Virginia and the District of Columbia; Marina Utgoff Braswell, U.S. Attorney's Office for the District of Columbia; Federal Bureau of Investigation; U.S. Department of State; U.S. Secretary of State Condoleezza Rice; Legal Advisor for Consular Affairs of the U.S. Department of State; Director, Office of Children Issues of the Bureau of Consular Affairs of the U.S. Department of State; Supreme Court of the United States; U.S. Courts of Appeals for the District of Columbia Circuit and the Fourth Circuit; U.S. District Courts for the District of Columbia and the Eastern District of Virginia; National Center for Missing and Exploited Children (NCMEC); Board of Directors of NCMEC; NCMEC officials Ernie Allen and Nancy Hammer; Proskauer Rose LLP and Susan Brinkerhoff; Miles & Stockbridge LLP & Stephen J. Cullen; Patrick H. Stiehm; Covington and Burling, Eric H. Holder, Jr., and D. Jean Veta; Committee on Admissions, District of Columbia Court of Appeals; and John Does 1-20.

including defendants involved in adjudicating bar disciplinary proceedings (except for a claim related to Chief Justice Roberts' confirmation testimony), the federal agencies and the federal defendants in their official capacities, the Virginia state agencies and Virginia state defendants in their official capacities, and the Virginia prosecutors and disciplinary counsel in their individual capacities.

Our review is de novo. *See King & King, Chartered v. Harbert Int'l, Inc.*, 503 F.3d 153, 156 (D.C. Cir. 2007). With regard to all remaining claims, we now affirm for grounds other than those relied upon by the district court. *See Jenkins v. Washington Convention Ctr.*, 236 F.3d 6, 8 n.3 (D.C. Cir. 2001); *Nat'l Mining Ass'n v. U.S. Dep't of Interior*, 70 F.3d 1345, 1353 (D.C. Cir. 1995).

### Failure to Argue

Although Rodriguez asserts he is appealing the district court's denial of his post-dismissal motions as well as its order of dismissal, his opening brief does not present any argument regarding the motions. Consequently, he has waived any challenge to those orders. *See Parsippany Hotel Mgmt. Co. v. NLRB*, 99 F.3d 413, 418 (D.C. Cir. 1996).

### Failure to State a Claim

At least two of Rodriguez's federal causes of action fail to set forth all of the essential elements of those claims and thus fail to state a claim upon which relief may be granted. As we held in a prior action that Rodriguez brought, his § 1985(3) claim fails because he failed to alleged any equal protection claim based upon a conspiracy motivated by a racial or class-based discriminatory animus. *See In re Rodriguez*, No. 05-5130, 2005 WL 3843612, at *4 (D.C. Cir. Oct. 14, 2005). And because he did not state a claim under § 1985(3), there is no basis for relief under § 1986. *Id.*

In addition, all of the federal claims, which involve allegations of a wide-ranging, multi-year conspiracy among federal and state courts, federal and state agencies, and private defendants, are subject to dismissal for fail to state a claim upon which relief may be granted simply because "it is patently obvious that [plaintiff] could not have prevailed on the facts alleged in his complaint." *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (per curiam); *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). Particularly, Rodriguez's allegations include no facts suggesting "unity of purpose" or a "meeting of the minds" among the defendants, a necessary element of a conspiracy. *See Kreuzer v. Am. Academy of Periodontology*, 735 F.2d 1479, 1487 (D.C. Cir. 1984) (quotation omitted).

### Failure to Exhaust Administrative Remedies

To proceed under the FTCA, Rodriguez first must file an administrative claim. 28 U.S.C. § 2675(a). An administrative claim must be presented to the agency within two years of the accrual of the claim; a court action must be filed within six months after the agency's denial. *Id.* § 2401(b).

Rodriguez's complaint fails to demonstrate that he exhausted his administrative remedies as to each of his FTCA claims. Further, it affirmatively shows that some of his FTCA claims are untimely, as he alleges that he received a denial of an administrative claim in 2002. *See also In re Rodriguez*, 2005 WL 3843612, at *3 (noting that Rodriguez had not exhausted his administrative remedies with regard to all but one of his FTCA claims).

### *Rooker-Feldman and Younger*

With regard to Rodriguez's claims against the Virginia defendants, those claims challenge decisions by the Virginia state bar and the Virginia courts or are inextricably intertwined with such decisions. To the extent that those decisions were final at the time of the filing of the complaint, the claims are barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating that the *Rooker-Feldman* doctrine is applicable to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). And to the extent that some of the decisions were not final because proceedings were still pending, the district court would have had to exercise equitable restraint from hearing his claims under the *Younger* doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971).

### *Improper Forum*

The Committee on Admissions of the District of Columbia Court of Appeals denied Rodriguez's application for bar admission before he filed his federal complaint. The proper forum for review of that decision was the District of Columbia Court of Appeals, not the federal district court. *See* D.C. Court of Appeals Rule 46(g) (providing for review of Committee decisions); *see also Feldman*, 460 U.S. at 482 (holding that the federal district court had no subject matter jurisdiction to review the court's denial of a particular application for admission to the District of Columbia bar).

### *Preclusion*

We take judicial notice of the prior litigation involving most of these parties. *See Gullo v. Veterans Coop. Housing Ass'n*, 269 F.2d 517, 517 (D.C. Cir. 1959). In that action Rodriguez raised some of the same claims, based on the same underlying circumstances. *See In re Rodriguez*, 2005 WL 3843612, at *1 (noting that appellant brought claims "alleging that the defendants conspired to deprive him of his constitutional rights under the First, Fifth, and Ninth Amendments and civil rights under 42 U.S.C. §§ 1985(3) and 1986 (2000) and are also liable under the Federal Tort Claims Act").[2] Consequently, the doctrines of claim preclusion (res judicata) and issue

---

[2] In the prior litigation, Rodriguez named the following parties in his original complaint:

> the National Center for Missing and Exploited Children, Ernie Allen, Nancy Hammer, Guillermo Galarza, Proskauer Rose LLP, Warren L. Dennis,

preclusion (collateral estoppel) likely bar further litigation on these issues against these parties.[3] See Nat. Res. Def. Council v. Envtl. Prot. Agency, 513 F.3d 257, 260 (D.C. Cir. 2008) (setting forth standards for claim preclusion); Yamaha Corp. of Am. v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992) (setting forth standards for issue preclusion). Further, claim preclusion bars relitigation not only of all matters determined in the prior action, but all matters that might have been determined, Tutt v. Doby, 459 F.2d 1195, 1197 (D.C. Cir.1972), and issue preclusion bars new legal theories that could have been raised in the prior action, Hall v. Clinton, 285 F.3d 74, 81 (D.C. Cir. 2002).

### State-Law Claims

It is proper for a district court to decline to exercise supplemental jurisdiction over state-law claims once it has disposed of all of the claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3). Because the federal-law claims were all subject to dismissal, as discussed above, the state-law claims were subject to dismissal as well.

### Conclusion

For these reasons, the district court's judgment of dismissal is affirmed.

---

Susan Brinkerhoff, Miles & Stockbridge LLP, Stephen J. Cullen, Patrick H. Stiehm, Mary B. Marshall, Robert McCannell, Knute E. Malmborg, and John Does 1-20, in their individual capacity, the Office of Children Issues, the Office of Legal Advisor for Consular Affairs, U.S. Department of State, an unknown number of unnamed and unknown employees of the United States in their official and individual capacities, the United States Department of State, and the United States of America.

In re Rodriguez, 2005 WL 3843612, at *1 n.3. While that case was pending, "Rodriguez filed an amended complaint, adding numerous additional defendants, including every court and the majority of judges who had ruled on his previous federal and state filings." Id. at *1.

[3] Because claim preclusion "protects not only the interests of a particular party but the interests of the court," this court has held that the issue can be considered for the first time on appeal. Brown v. Dist. of Columbia, 514 F.3d 1279, 1285-86 (D.C. Cir. 2008); see also Stanton v. Dist. of Col. Court of Appeals, 127 F.3d 72, 77 (D.C. Cir. 1997) ("As res judicata belongs to courts as well as litigants, even a party's forfeiture of the right to assert it . . . does not destroy a court's ability to consider the issue sua sponte.").